J.T. Fox, Esq. (SBN 195063)
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., No. 444
Pasadena, California 91105
Telephone: (888) 750-5530
Fax: (888) 750-5530
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN
INNOVATIONS, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | **CASE NO.** 2:22-cv-06515-MFW-AGR |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |
| v. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company, | [Cross-Complaint filed concurrently herein] |
| | Complaint Filed: Sept. 12, 2022 |
| Defendants. | Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald |

///

///

- I -

In response to the Complaint of Plaintiffs Hidden Empire Holdings, LLC ("Hidden Empire"); Hyper Engine, LLC ("Hyper Engine"); and Deon Taylor ("Deon") (hereinafter collectively referred to as "Plaintiffs"), Defendants Darrick Angelone; AONE Creative, LLC ("Aone"); and On Chain Innovations, LLC (hereinafter collectively referred to as "Defendants"), state as follows for their answer and affirmative defenses:

## **INTRODUCTION**

1.      Defendants deny the claims in Paragraph 1.

2.      Defendants deny the claims in Paragraph 2.

## **THE PARTIES**

3.      With respect to the allegations of Paragraph 3 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 3 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 3, and therefore deny the same.

4.      Defendants deny the claims in Paragraph 4.

5.      With respect to the allegations of Paragraph 5 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 5 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and

information to form a belief as to the truth or falsity of the allegations of Paragraph 5, and therefore deny the same.

6.    With respect to the allegations of Paragraph 6 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 6 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore deny the same.

7.    Defendants deny the claims in Paragraph 7.

8.    Paragraph 8 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

9.    Defendants deny the claims in Paragraph 9.

10.    Defendants deny the claims in Paragraph 10.

11.    Defendants deny the claims in Paragraph 11.

12.    Defendants deny the claims in Paragraph 12.

## **JURISDICTION AND VENUE**

13.    Paragraph 13 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 13 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 13.

14.     Paragraph 14 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 14 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 14.

15.     Paragraph 15 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 15 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 15.

## STATEMENT OF FACTS

16.     Defendants deny the claims in Paragraph 16.

17.     Defendants deny the claims in Paragraph 17.

18.     As to Paragraph 18, Defendants admit the allegations concerning the 2012 Agreement terms as stated therein.

19.     Defendants deny the claims in Paragraph 19.

20.     Defendants deny the claims in Paragraph 20.

21.     Defendants deny the claims in Paragraph 21.

22.     Defendants deny the claims in Paragraph 22.

23.     With respect to the allegations of Paragraph 23 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 23 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and

information to form a belief as to the truth or falsity of the allegations of Paragraph 23, and therefore deny the same.

24.    Defendants deny the claims in Paragraph 24.

25.    Defendants deny the claims in Paragraph 25.

26.    Defendants deny the claims in Paragraph 26.

27.    Defendants deny the claims in Paragraph 27.

28.    Defendants deny the claims in Paragraph 28.

29.    Defendants deny the claims in Paragraph 29.

30.    Defendants deny the claims in Paragraph 30.

31.    Defendants deny the claims in Paragraph 31.

32.    Defendants deny the claims in Paragraph 32.

33.    Defendants deny the claims in Paragraph 33.

34.    Defendants deny the claims in Paragraph 34.

35.    Defendants deny the claims in Paragraph 35.

36.    Defendants deny the claims in Paragraph 36.

37.    Defendants deny the claims in Paragraph 37.

38.    Defendants deny the claims in Paragraph 38.

39.    Defendants deny the claims in Paragraph 39.

40.    Defendants deny the claims in Paragraph 40.

41.    Defendants deny the claims in Paragraph 41.

42.    Defendants deny the claims in Paragraph 42.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

43.     Defendants deny the claims in Paragraph 43.

44.     Defendants deny the claims in Paragraph 44.

45.     Defendants deny the claims in Paragraph 45.

46.     Defendants deny the claims in Paragraph 46.

47.     Defendants deny the claims in Paragraph 47.

48.     As to Paragraph 48, Defendants admit that after setting up the utilized Google Account, Darrick Angelone created individual email accounts for HEFG personnel and its support team using the HEFG Domain, and that all of the HEFG email addresses are tied to the HEFG Domain and the utilized Google Account.

49.     With respect to the allegations of Paragraph 49 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 49 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 49, and therefore deny the same.

