J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., No. 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
E-Mail: jt@jtfoxlaw.com

Attorney for Defendants and Cross-Complainants,
DARRICK ANGELONE, AONE CREATIVE, LLC AND ON CHAIN INNOVATIONS, LLC

# UNITED STATED DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>    Defendants. | **CASE NO.** 2:22-cv-06515-MFW-AGR<br><br>**DEFENDANTS' CROSS-COMPLAINT FOR DAMAGES BASED ON (1) EQUITABLE INDEMNITY; (2) EXPRESS CONTRACTUAL INDEMNITY; (3) CONTRIBUTION; (4) APPORTIONMENT OF FAULT; AND (5) DECLARATORY RELIEF**<br><br>[Answer to Plaintiffs' Complaint filed concurrently herein]<br><br>Complaint Filed: Sept. 12, 2022<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald |

DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,

    Cross-Complainants,

  v.

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; and DEON TAYLOR, an individual,

    Cross-Defendants.

    Cross-Complainants DARRICK ANGELONE; AONE CREATIVE, LLC; and ON CHAIN INNOVATIONS, LLC (collectively "Counterclaimants") allege against HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; and DEON TAYLOR (collectively "Cross-Defendants") as follows:

## THE PARTIES

    1.    At all times mentioned herein, Plaintiff DARRICK ANGELONE (hereinafter referred to as "Darrick"), is now, and at all times mentioned herein, an individual residing in the County of Los Angeles, California. Darrick is the founder, CEO, and managing-member of Plaintiff AONE Creative, LLC.

    2.    Plaintiff AONE CREATIVE, LLC, a Florida Limited Liability Company, (hereinafter referred to as "AONE") is now, and at all times mentioned herein, an entity doing business in the City of Fort Lauderdale, County of Broward, Florida.

    3.    Plaintiff ON CHAIN INNOVATIONS, LLC, a Florida Limited Liability

-2-
**DEFENDANTS' CROSS-COMPLAINT**

Company, (hereinafter referred to as "On Chain") is now, and at all times mentioned herein, an entity doing business in the City of Fort Lauderdale, County of Broward, Florida.

4. Defendant DEON TAYLOR (hereinafter referred to as "Deon") is now, and at all times mentioned herein, an individual residing in the County of Placer, California.

5. Defendant HIDDEN EMPIRE HOLDINGS, LLC (hereinafter referred to as "Hidden Empire"), a Delaware Limited Liability Company, is now, and at all times mentioned herein, an entity doing business in the City of Santa Monica, County of Los Angeles, California, and qualified to do business in the State of California.

6. Defendant HYPER ENGINE, LLC (hereinafter referred to as "Hyper Engine"), a California Limited Liability Company, is now, and at all times mentioned herein, an entity doing business in the City of Granite Bay, County of Placer, California, and qualified to do business in the State of California

## JURISDICTION AND VENUE

7. As stated in Plaintiffs' Complaint, Plaintiffs alleged as follows: This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 17 U.S.C. § 501 because Plaintiffs allege that Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and infringed on their valid copyrights associated with the Fear Movie. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

8. As stated in Plaintiffs' Complaint, Plaintiffs alleged as follows: The Court

has personal jurisdiction over all Defendants because they conduct business in California and have contacts with the state that are continuous, systematic, and purposeful such that they are each subject to the personal jurisdiction of this Court.

9. As stated in Plaintiffs' Complaint, Plaintiffs alleged as follows: Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INTRODUCTION

10. On September 12, 2022, Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor filed their Complaint in this action against Defendants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, alleging claims for (1) Breach of Contract; (2) Violation of Federal Computer Fraud And Abuse Act (18 U.S.C. §§1030(A)(2)(C) & (A)(5); (3) Violation of Computer Data Access And Fraud Act (Cal. Penal Code § 502); (4) Conversion; and (5) Copyright Infringement.

11. Counterclaimants deny that they have any liability to Cross-Defendants, but to the extent of Plaintiffs' asserted claims in their Complaint, Counterclaimants allege that Cross-Defendants should be held responsible for defending and indemnifying Counterclaimants.

## FACTUAL ALLEGATIONS

12. Counterclaimants bring this cross-complaint to obtain relief from the betrayal and fraudulent conduct committed by Cross-Defendants involving a marketing company founded for the general purpose of using Counterclaimants' digital and creative

services to benefit Cross-Defendants, their companies, and/or their clients.

