EXHIBIT 5 - 1

# JARED GOETZ

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California ▼

Hidden Empire Holdings, LLC, et al.
_____
*Plaintiff*
v.
Darrick Angelone, et al.
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:22-cv-06515-MWF-AGR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Jared Goetz, 4904 Avenida Oriente, Tarzana, CA 91356
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/02/2023
_____

CLERK OF COURT

                                                    OR

_____          /s/ JT Fox
*Signature of Clerk or Deputy Clerk*          _____
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC _____, who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

**ATTACHMENT 1 TO FORM AO 88B**

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

## DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1.  Any and all DOCUMENTS related to (1) Hyper Engine, (2) the "Fear" film, (3) the "Fear" Game, (4) "The House Next Door" film, and (5) the Bron Studios film "The Survivor".

2.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, (2) the "Fear" film, (3) the "Fear" Game, (4) "The House Next Door" film, (5) the Bron Studios film "The Survivor", (6) Darrick Angelone, and (7) AONE Creative, LLC (formerly known as AONE Entertainment, LLC), including but not limited to emails, text messages, and other correspondence.

3.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, (2) the "Fear" film, (3) the "Fear" Game, (4) "The House Next Door" film, (5) the Bron Studios film "The Survivor", (6) Darrick Angelone, and (7) AONE Creative, LLC (formerly known as AONE Entertainment, LLC), including but not limited to emails, text messages, and other correspondence.

4.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone related to (1) Hyper Engine, (2) the "Fear" film, (3) the "Fear" Game, (4) "The House Next Door" film, and (5) the Bron Studios film "The Survivor", including but not limited to emails, text messages, and other correspondence.

5.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings, LLC (formerly known as Hidden Empire Film Group) related to (1) Hyper Engine, (2) the "Fear" film, (3) the "Fear" Game, (4) "The House Next Door" film, (5) the Bron Studios film "The Survivor", (6) Darrick Angelone, and (7) AONE Creative, LLC (formerly known as AONE Entertainment, LLC), including but not limited to emails, text messages, and other correspondence.

6.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and AONE Creative, LLC (formerly known as AONE Entertainment, LLC) related to (1) Hyper Engine, (2) the "Fear" film, (3) the "Fear" Game, (4) "The House Next Door" film, and (5) the Bron Studios film "The Survivor", including but not limited to emails, text messages, and other correspondence.

---

**ATTACHMENT 1 TO FORM AO 88B**

JEFF CLANAGAN

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

Hidden Empire Holdings, LLC, et al.

_____
*Plaintiff*

v.

Darrick Angelone, et al.

_____
*Defendant*

)
)
)
)
)
)

Civil Action No. 2:22-cv-06515-MWF-AGR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Jeff Clanagan, 6320 Canoga Ave., Ste. 1470, Canoga Park, CA 91367

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/02/2023

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                          /s/ JT Fox
                                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC _____ , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

### **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation.  "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

**DOCUMENT REQUESTS**

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS containing and/or evidencing contracts, agreements, and business transactions between YOU and Hidden Empire Holdings, LLC (formerly known as Hidden Empire Film Group), as they relate to (1) the film "Meet the Blacks", (2) the film "Traffik", and (3) marketing and/or promotion of Hidden Empire Film Group films.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor regarding (1) the film "Meet the Blacks", the film "Traffik", and (3) marketing and/or promotion of Hidden Empire Film Group films.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor regarding (1) the film "Meet the Blacks", (2) the film "Traffik", and (3) marketing and/or promotion of Hidden Empire Film Group films.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone regarding (1) the film "Meet the Blacks", (2) the film "Traffik", and (3) marketing and/or promotion of Hidden Empire Film Group films.

5. Any and all DOCUMENTS containing and/or evidencing communications between YOU and AONE Creative, LLC (formerly known as AONE Entertainment, LLC) regarding (1) the film "Meet the Blacks", (2) the film "Traffik", and (3) marketing and/or promotion of Hidden Empire Film Group films.

# JOHN FERRY

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California ▼

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       John Ferry, 1133 22nd Street, Apt 10, Santa Monica, CA 90403

_____

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/02/2023

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ JT Fox _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC _____, who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

    (a) a. the type of privilege claimed;

    (b) the type of DOCUMENT;

    (c) the general subject matter of the DOCUMENT;

    (d) the date of the DOCUMENT;

    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f) the Request(s) to which the DOCUMENT is responsive; and

    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

### DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

5. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

6. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hyper Engine, LLC related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

7. Any and all DOCUMENTS containing and/or evidencing communications between YOU and AONE Creative, LLC (formerly known as AONE Entertainment, LLC) related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

JOSEPH SIKORA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California ▾

Hidden Empire Holdings, LLC, et al.

