Lawrence Hinkle (SBN 180551)
lhinkle@sandersroberts.com
Stephanie Jones Nojima (SBN 178453)
sjonesnojima@sandersroberts.com
Matt Barzman (SBN 309063)
Mbarzman@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC;**
**HYPER ENGINE, LLC; AND DEON**
**TAYLOR**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a Delaware limited liability company; DEON TAYLOR, an individual<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AOne CREATIVE, formerly known as AOne ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company.<br><br>Defendants. | CASE NO. 2:22-cv-06515-MFW-AGR<br><br>**SUPPLEMENTAL DECLARATION OF ROXANNE  TAYLOR IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION  FOR PROTECTIVE ORDER** |

**SANDERS ROBERTS**
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

I, Roxanne Taylor, declare as follows:

1.     I am the co-founder, managing member and co-Chief Executive Officer of Hidden Empire Holdings, LLC. ("HEFG"). My husband, Deon Taylor, is the other co-founder, managing member and co-Chief Executive Officer of HEFG.  I am also the founder of the non-profit CLIMB organization, which supports and mentors inner-city youth to help them excel and pursue their dreams. My duties at HEFG include executive management of all operations of HEFG including, but not limited to, all creative and marketing operations. My husband Deon is also the founder of Hyper Engine, LLC ("Hyper Engine"), a marketing and branding agency that specializes in reaching diverse audiences. While Deon is the founder of Hyper Engine, I manage its day-to-day operations. Hyper Engine serves as the marketing agency for HEFG as well as its films and initiatives.

2.     The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.  I submit this Declaration in Support of Plaintiffs' reply to Defendants' opposition to Motion for Protective Order.

3.     Attached as Exhibit 1 is an updated chart I caused to be prepared that sets forth the fatal deficiencies associated with the broad and abusive subpoenas Defendants have served in an attempt to harass HEFG, our third party business associates and former employees and to disrupt HEFG's internal operations and important business relationships.

4.     I have reviewed Mr. Angelone's declaration, where he references Jamie Foxx, Van Jones and Roland Martin signing purported agreements with a company called "Be Woke LLC" Mr. Angelone claims is owned by his company, AOne. Mr. Angelone appears to be implying this gives him an ownership interest in the Be Woke Vote property that is the subject of many of Mr. Angelone's subpoenas. Be Woke Vote is owned by Be.Woke.Vote LLC, a California limited liability company of which my husband Deon Taylor and Robert Smith are the sole members and for which



SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Case No.:

DECLARATION OF ROXANNE TAYLOR

I am the registered agent. True and correct copies of Be.Woke.Vote's October 23, 2018 initial filing statement with the California Secretary of State and the company's November 12, 2022 Statement of Information listing Deon as the managing member are attached hereto collectively as Exhibit 2. Neither Mr. Angelone or his company AOne have ever had an interest in the actual entity that owns the Be Woke Vote property, Be.Woke.Vote., LLC.

5.    As noted in my initial Declaration, HEFG has important ongoing professional relationships with the majority of the third parties who Defendants are attempting to subpoena, including but not limited to: (1) Entertainment 360 employees Melissa Breaux, Geoff Shaevitz, Michael Swartz, and Justin Greystone, who began serving as our personal managers after we terminated Defendants' services; (2) Philip Fier; (3) Percy Miller, pka "Master P" and his business partner Kristy Kilday; (4) Mayweather Promotions; (5) Eric Marlon Bishop, pka Jamie Foxx; (6) Van Jones; (7) Bron Studios; (8) Byron Allen; (9) Roland Martin; (10) Dr. Henry Louis Gates, Jr.; (11) Lamya Malhotra; (12) Screen Engine/ASI, LLC; (13) TwentyOne14, LLC; (14) Jacqui Burton; (15) McGee Media, LLC; (16) Sony Pictures Entertainment, Inc.; (17) Lionsgate Entertainment, Inc.; (18) Jeff Canagan; (19) Warner Brothers Pictures; (20) Heather Kritzer; (21) Andrew Bachelor; (22) Joseph Sikora; (23) Clifford Joseph Harris, Jr., pka "T.I."; (24) Terrence Jenkins; (25) Evette Vargas; (26) Damon Wolf; (27) Jared Goetz; (28) Erin Muurray; (29) Robert F. Smith; and (30) City National Bank.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 3, 2023 at Sacramento, California

/s/ Roxanne Taylor
Roxanne Taylor

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

# EXHIBIT 1

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | Subpoena Target | Relationship to HEFG/Hyper Engine | Lack of Necessity for Subpoena | Source of Def.'s Knowledge | Def.'s Purported Justification for Subpoena | HEFG Response |
|---|---|---|---|---|---|---|
| 1 | City National Bank | Holds HEFG and Hyper Engine bank accounts. | This subpoena is overbroad and seeks information that is not relevant to this litigation, as well as information that is confidential and proprietary, and resulted from stolen HEFG emails | Stolen from HEFG emails. | Defendant was paid for services performed for Hyper Engine via a City National Bank issued check in the name of Hyper Engine. Dkt. 69-1, ¶ 10 (a) (3/27/23 Angelone Decl.. | Defendants have not made a showing they have any viable claim to an interest in Hyper Engine sufficient to give them access to the company's financial information.  (Dkt. 25, 9/30/22 Minute Order granting Plaintiffs' Motion for Preliminary Injunction, p. 12 "after August 4, 2022 Angelone was withholding Plaintiffs' credentials not because of any unpaid invoices, but as leverage to force Plaintiffs **into a formalized agreement regarding Hyper Engine.**" (emphasis added).  Subpoena is fatally overbroad in that it seeks: (1) all documents related to Hyper Engine bank accounts (including applications, signatory cards, bank statements, checks, deposit statements, and debit card information); and (2) all communications between City National and Deon Taylor, Roxanne Taylor, Velma Skyes and/or HEFG relating to Hyper Engine.  It also seeks to disrupt HEFG's ongoing business relationship with City National. |
| 2 | Melissa Breaux | Employee of Entertainment 360 – provides management services to HEFG, Roxanne Taylor ("Roxanne") and Deon Taylor ("Deon"). | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Breaux would not possess | Stolen from HEFG emails. | Defendants ascertained Entertainment 360 employees identity as Plaintiffs' management through Roxanne Taylor's IMDB | Defendants do not dispute that HEFG hired Entertainment 360 shortly before terminating Defendants' services nor do they explain how the management services performed for HEFG that commenced within a month or two of terminating Defendants' services are relevant to this action. |

