LAW OFFICES OF J.T. FOX & ASSOCIATES, APC
J.T. Fox, Esq., SBN 195063
556 S. Fair Oaks Ave., No. 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE; AONE CREATIVE, LLC;
and ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>      Defendants. | CASE NO. 2:22-cv-06515-RSWL-AGR<br><br>**DECLARATION OF JUSTIN KIAN, ESQ. IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' THIRD AMENDED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**<br><br>Complaint Filed: Sept. 12, 2022<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald |

1
**DECLARATION OF JUSTIN KIAN, ESQ.**

## DECLARATION OF JUSTIN KIAN, ESQ. IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

I, Justin Kian, Esq., hereby state and declare as follows:

1. I am an associate attorney for the Law Offices of JT Fox & Associates, APC, and second chair for Defendants in this matter.

2. I submit this Declaration in lieu of personal testimony and in opposition to Plaintiff's Motion to Dismiss.

3. The parties in this matter have met and conferred three (3) times with respect to the sufficiency of Defendants' Third Amended Counterclaims ("TACC"). The Defendants' Third-Party Complaint ("TPC") against Roxanne Taylor contains the exact same claims and allegations as the TACC. The substance of each meet and confer call was to address the sufficiency of Defendants' pleadings, narrow the issues, and eliminate any deficiencies in the pleadings without resorting to court intervention and unnecessary expense and motion practice. Each call was made pursuant to Local Rule 7-3 as a prerequisite to Plaintiffs bringing any motion to dismiss which they intended to bring at the time. Specifically, the parties first met and conferred on December 20, 2022, regarding alleged deficiencies in Defendants First Amended Counterclaims and Answer. Thereafter, Defendants noted each deficiency raised by Plaintiffs in the December 20, 2022 call, and stipulated to the filing of a Second Amended Counterclaims ("SACC") and Answer. *Dkt. No.* 41. The SACC made substantial changes to the then-operative pleadings, including the addition of specific detailed facts to support the claims sounding in fraud, and other

amendments which were made with specific reference to the deficiencies raised by Plaintiffs. Thereafter, the parties met and conferred again on February 8, 2023 regarding alleged deficiencies in Defendants' SACC. There, Plaintiffs raised additional issues with the pleadings including lack of particularity, inconsistencies, and failure to plead the material allegations of a written contract, among other things. Thereafter, Defendants noted each deficiency raised by Plaintiffs in the February 8, 2023 call, and stipulated to the filing of a Third Amended Counterclaims. Defendants then filed the operative TACC and TPC. *Dkt. Nos.* 51-52. The TACC made further substantial changes to the TACC, including the addition of more detailed facts to support the claims sounding in fraud, the addition of a written contract supporting the breach of written operating agreement claim, the removal of improper claims, and other amendments which were made with specific reference to the deficiencies raised by Plaintiffs. The parties again met and conferred on March 10, 2023 regarding deficiencies in the TACC. The parties were unable to resolve reach any resolution or stipulation to the amendment of the TACC at this time, which resulted in Plaintiffs' Motion to Dismiss. Notably, Plaintiffs' Motion heavily relies on issues which were never discussed in the aforementioned meet and confer discussions, including allegations that Defendants' claims are time-barred, and the notion that Defendants made admissions that are "fatal" to their claims.

    4.    Respectfully submitted.

3
**DECLARATION OF JUSTIN KIAN, ESQ.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of April, 2023 at Los Angeles, California.

_____
Justin Kian, Esq.