UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-22-06515-MWF (AGRx) | Date | April 10, 2023 |
|---|---|---|---|
| Title | Hidden Empire Holdings, LLC., et al. v. Darrick Angelone, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge |
|---|---|
| K. Lozada | CS 04/10/2023 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Stephanie Jones Nojima | Justin Kian |

**Proceedings:** VIDEO DISCOVERY CONFERENCE RE: PLAINTIFFS' EX PARTE APPLICATION FOR PROTECTIVE ORDER (Dkt. No. 61)

Case is called. Counsel state their appearances.

Plaintiffs Hidden Empire Holdings, LLC and Hyper Engine, LLC filed an ex parte application for protective order in connection with 49 third party subpoenas served by Defendants and listed on Exhibit 1 to the Taylor Declaration. (Dkt. No. 61.) Defendants filed an opposition that, among other things, requested a briefing schedule on the ex parte application. (Dkt. No. 62.)

By court order dated March 17, 2023, the court, among other things, (1) stayed compliance with the 49 third party subpoenas pending the outcome of Plaintiffs' ex parte application for protective order; and (2) set a briefing and hearing schedule on the ex parte application. (Order, Dkt. No. 63.)

Defendants filed opposition papers. (Dkt. No. 69.) Plaintiffs filed a reply. (Dkt. No. 73.) The matter came on for hearing today.

The scope of discovery under Rule 45 "is the same as that applicable to Rule 34 and the other discovery rules." Advisory Comm. Notes to 1970 Amendment.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-22-06515-MWF (AGRx) | Date | April 10, 2023 |
|---|---|---|---|
| Title | Hidden Empire Holdings, LLC., et al. v. Darrick Angelone, et al. | | |

The court confirmed that Plaintiffs do not object to service of subpoenas upon third parties Google, Meta Platforms and Namecheap.

Plaintiffs advised that third party FTI Consulting was retained by outside counsel for this litigation. The court finds that Defendants' service of a subpoena upon FTI Consulting is premature given that expert discovery is not yet open under the case schedule, it is unknown at this point whether FTI Consulting will be a consulting or testifying expert, and FTI Consulting has not provided a declaration in support of, or in opposition to, any pending motion. Plaintiffs' ex parte application is therefore granted as to this subpoena.

The remaining subpoenas appear to be based upon Defendants' counterclaims. Plaintiffs' motion to dismiss the counterclaims is scheduled to be heard within two weeks and the discovery cut-off date is over nine months away. The subpoenas are facially broad. To avoid any undue burden on the third parties, the court will continue the stay pending the District Judge's ruling on the pending motion to dismiss the counterclaims or further order from this court.

IT IS ORDERED that Plaintiffs' ex parte application is GRANTED IN PART AND DENIED IN PART as follows:

1. The stay is lifted on the subpoenas to third parties Google LLC, Meta Platforms Inc., and Namecheap Inc. Nothing in this order precludes these third parties from serving objections or filing motions under Rule 45.

2. Plaintiffs' ex parte application for protective order as to the subpoena to FTI Consulting is GRANTED without prejudice at this stage of the proceedings.

3. The stay is continued as to the remaining 45 subpoenas pending the District Judge's ruling on the pending motion to dismiss the counterclaims or further order from this court. Nothing in this order precludes these third parties from serving objections or filing motions under Rule 45 in the future.

cc: District Judge Michael W. Fitzgerald

|  | 0 | : | 35 |
|---|---|---|---|
| Initials of Preparer | kl | | |