JEFFREY S. KRAMER, State Bar No. 094049
SANDRA CALIN, State Bar No. 100444
KRAMER, DEBOER & KEANE
A Limited Liability Partnership
Including Professional Corporations
21860 Burbank Boulevard, Suite 370
Woodland Hills, California 91367
Tel: (818) 657-0255 - Fax: (818) 657-0256
jkramer@kdeklaw.com;
scalin@kdeklaw.com

Attorneys for Defendants, DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br>Action Filed: September 12, 2022<br><br>Assigned to Honorable<br>Judge Michael W. Fitzgerald<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST DEFENDANTS**<br><br>DATE: March 18, 2024<br>TIME: 10:00am<br>DEPT: 5A<br><br>[Filed Concurrently with Opposition to Request for Judicial Notice; Declaration of Sandra Calin; and Declaration of Darrick Angelone] |

TO THIS HONORABLE COURT AND TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

COMES NOW, Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC, by and through their attorneys of record, and submit their Opposition to Plaintiffs' Motion for Order to Show Cause Re

Sanctions.

This Opposition will be based upon the attached Memorandum of Points and Authorities, together with the records, papers, and files of the within matter and such other evidence, both oral and documentary, as may be presented at the time of the hearing of the Motion.

DATED: February 26, 2024						KRAMER, DEBOER & KEANE

										By: _____
										JEFFREY S. KRAMER
										SANDRA CALIN
										Attorneys for Defendants
										DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN INNOVATIONS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case presents the unique situation in which the two sides, the Plaintiffs on the one hand, and the Defendants on the other, have diametrically opposed versions on the facts of the case. But rather than litigating the issues and allowing a trier of fact to decide the case, Plaintiffs seek to circumvent that process, and are essentially asking the Court to find in their favor, under the guise of this Motion which alleges that Defendants violated a Preliminary Injunction ordered by the Court. Although Plaintiffs attempt to convince the Court by their more than 450 pages of exhibits that Plaintiffs' position is correct, the Court should believe the Plaintiffs, and grant the extreme terminating sanction requested, in fact the purported evidence submitted does not make Plaintiffs' case. The Plaintiffs' "evidence" asks the Court to draw certain inferences that are not supported, and raises many questions of authenticity, assumptions and disputed facts that cannot be taken at face value.

Plaintiffs essentially are asking to circumvent the due process of properly litigating this case, presenting evidence to a jury that allows for cross-examination of witnesses, and seeks this Court to summarily find in Plaintiffs favor based on supposed "evidence" that comes from the Internet, the World Wide Web, where something found today is gone tomorrow and something completely different has taken its place.

The inquiry with respect to all aspects of Plaintiffs' Motion comes down to whether Mr. Angelone committed the alleged acts detailed in the Motion, or are Plaintiffs simply attempting to deprive Defendants of a full determination of the case on its merits, without the ability to cross-examine witnesses and present expert testimony regarding the complex, amorphous world of the Internet.

## II. PROCEDURAL STATUS OF THE CASE

Plaintiffs seek to convince the Court that Defendants violated the Preliminary Injunction issued on September 30, 2022. That Preliminary Injunction enjoined the

KRAMER, DEBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

Defendants with respect to four categories of conduct regarding various social media domains, social media accounts, email/workspace accounts and web accounts, to transfer to Plaintiffs access, control, ownership and/or registration of the accounts and to refrain from certain conduct with respect to a video game based on the movie "Fear." The latter does not seem to be an issue in the subject motion.

On October 13, 2022, Mr. Angelone filed a Declaration with this Court demonstrating compliance with the Court's Order for Preliminary Injunction. That Declaration is attached as Exhibit "2" to the Declaration of Darrick Angelone, filed concurrently herewith, in Opposition to the instant motion.

At Plaintiffs' request, a Stipulation was recently filed with the Court, and granted, to continue the trial in this case, from June 11, 2024 to December 10, 2024. As is documented in the Declaration of Sandra Calin, filed concurrently herewith, Defendants propounded discovery consisting of Interrogatories and Requests for Admissions to Plaintiffs on December 19, 2023. Several extensions to respond were granted to Plaintiffs, and the responses are now due on March 7, 2024. No depositions have been taken in this case.

