J.T. Fox, Esq., SBN 195063
**LAW OFFICES OF JT FOX & ASSOCIATES, APC**
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax

Attorneys for Defendants, DARRICK ANGELONE, AONE CREATIVE, LLC
and ON CHAIN INNOVATIONS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br> Action Filed:  September 12, 2022 <br><br> **DEFENDANTS' EX PARTE APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT; DECLARATIONS OF COUNSEL** <br><br> [Submitted concurrently with [PROPOSED] Order] <br><br> Jury Trial:  December 10, 2024 |

COMES NOW, Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC ("Defendants"), by and through their attorneys of record, and submit this *Ex Parte* Application For (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts' Rebuttal Report.

\\\

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC ("Defendants") bring this Ex Parte Application ("*Ex Parte*") for (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts' Rebuttal Report. This *Ex Parte* follows attempts by Defendants to secure a stipulation for the same from counsel for Plaintiffs HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC, and DEON TAYLOR ("Plaintiffs").

Defendants seek the Court's intervention with respect to the expert disclosure and filing requirements of Federal Rule of Civil Procedure 26(a)(2). Specifically, Defendants seek to designate Rick Watts of Quandary Peak Research ("QPR") as an alternate expert on rebuttal, because their initially designated expert (who would have been designated as Defendants' rebuttal expert), George Edwards of QPR, is no longer available to testify. Further, Defendants seek an order permitting the one day late filing of Mr. Watts' rebuttal report, which has resulted in no prejudice to Plaintiffs. Several reasons support this *Ex Parte* Application and the need for immediate and emergency relief, which are set forth below.

As an initial matter, Defendants submit that the disclosure of Rick Watts as a rebuttal expert was proper and timely despite any contrary objection from Plaintiffs. Specifically, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that, in the time and sequence set by court order or stipulation, a party must disclose expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)". Here, per the agreement of Parties' counsels on February 20, 2024, Defendants were granted an extension through February 26, 2024 to disclose their expert rebuttal witness and rebuttal report. On February 22, 2024, defense counsel disclosed that Defendants would be using Mr. Watts as a rebuttal expert instead of Mr. Edwards, and sent Plaintiffs' counsel a copy

of Mr. Watts' CV. Accordingly, Defendants did properly disclose their rebuttal expert per Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

In any event, there will be zero prejudice to Plaintiffs if Rick Watts is designated as an alternative to George Edwards as a rebuttal expert for Defendants. On January 22, 2024, Defendants timely served their Initial Expert Witness Disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2), designating George Edwards of QPR as an expert. Due to circumstances unforeseen to Defendants, QPR thereafter advised Defendants that George Edwards was not available to serve as an expert on this matter, as he was not in a position to accept engagement as an expert. Specifically, it is Defendants' understanding that Mr. Edwards is engaged in numerous commitments at the present time and has several upcoming trials, and thus not available to provide expert testimony in this matter. As an alternative, QPR assigned Rick Watts as experts who was able to accept engagement on this matter. Accordingly, Defendants seek the Court's permission to list Rick Watts as an alternate rebuttal expert for Defendants. It is difficult to imagine any prejudice to Plaintiffs due to this alternative designation. Mr. Watts is an expert from QPR, the same firm as Defendants' initially designated expert George Edwards. Mr. Watts is effectively standing in the shoes of Mr. Edwards, as they are faced with the same exact tasks on rebuttal. It should make no difference as far as Plaintiffs are concerned. Defendants are certainly not "expert-shopping", especially considering Mr. Edwards has not even provided any opinion in this matter. Further, there is also no risk of prejudice or undue delay by the Court allowing this alternate designation and for the one day late filing of Mr. Watts' report on February 27, 2024. (Dkt. No. 123.) The Jury Trial in this matter is now set for December 10, 2024. (Dkt. No. 116.) Trial is almost nine months away, so Plaintiffs will have more than ample time to depose Mr. Watts and prepare any defense. This is further underscored by the fact that Plaintiffs were made known of Mr. Watts' CV and anticipated rebuttal testimony on February 22, 2024, and further had access to his near-final draft report on February 26, 2024. In contrast, there is

great prejudice to Defendants by Plaintiffs' refusal to grant Defendants an ample extension, as set forth herein.

