LAWRENCE HINKLE (SBN 180551)
lhinkle@sandersroberts.com
STEPHANIE JONES NOJIMA (SBN 178453)
sjonesnojima@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiffs and Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>Defendants. | **CASE NO. 2:22-cv-06515-MWF-AGR**<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald<br><br>**PLAINTIFFS' OBJECTION AND REQUEST TO STRIKE DEFENDANTS' INITIAL EXPERT WITNESS DISCLOSURE, REBUTTAL WITNESS DISCLOSURE, AND THE CORRESPONDING REPORTS OF RICK WATTS**<br><br>*[Filed concurrently with Plaintiffs' Reply To Defendants' Opposition To Motion For Order To Show Cause; Plaintiffs' Supplemental Compendium of Evidence; Response to Plaintiffs' Objections to Request for Judicial Notice; and Notice of Manual Filing or Lodging]*<br><br>Date: March 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 5A |

Case No.: 2:22-cv-06515-MWF-AGR
DEFENDANTS' OBJECTION AND REQUEST TO STRIKE PLAINTIFFS' EXPERT WITNESS DISCLOSURES AND CORRESPONDING REPORTS OF RICK WATTS

## I. INTRODUCTION

Defendants Darrick Angelone, AOne Creative, LLC formerly known as AOne Entertainment LLC, And On Chain Innovations, LLC (collectively, "Defendants") utterly failed to comply with their expert discovery obligations under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 26 and this Court's orders in multiple ways. In their initial expert designation, Defendants designated George Edwards but failed to serve a written report as required by Fed. R. Civ. P. 26(a). Defendants neither sought nor obtained an extension to serve a report for their initial designation.

For their rebuttal expert, Defendants requested, and Plaintiffs granted, an extension of time for Defendants to serve their rebuttal expert designation. However, Defendants failed to meet that deadline as well, instead serving by that extended deadline only an unsigned and incomplete draft report, and not by Edwards as Defendants led Plaintiffs to believe would be the case, but by a different expert, Rick Watts. By serving an unsigned and incomplete draft report, Defendants again failed to comply with Fed. R. Civ. P. 26(a). Also, Defendants attempt to switch experts from Edwards to Watts at the eleventh hour is pure gamesmanship. After the rebuttal expert deadline had passed, Defendants then belatedly designated Watts as their rebuttal expert and served a report signed by Watts. Defendants neither sought nor obtained an extension to serve this untimely rebuttal expert designation or final report.

Sanctions for Defendants' failure to comply with the expert discovery rules and the Court's Trial Order are warranted. For their conduct, Defendants' expert witness disclosures and the corresponding reports of Watts (draft and final) should be stricken.

## II. STATEMENT OF RELEVANT FACTS

On November 8, 2023, the Parties filed a Joint Stipulation To Continue Designation Of Expert Witnesses and Discovery Cutoffs. (**Supplemental**

**Declaration of Lawrence Hinkle ("Supp. Hinkle Decl.")**, ¶ 4; **Dkt. 105**.)[1] In relevant part, the stipulation sought to extend the deadline for the Parties to make their initial designation of expert witnesses to January 22, 2024 and their rebuttal disclosures of expert witnesses to February 20, 2024. (*Id.*) On November 9, 2023, the Court granted the Parties' Joint Stipulation. (**Supp. Hinkle Decl.**, ¶ 4; **Dkt. 106**.) Subsequently, on February 7, 2024, the Parties filed an additional Joint Stipulation to Continue Trial and Pretrial Dates. (**Supp. Hinkle Decl.**, ¶ 9; **Dkt. 113**.) The February 7, 2024 stipulation did not seek to continue the February 20, 2024 expert rebuttal disclosure deadline. (*Id.*) On February 9, 2024, the Court granted the Parties' additional stipulated request to continue the trial dates. (**Supp. Hinkle Decl.**, ¶ 11; **Dkt. 116**.)

Consistent with the Parties' first Joint Stipulation (and the Court's November 9, 2023 Order), on January 22, 2024, Plaintiffs made their initial expert witness disclosure and provided Defendants with their experts' required written reports. (**Supp. Hinkle Decl.**, ¶ 5; **Dkt. 107**.)

On January 22, 2024, Defendants served their initial Expert Witness Disclosure, designating George Edwards ("Edwards") as their computer science/technology expert. (**Supp. Hinkle Decl., ¶ 6**; **Dkt. 108**.) However, Defendants' Disclosure did not contain a report by Edwards. (*Id.*) On January 23, 2024, Defendants served a "Supplemental" Expert Witness Disclosure that purported to add a new damages expert, David Sack, CPA ("Sack"), but that Supplemental Designation also did not contain reports for either Edwards or Sack. (**Supp. Hinkle Decl.**, ¶ 7; **Dkt. 109**.) Defendants ultimately withdrew their designation of Mr. Sack.

