Lawrence Hinkle (SBN 180551)
lhinkle@sandersroberts.com
Stephanie Jones Nojima (SBN 178453)
sjonesnojima@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Plaintiffs and Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC., HYPER ENGINE, LLC AND DEON TAYLOR AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company<br><br>Counterclaimants, | **CASE NO.  2:22-cv-06515-MWF-AGR**<br><br>Judge:    Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC, AND DEON TAYLOR'S AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT**<br><br>Complaint Filed:  September 12, 2022<br>Trial Date:        December 10, 2024 |

- 1 -     Case No.: 2:22-cv-06515-MWF-AGR

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION  FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT

| | |
|---|---|
| 1<br>2<br>3<br>4 | HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, |
| 5 | Counterclaim Defendants, |
| 6<br>7<br>8<br>9 | DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company, |
| 10 | Third-Party Plaintiffs, |
| 11 | |
| 12 | v. |
| 13 | ROXANNE TAYLOR, an individual, |
| 14 | Third-Party Defendant |

- 2 -    Case No.: 2:22-cv-06515-MWF-AGR

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT

## I. Introduction.

Aside from the fact that there is no "emergency" warranting an *ex parte* application, Defendants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC (collectively, "Defendants") did not comply with their expert discovery obligations under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 26 and this Court's orders in multiple ways. In their initial expert designation on January 22, 2024, Defendants designated George Edwards ("Edwards") but provided no written report, in violation of Fed. R. Civ. P. 26(a). Pursuant to the Court's Scheduling Order, rebuttal designations were due on February 20, 2024. Despite the fact that Defendants had Plaintiff Hidden Empire Holdings, LLC's, Hyper Engine, LLC's, Deon Taylor's and Cross-Defendant Roxanne Taylor's (collectively, "Plaintiffs") expert reports for over a month, on the day before rebuttal designations were due, Defendants requested Plaintiffs agree to an extension of time to February 26, 2024 for Defendants to serve their rebuttal expert designation. At the time of Defendants' request, they made no mention of the fact that Edwards would not be the designated expert. When the new deadline arrived, Defendants served no designation at all. Instead, they submitted an unsigned, draft report from a different expert, Rick Watts ("Watts"), as an attachment to counsel's declaration filed as part of an opposition to Plaintiffs' pending sanctions motion. By serving an unsigned and incomplete draft report, Defendants again violated Fed. R. Civ. P. 26(a). Plaintiffs did not serve a rebuttal expert designation for Watts until February 27, 2024, which was in violation of both the Court's Scheduling Order and the parties' informal agreement. As a result, Watts' designation was untimely and should be stricken.

Now – nearly 2.5 weeks after the Court ordered deadline lapsed and 1.5 weeks after their informal extension lapsed – Defendants seek extensions and relief under Rule 26(a)(2)(B), which under the law, cannot be granted because there is no good cause to retroactively modify the Scheduling Order to excuse Defendants' past

violations.[1] Moreover, Defendants are fully aware of the requirement that they seek the Court's approval to move relevant deadlines before those deadlines expired, but they failed to do so this time.[2] Their present situation is the result of their own dilatory conduct and does not warrant the relief they seek.

In any event, the expert discovery cutoff in this case is not until September 23, 2024, so there are no exigent circumstances that warrant Defendants' filing an *ex parte* application. Defendants should raise their request with the Court by filing a noticed motion.

For the foregoing reasons, and the reasons below, Defendants' application should be denied.

## II. **Statement of Facts.**

On November 8, 2023, the Parties filed a Joint Stipulation To Continue Designation Of Expert Witnesses and Discovery Cutoffs. (**Declaration of Lawrence Hinkle ("Hinkle Decl.")**, ¶ 4; **Dkt. 105**.) In relevant part, the stipulation sought to extend the deadline for the Parties to make their initial designation of expert witnesses to January 22, 2024 and their rebuttal disclosures of expert witnesses to February 20, 2024. (*Id.*) On November 9, 2023, the Court granted the Parties' Joint Stipulation. (Hinkle Decl., ¶ 4; **Dkt. 106**.) Subsequently, on February 7, 2024, the Parties filed an additional Joint Stipulation to Continue Trial and Pretrial Dates. (Hinkle Decl., ¶ 9; **Dkt. 113**.) The parties met and conferred over the new joint deadlines and at no time did Defendants ask to move the deadlines for expert designations, so among other matters, the expert rebuttal disclosure deadline stayed the same as in the Court's prior Scheduling Order. (*Id.*) On February 9, 2024, the Court granted the Parties' additional

---

[1] Defendants' Initial Expert Witness Disclosures, untimely Rebuttal Expert Witness Disclosure, and belated reports by Watts are currently the subject of Plaintiffs' Objection and Request to Strike Defendants' Initial Disclosure, Rebuttal Expert Witness Disclosure, and Corresponding Reports of Rick Watts. (**Dkt. 128.**)

[2] Their awareness of the requirement is evidenced by their filing of an *ex parte* application to continue the hearing date on Plaintiffs' pending sanctions motion so they would have more time to prepare their opposition. (**Dkt. 114.**)

stipulated request to continue the trial dates. (**Hinkle Decl.**, ¶ 11; **Dkt. 116**.) Accordingly, Defendants' deadline to serve expert rebuttal disclosures was February 20, 2024.

