LAWRENCE HINKLE (SBN 180551)
lhinkle@sandersroberts.com
STEPHANIE JONES NOJIMA (SBN 178453)
sjonesnojima@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiffs and Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company<br><br>Counterclaimants, | **CASE NO. 2:22-cv-06515-MWF-AGR**<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald<br><br>**DECLARATION OF LAWRENCE C. HINKLE, II, IN SUPPORT OF PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS'S REBUTTAL REPORT**<br><br>Date:<br>Time:        10:00 a.m.<br>Courtroom:   5A |

| | |
|---|---|
| 1 | HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; |
| 2 | HYPER ENGINE, LLC; a California limited liability company; DEON |
| 3 | TAYLOR, an individual, |
| 4 | Counterclaim Defendants, |
| 5 | |
| 6 | DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT |
| 7 | LLC, a Florida limited liability company; ON CHAIN INNOVATIONS |
| 8 | LLC, a Florida limited liability company, |
| 9 | |
| 10 | Third-Party Plaintiffs, |
| 11 | v. |
| 12 | ROXANNE TAYLOR, an individual, |
| 13 | Third-Party Defendant |

2  Case No.: 2:22-cv-06515-MWF-AGR

DECLARATION OF LAWRENCE C. HINKLE, II, IN SUPPORT OF PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR (1) AN ORDER ALLOWING DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT, AND (2) AN ORDER PERMITTING LATE FILING OF DEFENDANTS' EXPERT RICK WATTS'S REBUTTAL REPORT



**DECLARATION OF LAWRENCE C. HINKLE, II**

I, Lawrence C. Hinkle, II, declare as follows:

1. I am an attorney admitted to practice in all the Courts in the state of California, and am an attorney at Sanders Roberts LLP, counsel of record for Plaintiffs and Counter-Defendants Hidden Empire Holdings, LLC. ("HEFG"), Hyper Engine, LLC ("Hyper Engine") and Deon Taylor and Third-Party Defendant Roxanne Taylor (collectively, "Plaintiffs"). I offer this Declaration in support of Plaintiffs' And Third-Party Defendant's Opposition To Defendants' *Ex Parte* Application For (1) An Order Allowing Designation Of An Alternate Rebuttal Expert, And (2) An Order Permitting Late Filing Of Defendants' Expert Rick Watts's Rebuttal Report. The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

2. [Reserved.]

3. [Reserved.]

4. On November 8, 2022 the parties filed a Stipulation to adjust the deadlines set forth in the Court's initial Trial Order to allow for more time to complete discovery. **Dkt 105.** As relevant to this motion, the parties agreed to extend the initial expert disclosure deadline to January 22, 2024 and the rebuttal expert disclosure deadline to February 22, 2024. On November 9, 2024 the Court approved the parties' stipulation and entered an Order extending these deadlines. **Dkt. 106.**

5. On January 22, 2024 Plaintiffs served their Initial Designation of Expert Witnesses. That designation identified two retained experts, Erin Burke and Alex Izen. Plaintiffs served expert reports for both Ms. Burke and Mr. Izen along with their January 22, 2024 Initial Designation. **Dkt. 107.**

6. Later that same evening Defendants served and filed their Initial Designation of Expert Witnesses. That designation identified one expert witness, computer science expert George Edwards, but Defendants did not serve any report

1 along with their January 22, 2024 initial designation. **Dkt. 108**.

2       7.    The next day, on January 23, 2024, Defendants filed and served a Supplemental Expert Designation that added David Sack, CPA as an additional expert. Defendants' January 24, 2024 Supplemental Designation also did not contain reports for either Mr. Edwards or Mr. Sack. **Dkt. 109.** On February 19, 2024 Defendants withdrew Mr. Sack as an expert.

      8.    Plaintiffs filed the instant motion on February 5, 2024. Plaintiffs submitted declarations from both of their experts (Erin Burke and Alex Izen) as part of their moving papers. In the weeks prior to filing the instant motion I had several conversations with Ms. Calin wherein I told her that the motion was being prepared and would be filed in the near future. Plaintiffs noticed their Motion for hearing on March 4, 2024. **Dkt. 110-112.**

      9.    On February 7, 2024, after the deadline for initial designation of expert witnesses had already passed, the parties filed an additional Joint Stipulation to Continue Trial and Pretrial Deadlines. **Dkt. 113.** The parties met and conferred over the new proposed deadlines for the adjusted schedule and at no time did defense counsel request that the parties extend the deadline for designation of either initial or rebuttal experts.

      10.    On February 8, 2024 Defendants filed an *ex parte* application seeking to continue the hearing date on Plaintiffs' Motion to March 18, 2024 so that they would have more time to prepare their opposition. **Dkt. 114.** The Court granted Defendants' *ex parte* application that same day, thereby extending the deadline for Defendants to file their opposition to February 26, 2024. **Dkt. 115.**

      11.    On February 9, 2024 the Court approved the parties' Stipulation to Continue Trial and Pretrial Deadlines and entered an Order thereon, but consistent with the parties' stipulation did not extend the deadline for initial or rebuttal expert designations. **Dkt. 116.**

12. On the afternoon of February 19, 2024, the day before the deadline for expert rebuttal designations in this action, defense counsel Sandra Calin emailed my colleague Stephanie Jones Nojima and requested an extension of time to serve a report for their expert Mr. Edwards. On February 20, 2024, Ms. Nojima responded to Ms. Calin advising her of our position that Defendants' initial designation of Mr. Edwards was defective because Defendants did not provide a report along with either their January 22 or January 23, 2024 designations. Nonetheless, Ms. Nojima agreed to grant Defendants and extension, through and including September 26,2024 to serve Mr. Edwards' report, provided the report was truly a rebuttal report and did not address matters outside the reports of Plaintiffs' experts Erin Burke and Alex Izen. A true and correct copy of the correspondence between Ms. Calin and Ms. Nojima regarding Defendants' request for an extension of time to serve Defendants' rebuttal expert report, dated February 19, 2024 through February 20, 2024 is attached to Plaintiffs' Supp. Comp. as **Exhibit 69**. I was copied on this correspondence.

13. On February 22, 2024 Ms. Calin emailed Ms. Nojima and myself stating that Defendants were changing experts from Mr. Edwards to another expert named Rick Watts. I corresponded with Ms. Calin and defense counsel J.T. Fox over the next several days asking why Defendants were switching experts on the eve of the deadline for their expert report and received three different and inconsistent answers. A true and correct copy of the correspondence between Ms. Calin and Mr. Fox and myself regarding Defendants' switch of experts, dated February 22, 2024 through February 26, 2024 is attached to Plaintiffs' Supp. Comp. as **Exhibit 70**.

14. Defendants did not submit a signed, final expert report for Mr. Watts on the February 26, 2024 deadline, nor did they ask Plaintiffs' counsel to agree to a further extension. Instead, Ms. Calin attached an unsigned, incomplete draft report from Mr. Watts to a Declaration she submitted to the Court as part of Defendants' opposition to Plaintiffs' moving papers. **Dkt. 120.**

15. Defendants filed and served an untimely Rebuttal Expert Designation for Mr. Watts that contained a signed report at 6:30pm on February 27, 2024. **Dkt. 123**.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed this 5th day of March 2024, at Los Angeles, California.

_____
Lawrence C. Hinkle, II