LAWRENCE HINKLE (SBN 180551)
lhinkle@sandersroberts.com
STEPHANIE JONES NOJIMA (SBN 178453)
sjonesnojima@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiffs and Counterclaim
Defendants
**HIDDEN EMPIRE HOLDINGS, LLC;
HYPER ENGINE, LLC; DEON
TAYLOR; AND THIRD-PARTY
DEFENDANT ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants. | **CASE NO.  2:22-cv-06515-MWF-AGR**<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald<br><br>**PLAINTIFFS' SUPPLEMENT TO REPLY BRIEF (DKT. NO. 126) RE NINTH CIRCUIT OPINION, *JONES V. RIOT HOSPITAL GROUP LLC*, FILED MARCH 5, 2024, RE TERMINATING SANCTIONS**<br><br>Date:        March 18, 2024<br>Time:        10:00 a.m.<br>Courtroom:  5A |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company<br><br>Counterclaimants, | |

PLAINTIFFS' SUPPLEMENT TO REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR ORDER
TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST DEFENDANTS

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs,

v.

ROXANNE TAYLOR, an individual,

Third-Party Defendant

Plaintiffs hereby submit this Supplement to their Reply filed on March 4, 2024 (Dkt. No. 126) to apprise the Court of a new opinion by the United States Court of Appeals for the Ninth Circuit, *Jones v. Riot Hospitality Group LLC* (9th Cir., Mar. 5, 2024, No. 22-16465) 2024 WL 927669, regarding terminating sanctions for spoliation of evidence that was published on March 5, 2024, the day after Plaintiffs filed their Reply to Defendants' Opposition to Plaintiffs' Motion for Order to Show Cause Why Sanctions Should Not be Imposed Against Defendants for (1) Violating the Preliminary Injunction [Contempt] and (2) Spoliation of Evidence. (Dkt. No. 110). A true and correct copy of the published opinion in *Jones v. Riot Hospitality Group LLC* is attached hereto.

///

///

///

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   THE DAY AFTER PLAINTIFFS FILED THEIR REPLY BRIEF, THE NINTH CIRCUIT PUBLISHED AN OPINION THAT AFFIRMED TERMINATING SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(e)(2) FOR INTENTIONAL SPOLIATION OF ELECTRONICALLY STORED INFORMATION**

On March 4, 2024, Plaintiffs timely filed their Reply to Defendants' Opposition to Motion for Order to Show Cause.

On March 5, 2024, the day after Plaintiffs filed their Reply, the United States Court of Appeals for the Ninth Circuit filed published its opinion in *Jones v. Riot Hospitality Group LLC* (9th Cir., Mar. 5, 2024, No. 22-16465) 2024 WL 927669 (Ex. 71) ("*Jones*"), attached hereto. There, the Ninth Circuit affirmed an order from the District Court issuing terminating sanctions under Federal Rule of Civil Procedure 37(e)(2) for willfully deleting electronically stored information ("ESI"). In their Motion, Plaintiffs included Rule 37(e) as one of many authorities this Court has for issuing terminating sanctions against Defendants. (Dkt. No. 110-1, p. 29.) The *Jones* case is on point and provides direct support for Plaintiffs' request for terminating sanctions in the present action.

In *Jones*, the District Court dismissed the plaintiff's case with prejudice after finding that the plaintiff "deleted text messages and cooperated in the deletion of messages by her witnesses, intending to deprive [defendants] of their use in litigation." *Jones*, *supra*, 2024 WL 927669, at *2; Ex. 71 at p. 5. Like here, the ESI at issue was subject to a court order requiring the plaintiffs to turn the ESI over to the defendants. In support of a motion for terminating sanctions, the defendants submitted a report from an expert who had concluded that "'an orchestrated effort to delete and/or hide evidence subject to the Court's order has occurred.'" *Ibid*. In addition to ordering terminating sanctions, the District Court assessed fees and costs in the amount of $69,576 against the plaintiff. *Ibid*.



