UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6515-MWF (AGRx)                    Date:  March 6, 2024
Title:    Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO ALLOW DESIGNATION OF AN ALTERNATE REBUTTAL EXPERT AND LATE FILING OF RICK WATTS' REBUTTAL REPORT [125]; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST TO STRIKE DEFENDANTS' EXPERT DISCLOSURES AND RICK WATTS' REPORT [128]

Before the Court are two related ex parte applications (collectively the "Applications"):

The first is Defendants Darrick Angelone, et al.'s Ex Parte Application to Allow Designation of an Alternate Rebuttal Expert and to Permit Late Filing of Defendants' Expert Rick Watt's Rebuttal Report (the "Defendants' Application"), filed March 4, 2024.  (Docket No. 125).  Plaintiffs Hidden Empire Holdings, LLC, et al. filed an Opposition on March 5, 2024.  (Docket No. 130).

The second is Plaintiffs' Objection and Request to Strike Defendants' Initial Expert Witness Disclosure, Rebuttal Witness Disclosure, and the Corresponding Reports of Rick Watts, also filed on March 4, 2024, which the Court construes as an ex parte application (the "Plaintiffs' Application").  (Docket No. 128).  No Opposition was filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 22-6515-MWF (AGRx)                    Date:  March 6, 2024
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

The Court has read and considered the papers on the Applications. For the reasons discussed below, the Defendants' Application is **GRANTED**. Plaintiffs' Application is **GRANTED *in part*** to the extent it asks the Court to strike Defendants' initial expert disclosure but is otherwise **DENIED**.

I.   **BACKGROUND**

The facts and procedural history are well known to the parties. Therefore, the Court will limit its recitation of facts to those necessary for context.

On November 9, 2023, the Court issues an Order (the "First Scheduling Order") granting the parties' joint stipulation to continue designation of expert witness deadlines and discovery cut-off. (Docket No. 106). The First Scheduling Order provided the following deadlines:

- Initial Disclosure of Expert Witnesses: January 22, 2024;

- Disclosure of Rebuttal Expert Witnesses: February 20, 2024;

- Non-Expert Discovery: March 19, 2024; and

- Expert Discovery: April 16, 2024.

(*Id.*).

Pursuant to the First Scheduling Order, the parties filed their initial expert disclosures on January 22, 2024. (*See* Docket Nos. 107, 108). Defendants designated George Edwards from Quandary Peak Research as their technology expert. (Docket Nos. 108). Defendants' initial expert disclosure did not include their experts' reports. (*See id.*). Defendants subsequently withdrew their designation of Mr. Sack. (Docket No. 117).

---

**CIVIL MINUTES—GENERAL**                                                         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-6515-MWF (AGRx)          **Date:** March 6, 2024
**Title:**    Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

     On February 8, 2024, the Court issued an Order (the "Second Scheduling Order") modifying some of the deadlines provided in the First Scheduling Order. (Docket No. 116). The Second Scheduling Order only changed the deadlines for non-expert discovery and expert discovery to August 16, 2024, and September 23, 2024, respectively. (Docket No. 116). Accordingly, the parties were still required to disclose their rebuttal expert witnesses by February 20, 2024. (*Id.*).

     On February 19, 2024, a day before the rebuttal expert witness disclosures were due, Defendants' counsel indicated that their "expert at Quandry [*sic*] Peak Research is preparing a rebuttal report" and asked Plaintiffs' counsel for an extension to produce the report. (Declaration of Sandra Calin (Docket No. 125) ¶ 3, Ex. B). In response, Plaintiffs' counsel indicated that Defendants' designation of George Edwards was defective because it did not include his expert report. (*Id.*). Nevertheless, Plaintiffs' counsel agreed extend the rebuttal expert witness disclosure deadline to February 26, 2024, to the extent that "Mr. Edwards only intends to present opinions that directly rebut those contained in Plaintiffs' initial expert reports." (*Id.*). At no point did Defendants' counsel suggest that the report would be written by someone other than Mr. Edwards.

     In a subsequent email, dated February 22, 2024, Defendants' counsel indicated that they had "just learned" that George Edwards was no longer available to testify at trial and that another expert from Quandary Peak Research, Rick Watts, would be used instead. (Declaration of JT Fox (Docket No. 125) ¶ 5, Ex. A). Plaintiffs' counsel declined to Defendants' request to stipulate to the change. (*Id.*).

     On February 26, 2024, Defendants filed an unsigned draft of Mr. Watts' rebuttal expert report in support of their Opposition to Plaintiffs' Motion for Order to Show Cause Why Sanctions Should Not Be Imposed (the "Motion for Sanctions"). (Docket No. 120). The next day, after the new deadline for rebuttal expert witness disclosures under the party's informal agreement, Defendants filed their rebuttal expert witness disclosure without requesting an extension or seeking leave to amend the pre-trial deadlines. (Docket No. 123).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6515-MWF (AGRx)          Date:  March 6, 2024
Title:  Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Defendants now seek ex parte relief the Court's retroactive permission to allow the untimely disclosure of their alternate rebuttal expert, Rick Watts, and the late filing of his rebuttal report.  (Defendants' Application at 1).  In response, Plaintiffs requests the Court to strike Defendants' initial expert witness disclosure, their rebuttal witness disclosure, and Mr. Watts' rebuttal report.  (Plaintiffs' Application at 1).

