JEFFREY S. KRAMER, State Bar No. 094049
SANDRA CALIN, State Bar No. 100444
KRAMER, DEBOER & KEANE
A Limited Liability Partnership
Including Professional Corporations
21860 Burbank Boulevard, Suite 370
Woodland Hills, California 91367
Tel: (818) 657-0255 - Fax: (818) 657-0256
jkramer@kdeklaw.com;
scalin@kdeklaw.com
Attorneys for Defendants, DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br>v.<br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br>Action Filed: September 12, 2022<br><br>Assigned to Honorable<br>Judge Michael W. Fitzgerald<br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' SUPPLEMENT TO REPLY BRIEF**<br><br>DATE: March 18, 2024<br>TIME: 10:00am<br>DEPT: 5A |

TO THIS HONORABLE COURT AND TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

COMES NOW, Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC, by and through their attorneys of record, and pursuant to 37 CFR § 42.23, submit their Sur-Reply to Plaintiffs' Supplement to Reply Brief.

///

Once again, Plaintiffs attempt to argue that pursuant to a newly decided case, terminating sanctions are appropriate in a case in which there has been intentional spoliation of evidence. And once again, Plaintiffs have ignored the crux of Defendants' Opposition to Plaintiffs' Motion: the inquiry here is a factual one, requiring at the very least, an evidentiary hearing on the issue of whether Defendants have, in fact, engaged in spoliation of evidence. Defendants vehemently deny that there has been spoliation. There have been no depositions taken in the case, and the only guidance provided to the Court at this time are the reports by the experts retained by the parties.

Plaintiffs' argument to the effect that Defendants engaged in spoliation of evidence is the allegation that Mr. Angelone deleted the Google Workspace account of HEFG. As was stated by Mr. Angelone in his Declaration in Opposition to the instant Motion (Dkt. 121 p.2) he did not delete the account. In addition, as is discussed in the Rebuttal Report and Expert Opinion of Rick Watts attached to the Supplemental Declaration of Sandra Calin (Dkt. 122), Mr. Watts at page 12 of his report states that there is no factual basis for the opinion of Plaintiff's expert Erin Burke that Mr. Angelone deleted the Google Workspace account. In fact, Mr. Watts specifically states that he reviewed the Google logs that indicate who had actually logged into the subject account. At pages 14-15, ¶¶ 44 – 46, Mr. Watts cites information received directly from Google to the effect that there was no login by Mr. Angelone to the Google Workspace account after October 7, 2022.

The critical inquiry here is whether there was, in fact, spoliation of evidence, and that cannot be determined without a full evidentiary hearing, or at least testimony from depositions where parties can be cross-examined.

Defendants respectfully urge the Court to deny Plaintiffs' Motion, which essentially seeks to circumvent the due process of allowing Defendants to try this case on its merits, rather than the harsh sanction of terminating the case at this early juncture. Nothing in the case cited by Plaintiffs in their Supplement to Reply Brief

changes this analysis. Simply because a new case has held that terminating sanctions are appropriate in a case where there has been spoliation of evidence does not mean that in the case at bar, based on the facts presented, there has been spoliation of evidence. Therefore, terminating sanctions are not proper.

DATED: March 6, 2024            KRAMER, DEBOER & KEANE

By: _____
JEFFREY S. KRAMER
SANDRA CALIN
Attorneys for Defendants
DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN INNOVATIONS, LLC

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 21860 Burbank Blvd., Suite 370, Woodland Hills, CA 91367. My email address is ynelson@kdeklaw.com.

I certify that on March 6, 2024, I served: **DEFENDANTS' SUR-REPLY TO PLAINTIFFS' SUPPLEMENT TO REPLY BRIEF** on the following parties or counsel of record as follows:

| | |
|---|---|
| LAWRENCE HINKLE (SBN 180551)<br>STEPHANIE JONES NOJIMA (SBN 178453)<br>JOSHUA ROY ENGEL<br>SANDERS ROBERTS LLP<br>1055 West 7th Street, Suite 3200<br>Los Angeles, CA 90017<br>Telephone: (213) 426-5000 - Facsimile: (213) 234-4581<br>E-Mail: lhinkle@sandersroberts.com;<br>sjonesnojima@sandersroberts.com;<br>jengel@sandersroberts.com; | *Counsel for Plaintiffs* |
| Justin Kian, Esq.<br>J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530 - Fax: (888) 750-5530<br>Email: jt@jtfoxlaw.com;<br>justin@jtfoxlaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct. Executed at Santa Clarita, California on March 6, 2024.

       /s/ *Yolanda Nelson*
       Yolanda Nelson