J.T. Fox, Esq. (SBN 195063)
LAW OFFICES OF JT FOX & ASSOCIATES, APC
556 S. Fair Oaks Ave., No. 444
Pasadena, California 91105
Telephone: (888) 750-5530
Fax: (888) 750-5530
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE;
AONE CREATIVE, LLC; and
ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>　　　　　　Defendants. | CASE NO. 2:22-cv-06515-MWF-AGR<br><br>**DEFENDANTS' BRIEF RE: REQUEST FOR SUBSTITUTION OF ATTORNEY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:　September 23, 2024<br>Hearing Time:　10:00 AM<br>Dept:　　　　　5A (ZOOM)<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC, and TAYLOR ("Plaintiffs"), and Third Party Defendant Roxanne Taylor ("Roxanne") have requested to substitute their current counsel with Felton T. Newell of Newell Law Group. For the reasons set forth below, the substitution of Mr. Newell and Newell Law Group as counsel for Plaintiffs and Roxanne should be denied due to the serious conflict of interest, the risk of ethical violations, and the likelihood that this substitution will result in further delay and opportunity for Plaintiffs to avoid their discovery obligations. Given the Plaintiffs' history of procedural delays, this substitution risks further complicating the discovery process, while also raising ethical concerns related to Quincy Newell's role as a material witness and his law firm's representation of the Plaintiffs.

## II. LEGAL STANDARD

"In order to maintain the effective administration of justice and the integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto.  These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline.  The Model Rules of Professional Conduct of the American Bar Association may be considered as guidance." C.D. Cal. Local Rule 83-3.1.2.

## III. THIS COURT SHOULD EXERCISE DISCRETION TO DENY THE REQUEST FOR SUBSTITUTION OF ATTORNEY

### A. The Requested Substitution Will Run Afoul of the Advocate-Witness Rule

The advocate-witness rule in California states that a lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless: (1) the lawyer's testimony relates to an uncontested issue or matter; (2) the lawyer's testimony relates to the

nature and value of legal services rendered in the case; or (3) the lawyer has obtained informed written consent from the client. See California Rule of Professional Conduct, Rule 3.7.

Comment 3 to California Rule of Professional Conduct 3.7, citing *Lyle v. Superior Court*, 122 Cal.App.3d 470 (1981) clarifies that the informed-consent exception is not absolute: "Notwithstanding a client's informed written consent, **courts retain discretion to take action, up to and including disqualification of a lawyer who seeks to both testify and serve as an advocate, to protect the trier of fact from being misled or the opposing party from being prejudiced.**" (emp. added.) In exercising its discretion to disqualify counsel under the advocate-witness rule, a court must consider: (1) """"whether counsel's testimony is, in fact, genuinely needed""""; (2) "the possibility [opposing] counsel is using the motion to disqualify for purely tactical reasons"; and (3) "the combined effects of the strong interest parties have in representation by counsel of their choice, and in avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case." *Smith, Smith & Kring v. Superior Court*, 60 Cal.App.4th 573, 580–581 (1997).

Here, this Court should deny Plaintiffs' request for substitution of attorney because Quincy Newell, a partner of Newell Law Group, is indistinguishably an interested witness in this matter, and is set to be deposed and called as a witness at trial. This potential role as an advocate-witness creates a high risk of prejudice to Defendants, as well as the risk of misleading the trier of fact.

Quincy Newell is directly involved in the underlying facts of this case, as evidenced by his multiple declarations in this matter filed on September 15, 2022, September 27, 2022, and March 15, 2023. These declarations address material facts, including the nature of the business relationship between the parties and allegations of misrepresentation by Plaintiff Deon Taylor, and Third-Party Defendant Roxanne Taylor. Indeed, in his Declaration dated March 15, 2024 (Dkt. No. 61-2), Mr. Newell indicates that he has "served as a consultant" [p.2, line 2] to Plaintiffs and his duties include "a chief operations

officer" [p.2, line 4]. These matters are at the heart of Defendants' counterclaims, which makes Quincy's testimony genuinely essential to the outcome of this action.

