FELTON T. NEWELL, ESQ. (State Bar #201078)
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Email: felton@newellpc.com
Telephone: (310) 556-9663
**SUBSTITUTION PENDING**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants. | CASE NO.: 2:22-cv-06515-MWF-AGR<br><br>**RESPONSE TO DEFENDANTS' BRIEF RE: REQUEST FOR SUBSTITUTION OF ATTORNEY; DECLARATION OF FELTON T. NEWELL**<br><br>Hearing Date: September 23, 2024<br>Time:          11:45 a.m.<br>Dept.:          5A (Via Zoom)<br>Judge:         Hon. Michael W. Fitzgerald |

## I. INTRODUCTION

Defendants' Brief challenging the substitution of Felton Newell and Newell Law Group PC as counsel for Plaintiffs and Roxanne Taylor is based on the incorrect assumption that Quincy Newell seeks to represent Plaintiffs and Ms. Taylor as an attorney in this action. In fact, Quincy Newell is a transactional attorney, and he does not seek to serve as counsel in this litigation. Thus, the advocate-witness rule codified in California Rule of Professional Conduct 3.7(a) is inapposite here because Quincy Newell will not be acting as an advocate in this matter.

More importantly, California Rule of Professional Conduct 3.7(b) expressly provides that an attorney (Felton Newell) can represent a client at trial even if another attorney at that firm (Quincy Newell) likely will be testifying as a witness at trial. Moreover, Defendants merely assert that a change in counsel will result in unnecessary delay without stating any basis for this belief. Similarly baseless is Defendants' assertion that representation by Felton Newell would violate California Rules of Professional Conduct 1.7(b) and 1.7(c). This view is based on a tortured misreading of the plain language of these provisions. Finally, Defendants have waived any objection to Quincy Newell working at a firm representing Plaintiffs and Ms. Taylor since Quincy Newell previously worked at Sanders Roberts LLP, current counsel of record for Plaintiffs and Ms. Taylor, and Defendants never raised an issue. Accordingly, the Court should grant the Requests for Approval of Substitution of Counsel.

## II. FACTS

On September 13, 2024, attorney Felton Newell filed a Request for Approval of Substitution or Withdrawal of Counsel ("Substitution Request") with respect to Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC and Deon Taylor ("Plaintiffs") (Dkt. No. 155) and a second Substitution Request with

respect to Cross-Defendant Roxanne Taylor (Dkt. No. 156). That same day, counsel for Defendants Darrick Angelone, Aone Creative, LLC, and On Chain Innovations, LLC ("Defendants") filed a declaration regarding the request (the "Declaration") (Dkt. No. 157). The Declaration asserted that Defendants intended to take the deposition of Quincy Newell. On September 17, 2024, the Court set a status conference to discuss the Substitution Requests and the Declaration. (Dkt. No 158). On September 19, 2024, Defendants filed Defendants' Brief Re: Request for Substitution of Attorney (the "Brief"). (Dkt. No. 159).

Felton Newell and Quincy Newell are partners at Newell Law Group PC. Declaration of Felton T. Newell ("Newell Decl.") ¶ 2. Quincy Newell is a transactional attorney and he is not seeking to represent Plaintiffs and Roxanne Taylor in this action. *Id*. Felton Newell has been practicing for more than 25 years and he has first chaired more than 40 trials. *Id*. Quincy Newell has percipient knowledge regarding some of the issues in this case. *Id*. ¶ 3. From the date this action was first filed on September 12, 2022 until June 31, 2023, Quincy Newell was an attorney at Sanders Roberts LLP, current counsel of record for Plaintiffs and Roxanne Taylor. *Id*. ¶ 4. At no time during Quincy Newell's tenure at Sanders Roberts LLP did Defendants contend that his presence at that firm caused Sanders Roberts LLP to be in violation of any California Rule of Professional Conduct. *Id*.

