J.T. Fox, Esq. (SBN 195063)
**LAW OFFICES OF JT FOX & ASSOCIATES, APC**
556 S. Fair Oaks Ave., No. 444
Pasadena, California 91105
Telephone: (888) 750-5530
Fax: (888) 750-5530
Email: jt@jtfoxlaw.com

Attorney for Defendants and Counterclaimants,
DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN
INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>        Defendants. | **CASE NO.** 2:22-cv-06515-MFW-AGR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br><br><br><br><br><br><br>Amended Complaint Filed: Dec. 20, 2024<br>Complaint Filed: Sept. 12, 2022<br><br>Assigned for all purposes to the Honorable Judge Michael W. Fitzgerald |

DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,

        Counterclaimants,

v.

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; and DEON TAYLOR, an individual,

        Counterclaim Defendants.

DARRICK ANGELONE, an individual; AONE CREATIVE, LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,

        Third-Party Plaintiffs,

   v.

ROXANNE TAYLOR, an individual,

        Third-Party Defendant.

In response to the First Amended Complaint (hereinafter, "FAC") of Plaintiffs Hidden Empire Holdings, LLC ("Hidden Empire"); Hyper Engine, LLC ("Hyper Engine"); and Deon Taylor ("Deon") (hereinafter collectively referred to as "Plaintiffs"), Defendants Darrick Angelone; AONE Creative, LLC ("Aone"); and On Chain Innovations, LLC (hereinafter collectively referred to as "Defendants"), state as follows for their answer and affirmative defenses:

## INTRODUCTION

1.    Defendants deny the allegation contained in Paragraph 1.

2.    Defendants deny the allegations contained in Paragraph 2.

## THE PARTIES

3.    With respect to the allegations of Paragraph 3 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 3 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 3, and therefore deny the same.

4.    Defendants deny the allegations of Paragraph 4 of the FAC.

5.    With respect to the allegations of Paragraph 5 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 5 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 5, and therefore deny the same.

6.    With respect to the allegations of Paragraph 6 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 6 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to

form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore deny the same.

7.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore deny the same.

8.    Defendants admit in part that Defendant Darrick Angelone is an individual and a managing member of AOne Creative LLC and On Chain Innovations LLC. Defendants deny all other allegations in Paragraph 8 of the FAC.

9.    Defendants deny the allegations in Paragraph 9 of the FAC.

10.    Defendants deny the allegations in Paragraph 10 of the FAC.

11.    Defendants admit in part that AOne Creative LLC is a Florida limited liability company formerly known as AOne Entertainment LLC and that AOne conducts business in Los Angeles County, California. Defendants deny all other allegations of Paragraph 11 of the FAC.

12.    Defendants admit in part that On Chain Innovations LLC is a Florida limited liability company doing business in Los Angeles County, California, and that Defendant Angelone is its sole member. Defendants deny all other allegations of Paragraph 12 of the FAC.

## JURISDICTION AND VENUE

13.    Paragraph 13 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 13 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 13.

14.    Paragraph 14 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 14 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 14.

15.    Paragraph 15 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 15 purports to contain

any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 15.

## **STATEMENT OF FACTS**

16.    Defendants admit in part that on or about April 26, 2012, Hidden Empire Film Group LLC entered into a written agreement with AOne Entertainment LLC (the "2012 Agreement"), under which AOne agreed to design and develop websites for Hidden Empire Film Group LLC. Defendants deny all other allegations in Paragraph 16 of the FAC.

17.    Defendants admit that the 2012 Agreement specified payment not to exceed $25,000 for the design and development of two websites, that HEFG would retain intellectual property rights to the completed work, and that AOne would return any HEFG intellectual property upon demand. Defendants deny all other allegations in Paragraph 17 of the FAC.

18.    As to Paragraph 18, Defendants admit the allegations concerning the 2012 Agreement terms as stated therein.

19.    Defendants deny the allegations in Paragraph 19 of the FAC.

20.    Defendants deny the allegations in Paragraph 20 of the FAC.

21.    Defendants deny the allegations in Paragraph 21 of the FAC.

22.    Defendants deny the allegations in Paragraph 22 of the FAC.

23.    With respect to the allegations of Paragraph 23 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 23 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 23, and therefore deny the same.

24.    Defendants deny the allegations in Paragraph 24 of the FAC.

25.    Defendants admit in part that in late 2012, Angelone was provided with login credentials for the HEFG Domain to perform website development work under the 2012 Agreement. Defendants deny all other allegations in Paragraph 25 of the FAC.

