NEWELL LAW GROUP PC
FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs and Counterclaim
Defendants
**HIDDEN EMPIRE HOLDINGS, LLC,**
**HYPER ENGINE, LLC, AND DEON**
**TAYLOR;** and Third-Party Defendant
**ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | Case No. 2:22-cv-06515-MWF-AGR |
| | The Hon. Michael W. Fitzgerald |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, | **HEARING:** **DATE:** July 7, 2025 **TIME:** 10:00 a.m. **LOCATION:** Courtroom 5A |
| Defendants. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE | |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

ENTERTAINMENT LLC, a Florida
limited liability company; ON
CHAIN INNOVATIONS LLC, a
Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS,
LLC; a Delaware limited liability
company; HYPERENGINE, LLC; a
California limited liability company,
DEON TAYLOR, an individual,

Counterclaim
Defendants,

DARRICK ANGELONE, an
individual; AONE CREATIVE LLC,
formerly known as AONE
ENTERTAINMENT LLC, a Florida
limited liability company; ON
CHAIN INNOVATIONS LLC, a
Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an
individual, Third-Party Defendant

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 7, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5a of the above-titled Court, located at 350 West First Street, Los Angeles, CA 90012, Plaintiffs HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC and DEON TAYLOR ("Plaintiffs") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 56 for an order granting summary judgment on the following causes of action: No. 1 (Breach of Contract), No. 2 (Violation of Federal Computer Fraud and Abuse Act, No. 5 (Violation of Computer Data Access and Fraud Act), and No. 8 (Conversion) in the operative First Amended Complaint ("FAC").

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declarations of Felton T. Newell, Deon Taylor, Roxanne Taylor and Erin Burke as well as the records and files herein and such evidence as may be presented at the hearing on the motion.

Dated:  June 9, 2025

NEWELL LAW GROUP PC

*/s/ Felton T. Newell*

**Attorneys for Plaintiffs and
Counter-Defendants
HIDDEN EMPIRE HOLDINGS, LLC;
HYPER ENGINE, LLC AND
DEON TAYLOR; AND Third-Party
Defendant ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1

## Table of Authorities

2

3

**Cases**

4

*Capitol Audio Access, Inc. v. Umemoto*, 980 F.Supp.2d 1154, 1157–60 (E.D.Cal.2013)...........................................................................................23

*Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1066 (9th Cir. 2016) ....21

*Florey Inst. v. Kleiner Perkins Caufield & Byers*, 31 F. Supp. 3d 1034, 1041 (2014)...............................................................................................................24

*Kremen v. Cohen*, 337 F.3d 1024, 1035 (9th Cir. 2003).......................................25

*Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015)......................................................24

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009 ................20

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009) ...........20, 21

*Musacchio v. United States*, 577 U.S. 237, 240 (2016) ........................................21

*Nguyen v. Stephens Ins.*, 529 F. Supp. 3d 1047, 1057-58 (N.D. Cal. 2021).........24

*NovelPoster v. Javitch Canfield Group*, (N.D. Cal. 2014) 140 F.Supp.3d 954 ....23

*Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).................19

*People v. Childs, 220 Cal. App. 4th, 1079 (2014)* ...............................................23

*Plummer v. Day/Eisenberg*, LLP, 184 Cal. App. 38, 45 (2010). .........................24

*Regan Roofing Co. v. Super. Ct.,* 24 Cal. App. 4th 425, 434-35 (1994)..............19

*S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003)....19

*Saffron Rewards, Inc. v. Rossie* (N.D. Cal., July 25, 2022, No. 22-CV-02695-DMR) 2022 WL 2918907...............................................................................21

*Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021)..................................21

*Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)...............................................................................................................19

*Zoom Imaging Solutions, Inc., v. Edward Roe, et al*. (E.D. Cal., Sept. 2, 2022 ...21

*Zoom Imaging Solutions, Inc., v. Edward Roe, et al*. (E.D. Cal., Sept. 2, 2022, No. 219CV01544WBSKJN) 2022 WL 4025293 ..................................................21

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1

## Statutes

2  18 U.S.C § 1030 ...................................................................20

3  18 U.S.C § 1030 et al ...........................................................20

4  18 U.S.C. § 1030 ..................................................................21

5  18 U.S.C. § 1030(g) .............................................................21

6  Cal. Penal Code § 502 ..........................................................23

7

## Rules

8  Fed. R. of Civ. P. 56(a). .......................................................19

9  Fed. R. of Civ. P. 56(c) ........................................................19

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

# I.    INTRODUCTION

In the nearly three years that have passed since this Court issued a Preliminary Injunction after concluding that Plaintiff had a likelihood of success on the merits, Defendants have identified no evidence creating a dispute of material fact regarding the elements this Court previously analyzed.  Accordingly, the Court should grant Plaintiffs' Motion for Summary Judgment with respect to their claims for breach of contract, violation of the California Computer Data Access and Fraud Act, violation of the federal Computer Fraud and Abuse Act, and conversion.

