J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX & ASSOCIATES, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax

Attorneys for Defendants, DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | Case No. 2:22-cv-06515-MWF-AGR<br>Action Filed:  September 12, 2022 |
| Plaintiffs, | **DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF COUNSEL** |
| v. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company, | [Submitted concurrently with [PROPOSED] Order] |
| Defendants. | |

COMES NOW, Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC, by and through their attorneys of record, and submit this *ex parte* application to continue the Opposition and Reply deadlines on Plaintiffs' Motion for Partial Summary Judgment. The Motion for Summary Judgment is set to be heard on August 18, 2025. Defendants' Opposition is currently due July 28, 2025, and Plaintiffs' Reply is due August 4, 2025. Trial is currently set for September 9, 2025, with the Final Pre-Trial Conference on August 25, 2025.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC ("Defendants") bring this ex parte application to continue the briefing deadlines on Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylors' (collectively "Plaintiffs") Motion for Partial Summary Judgment (hereinafter, the "MSJ") because Defendants retained expert, Rick Watts, is not presently available to produce a report responsive to that of Plaintiffs' expert, and has insufficient time to review the numerous documents produced with the motion and prepare a declaration before Defendants' Opposition is due.

As is documented in the Declaration of JT Fox attached hereto (hereinafter, "Fox Decl.") Plaintiffs served the MSJ on June 10, 2025, for a hearing date of July 7, 2025, the last date to hear motions prior to the current trial date. After Plaintiffs refused to stipulate to a continuance of the MSJ hearing or the trial date, Defendants brought an *ex parte* application on June 18, 2025 seeking to do the same. (Dkt. 191.)

On June 20, 2025, this Court continued the hearing on Plaintiffs' MSJ to August 18, 2025 at 10:00 AM, rendering Defendants' *ex parte* moot. (Dkt. 192.) Based on this new hearing date, Defendants' Opposition is due on July 28, 2025, and

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

Plaintiffs' Reply is due on August 4, 2025.

While Defendants have been diligent in preparing to oppose the MSJ and conduct any relevant discovery, their expert, Rick Watts, is simply not available for the greater part of July to prepare a crucial report in opposing Plaintiffs' MSJ. Specifically, as stated in emails from Mr. Watts, he has minimal capacity to begin his response until July 23, and cannot have a report done any earlier than July 31. (See Fox Decl. ¶ 5, 6.) Evidently, Mr. Watts cannot prepare an adequate responsive declaration and report until after the deadline for Defendants' Opposition. Accordingly, Defendants would simply not be able to prepare and file an Opposition to the MSJ until after the current July 28, 2025 deadline.

Good cause exists for a brief continuance of the briefing deadlines associated with Plaintiffs' MSJ, to allow Defendants and their counsel to adequately prepare Opposition to the MSJ. Therefore, Defendants respectfully request that the Court grant a seven (7) day continuance of the MSJ briefing deadlines, such that Defendants' Opposition be due on August 4, 2025, and Plaintiffs' Reply be due on August 11, 2025. Alternatively, Defendants request the Court set an agreeable briefing schedule to allow the defense sufficient time to prepare Opposition to the MSJ.

Given the extensiveness of the exhibits attached to the Motion and Defendants' expert's unavailability, Defendants will suffer irreparable harm if the Court does not allow additional time in which to file Opposition.

## II. THIS COURT HAS THE AUTHORITY TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Rule 6(b)(1) of the Federal Rules of Civil Procedure, provides:
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;

1

2    Good cause is typically defined as "the movant's diligence in attempting to

3    meet the deadlines" or if the opposing party is in part responsible for the delay. *See*

4    *Albright as Next Friend of Doe v. Mountain Home School District*, 926 F.3d 942, 951.

