NEWELL LAW GROUP PC
FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs and Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC, AND DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE | Case No. 2:22-cv-06515-MWF-AGR<br><br>The Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE BRIEFING DEADLINES ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; DECLARATION OF FELTON T. NEWELL** |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

| | |
|---|---|
| 1 | ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company |
| 2 | |
| 3 | |
| 4 | |
| 5 | Counterclaimants, |
| 6 | |
| 7 | HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual, |
| 8 | |
| 9 | |
| 10 | |
| 11 | Counterclaim Defendants, |
| 12 | |
| 13 | DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company, |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | Third-Party Plaintiffs |
| 19 | |
| 20 | v. |
| 21 | ROXANNE TAYLOR, an individual, Third-Party Defendant |
| 22 | |

I.  **INTRODUCTION**

The Court should deny Defendants' Ex Parte Application for two reasons – 1) Defendants have already received 42 extra days to prepare their opposition to Plaintiffs' Motion for Summary Judgment, and 2) Defendants failed to act with diligence securing a declaration from their expert witness.

On June 10, 2025, Plaintiffs filed their Motion for Summary Judgment. After Defendants filed an ex parte application seeking a continuance of the deadline for filing their opposition, the court encouraged the parties to meet and confer regarding a continued date. The parties agreed to continue the hearing date for the motion by 42 days.

In addition, Defendants failed to act with diligence in securing a declaration from their expert witness. In the Declaration of JT Fox filed in support of Defendants' ex parte application, Mr. Fox admitted that while he was served with the Motion for Summary Judgment on June 10, 2025, he did not forward the motion to his expert until June 24, 2025. In fact, if Defendants had acted with diligence and contacted their expert earlier, they would have known about their expert's unavailability on June 18, 2024, when they filed their initial ex parte application seeking additional time. The Court should not reward Defendants for their lack of diligence. The Court should deny Defendants' ex parte application.

II.  **FACTS**

On June 10, 2025, Plaintiffs filed a Motion for Summary Judgment (the "Motion"). Declaration of Felton T. Newell ("Newell Decl.") ¶ 2. On June 18, 2025, Defendants filed an ex parte application seeking a continuance of the hearing date for the Motion. *Id.* After the Court ordered the parties to meet and confer regarding a continued hearing date, the parties stipulated that the hearing date would be continued from July 7, 2025 to August 18, 2025, giving Defendants 42 additional days to prepare their opposition to the Motion. *Id.* On

July 17, 2025, Plaintiffs filed a second ex parte application seeking a further continuance to prepare their opposition to the Motion. *Id.*

### III. ARGUMENT

#### A. **The Court Should Deny Defendants' Ex Parte Application as Defendants Have Not Acted with Diligence**

The Court should deny Defendants ex parte application since Defendants have failed to act with diligence. As a result of the Court's previous order requiring the parties to meet and confer regarding a continuance, Defendants have already received 42 extra days to prepare their opposition to the Motion. Nonetheless, Defendants waited 14 days between first receiving the Motion and sending the Motion to their expert. The Court should not reward Defendants' lack of diligence by again giving Defendants additional time to prepare its opposition.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Ex Parte Application to Continue Briefing Deadlines on Plaintiff's Motion for Summary Judgment.

Dated: July 18, 2025

NEWELL LAW GROUP PC

*/s/ Felton T. Newell*

Attorneys for Plaintiffs and Counter-Claim Defendants HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC AND DEON TAYLOR; AND Third-Party Defendant ROXANNE TAYLOR

## **DECLARATION OF FELTON T. NEWELL**

I, FELTON T. NEWELL, hereby declare as follows:

1. I am a partner at Newell Law Group P.C., counsel of record for Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC and Deon Taylor and Defendant Roxanne Taylor in this action. Each of the facts contained in this declaration is based upon my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. On June 10, 2025, Plaintiffs filed a Motion for Summary Judgment (the "Motion"). On June 18, 2025, Defendants filed an ex parte application seeking a continuance of the hearing date for the Motion. After the Court ordered the parties to meet and confer regarding a continued hearing date, the parties stipulated that the hearing date would be continued from July 7, 2025 to August 18, 2025, giving Defendants 42 additional days to prepare their opposition to the Motion. On July 17, 2025, Plaintiffs filed a second ex parte application seeking a further continuance to prepare their opposition to the Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of July 2025, at Los Angeles, California.

