UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-06515-MWF (AGRx)**                                    **Date:  July 21, 2025**
Title:  Hidden Empire Holdings, LLC et al. v. Darrick Angelone et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                                    Court Reporter:
      Rita Sanchez                                     Not Reported

      Attorneys Present for Plaintiff:                 Attorneys Present for Defendant:
      None Present                                     None Present

**Proceedings (In Chambers):**   ORDER GRANTING IN PART EX PARTE APPLICATION [194]

      Before the Court is the Ex Parte Application to Continue Briefing Deadlines on Plaintiffs' Motion for Summary Judgment (the "Application"), filed by Defendants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC on July 17, 2025.  (Docket No. 194).  Plaintiffs Deon Taylor, Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Third-Party Defendant Roxanne Taylor filed an Opposition on July 18, 2025.  (Docket No. 195).

      The Court has considered the papers filed on the Application and deems the matter appropriate for decision without oral argument.

      The Application is **GRANTED**.  While Defendants' conduct may not represent the *height* of diligence, it was sufficiently diligent for good cause to exist to modify the briefing schedule, especially where the alternative—functionally excluding Defendants from having an expert in its Opposition to the Motion for Summary Judgment—is so extreme.  While recognizing the legitimacy of Plaintiffs' position, the interest of deciding the matter on the merits weighs in favor of modifying the briefing schedule.

      Rule 6(b)(1) allows the Court to modify the time by which briefing papers are due "for good cause."  Fed. R. Civ. P. 6(b)(1).  The extension may be undertaken "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(A)-(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-06515-MWF (AGRx)**                    **Date:  July 21, 2025**
Title:  Hidden Empire Holdings, LLC et al. v. Darrick Angelone et al.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

> Because the district court may exercise its discretion under Rule 6(b)(1) only "for good cause," a party must demonstrate some justification for the issuance of the extension. However, an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.

4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2025).

Here, Plaintiffs filed the Motion for Summary Judgment on June 10, 2025. (Docket No. 187). Defendants filed their first Ex Parte Application seeking an extension and continuance of the hearing date on June 18, 2025. (Docket No. 191). On June 20, 2025, the Court issued a Scheduling Order continuing the date of the hearing until August 18, 2025, and denying the Ex Parte Application as moot. (Docket No. 192). Accordingly, the Opposition is currently due on July 28, 2025, and the Reply is due August 4, 2025. Defendants request a one-week extension of its time to file the Opposition, which would push the Opposition date to August 4 and the Reply date to August 11.

On June 24, Defendants contacted their expert, Rick Watts, for his assistance on the Opposition. (Declaration of JT Fox (Docket No. 194) ¶ 5). Watts informed Defendants that he would not be able to perform a final report until July 31, 2025, at the earliest, necessitating the extension. (Application at 5).

Plaintiffs point out that the two-week gap between the filing of the Motion for Summary Judgment and Defendants' contact with Watts may represent a lack of diligence. (Opposition at 4). But the Court is struck by (1) how lenient the standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-06515-MWF (AGRx)**                    **Date:  July 21, 2025**
Title:  Hidden Empire Holdings, LLC et al. v. Darrick Angelone et al.

for an extension under Rule 6 is; and (2) how severe the sanction would be were the Court to deny the Application.

   As discussed above, under Rule 6, extensions will generally be granted absent bad faith or prejudice to the opposing party.  Plaintiffs do not articulate any basis for the finding of bad faith or prejudice.  (*See generally* Opposition).  Moreover, Rule 6 is exceedingly lenient—it allows for an extension of time even after the deadline has passed, if excusable neglect is shown.  Fed. R. Civ. P. 6(b)(1)(B).  Here, where Defendants have acted *before* the deadline has passed and have acted with much more diligence than excusable neglect, the Court finds that it has discretion to extend the date.

   That is especially appropriate here where the sanction involved in denying the Application may well have proven dispositive of the action.  Defendants represent that Watts' contribution is necessary "to reasonably prepare a complete and substantive Opposition to the Motion for Summary Judgment." (Application at 4).  Conversely, an Opposition without Watts' contribution would be incomplete and lacking in substance.  The Court finds that it would be inequitable to ultimately decide this long-running action on the basis of Watts' scheduling conflicts, even if it is true that Defendants could have contacted Watts more quickly.

   Accordingly, the Application is **GRANTED**.  Any Opposition to the Motion for Summary Judgment is now due on or before **August 4, 2025**.  Any optional Reply is now due on or before **August 11, 2025**.  The matter remains set for hearing on **August 18, 2025**, at 10:00 a.m.

   IT IS SO ORDERED.