JEFFREY S. KRAMER, State Bar No. 094049
SANDRA CALIN, State Bar No. 100444
KRAMER, DEBOER & KEANE
A Limited Liability Partnership
Including Professional Corporations
27001 Agoura Road, Suite 350
Calabasas, CA 91301
Tel: (818) 657-0255 - Fax: (818) 657-0256
jkramer@kdeklaw.com;
scalin@kdeklaw.com
Attorneys for Defendants, DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br>Action Filed: September 12, 2022<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 18, 2025<br>Time: 10:00 a.m.<br>Dept: 5A<br><br>[Filed Concurrently with Declaration of Sandra Calin in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment; Declaration of Defendant Darrick Angelone in Opposition to Plaintiffs' Motion for Summary Judgment; Declaration of Rick Watts in Opposition to Plaintiffs' Motion for Summary Judgment] |

TO THIS HONORABLE COURT AND TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

COMES NOW, Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC, by and through their attorneys of record, and submit their Opposition to Plaintiffs' Motion for Summary Judgment.

1  This Opposition will be based upon the attached Memorandum of Points and
2  Authorities, the Declarations of Sandra Calin, Rick Watts and Darrick Angelone, filed
3  and served concurrently herewith, together with the records, papers, and files of the
4  within matter and such other evidence, both oral and documentary, as may be
5  presented at the time of the hearing of the Motion.

DATED: August 4, 2025        KRAMER, DEBOER & KEANE

By: _____
JEFFREY S. KRAMER
SANDRA CALIN
Attorneys for Defendants
DARRICK ANGELONE, AONE
CREATIVE, LLC, and ON CHAIN
INNOVATIONS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In February 2024, Plaintiffs filed a Motion for essentially terminating sanctions against Defendants. Following a hearing in Court, a further evidentiary hearing was conducted, with testimony offered by the experts of both Plaintiffs and Defendants. That Motion by Plaintiffs was denied. Now, Plaintiffs are again attempting to circumvent the due process of properly litigating this case to a jury that allows for cross-examination of witnesses, and seeks this Court to summarily find in Plaintiffs favor in a case that is rife with genuine questions of fact. This case is simply one in which the two sides (Plaintiffs and Defendants) have diametrically opposed versions of the facts that requires a trier of fact to determine, and cannot be adjudicated on a motion for summary judgment.

All of the "Facts" set forth at length on pages 6 through 19 of Plaintiffs' Motion are a repetition of the "facts" presented in Plaintiffs' Motion over a year ago. And all of those "facts" are disputed by the Declarations of Darrick Angelone and Rick Watts, filed and serve concurrently herewith, raising genuine disputes that bar summary judgment.

Plaintiffs present in support of the Motion for Summary Judgment the Declaration of Erin Burke, which consists of 19 pages, and with the attached Exhibits, 121 pages. Defendants have filed concurrently herewith the Declaration of Rick Watts to refute all of the allegations in Ms. Burke's Declaration. However, only a small portion of Ms. Burke's Declaration is referenced one time in the Motion, at page 22, line 19.

Furthermore, the Motion is ostensibly supported by the Declaration of Felton T. Newell. However, that Declaration is three pages long and contains three paragraphs. At multiple sections of the Memorandum of Points and Authorities, Plaintiff cite to "Newell Decl. ¶¶9-27" (page 20, lines 13-14); "Newell Decl. at ¶ 28" (page 22, line 16 and page 24, line10). There is a further cite to "Q. Newell Decl. ¶¶

29-30" (page 25, line10) however there was no Declaration submitted by a Q. Newell. Therefore Defendants cannot adequately respond to the arguments in the Motion.

As is documented in the Declaration of Sandra Calin at ¶ 4, although Plaintiffs' counsel called defense counsel on May 1, 2025 to advise that he would be filing a Motion for Summary Judgment, this conversation, more than one month prior to the filing of the instant Motion, did not meet the requirements of Local Rule 7-3 to thoroughly discuss "the substance of the contemplated motion and any potential resolution."

Plaintiffs' Motion is also procedurally defective in that Plaintiffs did not file a separate Statement of Uncontroverted Facts, as required by Local Rule 56-1. Therefore, the Motion should be summarily denied.

## II. LEGAL ARGUMENT

As Plaintiffs' Motion correctly states, summary judgment is appropriate if it is shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. of Civ. P. 56(a).  However, Rule 56:38 also states that the procedures regulating the making and briefing of summary judgment motions "will be governed by local rules and by orders issued by the judge assigned to the case."  Here, Local Rule 56-1 states: "A party filing a notice of motion for summary judgment or partial summary judgment must file a separate 'Statement of Uncontroverted Facts.'  This Statement must set forth the material facts as to which the moving party contends there is no genuine dispute."  Plaintiffs here have failed to file such a Statement, and although the Motion contains extensive "facts" it is not clear which specific facts Plaintiffs contend are undisputed.  As will be discussed herein, Defendants contend that all of the facts set forth by Plaintiffs are, in fact, disputed, and summary judgment is simply not available to Plaintiffs as a means of disposing of this case.

