1  NEWELL LAW GROUP PC
2  FELTON T. NEWELL (State Bar #201078)
   felton@newellpc.com
3  CHRISTINE SAID (State Bar #344348)
   christine@newellpc.com
4
   1801 Century Park East, 24th Floor
5  Los Angeles, CA 90067
6  Telephone: (310) 556-9663

7  Attorneys for Plaintiffs and Counterclaim
8  Defendants
   **HIDDEN EMPIRE HOLDINGS, LLC,**
9  **HYPER ENGINE, LLC, AND DEON**
   **TAYLOR;** and Third-Party Defendant
10 **ROXANNE TAYLOR**
11

12

13            **UNITED STATES DISTRICT COURT**

14      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

16
   HIDDEN EMPIRE HOLDINGS,              Case No. 2:22-cv-06515-MWF-AGR
17 LLC; a Delaware limited liability
   company; HYPER ENGINE, LLC; a       The Hon. Michael W. Fitzgerald
18 California limited liability company;
   DEON TAYLOR, an individual,         **PLAINTIFFS' REPLY IN SUPPORT**
19                                      **OF MOTION FOR SUMMARY**
                Plaintiffs,             **JUDGMENT**
20 vs.
21
   DARRICK ANGELONE, an
22 individual; AONE CREATIVE LLC,       **HEARING:**
   formerly known as AONEE             **DATE:        August 18, 2025**
23 ENTERTAINMENT LLC, a Florida        **TIME:        10:00 a.m.**
   limited liability company; and ON   **LOCATION: Courtroom 5A**
24 CHAIN INNOVATIONS LLC, a
   Florida limited liability company,
25
26              Defendants.
27
   DARRICK ANGELONE, an
28 individual; AONE CREATIVE LLC,
   formerly known as AONE

                              -1-

1   ENTERTAINMENT LLC, a Florida
2   limited liability company; ON
    CHAIN INNOVATIONS LLC, a
3   Florida limited liability company

4                   Counterclaimants,
5

6

7   HIDDEN EMPIRE HOLDINGS,
    LLC; a Delaware limited liability
8   company; HYPERENGINE, LLC; a
    California limited liability company,
9   DEON TAYLOR, an individual,
10

11                  Counterclaim
12                  Defendants,

13  DARRICK ANGELONE, an
    individual; AONE CREATIVE LLC,
14  formerly known as AONE
    ENTERTAINMENT LLC, a Florida
15  limited liability company; ON
16  CHAIN INNOVATIONS LLC, a
    Florida limited liability company,
17

18                  Third-Party Plaintiffs
19
20          v.
21
22  ROXANNE TAYLOR, an
    individual, Third-Party Defendant
23

24

25

26

27

28

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

# I.    INTRODUCTION

Defendants' Opposition is premised on the view that the Motion is an effort to "circumvent the due process of properly litigating this case to a jury . . ."  Opp. at 3.  This view overlooks the structure of the federal civil court system, which has a summary judgment process to resolve claims prior to a jury trial where there is no triable issue of material fact.  Fed. R. of Civ. P. 56(a).  This is such a case.[1]

Plaintiffs' Motion does not seek summary judgment on each of the claims in the operative complaint; instead, the motion is narrowly focused on the claims for which there is no true factual dispute.  While Mr. Angelone's declaration attempted to muddy the water by stating positions in a clear effort to create disputes of fact where none exist, he simply failed to address critical facts about which there can be no dispute.  *Worthington v. Rusconi*, 29 Cal. App. 4th 1488 (1994).

Two such facts stand out.  First, Exhibit 7 to Roxanne Taylor's Declaration is an email Mr. Angelone sent to Roxanne Taylor in July 2018 attaching a spreadsheet with "all of the HEFG related social accts and passwords."  Mr. Angelone advised that the document be treated with care as "we had this issue prior with **some original accounts I created for you and passed over** . . . " (emphasis added).  Mr. Angelone now makes an unsupported claim in a declaration that AOne was the rightful owner of these accounts at the time he sent this email, despite significant documentary evidence to the contrary.

Second, Mr. Angelone does not dispute that, on August 22, 2022, he sent a series of text messages to Deon Taylor in which he stated he "spent the last 4 days compiling 80 pages with 1400 attached documents detailing my interest in hyper engine and the continued stonewalling by hefg."  Ex. 23 to D. Taylor Decl. These "1400 attached documents" were not documents that had been sent to Mr.

---

[1] The terms used in this Reply shall have the same defined meanings as the terms used in Plaintiffs' Motion for Summary Judgment.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Angelone – these were documents he accessed due to his role as administrator of HEFG's Google Workspace Account. Defendants' efforts to explain that, since the time this action was filed, he has provided access to domains and social media accounts do not save him from the fact that Defendants improperly withheld access to these accounts in the first instance. Thus, the Court should grant Plaintiffs' Motion for Summary Judgment.

