UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)                    **Date:** August 19, 2025
Title:       Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                              Court Reporter:
Rita Sanchez                               Not Reported

Attorneys Present for Plaintiff:           Attorneys Present for Defendants:
None Present                               None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFFS' MOTION FOR
                                 PARTIAL SUMMARY JUDGMENT [187]

        Before the Court is a Motion for Summary Judgment (the "Motion"), filed by
Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylor; and
Third-Party Defendant Roxanne Taylor on June 10, 2025.  (Docket No. 187).
Plaintiffs Darrik Angelone, AOne Creative, LLC, and On Chain Innovations, LLC
filed an Opposition on August 4, 2025.  (Docket No. 199)  Plaintiffs filed a Reply on
August 11, 2025.  (Docket No. 200).

        The Court has read and considered the papers on the Motion and held a hearing
on **August 18, 2025**.

        The Motion is **DENIED**.  Plaintiffs have failed to demonstrate that there are no
genuine disputes of material fact.

## I.      BACKGROUND

### A.      Factual Background

        As explained in the Court's Order Granting in Part Preliminary Injunction, the
parties have given wildly different accounts of the facts.  (the "PI Order" (Docket No.
25) at 2-7).  These differing accounts persist on this Motion.  The Court will recount
the most relevant facts here, noting any disputes that appear to remain.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 22-06515-MWF (AGRx)**                    **Date:** **August 19, 2025**
**Title:**      Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

The following facts are based on the evidence, as viewed in the light most
favorable to Defendants as the non-moving party. *See Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the
nonmovant is to be believed, and all justifiable inferences are to be drawn in his [her,
or its] favor.").

In 2012, Hidden Empire Film Group LLC ("HEFG"), an entity founded and
owned by Roxanne and Deon Taylor, entered an agreement for services provided by
AOne Entertainment LLC (the "2012 Agreement"), an entity that is owned by
Angelone. (Declaration of Roxanne Taylor ("R. Taylor Dec.") (Docket No. 187-2) ¶ 9,
Ex. 1)) (Declaration of Darrick Angelone ("Angelone Dec.") (Docket No. 199-2) ¶ 7).
The express terms of the Agreement provided that one of Defendants' responsibilities
was to create and manage the domain "hiddenempirefilmgroup.com" for the benefit of
Plaintiffs in exchange for a fee. (R. Taylor Dec. Ex. 1). Further, under the terms of the
2012 Agreement, Defendants agreed that at "no time shall Developer own or register
for its own benefit or otherwise acquire any rights in the domain names . . .
hiddenempirefilmgroup.com" (*Id.*).

Thereafter, the parties entered into one-off service agreements for various other
tasks between 2012 and 2022, when this action was filed. (R. Taylor Dec. ¶ 5)
(Angelone Dec. ¶ 8). Among other things, these tasks included registering and
managing various web domains, social media accounts, and HEFG's corporate email
system using Google Workspace. (*Id.*).

In 2018, the parties appear to have contemplated entering a formal business
partnership through the company Hyper Engine LLC (also a Plaintiff in this action)
whereby Angelone would own some percentage of Hyper Engine. (Angelone Dec. ¶
4). The parties dispute whether a formal agreement was ever signed. (R. Taylor Dec.
¶ 6) (Angelone Dec. ¶¶ 3-4).

Around August 2022, this business relationship turned sour. The parties agree
that in 2022, Defendants refused to provide the credentials necessary to access the
HEFG domain account, other various domains, social media accounts, and the HEFG
Google Workspace account, upon request from HEFG. (R. Taylor Dec. ¶¶ 18-19)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 22-06515-MWF (AGRx)**                    **Date:  August 19, 2025**
**Title:**        Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

(Angelone Dec. ¶ 17)).  While Defendants insist the credentials were properly withheld due to HEFG's failure to pay certain invoices, Plaintiffs likewise insist that all amounts have been paid. (*Compare* R. Taylor Dec. ¶ 9 *with* Angelone Dec. ¶ 17).

Also around August 2022, Plaintiffs allege that Angelone improperly accessed emails belonging to HEFG personnel.  (Declaration of Deon Taylor (Docket No. 193) ¶¶ 10-13).  Angelone counters that he was authorized, in one form or another, to access all of the emails Plaintiffs cite to in these allegations.  (Angelone Dec. ¶¶ 58-76).

In October 2022, Plaintiffs discovered that their Google Workspace account had been deleted.  (Motion at 17).  The parties again disagree, through their experts, about whether Defendants are responsible for this deletion.  (*Compare* Declaration of Erin Burke ("Burke Dec.") ¶ 20 *with* Declaration of Rick Watts (Docket No. 199-3) ¶¶ 9-13).

## B.    **Procedural Background**

On September 12, 2022, Plaintiffs commenced this action alleging five claims: (1) violation of the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. §§ 1030(a)(2)(c) and (a)(5)), (2) copyright infringement (17 U.S.C. § 501), (3) violation of the California Computer Data Access and Fraud Act ("CDAFA") (Cal. Pen. Code § 502), (4) breach of contract, and (5) conversion.  (*See generally* Complaint (Docket No. 1)).

