JEFFREY S. KRAMER, State Bar No. 094049
SANDRA CALIN, State Bar No. 100444
KRAMER, DEBOER & KEANE
A Limited Liability Partnership
Including Professional Corporations
27001 Agoura Road, Suite 350
Calabasas, California 91301
Tel: (818) 657-0255 - Fax: (818) 657-0256
jkramer@kdeklaw.com;
scalin@kdeklaw.com
Attorneys for Defendants, DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE, LLC formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br>Action Filed: September 12, 2022<br><br>**DEFENDANTS' MOTION IN LIMINE #1 TO PRECLUDE REFERENCE TO INSURANCE AND THE FINANCIAL STATUS OF THE PARTIES**<br><br>Pre-Trial Conference: December 22, 2025<br><br>Trial Date: January 13, 2026<br>Time:      8:30 a.m.<br>Dept.:      5A |

COMES NOW, Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC, [hereinafter referred to collectively as "AONE"] by and through their attorneys of record, and submit this Motion in Limine to Preclude Reference to Insurance and the financial status of the parties.

# INTRODUCTION

Defendants AONE have a liability insurance policy that is providing a defense

in this case. Raising the inference or suggestion that these moving Defendants have insurance is presumptively prejudicial to Defendants and should be excluded in its entirety. In addition, any reference to the financial status of the Defendants is irrelevant to any issue in this case and highly prejudicial.

## LEGAL ARGUMENT

Federal Rules of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.

Furthermore, California Evidence Code §1155 provides:

> Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against loss arising from liability for that harm is inadmissible to prove negligence or other wrongdoing.

The public policy behind this statute is that evidence of insurance would create undue prejudice or confuse or mislead the jury. California Evidence Code §352 provides in relevant part:

> The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will … (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.

Any reference by anyone before the jury with respect to the existence of liability insurance or any other kind of insurance will induce the jury to believe that the assessment of liability and damages in this case is a decision without risk or pain to any of the parties. Rather than entertain the evidence and consider the same as required by law, jurors may well resolve any doubts in favor of liability since the

insurance will be perceived as paying for the damages. Furthermore, the issues addressed by this motion have no probative effect; to the extent such evidence could be deemed probative, the prejudicial effect of such reference outweighs any benefit.

Since justice is to be accorded the rich and poor alike, evidence of the wealth or poverty of a party is ordinarily inadmissible. In *Love v Wolf*, (1964) 226 Cal.App.2d 378, 388, plaintiff's counsel attempted to make statements relative to the wealth and size of Parke-Davis, a pharmaceutical firm. The court held that the wealth of Parke-Davis was not relevant to any issue and any argument by counsel regarding the wealth of Parke-Davis constituted a reversible error.

In *Seimon v. Southern Pacific* (1977) 67 Cal.App.3d. 600, 606, the court held that the financial status of the party has no relevance to the issues of the case, and that the disclosure of such information to the jury would be prejudicial to the defendants with a purpose simply to arouse passion. Therefore, any reference to the financial status of he Defendants is inadmissible as it has no probative value and is irrelevant.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion in Limine and order that all parties, their counsel and/or witnesses be precluded from introducing evidence of, arguing or making any reference to general liability insurance on behalf of Defendants or of the financial status of Defendants.

DATED: December 1, 2025                                KRAMER, DEBOER & KEANE

By: _____
JEFFREY S. KRAMER
SANDRA CALIN
Attorneys for Defendants
DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN INNOVATIONS, LLC

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 27001 Agoura Road, Suite 350, Calabasas, CA 91301. My email address is ynelson@kdeklaw.com.

I certify that on December 1, 2025, I served: **DEFENDANTS' MOTION IN LIMINE #1 TO PRECLUDE REFERENCE TO INSURANCE AND THE FINANCIAL STATUS OF THE PARTIES** on the following parties or counsel of record as follows:

| | |
|---|---|
| Felton T. Newell, Esq.<br>Newell Law Group PC<br>1801 Century Park East, 24th Floor<br>Phone (310) 556-9663<br>E-mail: felton@newellpc.com;<br>christine@newellpc.com | *Counsel for Plaintiffs* |
| Justin Kian, Esq.<br>J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530<br>Fax: (888) 750-5530<br>Email: jt@jtfoxlaw.com;<br>justin@jtfoxlaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct. Executed at Sherman Oaks, California on December 1, 2025

                    *Yolanda Nelson*
                    Yolanda Nelson

https://kdeklawllp.sharepoint.com/sites/LACASES/Shared Documents/LACASES/66/6604/PLEADINGS/MIL 1.docx