50.     Defendants deny the claims in Paragraph 50.

51.     Defendants deny the claims in Paragraph 51.

52.     Defendants deny the claims in Paragraph 52.

53.     Defendants deny the claims in Paragraph 53.

54.     Defendants deny the claims in Paragraph 54.

55.     Defendants deny the claims in Paragraph 55.

56.     As to Paragraph 56, Defendants admit that on October 22, 2015, Roxanne Taylor provided Angelone with the log-in credentials (i.e., usernames and passwords) for several social media accounts owned by HEFG, which Angelone then began managing.

57.     Defendants deny the claims in Paragraph 57.

58.     Defendants deny the claims in Paragraph 58.

59.     Defendants deny the claims in Paragraph 59.

60.     Defendants deny the claims in Paragraph 60.

61.     Defendants deny the claims in Paragraph 61.

62.     Defendants deny the claims in Paragraph 62.

63.     Defendants deny the claims in Paragraph 63.

64.     Defendants deny the claims in Paragraph 64.

65.     With respect to the allegations of Paragraph 65 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 65 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 65, and therefore deny the same.

66.     Defendants deny the claims in Paragraph 66.

67.     Defendants deny the claims in Paragraph 67.

68.     Defendants deny the claims in Paragraph 68.

69.     Defendants deny the claims in Paragraph 69.

70.     Defendants deny the claims in Paragraph 70.

71.     Defendants deny the claims in Paragraph 71.

72.     Defendants deny the claims in Paragraph 72.

73.     Defendants deny the claims in Paragraph 73.

74.     Defendants deny the claims in Paragraph 74.

75.     Defendants deny the claims in Paragraph 75.

76.     Defendants deny the claims in Paragraph 76.

77.     Defendants deny the claims in Paragraph 77.

78.     Defendants deny the claims in Paragraph 78.

79.     Defendants deny the claims in Paragraph 79.

80.     Defendants deny the claims in Paragraph 80.

81.     With respect to the allegations of Paragraph 81 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 81 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 81, and therefore deny the same.

82.     With respect to the allegations of Paragraph 82 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 82 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 82, and therefore deny the same.

83.     With respect to the allegations of Paragraph 83 of the Complaint, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 83 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 83, and therefore deny the same.

84.     Defendants deny the claims in Paragraph 84.

85.     Defendants deny the claims in Paragraph 85.

86.     Defendants deny the claims in Paragraph 86.

87.     Defendants deny the claims in Paragraph 87.

88.     Defendants deny the claims in Paragraph 88.

89.     Defendants deny the claims in Paragraph 89.

90.     As to Paragraph 90, Defendants incorporate their responses to the previously alleged paragraphs of the Complaint.

91.     As to Paragraph 91, Defendants admit that on April 26, 2012, HEFG and AOne entered into the 2012 Agreement.

92.     Defendants deny the claims in Paragraph 92.

93.     Defendants deny the claims in Paragraph 93.

94.     Defendants deny the claims in Paragraph 94.

95.     As to Paragraph 95, Defendants incorporate their responses to the previously alleged paragraphs of the Complaint.

96.     Paragraph 96 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 96 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 96.

97.     Defendants deny the claims in Paragraph 97.

98.     Defendants deny the claims in Paragraph 98.

99.     Defendants deny the claims in Paragraph 99.

100.    As to Paragraph 100, Defendants incorporate their responses to the previously alleged paragraphs of the Complaint.

101.    Defendants deny the claims in Paragraph 101.

102.    Defendants deny the claims in Paragraph 102.

103.    Defendants deny the claims in Paragraph 103.

104.    Paragraph 104 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 104 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 104.

105.    Defendants deny the claims in Paragraph 105.

106.    As to Paragraph 106, Defendants incorporate their responses to the previously alleged paragraphs of the Complaint.

107.    Defendants deny the claims in Paragraph 107.

108.    Defendants deny the claims in Paragraph 108.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

109.   Defendants deny the claims in Paragraph 109.

110.   Defendants deny the claims in Paragraph 110.

111.   As to Paragraph 111, Defendants incorporate their responses to the previously alleged paragraphs of the Complaint.

112.   Paragraph 112 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 112 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 112.

113.   Defendants deny the claims in Paragraph 113.

114.   Defendants deny the claims in Paragraph 114.

115.   Defendants deny the claims in Paragraph 115.

116.   Paragraph 116 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 116 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 116.