13. Counterclaimants agreed to engage in business with and offer their services to Cross-Defendants for the purpose of forming a mutually beneficial business relationship through the formation of a marketing subsidiary to service Cross-Defendants' companies and other clients. Counterclaimants and Cross-Defendants did in fact enter into an operating agreement for this purpose, agreeing to divide any profits and equally sharing in any losses.

14. On or about January 29, 2018, Darrick and Cross-Defendants engaged in verbal discussions regarding the creation of Hyper Engine, LLC ("Hyper Engine"), a digital marketing company in which AONE and HEFG would be partners.

15. On or about February 24, 2018, AONE submitted to Cross-Defendants by email a budget created by AONE for HEFG digital infrastructure, which discussed equity in Hyper Engine.

16. On or about March 1, 2018, Cross-Defendants created a draft operating agreement for Hyper Engine, created by Cross-Defendant Deon, Roxanne Taylor, and Velma Sykes, Head of Business of Affairs for HEFG. It was sent to Counterclaimants for review on August 1, 2019. Within this agreement, Darrick was designated as a member of Hyper Engine, LLC along with Deon Taylor, Roxanne Taylor, and Robert Smith. The agreement further provided that Robert Smith would split 50% in net profits and losses, while Deon, Roxanne, and Darrick would evenly split the remaining 50% in profits and losses. Counterclaimants are informed and believe that a long-form version of this

operating agreement was signed and executed by Deon Taylor.

17. Within this agreement, the Counterclaimants and Cross-Defendants agreed that Cross-Defendants would indemnify Counterclaimants AONE and its managing member, Darrick Angelone. Specifically, Cross-Defendants agreed to indemnify and hold harmless Darrick, AONE, and their respective agents and representatives "from and against all damages, costs, expenses, losses, claims, demands, liabilities and/or obligations, including, without limitation, reasonable fees and disbursements of counsel, arising from, relating to, or in any way sustained or incurred by any action or in action on the part of" Darrick, AONE, or any such person.

18. Hyper Engine, LLC was officially formed on March 1, 2018 (CA Secretary of State No. 201807410500) and remains active as of the date of this Cross-Complaint. Following the formation of Hyper Engine, Counterclaimants began efforts to provide marketing services for HEFG and other various clients through Hyper Engine. As part of their partnership (and executive role within the partnership) within Hyper Engine, Counterclaimants were solely responsible for marketing, web domain, and all other digital, creative, or IP services which includes but is not limited to:

    a. Creating and presenting decks to pitch Hyper Engine services to entertainment companies such as Sony Pictures Entertainment, Lionsgate Films, and Warner Brothers;

    b. Creating and executing digital marketing and political outreach campaigns wherein AONE created a significant amount digital graphics and branding

across social media, television, print, and other online digital media;

   c. Creating digital marketing campaigns to promote films created or directed by HEFG and other independent entertainment clients;

   d. Creating digital branding, domain names, pitch decks, and other digital marketing for various endeavors and projects undertaken by Cross-Defendants and clients referred to Darrick or AONE by Cross-Defendants; and

   e. Developing a COVID-19 vaccine campaign to be executed by hyper engine with CDC grant money given to the Coalition of National Black Churches ("CNBC"), whereby AONE was engaged to advertise for the vaccine campaign, create pitch decks, perform copy writing, register domain name(s), and conduct political advertising research, while creating and executing the digital strategies.

19. On or about December 1, 2019, Cross-Defendants created a second operating agreement for Hyper Engine, in which Deon was named 33.34% owner, Roxanne Taylor was named 33.33% owner, and Counterclaimants were named 33.33% owner. This agreement further provided that company profits and losses shall be split 66.67% to Deon and Roxanne Taylor and 33.33% to Counterclaimants. Counterclaimants are informed and believe that a long-form version of this operating agreement was signed and executed by Deon Taylor.

20. Since the inception of Hyper Engine, Cross-Defendants repeatedly assured

Counterclaimants that they were partners in Hyper Engine as reflected in written operating agreements, verbal communications, and Cross-Defendants' manifestations or actions consistent with the operation of a partnered business.