_____
*Plaintiff*

v.

Darrick Angelone, et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.  2:22-cv-06515-MWF-AGR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Joseph Sikora, 9665 Wilshire Blvd, 5th Floor, Beverly Hills, CA 90212

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/02/2023

CLERK OF COURT

OR

_____            /s/ JT Fox
_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC          , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation.  "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
    (a) a. the type of privilege claimed;
    (b) the type of DOCUMENT;
    (c) the general subject matter of the DOCUMENT;
    (d) the date of the DOCUMENT;
    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
    (f) the Request(s) to which the DOCUMENT is responsive; and
    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

### DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) marketing and/or promotion of "Fear" film, and (2) marketing and/or promotion of "Fear" game, including but not limited to emails, text messages, and other correspondence.

2.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) marketing and/or promotion of "Fear" film, and (2) marketing and/or promotion of "Fear" game, including but not limited to emails, text messages, and other correspondence.

3.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Quincy Newell related to (1) marketing and/or promotion of "Fear" film, and (2) marketing and/or promotion of "Fear" game, including but not limited to emails, text messages, and other correspondence.

4.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to (1) marketing and/or promotion of "Fear" film, and (2) marketing and/or promotion of "Fear" game, including but not limited to emails, text messages, and other correspondence.

5.  Any and all DOCUMENTS related to Joseph Sikora's involvement with the "Fear" film, including but not limited to terms, term sheets, contracts, and/or agreements.

---

**ATTACHMENT 1 TO FORM AO 88B**

# JUSTIN GREYSTONE

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California ▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Justin Greystone,10100 Santa Monica Blvd, Suite 2300, Los Angeles CA 90067

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time:<br><br>04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/02/2023

|  | |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC , who issues or requests this subpoena, are:
JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                  *Server's signature*

                                                      _____
                                                                  *Printed name and title*

                                                      _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

---

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

**ATTACHMENT 1 TO FORM AO 88B**

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

    (a) a. the type of privilege claimed;

    (b) the type of DOCUMENT;

    (c) the general subject matter of the DOCUMENT;

    (d) the date of the DOCUMENT;

    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f) the Request(s) to which the DOCUMENT is responsive; and

    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

**DOCUMENT REQUESTS**

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Quincy Newell related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

5. Any and all DOCUMENTS related to and/or created for Hyper Engine, LLC.

**ATTACHMENT 1 TO FORM AO 88B**

# KAZUKO GOLDEN

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▢▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kazuko Golden, 1669 12th St., Santa Monica, CA 90404

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/02/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                        *Server's signature*

                                                                       _____
                                                                        *Printed name and title*

                                                                       _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

**ATTACHMENT 1 TO FORM AO 88B**

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

    (a) a. the type of privilege claimed;

    (b) the type of DOCUMENT;

    (c) the general subject matter of the DOCUMENT;

    (d) the date of the DOCUMENT;

    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f) the Request(s) to which the DOCUMENT is responsive; and

    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

## DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, (7) Darrick Angelone, (8) AONE Creative LLC, and (9) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, (7) Darrick Angelone, (8) AONE Creative LLC, and (9) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, (7) Darrick Angelone, (8) AONE Creative LLC, and (9) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

5. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, (7) Darrick Angelone, (8) AONE Creative LLC, and (9) marketing and/or promotion

**ATTACHMENT 1 TO FORM AO 88B**

of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

6. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hyper Engine, LLC related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, (7) Darrick Angelone, (8) AONE Creative LLC, and (9) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

7. Any and all DOCUMENTS containing and/or evidencing communications between YOU and AONE Creative, LLC (formerly known as AONE Entertainment, LLC) related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, (7) Darrick Angelone, (8) AONE Creative LLC, and (9) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

KRISTI KILDAY

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California  ▼

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | )  )  ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | )  )  ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Kristi Kilday, 1801 Century Park East, 24th Floor, Los Angeles, California 90067

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time:  04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/02/2023

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC _____, who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

**ATTACHMENT 1 TO FORM AO 88B**

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

### DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1. All DOCUMENTS created for, related to, and/or evidencing the Untitled Scripted Series about Percy Miller (AKA "Master P").