1

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | |
|---|---|---|---|---|---|
| | | any such information. | | database Id. at ¶ 10(b). | Subpoena is fatally overbroad as it seeks all communications between Ms. Breaux and HEFG relating to HEFG and all documents prepared for HEFG relating to Hyper Engine.<br><br>It also seeks to disrupt HEFG's ongoing business relationship with Entertainment 360. |
| 3 | Geoff Shaevitz | Employee of Entertainment 360 – provides management services to HEFG, Roxanne and Deon. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Shaevitz would not possess any such information. | Stolen from HEFG emails. | Defendants ascertained Entertainment 360 employees identity as Plaintiffs' management through Roxanne Taylor's IMDB database Id. at ¶ 10(b). | Defendants do not dispute that HEFG hired Entertainment 360 shortly before terminating Defendants' services nor do they explain how the management services performed for HEFG that commenced within a month or two of terminating Defendants' services are relevant to this action.<br><br>Subpoena is fatally overbroad as it seeks all communications between Ms. Breaux and HEFG relating to HEFG and all documents prepared for HEFG relating to Hyper Engine.<br><br>It also seeks to disrupt HEFG's ongoing business relationship with Entertainment 360. |
| 4 | Michael Swartz | Employee of Entertainment 360 – provides management services to HEFG, Roxanne and Deon. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Swartz would not possess any such information. | Stolen from HEFG emails. | Defendants ascertained Entertainment 360 employees identity as Plaintiffs' management through Roxanne Taylor's IMDB database Id. at ¶ 10(b). | Defendants do not dispute that HEFG hired Entertainment 360 shortly before terminating Defendants' services nor do they explain how the management services performed for HEFG that commenced within a month or two of terminating Defendants' services are relevant to this action.<br><br>Subpoena is fatally overbroad as it seeks all communications between Ms. Breaux and HEFG relating to HEFG and all documents prepared for HEFG relating to Hyper Engine. |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | It also seeks to disrupt HEFG's ongoing business relationship with Entertainment 360. |
| 5 | Justin Greystone | Employee of Entertainment 360 – provides management services to HEFG, Roxanne and Deon. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Greystone would not possess any such information. | Stolen from HEFG emails. | Defendants ascertained Entertainment 360 employees identity as Plaintiffs' management through Roxanne Taylor's IMDB database Id. at ¶ 10(b). | Defendants do not dispute that HEFG hired Entertainment 360 shortly before terminating Defendants' services nor do they explain how the management services performed for HEFG that commenced within a month or two of terminating Defendants' services are relevant to this action.<br><br>Subpoena is fatally overbroad as it seeks all communications between Ms. Breaux and HEFG relating to HEFG and all documents prepared for HEFG relating to Hyper Engine.<br><br>It also seeks to disrupt HEFG's ongoing business relationship with Entertainment 360. |
| 6 | Philip Fier | Owner of company HEFG retained to provide financial modeling services for HEFG's fundraising efforts. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Fier would not possess any such information. | Stolen from HEFG emails. | Angelone allegedly learned about Mr. Fier through an email forwarded by Deon Taylor and Defendants claim the information sought as to Hyper Engine is "inextricably relevant to proving any ownership interest in Hyper Engine." Id. at ¶ 10(c), Ex. E. | Angelone's representations as to the contents of any HEFG generated documents in his possession are untrustworthy and should be afforded little weight. (Dkt. 25, 9/30/22 Minute Order granting Plaintiffs' Motion for Preliminary Injunction, pp. 5-6 "Defendants' version of events is mostly contradicted by the evidence, and in some instances, appears to be *supported by fraudulent evidence.* As such the Court declines to give much weight to the assertions in Angelone's declaration unless they are specifically corroborated by other credible evidence" (emphasis added).<br><br>Defendants have also not made a showing they have any viable claim to an interest in Hyper Engine sufficient to give them access to the |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | company's financial information.  Id. at p. 12. "…after August 4, 2022 Angelone was withholding Plaintiffs' credentials not because of any unpaid invoices, but as leverage to force Plaintiffs *into a formalized agreement regarding Hyper Engine."* (emphasis added).<br><br>Defendants also misrepresent the contents of their fatally overbroad subpoena, which seeks any and all documents relating to Hyper Engine. |
| 7 | Percy Miller aka "Master P" | Iconic Hip Hop artist, and principal of CP3 Productions which is partnering with HEFG for a project that post-dates Defendants' involvement with HEFG. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Miller would not possess any such information. | Stolen from HEFG emails or from media reports. | Defendants claim to have "worked along side" HEFG during the time HEFG was finalizing its deal with CP3 to develop the scripted series about Master P's life; Angelone further claims to have promoted HEFG's development meetings on social media and claims the requested documents pertain to claims for payment of services and are relevant to Defendants' | This is a HEFG, not Hyper Engine, project and Defendants had no involvement in the creation of it. Dkt. 61-1, R. Taylor 3/15/23 Decl., ¶ 11.<br><br>Moreover, their reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not this HEFG project so the subpoena is fatally overbroad in that it seeks all documents relating to, and/or evidencing the scripted series about Master P's life which is not a Hyper Engine project and did not involve Defendants.<br><br>It also seeks to disrupt HEFG's ongoing business relationship with CP3 Productions. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | defenses. Id. at ¶ 10(d). | |
|---|---|---|---|---|---|---|
| 8 | Kristy Kilday | Principal of CP3 Productions which is partnering with HEFG for a project that post-dates Defendants' involvement with HEFG. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Kilday would not possess any such information. | Stolen from HEFG emails or from media reports. | Defendants claim to have "worked along side" HEFG during the time HEFG was finalizing its deal with CP3 to develop the scripted series about Master P's life; Angelone claims to have promoted HEFG's development meetings on social media and claims the requested documents pertain to claims for payment of services and are relevant to Defendants' claims for payment of services and relevant to their defenses. Id. at ¶ 10(d). | This is a HEFG, not Hyper Engine, project and Defendants had no involvement in the creation of it. Dkt. 61-1, R. Taylor 3/15/23 Decl., ¶ 11.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film. Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not this HEFG project so the subpoena is fatally overbroad in that it seeks all documents relating to, and/or evidencing the scripted series about Master P's life which is not a Hyper Engine project and did not involve Defendants.<br><br>It also seeks to disrupt HEFG's ongoing business relationship with CP3 Productions. |
| 9 | Mayweather Promotions | Professional boxer Floyd Mayweather, Jr.'s corporate entity that is partnering with | This subpoena is overbroad and does not seek information relevant to Defendants' | Stolen from HEFG emails or from media reports. | Defendants admit the project post-dates their involvement with HEFG but claim the | This is a HEFG, not Hyper Engine, project and Defendants had no involvement in the creation of it. Dkt. 61-1, R. Taylor 3/15/23 Decl, ¶ 11. |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | |
|---|---|---|---|---|---|
| | | HEFG on a project that post-dates Defendants' involvement with HEFG. | claims or defenses or any issue in this case. Mayweather Promotions would not possess any such information. | | requested information is "directly relevant to defending against Plaintiffs' claims for damages…" | Defendants misrepresent the contents of this fatally overbroad subpoena which seeks all documents: (1) relating to the "GOAT" Docuseries;  (2) related to any other TV and/or film projects between Mayweather Productions and HEFG; and (3) related to the marketing and/or promotion of Hidden Empire Film Group films.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not any HEFG project between Mayweather Productions and HEFG. Defendants also seeks to disrupt HEFG's ongoing business relationship with CP3 Productions. |
| 10 | FTI Consulting, Inc. | Litigation consultants retained by Plaintiffs' outside counsel, Sanders Roberts, LLP, to investigate Defendants' harm to Plaintiffs' computer systems. | This subpoena calls for the production of privileged information and is overbroad. | The instant litigation. | Not addressed at all by Defendants. | Any potentially responsive documents are privileged because FTI was retained in a litigation support role by Plaintiffs' outside counsel. Dkt. 61-3, 3/15/23 Hinkle Decl., ¶ 3. |
| 11 | Eric Marlon Bishop pka "Jamie Foxx" | Well-known actor, comedian personal friend of Deon Taylor who volunteered to be a host of the HEFG project called "Be Woke Vote." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Bishop | Conversations with HEFG personnel years ago when Mr. Bishop performed as a host. | Defendants claim Mr. Foxx is likely to have relevant information because he volunteered to be interviewed for "Be Woke  Vote" and | Purported agreement is not signed by either Defendants or Mr. Foxx and neither Angelone, AOne or Angelone's purported company, Be Woke, LLC, are owners of the Be Woke Vote property. Supp. R. Taylor Decl., ¶ 4.<br><br>Defendants misrepresent the contents of this fatally overbroad subpoena which seeks all |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | |
|---|---|---|---|---|---|
| | | would not possess any such information. | | purportedly signed an agreement with Be Woke LLC., which Defendants allegedly own.  Id. at ¶ 12, Ex. G.<br><br>Defendants then contradict this in their opposition by stating the "subpoena directed to Eric Marlon Bishop (AKA Jamie Foxx) is tailored to seek information including communications and documents regarding the marketing and promotion of HEFG films" Opp., 23:11-14. | communications between Mr. Foxx and Deon Taylor relating to: (1) Be Woke Vote; and (2) the marketing and/or promotion of HEFG films. While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations allege that a Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these seek irrelevant and overbroad information related to HEFG projects and films released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG projects referenced in this subpoena.<br><br>Defendants also seeks to disrupt HEFG's ongoing professional and personal relationship with Mr. Foxx. |
| 12 | Van Jones | Renowned news and political commentator and personal friend of Deon who served as a host of HEFG project "Be Woke Vote" | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Jones would not possess | Conversations with HEFG personnel. | Defendants claim Mr. Jones is likely to have relevant evidence because he allegedly signed an agreement with BeWoke LLC for five episodes of a Podcast titled | The purported agreement is not signed by Mr. Jones and neither Angelone, AOne or Angelone's purported company, Be Woke, LLC, are owners of the Be Woke Vote property. Supp. R. Taylor Decl., ¶ 4.<br><br>Defendants misrepresent the contents of this fatally overbroad subpoena that seeks all communications between Deon or Roxanne |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | any such information. | | "Messy Truth", which is allegedly owned by AOne. Dkt. 69-1, Angelone Decl., at ¶ 13, Ex. H. | Taylor and Mr. Jones relating to: (1) Hyper Engine; (2) Be Woke Vote; (3) Black History in Two Minutes; and (4) marketing and/or promotion of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these seek irrelevant and overbroad information related to HEFG projects released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Jones. |
| 13 | Bron Studios | Entertainment film and tv studio that partnered with HEFG on its "Be Woke Vote" initiative and invested in HEFG's film titled "Supremacy". | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. | Services performed for HEFG. | Defendants claim subpoena is "relevant and proportional" to this case because "Bron is a Hyper Engine client" and the subpoena relates to services provided on a series called "Pathways" and with respect to Be | Document attached to Angelone Declaration is merely a proposal, not a signed contract.<br><br>Defendants misrepresent the contents of the fatally overbroad subpoena that does not mention "Pathways" or Be Woke Vote but instead seeks all documents relating to: (1) Hyper Engine; (2) the marketing and or promotion of Bron Projects *(including those with no connection to HEFG)*; (3) marketing and/or promotion of HEFG films; (4) all communications between Deon or Roxanne Taylor or HEFG relating to those topics; and (5) all |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | Woke Vote. (Id. at ¶ 25, Ex. O.) | communications between Angelone and/or AOne related to those topics. Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film. Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena.<br><br>Defendants seek to disrupt HEFG's ongoing business relationship with Bron Studios and Defendants do not explain why they are subpoenaing documents already in their possession. |
| 14 | Byron Allen | Billionaire businessman and producer, the CEO of Entertainment Studios, and personal friend of Deon Taylor that acquired a company that released HEFG's 2006 film titled "Meet the Blacks." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Allen would not possess any such information. | Unknown; but presumably from stolen HEFG emails. | Not addressed at all by Defendants. | Subpoena is unnecessary and fatally overbroad in that it seeks all documents relating to: (1) contracts, agreements and business transactions between Mr. Allen and HEFG regarding HEFG's "Meet the Blacks" and "The House Next Door" films; (2) all communications between Deon or Roxanne Taylor and Mr. Allen relating to those projects; and (3) all communications between Angelone and/or AOne and Mr. Allen related to those topics.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these seek irrelevant and overbroad information related to HEFG projects released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing |

# EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena.<br><br>Defendants seek to disrupt HEFG's ongoing business relationship with HEFG and do not explain why they are subpoenaing documents already in their possession. |
| 15 | Roland Martin | Journalist, news reporter, political contributor, author and host of new shows who served as host of a "Be Woke Vote" project. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Martin would not possess any such information. | Services Performed for HEFG. | Defendants claim Mr. Martin is likely to have relevant information relevant to services provided to be Woke because he allegedly signed an agreement with Be Woke, LLC, which Defendants claim they own. Id. at ¶ 14. | No such agreement is provided with Defendants' opposition and neither Angelone, AOne or Angelone's purported company, Be Woke, LLC, are owners of the Be Woke Vote property. Supp. R. Taylor Decl., ¶ 4.<br><br>Defendants misrepresent the contents of their fatally overbroad subpoena that seeks all communications between Deon or Roxanne Taylor and/or HEFG relating to: (1) Be Woke Vote; and (2) marketing and/or promotion of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these seek irrelevant and overbroad information related to HEFG projects released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films and projects referenced in this subpoena. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Martin. |
| 16 | Dr. Henry Louis Gates, Jr. | Renowned Harvard Professor and historian who served as the host and an executive producer of HEFG's "Black History in Two Minutes" project. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Dr. Gates would not possess any such information. | Services Performed for HEFG. | Defendants claim Dr. Gates is likely to have relevant evidence pertaining to services provided by Defendants to BHITM series as executive of Hyper Engine. | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) communications between Roxanne or Deon Taylor and Dr. Gates relating to Hyper Engine or the marketing and/or promotion of HEFG films; (2) communications relating to the ownership of BHITM; (3) communications between Deon or Roxanne Taylor and Dr. Gates related to BHITM and/or ownership of that property.