Plaintiffs have submitted their expert reports, and Defendants will be submitting their expert's rebuttal report. As is discussed in the Declaration of Sandra Calin, a draft report is attached as Exhibit "1" which addresses the allegations in the Declarations of Plaintiffs' experts Erin Burke and Alex Izen. As is also explained in the Declaration of Sandra Calin, this is a draft report and the final report will be filed with the Court one day late, on February 27, 2024.

In order to determine the issues raised by the instant motion the parties will require at least an evidentiary hearing that will allow for cross-examination of witnesses, and which will allow for a full exploration of the issues raised.

### III. ANGELONE DID NOT DELETE HEFG'S GOOGLE WORKSPACE ACCOUNT

Plaintiffs' Motion is replete with inferences and conjectures regarding the

deletion of the Google Workspace Account, and based on the report of Rick Watts, there is no dispositive evidence that the Google Workspace Account was deleted by Mr. Angelone. It is Mr. Watts' opinion that there is no factual basis for Ms. Burke's opinion that Mr. Angelone deleted the Google Workspace account. In fact, Mr. Watts has presented evidence that Mr. Angelone did not have the requisite privileges to delete the account. Again, Plaintiffs would have this Court find, based on Plaintiffs' inconclusive evidence, that Defendants deleted the Google Workspace account.

The cases cited by Plaintiff in the Motion involve concrete facts that are easily proven. Deletion of a recorded telephone conversation [*Compass Bank v. Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040 (S.D. Cal 2015)], which is a concrete record, is vastly different from the alleged deletion of a Google Workspace account. Again, however, based on the Declaration of Darrick Angelone, and the report by Rick Watts, when the Google Workspace account was supposedly deleted, Mr. Angelone was no longer an administrator of the account and accordingly could not have deleted it.

The law regarding spoliation of evidence is not the issue here, but whether Mr. Angelone was, in fact, the person who deleted the Workspace. Plaintiffs' Motion cites the Declaration of Mr. Angelone of October 13, 2022 for the proposition that he "had administrator privileges for this account" (Dkt. 28-1, ¶ 10), however in looking at Paragraph 10 of Mr. Angelone's Declaration, there is nothing to suggest that on October 10, 2022 he still had administrator privileges. In fact, Exhibit F to that declaration contains an email from Mr. Angelone to Google Workspace Support dated September 29, 2022 which states: "I have agreed to give roxanne@hiddenempirefilmgroup.com administrator privileges… but I am unable to because my administrator privileges have been revoked. Please advise how we can facilitate this with upmost [sic] quickness. I have advised Roxanne as well. Thank you."

///

Plaintiffs cannot show by a preponderance of the evidence that Mr. Angelone deleted the Google Workspace account, and therefore he cannot be held accountable to spoliation of evidence.

## IV. ANGELONE DID NOT HAVE CONTROL OVER THE NINE HEFG DOMAINS

Defendants are cognizant of this Court's Minute Order of September 30, 2022, in which the Court noted that based on the evidence submitted at that time, the Court found the Plaintiffs' version of the facts more credible. Defendants respectfully request that the Court consider the objective evidence as presented by both Plaintiffs' expert FTI, and Defendants' expert Quandary Peak, and reconsider its view of the evidence. Again, Mr. Watts' report refutes the contentions of Ms. Burke that Mr. Angelone had access to the Icelandic domains, and the Declaration of Darrick Angelone also disputes that he has every used the name "Jacky Jasper."

## V. TRANSFER OF THE TWO SOCIAL MEDIA ACCOUNTS

Plaintiffs also contend that Defendant failed to transfer two social media accounts, Twitter and Instagram. Again, the Declaration of Darrick Angelone filed with the Court on October 13, 2022 clearly addresses this issue, as does the report of Rick Watts.