Further, several reasons support why emergency relief is appropriate under the circumstances. Here, Defendants have been unable to secure a stipulation from Plaintiffs allowing Mr. Watts as an alternative designation to George Edwards of QPR as a rebuttal witness. Further, Plaintiff has not agreed to provide Defendants with ample time to provide a complete expert rebuttal report. This is all despite Defendants agreeing to numerous discovery extensions and extensions of pre-trial disclosure deadlines when asked for the same by Plaintiffs' counsel. While Plaintiffs granted Defendants an additional six days through February 26, 2024 to provide a rebuttal report, this simply did not provide ample time for Mr. Watts to provide a complete rebuttal report. Mr. Watts only required one more day to submit his report. This is evidenced by the fact that a near-final draft report was submitted on February 26, 2024 in support of Defendants' opposition to Plaintiffs' "Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendants for (1) Violating the Preliminary Injunction [Contempt] and (2) Spoilation of Evidence" ("Terminating Sanctions Motion"). Further, the sheer length of the Terminating Sanctions Motion and the reports prepared by Plaintiff's experts necessitated the one additional day for Mr. Watts to prepare a rebuttal. Defendants respectfully request the Court's indulgence to permit the one-day late filing of Mr. Watts' final rebuttal report, to allow for all pertinent information to be before the Court for a full determination of the merits of the Terminating Sanctions Motion.

Important to note is that Defendants have acquiesced to Plaintiffs' numerous requests for additional time to prepare discovery responses. (See Decl. of Sandra Calin, ¶ 6.) Even as recently as February 16, 2024, Defendants granted Plaintiffs another three-week extension to provide responses to discovery originally propounded by Defendants on December 19, 2023. Yet, Plaintiffs have not entirely reciprocated with respect to Defendants' requests for extensions, specifically with

respect to the alternate designation of Mr. Watts. Plaintiffs even refused Defendants' counsel's request to continue the hearing on Plaintiffs' Terminating Sanctions Motion, forcing Defendants to have to file an Ex Parte on February 8, 2024 (Dkt no. 114.)  Yet again, Defendants are left with no other option but to seek an order from this Court pursuant to Rule 26(a)(2)(B) permitting the designation of Rick Watts and allowing for the one day late filing of Mr. Watts' rebuttal report.

In light of the foregoing, Defendants will suffer irreparable harm if the Court does not allow the alternate designation of Rick Watts, and for Mr. Watts to provide a one day late final report. Therefore, Defendants respectfully request (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts' Rebuttal Report.

## II.     THIS COURT HAS THE AUTHORITY TO GRANT THIS *EX PARTE*

Rule 6(b)(1) of the Federal Rules of Civil Procedure, provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;

Good Cause is typically defined as "the movant's diligence in attempting to meet the deadlines" or if the opposing party is in part responsible for the delay. *See Albright as Next Friend of Doe v. Mountain Home School District*, 926 F.3d 942, 951. Unless the party seeking relief has acted in bad faith, or the request would cause prejudice to the other parties, the courts regularly hold that a request for an extension made before the deadline normally should be granted. *See Miller v. Chicago Transit Authority*, 20 F.4th 1148, 1153-54, 111 Fed. R. Serv. 3d 909 (7th Cir. 2021) ("had counsel timely advised the district court of health issues and sought to provide relevant information in a confidential manner, the court would have seriously considered his situation."); *Alexander v. Saul*, 5 F.4th 139, 154, 110 Fed. R. Serv. 3d

4 (2d Cir. 2021), cert. denied, 142 S. Ct. 1461, 212 L. Ed. 2d 548 (2022) ("[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (4th ed. 2021 update); *see also Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) (noting that when Federal Rule of Civil Procedure 6(b) was amended to provide district courts with greater "flexibility," it was "assumed that discretionary extensions would be liberally granted")); *see also Stark-Romero v. National R.R. Passenger Co.*, 275 F.R.D. 544, 547, 80 Fed. R. Serv. 3d 309 (D.N.M. 2011) ("Showing good cause [under Rule 6(a)(1)(A)] is not a particularly demanding requirement.").

Here, as explained above and in the accompanying Declaration of Sandra Calin, and Declaration of JT Fox, due to Plaintiffs' refusals to enter a stipulation, Defendants require the Court's intervention with respect to designating an alternative expert from the same firm initially designated by Defendants, and to permit the late filing of Mr. Watts' complete report, as set forth above.

There is no prejudice to Plaintiffs. Rick Watts is from the same firm as Defendants' initial expert George Edwards, and will offer the same exact rebuttal testimony. Indeed, Plaintiffs were made known of Mr. Watts' CV and anticipated rebuttal testimony on February 22, 2024, and further had access to his near-final draft report on February 26, 2024. In part due to Plaintiffs' failure to accommodate Defendants' stipulation requests, Mr. Watts needed just one additional day to submit his final rebuttal report in order to fully address the opinions of Plaintiff's expert, and allow Defendants to prepare a complete defense against Plaintiffs' Terminating Sanctions Motion and Complaint in this matter. The final rebuttal report was submitted to the Court as soon as possible following its receipt. Plaintiffs cannot reasonably argue that they were prejudiced by this one-day late filing. Defendants

respectfully request the Court's indulgence in permitting Defendants to submit Mr. Watts' final report a day late, to allow for all pertinent information to be before the Court for a full determination of the merits of the Terminating Sanctions Motion.