---

[1] The Supp. Hinkle Declaration is being filed as Exhibit 65 to Plaintiffs' Supplemental Compendium of Evidence in Support of Their Reply to Defendants' Opposition to Plaintiffs' Motion for Order to Show Cause as to Why Sanctions Should Not be Imposed Against Defendants for (1) Violating the Preliminary Injunction [Contempt] and (2) Spoliation of Evidence ("Supp. Comp.").

1  On February 5, 2024, Plaintiffs filed their Motion for an Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendants For (1) Violating The Preliminary Injunction [Contempt] and (2) Spoliation Of Evidence (the "Sanctions Motion"). (**Supp. Hinkle Decl**., ¶ 8; **Dkt. 110-112**.) Plaintiffs noticed the Sanctions Motion for March 4, 2024. (*Id.*)

On February 8, 2024, Defendants filed an *ex parte* application seeking to continue the hearing date on Plaintiffs' Motion from March 4, 2024 to March 18, 2024. (**Supp. Hinkle Decl**., ¶ 10; **Dkt. 114**.) Later that day, the Court granted Defendants' *ex parte* application. (**Supp. Hinkle Decl., ¶ 10**; **Dkt. 115**.) Accordingly, Defendants' deadline to file their Opposition to the Sanctions Motion was extended to February 26, 2024. (*Id.*)

On February 19, 2024, more than 3.5 months *after* the joint request to extend the rebuttal expert witness disclosure deadline, and the day before Mr. Edwards' expert report was due, Defendants requested, and Plaintiffs granted, a further extension from February 20th to February 26, 2024 for Defendants to make their rebuttal expert witness disclosure (Defendants did not seek an Order from the Court regarding this extension). (**Supp. Hinkle Decl.**, ¶ 12; **Exhibit 69**.) In that correspondence, Plaintiffs' counsel explained that they could not offer a longer extension because Edwards' opinions were relevant to the instant motion and under the Court's order granting Defendants' an extension of time to respond to the motion their opposition was due on February 26. 2024. (*Id.*) Plaintiffs, under the impression that Defendants would be providing a rebuttal report by Edwards, agreed to the extension. (*Id.*) Defendants did nothing to correct Plaintiffs' belief.

On February 22, 2024, four days before Edwards' report was due, Defense counsel e-mailed Plaintiffs' counsel and advised that Defendants were switching experts from Edwards to a new person, Rick Watts ("Watts"). (**Supp. Hinkle Decl**. ¶ 13; **Exhibit 70**.) When Plaintiffs' counsel asked defense counsel to explain the reasons for the switch at this late date, defense counsel provided three different and

inconsistent explanations. Plaintiffs did not stipulate to the belated switch from Edwards to Watts. (***Id.***)

On February 26, 2024, Defendants filed their Opposition to Plaintiffs' Sanctions Motion, which contained an unsigned, draft report from Mr. Watts that Defense counsel attached to the Declaration of Sandra Calin filed in Support of Defendants' opposition. (**Supp. Hinkle Decl**., ¶ 14; **Dkt. 120**.) On February 27, 2027, after the stipulated deadline for rebuttal disclosures had already passed, Defendants filed and served a Rebuttal Designation naming Watts as their expert. (**Supp. Hinkle Decl.**, ¶ 15; **Dkt. 123**.) This belated Rebuttal Designation contained a signed report from Watts. (***Id.***)

## III. ARGUMENT

"Unless otherwise stipulated or ordered by the court, [a party's expert] witness disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case [. . .]" Fed.R.Civ.P. 26(a)(2)(B). "Experts specially engaged to provide expert testimony must furnish written reports that include a "complete statement of all opinions the witness will express and the basis and reasons for them," all "facts or data considered by the witness," and various disclosures related to the expert's qualifications, compensation, and prior expert testimony. Fed.R.Civ.P. 26(a)(2)(B)(i)-(vi).

"[Fed.R.Civ.P. Rule 37(c)(1)] gives teeth to [Rule 26(a)(2)'s] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." (*Yeti by Molly. Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1106.) For sanctions less than dismissal of a cause of action, no showing of "willfulness, fault, or bad faith" is required. (*Id.*) Courts have wide latitude in fashioning appropriate sanctions under Rule 37(c)(1) as Rule 26(a) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for

breaches of this rule...." (*Id.* [*citing Klonoski v. Mahlab* (1st Cir. 1998) 156 F.3d 255, 269.)

The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." (Fed.R.Civ.P. 37 advisory committee's note (1993).) Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. (*Yeti*, 259 F.3d at 1106.) Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. (*Id.* at 1107; *see also Wilson v. Bradlees of New England, Inc.* (1st Cir. 2001) 250 F.3d 10, 21 [("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless...."].)