Consistent with the Parties' first Joint Stipulation (and the Court's November 9, 2023 Order), on January 22, 2024, Plaintiffs made their initial expert witness disclosures. (**Hinkle Decl.**, ¶ 5; **Dkt. 107**.) Also on January 22, 2024, Defendants served their initial Expert Witness Disclosure, designating Edwards as their computer science/technology expert. (**Hinkle Decl.**, ¶ 6; **Dkt. 108**.) However, Defendants' disclosure did not contain a report by Edwards. (*Id.*) On January 23, 2024, Defendants served a "Supplemental" Expert Witness Disclosure that purported to add a new damages expert, David Sack, CPA ("Sack"), but that Supplemental Designation also did not contain reports for either Edwards or Sack. (**Hinkle Decl.**, ¶ 7; **Dkt. 109**.) Defendants ultimately withdrew their designation of Sack.

On February 5, 2024, Plaintiffs filed their Motion for an Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendants For (1) Violating The Preliminary Injunction [Contempt] and (2) Spoliation Of Evidence (the "Sanctions Motion"). (**Hinkle Decl.**, ¶ 8; **Dkt. 110-112**.) Plaintiffs noticed the Sanctions Motion for March 4, 2024. (*Id.*)

On February 8, 2024, Defendants filed an *ex parte* application seeking to continue the hearing date on Plaintiffs' Motion from March 4, 2024 to March 18, 2024. (**Hinkle Decl.**, ¶ 10; **Dkt. 114**.) Later that day, the Court granted Defendants' *ex parte* application. (**Hinkle Decl.**, ¶ 10; **Dkt. 115**.) Accordingly, Defendants' deadline to file their Opposition to the Sanctions Motion was extended to February 26, 2024. (*Id.*)

On February 19, 2024, more than 3.5 months *after* the joint request to extend the rebuttal expert witness disclosure deadline, and the day before the Rebuttal Expert designation deadline, Defendants requested, and Plaintiffs granted, a further extension

from February 20th to February 26, 2024 for Defendants to make their rebuttal expert witness disclosure (Defendants did not seek an Order from the Court regarding this extension). (**Hinkle Decl.**, ¶ 12; **Exhibit 69**.) In that correspondence, Plaintiffs' counsel explained that they could not offer a longer extension because Edwards' rebuttal opinions were relevant to the pending sanctions motion and the deadline for Defendants' opposition to that motion was February 26. 2024. (***Id.***) Plaintiffs, under the impression that Defendants would be providing a rebuttal report by Edwards, agreed to the extension. (***Id.***) Defendants did nothing to correct Plaintiffs' belief.

On February 22, 2024, four days before the rebuttal designation and Edwards' report were due, defense counsel e-mailed Plaintiffs' counsel and advised that Defendants were switching experts from Edwards to a new person, Watts. (**Hinkle Decl.**, ¶ 13; **Exhibit 70**.) When Plaintiffs' counsel asked defense counsel to explain the reasons for the switch at this late date, defense counsel provided three different and inconsistent explanations. Plaintiffs did not stipulate to the belated switch from Edwards to Watts. (***Id.***)

On February 26, 2024, Defendants filed their Opposition to Plaintiffs' Sanctions Motion, which contained an unsigned, draft report from Watts that defense counsel attached to the Declaration of Sandra Calin filed in Support of Defendants' Opposition. (**Hinkle Decl.**, ¶ 14; **Dkt. 120**.) On February 27, 2027, after the stipulated deadline for rebuttal disclosures had already passed, Defendants filed and served a Rebuttal Designation naming Watts as their expert. (**Hinkle Decl.**, ¶ 15; **Dkt. 123**.) The belated Rebuttal Designation contained a signed report from Watts. (***Id.***)

### III. Argument.

#### a. There Is No Urgency for Defendants' *Ex Parte* Application.

Defendants do not identify a single exigent circumstance warranting their *ex parte* application. Under the current Scheduling Order, expert discovery in this matter does not close until September 23, 2024 - another 6.5 months. (**Dkt. 116.**) Defendants

have ample time to file a noticed motion in order to seek the relief sought by their *ex parte* application.