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

On appeal, the plaintiff argued that "the district court abused its discretion by dismissing the case because her conduct was neither willful nor prejudicial to [defendants]." *Ibid*. The *Jones* court disagreed. It noted that "[t]o dismiss a case under Rule 37(e)(2), a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI." *Id.* at *3. "Intent" is "most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Ibid*. Moreover, "[b]ecause intent can rarely be shown directly, a district court may consider *circumstantial evidence* in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions. [citation omitted] Relevant considerations include the *timing of destruction*, *affirmative steps taken to delete evidence*, and *selective preservation*." *Ibid*. (emphases added).

In the present action, the evidence is more than circumstantial and all three considerations weigh heavily in favor of entering terminating sanctions against Defendants. The Court entered its Preliminary Injunction on September 30, 2022. As shown by the evidence and explained in Plaintiffs' Reply brief, Defendants conceded that by October 7, 2022, Google had reverted Darrick Angelone's ("Angelone") administrator rights back *to him*. (Dkt. 126, pp. 12-13.) Additionally, only an administrator can delete Google Workspace accounts, thereby erasing information, including historical emails and records. (*Ibid*.) By the time Roxanne Taylor was able to log in to an account on October 10, 2022, HEFG's Google Workspace account had been permanently deleted by the prior administrator, Angelone. (*Id*., pp. 10-12.) The evidence, including uncontroverted records from Google, indicate that Angelone took affirmative steps to delete HEFG's Google Workspace account, and all the evidence it contained that could have been used in this action. Although it is not necessary to find "selective preservation," that is present as well because while Defendants did comply with certain provisions of the Preliminary Injunction that are not the subject

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

of Plaintiffs' present Motion, they clearly engaged in selective preservation because Angelone deleted the most critical ESI that contained evidence that is indispensable to Plaintiffs' ability to prosecute its Complaint and defend against the Counter-Claims and Third-Party action. There can be no question about the fact that Defendants committed willful spoliation of evidence.

Regarding prejudice, the Ninth Circuit observed that "Rule 37(e)(2) does not mention prejudice as a prerequisite to sanctions, including dismissal." *Jones*, *supra*, 2024 WL 927669, at *4. The Advisory Committee Notes, however, explain that "'the finding of intent required by [Rule 37(e)(2)] can support not only an *inference* that the lost information was *unfavorable to the party that intentionally destroyed it*, but also an *inference that the opposing party was prejudiced by the loss of information that would have favored its position*.'" *Ibid*. (emphases added). Rule 37(e)(2) does not require any further finding of prejudice. *Ibid*. Based on the nature of information lost in text messages that had been deleted, the *Jones* court upheld the District Court's finding of prejudice.

At a minimum here, Angelone's intentional deletion of HEFG's Google Workspace account, including over ten years of historical emails, records, and evidence, creates an unassailable inference that the information he destroyed was unfavorable to him and that Plaintiffs are prejudiced by the loss of information. (*See Ibid*.; Dkt. 126, pp. 20-22.) But even if the allowable inference under Rule 37(e)(2) did not exist, Plaintiffs' evidence *directly proved* by a preponderance of evidence that they have been irreparably harmed in their business and *prejudiced in this case* by the destruction of their records and information that is critical to this action. In addition to being unable to proffer necessary evidence, Plaintiffs have been crippled in their ability to produce documents and answers in response to discovery. *Defendants made no effort to refute Plaintiffs' evidence showing the extent of the prejudice they have suffered*. (Dkt. 126, pp. 22-23.) Therefore, Plaintiffs' evidence of prejudice is undisputed and supports an entry of terminating sanctions pursuant to the authority



Plaintiffs cited in their Motion and Reply and the *Jones* case handed down by the Ninth Circuit on March 5, 2024.

In addition to affirming terminating sanctions for destruction of ESI in violation of Rule 37(e)(2), the *Jones* court affirmed the District Court's award of attorney's fees and costs. *Jones*, *supra*, at *6. For reasons set forth in Plaintiffs' Motion and Reply, Plaintiffs' entitlement to attorney's fees and costs is even stronger here, particularly because Defendants' conduct and destruction of evidence also constitutes contempt of court for violating this Court's September 30, 2022, Preliminary Injunction.