## II.   LEGAL STANDARD

An ex parte application is a "means of obtaining extraordinary relief and is appropriate only in rare circumstances."  *Santos v. TWC Admin. LLC*, No. 13-04799, 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).  Ex parte applications will be granted only if: (1) the moving party's cause will be irreparably prejudiced if the application is denied, and (2) the moving party is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Moreno v. SFX Ent., Inc.*, No. 14-00880, 2016 WL 6039216, at *1 (C.D. Cal. Jan. 8, 2016) (citation omitted).

"Properly designated ex parte motion papers" must also "address [] why the regular noticed motion procedures must be bypassed."  *Mission Power*, 833 F. Supp. at 492.  The ex parte "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment.  The reasons stated must be supported by deposition transcripts or affidavits or declarations" that would be admissible in court.  *Id.*

## III.  DISCUSSION

As an initial matter, it is unclear why both parties have sought emergency relief from the Court.  For example, Defendants could have sought an extension from the Court prior to or on the disclosure deadline, a request that the Court routinely grants for good cause shown.  Said simply, the Court cannot understand why Defendants waited until now – well after the deadline to disclose rebuttal expert witnesses and a week after already filing the untimely rebuttal witness disclosure – to seek their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6515-MWF (AGRx) | Date: | March 6, 2024 |
| Title: | Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al. | | |

requested relief. Likewise, it is unclear why Plaintiffs did not seek their requested relief through a regularly noticed motion immediately upon realizing that Defendants did not attach Mr. Edwards' expert report to their disclosure or after Defendants untimely filed Mr. Watts' rebuttal report.

Nevertheless, because the issues raised by the Applications are related and relevant to the pending Motion for Sanctions, the Court will address the merits.

### A.   Defendants' Application

Because the deadline to designate rebuttal experts has passed, the Court construes Defendants' Application as a request to modify the Second Scheduling Order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (requiring good cause to extend the time to accomplish an act that must be done within a specified time). The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end").

Here, Defendants' counsel learned on February 22, 2024, that Mr. Edwards would no longer be able to testify at trial due to his prior professional obligations. Based on this representation, the Court concludes that Defendants have shown good cause for an extension of the rebuttal expert disclosure deadline to give their new rebuttal expert, Mr. Watts, sufficient time to finish his expert report.

Accordingly, Defendants' Application is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6515-MWF (AGRx)                    Date:  March 6, 2024
Title:     Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

### B. Plaintiffs' Application

Plaintiffs requests the Court to strike Defendants' initial expert witness disclosure, their rebuttal witness disclosure, and Mr. Watts' rebuttal report for violating Federal Rule of Civil Procedure 26.  (Plaintiffs' Application at 5–6).  Because Defendants' Application is **GRANTED**, Plaintiffs' Application is **DENIED** *in part* with respect to Defendants' disclosure of Mr. Watts and his rebuttal expert report.  Accordingly, the only remaining issue is with respect to Defendants' initial expert witness disclosure.

Rule 26(a)(2)(B) requires a disclosed expert to provide a written report that contains, among other things, the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them[.]

Fed. R. Civ. P. 26(a)(2)(B).  When experts are involved, "[p]arties are entitled to a *complete* disclosure of all opinions – not a sneak preview of a moving target."  *Pike v. Cnty. of San Bernardino*, No. 17-CV-1680-JGB, 2019 WL 6736908, at *2 (C.D. Cal. July 22, 2019) (internal quotation marks omitted) (emphasis in original).  In other words, "all expert witnesses at trial must tether their testimony to the contents of their respective reports, and are precluded from exceeding the scope of their reports."  *Vaporstream, Inc. v. Snap Inc.*, No. 17-CV-00220-MLH, 2020 WL 978731, at *3 (C.D. Cal. Feb. 28, 2020) (citation omitted).

When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*."  Fed. R. Civ. P. 37(c)(1) (emphasis added).  "The party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6515-MWF (AGRx) | Date: | March 6, 2024 |
| Title: | Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al. | | |

facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Rails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citation omitted).

Here, Defendants' initial expert disclosure did not include a copy of Mr. Edwards' expert report in clear violation of Rule 26. To date, Defendants have still not provided Plaintiffs with a copy of the report or any explanation for their failure to do so. Nor can Defendants reasonably argue that their violation of Rule 26 was harmless. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 653–54 (C.D. Cal. 2007) (noting that the purpose of Rule 26 is to eliminate unfair surprise to the opposing party and to conserve the parties' resources). Moreover, excluding Mr. Edwards' testimony from trial will not prejudice Defendants because, based on their own representations, he is no longer available to testify in this action.

Accordingly, Plaintiffs' Application is **GRANTED** *in part* to the extent it seeks to strike Defendants' initial expert disclosure.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Application is **GRANTED**. Plaintiffs' Application is therefore **DENIED** *in part* with respect to Defendants' untimely disclosure of Mr. Watts and his rebuttal expert report. To the extent Plaintiffs' Application asks the Court to strike Defendants' initial expert disclosure, that request is **GRANTED**.

IT IS SO ORDERED.