Importantly, Quincy Newell was designated by Defendants as a potential deponent and trial witness in the Parties' Joint Rule 26(f) Report, filed on February 3, 2023 (Dkt. No. 44). His personal knowledge of the case encompasses issues such as digital asset management, domain control, and business relationships. Quincy's role is heavily intertwined with the claims and counterclaims at issue, and cannot be dismissed as inconsequential. Likewise, Plaintiffs cannot reasonably claim that Quincy's role as a witness was not foreseeable. *See* ABA Model R. Prof. Conduct 3.7, Comment 4 ("It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.")

Further, where it becomes likely that an attorney will testify as a material witness, he should resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel. *See Kennedy v. Eldridge,* 201 Cal.App.4th 1197, 1211 (2011). As set forth above, it is beyond likely that Quincy Newell will testify as a material witness, both in deposition and at trial. To that end, all doubts should be resolved in favor of preserving Quincy's testimony rather than his firm's substitution as trial counsel. Also, in addition to the concerns related to Quincy's dual role, allowing his firm to represent the plaintiffs would significantly complicate the pretrial process and discovery. *See Colyer v. Smith*, 50 F. Supp. 2d 966 (1999) (noting that an attorney's participation as both counsel and witness risks undermining the impartiality and integrity of the judicial process.)

Lastly, none of the above exceptions apply because (1) Quincy Newell's testimony will irrefutably relate to issues which are contested; (2) Quincy's testimony is wholly unrelated to the nature and/or value of legal services in this case; and (3) there is no record of informed written consent from the client. Moreover, even if the clients give their informed consent, this does not prevent the Court from exercising its discretion to deny this substitution. *See Lyle,* 60 Cal.App.4th at 470.

### B. The Requested Substitution Will Cause Unnecessary Delay

Per Local Rule 83-2.3.5, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Moreover, courts may consider the parties' interests in avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case. *See Smith, Smith & Kring*, 60 Cal.App.4th at 581.

It is equally important to note here that Plaintiffs have a history of delaying discovery and using procedural tactics to avoid producing critical documents and evidence. Allowing this substitution would not only introduce a conflict of interest, but also likely lead to further delays in discovery. The substitution will likely cause additional disruptions, such as the need for new counsel to review existing pleadings and discovery, which could unfairly prolong the litigation process.

To illustrate, Defendants first served Plaintiffs with written discovery on December, 2023. It is now September, 2024. A chief reason for this delay was that Plaintiff's previous Motion for Terminating Sanctions (Dkt. No. 110) was pending, and they felt that discovery should be stayed pending the outcome. Now, as of that motion being denied, Plaintiffs are still stalling with respect to their responses to written discovery. After continued delays and extensions requests, Defendants ultimately granted Plaintiffs until October 20, 2024 to provide their responses to written discovery. To date, Defendants have not received any substantive response their written discovery. This is coupled with the fact that Plaintiffs have largely opposed defendants attempts to gather information by third party subpoena (See Dkt. No. 61.) Now, Defendants are wary of further potential delays, which are foreseeable in the event Plaintiff's substitution request were granted. By delaying their substitution of counsel until this late stage, Plaintiffs are further complicating and delaying the litigation process.

### C. The Requested Substitution Will Result In Prejudice And Ethical Violations

Allowing Quincy's law firm to represent Plaintiffs and Roxanne Taylor would also run afoul of certain ethical guidelines set forth in the California Rules of Professional Conduct. These include the duty to avoid conflicts of interest and the responsibility to maintain impartiality in the legal process.

California Rule of Professional Conduct 1.7(b) states, in part, that a lawyer generally shall not represent a client without informed written consent if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's own interests. Moreover, California Rule of Professional Conduct 1.7(c) states that a lawyer generally shall not represent a client without written disclosure of the relationship to the client where "the lawyer has, or knows that another lawyer in the lawyer's firm has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same matter."