**III.   ARGUMENT**

    **A.   <u>The California Rules of Professional Conduct Expressly Permit Attorneys in the Position of Felton Newell to Represent Clients Such as Plaintiffs and Roxanne Taylor.</u>**

In their Brief seeking denial of the Substitution Requests, Defendants fail to identify a valid reason for the Court to deny the requests. Defendants first argue that California's advocate-witness rule applies to the instant case by

misleading the Court and suggesting that Quincy Newell seeks to represent Plaintiffs in this action.  This suggestion is patently false.

The advocate-witness rule is codified in Rule 3.7 of the California Rules of Professional Conduct ("RPC"), which provides:

> (a) A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:
>    1. the lawyer's testimony relates to an uncontested issue or matter;
>    2. the lawyer's testimony relates to the nature and value of legal services rendered in the case; or
>    3. the lawyer has obtained informed written consent from the client.  If the lawyer represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the lawyer is employed.
>
> (b) **A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness** unless precluded from doing so by rule 1.7 or rule 1.9.

(emphasis added).

Here, Rule 3.7(a) **does not** apply as Quincy Newell is a transactional attorney and he will **not** be representing either Defendants or Roxanne Taylor in this matter.  *See* Newell Decl. ¶ 2.  Thus, cases cited by Plaintiffs applying the advocate-witness rule codified in RPC Rule 3.7(a) do not apply here.

More importantly, RPC Rule 3.7(b) **does** apply, and it provides that Felton Newell is expressly permitted to represent Plaintiffs and Roxanne Taylor even though a member of his firm is likely to be a fact witness in this case.[1]  *See* ABA Model Rules Prof. Conduct, rule 3.7(b) ["[a] lawyer may act as advocate in a trial

---

[1] RPC Rule 1.7 is inapposite as it addresses conflicts of interest involving current clients, which is not an issue here. Similarly, RPC Rule 1.9 is inapposite as it addresses the duties of an attorney to its former clients and no such duties are implicated here.

in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 ['Conflict of Interest: Current Client'] or Rule 1.9 ['Duties to Former Clients']"].) *See also Wu v. O'Gara Coach Company, LLC*, 38 Cal. App. 5th 1069, 1084-85 (2019) (reversing trial court ruling disqualifying firm attorneys from representing a party when a different firm attorney was likely to be a witness at trial pursuant to RPC Rule 3.7(b)). Thus, the Court should issue an order granting the Substitution Requests.

### B. Defendants Offer No Evidence of Unnecessary Delay.

Defendants contend that the Court should deny the Substitution Requests because the substitutions are likely to lead to unnecessary delay in the case. However, as a case cited by Defendants states, among the factors courts must consider in determining whether to disqualify counsel is the "strong interest parties have in representation by counsel of their choice . . ." *Smith, Smith & Kring v. Super Ct.*, 60 Cal. App. 4th 573, 580 (1997). Defendants contend that Plaintiffs have delayed to date in serving discovery responses, but a cursory review of the docket reveals that Defendants have not filed or prevailed on a motion to compel.

Moreover, while it is true that Defendants granted Plaintiffs until October 20, 2024 to serve discovery responses, Defendants conceal the fact that Plaintiffs also granted Defendants an extension to the very same date to serve their outstanding discovery responses. In addition, trial is more than six months away, and Defendants offer no explanation for why new counsel will be unable to get up to speed in a timely fashion. Mr. Newell has been practicing for more than 25 years and has first chaired more than 40 trials. Defendants offer no reason to believe the substitution of new counsel will delay the litigation process.

### C. RPC Rule 1.7 Does Not Apply to the Facts of the Instant Case.

Defendants misread RPC Rule 1.7 to suggest that Felton Newell's representation of Plaintiffs would somehow create a conflict of interest.

RPC Rule 1.7(b) states:

A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d) represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationship with another client, a former client or a third person, or by the lawyer's own interests.

While Defendants cite this Rule, they fail to argue how there is a significant risk, or any risk at all, that Felton Newell's representation of Plaintiffs and Roxanne Taylor will be materially limited by Felton Newell's own interests.