26.    Defendants deny the allegations in Paragraph 26 of the FAC.

27.    Defendants deny the allegations in Paragraph 27 of the FAC.

28.    Defendants deny the allegations in Paragraph 28 of the FAC.

29.    Defendants deny the allegations in Paragraph 29 of the FAC.

30.    Defendants deny the allegations in Paragraph 30 of the FAC.

31.    Defendants deny the allegations in Paragraph 31 of the FAC.

32.    Defendants deny the allegations in Paragraph 32 of the FAC.

33.    Defendants deny the allegations in Paragraph 33 of the FAC.

34.    Defendants deny the allegations in Paragraph 34 of the FAC.

35.    Defendants deny the allegations in Paragraph 35 of the FAC.

36.    Defendants deny the allegations in Paragraph 36 of the FAC.

37.    Defendants deny the allegations in Paragraph 37 of the FAC.

38.    Defendants deny the allegations in Paragraph 38 of the FAC

39.    Defendants deny the allegations in Paragraph 39 of the FAC.

40.    Defendants deny the allegations in Paragraph 40 of the FAC.

41.    Defendants deny the allegations in Paragraph 41 of the FAC.

42.    Defendants deny the allegations in Paragraph 42 of the FAC.

43.    Defendants deny the allegations in Paragraph 43 of the FAC.

44.    Defendants admit in part that Angelone represented to Plaintiffs that access to certain domains managed by AOne could be restored and login credentials provided, contingent upon the payment of outstanding invoices owed to AOne. Defendants deny all other allegations in Paragraph 44 of the FAC.

45.    Defendants deny the allegations in Paragraph 45 of the FAC.

46.    Defendants deny the allegations in Paragraph 46 of the FAC.

47.    Defendants deny the allegations in Paragraph 47 of the FAC.

4

48.     As to Paragraph 48, Defendants admit in part that after setting up the utilized Google Account, Darrick Angelone created individual email accounts for HEFG personnel and its support team using the HEFG Domain, and that all of the HEFG email addresses are tied to the HEFG Domain and the utilized Google Account. Defendants deny all other allegations in Paragraph 48 of the FAC.

49.     With respect to the allegations of Paragraph 49 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 49 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 49, and therefore deny the same.

50.     Defendants deny the allegations in Paragraph 50 of the FAC.

51.     Defendants deny the allegations in Paragraph 51 of the FAC.

52.     Defendants deny the allegations in Paragraph 52 of the FAC.

53.     Defendants deny the allegations in Paragraph 53 of the FAC.

54.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 54, and therefore deny the same.

55.     Defendants deny the allegations in Paragraph 55 of the FAC.

56.     As to Paragraph 56, Defendants admit that on October 22, 2015, Roxanne Taylor provided Angelone with the log-in credentials (i.e., usernames and passwords) for several social media accounts owned by HEFG, which Angelone then began managing.

57.     Defendants deny the allegations in Paragraph 57 of the FAC.

58.     Defendants deny the allegations in Paragraph 58 of the FAC.

59.     Defendants deny the allegations in Paragraph 59 of the FAC.

60.     Defendants deny the allegations in Paragraph 60 of the FAC.

61.     Defendants deny the allegations in Paragraph 61 of the FAC.

62.     Defendants deny the allegations in Paragraph 62 of the FAC.

63.     Defendants deny the allegations in Paragraph 63 of the FAC.

64.     Defendants deny the allegations in Paragraph 64 of the FAC.

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

65.    With respect to the allegations of Paragraph 65 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 65 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 65, and therefore deny the same.

66.    Defendants deny the allegations in Paragraph 66 of the FAC.

67.    Defendants deny the allegations in Paragraph 67 of the FAC.

68.    Defendants admit in part that the company On Chain Innovations LLC was involved in the development of the Fear Game. Defendants deny all other allegations in Paragraph 68 of the FAC, specifically denying the allegation that the Fear Game was "unauthorized".

69.    Defendants deny the allegations in Paragraph 69 of the FAC.

70.    Defendants deny the allegations in Paragraph 70 of the FAC.

71.    Defendants deny the allegations in Paragraph 71 of the FAC.

72.    Defendants deny the allegations in Paragraph 72 of the FAC.

73.    Defendants deny the allegations in Paragraph 73 of the FAC.

74.    Defendants deny the allegations in Paragraph 74 of the FAC.

75.    Defendants deny the allegations in Paragraph 75 of the FAC.

76.    Defendants deny the allegations in Paragraph 76 of the FAC.

77.    Defendants deny the allegations in Paragraph 77 of the FAC.

78.    With respect to the allegations of Paragraph 78 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 78 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 78, and therefore deny the same.

79.    With respect to the allegations of Paragraph 79 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 79 purports to contain any additional

allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 79, and therefore deny the same.

80.    With respect to the allegations of Paragraph 80 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 80 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 80, and therefore deny the same.

81.    With respect to the allegations of Paragraph 81 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 81 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 81, and therefore deny the same.

82.    With respect to the allegations of Paragraph 82 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 82 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 82, and therefore deny the same.

83.    With respect to the allegations of Paragraph 83 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 83 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 83, and therefore deny the same.

84.    Defendants deny the allegations in Paragraph 84 of the FAC.

85.    Defendants deny the allegations in Paragraph 85 of the FAC.

86.    Defendants admit in part that on or about August 19, 2022, Angelone established a new limited liability company with the California Secretary of State named Hidden Empire Film Group, LLC. Defendants deny all other allegations in Paragraph 86 of the FAC.

87.     Defendants admit the allegations in Paragraph 87 of the FAC.

88.     With respect to the allegations of Paragraph 88 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 88 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 88, and therefore deny the same.

89.     With respect to the allegations of Paragraph 89 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 89 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 89, and therefore deny the same.