# II.    FACTS

## A.    Hidden Empire Enters Into Agreement with AOne Entertainment

In 2011, Deon Taylor and his wife Roxanne founded a company that eventually became Hidden Empire Holdings, LLC ("HEFG"), a Southern California-based film studio.  *See* Declaration of Deon Taylor ("D.Taylor Decl.") ¶ 1.  In or about 2012, Roxanne Taylor met Darrick Angelone.  Declaration of Roxanne Taylor ("R.Taylor Decl. ¶ 4).  On April 26, 2012, Hidden Empire Film Group LLC, an entity affiliated with HEFG entered into a written agreement with AOne Entertainment LLC (the "2012 Agreement"), an entity owned by Mr. Angelone. *See* Ex. 1 to R.Taylor Decl.  Under the terms of the 2012 Agreement, HEFG engaged AOne Entertainment LLC as an independent contractor to design, develop and manage HEFG's websites and related media properties.[1]  *Id.*

The 2012 Agreement provided that: (a) AOne would be paid a fee, not to exceed $25,000, for Angelone's services in connection with the design and development of two HEFG websites; (b) HEFG would retain <u>all</u> rights in and to any resulting intellectual property; and (c) all such HEFG intellectual property

---

[1] Prior to filing this action, Hidden Empire Film Group, LLC assigned all of its rights and obligations in connection with the 2012 Agreement to HEFG.  *See* R.Taylor Decl. ¶ 1.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

would be turned over by Angelone/AOne immediately upon demand by HEFG. See Ex. A to D.Taylor Decl.  Furthermore, the 2012 Agreement provided that Mr. Angelone could not claim ownership in HEFG's domain names:

> At no time shall Developer own or register for its own benefit or otherwise acquire any rights in the domain names www.lmaocomedyseries.com or www.hiddenempirefilmgroup.com, or any simulations or related domains thereto. To the extent Developer is provided with access thereto or is designated as administrative or technical contact, it shall be for the benefit of Client hereunder and not for the benefit of Developer and any such designations shall be immediately returned or changed to such individuals or entities as are designed by Client upon Client making such demand.

*Id.* (emphasis added).

Between 2012 and 2022, AOne and its principal, Darrick Angelone, provided a variety of information technology services to HEFG, Deon Taylor and other individuals affiliated with HEFG.  R.Taylor Decl. ¶ 5.  In addition, AOne provided services for Hyper Engine, a marketing company founded by Deon Taylor in 2010.  *Id.* ¶¶ 2, 5.

AOne provided the following specific services for HEFG and Hyper Engine: (a) hosting the domains of HEFG, HEFG's related entities and Hyper Engine; (b) making sure the domain registrations were current; (c) designing, developing and maintaining the HEFG and Hyper Engine websites; (d) maintaining and renewing the registrations for the HEFG Google workspace accounts used for HEFG emails, contacts, calendars, etc.; (e) maintaining the servers hosting the HEFG websites; (f) creating social profiles for, posting content on and managing the social media accounts (Instagram, Facebook, Twitter, LinkedIn) of HEFG, the HEFG initiatives and the personal accounts of certain HEFG personnel; (g) publishing Hyper Engine content on YouTube, Instagram and Facebook; (h) copywriting; (i) managing paid digital media

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

campaigns and handling digital marketing campaigns for HEFG film releases. *See* R. Taylor Decl. ¶ 5. AOne served as an independent contractor for HEFG, Hyper Engine and Taylor while performing the foregoing services. *Id.* ¶ 6. Angelone has never been an employee, member, investor, partner or owner of HEFG, its affiliated entities, or Hyper Engine. *Id.*

All of the services provided by AOne outside of the scope of work of the 2012 Agreement over the years were agreed upon by the parties in each instance, based on a rate card provided by AOne. R.Taylor Decl. ¶ 9. Any time AOne provided services, it sent an invoice to HEFG personnel itemizing the work performed and the charged fee. *Id.* HEFG has paid in full all of the invoices it has received from AOne. *Id.*

## B. The HEFG Domain And The HEFG GoDaddy/Namecheap Accounts

In or about June 11, 2011, HEFG secured the domain hiddenempirefilmgroup.com (the "HEFG Domain") through GoDaddy, a domain registrar and web hosting company. R.Taylor Decl. ¶ 7. Roxanne Taylor created HEFG's login credentials (e.g., username and password) for a GoDaddy account (the "HEFG GoDaddy Account") that hosted the HEFG Domain. *Id.*

Since securing the HEFG Domain, HEFG has been the owner of it, and it has never agreed to sell, transfer or assign said domain to any other person or non- HEFG entity. R.Taylor Decl. ¶ 8. Neither Angelone nor AOne ever obtained an ownership interest in the HEFG Domain or the HEFG GoDaddy Account. *Id.*