5    Unless the party seeking relief has acted in bad faith, or the request would cause

6    prejudice to the other parties, the courts regularly hold that a request for an extension

7    made before the deadline normally should be granted. *See Miller v. Chicago Transit*

8    *Authority*, 20 F.4th 1148, 1153-54, 111 Fed. R. Serv. 3d 909 (7th Cir. 2021) ("had

9    counsel timely advised the district court of health issues and sought to provide

10   relevant information in a confidential manner, the court would have seriously

11   considered his situation."); *Alexander v. Saul*, 5 F.4th 139, 154, 110 Fed. R. Serv. 3d

12   4 (2d Cir. 2021), cert. denied, 142 S. Ct. 1461, 212 L. Ed. 2d 548 (2022) ("[A]n

13   application for extension of time under Rule 6(b)(1)(A) normally will be granted in

14   the absence of bad faith on the part of the party seeking relief or prejudice to the

15   adverse party," (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice

16   & Procedure § 1165 (4th ed. 2021 update); *see also Staggers v. Otto Gerdau Co.*, 359

17   F.2d 292, 296 (2d Cir. 1966) (noting that when Federal Rule of Civil Procedure 6(b)

18   was amended to provide district courts with greater "flexibility," it was "assumed that

19   discretionary extensions would be liberally granted")); *see also Stark-Romero v.*

20   *National R.R. Passenger Co.*, 275 F.R.D. 544, 547, 80 Fed. R. Serv. 3d 309 (D.N.M.

21   2011) ("Showing good cause [under Rule 6(a)(1)(A)] is not a particularly demanding

22   requirement.").

23   Here, as explained above and in the accompanying Declaration of JT Fox,

24   Defendants are unable to reasonably prepare a complete and substantive Opposition

25   to the Motion for Summary Judgment without expert input. Plaintiffs' MSJ relies in

26   part on the opinions and analysis of their retained expert, Erin Burke. In order to

27   meaningfully challenge Plaintiffs' factual and expert contentions, Defendants must

28   address technical and evidentiary matters that lie outside the knowledge of lay

witnesses or counsel. This requires the opinion of their expert, Rick Watts.

Following service of the MSJ, Defendants timely retained Rick Watts of Quandary Peak Research to analyze the materials submitted with Plaintiffs' MSJ and to prepare a declaration and report in opposition. However, due to prior professional obligations and scheduling constraints, Mr. Watts has indicated that he cannot begin his substantive review of the MSJ materials until July 23, 2025, and that the earliest date he could produce a final report would be July 31, 2025, though August 2, 2025 is more realistic. (See Fox Decl. ¶ 5, 6.)  As such, Mr. Watts is unable to meet the current July 28, 2025 deadline for Defendants' Opposition, and Defendants cannot reasonably be expected to file their Opposition without the benefit of their expert's input.

This is not a matter of delay or gamesmanship. Defendants acted promptly and in good faith to retain an expert so they could diligently and meaningfully oppose the MSJ. However, without Mr. Watts' report, Defendants will be deprived of a meaningful opportunity to rebut Plaintiffs' expert and related factual assertions, which would undermine their ability to oppose summary judgment on the merits. A short extension will ensure the matter is fully and fairly briefed, and will not result in any prejudice to Plaintiffs. The requested extension will not affect the MSJ hearing date, but rather only the briefing schedule. Likewise, the continuance will not impact any pretrial deadlines or discovery timelines.

Accordingly, Defendants respectfully request that the Court grant this narrowly tailored extension of seven (7) days for the Opposition and Reply deadlines, or alternatively, set a reasonable modified briefing schedule that will allow Defendants to present their Opposition with the benefit of a properly prepared expert report.

## III. GOOD CAUSE EXISTS TO GRANT THIS EX PARTE APPLICATION

Good cause exists to grant this Ex Parte Application, as Defendants will suffer irreparable harm if the Court does not continue the briefing deadlines on Plaintiffs' MSJ, as they will be deprived of their right to adequately prepare Opposition and

address the substance of Plaintiffs' expert report and declaration.