Plaintiffs' First Amended Complaint states causes of action for 1) Breach of Contract; 2), 3) and 4) Computer Fraud and Abuse Act, 18 U.S.C. §1030 et al.; 5), 6)

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
27001 AGOURA ROAD, SUITE 350
CALABASAS, CA 91301
TELEPHONE (818) 657-0255

and 7) California Computer Data Access and Fraud Act (Cal. Penal Code §502(c)); 8) Conversion; and 9) Copyright Infringement (17 U.S.C. §501 et al.).  With respect to each of the causes of action addressed in the Motion for Summary Judgment, the issue is not the legal basis for the cause of action, but whether the facts as set forth in the Motion give rise to a genuine dispute as to a material fact.  In all cases, genuine disputes of material fact exist so as to preclude summary judgment.

### A. Breach of Contract

It appears that Plaintiffs seek summary judgment on the breach of contract cause of action by alleging that AOne breached the 2012 Agreement entered into by the parties by refusing to provide to HEFG the username and password to allow HEFG to obtain access to and administrative control of the HEFG Domains.  This is specifically disputed by Mr. Angelone at Angelone Decl. ¶16-19 wherein he states that there was never a "lock-out" of HEFG from its domain.  He does state that there was a temporary suspension for non-payment, but access was restored.  Whether this amounts to a breach of contract is a question of fact to be decided by the trier of fact.

### B. Federal Computer Fraud and Abuse Claim

The Second, Third and Fourth Causes of Action are premised on U.S.C. §1030 et al., and allege Mr. Angelone committed a number of "computer crimes" by the unauthorized access of HEFG's corporate emails.  Again, while the elements of a cause of action pursuant to this Status are not disputed, the dispute is a factual one with respect to whether Plaintiffs have presented a genuine issue of material fact.  And again, the Declaration of Mr. Angelone disputes these assertions at Angelone Decl. ¶55-58.  At ¶55, Mr. Angelone states that the emails referenced by Rosanne Taylor in the Declaration in support of the Motion for Summary Judgment were emails on which he was copied and not ones he himself accessed directly.

Plaintiffs also rely on the Declaration of Erin Burke at ¶¶ 26-32 for the assertion that Defendants deleted Plaintiffs' Google Workspace Account.  However, this is clearly disputed by the Declaration of Rick Watts at ¶¶ 9-19.  Again, a genuine issue

5
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

of material fact is raised that must be decided by a trier of fact and cannot be adjudicated on a motion for summary judgment.

### C. California Computer Data Access and Fraud Act

The Fifth, Sixth and Seventh Causes of Action are premised on California's Computer Data Access and Fraud Act codified in California Penal Code §502(c), and the Motion for Summary Judgment essentially reiterates the same argument as that stated in connection with the claims under U.S.C §1030 et al. And similarly, the Declaration of Darrick Angelone disputes the Plaintiffs' assertions at Angelone Decl. ¶55-58. A genuine issue of material fact is presented, such that summary judgment cannot be granted.

### D. Conversion

The Motion for Summary Judgment on this issue essentially reiterates the claims made over a year ago with respect to the Motion for terminating sanctions, heard by the Court and denied. Plaintiffs again appear to assert that Defendants took control of various domains, social media and website accounts. And again, the Declarations of Darrick Angelone and Rick Watts refute each of the "facts," thereby precluding summary judgment.

The Declaration of Darrick Angelone at ¶53 disputes that he withheld any intellectual property assets from HEFG. In addition, the Declaration of Rick Watts, at ¶¶ 38-40 establishes that Plaintiffs cannot prevail on their assertion that Defendants were responsible for deactivating the Plaintiffs' social media accounts.

With respect to the allegations regarding the domains that Plaintiffs claim defendants "hijacked," this issue was disposed of at the hearing regarding Plaintiff's Motion in April 2024. The Declaration of Sandra Calin submitted concurrently herewith establishes that at the hearing on April 2, 2024, counsel for Plaintiffs Lawrence Hinkle confirmed that of the total of nine of the "Icelandic domains," five were in fact unregistered and in the public domain, and Ms. Taylor was able to register them. The remaining four domains all nine of the domains were transferred to Ms.

Taylor and thus all nine domains were accounted for and were not controlled by Defendants.

### III. CONCLUSION

Summary Judgment is clearly intended to dispose of issues as to which there no genuine issue of disputed facts. Here, the entirety of Plaintiffs' Motion for Summary Judgment consists of factual arguments that are disputed by Defendants. Therefore, Defendants respectfully submit that genuine issues of material fact exist with respect to all causes of action in Plaintiffs' Complaint, and the Motion for Summary Judgment must be denied.

DATED: August 4, 2025                                KRAMER, DEBOER & KEANE

By: _____
JEFFREY S. KRAMER
SANDRA CALIN
Attorneys for Defendants
DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN INNOVATIONS, LLC

<mark>

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 27001 Agoura Road, Suite 350, Calabasas, CA 91301. My email address is ynelson@kdeklaw.com.

I certify that on August 4, 2025, I served: **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** on the following parties or counsel of record as follows:

| | |
|---|---|
| Felton T. Newell, Esq.<br>Newell Law Group PC<br>1801 Century Park East, 24th Floor<br>Phone (310) 556-9663<br>E-mail: felton@newellpc.com;<br>christine@newellpc.com | *Counsel for Plaintiffs* |
| Justin Kian, Esq.<br>J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530 - Fax: (888) 750-5530<br>Email: jt@jtfoxlaw.com;<br>justin@jtfoxlaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct. Executed at Calabasas, California on August 4, 2025.

    /s/ *Yolanda Nelson*
    Yolanda Nelson