## II.    ARGUMENT

### A.    The Court Should Grant Plaintiff's MSJ Regarding Its Breach of Contract Claim

In the Motion, Plaintiffs identify two independent ways in which Mr. Angeleone and AOne breached the April 26, 2012 contract (the "Agreement"): (1) AOne withheld HEFG's credentials (username and passwords) to allow HEFG to obtain access to and administrative control over the HEFG Domain and the related Domains and (2) by falsely claiming ownership of the HEFG Domain and related domains, registering the HEFG Domain and related domains in its own name, and using those domains for its own benefit.

AOne agreed that all of the Intellectual Property Rights (as that term is defined in the contract) shall be the sole and exclusive property of HEFG. *Id*. AOne further agreed that it shall not own or register for its own benefit or otherwise acquire any rights in the HEFG Domain (*i.e.*, hiddenempirefilmgroup.com) or any related domains thereto. *Id*. AOne further agreed that to the extent it is provided access or is designated as administrative or technical contact, it shall be for the benefit of HEFG and not for the benefit of AOne and any such designations shall be immediately returned or changed to such individuals or entities as are designated by HEFG upon HEFG making such demand. *Id*.

Mr. Angelone asserts that HEFG cannot allege breach of contract because it was not a party to the Agreement. Mr. Angelone claims that the assignment from Hidden Empire Film Group LLC to HEFG was not valid because paragraph

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-4-

14 of the Agreement provides that all "modifications of the terms of this contract must be written and authorized by both parties."  Declaration of Darrick Angelone ("Angelone Decl.") at ¶ 7. However, he cites no law indicating that an assignment constitutes a modification.  Also, he ignores the fact that he continued to provide the services identified in the Agreement to HEFG long after HEFG's predecessor entity, Hidden Empire Film Group LLC, ceased to exist.

Mr. Angelone also claims that the Agreement expired in 2013.  *See* Angelone Decl. ¶ 8.  However, California courts recognize that when parties continue to perform under the terms of an expired contract, their conduct may imply an agreement to extend the contract.  In *McKeon v. Giusto*, 44 Cal.2d 152 (1955), the California Supreme Court held that a written contract that had expired by its terms could be orally extended if the parties agreed to continue under the same terms.  The court noted that "[t]he fact that plaintiff continued in defendant's employ after December 31, 1951 would, standing alone, indicate that the parties had agreed to a continuation of the written contract."

Here, there is no dispute that Mr. Angelone (through AOne) provided certain services to HEFG.  *See, e.g,* Ex. 8 to RTaylor Decl.  Moreover, there is no dispute that HEFG paid Mr. Angelone for at least some of the services rendered.[2] The only question is whether, when Mr. Angelone registered HEFG's domain names and its Google Workspace account, he did so as owner of the domain names and the Workspace account or not.  Here, the Agreement provides guidance.  Why would Deon and Roxanne Taylor insist that all domain name registrations be in the name of HEFG's predecessor company in 2012 and subsequently agree to allow AOne to register HEFG's domains and the Google Workspace account in AOne's name?  Exhibit 7 to Roxanne Taylor's declaration is an email and spreadsheet prepared by Mr. Angelone in July 2018 in which he

---

[2]  Mr. Angelone claims invoices for May 2022-August 2022 remain unpaid.  However, he acknowledges that these invoices post-date Deon Taylor's May 2022 email instructing Mr. Angelone to "stop/pause all services."  Angelone Decl. ¶ 9.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1  acknowledges that these are "HEFG's related social accounts and passwords."

2  Mr. Angelone made no reference to his being the true owner of these accounts –

3  because he was not.  He has concocted the fiction that he always owned HEFG

4  social media accounts, domains and other electronic resources he created for his

5  client in a desperate attempt to evade liability for his misdeeds. These portions of

6  his declaration should be ignored.  *Worthington v. Rusconi*, 29 Cal. App. 4th 1488

7  (1994).

8       In addition, HEFG specifically paid Aone and Angelone for its Google

9  Workspace account.  *See, e.g.*, Ex. 8 at April 3, 2021 invoice ("Google Suite

10  November 1, 2020 – March 31, 2021 (Reimbursement for invoices attached and

11  already paid by aone)).

12       There is no dispute that AOne withheld HEFG credentials.  While Mr.

13  Angelone contends AOne was justified in withholding the credentials because

14  HEFG owed it money, he provides no legal authority for this position.

15  Accordingly, Mr. Angelone and AOne breached the Agreement.

16       AOne has further breached the 2012 Agreement by, falsely claiming

17  ownership of the HEFG Domain and related domains, registering the HEFG

18  Domain and related domains in its own name, and using those domains for its

19  own benefit.  Mr. Angelone concedes this conduct.  Again, this is contrary to the

20  express language of the Agreement, which provides that all Intellectual Property

21  rights remain with HEFG.  Thus, Mr. Angelone and AOne have breached the

22  Agreement.

23       **B.**   <u>The Court Should Grant Plaintiff's MSJ Regarding Its Federal</u>

24       <u>Computer Fraud and Abuse Act Claim (18 U.S.C.</u>
         <u>§§1030(a)(2)(C) and (a)(5)</u>

25       The Computer Fraud and Abuse Act, codified at 18 U.S.C § 1030 et al.

26  ("CFAA"), "prohibits a number of different computer crimes, the majority of

27  which involve accessing computers without authorization or in excess of

28  authorization, and then taking specified forbidden actions, ranging from obtaining

information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009). The CFAA "provides two ways of committing the crime of improperly accessing a protected computer: (1) obtaining access without authorization; and (2) obtaining access with authorization but then using that access improperly." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1066 (9th Cir. 2016) (quoting *Musacchio v. United States*, 577 U.S. 237, 240 (2016)).