On September 30, 2022, the Court entered a Preliminary Injunction against Defendants.  (*See* PI Order (Docket No. 25)).  In the PI Order, the Court held that Plaintiffs demonstrated a likelihood of success on the merits of their CDAFA, conversion, and copyright claims, but declined to rule on the other claims.  (*Id.*).  The Court ordered Defendants to refrain from accessing certain domain, social media, email, and website accounts; to provide Plaintiffs with login and administrator credentials to those accounts; and to transfer ownership of accounts that included the name "Hidden Empire" to Plaintiffs.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-06515-MWF (AGRx)                    Date:  August 19, 2025**
**Title:        Hidden Empire Holdings, LLC et al v. Darrick Angelone et al**

On February 5, 2024, Plaintiffs filed a Motion for Order to Show Cause as to Why Sanctions Should Not Be Imposed Against Defendants.  (Docket No. 111). Plaintiffs filed that Motion on the basis of Defendants' alleged failure to comply with the Preliminary Injunction and the deletion of electronically stored information, including Defendants' alleged deletion of the Google Workspace account.  (*Id.* at 17).

On July 17, 2024, after the Court held an evidentiary hearing and heard testimony from opposing experts, the Court issued Findings of Fact and Conclusions of Law Denying Terminating Sanctions against Defendants.  (the "Terminating Sanctions Order" (Docket No. 150)).  The Court held that Plaintiffs had not met their evidentiary burden of demonstrating that Defendants violated the terms of the Preliminary Injunction or that Defendants deleted the Google Workspace Account in violation of their discovery obligations.  (*See id.*).

On December 20, 2024, Plaintiffs filed the First Amended Complaint, adding allegations regarding the deletion of the Google Workspace account among other allegations not relevant to this Motion.  (See First Amended Complaint ("FAC") (Docket No. 174) ¶¶ 87-95).  However, the claims remain the same from the original Complaint: (1) breach of contract premised on the 2012 Agreement; (2) various violations of the CFAA (18 U.S.C. §§ 1030(a)(2)(C) and (a)(5)); (3) various violations of the CDAFA (Cal. Penal Code § 502); (4) conversion; and (5) copyright infringement (17 U.S.C. § 501).    (*Id.* ¶¶ 96-143).

In this Motion, Plaintiffs move for partial summary judgment only on certain Counts contained in the FAC: Count 1 for breach of contract; Count 2 for violation of the CFAA; Count 5 for violation of CDAFA; and Count 8 for conversion.  (Motion at 3).

## II.    <u>LEGAL STANDARD</u>

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson*, 477 U.S. at 255; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-06515-MWF (AGRx)                    Date:  August 19, 2025
Title:       Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the moving party bears the burden of proof at trial:

> When the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. Once the moving party comes forward with sufficient evidence, 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."

*C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

## III.    DISCUSSION

### A.    Plaintiffs' Motion

In their Motion, Plaintiffs rely almost entirely on their arguments and declarations from their prior Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue.  ("PI Motion" (Docket No. 10)).  Indeed, it appears that Plaintiffs copied over its arguments from the PI Motion and accompanying declarations near-verbatim.  (*Compare* Docket No. 10 to Docket No. 187).  This is not sufficient to succeed on a motion for summary judgment.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-06515-MWF (AGRx)                    Date:  August 19, 2025
Title:       Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

The Court begins from the obvious premise that the summary judgment standard is distinct from the standard governing preliminary injunctions.  As the Supreme Court has explained, the "limited purpose" of a preliminary injunction is "merely to preserve the relative positions of the parties" until trial.  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  Therefore, to obtain a preliminary injunction, the moving party must only show a ***likelihood*** of success on the merits on the basis of a less-developed record and less formal procedures. *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (stating preliminary injunction standard); *Camenisch*, 451 U.S. at 394-95 (explaining difference between preliminary injunctions and permanent injunctions).

By sharp contrast, the purpose of a summary judgment motion is to make a judgment on the merits for only those claims where there can be no genuine dispute about the material facts.  *See* Fed. R. Civ. P. 56(a).  The standard for granting summary judgment reflects this exacting test.  To be successful on summary judgment, the movant must affirmatively demonstrate "the absence of a genuine issue of fact ***on each issue material to its case***." *C.A.R.,* 213 F.3d at 480 (emphasis added).   This burden is even greater on a movant that bears the burden of proof at trial, who must "lay out the elements of its claim, citing the facts it believes satisfies those elements, and demonstrat[e] why the record is so one-sided as to rule out the prospect of the nonmovant prevailing."  Wright & Miller, *Grounds for Summary Judgment—Burden on the Moving Party*, 10A Fed. Prac. & Proc. Civ. § 2727.1 (4th ed. 2025).

Accordingly, the Court must reject Plaintiffs' attempt to import their arguments wholesale from their PI Motion into the present Motion.  It appears that Plaintiffs have only added certain allegations regarding events that transpired after the preliminary injunction was granted, but otherwise have copied their argument section word-for-word into this Motion.  This explains why, at several points, Plaintiffs cite to a "Newell Declaration" that does not exist as attached to this Motion.

It also explains why Plaintiffs' arguments summarily list conduct by Defendants without any specificity as to how individual facts relate to each element of each claim. While it may be more appropriate to bring to bear all of the possible relevant evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-06515-MWF (AGRx)                    Date:  August 19, 2025
Title:       Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

supporting a party's claims at the preliminary injunction stage, it is not appropriate to do so under the rigorous summary judgment standard.

Indeed, as a result of Plaintiffs' copying and pasting, the Court is simply unable to accurately determine what facts are material to Plaintiffs' summary judgment request and, critically, whether or not they are disputed.  Rather, Plaintiffs merely gesture at broad swaths of declarations — many of which lack accurate citation to the record — and leave the Court to piece it all together.  "Judges are not like pigs, hunting for truffles buried in briefs."  *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).

### B.    <u>Genuine Disputes of Material Fact</u>

Even were the Court to attempt to sort through the Motion under the correct summary judgment standard, the Motion presents certain glaringly obvious disputes of material fact.  These serve as further examples that Plaintiffs were unprepared to file this Motion.

As one instance, Plaintiffs request summary judgment on their breach of contract claim on the basis that Defendants withheld credentials for certain accounts and domains in August 2022.  (Motion at 20).  Defendants explain that it was HEFG's nonpayment of certain invoices that was the basis for withholding credentials from HEFG.  (Opposition at 5).  While declarations by representatives of HEFG filed with the Motion first appear to state that all invoices have been paid, Plaintiffs' Reply contradicts this assertion.  (*Compare* R. Taylor Dec. ¶ 9 *with* Reply at 5).  The Reply instead states that "there is no dispute that HEFG paid Mr. Angelone for **at least some** of the services rendered," and suggests in a footnote that nonpayment for the 2022 invoices was justified because Plaintiffs previously told Angelone to pause services.  (*Id.* at 5, n.2) (emphasis added).  Given Plaintiffs' contradictory statements — one of which was made in a sworn declaration — the Court is left guessing as to which amounts remain unpaid, if any, and what effect this has on Plaintiffs' breach of contract claim.

---

**CIVIL MINUTES—GENERAL**                                                            7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-06515-MWF (AGRx)                    Date:  August 19, 2025
Title:        Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

     As another example, the Motion appears to request summary judgment on the CFAA and CDAFA claims on the basis that Angelone deleted Plaintiffs' Google Workspace account.  (Motion at 22, 24).  The Declaration of Erin Burke, Plaintiffs' expert, submitted with the Motion opines extensively about the deletion of HEFG's Google Workspace account, culminating in the allegation that Angelone was responsible for its deletion.   (Burke Dec. ¶ 32).  These are the exact allegations that Plaintiffs advanced in their Motion for Terminating Sanctions.  Indeed, as with Plaintiffs' Motion itself, the Declaration of Erin Burke filed in conjunction with this Motion is comprised of copied-and-pasted sections of the Burke declaration filed with Plaintiffs' Motion for Terminating Sanctions.  (Compare Docket Nos. 111-2 *with* 187-3).

     The Court declined to issue terminating sanctions after an evidentiary hearing on this exact issue.  (*See generally* Terminating Sanctions Order).  The Court held that Plaintiffs could not prove by a preponderance of the evidence that Angelone was the one who deleted the Google Workspace account.  (*Id.* ¶ 47).  Nevertheless, Plaintiffs continue to allege that Defendants deleted the account without presenting any new evidence in support of this contention, or it seems to the Court.  If the Court could not conclude on the preponderance of the evidence standard that Angelone deleted the account, then the Court cannot now make the conclusion that there can be no genuine dispute about the same fact, based on the same evidence.

     This is not an exhaustive list of the possible live disputes that remain.  These disputes are simply the most obvious examples demonstrating that Plaintiffs have failed to meet their burden on summary judgment.

     At the hearing, Plaintiffs argued that their conversion claim and certain theories of their CFAA and CDAFA claims were ripe for summary judgment.  The Court is not persuaded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 22-06515-MWF (AGRx)**                    **Date:  August 19, 2025**
**Title:**        Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

On the conversion claim, Angelone's declaration specifically disputes HEFG's ownership of the various domains and accounts that are the subject of the claim.  (*See* Angelone Dec. ¶ 6, 36-38).  This prevents summary judgment on this claim.

For the CFAA and CDAFA claims, at the hearing Plaintiffs narrowed their requested summary judgment to the facts of Angelone's putative unauthorized access of HEFG emails.   Even considering a narrowed dispute as to unauthorized access, Angelone, as a witness with putative firsthand knowledge, specifically disputes that he was not authorized to view the emails and other documents at issue.  (*See* Angelone Dec. ¶ 55-57, 68-76).

In both instances, Plaintiffs have failed to demonstrate, with the required specificity, that the facts underlying these claims are undisputed by Defendants.  This is not to say that some of Plaintiffs' arguments are not supported by the evidence; indeed, these arguments may convince the trier of fact.  Plaintiffs will have the opportunity to present their evidence on these and other claims at trial.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.