117.   Paragraph 117 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 117 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 117.

## **PRAYER FOR RELIEF**

118.   The prayer for relief contains no factual allegations. Hence, no response is

required.  In any event, Defendants expressly deny that Plaintiffs are entitled to relief, including but not limited to the relief sought by Plaintiffs in their Complaint.  Defendants generally deny any allegations of Plaintiffs' Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant states as follows for its affirmative defenses:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim for Relief)**

119.   Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

120.   Defendants are informed and believe and, based thereon allege, that each claim for relief alleged against Defendants is barred by the applicable statutes of limitations.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Failure to Mitigate)**

121.   Defendants are informed and believe, and based thereon allege, that if Plaintiffs suffered any damages, they are barred from recovering such damages based on their failure to mitigate those damages by the exercise of reasonable care and effort.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Waiver)**

122.   Defendants are informed and believe, and based thereon allege, that by reason of their own acts and omissions, Plaintiffs have waived the claims for relief they assert against Defendants in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

123.   Defendants are informed and believe, and based thereon allege, that by reason of their own acts and omissions, Plaintiffs are estopped from asserting the claims for relief asserted against Defendants in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

124.   Defendants are informed and believe, and based thereon allege, that by reason of their acts and omissions, Plaintiffs' claims for relief against Defendants are barred under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

125.   Defendants are informed and believe, and based thereon allege that Plaintiffs have unreasonably delayed in bringing the claims for relief set forth in the Complaint, to Defendants' prejudice, and accordingly such causes of action are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others & Contribution)

126.   If, *arguendo*, any loss, injury, damage, or detriment has occurred, as alleged in the Complaint, then such loss, injury, damage or detriment was caused or contributed to by the intervening or superseding negligent, reckless, intentional, or otherwise unlawful acts or omissions of third parties, and those parties should be solely liable or contribute to Plaintiffs' losses if so proved in this action.

## NINTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

127.   Defendants are informed and believe, and based thereon allege that Plaintiffs have assumed the risk as it relates to their actions as stated in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

128.   If, *arguendo*, any loss, injury, damage, or detriment has occurred, as alleged in the Complaint, then such loss, injury, damage, or detriment was caused or contributed to by the intervening or superseding negligent, reckless, intentional, or otherwise unlawful acts or omissions of Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

129.   Defendants intend to rely on such other and further defenses as may become known or available to them, hereafter, and reserve their right to assert said additional defenses in the future.

## TWELVTH AFFIRMATIVE DEFENSE
### (Lack of Consideration)

130.   Defendants are informed and believe, and based thereon allege that Plaintiffs' claims will fail for lack of consideration.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Offset/Prior Payment)

131.   Plaintiffs' claims are barred, in whole or in part, to the extent all or some purported claims for relief asserted in the Complaint are subject to offset and/or prior payment.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

132.   Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' consent and/or implied acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

133.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Fraud and Concealment)**

134.   Plaintiffs' claims are barred, in whole or in part, by Plaintiff's fraud and/or concealment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Breach of the Covenant of Good Faith and Fair Dealing)**

135.   Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of their/its duty of good faith and fair dealing.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

136.   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' losses, if any, could have been avoided by Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

137.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if Plaintiffs prevailed on any of Plaintiffs' claims.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Lack of Good Faith)**

138.   Defendants are informed, believe, and thereon allege that Plaintiffs have not acted in good faith in Plaintiffs' dealings with Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Exclusion)**

139.   Defendants are informed and believe, and thereon allege that any promises express, implied or apparent ─ made by Defendants were excluded orally, in writing, by course of dealing, course of performance, and uses of trade or were limited to exclude the relief now requested by Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Lack of Reasonable Care)**

140.   Defendants are informed and believe, and thereon allege that Plaintiffs' Complaint and each purported cause of action contained therein, was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the laws which warrant the filing of the Complaint against Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Indispensable Parties)

141.   The complete adjudication of the purported claims and causes of action contained in Plaintiffs' Cross- Complaint requires the presence of additional and necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

142.   Defendants are informed, believe, and thereon allege that all damages incurred by Plaintiffs, if any, were caused by the acts and/or omissions of Plaintiffs so as to prevent Defendants' performance.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Impossibility or Impracticability)

143.   Defendants are informed, believe, and thereon allege that all damages incurred by Plaintiffs, if any, were caused by circumstances beyond Defendants' fault, responsibility, or control which made Defendants' performance under the contract or otherwise impossible or impractical.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

144.   Defendants are informed and believe, and thereon allege that Plaintiffs are precluded from any recovery under the facts alleged in the Complaint by virtue of the statute of frauds.

## TWENTHY-SEVENTH AFFIRMATIVE DEFENSE

**(Apportionment of Fault)**

145.   The whole or part of the damages alleged in the Complaint were caused by the fault of the Plaintiffs and/or others, Defendants are entitled to indemnification or other apportionment of fault from said others and/or parties, and any judgment rendered against Defendants should be reduced thereby.

**TWENTY-EIGTH AFFIRMATIVE DEFENSE**

**(Damages Caused by Plaintiffs)**

146.   Defendants allege that the Complaint, and each purported cause of action contained therein, is barred because damages to Plaintiffs, if any, were directly caused in whole by Plaintiffs' own conduct for which Defendants bear no responsibility.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Discharge)**

147.   Defendants allege that they have appropriately, completely and fully performed and been discharged of any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Novation)**

148.   Defendants allege that they performed each and every obligation to Plaintiffs pursuant to any and all contracts and agreements described in the Complaint, and pursuant to the novations reached between Defendants and Plaintiffs. See Civil Code §§ 1530-1531.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Condition Precedent/Lack of Notice)**

149.   If it is determined that Defendants did not perform one or more obligations under any contract or agreement, Defendants contend that Plaintiffs did not perform Plaintiffs' obligations under each contract or agreement as aforesaid, which obligations were a condition precedent to any performance by Defendants in each instance and/or

failed to provide Defendants with proper notice needed, among other matters, to give rise to liability on Defendant's part.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Public Policy)

150.   Defendants allege that each of the cause of action in the Complaint are barred by public policy.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Defendants' Full Performance of Contract)

151.   Defendants allege that Defendants performed each and every obligation to Plaintiffs pursuant to any and all contracts and agreements described in the Complaint, except those obligations that Defendants were prevented and/or excused from performing by the acts and/or omissions of Plaintiffs and/or other entities and/or individuals not named as Defendants in the Complaint herein.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Inability To Prove Damages)

152.   Defendants allege that Plaintiffs are unable to properly prove that Plaintiffs have incurred any damages as a result of the acts and/or omissions of Defendants.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Acquiescence)

153.   Defendants allege that through Plaintiffs' conduct, Plaintiffs approved, authorized, consented to and/or acquiesced to Defendants' conduct alleged in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Substantial or Partial Performance/Divisibility)

154.   Defendants allege that any contract(s) between Defendants and Plaintiffs, if any, has been substantially and/or partially performed, and as such, is subject to divisibility.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Modification)**

155.   Defendants allege that the contract in question, if any, was modified by the parties, and that Plaintiffs are therefore barred from recovery, if any, by reason of said modification.

### THIRTY-EIGTH -FIRST AFFIRMATIVE DEFENSE
### (Mutual Mistake)

156.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the Complaint, said claims or obligations are unenforceable by reason of mutual mistake.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Excuse of Performance)

157.   Defendants allege that Defendants' performance under the terms of the agreement(s) alleged in the Complaint was excused.

### FORTIETH AFFIRMATIVE DEFENSE
### (Ambiguity)

158.   Defendants allege that the agreement(s) alleged in the Complaint was/were never formed due to one or more ambiguities in the essential terms of the agreement.

### FORTY-FIRST AFFIRMATIVE DEFENSE
### (Defendants' Good Faith Reliance)

159.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the Complaint, said claims or obligations are unenforceable by reason of Defendants' good faith reliance upon the Plaintiffs and/or other third parties.

### FORTY-SECOND AFFIRMATIVE DEFENSE
### (Speculative Damages)

160.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the Complaint

said rights, claims or obligations are barred as against Defendants because Plaintiffs' alleged damages are improperly speculative.

### FORTY-THIRD AFFIRMATIVE DEFENSE
### (California EVIDENCE CODE § 623)

161.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the Complaint, said rights, claims or obligations are barred as against Defendants  because Plaintiffs, by their own statement and conduct, have intentionally and deliberately led Defendants to believe a particular thing true and to act in reliance thereon, and thus Plaintiffs may not contradict or refute said statement in any litigation arising therefrom.

### FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Complaint Presented For An Improper Purpose)

162.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seeks by way of the Complaint, said rights, claims or obligations are barred as against Defendants because Plaintiffs' Complaint has been presented for an improper purpose pursuant to California CODE OF CIVIL PROCEDURE 128.7.

### FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack Of Reasonable And/Or Justifiable Reliance)

163.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the Complaint, said rights, claims or obligations are barred as against Defendants because Plaintiffs cannot prove their reasonable and/or justifiable reliance.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
### (No Enforceable Agreement)

164.   Defendants allege that some or all of the alleged causes of action, rights, claims, demand for performance, and/or obligations which Plaintiffs seek by way of the

Complaint, are barred as against Defendants because Plaintiffs cannot prove an agreement enforceable against Defendants as relates to the allegations in the Complaint.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Mutual Assent)

165.   Defendants allege that some or all of the alleged causes of action, rights, claims, demand for performance, and/or obligations which Plaintiffs seek by way of the Complaint, are barred as against Defendants because Plaintiffs cannot prove Defendants' mutual assent to any such agreement.

### FOURTY-EIGTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

166.   As a further separate and affirmative defense, Defendants allege that Plaintiffs' claims are barred in whole or in part due to the lack of proximate cause.

### FOURTY-NINTH AFFIRMATIVE DEFENSE

### (Bad Faith)

167.   As a further separate and affirmative defense, Defendants allege that Plaintiffs' claims are barred in whole or in part due to Plaintiffs' bad faith.

### FIFTIETH AFFIRMATIVE DEFENSE

### (Binding Arbitration)

168.   Defendants allege that there is an arbitration clause in the Hyper Engine operating agreement entered into between Plaintiffs and Defendants on December 1, 2019. Pursuant to this agreement, this dispute between Plaintiffs and Defendants is or may be required to be resolved by binding arbitration.

WHEREFORE, Defendants respectfully pray for Judgment in their favor and against Plaintiffs, as follows:

1.      That Plaintiffs take nothing by reason of their Complaint and the claims therein, and that the same be dismissed with prejudice;

2.     That judgment be entered in favor of Defendants and against Plaintiffs on each of the claims of Plaintiffs and on the Complaint;

3.     For an award of reasonable attorneys' fees, in favor of Defendants, to the maximum extent allowable by law;

4.     For an award of Defendants' costs of suit incurred herein; and

5.     For such other and further relief as the Court deems just and proper.


**DATED:  November 1, 2022**                    **LAW OFFICES OF J.T. FOX & ASSOCIATES, APC**


By: _____

    J.T. Fox, Esq.
    Attorney for Defendants,
    DARRICK ANGELONE;
    AONE CREATIVE, LLC; and
    ON CHAIN INNOVATIONS, LLC

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury on all issues so triable that are raised by Plaintiffs' Complaint and the Answer of Defendants.

**DATED: November 1, 2022**                    **LAW OFFICES OF J.T. FOX &**
                                                                     **ASSOCIATES, APC**

By: _____
         *J.T. Fox*
         J.T. Fox, Esq.
         Attorney for Defendants,
         DARRICK ANGELONE;
         AONE CREATIVE, LLC; and
         ON CHAIN INNOVATIONS, LLC

- 22 -

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is: 556 S. Fair Oaks Ave., Suite 444, Pasadena, CA 91105.

On November 1, 2022, I served the DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT on the parties involved by mailing a true and correct copy thereof in a sealed envelope, addressed as follows:

Lawrence Hinkle
lhinkle@sandersroberts.com
Stephanie Jones Nojima
sjonesnojima@sandersroberts.com
Matthew Barzman
mbarzman@sandersroberts.com
SANDERS ROBERTS LLP
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017

__X__  **BY MAIL**: I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Pasadena, California. I am readily familiar with the business practice for collection and processing of mail in this office; that in the ordinary course of business said document would be deposited with the US Postal Service in Los Angeles on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this declaration.

__X__   **BY E-MAIL**: to lhinkle@sandersroberts.com; sjonesnojima@sandersroberts.com; and mbarzman@sandersroberts.com.

__X__ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 1, 2022, at Pasadena, California.

_____
*J.T. Fox*
DECLARANT, J.T. FOX