21.     Unbeknownst to Counterclaimants, at some time after the formation of Hyper Engine, Cross-Defendants formed an undisclosed intent to breach the company operating agreement, exclude Counterclaimants from the LLC, and take Hyper Engine's assets, proprietary information, and intellectual property and claim it as their own. At this time, while outwardly manifesting a continuing intent to develop Hyper Engine as an equal partner with Counterclaimants, Cross-Defendants secretly began to take steps in preparation of excluding Counterrclaimants from their rightful share in the company.

22.     In or around August 2021, Counterclaimaints were engaged, to handle the digital marketing for the Theatrical release of the HEFG movie titled "Fear", which at the time was schedule for release on February 12, 2022. Weekly Zoom meetings ensued for approximately 7 months regarding the film. The film release was later moved to May 10, then August 26, 2022. As of the date of this Cross-Complaint, the film's release date remains unknown while AONE has spent in excess of $250,000.00 for development and time invested by AONE staff to be present at meetings, which remains unrecouped by Counterclaimants.

23.     Counterclaimants have spent countless hours in their engagement for marketing the Fear film, all of which was done at Cross-Defendants' request. The services Counterclaimants have performed or developed for this project include, but are

not limited to:

 a. On or about August 2, 2021, Counterclaimants registered the necessary domains and social media handles for Fear;

 b. On or about August 6, 2021, Darrick submitted a demo website design for the Fear movie teaser launch via an iMessage thread with Cross-Defendants;

 c. From August 2021 through the present, Counterclaimants have endeavored to develop a marketing strategy for Fear based on weekly meeting discussions and to develop special integrations such as NFT and mobile gaming elements; and

 d. On or about January 13, 2022, Counterclaimants introduced via email the Fear Instagram Filter concept to the HEFG team, created by AONE to be a part of the Fear movie marketing strategy.

24. On or about April 1, 2022 Darrick Submitted a social concept and publishing strategy for HEFG via iMessage to Deon and Omar Joseph, VP of production at HEFG

25. In or around November 2021, Darrick proposed a Fear video game and NFT activation as part of a larger marketing plan to Deon, to which Deon replied, "Let's go" and engaged the rest of the HEFG executives to start the project. AONE continued planning and development for the game/app, including design and beta testing at Cross-Defendants' behest.

**FIRST CAUSE OF ACTION**
**EQUITABLE INDEMNITY**
**(Against all Cross-Defendants)**

26. The Counterclaimants reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 25 as though set forth fully herein.

27. On September 12, 2022, Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor filed their Complaint in this action against Defendants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, alleging claims for (1) Breach of Contract; (2) Violation of Federal Computer Fraud And Abuse Act (18 U.S.C. §§1030(A)(2)(C) & (A)(5); (3) Violation of Computer Data Access And Fraud Act (Cal. Penal Code § 502); (4) Conversion; and (5) Copyright Infringement.

28. If Plaintiffs sustained damages as alleged in their Complaint, these damages were caused, entirely or in part, by Cross-Defendants as set forth herein. Counterclaimants are informed and believe, and on that basis allege, that Cross-Defendants through commission or omission, acted in a manner as alleged in Plaintiffs' Complaint, which allegedly caused Plaintiffs' damages as alleged in the Complaint.

29. Cross-Defendants were the agents, employees, co-venturers, partners, or in some manner agents or principals, or both, for each other and were acting within the course and scope of their agency or employment.

30. Counterclaimants are informed and believe, and on that basis allege, that as a result, and due to the actions or omissions of Cross-Defendants, Plaintiffs have allegedly suffered damages as claimed in Plaintiffs' Complaint which Plaintiffs blame wrongly on or attributes mistakenly in some way to Counterclaimants.

31. Counterclaimants are informed and believe that the damages alleged by

Plaintiffs in their Complaint in this action, if (*arguendo*) in fact they occurred were, in whole or in part, the direct and proximate result of the negligence or fraudulent conduct of Cross-Defendants, and each of them.

32. By service of this Cross-Complaint, Counterclaimants demand that Cross-Defendants indemnify and defend Counterclaimants for any and all expenses incurred by them in investigating the circumstances surrounding the events alleged in the Complaint and for defense costs and any other losses sustained by Counterclaimants as a result of the negligence and/or fraudulent conduct of Cross-Defendants. Unless Cross-Defendants immediately agree to such demand, Counterclaimants will deem such demand to have been denied.

33. As a proximate and direct result of the negligence and or fraudulent conduct of Cross-Defendants, and each of them, Counterclaimants have been damaged in an amount to be proven at trial, including consequential damages.

34. Cross-Defendants are responsible in whole or in part for the injuries and damage, if any, allegedly suffered by Plaintiffs as set forth more particularly in the Complaint. In the event Counterclaimants are adjudged liable for damages, injuries or losses of any nature whatsoever pursuant to the Complaint, Counterclaimants are entitled to receive equitable indemnity and comparative contribution from Cross-Defendants for any sums which Counterclaimants may be compelled to pay as a result of such judgment, and in addition thereto, they are entitled to be indemnified for all costs, expenses and attorney's fees which have been or may be incurred in either defending the

lawsuit or settling with the Plaintiffs.

## SECOND CAUSE OF ACTION

## EXPRESS CONTRACTUAL INDEMNITY

### (Against Cross-Defendant Hyper Engine, LLC Only)

35. Counterclaimants reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1-34 as though set forth in full.

36. As stated above, Cross-Defendants expressly agreed to indemnify, defend and hold harmless Counterclaimants, their respective agents and representatives, from and against all damages, costs, expenses, losses, claims, demands, liabilities and/or obligations, including, without limitation, reasonable fees and disbursements of counsel, arising from, relating to, or in anyway sustained or incurred by any action or inaction on the part of Counterclaimants or any such person, except to the extent attributable to the breach of the standard of care. Counterclaimants did not breach any fiduciary duty owed to Hyper Engine, LLC or otherwise acted willfully or with gross negligence. Counterclaimants also contend that they acted in good faith at all times as mentioned above.

37. At all times herein mentioned, Cross-Defendants, and each of them, were negligent, or otherwise responsible in total, or in part, for the injuries, losses and/or damages complained of by Plaintiffs.

38. Any liability that Counterclaimants may incur as a result of the allegations of the Complaint will be the result of the active and primary negligence and/or fault, or

misconduct of Cross-Defendants, and each of them.

39. Cross-Defendants were the agents, employees, co-venturers, partners, or in some manner agents or principals, or both, for each other and were acting within the course and scope of their agency or employment.

40. Counterclaimants are informed and believe, and on that basis allege, that as a result, and due to the actions or omissions of Cross-Defendants, Plaintiffs have allegedly suffered damages as claimed in Plaintiffs' Complaint which Plaintiff blames wrongly on or attributes mistakenly in some way to Counterclaimants.

41. Counterclaimants are informed and believe that the damages alleged by Plaintiffs in their Complaint in this action, if (arguendo) in fact they occurred were, in whole or in part, the direct and proximate result of the negligence or fraudulent conduct of Cross-Defendants.

42. By service of this Cross-Complaint, Counterclaimants demand that Cross-Defendants indemnify and defend Counterclaimants for any and all expenses incurred by them in investigating the circumstances surrounding the events alleged in the Complaint and for defense costs and any other losses sustained by Counterclaimants as a result of the negligence and/or fraudulent conduct of Cross-Defendants. Unless Cross-Defendants immediately agree to such demand, Counterclaimants will deem such demand to have been denied.

43. As a proximate and direct result of the negligence and or fraudulent conduct of Cross-Defendants, Counterclaimants have been damaged in an amount to be proven at

trial, including consequential damages.

44. Cross-Defendants are responsible in whole or in part for the injuries and damage, if any, allegedly suffered by Plaintiffs as set forth more particularly in the Complaint. In the event Counterclaimants are adjudged liable for damages, injuries or losses of any nature whatsoever pursuant to the Complaint, Counterclaimants are entitled to receive equitable indemnity and comparative contribution from Cross-Defendants for any sums which Counterclaimants may be compelled to pay as a result of such judgment, and in addition thereto, they are entitled to be indemnified for all costs, expenses and attorney's fees which have been or may be incurred in either defending the lawsuit or settling with the Plaintiffs.

## THIRD CAUSE OF ACTION
## CONTRIBUTION
### (Against All Cross-Defendants)

45. Counterclaimants reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 44 as though set forth in full.

46. In the event that any part of this action should establish any liability on the part of Counterclaimants, Counterclaimants could then be obliged to pay sums representing the proportion or percentage of fault, not Counterclaimants' own but that of Cross-Defendants, other parties in this action, and/or of persons not a part of this action.

47. Counterclaimants desire a judicial determination of the respective rights and duties of Counterclaimants and Cross-Defendants with respect to the damages alleged in Plaintiffs' Complaint. Such a determination is necessary and appropriate at this time in

order that Counterclaimants may ascertain their rights and duties with respect to the claims for damages asserted.

## FOURTH CAUSE OF ACTION
## APPORTIONMENT OF FAULT
### (Against All Cross-Defendants)

48. Counterclaimants reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 47 as though set forth in full.

49. Each cross-defendant was responsible, in whole or in part, for the injuries, if any, suffered by Plaintiffs.

50. If Counterclaimants are judged liable to Plaintiffs, each cross-defendant should be required: (1) to pay a share of Plaintiffs' judgment which is in proportion to the comparative negligence of that cross-defendant in causing Plaintiffs' damages; and (2) to reimburse Counterclaimants for any payments Counterclaimants make to Plaintiffs in excess of its proportional share of all cross-defendants' negligence.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against All Cross-Defendants)

51. Counterclaimants reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 50 as though set forth in full.

52. An actual controversy exists between Counterclaimants and Cross-Defendants, and each of them, in that Counterclaimants contend that Cross-Defendants, and each of them, are obligated to totally indemnify or partially indemnify the

Counterclaimants for any damage or loss found to have been caused to Plaintiff by Cross-Defendants by way of Plaintiffs' Complaint.

53. Counterclaimants allege that Cross-Defendants, and each of them, make contentions to the contrary and deny their obligation to totally or partially indemnify the Counterclaimants.

54. Counterclaimants request a judicial declaration of the rights, responsibilities and obligations of the Cross-Defendants, and each of them, as to Counterclaimants as it relates to Plaintiff's Complaint.

## **JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure, Counterclaimants hereby demand trial by jury on all issues so triable that are raised by Counterclaimants' Cross-Complaint.

WHEREFORE, Counterclaimants pray for judgment against Cross-Defendants as follows:

A. Total and complete indemnity for any judgments rendered against Counterclaimants;

B. Judgment in a proportionate share from each cross-defendant;

C. For damages in an amount according to proof at trial, but not less than any amount which Counterclaimants would be required to pay in this action, plus the expenses incurred by Counterclaimants in their investigation and defense of the Complaint, together with interest on said sum from and after the date

on which said sum first became due and owing, according to proof at trial;

D. For a judicial determination that Cross-Defendants were the legal cause of any injuries and damages sustained by Plaintiff and that Cross-Defendants indemnify Counterclaimants, either completely or partially, for any sums of money which may be recovered against Counterclaimants by Plaintiffs.

E. For costs of suit incurred herein as allowed by statute and law;

F. For attorneys' fees incurred herein as allowed by statute and law; and

G. For such other and further relief as the Court may deem just and proper.

DATED: November 1, 2022

LAW OFFICES OF JT FOX, APC

By: *J.T. Fox*

J.T. Fox, Esq.
Attorneys for Defendants and Cross-Complainants, DARRICK ANGELONE, AONE CREATIVE, LLC, AND ON CHAIN INNOVATIONS, LLC.

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Law Offices of JT Fox, APC, and my business address is 556 S. Fair Oaks Ave., Suite 444, Pasadena, CA 91105. My email address is: jt@jtfoxlaw.com.

On November 1, 2022, I served DEFENDANTS' CROSS-COMPLAINT FOR DAMAGES BASED ON (1) EQUITABLE INDEMNITY; (2) EXPRESS CONTRACTUAL INDEMNITY; (3) CONTRIBUTION; (4) APPORTIONMENT OF FAULT; AND (5) DECLARATORY RELIEF on the parties involved by:

☒ BY ELECTRONIC TRANSFER] I caused all of the above-entitled document(s) to be served through my personal email address (jt@jtfoxlaw.com) addressed to all of the parties' below email addresses. Said document(s) were served on the interested party or parties in this action addressed as noted below.

[  ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on November 1, 2022 at Pasadena, California.

_____

DECLARANT – J.T. FOX