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to the Untitled Scripted Series about Percy Miller (AKA "Master P"), including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to the Untitled Scripted Series about Percy Miller (AKA "Master P"), including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings, LLC (formerly known as Hidden Empire Film Group) related to the Untitled Scripted Series about Percy Miller (AKA "Master P"), including but not limited to emails, text messages, and other correspondence.

# LAMYA MALHOTRA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California  ▼

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Lamya Malhotra, 3190 CA-128, Caligosta, CA 94515

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/02/2023

_CLERK OF COURT_

OR

_____          /s/ JT Fox
Signature of Clerk or Deputy Clerk          Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC          , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation.  "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

## DOCUMENT REQUESTS

1.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, and (2) marketing and/or promotion services provided to Work Vineyard, including but not limited to emails, text messages, and other correspondence.

2.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, and (2) marketing and/or promotion services provided to Work Vineyard, including but not limited to emails, text messages, and other correspondence.

3.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings, LLC (formerly known as Hidden Empire Film Group) related to (1) Hyper Engine, and (2) marketing and/or promotion services provided to Work Vineyard, including but not limited to emails, text messages, and other correspondence.

4.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone related to (1) Hyper Engine, and (2) marketing and/or promotion services provided to Work Vineyard, including but not limited to emails, text messages, and other correspondence.

5.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and AONE Creative, LLC (formerly known as AONE Entertainment, LLC) related to (1) Hyper Engine, and (2) marketing and/or promotion services provided to Work Vineyard, including but not limited to emails, text messages, and other correspondence.

# LIONSGATE ENTERTAINMENT

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Lionsgate Entertainment, Inc., c/o Custodian of Records, 2700 Colorado Ave. Ste 200., Santa Monica, CA 90404

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/02/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

**DOCUMENT REQUESTS**

---

**ATTACHMENT 1 TO FORM AO 88B**

1.  All DOCUMENTS evidencing, containing, and/or related to contracts, agreements, and/or business transactions between YOU and Hyper Engine, LLC ("Hyper Engine") as they relate to the films known as "Traffik", "Fatale", "The House Next Door", and "Meet the Blacks".

2.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, and (2) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

3.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, and (2) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

4.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone related to (1) Hyper Engine, and (2) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

5.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings, LLC (formerly known as Hidden Empire Film Group) related to (1) Hyper Engine, and (2) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

---

**ATTACHMENT 1 TO FORM AO 88B**

# MAYWEATHER PRODUCTIONS

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California ▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Mayweather Promotions, c/o Custodian of Records, 4616 W. Sahara Ave., #290, Las Vegas, NV 89102

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/02/2023

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC _____, who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation.  "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

**ATTACHMENT 1 TO FORM AO 88B**

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

    (a) a. the type of privilege claimed;

    (b) the type of DOCUMENT;

    (c) the general subject matter of the DOCUMENT;

    (d) the date of the DOCUMENT;

    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f) the Request(s) to which the DOCUMENT is responsive; and

    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

### DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) the "GOAT" Docuseries about professional boxer Floyd Mayweather, (2) TV and/or film projects, and (3) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor (1) the "GOAT" Docuseries about professional boxer Floyd Mayweather, (2) TV and/or film projects, and (3) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings, LLC (formerly known as Hidden Empire Film Group) (1) the "GOAT" Docuseries about professional boxer Floyd Mayweather, (2) TV and/or film projects, and (3) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

McGEE MEDIA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California  ▢ ▾

Hidden Empire Holdings, LLC, et al.
_____
*Plaintiff*
v.
Darrick Angelone, et al.
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.  2:22-cv-06515-MWF-AGR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  McGee Media, LLC., c/o Custodian of Records, 9 East 37th Street, 9th Floor, New York, NY 10016

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/02/2023

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    /s/ JT Fox
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC , who issues or requests this subpoena, are:
JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
    (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
    (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
    (c) the date the DOCUMENT was created;
    (d) the date(s) the DOCUMENT was in use;
    (e) a detailed description of the content of the DOCUMENT;
    (f) the reason it is no longer in YOUR possession, custody, or control; and
    (g) the DOCUMENT's current location.
    (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

---

**ATTACHMENT 1 TO FORM AO 88B**

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

    (a) a. the type of privilege claimed;

    (b) the type of DOCUMENT;

    (c) the general subject matter of the DOCUMENT;

    (d) the date of the DOCUMENT;

    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f) the Request(s) to which the DOCUMENT is responsive; and

    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

**DOCUMENT REQUESTS**

---

**ATTACHMENT 1 TO FORM AO 88B**

1.  All DOCUMENTS establishing ownership and/or containing ownership information regarding the series "Black History in Two Minutes".

2.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, LLC and (2) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

3.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, LLC and (2) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

4.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to the series "Black History in Two Minutes", including but not limited to emails, text messages, and other correspondence.

5.  Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to the series "Black History in Two Minutes", including but not limited to emails, text messages, and other correspondence.

MELISSA BREAUX

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California ▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Melissa Breaux,10100 Santa Monica Blvd, Suite 2300, Los Angeles CA 90067

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/02/2023

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC              , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

### DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Quincy Newell related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

5. Any and all DOCUMENTS related to and/or created for Hyper Engine, LLC.

**ATTACHMENT 1 TO FORM AO 88B**

# META PLATFORMS, INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

Hidden Empire Holdings, LLC, et al.

_____
*Plaintiff*

v.

Darrick Angelone, et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:22-cv-06515-MWF-AGR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Meta Platforms, Inc c/o Instagram, 1601 Willow Road, Menlo Park, CA 94025

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/02/2023

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                   /s/ JT Fox
                                                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC        , who issues or requests this subpoena, are:
JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105;
jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                           *Server's signature*

                                           _____
                                           *Printed name and title*

                                           _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

---

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

## DOCUMENT REQUESTS

---

1. For each of the Instagram accounts set forth below, all DOCUMENTS
   evidencing, reflecting, and/or stating the (a) account owner full name; (b)
   account owner telephone number; (c) account owner email; (d) account
   billing information; (e) account connection logs to include IP address
   logins; and (f) records of account changes:
   a. @fatalemovie; and
   b. @intrudermovie

2. For each of the Instagram accounts set forth below, all DOCUMENTS
   evidencing, reflecting, and/or stating the (1) historical ip logs and (2)
   historical activity logs:
   a. @hiddenempirefilmgroup;
   b. @bewokevote;
   c. @blackhistoryintwominutes; and
   d. @fear.movie

MICHAEL CLAPS

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Michael Claps, 1133 22nd St., Apt. 10, Santa Monica, CA 90403

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/02/2023

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ JT Fox |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC _____ , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## __Attachment 1__

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## DEFINITIONS

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
    (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
    (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
    (c) the date the DOCUMENT was created;
    (d) the date(s) the DOCUMENT was in use;
    (e) a detailed description of the content of the DOCUMENT;
    (f) the reason it is no longer in YOUR possession, custody, or control; and
    (g) the DOCUMENT's current location.
    (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:

    (a) a. the type of privilege claimed;

    (b) the type of DOCUMENT;

    (c) the general subject matter of the DOCUMENT;

    (d) the date of the DOCUMENT;

    (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f) the Request(s) to which the DOCUMENT is responsive; and

    (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

## DOCUMENT REQUESTS

---

**ATTACHMENT 1 TO FORM AO 88B**

1. Any and all DOCUMENTS related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Darrick Angelone related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

5. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

---

**ATTACHMENT 1 TO FORM AO 88B**

6. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hyper Engine, LLC related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

7. Any and all DOCUMENTS containing and/or evidencing communications between YOU and AONE Creative, LLC (formerly known as AONE Entertainment, LLC) related to (1) Hyper Engine, (2) marketing and/or promotion of "Fear" film, (3) marketing and/or promotion of "Fear" game (4) the "House Next Door" Marketing Campaign, (5) the CNBC Vaccine Campaign, (6) Google email and/or web servers, and (7) marketing and/or promotion of Hidden Empire Film Group films, including but not limited to emails, text messages, and other correspondence.

**ATTACHMENT 1 TO FORM AO 88B**

MICHAEL SWARTZ

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Central District of California ▾

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Michael Swartz,10100 Santa Monica Blvd, Suite 2300, Los Angeles CA 90067

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/02/2023

*CLERK OF COURT*
                                        OR

_____          /s/ JT Fox
_____          _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC     , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                       *Server's signature*

                                          _____
                                                       *Printed name and title*

                                          _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose

instructions the DOCUMENT was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If YOU claim the attorney-client privilege, or any other privilege or protection (including but not limited to work product, deliberative process, joint defense, or common interest protections) for any Document, YOU shall provide the following information with respect to each such DOCUMENT:
   (a) a. the type of privilege claimed;
   (b) the type of DOCUMENT;
   (c) the general subject matter of the DOCUMENT;
   (d) the date of the DOCUMENT;
   (e) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;
   (f) the Request(s) to which the DOCUMENT is responsive; and
   (g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5). Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These requests shall be deemed continuing in nature so as to require production of all additional or different DOCUMENTS or information responsive to these requests, which YOU discover, receive, or generate between the time of the original production and trial.

5. All DOCUMENTS and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such DOCUMENTS must cease, even if it is YOUR normal or routine course of business to delete or destroy such DOCUMENTS or data and even if YOU believe such DOCUMENTS or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for DOCUMENTS created or originating on or after January 1, 2012.

### DOCUMENT REQUESTS

1. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Deon Taylor related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

2. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Roxanne Taylor related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

3. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Quincy Newell related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

4. Any and all DOCUMENTS containing and/or evidencing communications between YOU and Hidden Empire Holdings LLC (formerly known as Hidden Empire Film Group) related to Hyper Engine, LLC, including but not limited to emails, text messages, and other correspondence.

5. Any and all DOCUMENTS related to and/or created for Hyper Engine, LLC.

# NAMECHEAP INC.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▼

| | |
|---|---|
| Hidden Empire Holdings, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-06515-MWF-AGR |
| Darrick Angelone, et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Namecheap Inc., 4600 E. Washington Street, Suite 305, Phoenix, AZ 85034

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: DDS Legal Support Systems, Inc.; 2900 Bristol St. Ste E-106, Costa Mesa, CA 92626; depositionclerk@ddslegal.com | Date and Time: 04/03/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/02/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ JT Fox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC , who issues or requests this subpoena, are: JT Fox; Law Offices of JT Fox & Associates, APC; 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105; jt@jtfoxlaw.com; (888) 750-5530

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06515-MWF-AGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### **Attachment 1**

*Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.*

United States District Court – Central District of California

Case No. 2:22-cv-06515-MWF-AGR(x)

## **DEFINITIONS**

1. "YOU" or "YOUR" refers to the recipient of these requests and shall include all entities in which YOU have a financial interest, direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each person acting or purporting to act on its behalf.

2. The term "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including without limitation, the following which is listed by way of example only and without limitation: correspondence, memoranda, transmittals, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds, and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, telecopies, notes (including handwritten notes on yellow note pads), reports, studies, analyses, records, estimates, evaluations, checks, charts, ledgers, checkbooks, cancelled checks, check stubs, bills, books of account, receipts, check registers, sales slips, account credit slips, credit card receipts, bank statements, invoices, journals, accounting records, money orders, negotiable instruments, wire transfers, and other business, financial or budget records, personal credit memoranda, bank card statements, credit or charge card statements, statements, credit bureau reports, tables, tabulations, lists, compilations, summaries, indices, information stored on magnetic impulses such as floppy computer disk, hard computer disk, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, appraisals, drawings, building plans, blueprints, instructions, manuals, label tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal of government agency, speeches, articles, books, papers, bulletins, advertisements, pamphlets, brochures, magazines, periodicals, newspapers, publications, calendars, appointment books, logs, files, personal records,

diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video of film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations of any pertinent document from foreign languages into English, and other matter which contains any form of communication or representation. "DOCUMENT" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including but not limited to those DOCUMENTS that contain markings, symbols, interlineations, comments, or notations of any kind on the front or back thereof.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, YOU are to furnish All available information, including information in the possession, custody, or control of YOUR agents and all persons acting on YOUR behalf. This includes DOCUMENTS presently in the possession, custody or control of YOUR attorney(s) or their investigators or any third party or parties to whom YOU have surrendered possession, custody, or control, or who are acting on YOUR behalf, or who have otherwise obtained possession, custody or control, or who, upon YOUR request, would surrender possession, custody or control to YOU.

2. If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody or control, produce a description of each such DOCUMENT. The description shall include the following:
   (a) the name of each author, sender, creator, and initiator of such DOCUMENT;
   (b) the name of each recipient, addressee, or party for whom such DOCUMENT was intended;
   (c) the date the DOCUMENT was created;
   (d) the date(s) the DOCUMENT was in use;
   (e) a detailed description of the content of the DOCUMENT;
   (f) the reason it is no longer in YOUR possession, custody, or control; and
   (g) the DOCUMENT's current location.
   (h) If the DOCUMENT is no longer in existence, in addition to providing the information indicated above, state upon whose