While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these seek irrelevant and overbroad information related to HEFG projects released well before that date.

Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films and projects referenced in this subpoena.

Defendants also seek to disrupt HEFG's ongoing business relationship with Dr. Gates. |
| 17 | Rogers & Cowan, c/o Dennis Dembia | Former publicist for HEFG, Roxanne and Deon. | This subpoena is overbroad and does not seek information relevant | Unknown; but presumably from stolen HEFG emails. | Defendants claim subpoena is "highly relevant" because Defendants | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents between Deon Taylor or HEFG and Rogers & Cowan relating to: (1) Hyper Engine; (2) |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | to Defendants' claims or defenses or any issue in this case. Rogers & Cowan would not possess any such information. | | allegedly worked directly with Rogers and Cowan on HEFG and Hyper Engine projects "Meet the Blacks," "Traffic," "Fatale," "The House Next Door," "The Intruder," and Be Woke Vote and therefore the subpoena is "relevant to Defendants' claims that Plaintiffs knowingly reneged on their agreements that [Angelone] was a a member of Hyper Engine….and further is calculated to discover information regarding payment owed by Plaintiffs for Defendants' services provided on the aforementioned projects." Id. at ¶ 14. | Darrick Angelone; (3) AOne; (4) Be Woke Vote; (5) "Meet the Blacks"; (6) "The House Next Door"; (7) "Fatale"; (8) AventVIII (Roxanne Taylor's wine business); and (9) the marketing, promotion, **and or production** of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects released well before that date.<br><br>As noted in Defendants' opposition at least 4 (four) of these projects ("Meet the Blacks," "The Intruder," "Traffik," and the 2018 Be Woke Vote) predate the December 1, 2019 date Angelone claims in the TACC and TPC an oral agreement arose between the parties.  Dkt. 69. Defs' Oppo., 9:18-21.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena. |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| 18 | Lamya Malhotra | Personal friend of Roxanne who is assisting Roxanne with her AventVIII wine business and who used HEFG for social media services for her winery. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Malhotra would not possess any such information. | Services performed for HEFG. | Defendants claim that Ms. Malhotra has relevant, discoverable information because she executed a contract with Hyper Engine for social media services for her winery, Work Vineyard.  Id. at ¶ 21, Ex. L. | Purported contract is not signed by Ms. Malhotra.<br><br>Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) communications between Roxanne or Deon Taylor or HEFG and Ms. Malhotra relating to Hyper Engine; (2) relating to services provided to Work Vineyard; and (3) communications between AOne and/or Angelone and Ms. Malhotra relating to these topics.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film. Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG project referenced in this subpoena.<br><br>Defendants do not explain why they are subpoenaing documents that are already in their possession.<br><br>Defendants also seek to disrupt HEFG and Roxanne's ongoing personal and business relationships with  Ms. Malhotra. |
| 19 | Screen Engine/ASI, LLC | Market research company who has assisted HEFG with research regarding the impact of HEFG films on urban audiences. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Screen Engine/ASI would | Unknown; potentially conversations with HEFG personnel or stolen emails. | Defendants claim that subpoena is relevant to work Angelone allegedly did for HEFG's "Fear" film, and cites to a September, 2021 email allegedly | Angelone's representations as to the contents of any HEFG generated documents are untrustworthy and should be afforded little weight. (Dkt. 25, 9/30/22 Minute Order granting Plaintiffs' Motion for Preliminary Injunction, pp. 5-6 "Defendants' version of events is mostly contradicted by the evidence, and in some instances, appears to be **supported by fraudulent evidence.**  As such the Court declines to give |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | not possess any such information. | | forwarded by Deon Taylor regarding a "Fear" topline report and a draft June 10, 2022 collaboration agreement between Screen Engine/ASI and Hyper Engine for engagement of African American and multi-cultural consumers. Id. at ¶ 17, Exs. J and K. | much weight to the assertions in Angelone's declaration unless they are specifically corroborated by other credible evidence" (emphasis added). The purported agreement attached as Exhibit K is an unsigned draft. Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) communications between Roxanne or Deon Taylor, Quincy Newell and/or HEFG and Screen Engine/ASI relating to Hyper Engine; or (2) the marketing and/or promotion of HEFG films. Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena. Defendants also seek to disrupt HEFG's ongoing business relationship with Screen Engine/ASI. |
| 20 | TwentyOne14, LLC. | Entertainment company of Quincy Newell, HEFG's COO; this company does not conduct any business with HEFG relevant to Defendants' claims. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. TwentyOne14, LLC.  would not | Business relationship with Quincy Newell while performing services for HEFG. | Angelone claims to have personally conducted business with Quincy Newell regarding some of the work and services Defendants allegedly performed for | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) communications between Roxanne or Deon Taylor or HEFG and TwentyOne 14 LLC relating to: (1) Hyper Engine; (2) Darrick Angelone; (3) AOne; (4) Be Woke Vote; (5) the CNBC vaccine campaign; (6) "The House Next Door"; (7) Meet the Blacks 2"; and (8) and the "Fear" film and game. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | HEFG's "Fear" film. Id. at ¶ 27. | Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with TwentyOne14, LLC. |
|---|---|---|---|---|---|---|
| 21 | Jacqui Burton | President of Conference of National Black Churches which collaborated with HEFG on a Covid-19 vaccine campaign. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Burton would not possess any such information. | Unknown; potentially conversations with HEFG personnel or stolen emails. | Defendants claim that Ms. Burton is likely to have information relevant to HEFG holding Angelone out as a member of Hyper Engine because Ms. Taylor forwarded Angelone an email with pertinent information for a Covid vaccine campaign on December 30, 2021. Id. at ¶ 22, Ex. M. | Angelone's representations as to the contents of any HEFG generated documents are untrustworthy and should be afforded little weight. (Dkt. 25, 9/30/22 Minute Order granting Plaintiffs' Motion for Preliminary Injunction, pp. 5-6 "Defendants' version of events is mostly contradicted by the evidence, and in some instances, appears to be ***supported by fraudulent evidence.***  As such the Court declines to give much weight to the assertions in Angelone's declaration unless they are specifically corroborated by other credible evidence" (emphasis added).<br><br>Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) communications between Roxanne or Deon Taylor, Quincy Newell and/or HEFG and the Conference of National Black Churches relating to Hyper Engine; and (2) the vaccine campaign HEFG and/or Hyper Engine were engaged to work on.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | | Decl., ¶¶ 7, 32, not the Hyper Engine project referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Ms. Burton. |
|---|---|---|---|---|---|---|
| 22 | McGee Media, LLC | Media company owned by filmmaker Dyllan McGee, who served as an Executive Producer for HEFG's "Black History in Two Minutes" ("BHITM") project. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. McGee Media, LLC would not possess any such information. | Potentially conversations with HEFG personnel while performing services for HEFG. | Defendants claim that McGee Media co-owns BHITM and is likely to have information relevant to services Defendants allegedly performed for BHITM. Id. at ¶ 15. | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) communications between Roxanne or Deon Taylor and McGee Media relating to Hyper Engine or the marketing and/or promotion of HEFG films; (2) communications relating to the ownership of BHITM; and (3) communications between Deon or Roxanne Taylor and McGee Media related to BHITM and/or ownership of that property.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG projects referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with McGee Media, LLC. |
| 23 | Sony Pictures Entertainment, Inc. | Major entertainment studio that distributed two HEFG motion pictures titled "Black and Blue" and "The Intruder." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Sony Pictures Entertainment, Inc. would not possess | Services performed for HEFG. | Defendants claim that they performed services for Sony in connection with the marketing of HEFG's "Black and Blue" film, as evidenced by emails between | Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena.<br><br>Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) contracts, agreements and/or business transactions between Sony and |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | any such information. | | Angeone and Sony executives. <u>Id.</u> at ¶ 23, Ex. N. | Hyper Engine related to "Black and Blue" or "The Intruder"; (2) communications between Roxanne and/or Deon Taylor and/or HEFG and Sony relating to "Black and Blue," "The Intruder" and/or the marketing and/or promotion of HEFG films; and (3) communications with Angelone relating to these topics. |
|---|---|---|---|---|---|---|
| | | | | | | While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects released well before that date. |
| | | | | | | Defendants also seek to disrupt HEFG's ongoing business relationship with Sony and do not explain why they are subpoenaing documents already in their possession. |
| 24 | Lionsgate Entertainment, Inc. | Major entertainment studio that distributed HEFG's motion pictures titled Traffik" and "Fatale" through its partnership with Codeblack Films. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Lionsgate Entertainment, Inc. would not possess any such information. | Services performed for HEFG. | Defendants claim to have worked with Lionsgate on several unspecified Lionsgate projects and allege that Lionsgate is likely to have information regarding Angelone's role as an Executive of | The subpoena is unnecessary and fatally overbroad in that it seeks all documents relating to: (1) contracts, agreements and/or business transactions between Lionsgate and Hyper Engine related to "Traffic," "Fatale," "The House Next Door," and "Meet the Blacks"; (2) communications between Roxanne and/or Deon Taylor and/or HEFG and Lionsgate relating to "Traffic," "Fatale," "The House Next Door," "Meet the Blacks" and/or the marketing and/or promotion of HEFG films; and (3) communications with Angelone relating to the |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | Hyper Engine. Id. at ¶ 24. | Hyper Engine and/or the marketing and/or promotion of HEFG films. |
|---|---|---|---|---|---|---|
| | | | | | | While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects released well before that date. |
| | | | | | | Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena. |
| | | | | | | Defendants seek to disrupt HEFG's ongoing business relationship with Lionsgate and do not explain why they are subpoenaing documents already in their possession. |
| 25 | Jeff Clanagan | Chief Executive Officer of Codeblack Films which distributed HEFG's motion pictures titled "Traffik" and "Fatale" through its partnership with Lionsgate Entertainment, Inc. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Clanagan would not possess any such information. | Services performed for HEFG. | Defendants claim to have worked with Lionsgate on several unspecified Lionsgate projects and allege that Lionsgate is likely to have information regarding Angelone's role as an Executive of | The subpoena is unnecessary and fatally overbroad in that it seeks all documents relating to: (1) contracts, agreements and/or business transactions between Mr. Clanagan and HEFG related to "Traffic" and "Meet the Blacks"; (2) communications between Roxanne and/or Deon Taylor  relating to "Traffic," and "Meet the Blacks" and/or the marketing and/or promotion of HEFG films; and (3) communications with Angelone and/or AOne relating to "Traffik," "Meet the Blacks" and/or the marketing and/or promotion of HEFG films. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | Hyper Engine. Id. at ¶ 24. | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the HEFG films referenced in this subpoena.<br><br>Defendants seek to disrupt HEFG's ongoing business relationship with Mr. Clanagan and do not explain why they are subpoenaing documents already in their possession. |
| 26 | Warner Brothers Pictures | Major entertainment studio that distributed the Edward Norton film "Motherless Brooklyn."  HEFG performed limited social media marketing for the film. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Warner Brothers Pictures would not possess any such information. | Services performed for HEFG. | Not mentioned at all by Defendants. | Subpoena is fatally overbroad in that it seeks: (1) all communications between Deon and Roxanne Taylor and/or HEFG and Warner Brothers relating to Hyper Engine; (2)  all communications between Deon and Roxanne Taylor and/or HEFG and Warner Brothers relating to the marketing and/or promotion of the film "Motherless Brooklyn"; and (3) all communications between Warner Brother and AOne or Angelone relating to these topics.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the Warner Brothers project referenced in this subpoena.<br><br>Defendants seek to disrupt HEFG's ongoing business relationship with Warner Brothers and also do not explain why they are subpoenaing documents that are already in their possession. |
| 27 | Heather R. Kritzer | Independent contractor that provided assistant director services to certain HEFG films and served as a producer for HEFG motion pictures titled "Fear" and "The House Next Door." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Kritzer would not possess any such information. | Services performed for HEFG. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all communications between Deon and/or Roxanne Taylor and Ms. Kritzer relating to: (1) Be Woke Vote; (2) Darrick Angelone; and/or (3) AOne.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not Be Woke Vote.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Ms. Kritzer. |
| 28 | Andrew Bachelor | Actor who starred in HEFG's motion pictures titled "The House Next Door" and "Fear," and served as a Producer for "Fear." He is scheduled to direct certain HEFG projects still in development. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Bachelor would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas to the "Fear" actors are "demonstrably relevant" to Defendants' claims for past due payment for work on HEFG's "Fear" film and the unauthorized game of the same name. Id. at ¶ 18. | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to the marketing and promotion of: (1) "Fear"; (2) Be Woke Vote; (3) "Meet the Blacks"; and (4) BHITM, further seeks all documents relating to Hyper Engine and/or the marketing and promotion of HEFG films, communications with HEFG, Deon or Roxanne Taylor regarding those topics, and all documents relating to Mr. Bachelor's involvement in the "Fear" film (presumably even his performer agreement for the film). |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Bachelor. |
| 29 | Joseph Sikora | Actor who starred in  HEFG's motion picture titled "Fear." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Sikora would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas to the "Fear" actors are "demonstrably relevant" to Defendants' claims for past due payment for work on HEFG's "Fear" film and the unauthorized game of the same name. Id. at ¶ 18. | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) the marketing and promotion of "Fear"; (2) all communications with Roxanne Taylor, Deon Taylor, Quincy Newell, and/or HEFG relating to the marketing and/or promotion of "Fear"; and (3) all documents relating to Mr. Sikora's involvement in the "Fear" film (presumably even his performer agreement for the film).<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Sikora. |
| 30 | Clifford Joseph Harris Jr. pka T.I. | Actor and hip hop artist who starred in HEFG's motion | This subpoena is overbroad and does not seek information relevant | Services performed for HEFG. | Defendants claim subpoenas to the "Fear" actors are "demonstrably | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) the marketing and promotion of "Fear" or Be Woke Vote; (2) all |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | |
|---|---|---|---|---|---|
| | | picture titled "Fear." | to Defendants' claims or defenses or any issue in this case. Mr. Harris would not possess any such information. Subpoena is overbroad, designed to harass plaintiffs, and disrupt their personal and business relationships. | | relevant" to Defendants' claims for past due payment for work on HEFG's "Fear" film and the unauthorized game of the same name. Id. at ¶ 18. | communications with Roxanne Taylor, Deon Taylor, Quincy Newell, and/or HEFG relating to the marketing and/or promotion of "Fear" and/or Be Woke Vote; and (3) all documents relating to Mr. Harris' involvement in the "Fear" film (presumably even his performer agreement for the film).

Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG project referenced in this subpoena.

Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Harris. |
| 31 | Terrence Jenkins | Actor who played a role in HEFG's motion picture titled "Fear," served as an Executive Producer for that project, and since 2020 has served as the Head of Talent Engagement for HEFG. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Jenkins would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas to the "Fear" actors are "demonstrably relevant" to Defendants' claims for past due payment for work on HEFG's "Fear" film and the unauthorized game of the same name. Id. at ¶ 18. | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all documents relating to: (1) the marketing and promotion of "Fear"; (2) all communications with Roxanne Taylor, Deon Taylor, Quincy Newell, and/or HEFG relating to the marketing and/or promotion of "Fear"; and (3) all documents relating to Mr. Jenkins' involvement in the "Fear" film (presumably even his performer agreement for the film).

Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Jenkins. |
| 32 | Noquomas S. Wilson | Freelance consultant who provided administrative services to Climb | This subpoena is overbroad and does not seek information relevant to Defendants' | Services performed for HEFG. | Not addressed by Defendants at all. | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, AOne and/or Angelone  and Ms. Wilson relating to: (1) Climb Organization; (2) Hyper Engine; (3) Be Woke Vote; (4) HEFG Social |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | |
|---|---|---|---|---|---|
| | | Organization, an HEFG charitable endeavor. | claims or defenses or any issue in this case. Ms. Wilson would not possess any such information. | | Media; (5) email creation and setup; and (6) marketing and/or promotion of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects  referenced in this subpoena.<br><br>Defendants also do not explain why they are subpoenaing documents already in their possession.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Ms. Wilson. |
| 33 | Amber Jones | Former HEFG employee who served as an assistant to Deon. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Jones would not possess | Services performed for HEFG. | Defendants claims subpoenas directed toward former HEFG employees are "highly relevant" to confirming the claims made against HEFG and the Taylors in the | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Ms. Jones relating to: (1) Hyper Engine; (2) marketing and or promotion of "Fear" film and game; (3) Be Woke Vote; (4) BHITM; (5) "The House Next Door" marketing campaign; (6) the CNBC vaccine campaign; (7) Google email and/or web servers; (8) the "Meet the Blacks" film; (9) "The Intruder" film; (10) the "Black and |

23

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | any such information. | | TACC and TPC, because each of these individuals is a claimed percipient witness to services performed by Defendants and can allegedly attest to the fact that HEFG held out Angelone as an executive and member of Hyper Engine.  Id. at ¶ 19. | Blue" film; (11) the "Fatale" film; and (12) the marketing and/or promotion of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants do not explain why they are subpoenaing documents already in their possession. |
| 34 | Michael Claps | Former HEFG employee who served as an assistant to Roxanne. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Claps would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas directed toward former HEFG employees are "highly relevant" to confirming the claims made against HEFG and the Taylors in the TACC and TPC because each of these individuals is | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Mr. Claps relating to: (1) Hyper Engine; (2) marketing and or promotion of "Fear" film and game; (3) "The House Next Door" marketing campaign; (4) the CNBC vaccine campaign; (5) Google email and/or web servers; and (6) the marketing and/or promotion of HEFG films. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | a claimed percipient witness to services performed by Defendants and can allegedly attest to the fact that HEFG held out Angelone as an executive and member of Hyper Engine. <u>Id.</u> at ¶ 19. | While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date.

Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.

Defendants also do not explain why they are subpoenaing documents already in their possession. |
| 35 | Kazuko Golden | Former HEFG employee who served as an assistant to Roxanne. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Golden would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas directed toward former HEFG employees are "highly relevant" to confirming the claims made against HEFG and the Taylors in the TACC and TPC because each of these individuals is a claimed percipient witness to services | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone and Ms. Golden relating to: (1) Hyper Engine; (2) marketing and or promotion of "Fear" film and game; (3) "The House Next Door" marketing campaign; (4) the CNBC vaccine campaign; (5) Google email and/or web servers; (6) Darrick Angelone; (7) AOne; and (8) the marketing and/or promotion of HEFG films.

While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | performed by Defendants and can allegedly attest to the fact that HEFG held out Angelone as an executive and member of Hyper Engine. Id. at ¶ 19. | irrelevant and overbroad information related to HEFG films and projects released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film. Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also do not explain why they are subpoenaing documents already in their possession. |
|---|---|---|---|---|---|---|
| 36 | Shandra Dixon | Former HEFG Executive Manager and Co-Producer on two HEFG motion pictures titled "Fear" and "House Next Door." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Dixon would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas directed toward former HEFG employees are "highly relevant" to confirming the claims made against HEFG and the Taylors in the TACC and TPC because each of these individuals is a claimed percipient witness to services performed by Defendants and can allegedly attest to the fact that | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone and Ms. Dixon relating to: (1) Hyper Engine; (2) marketing and or promotion of "Fear" film and game; (3) "The House Next Door" marketing campaign; (4) the CNBC vaccine campaign; (5) Google email and/or web servers; and (6) the marketing and/or promotion of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | HEFG held out Angelone as an executive and member of Hyper Engine. Id. at ¶ 19. | Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also do not explain why they are subpoenaing documents already in their possession. |
|---|---|---|---|---|---|---|
| 37 | John Ferry | Former HEFG employee who served as assistant to Deon and co-wrote HEFG's motion picture titled "Fear." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Ferry would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas directed toward former HEFG employees are "highly relevant" to confirming the claims made against HEFG and the Taylors in the TACC and TPC because each of these individuals is a claimed percipient witness to services performed by Defendants and can allegedly attest to the fact that HEFG held out Angelone as an executive and | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Mr. Ferry relating to: (1) Hyper Engine; (2) marketing and or promotion of "Fear" film and game; (3) "The House Next Door" marketing campaign; (4) the CNBC vaccine campaign; (5) Google email and/or web servers; and (6) the marketing and/or promotion of HEFG films.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects and films released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | member of Hyper Engine.  Id. at ¶ 19. | Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena. Defendants also do not explain why they are subpoenaing documents already in their possession. |
|---|---|---|---|---|---|---|
| 38 | Shawn Edwards | Marketing and event consultant who previously occasionally provided services to HEFG. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Edwards would not possess any such information. | Services performed for HEFG. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Mr. Edwards relating to: (1) Hyper Engine; (2) Be Woke Vote; (3) BHITM; (4) "Meet the Backs"; (5) "The Intruder"; (6) "Black and Blue"; (7) "Fatale"' (8) Darrick Angelone; and (9) AOne. While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects released well before that date. Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena. Defendants do not explain why they are subpoenaing documents already in their possession. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| 39 | Suzanne Summerville | Former media consultant who previously provided services to HEFG in connection with its "Be Woke Vote" initiative. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Summerville would not possess any such information. | Services performed for HEFG. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Ms. Summerville relating to: (1) Hyper Engine; (2) Be Woke Vote; (3) BHITM; (4) "Meet the Backs"; (5) "The Intruder"; (6) "Black and Blue"; (7) "Fatale"' (8) Darrick Angelone; and (9) AOne.

While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek irrelevant and overbroad information related to HEFG projects released well before that date.

Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.

Defendants also do not explain why they are subpoenaing documents already in their possession. |
| 40 | Evette Vargas | Consultant who assists HEFG with the development of a slate of television projects. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Vargas | Conversations with HEFG personnel. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Ms. Vargas relating to: (1) Hyper Engine; (2) Marketing and/or promotion of the "Fear" film and unauthorized game; (3) non-fungible tokens; (4) cryptocurrency; (5) blockchain; (6) the company "Cube"; (7) Darrick |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | |
|---|---|---|---|---|---|
| | | would not possess any such information. | | | Angelone; (8) AOne; and (9) the marketing and/or promotion HEFG films.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also do not explain why they are subpoenaing documents already in their possession.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Ms. Vargas. |
| 41 | Damon Wolf | Current marketing consultant for HEFG who assisted with domestic marketing efforts for the motion picture titled "Fear." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Wolf would not possess any such information. | Conversations with HEFG personnel. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone and Mr. Wolf relating to: (1) Hyper Engine; (2) the "Fear" marketing campaign; (3) "The House Next Door" marketing campaign; and (4) the marketing and/or promotion of HEFG films.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt the professional relationship between Mr. Wolf and HEFG and do not explain why they are subpoenaing documents already in their possession. |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| 42 | Jared Goetz | Consultant who assisted HEFG with ancillary domestic rights for the motion picture titled "Fear." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Goetz would not possess any such information. | Conversations with HEFG personnel. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all documents related to and communications between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Mr. Goetz regarding: (1) Hyper Engine; (2) the "Fear" game and film; (3) "The House Next Door" film; (4) the Bron studios film "The Survivor"; (5) Darrick Angelone; and (6) AOne.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants do not explain why they are subpoenaing documents already in their possession.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Goetz. |
| 43 | Damien Douglas | Consultant who served as a producer on HEFG motion pictures titled "Supremacy," "House Next Door" and "Fear." | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Douglas would not possess any such information. | Services performed for HEFG. | Not addressed at all by Defendants. | Subpoena is fatally overbroad in that it seeks all documents relating to: (1) involvement in the "Fear" marketing campaign; (2) marketing and/or promotion of the "Fear" film; (3) marketing and/or promotion of HEFG films; (4) Be Woke Vote; (5) Hyper Engine; and (6) Mr. Douglas' involvement with the "Fear" film.<br><br>While Defendants have failed to plead a viable breach of operating agreement claim, their own specious allegations claim that any alleged Hyper Engine agreement did not arise before December 1, 2019 (TACC, ¶ 75) yet these requests seek |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | irrelevant and overbroad information related to HEFG projects released well before that date.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not other HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Douglas. |
| 44 | Erin Murray | Current temporary staffing employee assigned to HEFG in the role of administrative assistant. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Ms. Murray would not possess any such information. | Services performed for HEFG. | Defendants claim subpoenas directed toward Ms. Murray is "highly relevant" to confirming the claims made against HEFG and the Taylors in the TACC and TPC because she is a claimed percipient witness to services performed by Defendants and can allegedly attest to the fact that HEFG held out Angelone as an executive and member of Hyper Engine. _Id._ at ¶ 20. | Subpoena is fatally overbroad in that it seeks all documents between Deon and/or Roxanne Taylor, HEFG, Hyper Engine, AOne and/or Angelone  and Ms. Murray relating to: (1) Hyper Engine; (2) the "Fear" film and unauthorized game; (3) "The House Next Door" film; (4) the CNBC vaccine campaign; (5) Be Woke Vote; (6) Darrick Angelone; (7) AOne; and (8) the marketing and/or promotion of HEFG films<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt the professional relationship between temporary employee Ms. Murray and HEFG do not explain why they are subpoenaing documents already  in their possession. |

**EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Defendants also seek to disrupt HEFG's ongoing business relationship with Ms. Murray. |
| 45 | Robert F. Smith | Billionaire businessman, philanthropist, and CEO of Vista Equity Partners, LLC who is the financier to many HEFG motion pictures. | This subpoena is overbroad and does not seek information relevant to Defendants' claims or defenses or any issue in this case. Mr. Smith would not possess any such information. | Services provided to HEFG. | Defendants claim that Robert Smith co-owns BHITM and is likely to have information relevant to services Defendants allegedly performed for BHITM.  Id. at ¶ 15. | Defendants misrepresent the contents of the fatally overbroad subpoena that seeks all communications between Roxanne or Deon Taylor and Mr. Smith relating to: (1) Hyper Engine, Be Woke Vote, BHITM, Climb Organization, Gillum and Jones political campaigns, and the marketing and/or promotion of HEFG films; (2) all documents containing information about ownership of BHITM; and (3) all documents evidencing agreements, payments or draft terms between Mr. Smith and Deon or Roxanne Taylor or Hyper Engine for the marketing and/or promotion of HEFG films.<br><br>Defendants' reimbursement claims pertain to Google services and an alleged marketing strategy for the "Fear" film.  Dkt. 69-1, Angelone Decl., ¶¶ 7, 32, not the other HEFG films and projects referenced in this subpoena.<br><br>Defendants also seek to disrupt HEFG's ongoing business relationship with Mr. Smith. |
| 46 | Bank of the West | Former bank for HEFG and Hyper Engine accounts that still holds personal accounts for Deon and Roxanne and accounts for CLIMB organization. | This subpoena is overbroad and seeks information that is not relevant to this litigation, as well as information that is confidential and proprietary. | Services provided to HEFG. | Not addressed at all by Defendants. | Defendants have not made a showing they have any viable claim to an interest in Hyper Engine sufficient to give them access to the company's financial information.  (Dkt. 25, 9/30/22 Minute Order granting Plaintiffs' Motion for Preliminary Injunction, p. 12 "after August 4, 2022 Angelone was withholding Plaintiffs' credentials not because of any unpaid invoices, but as leverage to force Plaintiffs into a ***formalized agreement regarding Hyper Engine***." (emphasis added). |

## EXHIBIT 1 TO ROXANNE TAYLOR SUPPLEMENTAL DECLARATION

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Subpoena is fatally overbroad in that it seeks: (1) all documents related to Hyper Engine bank accounts (including applications, signatory cards, bank statements, checks, deposit statements, and debit card information); and (2) all communications between Bank of the West and Deon Taylor, Roxanne Taylor, Velma Skyes and/or HEFG relating to Hyper Engine. |
| 47 | Google LLC | Vendor for HEFG's Google Workspace account and email system. | This subpoena is overbroad and duplicative of subpoenas already served by HEFG. | The instant litigation. | Defendants do not address at all. | This subpoena is duplicative of a subpoena already served by Plaintiffs but Plaintiffs do not object to it being served by Defendants. |
| 48 | Meta Platforms, Inc. | Service provider for HEFG social media accounts. | This subpoena is overbroad and duplicative of subpoenas already served by HEFG. | The instant litigation. | Defendants do not address at all. | This subpoena is duplicative of a subpoena already served by Plaintiffs but Plaintiffs do not object to it being served by Defendants. |
| 49 | Namecheap, Inc. | Service provider for HEFG websites. | This subpoena is overbroad and duplicative of subpoenas already served by HEFG. | The instant litigation. | Defendants do not address at all. | This subpoena is duplicative of a subpoena already served by Plaintiffs but Plaintiffs do not object to it being served by Defendants. |

34

# EXHIBIT 2

2018299103 64

**Secretary of State**
**Articles of Organization**
Limited Liability Company (LLC)

| LLC-1 |

**FILED** LIA
Secretary of State
State of California

OCT 23 2018  *bhs*

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee — $70.00**

**Copy Fees —** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

*Note:* LLCs may have to pay minimum $800 tax to the California Franchise Tax Board each year. For more information, go to *https://www.ftb.ca.gov.*

*Icc* **This Space For Office Use Only**

**1. Limited Liability Company Name** (See Instructions – Must contain an LLC ending such as LLC or L.L.C. "LLC" will be added, if not included.)

Be.Woke.Vote, LLC

**2. Business Addresses**

| a. Initial Street Address of Designated Office in California - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 8060 Shelborne Drive | Granite Bay | CA | 95746 |
| b. Initial Mailing Address of LLC, **if different than item 2a** | City (no abbreviations) | State | Zip Code |
| | | | |

**3. Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 3a and 3b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Roxanne | | Taylor | |
| b. Street Address (if agent is **not** a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| 8060 Shelborne Drive | Granite Bay | CA | 95746 |

**CORPORATION** – Complete Item 3c. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 3a or 3b

**4. Management** (Select **only one** box)

The LLC will be managed by:
[X] One Manager    [ ] More than One Manager    [ ] All LLC Member(s)

**5. Purpose Statement** (Do not alter Purpose Statement)

The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**6. The Information contained herein, including in any attachments, is true and correct.**

Organizer sign here

Velma Sykes
Print your name here

LLC-1 (REV 04/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be


B1265-1168  11/21/2022  8:46 AM Received by California Secretary of State

BA20221151761



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20221151761 |
| Date Filed: 11/21/2022 |

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | BE.WOKE.VOTE, LLC |
| Entity No. | 201829910364 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 8088 SHELBORNE DRIVE GRANITE BAY, CA 95746 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 8088 SHELBORNE DRIVE GRANITE BAY, CA 95746 |
| Attention | |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | 8088 SHELBORNE DRIVE GRANITE BAY, CA 95746 |

| Manager(s) or Member(s) | |
| --- | --- |
| Manager or Member Name | Manager or Member Address |
| ■ Deon Taylor | 8088 SHELBORNE DRIVE GRANITE BAY, CA 95746 |

| Agent for Service of Process | |
| --- | --- |
| Agent Name | ROXANNE TAYLOR |
| Agent Address | 8088 SHELBORNE DRIVE GRANITE BAY, CA 95746 |

| Type of Business | |
| --- | --- |
| Type of Business | Hidden Empire Film Group |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

| Chief Executive Officer (CEO) | |
| --- | --- |
| CEO Name | CEO Address |
| None Entered | |

**Labor Judgment**

No Manager or Member of this Limited Liability Company has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Velma Sykes*
_____
Signature

*11/21/2022*
_____
Date

B1265-1169 11/21/2022 8:46 AM Received by California Secretary of State