## VI. DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT

Plaintiffs seek the very severe sanction of finding Defendants in contempt and requesting essentially terminating sanctions. Defendants respectfully urge the Court to deny the Motion and find that Defendants should not be held in contempt. The cases cited by Plaintiffs in their Motion are all fact specific, and the Court in each case found that based on the specific facts of each case whether there was civil contempt. It is clear that in order to hold a party in civil contempt, the Court must find that the party "(1) … violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litigation,* 10 F.3d

693, 695. However, as the Court in that decision also stated, "[t]his set of rules is easy to articulate but difficult to apply. We must determine, under a restrained standard of review, whether the district court could properly determine" the aforementioned four factors. *Id.* In that case, the United States Court of Appeals for the 9th Circuit determined that it could not do so, and reversed the contempt order.

In looking at the facts in the case at bar, Plaintiffs do not have "clear and convincing evidence" that Mr. Angelone violated the Preliminary Injunction. Although Plaintiffs make multiple claims of egregious conduct by Mr. Angelone, none of them are substantiated by the evidence offered. Given the early stage of this litigation, Defendants are entitled to a determination on the merits of the case, and a finding in favor of Plaintiffs at this stage would violate Defendants' due process rights.

All of the cases cited in Plaintiffs' Motion involve cases at much later stages of litigation, after discovery, dispositive motions or trial. None of the cases found contempt before any discovery had taken place. Defendants respectfully ask this Court to provide Defendants the ability to receive responses to their written discovery and take depositions of the parties to establish that Plaintiffs do not have any sound grounds to prevail in this case.

## VII. ANGELONE DID NOT DELETE HEFG'S GOOGLE WORKSPACE AND THEREFORE DID NOT ENGAGE IN SPOLIATION OF EVIDENCE

The crux of the inquiry with respect to spoliation of evidence is again an analysis of the evidence provided and a factual determination of whether Mr. Angelone did, in fact, delete the Plaintiffs' Google Workspace. As is documented in the Declaration of Darrick Angelone, and also substantiated by the report of Rick Watts, Mr. Angelone did not delete the Google Workspace account. On the date that the Google Workspace account was allegedly deleted, October 10, 2022, Mr. Angelone was no longer the administrator for the Workspace. He had made Roxanne Taylor the administrator on October 6, 2022, and therefore he no longer had access to

the Workspace. Although Plaintiffs' Motion attempts to suggest otherwise, in fact there is absolutely no evidence to show that Mr. Angelone deleted the account. Using Plaintiffs' logic, it could just as easily be argued that Ms. Roxanne Taylor deleted it.

## VIII.  THE SANCTIONS REQUESTED ARE NOT APPROPRIATE OR WARRANTED

The cases cited by Plaintiffs to support their request for terminating sanctions are, again, fact specific, and none of the cases in which terminating sanctions were approved remotely resembles the facts in the case at bar. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187 (1949) involved failure to comply with minimum wage laws; In *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) the Court approved sanctions consisting of assessing attorney fees for bad-faith conduct; *Nostalgia Networks, Inc. v. Rayle,* 56 Fed.Appx. 344 (9th Cir. 2003) is an unpublished case that imposed a default judgment for repeated and willful failures to attend a deposition and other discovery abuses; *Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337 (9th Cir. 1995) was an appeal of a partial grant of summary judgment.

In *The Sunrider Corp. v. Bountiful Biotech Corp.,* 2010 WL 4590766 at *27 (C.D. Cal. Oct. 8, 2010), the Court discussed at length the imposition of terminating sanctions and stated: "In determining whether to impose a case-dispositive sanction for failure to comply with discovery orders, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." [Citations omitted.]  The Court further stated at *32: "Any sanction imposed under Rule 37(b) or the court's inherent power must be 'just' and, in order to comport with due process principles, must specifically relate to the particular claim or defense that was at issue in the order to provide discovery." This case involved, again, violations of discovery and allegations of perjury.

///

Of significance in all of the cases cited by Plaintiffs, is that they arose well into the litigation, either regarding the conduct of discovery or after discovery was completed.  In the case at bar, Plaintiffs seek to terminate the action before any real discovery has taken place.  Defendants have served written discovery on Plaintiffs, have granted several extensions for responses to the discovery, but have not yet received responses.  There have been no depositions taken in the case.  The issues raised by the instant motion go to the heart of allegations raised by both Plaintiffs and Defendants/Third Party Plaintiffs: who did what to whom.  This requires the conduct of discovery, depositions and presentation of evidence.  Simply relying on Declarations that are filled with inuendo, unsubstantiated inferences and assumptions falls far short of the requirement to dispose of cases on their merits.

In *RG Abrams Insurance v. Law Offices of C.R. Abrams,* 342 F.R.D. 461 (C.D. Cal Nov. 2, 2022) the Court considered at length the issues of imposition of sanctions and particularly terminating sanctions.  Although the Court found that the Defendants engaged in misconduct, the Court declined to impose the drastic sanction of terminating the case.  As the Court stated at *512, "a dismissal or default judgment is a 'drastic' sanction that only may be invoked if the party's noncompliance is due to 'willfulness, fault, or bad faith.' [Citations.]"  Defendants respectfully urge the Court that no such conduct can be attributed to Defendants, and after discovery has taken place, depositions taken and the issues fully litigated, it will be shown that Defendants did not act with "willfulness, fault, or bad faith."  However to decide that now, based solely on the unsubstantiated "evidence" presented, would be patently unjust to Defendants.

Similarly, with respect to the imposition of fines, while cases do award monetary sanctions in appropriate cases, this is also a case-specific inquiry.  For example, in *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297 (11th Cir. 1991) the Court found that the defendants were in contempt of court for various actions, including unreasonably interfering with a Receiver's attempts to enforce an

order, wrongfully converting money and other funds and wrongfully converting proceeds from an aircraft sale. These are all concrete, easily established facts that can be proven with concrete evidence. The allegations as to Defendants herein are vastly different and hinge on alleged actions involving the Internet, which are not easily established and require thorough investigation.

The compensatory fines requested by Plaintiffs herein are for their attorneys' fees in the action to date. No other evidence is presented regarding the amounts sought as compensatory damages. Unless the Plaintiffs prevail, they are not entitled to attorneys' fees. Again, Plaintiffs are attempting to circumvent due process, without a hearing on the merits and without the opportunity to cross-examine witnesses, and ask the Court to award them attorneys' fees of over $600,000. This, without additional evidence, is clearly unjust.

## IX. CONCLUSION

Based on the foregoing, and the Declarations filed concurrently herewith, Defendant respectfully request that the Court deny the Motion for an Order to Show Cause Why Sanctions Should Not be Imposed Against Defendants. Plaintiffs have not shown by a preponderance of the evidence that Defendants have violated the Preliminary Injunction or that Defendants have engaged in Spoliation of Evidence.

DATED: February 26, 2024                    KRAMER, DEBOER & KEANE

By: _____
JEFFREY S. KRAMER
SANDRA CALIN
Attorneys for Defendants
DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN INNOVATIONS, LLC

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 21860 Burbank Blvd., Suite 370, Woodland Hills, CA 91367. My email address is ynelson@kdeklaw.com.

I certify that on February 26, 2024, I served: **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST DEFENDANTS** on the following parties or counsel of record as follows:

| | |
|---|---|
| LAWRENCE HINKLE (SBN 180551)<br>STEPHANIE JONES NOJIMA (SBN 178453)<br>JOSHUA ROY ENGEL<br>SANDERS ROBERTS LLP<br>1055 West 7th Street, Suite 3200<br>Los Angeles, CA 90017<br>Telephone: (213) 426-5000 - Facsimile: (213) 234-4581<br>E-Mail: lhinkle@sandersroberts.com;<br>sjonesnojima@sandersroberts.com;<br>jengel@sandersroberts.com; | *Counsel for Plaintiffs* |
| Justin Kian, Esq.<br>J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530 - Fax: (888) 750-5530<br>Email: jt@jtfoxlaw.com;<br>justin@jtfoxlaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct. Executed at Santa Clarita, California on February 26, 2024.

       /s/ *Yolanda Nelson*
       Yolanda Nelson

11
OPPOSITION TO MOTION FOR OSC RE SANCTIONS