Accordingly, Defendants respectfully request (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts' Rebuttal Report.

## III.   GOOD CAUSE EXISTS TO GRANT THIS *EX PARTE* APPLICATION

Good cause exists to grant this *Ex Parte*, as Defendants will suffer irreparable harm if the Court does not allow the alternative designation of Mr. Watts, and permit the one day late filing of Mr. Watts' final rebuttal expert report. Defendants have been unable to secure a stipulation from Plaintiffs allowing an alternative designation to George Edwards of QPR. In any event, Plaintiffs were made known of Mr. Watts' CV and anticipated rebuttal testimony on February 22, 2024. Further, Plaintiff has not provided Defendants with ample time to provide a complete expert rebuttal report. While Plaintiffs have granted Defendants an additional six days through February 26, 2024 to provide a rebuttal report, this simply did not provide ample time for Mr. Watts to provide a complete rebuttal report. Mr. Watts simply required one more day to submit his report. This is especially true in light of such report's relevance to opposing Plaintiffs' Terminating Sanctions Motion. The sheer length of the Terminating Sanctions Motion and the reports prepared by Plaintiff's experts necessitated additional time for Defendants to prepare a rebuttal.

Again, Plaintiffs will not be prejudiced by the above requests. Due to circumstances unforeseen to Defendants, QPR advised Defendants that George Edwards was not available to serve as an expert on this matter, as he was not in a position to accept engagement as an expert. Specifically, it is Defendants' understanding that Mr. Edwards is engaged in numerous other commitments at the present time and thus not available to provide expert testimony in this matter. As an

alternative, QPR assigned Rick Watts as an expert who can accept engagement on this matter. Defendants promptly reached out to Plaintiffs for their agreement that Mr. Watts be permitted as an alternate expert, but have been unable to procure such agreement despite advising Plaintiffs' counsel of the reasons for Mr. Edwards' unavailability.  Accordingly, Defendants seek the Court's permission to designate Rick Watts as Defendants' rebuttal expert.

## IV.   PLAINTIFFS HAVE BEEN GIVEN NOTICE OF THIS EX PARTE APPLICATION

As set forth fully in the attached Declaration of JT Fox, Esq. and Declaration of Sandra Calin, Esq., and pursuant to Local Rule 7-19.1, on February 22, 2024, defense counsel indicated that, if Plaintiffs were unwilling to accept an alternative designation to Defendants' expert George Edwards, then Defendants would need to file an *ex parte* application for an order permitting such alternate designation. On March 4, 2024, defense counsel forwarded a copy of Defendants' Ex Parte Application to Plaintiffs' counsel via e-mail, providing notice that before the Honorable Judge Michael W. Fitzgerald of the United States District Court, Central District of California, defense counsel would be applying ex parte for (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts' Rebuttal Report.

## V. CONCLUSION

Based on the foregoing, Defendants request that the Court grant this Ex Parte Application and issue (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts' Rebuttal Report.

\\\
\\\
\\\
\\\

DATED: March 4, 2024

**LAW OFFICES OF J.T. FOX & ASSOCIATES, A.P.C**

By:   */s/ J.T. Fox*
J.T. FOX
Attorney for Defendants
DARRICK ANGELONE,
AONE CREATIVE, LLC, and
ON CHAIN INNOVATIONS,
LLC

EX PARTE APPLICATION

## DECLARATION OF JT FOX IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION

I, JT Fox, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am a partner with the Law Offices of JT Fox & Associates, APC, attorneys of record for Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC ("Defendants") in the above-captioned case.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3.      On March 4, 2024, I informed Plaintiffs' counsel that Defendants will apply *ex parte* for (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, and (2) An Order Permitting Defendants' Expert, Rick Watts, To Submit a Supplement Rebuttal Report pursuant to Federal Rule Of Civil Procedure 26(a)(2). I informed Plaintiffs' counsel that if they intended to file an opposition, notice must be filed as soon as practicable and within 24 hours of the filing of the *ex parte* application.

4.      Rick Watts from Quandary Peak Research ("QPR") is an IT expert and was retained to rebut Plaintiff's expert reports in support of their claims that Defendants have engaged in violation of this Court's injunction order and spoilation of evidence, and further to oppose Plaintiffs' Terminating Sanctions Motion. On January 22, 2024, Defendants timely served their Initial Expert Witness Disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2), designating George Edwards of QPR as an expert. Due to circumstances unforeseen to Defendants, QPR thereafter advised Defendants via email that George Edwards was not available to serve as an expert on this matter, as he was not in a position to accept engagement as an expert.

Specifically, it is Defendants' understanding that Mr. Edwards is engaged in multiple commitments at the present time and has several upcoming trials, and thus not available to provide expert testimony in this matter.

5.    On February 23, 2024, I reached out to Plaintiffs' counsel in attempting to secure a stipulation allowing for the alternative designation of Mr. Watts as a rebuttal expert. This was a follow up to co-counsel Sandra Calin's initial email to Plaintiffs' counsel dated February 22, 2024, requesting the same. In a response email sent on February 26, 2024, Plaintiffs' counsel did not agree to this alternate designation but instead stated their concern that "Defendants are 'expert shopping' and simply wish to use a different expert than the one they designated," and asked for further reasoning as to why Mr. Edwards could not presently testify. After seeking clarification from QPR, I informed Plaintiffs' counsel on February 26, 2024 that "I was advised that Mr. Edwards given his existing commitments, was unable to testify in other matters at this time." After hearing no response from Plaintiffs' counsel, I sent another email on March 1, 2024 which further clarified Defendants' understanding as to why Mr. Edwards could not testify, and sought to specifically address Plaintiffs' concern that Defendants were "expert shopping. A true and correct copy of the aforementioned email correspondence beginning February 22, 2024 is attached hereto as **Exhibit "A"**.

6.    There will be zero prejudice to Plaintiffs if Rick Watts is designated as an alternative to George Edwards as a rebuttal expert for Defendants. Mr. Watts is an expert from QPR, the same firm as Defendants' initially designated expert George Edwards. Mr. Watts is effectively standing in the shoes of Mr. Edwards, as they are faced with the same exact tasks on rebuttal. It should make no difference as far as Plaintiff is concerned. Defendants are not "expert-shopping". Indeed, Mr. Edwards has not even provided any opinion in this matter. Further, there is also no risk of prejudice or undue delay by the Court allowing this alternate designation and for the one day late filing of Mr. Watts' report on February 27, 2024. (Dkt. No. 123.) The

Jury Trial in this matter is now set for December 10, 2024. (Dkt. No. 116.) Trial is almost nine months away, so Plaintiffs will have more than ample time to depose Mr. Watts and prepare any defense. This is further underscored by the fact that Plaintiffs were made known of Mr. Watts' CV and anticipated rebuttal testimony on February 22, 2024, and further had access to his near-final draft report on February 26, 2024. In contrast, there is great prejudice to Defendants by Plaintiffs' refusal to grant Defendants an ample extension, as set forth herein.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of March, 2024, at Pasadena, California.

_____
JT FOX, Declarant

# Exhibit A

**Re: Hidden Empire Holdings v. Angelone (Follow-up Request)**

Jt Fox <jt@jtfoxlaw.com>
Fri 3/1/2024 12:59 PM
To:Lawrence Hinkle <lhinkle@sandersroberts.com>
Cc:Justin Kian <justin@jtfoxlaw.com>;Sandy Calin <scalin@kdeklaw.com>;Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>

Lawrence,

After additional thought, and in the spirit of the meet and confer process to resolve this issue informally and to avoid court intervention, here are answers to your specific questions.

- We understand that you are now saying Mr. Edwards decided he does not want to serve as Defendants' expert any longer because of other "existing commitments." Are the "existing commitments" you are referring to the other cases he is involved in as an expert witness/consultant?
  The existing commitments are other cases he is currently working on that require more of his time, so he is no longer able to work on our case.

- Is it your understanding that Mr. Edwards will be providing expert/consultant services on other matters, such as the ones I listed in my February 26th email to you? Or is he withdrawing as an expert from the other matters?
  It is our understanding that he is currently providing expert/consultant services on other matters and was unable to take on new matters.

- What is your understanding of whether Mr. Edwards will be taking on any other new matters and an expert/consultant?
  Our understanding is that he is not taking on any new matters currently.

  I hope this clears up any confusion.  We are available for a conference call if you want to further discuss this issue.

  Again, as a professional courtesy, we are requesting that you accept Sandy's request.

  Have a nice weekend if I do not hear back from you today.

  Sincerely,

  JT

---

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Friday, March 1, 2024 9:08 AM
**To:** Jt Fox <jt@jtfoxlaw.com>
**Cc:** Justin Kian <justin@jtfoxlaw.com>; Sandy Calin <scalin@kdeklaw.com>; Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>
**Subject:** RE: Hidden Empire Holdings v. Angelone (Follow-up Request)

Hi JT –

This has been an extraordinarily busy week, so I am just catching up on emails.

I just want to be 100% clear on the circumstances surrounding Defendants' request that Plaintiffs stipulate to their desire to switch experts from Mr. Edwards to Mr. Watts, as my clients are asking for

## Re: Hidden Empire Holdings v. Angelone

Jt Fox <jt@jtfoxlaw.com>
Mon 2/26/2024 5:18 PM
To:Lawrence Hinkle <lhinkle@sandersroberts.com>
Cc:Justin Kian <justin@jtfoxlaw.com>;Sandy Calin <scalin@kdeklaw.com>;Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>

Lawrence,

I was able to confer with Quandary Peak Research about this issue and get a better understanding as to why Mr. Edwards could not testify.

I apparently misunderstood a representative of Quandary Peak Research, when I was advised as to why Mr. Edwards could no longer testify.  I was advised that Mr. Edwards given his existing commitments, was unable to testify in other matters at this time.

I believe that I confused the word "executive" with "existing".  I also incorrectly inferred this to mean that he took an executive position/commitment with Quandary Peak Research.  I was obviously mistaken.  I am sorry for the confusion.  I was horribly ill last week with a terrible flu, which I believe is the reason for my confusion.

Sincerely,

JT

---

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Monday, February 26, 2024 1:14 PM
**To:** Jt Fox <jt@jtfoxlaw.com>
**Cc:** Justin Kian <justin@jtfoxlaw.com>; Sandy Calin <scalin@kdeklaw.com>; Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>
**Subject:** RE: Hidden Empire Holdings v. Angelone

Hi JT –

We are concerned that Defendants are "expert shopping" and simply wish to use a different expert than the one they designated. Your co-counsel stated that your designated expert George Edwards "will not be available to testify in this case." However, you seemingly gave a different reason stating that Mr. Edwards took an executive position with Quandary Peak and can no longer offer expert testimony." The inconsistency in the reasons given only reenforces our concern.

Also, your representation that Mr. Edwards can no longer offer expert testimony appears to be in conflict with the fact that he claims to presently be an expert in several other matters including:

- Electronic Devices Including Smartphones, Computers, Tablet Computers, and Components Thereof | DEC 2023–**PRESENT**
  Jurisdiction: International Trade Commission (ITC)
  Counsel: Alston & Bird LLP
  Nature of Matter: Patent
- Security First Innovations, LLC vs Google LLC | SEPT 2023–**PRESENT**
  Jurisdiction: US District Court Eastern District of Virginia Alexandria Division
  Case Number: 2-23-cv-00097-EWH-RJK
  Nature of Suit: Patent
  Counsel: Sullivan & Cromwell LLP
- Smart Mobile Technologies, LLC v.
  Samsung Electronics Co. Ltd. | OCT 2023–**PRESENT**

Jurisdiction: Western District of Texas
Case Number: 6:21-cv-00701
Counsel: Graves & Shaw LLP
Nature of Suit: Patent

- <u>AGI Suretrack, LLC</u> v. Farmers Edge Inc | SEPT 2023–**PRESENT**
  Jurisdiction: U.S. District Court for the District of Nebraska
  Case Number: 8:22-cv-00275-JFB-SMB
  Counsel: Irell & Manella LLP
  Nature of Suit: Patent
- <u>Club Speed, LLC</u> v. K1 Speed, Inc | JULY 2023–**PRESENT**
  Jurisdiction: Superior Court of California
  Case Number: 30-2022-01241507-CU-BC-CJC
  Counsel: Rutan & Tucker, LLP
  Nature of Suit: Breach of Contract
- <u>University of Victoria</u> v. FreshWorks Studio Inc | JULY 2023–**PRESENT**
  Jurisdiction: BC Supreme Court
  Case Number: S-226081
  Counsel: Smart & Biggar LLP
  Nature of Suit: Patent

Can you please reconcile your statement that Mr. Edwards "can no longer offer expert testimony" with the foregoing issues we've identified?

Also, we have routinely granted professional courtesies to Defendants, but this is a different issue that does impact Plaintiffs. We are not trying to be difficult; rather, this issue merely requires additional information before we can give you a final response to your request.

Thank you for your anticipated cooperation.

Sincerely,



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

---

**From:** Jt Fox <jt@jtfoxlaw.com>
**Sent:** Friday, February 23, 2024 5:25 PM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Cc:** Justin Kian <justin@jtfoxlaw.com>; Sandy Calin <scalin@kdeklaw.com>; Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>
**Subject:** Re: Hidden Empire Holdings v. Angelone

Lawrence,

I hope you have been well.

Sandy asked me to respond to your last email, since she is currently tied up.

It would be inconceivable for your clients to not agree to Sandy's previous request.  Mr. Edwards and Mr. Watts are both from Quandary Peak.  Mr. Edwards was originally designated as an expert from Quandary Peak.  It is our understanding that Mr. Edwards took an executive position with Quandary Peak and can no longer offer expert testimony.  Mr. Watts was designated by Quandary Peak to replace Mr. Edwards.  Their tasks were/are the same.

It is my understanding that Sandy recently provided your clients with an additional discovery response extension as a professional courtesy.  Since there is absolutely no prejudice to your client, I would assume that professional courtesies would be fairly exchanged.

In regard to the need to bring this issue to the Court's attention immediately, Mr. Watts' report is needed to timely rebut your clients' expert's report.  It is also necessary to assist Defendants in their opposition to your clients' motion for terminating sanctions.

Please let Sandy know your clients' response as soon as possible.

Sincerely,

JT

---

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Friday, February 23, 2024 3:12 PM
**To:** 'Sandy Calin' <scalin@kdeklaw.com>
**Cc:** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>; Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>
**Subject:** RE: Hidden Empire Holdings v. Angelone

Hi Sandy –

Stephanie is out of the office, so I am jumping in here. We will discuss your request with our clients and get back to you asap. Before we do so, please provide the reasons why George Edwards is stating he will not be available to testify in this case.

Also, if we are unable to grant your request, we do not understand why Defendants would file an ex parte application as opposed to a noticed motion. We would also appreciate you letting us know why Defendants believe seeking emergency relief would be appropriate under the circumstances.

Thanks.



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

---

**From:** Sandy Calin <scalin@kdeklaw.com>
**Sent:** Thursday, February 22, 2024 3:04 PM
**To:** Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>; Lawrence Hinkle <lhinkle@sandersroberts.com>
**Cc:** jt@jtfoxlaw.com; 'Justin Kian' <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>
**Subject:** Hidden Empire Holdings v. Angelone

Some people who received this message don't often get email from scalin@kdeklaw.com. Learn why this is important

Hi Stephanie,

As you know we have withdrawn David Sack as an expert.  The only expert we now intend to call is the technology expert from Quandary Peak.  Our initial designation listed George Edwards of Quandary

Peak.  We have just learned that Mr. Edwards will not be available to testify in this case, and another expert from Quandary Peak, Rick Watts needs to be used instead.  The scope of his testimony will be the same as that described in our designation, and a copy of Mr. Watts' CV is attached.

Please let me know whether you will object to our changing our expert to Mr. Watts of Quandary Peak in place of Mr. Edwards.  If you will not agree, we will need to file an Ex Parte Application asking the Court to allow the change.

Thank you,
Sandy

*Sandra Calin*
**Partner**



**Kramer, deBoer & Keane, LLP**

21860 Burbank Boulevard, Suite 370, Woodland Hills, CA 91367
Tel: (818) 657-0255 | Fax: (818) 657-0256

50 California Street, Suite 1500, San Francisco, CA 94111
Tel: (415) 933-7855 | Fax: (415) 933-7850

Cell:  (818) 469-6255 | scalin@kdeklaw.com

**Los Angeles | Riverside-San Bernardino | Orange-San Diego | Northern California | Nevada**

*Visit our website at www.kdeklaw.com  for additional information on Kramer deBoer & Keane.*

This email, together with any attachments, is confidential and intended solely for the use of the individual to whom it is addressed. If you are not the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please destroy it and contact the sender by email or by telephone as listed above.

## DECLARATION OF SANDRA CALIN IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION

I, Sandra Calin, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am a partner with the law firm of Kramer, deBoer & Keane, LLP, attorneys of record for Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC ("Defendants") in the above-captioned case.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3.      On February 19, 2024 I e-mailed Stephanie J. Nojima, Esq., to ask (for the second time) for an extension of time for Defendants' expert to produce his rebuttal report. In a response dated February 20, 2024, Plaintiffs' counsel granted Defendants a six-day extension through February 26, 2024. A true and correct copy of the abovementioned email correspondence beginning February 19, 2024 is attached hereto as **Exhibit "B"**.

4.      A six-day extension simply did not provide ample time for Mr. Watts to provide a complete rebuttal report. Mr. Watts only required one more day to submit his report. This is evidenced by the fact that a nearly complete draft report was submitted on February 26, 2024 in support of Defendants' opposition to Plaintiffs' "Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendants for (1) Violating the Preliminary Injunction [Contempt] and (2) Spoilation of Evidence" ("Terminating Sanctions Motion"). Further, the sheer length of the Terminating Sanctions Motion and the reports prepared by Plaintiff's experts necessitated the one additional day for Mr. Watts to prepare a rebuttal. Defendants respectfully request the Court's indulgence to permit the one-day late filing of Mr.

Watts' final rebuttal report, to allow for all pertinent information to be before the Court for a full determination of the merits of the Terminating Sanctions Motion.

5.     On February 22, 2022, I reached out to Plaintiffs' counsel via email to determine whether Plaintiffs would object to Defendants changing their rebuttal expert to Mr. Watts of Quandary Peak in place of Mr. Edwards. I included in this email a copy of Mr. Watts' CV. I further advised Plaintiffs' counsel that if they would so object, Defendants "will need to file an Ex Parte Application asking the Court to allow the change." (See Decl. of JT Fox, Exhibit A.) Plaintiffs' counsel acknowledged defense counsel's intent to appear *ex parte* to make such request, but was vague regarding whether they would oppose said ex parte application. (*id.*)

6.     On March 4, 2024, I spoke via telephone with Plaintiffs' counsel, Lawrence Hinkle, regarding Plaintiffs' request for a fourth time extension for Plaintiffs to submit their responses to written discovery originally propounded by Defendants on December 19, 2023. This follows three extension requests by Plaintiffs on January 12, February 8, and February 15, 2024, each of which was granted. I stated that Defendants were unwilling to grant another discovery extension if Plaintiffs would not reciprocate with respect to Defendants' request to designate Mr. Watts as a rebuttal expert. In response, Plaintiffs' counsel indicated that Plaintiffs' request for an extension regarding the discovery responses and Defendants' request that Plaintiff not object to Defendants' expert designations – are unrelated. He further stated that Plaintiffs intend to object to Defendants' expert designations as they believe such issue impacts and is relevant to the pending Terminating Sanctions Motion. The call ended without agreement. Following this, Mr. Hinkle sent me an email dated March 4, 2024 which memorialized the details of the foregoing phone call. A true and correct copy of Plaintiffs' counsel's aforementioned email dated March 4, 2024 is attached hereto as **Exhibit "C"**. In light of the foregoing, Defendants are left with no choice but to seek immediate court intervention with respect to their designation of Mr. Watts as a rebuttal expert.

7.      Defendants submit that the disclosure of Mr. Watts as a rebuttal expert was proper and timely. Specifically, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that, in the time and sequence set by court order or stipulation, a party must disclose expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)". Here, per parties' counsels' agreement on February 20, 2024, Defendants were granted an extension through February 26, 2024 to disclose their expert rebuttal and report, as set forth above. On February 22, 2024, I disclosed via email to Plaintiffs' counsel that Defendants would be using Mr. Watts instead of Mr. Edwards as a rebuttal expert, and sent Plaintiffs' counsel a copy of Mr. Watts' CV. (See Decl. of JT Fox, Exhibit A.)

I certify under penalty of perjury that the foregoing is true and correct. Executed this 4th day of March, 2024, at Woodland Hills, California.

_____
SANDRA CALIN, Declarant

# Exhibit B

**RE: Hidden Empire**

Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>

Tue 2/20/2024 12:08 PM

To:Sandy Calin <scalin@kdeklaw.com>;Jt Fox <jt@jtfoxlaw.com>;Justin Kian <justin@jtfoxlaw.com>
Cc:Lawrence Hinkle <lhinkle@sandersroberts.com>;Yolanda Nelson <ynelson@kdeklaw.com>

You don't often get email from sjonesnojima@sandersroberts.com. Learn why this is important

[EXTERNAL SENDER]

Hi Sandy-

We believe your initial designation of George Edwards was defective because you did not include a report with that designation as required by the Federal Rules. However, if Mr. Edwards only intends to present opinions that directly rebut those contained in Plaintiffs' initial expert reports we will agree to an extension through and including February 26, 2024 for his rebuttal report.  This extension should be sufficient since Mr. Edwards will need to complete his work by that date for your opposition to the sanctions motion in any event.  We reserve our rights to move to strike any and all opinions contained in Mr. Edwards' report that are not in direct rebuttal to opinions contained in Plaintiffs' expert reports.

Best,
Stephanie



**Stephanie Jones Nojima**, PARTNER
sjonesnojima@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 9052 | f 213 234 4581 | sandersroberts.com

In response to recent events concerning COVID-19, Sanders Roberts LLP is moving to Electronic Mail Service for all documents. Please e-serve all legal correspondence, motions, discovery and pleadings in place of service via U.S. mail or other methods that involve delivery of materials to our offices.  Please include in your electronic service all attorneys on the applicable proof of service.  Please also cc all e-served documents to the following address: mail@sandersroberts.com.

NOTICE:  CONFIDENTIAL AND PRIVILEGED INFORMATION - This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

**From:** Sandy Calin <scalin@kdeklaw.com>
**Sent:** Monday, February 19, 2024 4:29 PM
**To:** Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>; jt@jtfoxlaw.com; justin@jtfoxlaw.com
**Cc:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Yolanda Nelson <ynelson@kdeklaw.com>
**Subject:** Hidden Empire

You don't often get email from scalin@kdeklaw.com. Learn why this is important

Hi Stephanie,

As you know, the rebuttal expert disclosure is due tomorrow, February 20.  Our expert at Quandry Peak Research is preparing a rebuttal report to the report produced in your initial expert designation.  However, because of the detail contained in your expert's report, and the volume of documents to be reviewed in preparing the rebuttal report, I am once again asking for an extension of time for our expert to produce his rebuttal report.

Rule 26(a)(2)(D) clearly provides that the parties may stipulate to extend the time to produce a rebuttal report.  Please let me know whether you will agree.  We will be filing an ex parte application regarding the late designation of David Sack, and if necessary, we can include this issue regarding the rebuttal report as well.

I will be available all day Tuesday to talk if you would like to discuss this.

Thanks,
Sandy

*Sandra Calin*
*Partner*



**Kramer, deBoer & Keane, LLP**

21860 Burbank Boulevard, Suite 370, Woodland Hills, CA 91367
Tel: (818) 657-0255 I Fax: (818) 657-0256

50 California Street, Suite 1500, San Francisco, CA 94111
Tel: (415) 933-7855 I Fax: (415) 933-7850

Cell:  (818) 469-6255 I scalin@kdeklaw.com

**Los Angeles I Riverside-San Bernardino I Orange-San Diego I Northern California I Nevada**

*Visit our website at www.kdeklaw.com  for additional information on Kramer deBoer & Keane.*

This email, together with any attachments, is confidential and intended solely for the use of the individual to whom it is addressed. If you are not the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please destroy it and contact the sender by email or by telephone as listed above.

# Exhibit C

## Hidden Empire Holdings v. Angelone - Denial of Request for An Extension re Discovery

Lawrence Hinkle <lhinkle@sandersroberts.com>

Mon 3/4/2024 11:21 AM

To:'Sandy Calin' <scalin@kdeklaw.com>

Cc:Jt Fox <jt@jtfoxlaw.com>;Justin Kian <justin@jtfoxlaw.com>;Yolanda Nelson <ynelson@kdeklaw.com>;Stephanie Jones Nojima <sjonesnojima@sandersroberts.com>

Hi Sandy –

I write to memorialize our conversation from this morning. I requested an extension of time for Plaintiffs to provide responses to Defendants' written discovery requests. I explained that the hearing on Plaintiffs' motion for sanctions is set for hearing on March 18th and that the discovery responses do not impact that motion. I stated that under the circumstances, requiring Plaintiffs to prepare the responses at this point amounts to "busy work" we'd hope to avoid having to do at this point. This is especially so given that the motion for sanctions could be dispositive of the entire case. I appreciate that prior extensions have been granted, but as I mentioned previously, there does not seem to be a point in having Plaintiffs incur the time and expense preparing the discovery responses until after the Court rules on the motion for sanctions. I thought we shared that view conceptually, especially in light of the fact that the trial and discovery cut off dates have been continued.

You stated that you will agree to grant a request for an extension, but only if Plaintiffs agree to not object to Defendants' expert designations.

I explained that the two issues – Plaintiffs' request for an extension regarding the discovery responses and Defendants' request that Plaintiff not object to Defendants' expert designations – are unrelated. I also stated that Plaintiffs intend to object to Defendants' expert designations as that issue impacts and is relevant to the pending motion for sanctions.  While you stated the Court is likely to allow Defendants' designations, please understand that it is an issue Plaintiffs are not prepared to waive under the circumstances.

We ended the call without an agreement.

Sincerely,



**Lawrence C. Hinkle II,**  MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

1

## PROOF OF SERVICE

2

3       I am employed in Los Angeles County, California.  I am over the age of 18 and not
a party to this action; my business address is 556 South Fair Oaks Avenue, No. 444,
Pasadena, CA 91105.  My email address is justin@jtfoxlaw.com

4

5       I certify that on March 4, 2024, I served:  **DEFENDANTS' EX PARTE**
**APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN**

6  **ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE**
**FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT;**

7  **DECLARATIONS OF COUNSEL** on the following parties or counsel of record as
follows:

8

9

| | |
|---|---|
| Lawrence Hinkle (Sbn 180551) Stephanie Jones Nojima (Sbn 178453) Matthew Barzman (Sbn 309063) SANDERS ROBERTS LLP 1055 West 7th Street, Suite 3200 Los Angeles, CA 90017 E-Mail:  lhinkle@sandersroberts.com; sjonesnojima@sandersroberts.com; mbarzman@sandersroberts.com. | *Counsel for Plaintiffs* |
| Sandra Calin, Esq. Jeffrey S. Kramer, Esq. KRAMER, DEBOER & KEANE A Limited Liability Partnership Including Professional Corporations 21860 Burbank Boulevard, Suite 370 Woodland Hills, California 91367 Email: jkramer@kdeklaw.com; scalin@kdeklaw.com; | *Co-Counsel for Defendants* |

10

11

12

13

14

15

16

17

18

19

20

21

22       **BY ELECTRONIC TRANSMISSION ONLY** by emailing the document(s)
to the persons at the email address(es).  No electronic message or other indication that

23  the transmission was unsuccessful was received within a reasonable time after the
transmission.

24

25       I declare under penalty of perjury under the laws of the United States of
America and the State of California that the foregoing is true and correct.  Executed at Los

26  Angeles, California on March 4, 2024.

27  

28  Justin Kian

16
EX PARTE APPLICATION