Here, Plaintiffs have fulfilled their Rule 26 expert disclosure obligations. However, Defendants' initial disclosure on January 22nd did not comply with Rule 26 because no expert witness report was included. Accordingly, Defendants initial disclosure concerning their designation of Edwards was seriously non-compliant and thus, should be stricken. Notably, prior to the initial disclosure deadline, Defendants did not seek an extension by either stipulation or court order so that they could timely serve an expert report – they just chose to file the disclosure without it. (**Supp. Hinkle Decl.,** ¶ 9.)

Defendants then failed to comply with Rule 26 with respect to their purported rebuttal expert disclosure. This is so even though Plaintiffs granted Defendants' request for an extension from February 20th to February 26th for them to provide the rebuttal expert designation. On February 26th, Defendants did not serve any rebuttal designation at all. They merely attached an *unsigned* incomplete draft report to counsel's declaration filed as part of their opposition to the Sanctions Motion, authored not by Edwards, but by Watts. (**Supp. Hinkle Decl.,** ¶ 14.) Because Defendants failed to provide either a Rebuttal Designation or a complete, signed report by February 26th, the Court should strike *both* the unsigned, February 26

version of Watts' report and Defendants' February 27, 2024 Rebuttal Designation and the Supplemental Declaration of Ms. Calin that purports to put Watts' untimely report before the Court as part of Defendants' opposition to the Sanctions Motion. **Dkt. 122.**

The Court should also strike Watts' untimely report because when Defendants requested the extension from February 20th to February 26th, they led Plaintiffs to believe that they needed the extension so that Edwards could file the report. Instead of serving a report on February 26th prepared by Edwards, they submitted a draft unsigned report from Watts, and the next day filed and served an untimely Rebuttal Designation for Watts. (**Supp. Hinkle Decl.,** ¶ 15.) This wreaks of gamesmanship and should not be countenanced.

Defendants patently failed to comply with Rule 26 and the Court's Trial Order. Striking the disclosure and the corresponding reports served by Defendants is warranted under Rule 37(c) as failure to comply with Rule 26 results in a self-executing, automatic sanction. Defendants' failure to comply with the discovery rules has prejudiced Plaintiffs, not only in their preparation of the motion for sanctions papers, but also in connection with their case preparation in general. With respect to the preparation of their reply papers, Defendants actions have unnecessarily increased the costs of Plaintiffs' preparation of their papers because the late filing forced Plaintiffs to bring on additional resources to meet the Court's March 4, 2024 filing deadline. (**Supp. Hinkle Decl.,** ¶ 16.) Defendants should not be rewarded for their inexcusable, dilatory, and repeated failures to comply with their Rule 26 obligations and the Court's Trial Order.

///
///
///



## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Defendants' expert witness disclosures and the corresponding reports of Watts (draft and final) be stricken.

Dated: March 4, 2024

By: *Lawrence E. Hinkle* (signature)
Lawrence Hinkle, Esq.
Stephanie Jones Nojima, Esq.
Joshua R. Engel, Esq.
Attorneys for Plaintiffs,
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR**

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is esanders@sandersroberts.com.

On March 4, 2024, I served the following document(s) described as **PLAINTIFFS' OBJECTION AND REQUEST TO STRIKE DEFENDANTS' INITIAL EXPERT WITNESS DISCLOSURE, REBUTTAL WITNESS DISCLOSURE, AND THE CORRESPONDING REPORTS OF RICK WATTS** on the interested parties in this action as follows:

| | |
|---|---|
| **JEFFREY S. KRAMER, ESQ.**<br>**SANDRA CALIN, ESQ.**<br>**KRAMER, DEBOER & KEANE**<br>A Limited Liability Partnership<br>Including Professional Corporations<br>21860 Burbank Boulevard, Suite 370<br>Woodland Hills, California 91367<br>Tel: (818) 657-0255<br>Fax: (818) 657-0256<br>jkramer@kdeklaw.com<br>scalin@kdeklaw.com | *Attorneys for Defendants, Darrick Angelone, AOne Creative, LLC, On Chain Innovations, LLC* |
| **J. T. FOX, ESQ.**<br>**JUSTIN KIAN, ESQ.**<br>**LAW OFFICES OF JT FOX, APC**<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530<br>Fax: (888) 750-5530<br>jt@jtfoxlaw.com | *Co-Counsel for Defendants, Darrick Angelone, AOne Creative, LLC, On Chain Innovations, LLC* |

☒ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2024, at Los Angeles, California.

       Rhonda Bruton               *Rhonda Bruton*
       (Type or print name)

- 8 -   Case No.: 2:22-cv-06515-MWF-AGR

DEFENDANTS' OBJECTION AND REQUEST TO STRIKE PLAINTIFFS' EXPERT WITNESS DISCLOSURES AND CORRESPONDING REPORTS OF RICK WATTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28