### b. There Is No Good Cause for the Relief Defendants Seek.

Once the deadlines to disclose experts have passed, a request by a party to extend the deadlines to do so is construed as a motion to modify the Scheduling Order under Federal Rule of Civil Procedure, Rule 16. (*See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608- 99 (9th Cir. 1992); *see also In re Northrop Grumman Corp. ERISA Litig.*, CV 06- 6213-AB (JCx), 2016 WL 6826171, at *2 (C.D. Cal. April 7, 2016) [treating motion to substitute expert as Rule 16 motion because motion "effectively asks the Court to modify the prior expert disclosure deadline . . . and allow them to name a new [] expert…and noting that modifying the scheduling order will result in the plaintiff complying with Rule 26 and thus not trigger sanctions under Rule 37], *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, CV 15-2812-ODW (PLAx), 2017 WL 11629880, at *1 (C.D. Cal. Aug. 3, 2017) ["Because Defendants seek to designate an expert beyond the deadline permitted in the Court's Scheduling Order, Defendants must show 'good cause' for not doing so earlier"], *Bagwell v. CBS Broad., Inc.*, CV 19-8423-DSF (ASx), 2021 WL 9145409, at *1–*2 (C.D. Cal. Oct. 19, 2021) (treating motion to substitute expert as motion to modify scheduling order under Rule 16).)

Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." (Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (requiring good cause to extend the time to accomplish an act that must be done within a specified time).) The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." (*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the



- 7 -   Case No.: 2:22-cv-06515-MWF-AGR

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT

moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end").)

Here, there are at least two reasons why the relief sought should be denied. First, Defendants were dilatory in seeking relief. Defendants' deadline to designate their rebuttal witness lapsed more than 2.5 weeks prior to bringing the instant *ex parte* application. By their own admission, Defendants knew they wanted to switch experts no later than February 22, 2024. (**_Ex Parte_ Application**, p. 2:26-3:1 and 3:26-28.) Even with Plaintiffs' informal extension of the deadline to designate rebuttal experts to February 26th, Defendants' *ex parte* application was not made until 1.5 weeks *after* the rebuttal designation deadline had lapsed and Defendants knew Plaintiffs would not stipulate to a further extension (because Plaintiffs could not given the direct relevance of expert opinions to its sanctions motion). Such unexcused delay by Defendants falls woefully short of diligence.

Moreover, for at least one-month, Defendants knew of "circumstances unforeseen to Defendants" and yet, did nothing to seek the Court's modification of its scheduling order. Tellingly, Defendants fail to state the date it became aware of the "unforeseen" circumstances or identify the nature of any of the circumstances purportedly necessitating the switch. (**_Ex Parte_ Application**, p. 3:10-13.) Defendants must have known of the circumstances when they served and filed their non-compliant Rule 26(a) initial designation of Edwards without any accompanying report. Yet, Defendants did nothing to seek relief from the Court.

Because Defendants waited more than one month in seeking an extension and not once sought a Court approved extension of the rebuttal designation deadline, Defendants were dilatory and accordingly, there is no good cause to support their request for an extension, i.e., a modification of the Court's Scheduling Order.

Second, Defendants failed to seek a modification of the Court's February 9, 2024 Scheduling Order. The only mechanism by which Defendants' late rebuttal

- 8 - Case No.: 2:22-cv-06515-MWF-AGR
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT

witness disclosures and service or late reports can be made at this juncture is through the modification of the Court's February 9, 2024 Scheduling Order. This is yet another independent reason why Defendants' *ex parte* application should be denied.

**IV. Conclusion.**

Based on the foregoing, Plaintiffs respectfully request this Court deny Defendants' *ex parte* application.

Dated: March 5, 2024　　　　　　**SANDERS ROBERTS LLP**

By: _Lawrence E. Hinkle_ (signature)
Lawrence Hinkle, Esq.
Stephanie Jones Nojima, Esq.
Attorneys for Plaintiffs and Counter-Defendants,
**HIDDEN EMPIRE HOLDINGS, LLC., HYPER ENGINE, LLC AND DEON TAYLOR AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**



# PROOF OF SERVICE

## (CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is esanders@sandersroberts.com.

On March 5, 2024, I served the following document(s) described as **PLAINTIFFS HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC, AND DEON TAYLOR'S AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS' REBUTTAL REPORT** on the interested parties in this action as follows:

| | |
|---|---|
| **JEFFREY S. KRAMER, ESQ.**<br>**SANDRA CALIN, ESQ.**<br>**KRAMER, DEBOER & KEANE**<br>A Limited Liability Partnership<br>Including Professional Corporations<br>21860 Burbank Boulevard, Suite 370<br>Woodland Hills, California 91367<br>Tel: (818) 657-0255<br>Fax: (818) 657-0256<br>jkramer@kdeklaw.com<br>scalin@kdeklaw.com | *Attorneys for Defendants, Darrick Angelone, AOne Creative, LLC, On Chain Innovations, LLC* |
| **J. T. FOX, ESQ.**<br>**JUSTIN KIAN, ESQ.**<br>**LAW OFFICES OF JT FOX, APC**<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530<br>Fax: (888) 750-5530<br>jt@jtfoxlaw.com | *Co-Counsel for Defendants, Darrick Angelone, AOne Creative, LLC, On Chain Innovations, LLC* |

☒ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 5, 2024, at Los Angeles, California.

| | |
|---|---|
| Elizabeth Sanders | *(signature)* |
| (Type or print name) | (Signature) |