## II.     CONCLUSION

Plaintiffs respectfully submit the Ninth Circuit opinion in *Jones v. Riot Hospitality Group LLC* as further authority in support of their pending motion for terminating sanctions and compensatory and compulsory fines for contempt.

Dated:  March 6, 2024                    **SANDERS ROBERTS LLP**

By:  _Lawrence Hinkle_ _____
    Lawrence Hinkle, Esq.
    Attorneys for Plaintiffs
    **HIDDEN EMPIRE HOLDINGS, LLC;**
    **HYPER ENGINE, LLC; DEON TAYLOR;**
    **AND THIRD-PARTY DEFENDANT**
    **ROXANNE TAYLOR**

**"I hereby attest that I have on file all holographic signatures corresponding to any signatures (/s/) within this e-filed document."**

_Lawrence Hinkle_ _____
Lawrence Hinkle

PLAINTIFFS' SUPPLEMENT TO REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST DEFENDANTS

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALYSSA JONES, | No.22-16465 |
| *Plaintiff-Appellant*, | D.C. No. 2:17-cv-04612-GMS |
| PHILIP NATHANSON, Plaintiff's Attorney, Individually, | |
| *Appellant*, | OPINION |
| v. | |
| RIOT HOSPITALITY GROUP LLC, now known as Noatoz LLC; RHG VENTURES LLC; RYAN HIBBERT, individually and in his official capacity; 4425 SADDLEBAG LLC; 4425 SADDLEBAG 2 LLC; MILO COMPANIES LLC; ROOKE LLC, | |
| *Defendants-Appellees*, | |
| and | |
| JW BAR LLC; MRM HOSPITALITY LLC, | |
| *Defendants*. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted February 7, 2024
Phoenix, Arizona

Filed March 5, 2024

Before:  Marsha S. Berzon, Andrew D. Hurwitz, and
Anthony Johnstone, Circuit Judges.

Opinion by Judge Hurwitz

## SUMMARY[*]

### Sanctions

The panel affirmed the district court's dismissal under
Federal Rule of Civil Procedure 37(e)(2) of an employment
discrimination action because of intentional spoliation of
electronically stored information by the plaintiff.

The panel held that the district court did not abuse its
discretion by imposing a terminating sanction because ample
circumstantial evidence showed that the plaintiff acted
willfully, and the district court properly relied on an
inference that her deletion of text messages with co-workers
and her coordination with witnesses to delete messages was

---

[*] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

prejudicial to the defendant. The panel also held that the district court did not abuse its discretion in considering an expert report.

The panel held that the district court's discovery orders instructing the plaintiff and others to hand over their phones to a forensic search specialist were procedurally proper, and the plaintiff's challenge to the orders based on privacy interests was unpersuasive.

Finally, the panel held that the district court did not abuse its discretion in awarding attorneys' fees and costs.

---

#### COUNSEL

Philip J. Nathanson (argued), The Nathanson Law Firm, Scottsdale, Arizona, for Plaintiffs-Appellants.

Richard H. Nakamura, Jr. (argued), Clark Hill LLP, Los Angeles, California; Sean M. Carroll, Darrell E. Davis, and David I. Weissman, Clark Hill PLC, Scottsdale, Arizona; for Defendants-Appellees.

---

#### OPINION

HURWITZ, Circuit Judge:

The district court dismissed this case under Federal Rule of Civil Procedure 37(e)(2) because of intentional spoliation of electronically stored information ("ESI") by the plaintiff. Finding no abuse of discretion, we affirm.

## BACKGROUND

Alyssa Jones, a former waitress at a Scottsdale bar, sued the bar's owner-operator, Ryan Hibbert, and his company, Riot Hospitality Group (collectively "Riot"), in the district court in 2017, alleging Title VII violations and common law tort claims.  During discovery, Riot obtained text messages exchanged between Jones, her friends, and co-workers between December 2015 and October 2018.  Riot identified instances where Jones appeared to have abruptly stopped communicating with people she had been messaging almost daily.  In response to a subpoena, Jones' third-party imaging vendor produced a spreadsheet showing that messages between Jones and her co-workers had been deleted from Jones' mobile phone.  In subsequent depositions, two of the co-workers, both of whom Jones had identified as prospective trial witnesses, testified that they had exchanged text messages with Jones about the case since October 2018.  After Jones failed to comply with the district court's order to produce those messages, the court ordered the parties to jointly retain a third-party forensic search specialist to review the phones of Jones and three prospective witnesses.

After the district court denied a stay of that order,[1] it allowed Riot to subpoena the three witnesses "to produce their recent communications regarding Plaintiff's claims," and ordered Jones to deliver her phone to K.J. Kuchta, the agreed-upon forensic specialist.  *Jones v. Riot Hosp. Grp. LLC*, No. CV-17-04612-PHX, 2020 WL 4583628, at *4–5 (D. Ariz. Aug. 10, 2020).  Kuchta was to extract messages

---

[1] Jones' appeal of the district court's order was dismissed for lack of jurisdiction.  *Jones v. Riot Hosp. Gr. LLC*, No. 20-15407, 2022 WL 401329 (9th Cir. Feb. 9, 2022).

containing stipulated search terms and send them to Jones'
counsel, Philip Nathanson, who would then send all
discoverable messages to Riot and produce a privilege log of
those not produced. *Id.* Jones and two of the witnesses
ultimately delivered their phones to Kuchta.[2]

Kuchta extracted messages and sent them to Nathanson,
but the lawyer failed to forward any to Riot, despite multiple
district court orders that he do so and several deadline
extensions. The district court then ordered Kuchta to send
all non-privileged messages directly to Riot and later
assessed $69,576 in fees and costs against Jones and
Nathanson.

After finally receiving the text messages, Riot moved for
terminating sanctions under Federal Rule of Civil Procedure
37(e)(2). Riot submitted an expert report from Kuchta, who
concluded, after comparing the volume of messages sent and
received between phone pairs, that "an orchestrated effort to
delete and/or hide evidence subject to the Court's order has
occurred." In 2022, the district court dismissed the case with
prejudice, finding that Jones deleted text messages and
cooperated in the deletion of messages by her witnesses,
intending to deprive Riot of their use in litigation. *Jones v.
Riot Hosp. Grp. LLC*, No. CV-17-04612-PHX, 2022 WL
3682031, at *13 (D. Ariz. Aug. 25, 2022). Jones and
Nathanson timely appealed.

---

[2] The third witness first claimed that her phone was damaged, then that
it was lost. The district court eventually excluded her testimony.

## DISCUSSION

### I.  The Dismissal Sanction

Jones argues that she did not violate Rule 37(e) and the Kuchta spoliation report should have been excluded.  We review discovery sanctions for abuse of discretion and the district court's underlying findings of fact for clear error. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).  Admission of expert testimony is reviewed for abuse of discretion, but whether the district court applied the correct legal standard under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), is reviewed de novo.  *Hardeman v. Monsanto Co.*, 997 F.3d 941, 960 (9th Cir. 2021).

### a.  Dismissal under Rule 37(e)(2)

Rule 37(e) applies when ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."  If the district court finds the loss prejudicial, it "may order measures no greater than necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).  But, if the court finds that an offending plaintiff "acted with the intent to deprive another party of the information's use in the litigation," dismissal is authorized.  Fed. R. Civ. P. 37(e)(2).

The district court found that Jones intentionally deleted relevant text messages with co-workers from 2017 and 2018 and coordinated with her witnesses to delete messages from 2019 and 2020.  "Drawing reasonable inferences from the circumstances," the court found that Jones did so with the intent to deprive Riot of use of the messages in this suit. *Jones*, 2022 WL 3682031 at \*6; *see also id.* at \*10.  The

court also found that the deleted messages could not "be restored or replaced through additional discovery." *Id* at \*5; *see also id.* at \*8–9. Applying the five-factor test for terminating sanctions articulated in *Anheuser-Busch*, 69 F.3d at 348, the court found dismissal warranted. *Id.* at \*11–13.

On appeal, Jones does not contest her duty to preserve the deleted messages, that they were deleted, or that they cannot be restored or replaced through additional discovery. But, she argues that the district court abused its discretion by dismissing the case because her conduct was neither willful nor prejudicial to Riot.

We disagree. The *Anheuser-Busch* test generally controls the imposition of terminating sanctions, but we deal here with Rule 37(e)(2). To dismiss a case under Rule 37(e)(2), a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI. *See* Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment.

The district court did not clearly err in finding that Jones intentionally deleted ESI. Rule 37(e) does not define "intent," but in context, the word is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party. *See Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312 (11th Cir. 2023); Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment (stating that negligence or even gross negligence is insufficient). Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule

37(e)(2) sanctions. *See Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018). Relevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation. *See Laub v. Horbaczewski*, No. CV 17-6210-JAK, 2020 WL 9066078, at *6 (C.D. Cal. July 22, 2020).

Jones contends that the district court erred in finding intent because Kuchta could not confirm that every deletion of a text message was intentional or quantify the intentional deletions. But there was ample circumstantial evidence that Jones intentionally destroyed a significant number of text messages and collaborated with others to do so. As the district court noted, Jones could not explain why messages to other employees at the bar were selectively deleted in 2017 and 2018. With respect to the 2019 and 2020 messages, the court pointed out that "while much of the content of the deleted messages is unknowable," a screenshot of a message sent by a witness to Jones but missing from Jones' phone in its original form, "shows that Plaintiff deleted at least one message that had a direct bearing on her case." *Jones*, 2022 WL 3682031 at *10. Moreover, Jones and one of the witnesses obtained new phones shortly after they were ordered to hand over their devices for imaging. Neither Jones nor the witnesses produced the earlier phones for imaging, effectively preventing discovery of messages deleted from those phones. The court's conclusion "that [Jones] affirmatively selected certain text messages for deletion while otherwise preserving text messages sent around the same time" is supported by the record. *Id.*

Jones argues that her production of thousands of text messages "negates the intent and prejudice elements of Rule 37(e)." But production of some evidence does not excuse

destruction of other relevant evidence.  And evidence from Jones' third-party imaging vendor suggests that she deleted some messages from the very periods covered by her productions.

Jones also urges that the district court abused its discretion in finding that Riot was prejudiced by the destruction of the text messages because Riot nonetheless deposed Jones and the witnesses and filed a summary judgment motion.  But the district court's finding that Jones' destruction of ESI "impaired [Riot's] ability to go to trial and *threatened* to interfere with the rightful decision of the case," *id.* at \*11 (emphasis in original) (quoting *Anheuser-Busch*, 69 F.3d at 354), is well-supported by the record.

In any event, Rule 37(e)(2) does not mention prejudice as a prerequisite to sanctions, including dismissal.  The Advisory Committee Notes explain that a finding of prejudice was not included as a requirement because "the finding of intent required by [Rule 37(e)(2)] can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position." Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment. The district court relied on that inference here. *Jones*, 2022 WL 3682031 at \*11. "Subdivision (e)(2) does not require any further finding of prejudice." Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment; *see also Fast v. GoDaddy.com, LLC*, 340 F.R.D. 326, 335 n.3 (D. Ariz. 2022).

Jones also claims that dismissal was a measure "greater than necessary to cure the prejudice." *See* Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment ("The

remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss."). But, the district court expressly considered less drastic sanctions, including those in Rule 37(e)(1) and lesser sanctions authorized under Rule 37(e)(2), and reasonably concluded that none would likely be effective. *Jones*, 2022 WL 3682031 at \*12. Considering the nature of the spoliated ESI and Jones and Nathanson's repeated violations of court orders even after monetary sanctions had been imposed, *id.*, the district court's conclusion was not an abuse of discretion.

### b. Admissibility of Expert Testimony

Jones also argues that the district court abused its discretion in considering Kuchta's report. First, Jones argues that the report was submitted after the deadline for expert disclosures. That argument, however, ignores the district court's order reopening discovery for the limited purpose of presenting expert reports on spoliation.

Second, Jones argues that because Kuchta had earlier served as a special master, he had a conflict of interest. But Kuchta was jointly retained by the parties to conduct a forensic analysis of the submitted phones, not appointed by the district court as a Rule 53 special master. Nor did Jones demonstrate any actual conflict arising from Kuchta's subsequent role as an expert; she speculates that Riot retained and communicated *ex parte* with Kuchta while he served as a party-appointed specialist, but the record does not support that claim.

Jones' argument that the district court abused its discretion in not holding a *Daubert* hearing is also

unconvincing.  District courts are not always required to hold a *Daubert* hearing to discharge their reliability and relevance gatekeeping duties under Federal Rule of Evidence 702.  *See United States v. Jawara*, 474 F.3d 565, 582–83 (9th Cir. 2007).  Although *Daubert* sets out factors for district courts to consider when determining whether expert testimony is admissible under Rule 702, they are "illustrative," and "the inquiry is flexible."  *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (cleaned up).  And, "Rule 702 should be applied with a liberal thrust favoring admission."  *Id.* (cleaned up).  The record makes plain that Kuchta had extensive technical experience in computer forensics, including independent research in the type of mobile phone spoliation analysis he conducted in this case.  And his methodology—comparing the volume of messages sent and received between mobile phone pairs over time and looking for digital artifacts of deletions—is sound.  Jones makes much of Kuchta's acknowledgment that there is no industry standard for analyzing text message deletions but gives no plausible reason to doubt the reliability of his opinions.

## II. The Discovery Orders

Jones claims that the district court's original order instructing her and others to hand over their phones to Kuchta, and its August 10 modification order, were issued "*sua sponte*, without notice and without a defense motion requesting such relief and subsequent briefing."

The procedural challenge lacks record support.  The discovery orders were entered only after briefing about the status of discovery and phone conferences with the parties.  The Case Management Order and the District of Arizona's General Order 17-08 expressly authorized the court to

resolve discovery disputes during a telephone conference, and the CMO specified that the court "may order written briefing"—but is not required to do so—"if it does not resolve the dispute during the telephone conference."

Jones' substantive challenge to the orders, based on privacy interests, is also unpersuasive. To be sure, there is a strong privacy interest in the contents of mobile phones. *See Victory Processing, LLC v. Fox*, 937 F.3d 1218, 1227 (9th Cir. 2019) ("[T]he interest in protecting privacy applies with equal force to cellular devices."). For discovery purposes, those privacy considerations are generally considered either in Rule 26(b) proportionality analyses or as part of Rule 26(c) protective orders. *See Henson v. Turn, Inc.*, No. 15-cv-01497-JSW, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (collecting cases considering privacy in the proportionality analysis); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").[3] But the district court granted Jones the only protective order she sought on privacy grounds. As to proportionality, the witnesses' deposition testimony documented that they exchanged relevant text messages about the case; production by Jones' third-party vendor showed that Jones had deleted messages; and Jones and Nathanson repeatedly failed to produce discoverable messages in violation of court orders. The challenged orders were limited to stipulated "search

---

[3] *Cf.* Hon. James C. Francis IV, *Good Intentions Gone Awry: Privacy as Proportionality Under Rule 26(b)(1)*, 59 SAN DIEGO L. REV. 397, 399–400 (2022) (critiquing proposals to include privacy considerations as part of the Rule 26(b) proportionality analysis).

terms and the responsive documents . . . that relate to Plaintiff's claims against Defendants" and allowed Plaintiff to review any messages for privilege and relevance before production to Riot. *Jones v. Riot Hosp. Grp. LLC*, No. CV-17-04612-PHX (D. Ariz. Mar. 4, 2020), ECF No. 308, at \*1–2. Thus, even assuming that Jones can raise privacy concerns on behalf of the witnesses, the district court did not abuse its discretion.

Indeed, the primary case cited by Jones supports this conclusion. In *Lewis v. Archer Daniels Midland Co.*, the district court noted that courts have allowed neutral experts to examine electronic devices "when the moving party has sufficiently demonstrated need and inability to obtain relevant information by more conventional means and measures adequate to protect the privacy or commercial concerns of the party who owns the device are imposed." No. 17-14190, 2018 WL 6591999, at \*2 (E.D. La. Dec. 14, 2018). This case fits that description, particularly because Kuchta was told to produce only messages containing agreed-upon search terms that ensured their relevance to this case.[4]

---

[4] The other cases that Jones cites are easily distinguished. In one, the Sixth Circuit noted that "the record lacks evidence that defendants have intentionally destroyed relevant ESI in the past, and nothing in the record indicates that defendants are unwilling, or will refuse, to preserve and produce all relevant ESI in the future." *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008). In another, the plaintiff's request for a forensic examination was based on "mere skepticism that an opposing party has not produced all relevant information." *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-cv-2472-AJB, 2013 WL 5212013, at \*2 (S.D. Cal. Sept. 13, 2013). And, in *Ramos v. Hopele of Fort Lauderdale, LLC*, the requested examination was "not limited in any way, whether by search term, date, or identity of the sender or receiver." No. 17-62100-CIV, 2018 WL 1383188, at \*1 (S.D. Fla. Mar. 19, 2018).

### III.  Attorneys' Fees and Costs

Jones and Nathanson challenge the district court's award of attorneys' fees and costs.  We review for abuse of discretion, *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994), and find none.

The appellants first argue that Jones and Nathanson did not violate the discovery orders because they received the text message data from Kuchta in spreadsheet, not PDF, format.  But the orders did not require production in any particular format, and the parties' ESI stipulation expressly contemplated production of digital documents.

Jones and Nathanson next argue that they could not meet the court's deadlines because the extracted messages contained "over 70,000 pieces of evidence."  But the district court reasonably rejected this argument based on Nathanson's repeated failure to process the messages received from Kuchta or work with the expert to resolve technical issues, despite receiving multiple extensions to do so.

Nor are we persuaded by the argument that Riot "stopped Plaintiff's review" of the documents by filing a motion for sanctions.  Nothing in the motion precluded Jones from continuing the production process; nor did she respond to the motion by seeking more time to comply with the court orders.

Jones and Nathanson also complain that the August 10 discovery order expanded the relevance criteria of the March 4 order, making compliance harder.  But the language from the two orders—the August 10 order requiring production of communications "regarding this action or the witnesses' involvement in this action" and the March 10 order requiring

production of communications "that relate to Plaintiff's claims against Defendants"—is functionally identical. *Jones*, 2020 WL 4583628 at \*3; *Jones*, No. CV-17-04612-PHX (D. Ariz. Mar. 4, 2020), ECF No. 308, at \*2.

Finally, Jones and Nathanson argue that the search terms applied by Kuchta resulted in overbroad discovery "never ordered by the District Court." But Jones agreed to the search terms.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is rbruton@sandersroberts.com.

On March 6, 2024, I served the following document(s) described as **PLAINTIFFS' SUPPLEMENT TO REPLY BRIEF (DKT. NO. 126) RE NINTH CIRCUIT OPINION, *JONES V. RIOT HOSPITAL GROUP LLC*, FILED MARCH 5, 2024, RE TERMINATING SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| *Attorneys for Defendants, Darrick Angelone, AOne Creative, LLC, On Chain Innovations, LLC* | *Co-Counsel for Defendants, Darrick Angelone, AOne Creative, LLC, On Chain Innovations, LLC* |
| **JEFFREY S. KRAMER, ESQ.**<br>**SANDRA CALIN, ESQ.**<br>**KRAMER, DEBOER & KEANE**<br>A Limited Liability Partnership<br>Including Professional Corporations<br>21860 Burbank Boulevard, Suite 370<br>Woodland Hills, California 91367<br>Tel: (818) 657-0255<br>Fax: (818) 657-0256<br>jkramer@kdeklaw.com<br>scalin@kdeklaw.com | **J. T. FOX, ESQ.**<br>**JUSTIN KIAN, ESQ.**<br>**LAW OFFICES OF JT FOX, APC**<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530<br>Fax: (888) 750-5530<br>jt@jtfoxlaw.com |

☒ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted electronically through the approved vendor for e-filing by electronic service on the party(s) identified on the attached service list using the e-mail address(es) shown I did not receive, within a reasonable time after transmission, any email or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 6, 2024, at Los Angeles, California.

| | |
|---|---|
| Rhonda Bruton | *Rhonda Bruton* |
| (Type or print name) | (Signature) |