Here, it is undisputed that Quincy has a professional and personal relationship with Plaintiffs and Roxanne, indicated by his past roles as COO and consultant to Plaintiffs. This introduces another ethical issue with respect to Felton Newell's representation of Plaintiff, as Quincy is a partner of the same firm. Quincy's relationship to the Plaintiffs, coupled with his role as a prospective deponent and trial witness, creates a conflict of interest which further cuts against Plaintiffs' and Roxanne's request for substitution of attorney.

Additionally, the substitution also creates significant risks of prejudice to Defendants, as Quincy's knowledge of confidential information and privileged communications—gained through his involvement with Plaintiffs —could be misused if his firm represents Plaintiffs and Roxanne. Quincy's involvement as a witness and prior consultant for the Plaintiffs raises concerns that his firm could misuse privileged information gained during his time working with both parties. As set forth above, Quincy has served as Chief Operating Officer for Plaintiff Hidden Empire Holdings, LLC, and has filed several declarations in this action attesting to his role as consultant and COO to Plaintiffs. This conduct demonstrates that Quincy's role goes far beyond that of a

disinterested witness. Disqualification is further necessary to prevent a breach of attorney-client privilege and ensure a fair trial.

## IV. CONCLUSION

In light of the aforementioned ethical concerns, the risk of prejudice to Defendants, and the likelihood that this substitution is being used as a tactic to delay thus litigation, the Court should exercise discretion to deny the substitution of Felton T. Newell and Newell Law Group as counsel for the Plaintiffs and Roxanne. Disqualification is necessary to protect the fairness of the trial, prevent further delays in discovery, and uphold the ethical standards governing attorney conduct.

**Dated: September 19, 2024**     **LAW OFFICES OF J.T. FOX & ASSOCIATES, A Professional Corporation**

**By:** _/s/ J.T. Fox_
**J.T. Fox, Esq.**
**Attorney for Defendants and Counterclaimants, DARRICK ANGELONE; AONE CREATIVE, LLC, AND ON CHAIN INNOVATIONS, LLC**

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Law Offices of JT Fox, APC, and my business address is 556 S. Fair Oaks Ave., Suite 444, Pasadena, CA 91105. My email address is: justin@jtfoxlaw.com.

On September 19, 2024, I served **DEFENDANTS' BRIEF RE REQUEST FOR SUBSTITUTION OF ATTORNEY; MEMORANDUM OF POINTS AND AUTHORITIES** on the parties involved by:

☒ BY ELECTRONIC TRANSFER I caused all of the above-entitled document(s) to be served through my personal email address (justin@jtfoxlaw.com) addressed to all of the parties' below email addresses. Said document(s) were served on the interested party or parties in this action addressed as noted below.

| | |
|---|---|
| Lawrence Hinkle (SBN 180551) <br> lhinkle@sandersroberts.com <br> Stephanie Jones Nojima (SBN178453) <br> sjonesnojima@sandersroberts.com <br> Matthew Barzman (SBN 309063) <br> mbarzman@sandersroberts.com <br> SANDERS ROBERTS LLP <br> 1055 West 7th Street, Suite 3200 <br> Los Angeles, CA 90017 | *Counsel for Plaintiffs* |
| Felton T. Newell, Esq. <br> Newell Law Group PC <br> 1801 Century Park East, 24th Floor <br> Phone (310) 556-9663 <br> E-mail: felton@newellpc.com | *Substituting Attorney* |
| Jeffrey S. Kramer <br> Sandra Calin <br> KRAMER, DEBOER & KEANE <br> A Limited Liability Partnership <br> Including Professional Corporations | *Co-Counsel for Defendants* |

| | |
|---|---|
| 21860 Burbank Boulevard, Suite 370<br>Woodland Hills, California 91367<br>Tel: (818) 657-0255<br>jkramer@kdeklaw.com;<br>scalin@kdeklaw.com | |

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on September 19, 2024 at Pasadena, California.

                                   */s/ Justin Kian*
                                   Justin Kian