RPC Rule 1.7 (c) states:

Even when a significant risk requiring a lawyer to comply with paragraph (b) is not present, a lawyer shall not represent a client without written disclosure of the relationship to the client and compliance with paragraph (d) where:

1. the lawyer has, or knows, that another lawyer in the lawyer's firm has a legal, business, financial, professional, or personal relationship with or responsibility to **a party or witness in the same matter**; or

2. the lawyer knows or reasonably should know that another party's lawyer is a spouse, parent, child or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm, or has an intimate personal relationship with the lawyer

(emphasis added).

Defendants read this Rule to suggest that Quincy Newell's personal and professional relationship with Deon Taylor and Roxanne Taylor somehow creates a conflict for Felton Newell. However, instead of referring to a conflict created because another lawyer in the lawyer's firm has a professional or personal relationship with the client at issue, Rule 1.7(c) refers to a conflict created because another lawyer in the lawyer's firm has a relationship with "a party or witness in the same matter." Thus, Rule 1.7(c) would be relevant if Quincy Newell had a relationship with a different party in this case such as Darrick Angelone; Quincy Newell's relationship with the Taylors does not create a conflict for Felton Newell.

Defendants also strangely suggest that Felton Newell's representation of

Plaintiffs and Roxanne Taylor "creates a significant risk of prejudice to Defendants" because Quincy Newell has confidential and privileged information due to his prior relationship with Plaintiffs and Roxanne Taylor. It is difficult to envision how Defendants will be prejudiced because Quincy Newell holds the confidences of Felton Newell's clients in this case. Defendants are essentially arguing that whenever a firm handles a transactional matter for a client, that firm can never represent the client in subsequent litigation because the opposing party would be prejudiced. Simply put, this is a gross misreading of RPC Rule 1.7.

### D. Defendants Have Waived Any Objection to Quincy Newell Working at a Firm Representing Plaintiffs and Roxanne Taylor.

In the Brief, Defendants express outrage at the problematic nature of Felton Newell representing Plaintiffs and Roxanne Taylor when his partner Quincy Newell works in the same firm. However, from the time this case was filed on September 12, 2022 until June 31, 2023, Quincy Newell worked at Sanders Roberts LLP with current counsel of record for Plaintiffs and Roxanne Taylor, and Defendants never expressed any concern. Thus, Defendants have waived any challenge to the Newell Law Group representing Plaintiffs and Roxanne Taylor. Thus, the Court should grant the Substitution Requests.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs and Roxanne Taylor's Requests for Approval to Substitution of Counsel.

Dated: September 20, 2024

**NEWELL LAW GROUP PC**

By:

**/s/ Felton T. Newell**

FELTON T. NEWELL
REQUEST FOR SUBSTITUTION PENDING



-7-
RESPONSE TO BRIEF RE: REQUEST FOR SUBSTITUTION OF ATTORNEY

## DECLARATION OF FELTON T. NEWELL

I, FELTON T. NEWELL, hereby declare as follows:

1. I am a Partner at Newell Law Group P.C. (the "Firm"). I am a member of good standing with the State Bar of California and am admitted to practice before this Court. I make this declaration in support of the Response to Defendants' Brief Re: Request for Substitution of Attorney. Each of the facts contained in this declaration is based upon my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. Quincy Newell and I are partners at Newell Law Group PC. Quincy Newell is a transactional attorney and he is not seeking to represent Plaintiffs and Roxanne Taylor in this action. I have been practicing law for more than 25 years and I have first chaired more than 40 trials. Quincy Newell and I are unrelated.

3. It is my understanding that Quincy Newell has percipient knowledge regarding some of the issues in this case.

4. From the time this action was first filed on September 12, 2022 until June 31, 2023, Quincy Newell was an attorney at Sanders Roberts LLP, current counsel of record for Plaintiffs and Roxanne Taylor. At no time during Quincy Newell's tenure at Sanders Roberts LLP did Defendants contend that his presence at that firm caused Sanders Roberts LLP to be in violation of any California Rule of Professional Conduct.

5. Defendants in this action granted Plaintiffs until October 20, 2024 to serve responses to outstanding discovery requests. Plaintiffs also granted Defendants an extension to the very same date to serve Defendants' discovery responses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of September 2024, at Los Angeles, California.

_____