90.     Defendants deny the claims in Paragraph 90.

91.     Defendants deny the claims in Paragraph 91.

92.     With respect to the allegations of Paragraph 92 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 92 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 92, and therefore deny the same.

93.     With respect to the allegations of Paragraph 93 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 93 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 93, and therefore deny the same.

94.     With respect to the allegations of Paragraph 94 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 94 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 94, and therefore deny the same.

95.     With respect to the allegations of Paragraph 95, Defendants lack sufficient information or knowledge to admit or deny Plaintiffs' claims regarding the impact of the Defendant Darrick Angelone's alleged posting on the internet copies of videos taken from Deon Taylor's private recorded Zoom videos postings, and therefore deny those claims on that basis. Defendants deny all of the remaining allegations in Paragraph 95.

96.     As to Paragraph 96, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

97.     As to Paragraph 97, Defendants admit that on April 26, 2012, HEFG and AOne entered into the 2012 Agreement.

98.     Defendants deny the allegations in Paragraph 98 of the FAC.

99.     Defendants deny the allegations in Paragraph 99 of the FAC.

100.    Defendants deny the allegations in Paragraph 100 of the FAC.

101.    As to Paragraph 101, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

102.    Paragraph 102 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 102 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103 of the FAC.

104.    With respect to the allegations of Paragraph 104 of the FAC, Defendants cannot admit or deny at this time, since Defendants cannot speculate as to what Plaintiffs intend in this litigation.  To the extent that Paragraph 104 purports to contain any additional allegations of fact, Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 104, and therefore deny the same.

105.    Defendants deny the allegations in Paragraph 105 of the FAC.

106.    As to Paragraph 106, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

107.    Paragraph 107 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 107 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108 of the FAC.

109.    Defendants deny the allegations in Paragraph 109 of the FAC.

110.    As to Paragraph 110, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

111.    Paragraph 111 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 111 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112 of the FAC.

113.    Defendants deny the allegations in Paragraph 113 of the FAC.

114.    As to Paragraph 114, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

115.    Paragraph 115 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 115 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 115.

116.    Paragraph 116 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 116 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 116.

117.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 117, and therefore deny the same.

118.    Paragraph 118 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 118 purports to contain

any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 118.

119.   Defendants deny the allegations in Paragraph 119 of the FAC.

120.   As to Paragraph 120, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

121.   Paragraph 121 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 121 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 121.

122.   Paragraph 122 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 122 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 122.

123.   Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 123, and therefore deny the same.

124.   Paragraph 124 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 124 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 124.

125.   Defendants deny the allegations in Paragraph 125 of the FAC.

126.   As to Paragraph 126, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

127.   Paragraph 127 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 127 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 127.

128.   Paragraph 128 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 128 purports to contain

any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 128.

129.   Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 129, and therefore deny the same.

130.   Paragraph 130 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 130 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 130.

131.   Defendants deny the allegations in Paragraph 131 of the FAC.

132.   As to Paragraph 132, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

133.   Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 133, and therefore deny the same.

134.   Defendants deny the allegations in Paragraph 134 of the FAC.

135.   Defendants deny the allegations in Paragraph 135 of the FAC.

136.   Defendants deny the allegations in Paragraph 136 of the FAC.

137.   As to Paragraph 137, Defendants incorporate their responses to the previously alleged paragraphs of the FAC.

138.   Paragraph 138 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 138 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 138.

139.   Paragraph 139 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 139 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 139.

140.   Defendants deny the allegations in Paragraph 140 of the FAC.

141.   Defendants deny the allegations in Paragraph 141 of the FAC.

142.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 142, and therefore deny the same.

143.    Paragraph 143 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.  To the extent that Paragraph 143 purports to contain any allegations of fact, Defendants deny that they committed any of the acts as stated in Paragraph 143.

## PRAYER FOR RELIEF

144.    The prayer for relief contains no factual allegations. Hence, no response is required. In any event, Defendants expressly deny that Plaintiffs are entitled to relief, including but not limited to the relief sought by Plaintiffs in their FAC.  Defendants generally deny any allegations of Plaintiffs' FAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further answer to the FAC, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant states as follows for its affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

145.    Plaintiffs' FAC fails to state a claim upon which relief can be granted. Specifically, Plaintiffs' allegations are conclusory, lack requisite specificity, and fail to establish the essential elements of each cause of action alleged. The claims are further unsupported by evidence or any plausible factual foundation. Several claims rely on speculative or hypothetical assertions that are directly contradicted by documentary evidence, including, the 2012 Agreement, which explicitly delineates the terms of the business relationship and scope of work, and the parties' October 22, 2013 email correspondence, which confirms completion of the work under the 2012 Agreement and requests final payment for services. There have been no written and signed agreements modifying the 2012 Agreement, as required by its terms. The above deficiencies, *inter alia*, render Plaintiffs' claims insufficient under Rule 12(b)(6) of the Federal Rules of

Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

146.   Defendants are informed and believe and, based thereon allege, that each claim for relief alleged against Defendants is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

147.   Defendants are informed and believe, and based thereon allege, that if Plaintiffs suffered any damages, they are barred from recovering such damages based on their failure to mitigate those damages by the exercise of reasonable care and effort. Specifically, Defendants contend that Plaintiffs unreasonably incurred excessive costs in the investigation of Defendants' conduct, in light of their own failure to comply with contractual obligations with Defendants, failure to protect or secure their intellectual property and other assets from third parties, and due to their own negligence. Plaintiffs' damages, if any, could have been avoided or minimized through the exercise of reasonable diligence and proactive measures, which they failed to implement.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

148.   Defendants are informed and believe, and based thereon allege, that by reason of their own acts and omissions with respect to the parties agreements, Plaintiffs' copyright, and the ownership and maintenance of their intellectual property, Plaintiffs have waived the claims for relief they assert against Defendants in the FAC. Specifically, Defendants contend that Plaintiffs have waived their claims for relief arising out of the parties' April 26, 2012 agreement, including but not limited to Breach of Contract, because of Plaintiff's own actions and omissions by which they deemed the performance of the 2012 agreement complete on or about October 22, 2013. Further, Plaintiffs failed to assert ownership rights, enforce compliance, or take necessary

14

actions to protect their intellectual property during the time they allege Defendants engaged in the conduct at issue. Plaintiffs' prolonged inaction, reliance on Defendants to manage intellectual property (e.g., Google Workspace accounts), and failure to implement clear protocols for transferring ownership demonstrate an implicit waiver of claims concerning mismanagement or unauthorized use. Moreover, Plaintiffs' inaction and omissions with respect to the ownership and enforcement of intellectual property and the scope of the 2012 Agreement constitute a waiver of claims such as copyright infringement, breach of contract, and related allegations. Defendants further allege that Plaintiffs' actions and omissions, by failing to object, enforce, or timely assert their rights, demonstrate a knowing and voluntary relinquishment of the claims asserted in the FAC.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

149.    Defendants are informed and believe, and based thereon allege, that by reason of their own acts and omissions with respect to the parties agreements, Plaintiffs' copyright, and the ownership and maintenance of their intellectual property, Plaintiffs are estopped from asserting the claims for relief asserted against Defendants in the FAC. Specifically, Plaintiffs are estopped from asserting claims for the infringement of the copyright of the "Fear" film because Plaintiffs gave Defendants full authority, authorization, and encouragement to copy, display, and distribute expressions fixed in the Fear film, and make derivates of those expressions. Furthermore, Plaintiffs are estopped from asserting claims for relief arising out of the parties' April 26, 2012 agreement, including but not limited to Breach of Contract, because of Plaintiff's own actions and omissions by which they deemed the performance of the 2012 agreement complete on or about October 22, 2013. Defendants reasonably relied on Plaintiffs' actions, representations, and omissions in proceeding with their work and obligations, incurring significant time, costs, and efforts based on Plaintiffs' apparent consent and satisfaction. Plaintiffs' subsequent reversal and pursuit of claims prejudices Defendants,

who acted in good faith reliance on Plaintiffs' conduct. Defendants contend that Plaintiffs, having induced or acquiesced to the actions they now challenge, are estopped from asserting the claims for relief in the FAC.

## SIXTH AFFIRMATIVE DEFENSE
### (Fault of Others & Contribution)

150.   If, *arguendo*, any loss, injury, damage, or detriment has occurred, as alleged in the FAC, then such loss, injury, damage or detriment was caused or contributed to by the intervening or superseding negligent, reckless, intentional, or otherwise unlawful acts or omissions of third parties, and those parties should be solely liable or contribute to Plaintiffs' losses if so proved in this action. Specifically, Defendants contend that the whole or part of Plaintiffs damages with respect to their intellectual property and harm to computer systems was the fault of Plaintiffs and Roxanne Avent Taylor in failing to protect and secure their intellectual property and computer systems from interference by third parties, and also due to their own negligence. Plaintiffs' failure to establish clear ownership protocols, maintain secure access credentials, and ensure proper oversight over their systems materially contributed to any harm they allege to have suffered. To the extent that Plaintiffs' alleged damages were exacerbated or caused by the actions or omissions of third parties, those third parties bear sole or contributory responsibility for the resulting harm.

## SEVENTH AFFIRMATIVE DEFENSE
### (Offset/Prior Payment)

151.   Plaintiffs' claims are barred, in whole or in part, to the extent all or some purported claims for relief asserted in the FAC are subject to offset and/or prior payment. Specifically, Defendants contend that any recovery by Plaintiffs be offset by the amount owed to Defendants resulting from the valid debts for digital marketing and other services provided to Plaintiffs by Defendants Darrick Angelone and Aone, which remained unrecouped. Any recovery sought by Plaintiffs must be reduced by the amounts owed to Defendants, as those debts constitute a valid and enforceable

obligation arising out of services rendered that benefited Plaintiffs. Plaintiffs' claims for damages are improperly inflated and fail to account for these outstanding debts, which must be offset against any potential recovery in this action

### EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

152.   Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' consent and/or implied acquiescence. Specifically, Defendants contend that Plaintiffs gave consent and/or implied acquiescence to (1) Defendants alleged access of Plaintiffs' computer systems, (2) Defendants' alleged use of Plaintiffs' registered copyrights, and (3) Defendants' valid use and possession of the intellectual property that is the subject of this lawsuit. Defendants contend that Plaintiffs' acquiescence to these actions, whether express or implied, precludes them from asserting the claims alleged in the FAC.

### NINTH AFFIRMATIVE DEFENSE

### (Ratification)

153.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification. Specifically, Plaintiffs, through their conduct, statements, and omissions, knowingly accepted and benefited from Defendants' actions, including the alleged access to computer systems, use of copyrights, and management of intellectual property. Plaintiffs, with full knowledge of the material facts, failed to object to or repudiate Defendants' conduct, thereby ratifying those actions and any associated agreements. Plaintiffs' acceptance of the benefits resulting from Defendants' work constitutes a clear and intentional ratification, precluding them from asserting claims inconsistent with their prior conduct.

### TENTH AFFIRMATIVE DEFENSE

### (Fraud and Concealment)

154.   Plaintiffs' claims are barred, in whole or in part, by Plaintiff's fraud and/or concealment. Specifically, Defendants contend that Plaintiffs' false representations of

material fact throughout the parties' relationship were made with the knowing intent to deceive, and thereby unlawfully induced Defendants' (1) alleged access of Plaintiffs' computer systems, (2) alleged use of Plaintiffs' registered copyrights, and (3) valid use and possession of the intellectual property that is the subject of this lawsuit. Plaintiffs concealed material facts regarding their intentions, rights, and obligations under the agreements and relationship with Defendants, leading to unjust harm and prejudice against Defendants. Defendants contend that Plaintiffs' fraudulent conduct and concealment of material facts preclude them from asserting the claims alleged in the FAC.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Breach of the Covenant of Good Faith and Fair Dealing)

155. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of their/its duty of good faith and fair dealing. Specifically, Defendants contend that Plaintiffs breach the covenant of good faith and fair dealing because Plaintiffs seek to unlawfully enforce and extend the terms of the April 26, 2012 agreement (the "2012 Agreement") between Aone and HEFG, despite the fact that this agreement was mutually terminated by the parties on or about October 22, 2013, and further does not apply to Defendants' services outside of the design and development of two HEFG websites referenced in this agreement. Plaintiffs' attempts to enforce the terms of the 2012 Agreement against Defendants' services unrelated to the design and development of the two HEFG websites referenced in the agreement constitute bad faith efforts to improperly expand their rights under the agreement. Plaintiffs' actions and omissions, including failing to recognize the termination of the 2012 Agreement and attempting to assert claims outside its scope, undermine the fairness and integrity of their claims and violate the implied covenant of good faith and fair dealing inherent in all contracts.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

156.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if Plaintiffs prevailed on any of Plaintiffs' claims. Specifically, Defendants contend that Plaintiff would be unjustly enriched by retaining value, without just payment to Defendants, in the form of Defendants' digital marketing services and intellectual property developed for Plaintiffs which is the subject of the FAC. Plaintiffs have received substantial value from the digital marketing services and intellectual property developed by Defendants, yet they have failed to provide just payment or compensation for these services and assets. Allowing Plaintiffs to recover under the claims asserted in the FAC would enable them to retain the benefits of Defendants' work and intellectual property without equitable payment, resulting in an unfair windfall. Plaintiffs' claims are inequitable as they seek relief for alleged harms while retaining value derived from Defendants' contributions, contrary to principles of fairness and justice.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable Controversy)

157.   Defendants are informed and believe, and thereon allege that Plaintiffs' FAC and each purported cause of action contained therein, was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the laws which warrant the filing of the FAC against Defendants. Plaintiffs' claims are unsupported by the facts of the case and are contradicted by the documentary evidence, including agreements, communications, and payment records. Plaintiffs failed to conduct a reasonable inquiry into the factual and legal basis of their claims before initiating this action, as evidenced by their reliance on speculative allegations and omissions of material facts. The lack of a justifiable controversy renders Plaintiffs' claims frivolous and demonstrates an improper use of judicial resources, warranting dismissal or other equitable relief in favor of Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

19

158.   The complete adjudication of the purported claims and causes of action contained in Plaintiffs' FAC requires the presence of additional and necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved. These indispensable parties include, but are not limited to Roxanne Avent Taylor, a key individual involved in the events and transactions at issue, including but not limited to decision-making, oversight, and communication regarding the 2012 Agreement, Google Workspace management, intellectual property ownership, and authorization of projects.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

159.   Defendants are informed, believe, and thereon allege that all damages incurred by Plaintiffs, if any, were caused by the acts and/or omissions of Plaintiffs so as to prevent Defendants' performance. This affirmative defense is based, in part, on Plaintiffs routine failure to pay Defendants for their services and maintenance of intellectual property, which is referenced in the FAC and Defendants' Fourth Amended Counterclaims.  Plaintiffs routinely failed to compensate Defendants for services rendered and for the ongoing maintenance and management of Plaintiffs' intellectual property, despite relying on those services to sustain their operations. Plaintiffs' contradictory directives, including demands to cease services while continuing to utilize and benefit from them, created an environment that made Defendants' continued performance impractical and untenable. Plaintiffs' refusal to provide necessary collaboration, clear protocols, or payment for critical obligations directly hindered Defendants' ability to fully perform under the terms of the agreements at issue.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Impossibility or Impracticability)

160.   Defendants are informed, believe, and thereon allege that all damages incurred by Plaintiffs, if any, were caused by circumstances beyond Defendants' fault,

responsibility, or control which made Defendants' performance under the contract or otherwise impossible or impractical.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Apportionment of Fault)

161.   The whole or part of the damages alleged in the FAC were caused by the fault of the Plaintiffs and/or others, Defendants are entitled to indemnification or other apportionment of fault from said others and/or parties, and any judgment rendered against Defendants should be reduced thereby. Specifically, Defendants contend that the whole or part of Plaintiffs damages with respect to their intellectual property and harm to computer systems was the fault of Plaintiffs and Roxanne Avent Taylor in failing to protect and secure their intellectual property and computer systems from interference and injury caused by third parties. Furthermore, Defendants contend that the whole or part of Plaintiffs damages with respect to the alleged copyright infringement by Defendants were wholly or partially caused by Plaintiffs and Roxanne Avent Taylor because they authorized Defendants use of Plaintiffs copyright and/or granted Defendants a license to use said copyright. Specifically, by virtue of their actions and omissions, Plaintiffs and Third-Party Defendant Roxanne Taylor authorized and even encouraged Defendants Darrick Angelone and AONE Creative, LLC, to create copy, display, and distribute expressions fixed in the Fear film, and make derivates of those expressions, as part of an overall marketing campaign which Defendants agreed to produce for Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Damages Caused by Plaintiffs)

162.   Defendants allege that the FAC, and each purported cause of action contained therein, is barred because damages to Plaintiffs, if any, were directly caused in whole by Plaintiffs' own conduct for which Defendants bear no responsibility. Specifically, Defendants contend that Plaintiffs are responsible for their own damages, in part, because they chose not to reimburse Defendants for their development of the

Fear game and marketing campaign, which was produced by Defendants at the behest of Deon Taylor and Roxanne Taylor. It was expressly and/or impliedly agreed that Defendants would receive compensation from Plaintiffs for the creation of marketing content based on the Fear film, including the game, as part of the overall digital marketing campaign. Thus, any damages for infringement based on the aforementioned digital marketing campaign for the Fear film were directly caused in whole by Plaintiffs' own conduct for which Defendants bear no responsibility. Additionally, Plaintiffs failed to pay Defendants for much of the digital marketing and other services provided to Plaintiffs, and failed to adequately protect their computer systems from interference by third parties, such that any resulting damages were directly caused in whole by Plaintiffs' own conduct for which Defendants bear no responsibility.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Discharge)

163.    Defendants allege that they have appropriately, completely, and fully performed and been discharged of any and all obligations and legal duties arising out of the matters alleged in the FAC. Specifically, Defendants contend that they have been discharged from any and all obligations under the 2012 Agreement because all work under that agreement was fully performed by Defendants and the agreement was mutually terminated by the parties on or about October 22, 2013. Plaintiffs took no subsequent steps to amend or extend the terms of the 2012 Agreement, nor did they object to the completion of services or assert any outstanding obligations within a reasonable timeframe.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Novation)

164.    Defendants allege that they performed each and every obligation to Plaintiffs pursuant to any and all contracts and agreements described in the FAC, and pursuant to the novations reached between Defendants and Plaintiffs. See Civil Code §§ 1530-1531. Specifically, Defendants contend that they have performed, in full, the

terms contemplated by the parties April 26, 2012 agreement and any novations reached
between Defendants and Plaintiffs in that Defendants fully completed the development
of two websites contemplated by the 2012 agreement, which was mutually terminated
by the parties on or about October 22, 2013. Plaintiffs failed to allege or produce
evidence of any written or enforceable modifications to the 2012 Agreement that would
alter the terms of the parties' novation or impose additional obligations on Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Condition Precedent/Lack of Notice)

165.   If it is determined that Defendants did not perform one or more obligations
under any contract or agreement, Defendants contend that Plaintiffs did not perform
Plaintiffs' obligations under each contract or agreement as aforesaid, which obligations
were a condition precedent to any performance by Defendants in each instance and/or
failed to provide Defendants with proper notice needed, among other matters, to give rise
to liability on Defendant's part. If it is determined that Defendants did not perform one
or more obligations under any contract or agreement, such nonperformance resulted
directly from Plaintiffs' failure to perform their own obligations, including timely
payments, cooperation, and compliance with the terms of the agreements. Plaintiffs failed
to provide Defendants with proper notice or an opportunity to cure any alleged
deficiencies, omissions, or breaches, as required under the terms of the agreements or
applicable law. Plaintiffs' failure to satisfy these conditions precedent or to provide
necessary notice precludes any liability on the part of Defendants for the claims asserted
in the FAC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Defendants' Full Performance of Contract)

166.   Defendants allege that Defendants performed each and every obligation to
Plaintiffs pursuant to any and all contracts and agreements described in the FAC, except
those obligations that Defendants were prevented and/or excused from performing by
the acts and/or omissions of Plaintiffs and/or other entities and/or individuals not named

as Defendants in the FAC herein. Specifically, Plaintiffs' own communications, including in an October 22, 2013 email, confirm the completion of all work required under the 2012 Agreement and requested final payment. Plaintiffs' actions prevented further performance by failing to fulfill their payment obligations for services rendered, as evidenced by outstanding invoices and partial payments only addressing work performed prior to April 2022, and repeatedly demanding cessation of services while continuing to utilize and benefit from those services, creating conflicting directives and rendering performance impractical. Plaintiffs' refusal to provide necessary collaboration, including failure to transfer ownership protocols for certain assets (e.g., Google Workspace accounts, domains), further excused any alleged nonperformance.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence)

167.   Defendants allege that through Plaintiffs' conduct, Plaintiffs approved, authorized, consented to and/or acquiesced to Defendants' conduct alleged in the FAC. Specifically, Defendants contend that Plaintiffs gave express or implied acquiescence to (1) Defendants alleged access of Plaintiffs' computer systems, (2) Defendants' alleged use of Plaintiffs' registered copyrights, and (3) Defendants' valid use and possession of the intellectual property that is the subject of this lawsuit. Defendants contend that Plaintiffs' acquiescence to these actions, whether express or implied, precludes them from asserting the claims alleged in the FAC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Modification)

168.   Defendants allege that the contract in question, if any, was modified by the parties, and that Plaintiffs are therefore barred from recovery, if any, by reason of said modification. Specifically, Defendants contend that through the parties communications and actions subsequent to the 2012 Agreement, the 2012 Agreement was modified in such a way that the agreement would not apply to any services performed by Defendants for Plaintiffs outside of those contemplated by the 2012 Agreement.  The

modification was evidenced by the parties' communications and actions following the completion of work under the 2012 Agreement, including acknowledgment of completion, lack of objection to additional services rendered, and the absence of amendments extending the scope of the original agreement. Plaintiffs' acceptance and benefit of services provided by Defendants beyond the original agreement, without adherence to the terms of the 2012 Agreement, further evidences the parties' mutual modification of the contract.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Mutual Mistake)

169.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the FAC, said claims or obligations are unenforceable by reason of mutual mistake. Specifically, Defendants contend that the parties are both mistaken as to the terms of the 2012 Agreement such that the agreement is unenforceable. This mutual mistake impacted the parties' understanding of their respective rights and obligations, rendering the agreement unenforceable as it does not reflect the true intent of the parties. The misalignment between the parties' intentions and the terms of the 2012 Agreement precludes Plaintiffs from asserting claims based on an inaccurate or incomplete interpretation of the agreement.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Excuse of Performance)

170.   Defendants allege that Defendants' performance under the terms of the agreement(s) alleged in the FAC was excused. Specifically, Defendants contend that all performance under the 2012 Agreement was excused once Defendants completed all services contemplated by the Agreement, and further by the fact that Plaintiffs expressly or impliedly deemed the agreement discharged and/or terminated. Plaintiffs' actions and omissions, including their failure to address or enforce any remaining obligations under

the 2012 Agreement, further excused any alleged performance obligations by Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Ambiguity)

171.    Defendants allege that the agreement(s) alleged in the FAC was/were never formed due to one or more ambiguities in the essential terms of the agreement. Specifically, Defendants contend that the 2012 Agreement is ambiguous in part because it is unclear whether the 2012 Agreement (specifically Paragraph 11) applies to services provided by Defendants outside the term and scope of the services that are expressly contemplated by the 2012 Agreement. This ambiguity creates uncertainty as to the parties' rights and obligations under the agreement, precluding a mutual understanding necessary for the formation or enforcement of a valid contract. Defendants reasonably interpreted the ambiguous terms to exclude services beyond the specific work contemplated in the agreement, and Plaintiffs failed to clarify or address these ambiguities in a timely or effective manner.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Defendants' Good Faith Reliance)

172.    Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the FAC, said claims or obligations are unenforceable by reason of Defendants' good faith reliance upon the Plaintiffs and/or other third parties. Specifically, said claims or obligations are unenforceable by reason of Defendants good faith reliance on the Plaintiffs instructions, consent, and/or representations, including but not limited to (1) Plaintiffs' express or implied authorization of Defendants alleged access of Plaintiffs' computer systems, (2) Plaintiffs' express or implied consent to Defendants' alleged use of Plaintiffs' registered copyrights, and (3) Plaintiff's express or implied consent to Defendants' valid use and possession of the intellectual property that is the subject of this lawsuit. Furthermore, much of the claims or obligations sought by Plaintiff are unenforceable by reason of

Defendants' good faith reliance on Plaintiffs' representations that Defendants had a membership interest in Hyper Engine, LLC as equal members of the company. Defendants contend that their reliance on Plaintiffs' instructions, consent, and representations was reasonable and made in good faith, barring Plaintiffs from asserting claims inconsistent with these authorizations and representations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

173.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the FAC said rights, claims or obligations are barred as against Defendants because Plaintiffs' alleged damages are improperly speculative. Namely, Plaintiffs have failed to provide a clear, tangible, or quantifiable basis for the damages they claim, relying instead on unsupported estimates or conjecture. Plaintiffs' damages, if any, are not grounded in verifiable evidence, such as financial records, itemized costs, or reliable expert testimony, making their claims improperly speculative and legally insufficient. Any recovery sought by Plaintiffs is barred to the extent it relies on hypothetical, uncertain, or unproven harm that cannot be reasonably calculated or attributed to Defendants' alleged conduct.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

174.   Defendants allege that if there presently exists or ever existed any or all of the alleged rights, claims or obligations which Plaintiffs seek by way of the FAC, said rights, claims or obligations are barred as against Defendants because Plaintiffs, by their own statements and conduct, have intentionally and deliberately led Defendants to believe a particular thing true and to act in reliance thereon, and thus Plaintiffs may not contradict or refute said statement in any litigation arising therefrom. Plaintiffs authorized or impliedly consented to Defendants' actions, including accessing Plaintiffs' computer systems, utilizing Plaintiffs' copyrights, and managing intellectual

property, and encouraged Defendants to continue those actions. Defendants reasonably relied on Plaintiffs' statements and conduct to their detriment, undertaking services and incurring costs based on the belief that their actions were authorized and acceptable. Plaintiffs are now barred from contradicting or refuting their prior statements and conduct in any litigation arising from those representations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Enforceable Agreement)

175.   Defendants allege that some or all of the alleged causes of action, rights, claims, demand for performance, and/or obligations which Plaintiffs seek by way of the FAC, are barred as against Defendants because Plaintiffs cannot prove an agreement enforceable against Defendants as it relates to the allegations in the FAC. Specifically, Defendants contend that the 2012 Agreement is not enforceable as to the conduct of Defendants referenced in the FAC because the 2012 Agreement does not apply to the services provided by Defendants outside or beyond the terms and scope of services of the 2012 Agreement. Plaintiffs cannot establish that the 2012 Agreement or any subsequent modification extends to the conduct of Defendants referenced in the Complaint, rendering the claims based on that conduct unenforceable. Plaintiffs' reliance on the 2012 Agreement is misplaced as it fails to demonstrate mutual assent, consideration, or enforceable terms covering the services and actions now at issue.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Mutual Assent)

176.   Defendants allege that some or all of the alleged causes of action, rights, claims, demand for performance, and/or obligations which Plaintiffs seek by way of the FAC, are barred as against Defendants because Plaintiffs cannot prove Defendants' mutual assent to any such agreement. Specifically, Defendants contend that Plaintiffs cannot prove Defendants' mutual assent to any agreement and/or modification that the terms of the 2012 Agreement would apply to work and services provided by Defendants that are not within the scope of work and services expressly contemplated by the 2012

Agreement. The lack of clear agreement or documentation evidencing Defendants' consent to such modifications precludes the enforcement of any alleged obligations related to work beyond the original terms of the 2012 Agreement. Plaintiffs' reliance on implied terms or alleged modifications, absent clear evidence of mutual assent, is insufficient to support their claims for relief.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Binding Arbitration)**

177.   Defendants allege that there is an arbitration clause in the April 26, 2012 agreement referenced in the FAC. Pursuant to this agreement, this dispute between Plaintiffs and Defendants is or may be required to be resolved by binding arbitration. \\\

WHEREFORE, Defendants respectfully pray for Judgment in their favor and against Plaintiffs, as follows:

1.   That Plaintiffs take nothing by reason of their FAC and the claims therein, and that the same be dismissed with prejudice;

2.   That judgment be entered in favor of Defendants and against Plaintiffs on each of the claims of Plaintiffs and on the FAC;

3.   For an award of reasonable attorneys' fees, in favor of Defendants, if allowable by contract, statute, or other law;

4.   For an award of Defendants' costs of suit incurred herein; and

5.   For such other and further relief as the Court deems just and proper.

DATED:  January 9, 2025

LAW OFFICES OF J.T. FOX & ASSOCIATES, APC

By: _____

J.T. Fox, Esq.
Attorney for Defendants and Counterclaimants,
DARRICK ANGELONE;

AONE CREATIVE, LLC; and
ON CHAIN INNOVATIONS, LLC

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury on all issues so triable that are raised by Plaintiffs' FAC and the Answer of Defendants.

**DATED:  January 9, 2025**                **LAW OFFICES OF J.T. FOX & ASSOCIATES, APC**


By:  _____
J.T. Fox, Esq.
Attorney for Defendants and
Counterclaimants,
DARRICK ANGELONE;
AONE CREATIVE, LLC; and
ON CHAIN INNOVATIONS, LLC

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is: 556 S. Fair Oaks Ave., Suite 444, Pasadena, CA 91105.

On **January 9, 2025**, I served the DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT on the parties involved by mailing a true and correct copy thereof in a sealed envelope, addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

___X___ **BY MAIL**: I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Pasadena, California. I am readily familiar with the business practice for collection and processing of mail in this office; that in the ordinary course of business said document would be deposited with the US Postal Service in Los Angeles on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this declaration.

___X___ **BY E-MAIL**: to felton@newellpc.com and christine@newellpc.com

___X___ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 9, 2025**, at Pasadena, California.

_____/s/ Justin Kian_____
Justin Kian