In late 2012, Angelone requested and was provided the login credentials for the HEFG Domain to perform his website development work under the 2012 Agreement, including the creation of the HEFG Website. *Id.* ¶ 12. Since 2012, AOne has remained in possession of the login credentials to access and control

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

the HEFG GoDaddy Account. *Id.*

At Angelone's urging, HEFG later transferred the HEFG Domain from the HEFG GoDaddy Account to an HEFG account with a company called Namecheap (the "HEFG Namecheap Account"). *Id.* Namecheap is another domain name registrar providing domain name registration and web hosting. *Id.* Since creating the HEFG Website and managing the HEFG Domain, Angelone, through AOne, has made further changes and updates to the HEFG Website and was the only company managing said website. *Id.*

Unbeknownst to HEFG and without its authorization, Angelone and AOne registered the HEFG Namecheap Account in AOne's name and, despite repeated demands in 2022, they refused to provide the login credentials for the HEFG Namecheap Account to anyone at HEFG. *Id.* From the time Angelone registered the HEFG Domain in AOne's own name on Namecheap, HEFG was unable to recover its domain credentials from Namecheap. *Id.*

## C. Angelone Begins To Manage All Of The Domains Owned and Used By HEFG, Hyper Engine And HEFG Personnel

In late 2014, Angelone convinced HEFG to allow AOne to manage all of the HEFG domains (including domains related to the company name and its various businesses as well as its films and initiatives) and the domains for Hyper Engine and HEFG personnel (collectively, the "Domains"). R.Taylor Decl. ¶ 20.

Since 2014, AOne has been responsible for securing and/or managing on HEFG's behalf various domains using a variation of the HEFG name including the following Domains:hiddenempirefilmgroup.com, hiddenempirefilms.com, hiddenempiremediagroup.com, hiddenempiremedia.com, hiddenempirereleasing.com, hiddenempireproductions.com, hiddenempire.productions, hiddenempire.media, hiddenempiremedia.group, hiddenempire.studio, hiddenempire.org, hiddenempireentertainment.com, foreveryoungfabrics.com, hiddenempirestudios.com, hefg.com, and

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

hiddenempire.productions.  *Id*. ¶ 22.

Since 2014, AOne has also been responsible for securing and/or managing numerous domains related to HEFG films. Those HEFG films and the corresponding Domains are as follows:

a.    "Fatale" – fatale.movie

b.    "Intruder" - theintruder.movie

c.    "Traffik" – traffik.movie and traffikmovie.com

d.    "Meet the Blacks" – meettheblacksmovie.com and meettheblacksthemovie.com

e.    "The House Next Door: Meet the Blacks 2" – thehousenextdoor.movie

f.    "Supremacy" – supremacyfilm.com and supremacymovie.com

g.    "Fear" - fear.movie and fearthemovie.com

h.    "Free Agents" - freeagentsmovie.com and freeagents.movie
     "Hoop 2" - hoop2film.com and hooptofilm.com

*Id*.

Since 2014, AOne has also been responsible for securing and/or managing the domains based on the names of HEFG personnel including the following Domains:

a.    Deon Taylor (HEFG co-founder) – deontaylor.com and deontaylorfilms.com

b.    Roxanne Avent Taylor (HEFG co-founder) – Aventviii.com.

Id.

Since 2014, AOne has been responsible for securing and/or managing the domains related to HEFG initiatives including the following Domains:

a.    Facts Not Politics – factsnotpolitics.com and factsnotpolitics.org

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

b.    Climb – climborganization.org, climb.org and climb.network

c.    Blackchairshow.com

d.    Blackhistoryintwominutes.com

e.    2getherwesavelives.com,togetherwewillsavelives.com, togetherwewillsavelives.com,togetherwewillsavelives.org,and

f.    2getherwewillsavelives.com

g.    Be.woke.vote

*Id.*

Since 2014, AOne also has been responsible for managing the Domains for Hyper Engine including: hyperenginellc.com and hyperengine.ai.

The foregoing Domains were either registered by HEFG itself or HEFG requested that AOne register them on HEFG's behalf and in HEFG's name.  Id. ¶ 23.

**D.    AOne Obtains Control Of The HEFG Google Workspace Account, Including Its Email System**

Several years ago, Angelone set up HEFG's corporate email system using the Google Workspace (formerly GSuite) tied to the HEFG Domain (the "HEFG Google Account"). R.Taylor Decl. ¶ 14.  As part of AOne setting up the HEFG Google Account, Angelone obtained the login credentials to HEFG's Google Account so he could complete the set up and deployment of the HEFG personnel email addresses on HEFG's behalf. *Id.*  At that point, Angelone provided Roxanne Taylor with the HEFG Google Account login credentials. *Id.*

After setting up the HEFG Google Account, Angelone created individual email accounts for HEFG personnel and its support team using the HEFG Domain. All of the HEFG email addresses are tied to the HEFG Domain and the HEFG Google Account.  *Id.* ¶ 15.

Each individual HEFG email account has been regularly used by HEFG

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

personnel to conduct HEFG business. *Id.* ¶ 16. Said email accounts served as the primary method of communication amongst HEFG personnel and between HEFG personnel and non-HEFG individuals and companies about HEFG business. *Id.* HEFG personnel also circulate banking and financial information through their HEFG email accounts, and use their HEFG Google account to store and manage important files like contracts for various HEFG projects. *Id.*

At some point unknown to HEFG, Angelone changed the login credentials to the HEFG Google Account and he has not provided the new login credentials to HEFG. *Id.* ¶ 36.

### E. Angelone's Acknowledgment That The Domains Belong To HEFG

On July 6, 2018, Angelone transmitted a spreadsheet with all of the HEFG related domain and social media accounts as well as the corresponding passwords for those accounts to HEFG representatives Deon and Roxanne Taylor. R.Taylor Decl. ¶ 24. In that communication, Angelone acknowledged that the HEFG related Domains and social media accounts belong to HEFG, not AOne. *Id.* Angelone further acknowledged in said email the harm that could occur to HEFG's business if "someone with access changes the passwords, email credentials, with malicious intent." *Id.*

### F. Angelone "Locks Out" HEFG, Hyper Engine And HEFG Personnel From Being Able To Access The Domains

AOne's process for securing and/or maintaining the Domains on HEFG and Hyper Engine's behalf included AOne advancing the costs owed to Namecheap for securing and maintaining the Domains. R.Taylor Decl. ¶ 26. After AOne advanced those costs, it sent an invoice to HEFG seeking reimbursement of those costs and that invoice was subsequently paid by HEFG. *Id.* HEFG has always been responsible for payment of, and has actually paid for,

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

registering and maintaining (e.g., payment of renewal fees) all of the Domains. *Id.*

In fact, there are no services AOne performed for HEFG, its affiliated entities, Hyper Engine or any HEFG personnel for which AOne has not received payment in full. R.Taylor Decl. ¶ 9. The paid in full status was confirmed in contemporaneous correspondence by Angelone's attorney, who confirmed that all "prior balances" had either been paid or were being paid. See Ex. __ to D.Taylor Decl. In deposition testimony regarding this email, Mr. Thompson confirmed that this information regarding the status of payment probably came directly from Angelone. *See* Ex. C to Newell Decl. (Thompson Depo.) at 20:5-10.

After August 4, 2022, Angelone continued to withhold Plaintiffs' credentials not because of any unpaid invoices but as leverage to force Plaintiffs into a formalized agreement regarding Hyper Engine.

In August 2022, HEFG discovered that Angelone had "locked out" all HEFG personnel from being able to access all of the Domains by changing the login credentials (i.e., usernames and passwords). This has severely frustrated and damaged HEFG and Hyper Engine's ability to conduct its business.

Angelone's actions of shutting off HEFG's email access and refusing to turn over the HEFG Google Account credentials have severely frustrated and damaged HEFG's ability to conduct its business and caused it to lose out on important business opportunities.

G. **Angelone's Management Of All Of The Social Media Accounts Owned By HEFG, Hyper Engine And HEFG Personnel**

In or around December 2014, Angelone convinced HEFG to create and allow AOne to manage the social media accounts for HEFG, Hyper Engine and the HEFG films and initiatives.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

On October 22, 2015, Roxanne Taylor provided Angelone with the log-in credentials (i.e., usernames and passwords) for several social media accounts owned by HEFG, which Angelone then began managing.

HEFG currently owns the following social media accounts:

a. hiddenempirefilmgroup (related to the HEFG company name)–Facebook, Instagram, Twitter and Linkedin

b. Blackhistoryintwominutes (related to a HEFG production) – Facebook, Instagram, YouTube, Apple Podcast, Twitter and Linkedin.

c. Be.Woke.Vote (related to a HEFG initiative) – Facebook, Instagram, YouTube, Twitter.

d. Climb.organization (related to a HEFG initiative) - Facebook, Instagram, YouTube, Twitter.

e. Fear.movie (related to a HEFG film) - Facebook, Instagram, YouTube, Twitter.

f. Fatalemovie (related to a HEFG film) - Facebook, Instagram, YouTube, Twitter.

g. Meet_the_blacks (related to a HEFG film) - Facebook, Instagram, YouTube, Twitter.

h. Theintrudermovie (related to a HEFG film) - Facebook, Instagram, YouTube, Twitter.

i. Traffikmovie (related to a HEFG film) - Facebook, Instagram, YouTube, Twitter.

j. Supremacy.movie (related to a HEFG film) - Facebook, Instagram, YouTube, Twitter. The foregoing are collectively referred to herein as the "HEFG Social Media Accounts").

Each of the foregoing HEFG Social Media Accounts have login credentials

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

(i.e., usernames and passwords) as well as administrator rights credentials. HEFG has either provided to AOne or AOne has created all of the credentials necessary to access and control said social media accounts.  R.Taylor Decl. ¶ 5.

### H. Angelone "Locked Out" HEFG, Hyper Engine And HEFG Personnel From Being Able To Access The HEFG Social Media Accounts

At some point unknown to HEFG, Angelone changed the login credentials for all of the HEFG Social Media Accounts provided to him by HEFG. Neither Angelone nor AOne have provided the current credentials for said Social Media Accounts to anyone at HEFG, despite repeated demands that the credentials be turned over, and despite representations from Angelone's counsel that the credentials would be turned over.

### I. Angelone's Use of HEFG's Confidential Email Communications Without Authorization And For His Own Economic Advantage

None of Plaintiffs ever authorized or gave permission to Angelone to access or review private HEFG email messages.  On August 22, 2022, Mr. Angelone sent a series of text messages to Deon evidencing that he had reviewed emails of HEFG personnel without authorization. Angelone was not an author or recipient of any of the emails he provided to Deon by text.

In one text message Angelone sent to Deon, Angelone admitted he had accessed Deon and Roxanne Taylor's private email messages.  In addition, on August 25, 2022, Angelone's counsel sent an email to Plaintiffs' counsel attaching purported emails and other documents Angelone had gathered. In fact, the only way Angelone could have obtained the documents in question was by reviewing Deon and Roxanne Taylor's personal and private emails without their consent. These documents included attorney-client privileged communications.



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Plaintiffs are informed and believe that Angelone's purpose in looking through the private, confidential emails of Deon and Roxanne Taylor was to improperly leverage that information to force Deon to enter into a partnership with Angelone for an equity stake in Deon's Hyper Engine venture.

**J.      Angelone Deletes HEFG'S Google Workspace Account**

On September 30, 2022, the Court in this Action partially granted Plaintiffs' Motion for Preliminary Injunction.  *See* Dkt. No. 25.  On October 27, 2022, Roxanne Taylor received an email from Google's Account Recovery Team. In that email, Google stated: "I understand that you want to restore the emails that have been deleted.  Please be informed that you have already created a new workspace account and the previous account has been completely deleted thus there is no possibility to restore these emails/users data. . . Since the deletion had been performed by the existing admin in workspace and we never promise for any user data/files that has been deleted . . ." With this email, Plaintiffs learned that Defendants had deleted HEFG's Google Workspace account.

**K.      Harm to HEFG Caused by Angelone's Deletion of Plaintiff's Google Workspace Account**

As a result of Defendants' deletion of Plaintiffs' Google Workspace account, Plaintiffs' business has been negatively impacted at a cost of hundreds of thousands of dollars.  In addition, Plaintiffs have incurred costs in excess of Ten Thousand Dollars $10,000 investigating the matter. The costs relate to the Plaintiffs' retention of a private forensic consulting firm to conduct an investigation of Angelone and AOne's conduct regarding Plaintiffs' emails, Domains, and Social Media Accounts. Costs for the completed investigation are expected to far exceed $100,000. Plaintiffs have also incurred significant attorneys' fees in attempting to secure the return of access to the credentials for the subject Domains, websites, HEFG Google Account, and Social Media

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Accounts.

HEFG is also being damaged by Mr. Angelone's continued unauthorized access to its email and Social Media Accounts. Before Angelone locked Plaintiffs out of their email accounts, HEFG personnel regularly used email communications to transmit banking and other financial information and other sensitive information regarding film projects in development.

Angelone confirmed as recently as August 25, 2022 that he had been reading HEFG personnel emails in an attempt to gain a financial advantage for himself and AOne. In addition, as recently as September 6, 2022, Angelone added content to HEFG's Instagram account implying that he has an ownership in HEFG, raising significant concerns that Angelone will continue to use the sensitive information contained in emails of HEFG personnel and create content on HEFG's Social Media Accounts in improper ways that will further harm HEFG.

Angelone's deletion of HEFG's Google Workspace account has caused devastating loss to Plaintiffs. When Angelone deleted the account, he erased over 10 years of records and information that is critical to Plaintiffs' business and operations. The account included every email that every HEFG employee and contractor sent or received from the HEFG account about HEFG's business. Due to Angelone's actions, HEFG no longer has the following information:

    **A.**    The contracts, scripts, budgets, financial information, production and development information, marketing efforts, correspondence with partners and distribution companies, revenue data and a host of other information pertaining to HEFG's motion pictures;

    **B.**    The contracts, budgets, financial information, production and development information, marketing efforts, correspondence

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

with partners and supporters, revenue data and a host of other information pertaining to HEFG's initiatives associated with its philanthropic endeavors;

**C.**  All of the correspondence, documents, records, proposals, offers and plans associated with actual and potential projects being developed by HEFG and projects presented by third parties to HEFG for consideration;

**D.**  All of the day-to-day business records of HEFG concerning its business operations such as personnel records, insurance policies, lease agreements, and communications and contracts with vendors and contractors; and

**E.**  All of HEFG's financial and banking information including bank statements and records pertinent to tax filings and records, and income and expense data.

The fact that Angelone deleted all of the data in HEFG's Google Workspace account has frustrated Plaintiffs' ability to exploit its films and generate revenue. For example, in order to exploit its films, licensors and buyers require HEFG to provide to them industry standard deliverables regarding the film they are interested in. "Deliverables" includes such items as licenses, chain of title documents, above-the-line contracts, below-the-line contacts, music clearance documents, and a variety of other documents related to the production of the film. Most of those documents were located in HEFG's G-Drive, and were delated by Angelone, making the recovery of such information extremely difficult, time consuming and sometimes impossible.

Angelone's actions have had a devastating effect on Plaintiffs' business, as it has been a struggle to recover from the loss of so much of Plaintiffs' business information that the company accumulated over a decade. R.Taylor Decl. ¶ 65.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

While Angelone was HEFG's IT administrator, the company conducted much of its business by email and, to this day, the company continues to have difficulty with its ongoing operations because it is unable to find or retrieve information it needs pertaining to its films. *Id.* It is extremely difficult to place a monetary figure on the substantial damages Plaintiffs have suffered, and will continue to suffer, as a result of Angelone's complete destruction of all of Plaintiffs' critical data and emails. *Id.*

## III. ARGUMENT

### A. The Legal Standard for Summary Judgment

A party may move for summary judgment on a "claim or defense." Fed. R. of Civ. P. 56(c). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. of Civ. P. 56(a). Where the party moving for summary judgment would bear the burden of proof at trial, it bears the initial burden of proof at summary judgment as to each material fact and must show that no reasonable jury could find other than for the moving party." *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

### B. The Court Should Grant Plaintiff's MSJ Regarding Its Breach of Contract Claim

To prevail on a claim for breach of contract, a plaintiff must prove the following elements: (1) the existence of the contract; (2) plaintiff's performance or excuse for non-performance; (3) defendants' breach; and (4) damages to plaintiff as a result of the breach. *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011); *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) (quoting *Regan Roofing Co. v. Super. Ct.,* 24 Cal. App. 4th 425, 434-35 (1994)).

Here, HEFG and AOne entered into the 2012 Agreement. R. Taylor Decl., ¶ 9, Ex. 1. Among other things, AOne agreed that all of the Intellectual Property

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Rights (as that term is defined in the contract) shall be the sole and exclusive property of HEFG. *Id*. AOne further agreed that it shall not own or register for its own benefit or otherwise acquire any rights in the HEFG Domain (*i.e.*, hiddenempirefilmgroup.com) or any related domains thereto. *Id*. AOne further agreed that to the extent it is provided access or is designated as administrative or technical contact, it shall be for the benefit of HEFG and not for the benefit of AOne and any such designations shall be immediately returned or changed to such individuals or entities as are designated by HEFG upon HEFG making such demand. *Id*.

AOne has breached the 2012 Agreement by, among other things, refusing to provide to HEFG the credentials (username and passwords) to allow HEFG to obtain access to and administrative control over the HEFG Domain and the related Domains. R. Taylor Decl. ¶¶ 17-25; D. Taylor Decl. ¶¶ 8-10; Newell Decl. ¶¶ 9-27. AOne has further breached the 2012 Agreement by, falsely claiming ownership of the HEFG Domain and related domains, registering the HEFG Domain and related domains in its own name, and using those domains for its own benefit. *Id*. Plaintiffs have been harmed as a result of Defendants' breach. R. Taylor Decl. ¶¶ 18, 19, 30, 31, 36, 50.

### C. The Court Should Grant Plaintiff's MSJ Regarding Its Federal Computer Fraud and Abuse Act Claim (18 U.S.C. §§1030(a)(2)(C) and (a)(5)

The Computer Fraud and Abuse Act, codified at 18 U.S.C § 1030 et al. ("CFAA"), "prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009). The CFAA "provides two ways of committing the crime of improperly accessing a protected computer: (1) obtaining access without authorization; and (2) obtaining access with authorization but then

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

using that access improperly." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1066 (9th Cir. 2016) (quoting *Musacchio v. United States*, 577 U.S. 237, 240 (2016)). "An individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." *Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021); *see*, 18 U.S.C. § 1030(e)(6) (defining "exceeds authorized access as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter").

The CFAA permits "[a]ny person who suffers damage or loss by reason of a violation of this section [to] maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). The CFAA imposes liability for anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains ... information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). *Saffron Rewards, Inc. v. Rossie* (N.D. Cal., July 25, 2022, No. 22-CV-02695-DMR) 2022 WL 2918907, at *7.

To prevail on a claim of violation of 18 U.S.C. § 1030(a)(2)(C), a plaintiff must prove that a defendant: "(1) intentionally accessed a computer; (2) without authorization or exceeding authorized access; and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value." *Zoom Imaging Solutions, Inc., v. Edward Roe, et al*. (E.D. Cal., Sept. 2, 2022, No. 219CV01544WBSKJN) 2022 WL 4025293, at *8–9, citing *LVRC Holdings LLC*, 581 F.3d at 1132 (2009).

The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1    A "loss" is defined as "any reasonable cost to any victim, including the cost of

2    responding to an offense, conducting a damage assessment, and restoring the

3    data, program, system, or information to its condition prior to the offense, and any

4    revenue lost, cost incurred, or other consequential damages incurred because of

5    interruption of service." *Id*. § 1030(e)(11).

6         Here, HEFG has never authorized Defendants to access or review HEFG's

7    corporate emails. D. Taylor Decl. ¶ 11; R. Taylor Decl. ¶¶ 14-16. However,

8    Defendants accessed and reviewed Plaintiffs' emails as evidenced by the fact that

9    within the last few weeks, Angelone sent to Deon Taylor Plaintiffs' private emails

10   that he accessed by looking through their personal email accounts. *Id*. at 11-14. In

11   addition, without authorization, Defendants locked Plaintiffs out of their email

12   accounts, depriving Plaintiffs of the ability to review, send or receive emails for

13   months. R. Taylor Decl. at ¶¶ 18. As yet another example, by improperly

14   accessing and reviewing Plaintiffs' private emails, Angelone found a new domain

15   HEFG set up without his knowledge – hiddenempire.com – as well as the login

16   credentials HEFG secured for that domain. Newell Decl. at ¶ 28. After seeing that

17   in HEFG's private emails, Angelone changed the passwords so that HEFG could

18   no longer access that domain. *Id*. at ¶¶ 28-30.  Ultimately, Defendants deleted

19   Plaintiffs' Google Workspace Account.  *See* Burke Decl. ¶¶ 26-32.

20        Because of Defendants' actions, Plaintiffs have suffered damages in excess

21   of $5,000. R. Taylor. Decl., ¶ 49. Those damages relate to Plaintiffs' retention of

22   a private forensic consulting firm to conduct an investigation of Defendants'

23   conduct, as well as attorneys' fees in connection with this matter. *Id*.  Because

24   Plaintiffs meet all of the requirements to prevail on their CFFA claim, the Court

25   should grant Plaintiffs' Motion for Summary Judgment.

26        **D.**    <u>The Court Should Grant Plaintiff's MSJ Regarding Plaintiffs' CDAFA Claim</u>

27        The CDAFA provides that it is unlawful for a person to "[k]nowingly and

28   without permission disrupt [] or cause [] the disruption of computer services or

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1    den[y] or cause[] the denial of computer services to an authorized user of a

2    computer, computer system, or computer network."  Thus,

3         Like the CFAA, the California Computer Data Access and Fraud Act

4    ("CDAFA") allows an individual who "suffers damage or loss by reason of a

5    violation" of the statute to bring a private civil action. Cal. Penal Code §

6    502(e)(1). Unlike the CFAA, the CDAFA does not impose a $5,000 loss

7    minimum—any amount of damage or loss caused by the defendant's CDAFA

8    violation is enough to sustain the plaintiff's claims. *Id. See, Capitol Audio Access,*

9    *Inc. v. Umemoto*, 980 F.Supp.2d 1154, 1157–60 (E.D.Cal.2013); *Mintz*, 906

10   F.Supp.2d at 1029–32.

11        In *People v. Childs*, the defendant was the system administrator of a large

12   and complex computer network who manipulated the network so that he was only

13   person with administrative access. 220 Cal.App. 4th 1079, 1082-93 (2014). The

14   *Childs* court held that the scope of section 502(c)(5) was not constrained "to

15   external hackers who obtain unauthorized access to a computer system," and that

16   the provision "may properly be applied to an employee who uses his or her

17   authorized access to a computer system to disrupt or deny computer services to

18   another lawful user." *Id*. at 1104. In reaching this holding, the court emphasized

19   that section 502(c)(5), unlike most CDAFA provisions, does not contain an

20   "access" element. *Id*. at 1102 ("The Legislature's requirement of unpermitted

21   access in some section 502 offenses and its failure to require that element in other

22   parts of the same statute raise a strong inference that [the offenses] that do not

23   require unpermitted access were intended to apply to persons who gain lawful

24   access to a computer but then abuse that access."). *See also*, *NovelPoster v.*

25   *Javitch Canfield Group*, (N.D. Cal. 2014) 140 F.Supp.3d 954, 966–967.

26        Here, there is no dispute of material fact regarding each of the elements.

27   Angelone knowingly disrupted Plaintiffs' computer services.  As with Plaintiffs'

28   CFAA claim, HEFG has never authorized Defendants to access or review

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-23-
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

HEFG's corporate emails. D. Taylor Decl. ¶ 11; R. Taylor Decl. ¶¶ 14-16. However, Defendants accessed and reviewed Plaintiffs' emails as evidenced by the fact that Angelone sent to Mr. Taylor Plaintiffs' private emails that he accessed by looking through their personal email accounts. *Id.* at ¶¶ 11-14. In addition, without authorization, Defendants locked Plaintiffs out of their HEFG email accounts and subsequently deleted the contents of the accounts.

As yet another example, by improperly accessing and reviewing Plaintiffs' private emails, Angelone he found a new domain HEFG set up without his knowledge – hiddenempire.com – as well as the login credentials HEFG secured for that domain. Newell Decl. ¶ 28. After seeing that in HEFG's private emails, Angelone changed the passwords so that HEFG could no longer access that domain. *Id.* at ¶¶ 28-30.

For this claim there is no $5,000 loss minimum, as any amount of loss is enough. Nonetheless, as stated above, Plaintiffs have suffered well in excess of $5,000. R. Taylor. Decl., ¶ 49.

### E. The Court Should Grant Plaintiff's MSJ Regarding Its Conversion Claim

"The elements of conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Nguyen v. Stephens Ins.*, 529 F. Supp. 3d 1047, 1057-58 (N.D. Cal. 2021) (*quoting Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015)). "Neither legal title nor absolute ownership of the property in question is necessary for a conversion claim – 'a party need only allege it is entitled to immediate possession at the time of conversion." *Florey Inst. v. Kleiner Perkins Caufield & Byers*, 31 F. Supp. 3d 1034, 1041 (2014) (*quoting Plummer v. Day/Eisenberg*, LLP, 184 Cal. App. 38, 45 (2010).

Here, there is no material dispute of fact that Angelone converted domain names owned by Plaintiffs. The Ninth Circuit has held that "domain name[s] are

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1    protected by California conversion law." *Kremen v. Cohen*, 337 F.3d 1024, 1035

2    (9th Cir. 2003).

3         Plaintiffs own numerous web domains as well as email, social media and

4    website accounts. R. Taylor Decl. ¶¶ 7-9, 12-13, 14-15, 22-24; D. Taylor Decl. ¶¶

5    4, 10-14). Despite being a vendor who has never been an owner of but only

6    authorized to register and maintain Plaintiffs' domains and accounts, Defendants

7    have essentially hijacked them by changing the credentials for those accounts,

8    refusing to provide the credentials to Plaintiffs, and locking Plaintiffs out of the

9    domains and accounts. R. Taylor Decl. ¶¶ 5, 8, 18-19, 22, 23, 25, 30, 33--37; D.

10   Taylor Decl. ¶¶10-14; Q. Newell Decl. ¶ 29-30.  In 2021, Plaintiffs requested that

11   Defendants secure the following ten domains on their behalf, which Defendants

12   accomplished on August 6, 2021: hiddenempiregroup.com;

13   hiddenempiremedia.com; hiddenempireleasing.com;

14   hiddenempireproductions.com; hiddenempire.productions; hiddenempire.media;

15   hiddenempiremedia.group; hiddenempire.studio;

16   hiddenempireentertainment.com; and hiddenempire.org (collectively, the "2021

17   Domains").

18        Eight hours after the initial registrations for six of the ten 2021 Domains

19   expired on August 6, 2022, all six were re-registered to an "anonymous

20   individual" in Revjavik, Iceland that has the same exact contact information as

21   that reflected on the registration record for a domain name Angelone admits that

22   he owns.  Angelone Decl., Ex. 66; Newell Supp. Decl., ¶¶ 3, 5, Ex. 31).  The

23   other four 2021 Domains also identify an anonymous person located in Capital

24   City, Iceland (Reykjavik) as the registrant, with no contact information given.

25   Newell Supp. Decl., Ex. 31).

26        Subsequent research confirmed that nine of the 2021 Domains had the user

27   ID "jackyjasper."  By Angelone's own admission, Jacky Jasper is the performer

28   name for Sean Merrick, whom Angelone has known for 25 years.  (143:13-25).

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Through business collaborations with Merrick over the years, either Angelone or his company has received between $700,000 and $1.2 million. (Angelone depo: 148:21-149:5). Plaintiffs have suffered damages. D. Taylor Decl., ℙ 7-10; Newell Decl. ℙℙ 14-27.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment.

Dated: June 9, 2025                    NEWELL LAW GROUP PC

*/s/ Felton T. Newell*

Attorneys for Plaintiffs and Counter-Claim Defendants HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC AND DEON TAYLOR; AND Third-Party Defendant ROXANNE TAYLOR

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663