## IV. PLAINTIFFS HAVE BEEN GIVEN NOTICE OF THIS EX PARTE APPLICATION

As set forth fully in the attached Declaration of JT Fox, Esq., and pursuant to Local Rule 7-19.1, on July 15, 2025, at 3:47 PM, defense counsel sent an email to Plaintiff's counsel to notify them of the requested ex parte relief, and whether they would stipulate to or oppose Defendants' request for additional time in which to file an Opposition and for Plaintiff to file a Reply. On July 15, 2025, Plaintiffs' counsel responded in the negative stating briefly that "Plaintiffs will oppose". (See Fox Decl. ¶ 8.) Accordingly, counsel cannot reach an agreement thereby making this Ex Parte Application necessary. On July 17, 2025, defense counsel forwarded a copy of Defendants' Ex Parte Application to Plaintiffs' counsel via e-mail, providing notice that before the Honorable Judge Michael W. Fitzgerald of the United States District Court, Central District of California, defense counsel would be applying ex parte for an order continuing the briefing deadlines on Plaintiffs' Motion for Summary Judgment.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Ex Parte Application and issue an order granting a seven (7) day continuance of the MSJ briefing deadlines, such that Defendants' Opposition be due on August 4, 2025, and Plaintiffs' Reply be due on August 11, 2025. Alternatively, Defendants request the Court set a reasonable modified briefing schedule that will allow Defendants to present their Opposition with the benefit of a properly prepared expert report.

\\\
\\\
\\\
\\\

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT.

1  **DATED**: June 17, 2025    **LAW OFFICES OF JT FOX & ASSOCIATES**
2                               **A Professional Corporation**

3

4                              By: _____
5                                   JT Fox, Esq.
6                                   Attorneys for Defendants
                                    DARRICK ANGELONE, AONE
7                                   CREATIVE, LLC, and ON CHAIN
                                    INNOVATIONS, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JT FOX IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION

I, JT Fox, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and attorney of record for Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC ("Defendants") in the above-captioned case.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3.      I make this declaration in support of Defendants' Ex Parte Application to Continue the Opposition and Reply deadlines associated with Plaintiffs' Motion for Partial Summary Judgment, currently set for hearing on August 18, 2025.

4.      On or about June 10, 2025, Plaintiffs filed and served their Motion for Partial Summary Judgment ("MSJ"), supported in part by the expert opinion of Erin Burke. Plaintiffs refused to stipulate to a continuance of either the MSJ hearing or the trial date, prompting Defendants to file an earlier ex parte application, which was mooted when the Court rescheduled the hearing to August 18, 2025. (Dkt. 192.)

5.      On or about June 24, 2025, defense counsel (Sandra Calin, Esq.) reached out to Rick Watts of Quandary Peak Research to serve as an expert to assist Defendants in analyzing the technical and evidentiary claims set forth in Plaintiffs' MSJ and expert declaration. Mr. Watts is a qualified expert in software forensics and electronic evidence. Following a preliminary review of the materials, Mr. Watts informed us that due to prior professional obligations and a heavy July schedule, he would be unable to begin substantive work on the assignment until July 23, 2025. Mr. Watts further advised that the earliest possible date to complete a report and

declaration would be July 31, 2025, though August 2, 2025 is more likely given the volume and complexity of the submissions.

6.      Attached hereto as **Exhibit "A"** are true and correct copies of emails from Mr. Watts outlining his availability and anticipated timeline for the completion of his expert review and declaration.

7.      Given Mr. Watts' unavailability to complete his report prior to the current July 28, 2025 deadline for Defendants' Opposition, Defendants will be materially prejudiced in their ability to meaningfully oppose the MSJ unless the Court grants the requested continuance.

8.      Pursuant to Local Rule 7-19.1, on July 15, 2025, at 3:47 PM, our office sent an email to Plaintiffs' counsel notifying them of Defendants' intent to seek *ex parte* relief to extend the MSJ briefing schedule and inquiring whether they would stipulate to such an extension. Plaintiffs' counsel responded on July 15, 2025, stating: "Plaintiffs will oppose." A true and correct copy of the aforementioned July 15, 2025 email chain with Plaintiffs' counsel is attached hereto as **Exhibit "B"**.

9.      On July 17, 2025, our office emailed a copy of the finalized Ex Parte Application to Plaintiffs' counsel, providing notice that Defendants would be seeking ex parte relief before the Honorable Judge Michael W. Fitzgerald of the United States District Court for the Central District of California.

10.     Given the serious nature of the Motion for Summary Judgment, which contains over 300 pages of Exhibits, Defendants' expert cannot reasonably draft a responsive and declaration within current time constraints. To avoid imminent irreparable harm, Defendants respectfully request a modest extension of the MSJ briefing schedule, specifically that the Opposition be due August 4, 2025, and the Reply be due August 11, 2025, or such alternative schedule as the Court deems reasonable under the circumstances.

\\\

\\\

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July, 2025, at Pasadena, California.

_____

J.T. Fox, Esq.

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

# Exhibit A

 **Outlook**

---

**Re: Hidden Empire v Angelone**

---

**From** Rick Watts <rick@quandarypeak.com>

**Date** Tue 7/15/2025 12:35 PM

**To** Sandy Calin <scalin@kdeklaw.com>

**Cc** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>

Hi Sandy,
Yes, I was giving that some thought this morning. I need at least a couple more days, I'd prefer to have final on the 2nd COB, but at the very least no earlier than the 31st COB.

Best Regards
Rick Watts
813-469-3322

On Tue, Jul 15, 2025 at 1:46 PM Sandy Calin <scalin@kdeklaw.com> wrote:

> Rick,
>
> How much do you need to prepare a declaration in opposition?  When is the earliest you can have it done?
>
> Thanks,
>
> Sandy
>
> ---
>
> **From:** Rick Watts <rick@quandarypeak.com>
> **Sent:** Thursday, July 10, 2025 5:28 PM
> **To:** Sandy Calin <scalin@kdeklaw.com>
> **Cc:** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>
> **Subject:** Re: Hidden Empire v Angelone
>
> ---
>
> [EXTERNAL SENDER]
>
> ---
>
> Hi Sandy,
>
> I'm going to say "unlikely". My team and I are heads down on two reports due on July 21 and 23. I have minimal capacity between now and Jul 23 for anything else. I know we discussed revisiting my original report, but I am concerned about my ability to respond adequately within a 4-day window.
>
> Best Regards
> Rick Watts
> 813-469-3322

On Thu, Jul 10, 2025 at 6:58 PM Sandy Calin <scalin@kdeklaw.com> wrote:

> Rick,
>
> I was a little off on my timing for the opposition to the MSJ. Our opposition is actually due on July 28. Can you get us your declaration before that date?
>
> Thanks,
>
> Sandy
>
> ---
>
> **From:** Rick Watts <rick@quandarypeak.com>
> **Sent:** Wednesday, July 2, 2025 4:57 PM
> **To:** Sandy Calin <scalin@kdeklaw.com>
> **Cc:** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>
> **Subject:** Re: Hidden Empire v Angelone
>
> ┌─────────────────────────────────────────┐
> │ [EXTERNAL SENDER]                         │
> └─────────────────────────────────────────┘
>
> I'm fine with that time, I'd prefer a zoom.
>
> Best Regards
> Rick Watts
> 813-469-3322
>
> On Wed, Jul 2, 2025 at 7:48 PM Sandy Calin <scalin@kdeklaw.com> wrote:
>
> > Let's confirm a call on July 8 at noon PDT. Is a conference call ok, or should we set up a Zoom call?
> >
> > Thanks,
> >
> > Sandy
> >
> > ---
> >
> > **From:** Jt Fox <jt@jtfoxlaw.com>
> > **Sent:** Tuesday, July 1, 2025 2:53 PM
> > **To:** Rick Watts <rick@quandarypeak.com>; Sandy Calin <scalin@kdeklaw.com>

**Cc:** Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>
**Subject:** Re: Hidden Empire v Angelone

[EXTERNAL SENDER]

We are pretty wide open.

### J.T. Fox, Esq.

Attorney

**LAW OFFICES OF J.T. FOX & ASSOCIATES,**

**A Professional Corporation**

556 S. Fair Oaks Ave, No. 444

Pasadena, CA 91105

_____

Work: 888.750.5530 x1

Fax: 888.750.5530

Cell: 310.701.6052

Email: JT@JTFoxLaw.com

Websites: **www.JTFOXLAW.COM**;

**www.ATTORNEYPI.COM**;

& **www.LAWYEROC.COM**

---

**From:** Rick Watts <rick@quandarypeak.com>
**Sent:** Tuesday, July 1, 2025 2:09 PM
**To:** Sandy Calin <scalin@kdeklaw.com>
**Cc:** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>
**Subject:** Re: Hidden Empire v Angelone

I'm available

Best Regards

Rick Watts

813-469-3322

On Tue, Jul 1, 2025 at 5:07 PM Sandy Calin <scalin@kdeklaw.com> wrote:

Thanks, Rick. How about Tuesday the 8th at noon my time (3 pm your time? JT and Justin, let us know if you are available then.

Thanks,

Sandy

**From:** Rick Watts <rick@quandarypeak.com>
**Sent:** Tuesday, July 1, 2025 2:05 PM
**To:** Sandy Calin <scalin@kdeklaw.com>
**Cc:** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson <ynelson@kdeklaw.com>
**Subject:** Re: Hidden Empire v Angelone

[EXTERNAL SENDER]

Hi Sandy,

I have reviewed the MSJ and then pulled down the amended claim. I have not gone through it in detail to see if any new or relevant facts were introduced. I can see the new claims in the first amended. I am pretty open next week, I would say steer clear of the 10:30–11:30PT time slot and everything else is pretty wide open, remember i'm on ET :).

Best Regards

**Rick Watts JD, PMP, PSEM**

Enterprise Architecture & IT Expert

Quandary Peak Research | *The Peak of Expertise*

202-609-9501 **Office**

813-469-3322 **Mobile**

rick@quandarypeak.com

On Tue, Jul 1, 2025 at 2:59 PM Sandy Calin <scalin@kdeklaw.com> wrote:

> Hi Rick,
>
> Have you had a chance to review the Motion for Summary Judgment?  We need to depose Erin
> Burke and would like to discuss with you the areas we need to cover with her.  Please let me know
> your availability for a call next week.
>
>
> Thanks,
>
> Sandy
>
> _____
>
> **From:** Rick Watts <rick@quandarypeak.com>
> **Sent:** Tuesday, June 24, 2025 1:46 PM
> **To:** Sandy Calin <scalin@kdeklaw.com>
> **Cc:** Jt Fox <jt@jtfoxlaw.com>; Justin Kian <justin@jtfoxlaw.com>; Yolanda Nelson
> <ynelson@kdeklaw.com>
> **Subject:** Re: Hidden Empire v Angelone
>
> ┌─────────────────────────────────────────────────────────────────┐
> │ [EXTERNAL SENDER]                                                 │
> └─────────────────────────────────────────────────────────────────┘
>
>
> Hi Sandy,
>
> Understood, I'll look for your email.
>
>
>
> Best Regards
>
> **Rick Watts JD, PMP, PSEM**
>
> Enterprise Architecture & IT Expert
> Quandary Peak Research | *The Peak of Expertise*
>
> 202-609-9501 **Office**
> 813-469-3322 **Mobile**
> rick@quandarypeak.com

On Tue, Jun 24, 2025 at 4:43 PM Sandy Calin <[scalin@kdeklaw.com](mailto:scalin@kdeklaw.com)> wrote:

Hi Rick,

Plaintiffs have filed a Motion for Summary Judgment in this case, which is currently set for hearing on August 18.  My secretary will send you all of the papers, including another Declaration from Erin Burke, although she is no longer with FTI.   Much of the Motion appears to be similar to the previous Motion to Dismiss.  After you've had a chance to look at everything, let's talk about how best to address the issues raised, and how best to oppose the Motion.

Thanks,

Sandy

*Sandra Calin*

*Partner*



**Kramer, deBoer & Keane, LLP**

27001 Agoura Road, Suite 350, Calabasas, CA 91301

Tel: (818) 657-0255 | Fax: (818) 657-0256

50 California Street, Suite 1500, San Francisco, CA 94111

Tel: (415) 933-7855 | Fax: (415) 933-7850

Cell:  (818) 469-6255 | [scalin@kdeklaw.com](mailto:scalin@kdeklaw.com)

**Los Angeles | Riverside-San Bernardino | Orange-San Diego | Northern California | Nevada**

*Visit our website at [www.kdeklaw.com](http://www.kdeklaw.com)  for additional information on Kramer deBoer & Keane.*

This email, together with any attachments, is confidential and intended solely for the use of the individual to whom it is addressed. If you are not the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please destroy it and contact the sender by email or by telephone as listed above.

# Exhibit B

 **Outlook**

---

**Re: Notice of Ex Parte Application (Hidden Empire Holdings, LLC et al. vs Darrick Angelone, et al.; 2:22-cv-06515-MWF-AGR)**

---

| | |
|---|---|
| **From** | Felton Newell <felton@newellpc.com> |
| **Date** | Tue 7/15/2025 3:49 PM |
| **To** | Justin Kian <justin@jtfoxlaw.com> |
| **Cc** | Jt Fox <jt@jtfoxlaw.com>; Sandy Calin <scalin@kdeklaw.com> |

Hi Justin.  Plaintiffs will oppose.

Felton



**Felton T. Newell**
Co-Managing Partner
NEWELL LAW GROUP

(310) 776-5392
felton@newellpc.com
www.newellpc.com
1801 Century Park E., 24th Fl., Los
Angeles, CA 90067

---

**From:** Justin Kian <justin@jtfoxlaw.com>
**Date:** Tuesday, July 15, 2025 at 3:47 PM
**To:** Felton Newell <felton@newellpc.com>
**Cc:** Jt Fox <jt@jtfoxlaw.com>, Sandy Calin <scalin@kdeklaw.com>
**Subject:** Notice of Ex Parte Application (Hidden Empire Holdings, LLC et al. vs Darrick Angelone, et al.; 2:22-cv-06515-MWF-AGR)

Felton,

We are writing to provide notice that Defendants intend to file an *ex parte* application seeking additional time to oppose Plaintiffs' Motion for Summary Judgment. Our expert cannot finish his supporting declaration within the current time constraints. This declaration is central to our opposition. Given this, we are requesting that the Court allow a later deadline for filing the opposition so that we can fully respond to the motion on the merits.

We will also be requesting a corresponding extension of time for Plaintiffs' reply, should the Court grant the requested relief.

Please let us know as soon as possible whether you intend to oppose this application. If you have any questions or would like to discuss a stipulation in lieu of the ex parte, we are open to that as well.

Thank you,


Justin Kian

Law Offices of JT Fox & Associates,
A Professional Corporation
(888) 750-5530x3

## CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of 18 and not a party to this action; my business address is 27001 Agoura Road, Suite 350, Calabasas, CA 91301.  My email address is justin@jtfoxlaw.com.

I certify that on July 17, 2025, I served:  **DEFENDANTS' EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF COUNSEL** on the following parties or counsel of record as follows:

| | |
|---|---|
| Felton T. Newell, Esq.<br>Newell Law Group PC<br>1801 Century Park East, 24th Floor<br>Phone (310) 556-9663<br>E-mail:  felton@newellpc.com;<br>christine@newellpc.com | *Counsel for Plaintiffs* |
| Jeffrey S. Kramer, State Bar No. 094049<br>Sandra Calin, State Bar No. 100444<br>KRAMER, DEBOER & KEANE<br>A Limited Liability Partnership<br>Including Professional Corporations<br>27001 Agoura Road, Suite 350<br>Calabasas, California 91301<br>Tel: (818) 657-0255 - Fax: (818) 657-0256<br>jkramer@kdeklaw.com;<br>scalin@kdeklaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct.  Executed at Sherman Oaks, California on July 17, 2025

  /s/ *Justin Kian*
Justin Kian