Here, HEFG has never authorized Defendants to access or review HEFG's corporate emails. D. Taylor Decl. ¶ 11; R. Taylor Decl. ¶¶ 14-16. While Mr. Angelone contends he received one of the emails identified in the Motion as it was forwarded to an info@hiddenempirefilmgroup.com account to which he had access, Mr. Angelone does not dispute that he sent an email to Deon Taylor in which he stated he "spent the last 4 days compiling 80 pages with 1400 attached documents detailing my interest in hyper engine and the continued stonewalling by hefg." Ex. 23 to D. Taylor Decl. Moreover, he does not dispute that he reviewed and subsequently forwarded to Deon Taylor an email between Roxanne Taylor and HEFG's accountants for which he was not a recipient. *See* Ex. 21 to DTaylor Decl.

In addition, Mr. Angelone locked Plaintiffs out of their email accounts, depriving Plaintiffs of the ability to review, send or receive emails. R. Taylor Decl. at ¶¶ 18. As yet another example, by improperly accessing and reviewing Plaintiffs' private emails, Angelone found a new domain HEFG set up without his knowledge – hiddenempire.com – as well as the login credentials HEFG secured for that domain. After seeing that in HEFG's private emails, Angelone changed the passwords so that HEFG could no longer access that domain. *Id*. at ¶¶ 28-30. Ultimately, the only reasonable explanation for the deletion of Plaintiffs' Google Workspace Account is that Darrick did it. *See* Declaration of Erin Burke . ¶¶ 6-16. Accordingly, the Court should grant this Motion.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**C.**    The Court Should Grant Plaintiff's MSJ Regarding Plaintiffs'
CDAFA Claim

The CDAFA provides that it is unlawful for a person to "[k]knowingly and
without permission disrupt [] or cause [] the disruption of computer services or
den[y] or cause[] the denial of computer services to an authorized user of a
computer, computer system, or computer network." For the reasons identified
with respect to Plaintiffs' Federal Computer Fraud and Abuse Act Claims, the
Court should also find in favor of Plaintiffs with respect to their CDAFA claim.

**D.**    The Court Should Grant Plaintiff's MSJ Regarding Its
Conversion Claim

"The elements of conversion claim are: (1) the plaintiff's ownership or
right to possession of the property; (2) the defendant's conversion by a wrongful
act or disposition of property rights; and (3) damages." *Nguyen v. Stephens Ins.*,
529 F. Supp. 3d 1047, 1057-58 (N.D. Cal. 2021) (*quoting Lee v. Hanley*, 61 Cal.
4th 1225, 1240 (2015)). "Neither legal title nor absolute ownership of the
property in question is necessary for a conversion claim – 'a party need only
allege it is entitled to immediate possession at the time of conversion." *Florey
Inst. v. Kleiner Perkins Caufield & Byers*, 31 F. Supp. 3d 1034, 1041 (2014)
(*quoting Plummer v. Day/Eisenberg*, LLP, 184 Cal. App. 38, 45 (2010).

In their Opposition, Defendants' claim that "[t]he Declaration of Darrick
Angelone at ¶ 53 disputes that he withheld any intellectual property assets from
HEFG." Opp. at 6. In fact, Mr. Angelone stated " . . . I did not withhold
intellectual property assets from HEFG *as a form of leverage* to gain equity in
Hyper Engine, as Ms. Taylor suggests." Angelone Decl. ¶ 53. Thus, Mr.
Angelone concedes that he withheld HEFG's intellectual property rights.
Moreover, he offers no legal authority that his withholding of these assets was
lawful.

While Defendants' expert disputes the view that Mr. Angelone deactivated
HEFG's Twitter account, he does not dispute the fact that Mr. Angelone refused

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

to turn over log in credentials for HEFG's Twitter account, its Instagram account and the Icelandic domains for some amount of time as these facts are not in dispute. These actions constituted conversion.

With respect to the "Icelandic domains", Defendants contend that five of the domains were, at some point in time, unregistered and in the public domain while the other four were, at some point in time, transferred to Ms. Taylor. Opp. at 6. However, yet again, Defendants overlook the fact that these assets were improperly held by AOne and Mr. Angelone and that these actions constituted conversion. Defendants' Opposition offers no other argument regarding this claim. Accordingly, the Court should grant Plaintiff's Motion for Summary Judgment regarding their conversion claim.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment.

Dated:  August 11, 2025                NEWELL LAW GROUP PC

                                       */s/ Felton T. Newell*

                                       Attorneys for Plaintiffs and Counter-Claim Defendants HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC AND DEON TAYLOR; AND Third-Party Defendant ROXANNE TAYLOR

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT