J.T. Fox, Esq., SBN 195063
**LAW OFFICES OF J.T. FOX & ASSOCIATES,**
**A Professional Corporation**
556 S. Fair Oaks Ave., No. 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax

Attorney for Defendants/Counterclaimants,
Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | Case No. 2:22-cv-06515-MWF-AGR |
| Plaintiffs, | *Assigned to the Hon. Judge Michael W. Fitzgerald* |
| v. | **DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT** |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, | |
| Defendants. | Pretrial Conference: December 22, 2025 |
| | Trial Date:  January 13, 2026 |
| | Time:        8:30 AM |
| | Dept.:       5A |

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS …………………………………………….………... ii

TABLE OF AUTHORITIES ……………………………...…………………….. iii

MEMORANDUM OF CONTENTIONS OF LAW AND

FACT…………………………………………………………………………… 1

I. PLAINTIFFS' CLAIMS ..…………………………………………………… 1

A. Summary of Claims Plaintiffs Intend to Pursue ……………………………..… 1

B. Elements of Plaintiffs' Claims and Evidence in Opposition …………………… 2

II. DEFENDANTS' AFFIRMATIVE DEFENSES ………………………….…….. 6

A. Summary of Affirmative Defenses Defendants Plan to Pursue ………………… 6

B. Elements Required to Establish Affirmative Defenses …………………………. 8

III. DEFENDANTS' COUNTERCLAIMS ……………………………………... 17

A. Summary of Claims Counterclaimants Intend to Pursue ……………………… 17

B. Elements of Counterclaimants' Claims and Evidence in Support ……………… 19

IV. PLAINTIFFS/COUNTER-DEFENDANTS'

AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS…...………………..….. 28

V. DEFENDANTS/COUNTERCLAIMANTS' POSITION ON ANTICIPATED

EVIDENTIARY ISSUES ………………………………………………………... 28

VI. GERMANE ISSUES OF LAW ………………………………………….... 31

VII. BIFURCATION OF ISSUES………………………………………………...… 32

VIII. DEMAND FOR JURY TRIAL………………………………….………….... 32

A. Issues Triable to the Jury ……………………………………………..….. 33

B. Issues Triable to the Court ……………………………………………….... 33

IX. ATTORNEYS' FEES ……………………………………………………... 33

X. ABANDONMENT OF ISSUES …………………………………………….. 33

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

# TABLE OF AUTHORITIES

**Cases**                                                       **Page(s)**

*Beckwith vs. Dahl*

    205 Cal.App.4th 1039 (2012) …………………………….................. 24

*Burlesci vs. Petersen*

    68 Cal.App.4th 1062 (1998) …………………………….…….............. 5

*Carma Developers (Cal.), Inc. vs. Marathon Dev. Cal., Inc.*

    2 Cal.4th 342 (1992)…………………………………………………… 14

*Division of Labor Law Enforcement v. Transpacific Transportation Co.*

    69 Cal.App.3d 268, 275 (1977) …………………………………… 21

*E. J. Franks Constr., Inc. vs. Sahota*

    226 Cal.App.4th 1123 (2014) …………………………..…… 27

*Engalla vs. Permanente Medical Group, Inc.*

    15 Cal.4th 951 (1997) ……………………………………………….. 24

*Facebook, Inc. vs. Power Ventures, Inc.*

    844 F.3d 1058 (9th Cir. 2016) …………………………….……... 4

*Feist Publ'ns, Inc. vs. Rural Tel. Serv. Co.*

    499 U.S. 340 (1991) …………………………………………………. 6

*Friedman v. Friedman*

    20 Cal.App.4th 876, 888. (1993) ………………………………… 21

*Ghirardo vs. Antonioli*

    14 Cal.4th 39 (1996) …………………………………………… 15

*Granberry vs. Islay Investments*

    9 Cal.4th 738 (1995) ……………………………………...……..... 12

*Li vs. Yellow Cab Co.*

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS
OF LAW AND FACT**

13 Cal.3d 804 (1975) ……………………………..…….................... 11

*Lentz vs. McMahon*

49 Cal.3d 393 (1989) ……………………………..……………………. 10

*LVRC Holdings LLC vs. Brekka*

581 F.3d 1127 (9th Cir. 2009) ……………………………................. 3

*Ochs vs. PacifiCare of California*

115 Cal.App.4th 782 (2004) ………...………………….................... 27

*Professional Tax Appeal vs. Kennedy-Wilson Holdings, Inc.*

29 Cal.App.5th 230 (2018) …………………………………………… 25

*Richman vs. Hartley*

224 Cal.App.4th 1182 (2014) ………...……………….................... 2, 20

*Shopoff & Cavallo LLP vs. Hyon*

167 Cal.App.4th 1489 (2008) ………...……………….................... 22

*Three Boys Music Corp. vs. Bolton*

212 F.3d 477 (9th Cir. 2000) …………………………………………... 6

*Unilab Corp. vs. Angeles-IPA*

244 Cal.App.4th 622 (2016) …………………………………………… 21

*United States vs. Nosal*

676 F.3d 854 (9th Cir. 2012) …………………………………………... 3

*Valle de Oro Bank vs. Gamboa*

26 Cal.App.4th 1686 (1994) …………………………………………... 9

*Waller vs. Truck Ins. Exchange, Inc.*

11 Cal.4th 1 (1995) …………………………………….…………... 10

**Statutes**

28 U.S.C. § 2201 ……………………………………………............. 26

Cal. Civ. Code § 1473 …………………………………………………. 15

Cal. Civ. Code § 1511 ………………………………….……………. 15

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Cal. Civ. Code §§ 1530-1531 ……………………………………..…………… 16

Cal. Civ. Code § 1550 ……………………………………………..…………… 17

Cal. Civ. Code § 1565 …………………………………………….…………… 17

Cal. Civ. Code § 1572 …………………………………………….…………… 13

Cal. Civ. Code § 1709-1710 ……………………………………….………… 13

Cal. Civ. Code § 1698 ……………………………………………….………… 16

Cal. Penal Code § 502 …………………………………………….…………… 4

18 U.S.C. § 1030(a)(2)(C) …………………………………………………... 3

18 U.S.C. § 1030(a)(5) ……………………………………………………… 3

18 U.S.C. § 1030(c)(4)(A)(i)(I) …………………………………………… 3

18 U.S.C. § 1030(e)(11), 1030(g) ………………………………………… 3

**Rules**

Fed. R. Evid. 401 ………………………………………………… 29, 31

Fed. R. Evid. 403 ………………………………………………… 29, 31

Fed. R. Evid. 404 ……………………………………………........ 31

Fed. R. Evid. 901 ……………………………………………........ 30

Fed. R. Evid. 902 ……………………………………………......... 30

Fed. R. Evid. 1002–1003 ………………………………………........ 30

Fed. R. Civ. P. 26(a)(1), 26(a)(2) ………………………………... 30, 31

**Other Authorities**

Judicial Council of California Civil Jury Instructions (CACI) (2025) …………. *Passim*

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

## MEMORANDUM OF CONTENTIONS OF LAW AND FACT

I.    **PLAINTIFFS' CLAIMS**

    A.    **Summary of Claims Plaintiffs Intend to Pursue**

Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor ("Plaintiffs") assert nine causes of action against Defendants Darrick Angelone, AONE Creative, LLC, and On Chain Innovations, LLC ("Defendants"). Plaintiffs' causes of action fall into four categories: (1) breach of contract; (2) federal claims under the Computer Fraud and Abuse Act ("CFAA"); (3) state claims under California's Computer Data Access and Fraud Act ("CDAFA"); and (4) common-law and statutory intellectual-property claims (conversion and copyright infringement).

Namely, Plaintiffs intend to pursue the following claims at trial:

**Claim 1 – Breach of Contract:** Plaintiffs allege Defendants breached contractual obligations arising out of an April 26, 2012 agreement with AONE Creative LLC's predecessor in interest, AONE Entertainment LLC, in which AONE was engaged design, develop and manage HEFG's websites and related media properties.

**Claims 2–4 – Violation of the Federal Computer Fraud and Abuse Act (18 U.S.C. §§ 1030(a)(2)(C) & (a)(5)):** Plaintiffs allege Defendants intentionally accessed Plaintiffs' protected computer systems without authorization or exceeded authorized access, obtained information, and caused damage or loss.

**Claims 5–7 – Violation of California Computer Data Access and Fraud Act (Penal Code § 502):** Plaintiffs allege Defendants knowingly accessed, altered, used, interfered with, or disrupted Plaintiffs' computers and data without permission, causing damage and loss.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

**Claim 8 – Conversion:** Plaintiffs allege Defendants wrongfully took possession of or interfered with Plaintiffs' property, including digital assets and data.

**Claim 9 – Copyright Infringement (17 U.S.C. § 501):** Plaintiffs allege Defendants copied and used Plaintiffs' copyrighted materials without authorization, by allegedly making unauthorized expressions of the Plaintiffs "Fear" motion picture.

**B.     Elements of Plaintiffs' Claims and Evidence in Opposition**

<u>Claim 1: Breach of Contract</u>

**a.     Elements**

To establish breach of contract under California law, Plaintiffs must prove:

1.  Plaintiffs and Defendants entered into a valid and enforceable contract;

2.  Plaintiffs performed or were excused from performing their obligations under the contract;

3.  Defendants breached the contract; and

4.  Plaintiffs suffered damages as a result of Defendants' breach.

*See* Judicial Council of California Civil Jury Instructions CACI No. 303 (2025 edition); *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186. (2014)

**b.     Key Evidence in Opposition**

Testimony from Mr. Angelone that he performed all terms of the contract as required.

<u>Claims 2–4: Violation of the Federal Computer Fraud and Abuse Act</u>

<u>(18 U.S.C. §§ 1030(a)(2)(C) & (a)(5))</u>

### a.    Elements

To establish a claim under 18 U.S.C. § 1030(a)(2)(C), Plaintiffs must prove:

1. Defendants intentionally accessed a "protected computer";

2. Defendants did so without authorization or exceeded authorized access;

3. By doing so, Defendants obtained information; and

4. Plaintiffs suffered a compensable "loss," including at least $5,000 in a one-year period.

   *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132–33 (9th Cir. 2009);
*See also* 18 U.S.C. §§ 1030(c)(4)(A)(i)(I), 1030(g).

To establish a claim under 18 U.S.C. § 1030(a)(5), Plaintiffs must prove:

1. Defendants knowingly caused the transmission of a command, code, or program OR intentionally accessed a protected computer without authorization;

2. Defendants thereby caused "damage" to the protected computer; and

3. Plaintiffs suffered "loss" as defined by § 1030(e)(11).

See *United States v. Nosal*, 676 F.3d 854, 858–863 (9th Cir. 2012) (en banc).

### b.    Key Evidence in Opposition

Expert testimony to the effect that there is no evidence that Defendant intentionally accessed a protected computer without authorization to do so.

3

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Expert testimony that Defendant did not obtain information from a computer belonging to Plaintiffs.

No evidence has been produced to show that Plaintiffs suffered a financial loss, or any loss, as a result of any conduct by Defendants.

<u>Claims 5–7: Violation of the California Computer Data Access and Fraud Act (Penal Code § 502)</u>

**a.    Elements**

To establish a violation of Penal Code § 502, Plaintiffs must prove:

1. Defendants knowingly accessed, deleted, used, altered, disrupted, or interfered with data, a computer, a computer system, or a computer network;

2. Defendants acted without permission;

3. Defendants' conduct caused damage, disruption, or the removal/alteration of data; and

4. Plaintiffs suffered damage or loss as a result.

*See* Cal. Penal Code § 502(c); *See also Facebook, Inc. v. Power Ventures, Inc.,* 844 F.3d 1058, 1066–67 (9th Cir. 2016).

**b.    Key Evidence in Opposition**

Expert testimony to the effect that there is no evidence that Defendant intentionally accessed a protected computer without authorization to do so.

Expert testimony that Defendant did not obtain information from a computer belonging to Plaintiffs.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS
OF LAW AND FACT**

No evidence has been produced to show that Plaintiffs suffered a financial loss, or any loss, as a result of any conduct by Defendants.

Claim 8: Conversion

### a.    Elements

To establish conversion, Plaintiffs must prove:

1. Plaintiffs owned or had a right to possess specific property (including digital assets or data);

2. Defendants intentionally took possession of, used, or interfered with that property;

3. Plaintiffs did not consent;

4. Plaintiffs were harmed; and

5. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

See Judicial Council of California Civil Jury Instructions CACI No. 2100 (2025 edition); *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1066 (1998).

### b.    Key Evidence in Opposition

Expert testimony to the effect that there is no evidence that Defendant intentionally accessed a protected computer without authorization to do so.

Expert testimony that Defendant did not obtain information from a computer belonging to Plaintiffs.

No evidence has been produced to show that Plaintiffs suffered a financial loss, or any loss, as a result of any conduct by Defendants..

Claim 9: Copyright Infringement (17 U.S.C. § 501)

5

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

### a.    Elements

To establish copyright infringement, Plaintiffs must prove:

1. Plaintiffs own valid copyrights in the works at issue;

2. Defendants copied protected elements of the copyrighted works;

3. Defendants' conduct infringed one or more exclusive rights under 17 U.S.C. § 106; and

4. Plaintiffs suffered harm or Defendants obtained a benefit from the infringement.

*See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *See also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

### b.    Key Evidence in Opposition

Testimony by Mr. Angelone that Plaintiff were aware and consented to the creation by Mr. Angelone to the Fear game.

## II.    DEFENDANTS' AFFIRMATIVE DEFENSES

### A.    Summary of Affirmative Defenses Defendants Plan to Pursue

Defendants intend to pursue the following affirmative defenses at trial in response to Plaintiffs' claims:

**Affirmative Defense 1 – Failure to Mitigate**: Defendants contend that any damages suffered by Plaintiffs were increased or caused by Plaintiffs' own failure to take reasonable steps to avoid or reduce such damages, including by failure to secure their own computer systems and back up important data.

**Affirmative Defense 2 – Waiver, Consent, Ratification, and Acquiescence**: Defendants contend that Plaintiffs, by their conduct, expressly or

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

impliedly consented to, ratified, or acquiesced in the acts now challenged, thereby waiving some or all of their claims.

**Affirmative Defense 3 – Estoppel**: Defendants contend that Plaintiffs are estopped from asserting their claims because Defendants reasonably relied on Plaintiffs' statements, conduct, and omissions to their detriment.

**Affirmative Defense 4 – Comparative Fault / Fault of Others**: Defendants contend that some or all of the alleged damages were caused by Plaintiffs' own acts or omissions and/or the acts or omissions of third parties, and any recovery must be reduced or barred accordingly.

**Affirmative Defense 5 – Offset / Prior Payment:** Defendants contend that any recovery by Plaintiffs must be reduced or offset by amounts already paid or by amounts Plaintiffs owe Defendants for services, work, and value conferred.

**Affirmative Defense 6 – Fraud and Concealment by Plaintiffs**: Defendants contend that Plaintiffs' own fraud, misrepresentations, and concealment of material facts induced or contributed to the conduct now alleged and bar or limit Plaintiffs' recovery.

**Affirmative Defense 7 – Breach of the Covenant of Good Faith and Fair Dealing by Plaintiffs:** Defendants contend that Plaintiffs breached the implied covenant of good faith and fair dealing in the parties' contractual relationship, and Plaintiffs may not enforce the contracts in the manner they now seek.

**Affirmative Defense 8 – Unjust Enrichment:** Defendants contend that it would be inequitable and unjust for Plaintiffs to obtain the relief they seek while retaining the benefits of Defendants' services, work, and intellectual property without fair compensation.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

**Affirmative Defense 9 – Performance, Discharge, and Excuse (Including Impracticability):** Defendants contend they fully performed their obligations or were discharged or excused from further performance (including by Plaintiffs' conduct and impracticability), precluding liability on Plaintiffs' contract-based theories.

**Affirmative Defense 10 – Modification and Novation:** Defendants contend that the parties' agreements, including the April 26, 2012 agreement, were modified and/or superseded (novated) by later agreements and conduct, such that Plaintiffs' claims are inconsistent with the operative arrangements.

**Affirmative Defense 11 – Lack of Contract Formation / Lack of Mutual Assent:** Defendants contend that some or all of the contractual obligations Plaintiffs seek to enforce never validly formed because there was no mutual assent or enforceable agreement as to the terms Plaintiffs now assert.

> **B.    Elements Required to Establish Affirmative Defenses**

> Affirmative Defense 1: Failure to Mitigate

> **a.    Elements**

To establish failure to mitigate damages, Defendants must show:

1. Plaintiffs suffered damages;
2. After the wrongful conduct occurred, Plaintiffs failed to use reasonable efforts to avoid or reduce those damages; and
3. The amount by which Plaintiffs' damages would have been reduced if they had used reasonable efforts to mitigate.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

*See, e.g.*, Judicial Council of California Civil Jury Instructions CACI No. 3930 (2025 edition) (Mitigation of Damages); *Valle de Oro Bank v. Gamboa*, 26 Cal.App.4th 1686, 1691–92 (1994).

### b.    Key Evidence in Support

Evidence will include: Plaintiffs' failure to implement reasonable security, ownership, and access protocols for their domains, Google Workspace, and other systems; failure to timely act upon alleged issues; and Plaintiffs' decisions that increased their claimed investigation and remediation costs rather than reasonably limiting them.

### Affirmative Defense 2: Waiver, Consent, Ratification, and Acquiescence

### a.    Elements

To establish waiver/consent/ratification/acquiescence, Defendants must show:

1. Plaintiffs knew of their rights or of the material facts relating to Defendants' conduct;
2. Plaintiffs, with that knowledge, intentionally relinquished those rights or knowingly consented to or accepted Defendants' conduct (expressly or impliedly); and
3. Plaintiffs' waiver, consent, ratification, or acquiescence bars or limits the claims they now assert.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

See Judicial Council of California Civil Jury Instructions CACI No. 336 (2025 edition) (Waiver); *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 31 (1995) (waiver is the intentional relinquishment of a known right).

### b.    Key Evidence in Support

Evidence will include: Plaintiffs' provision of log-in credentials and ongoing authorization for Defendants to manage domains, Google accounts, and social media; Plaintiffs' knowing use and benefit of Defendants' work (including the "Fear" marketing campaign and related assets) without objection; and communications acknowledging Defendants' ongoing role and access.

### Affirmative Defense 3: Estoppel

### a.    Elements

To establish estoppel, Defendants must show:

1.  Plaintiffs knew the true facts;
2.  Plaintiffs intended that Defendants rely on their conduct, or acted such that Defendants had a right to believe Plaintiffs so intended;
3.  Defendants were ignorant of the true facts; and
4.  Defendants relied on Plaintiffs' conduct to their detriment.

See Cal. Evid. Code § 623; *Lentz v. McMahon*, 49 Cal.3d 393, 399 (1989).

### b.    Key Evidence in Support

Evidence will include: Plaintiffs' representations and conduct suggesting that Defendants' access to domains, systems, and copyrighted materials was

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

authorized; Plaintiffs' direction to develop and deploy digital marketing tied to the "Fear" film; and Defendants' reliance on those representations in incurring time, expense, and obligations that Plaintiffs now challenge.

<u>Affirmative Defense 4: Comparative Fault / Fault of Others</u>

**a.    Elements**

To establish comparative fault or fault of others, Defendants must show:

1. Plaintiffs suffered damages;
2. The negligence, fault, or conduct of Plaintiffs and/or third parties was a substantial factor in causing those damages; and
3. Any liability of Defendants should be reduced or eliminated in proportion to that comparative fault.

See *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 813–18 (1975); Judicial Council of California Civil Jury Instructions CACI No. 405 (2025 edition) (Comparative Fault).

**b.    Key Evidence in Support**

Evidence will include: Plaintiffs' and third parties' failure to secure credentials and systems; Plaintiffs' own decisions regarding ownership, administration, and control of online assets; and any third-party interference with systems or intellectual property that Plaintiffs attribute solely to Defendants.

<u>Affirmative Defense 5: Offset / Prior Payment</u>

**a.    Elements**

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

To establish offset or setoff, Defendants must show:

1. Plaintiffs seek monetary recovery from Defendants;

2. Plaintiffs are indebted to Defendants or Defendants have valid countervailing monetary claims arising from related transactions or obligations; and

3. Any judgment in favor of Plaintiffs should be reduced by the amount of such indebtedness or prior payments.

See, e.g., *Granberry v. Islay Investments*, 9 Cal.4th 738, 744–45 (1995) (recognizing equitable setoff).

### b.    Key Evidence in Support

Evidence will include: invoices, communications, and accounting records reflecting unpaid amounts owed by Plaintiffs to Defendants for web development, maintenance, digital marketing, and related services; and any prior payments or benefits already conferred that should reduce any award.

Affirmative Defense 6: Fraud and Concealment by Plaintiffs

### a.    Elements

To establish fraud/concealment as a defense, Defendants must show:

1. Plaintiffs made misrepresentations of material fact or concealed material facts when they had a duty to disclose;

2. Plaintiffs knew the representations were false or made them recklessly, and/or intentionally concealed material information;

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

3. Plaintiffs intended Defendants to rely on those misrepresentations or concealments;

4. Defendants reasonably relied on the misrepresentations or were harmed by the concealment; and

5. As a result, Plaintiffs are barred or limited from obtaining the relief they seek.

See Judicial Council of California Civil Jury Instructions CACI Nos. 1900, 1901, 1902 (2025 edition) (fraud/false promise); Cal. Civ. Code §§ 1572, 1709–1710.

### b.    Key Evidence in Support

Evidence will include: Plaintiffs' statements and omissions regarding their intentions for the "Fear" campaign, copyright ownership, and future compensation; misrepresentations concerning Defendants' ownership interests in Hyper Engine; and Plaintiffs' failure to disclose material facts about their use and control of intellectual property and systems while encouraging Defendants' continued work.

### Affirmative Defense 7: Breach of the Covenant of Good Faith and Fair Dealing by Plaintiffs

### a.    Elements

To establish Plaintiffs' breach of the implied covenant of good faith and fair dealing as a defense, Defendants must show:

1. A valid contract existed between Plaintiffs and Defendants;

13

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

2. Plaintiffs unfairly interfered with Defendants' right to receive the benefits of the contract; and

3. Plaintiffs' breach of the covenant bars or limits their ability to enforce the contract-based claims they now assert.

See Judicial Council of California Civil Jury Instructions CACI No. 325 (2025 edition); *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 372–73 (1992).

### b.     Key Evidence in Support

Evidence will include: Plaintiffs' efforts to extend or reinterpret the 2012 Agreement beyond its scope while treating it as terminated; Plaintiffs' refusal to pay for services while continuing to demand and benefit from those services; and Plaintiffs' conduct undermining Defendants' ability to realize the benefits of the parties' bargain.

### Affirmative Defense 8: Unjust Enrichment

### a.     Elements

Used as a defense, unjust enrichment requires showing:

1. Plaintiffs received a benefit, including services, intellectual property, or other value from Defendants;

2. Plaintiffs retained that benefit under circumstances making it unjust for them to obtain further recovery without compensating Defendants; and

3. Equity requires that any recovery by Plaintiffs be reduced or barred to avoid an unfair windfall.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

See Judicial Council of California Civil Jury Instructions CACI No. 375 (2025 edition); *Ghirardo v. Antonioli*, 14 Cal.4th 39, 51 (1996).

### b.    Key Evidence in Support

Evidence will include: Defendants' development of websites, digital assets, and marketing campaigns (including for "Fear"); Plaintiffs' continued use and benefit of that work without full payment; and Plaintiffs' attempt to obtain further relief while retaining those benefits.

### Affirmative Defense 9: Performance, Discharge, and Excuse

### a.    Elements

To establish performance, discharge, and excuse, Defendants must show:

1. Defendants fully performed the obligations imposed by any enforceable contract, **or** were discharged from further performance;
2. Any nonperformance was excused by Plaintiffs' material breach, prevention of performance, or by circumstances rendering performance impracticable or impossible; and
3. In light of such performance, discharge, or excuse, Plaintiffs are not entitled to the relief they seek.

See Cal. Civ. Code §§ 1473 (performance), 1511 (excuse of performance); Judicial Council of California Civil Jury Instructions CACI Nos. 312, 313, 324 (2025 edition).

### b.    Key Evidence in Support

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Evidence will include: the 2012 Agreement; Deon Taylor's October 22, 2013 email and related communications acknowledging completion of work; evidence of Plaintiffs' nonpayment and conflicting instructions; and circumstances making additional performance impracticable or unnecessary.

### Affirmative Defense 10: Modification and Novation

#### a.    Elements

To establish modification, Defendants must show:

1.  A prior valid contract existed;
2.  The parties agreed to change one or more terms of that contract; and
3.  The contract, as modified, is the operative agreement.

See Cal. Civ. Code § 1698; CACI No. 313.

To establish novation, Defendants must show:

1.  A previous valid obligation;
2.  Agreement of all parties to a new contract;
3.  Extinguishment of the old obligation; and
4.  A valid new contract.

See Cal. Civ. Code §§ 1530–1531; CACI No. 337.

#### b.    Key Evidence in Support

Evidence will include: communications after the 2012 Agreement indicating completion and termination of that agreement; the parties' subsequent course of

16

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

dealing regarding later services and projects; and the absence of any written extension of the 2012 Agreement to the later work Plaintiffs now place at issue.

<u>Affirmative Defense 11: Lack of Contract Formation / Lack of Mutual Assent</u>

### a.    Elements

To establish lack of formation/mutual assent, Defendants must show:

1. For some or all of the obligations Plaintiffs seek to enforce, there was no mutual assent (no meeting of the minds) as to the essential terms;
2. As a result, no enforceable contract existed covering the conduct Plaintiffs challenge; and
3. Plaintiffs therefore cannot recover on contract-based theories for that conduct.

See Cal. Civ. Code §§ 1550, 1565; Judicial Council of California Civil Jury Instructions CACI Nos. 302, 314 (2025 edition)

### b.    Key Evidence in Support

Evidence will include: the limited scope of the 2012 Agreement; the absence of any written or clearly agreed modifications extending that agreement to later projects, domains, or campaigns; and communications showing the parties did not mutually assent to apply the 2012 Agreement to all of the services and conduct Plaintiffs now contend are governed by it.

## III.    DEFENDANTS' COUNTERCLAIMS

### A.    Summary of Claims Counterclaimants Intend to Pursue

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Defendants and Counterclaimants Darrick Angelone, AONE Creative, LLC, and On Chain Innovations, LLC (collectively, "Counterclaimants") have asserted seven causes of action against Plaintiffs and Counterclaim-Defendants Deon Taylor, Hidden Empire Holdings LLC, and Hyper Engine LLC; and Third-Party Defendant Roxanne Taylor (collectively, "Counter-Defendants"), arising from the parties' oral operating agreement and their course of dealings regarding Hyper Engine and related film and media projects. Counterclaimants intend to pursue the following claims at trial:

**Claim 1 – Breach of Express Oral Contract**: Counterclaimants allege Counter-Defendants breached an express operating agreement concerning ownership interests and profit participation in Hyper Engine.

**Claim 2 – Breach of Implied Contract**: Counterclaimants allege the parties' conduct and course of dealing created an implied-in-fact operating agreement that Counter-Defendants breached by withholding agreed-upon ownership or compensation.

**Claim 3 – Breach of Fiduciary Duty**: Counterclaimants allege Counter-Defendants owed fiduciary duties as business partners or co-owners and breached those duties by, *inter alia*, diverting company opportunities, concealing financial information, and excluding Counterclaimants from management.

**Claim 4 – Promissory Fraud**: Counterclaimants allege Counter-Defendants made promises regarding ownership and compensation without intent to perform, inducing Counterclaimants to provide services, resources, and support in detrimental reliance on said promises.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

**Claim 5 – Unjust Enrichment**: Counterclaimants allege Counter-Defendants were unjustly enriched by receiving substantial services, value, and benefits from Counterclaimants without providing just compensation.

**Claim 6 – Declaratory Relief**: Counterclaimants allege an actual controversy exists concerning the parties' rights and obligations under their operating agreement, including ownership percentages and profit rights.

**Claim 7 – Quantum Meruit**: Counterclaimants allege they provided valuable services to Counter-Defendants with the expectation of compensation, and Counter-Defendants accepted those benefits without paying their reasonable value.

**B.    Elements of Counterclaimants' Claims and Evidence in Support**

Claim 1: Breach of Express Oral Contract

**a.    Elements**

To establish breach of express oral contract under California law, Counterclaimants must prove:

1. Counterclaimants and Counter-Defendants entered into a valid and enforceable oral contract whose material terms were sufficiently definite;
2. Counterclaimants did all, or substantially all, of the things that the contract required them to do, or were excused from doing so;
3. Counter-Defendants failed to do something that the contract required them to do;
4. Counterclaimants were harmed; and
5. Counter-Defendants' breach was a substantial factor in causing Counterclaimants' harm.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

*See* Judicial Council of California Civil Jury Instructions CACI No. 303 (2025 edition); *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186. (2014)

### b.    Key Evidence in Support

The evidence will show that Counterclaimants and Counter-Defendants entered into an express oral operating agreement in which Angelone was granted a one-third (33.33%) ownership interest in Hyper Engine, along with corresponding rights to profit participation and involvement in business decisions. To support this contention, Counterclaimants will present written copies of the Hyper Engine operating agreement which grant certain ownership interests to Counterclaimants, including (1) a March 1, 2018 Hyper Engine operating agreement (executed by Roxanne Taylor); and (2) a December 1, 2019 Hyper Engine operating agreement (executed by Deon Taylor). This express agreement is further substantiated by years of communications where Deon and Roxanne Taylor repeatedly acknowledged Angelone's ownership stake, described him as a "partner," and represented to third parties that Angelone and his entities were part of the Hyper Engine leadership team. The parties' substantial course of performance—including Angelone's direct contributions to brand strategy, marketing campaigns, technology infrastructure, pitch decks, and investor-facing materials—further confirms the parties' express agreement. Evidence will also show that Counter-Defendants breached that agreement by excluding Counterclaimants from ownership records, profits, distributions, and corporate decisions; refusing to recognize Angelone's one-third interest; and diverting corporate opportunities without his consent. Damages will be shown through, *inter alia*, lost ownership value, lost profits, the value of diverted opportunities, and uncompensated services tied directly to the parties' express oral bargain.

Claim 2: Breach of Implied Contract

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

### a.    Elements

To establish a claim for Breach of Implied Contract, Counterclaimants must prove the same elements as to an express breach of contract (See <u>Claim 1: Breach of Express Oral Contract</u>, *supra*.)

"An implied-in-fact contract is based on the conduct of the parties. Like an express contract, an implied-in-fact contract requires an ascertained agreement of the parties." *Unilab Corp. v. Angeles-IPA*, 244 Cal.App.4th 622, 636, internal citation omitted, (2016). "As to the basic elements [of a contract cause of action], there is no difference between an express and implied contract. . . . While an implied in fact contract may be inferred from the conduct, situation or mutual relation of the parties, the very heart of this kind of agreement is an intent to promise." *Division of Labor Law Enforcement v. Transpacific Transportation Co.* 69 Cal.App.3d 268, 275 (1977); see also *Friedman v. Friedman*, 20 Cal.App.4th 876, 888. (1993).

### b.    Key Evidence in Support

In the alternative, the evidence will show that an implied-in-fact contract arose from the parties' conduct, relationship, and repeated dealings over many years. Counterclaimants worked continuously as Hyper Engine's marketing, branding, and digital strategy arm, undertaking significant work (including the "Fear" promotional campaign, website construction and administration, social-media infrastructure, and film-related digital assets) with the knowledge and expectation that they were acting in partnership with the Taylors and would receive the ownership and compensation previously promised. Counter-Defendants knowingly accepted and benefited from this work without objection, and repeatedly encouraged Counterclaimants' continued involvement. These acts, taken

together, establish a mutual intent to promise and confirm the existence of an implied contract, which Counter-Defendants breached in the same manner as described in Claim 1

Claim 3: Breach of Fiduciary Duty

### a.    Elements

To establish breach of fiduciary duty, Counterclaimants must prove:

1. A fiduciary relationship existed between Counterclaimants and one or more Counter-Defendants;

2. Counter-Defendants breached one or more fiduciary duties owed to Counterclaimants;

3. Counterclaimants were harmed; and

4. Counter-Defendants' breach of fiduciary duty was a substantial factor in causing Counterclaimants' harm.

*See* Judicial Council of California Civil Jury Instructions CACI No. 4102 (2025 edition); *Shopoff & Cavallo LLP v. Hyon*, 167 Cal.App.4th 1489, 1509 (2008).

### b.    Key Evidence in Support

The evidence will show that Angelone's one-third ownership in Hyper Engine and the parties' joint venture–style arrangement created a fiduciary relationship requiring loyalty, full disclosure, and fair dealing. Counterclaimants will present communications where Deon and Roxanne Taylor represented that Angelone was a founding partner, shared ownership, and was entitled to participate in core decisions. Despite these obligations, Counter-Defendants diverted business

22

opportunities, concealed financial information, misrepresented the ownership structure to third parties, and excluded Angelone from corporate governance and profit distributions. Evidence will also show that Counter-Defendants used Hyper Engine opportunities and assets (including intellectual property, brand collateral, investor-facing materials, and digital infrastructure) for their own personal benefit or through other affiliated entities, without disclosure or consent. As a result, Angelone suffered damages in the form of lost corporate value, lost profits, and exclusion from key business opportunities.

<u>Claim 4: Promissory Fraud</u>

**a.    Elements**

To establish promissory fraud (false promise), Counterclaimants must prove:

1. Counter-Defendants made one or more specific promises to Counterclaimants regarding material terms;

2. At the time the promises were made, Counter-Defendants did not intend to perform them;

3. Counter-Defendants made the promises with the intent to induce Counterclaimants to rely on these promises;

4. Counterclaimants reasonably relied on Counter-Defendants' promises;

5. Counterclaimants' reliance was a substantial factor in causing them to act or refrain from acting;

6. Counter-Defendants did not perform as promised; and

7. As a result, Counterclaimants suffered damages.

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

*See* Judicial Council of California Civil Jury Instructions CACI No. 1902 (2025 edition); *See also Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1059-1060 (2012); *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 973-974 (1997).

### b.      Key Evidence in Support

The evidence will show that Counter-Defendants made clear promises to Angelone regarding a one-third ownership interest in Hyper Engine, profit sharing, and compensation for work performed by AONE Creative and On Chain Innovations, but never intended to honor these commitments. Communications and witness testimony will demonstrate that the Taylors made these promises to induce Angelone to continue providing extensive strategic, branding, marketing, and technology services, and to personally fund expenses for various Hyper Engine-related projects. As demonstrated by years of communications and business transactions, Counter-Defendants reaffirmed these promises while concealing their intent to deny Angelone any ownership interest and diverting benefits for themselves. Counterclaimants relied on these promises by investing significant time, resources, and expertise into Hyper Engine and related film and media ventures. Once Counter-Defendants had secured the benefits of that work, they repudiated the promises and began excluding Angelone from the business. The evidence will show that these promises were knowingly false when made and caused substantial damage to Counterclaimants. Evidence in support further includes, but is not limited to, all documents specifically referenced in Counterclaimants' Fourth Cause of Action for Promissory Fraud (Dkt No. 90; ¶¶ 90-93.)

### Claim 5: Unjust Enrichment / Restitution

### a.      Elements

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

To obtain restitution based on unjust enrichment, Counterclaimants must show:

1. Counter-Defendants received a benefit, including money, services, property, or other advantages, from or at the expense of Counterclaimants;

2. The benefit was conferred under circumstances making it unjust for Counter-Defendants to retain it without paying Counterclaimants its reasonable value or otherwise making restitution; and

3. Counterclaimants suffered detriment as a result of Counter-Defendants' retention of that benefit without restitution.

*See* Judicial Council of California Civil Jury Instructions CACI No. 375 (2025 edition); *See also Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal.App.5th 230, 238-242 (2018) ("The elements of a claim for unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another.")

### b.    Key Evidence in Support

The evidence will show that Counter-Defendants received substantial benefits from Counterclaimants for which they failed to issue payment, including but not limited to web development, domain and account administration, branding strategy, film-related marketing assets, and technical infrastructure. These services were essential to Hyper Engine's brand positioning, its digital presence, and the commercial activities of the Taylors' related entities. Evidence will further demonstrate that Counter-Defendants accepted these services for years without paying the agreed-upon compensation, and in many instances without paying any compensation at all. Counter-Defendants also retained the benefits of marketing materials, pitch decks, investor relations support, and other high-value creative work while simultaneously denying Counterclaimants the ownership rights and

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

revenues that induced the work in the first place. Under these circumstances, the retention of these benefits without compensation is inequitable, and restitution or disgorgement is warranted. Key evidence in support includes, but is not limited to several invoices issued by AONE Creative LLC to Counter-Defendants in May to August, 2022, which remain outstanding as of the date of this memorandum (See Dkt No. 90, ¶ 60.)

<u>Claim 6: Declaratory Relief</u>

**a.    Elements**

To obtain declaratory relief under 28 U.S.C. § 2201 and applicable California law, Counterclaimants must show:

1. An actual, present, and justiciable controversy exists between Counterclaimants and Counter-Defendants concerning their respective rights and duties;

2. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment; and

3. A judicial declaration of the parties' respective rights and duties will resolve or clarify the controversy and relieve Counterclaimants from uncertainty and insecurity regarding those rights and duties.

**b.    Key Evidence in Support**

A real and immediate controversy exists between the parties concerning Angelone's ownership interest in Hyper Engine, the scope of the parties' contractual and fiduciary obligations, and the parties' respective rights to profits, distributions, and business opportunities. The evidence described above—including express promises, long-standing course of dealings, ownership

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

representations, and admissions by the Taylors—demonstrates that Counterclaimants possess a legitimate claim to a one-third interest and contractual rights that Counter-Defendants refuse to recognize. The conflicting positions taken in pleadings, testimony, and communications confirm that judicial clarification is necessary to determine the parties' respective rights and obligations, resolve ownership and compensation disputes, and guide the parties' future conduct.

<u>Claim 7: Quantum Meruit</u>

**a.    Elements**

To recover in quantum meruit, Counterclaimants must prove:

1. Counterclaimants performed services, rendered benefits, or conferred value for Counter-Defendants;

2. The services or benefits were performed or conferred at Counter-Defendants' request, or with the understanding and expectation that Counterclaimants would be compensated;

3. The services or benefits had a reasonable value; and

4. Counter-Defendants failed to pay Counterclaimants the reasonable value of those services or benefits.

*See* Judicial Council of California Civil Jury Instructions CACI No. 371 (2025 edition); *See also E. J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1127-1128 (2014); *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004).

**b.    Key Evidence in Support**

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

The evidence will show that Counterclaimants performed extensive services of substantial value for Hyper Engine and the Taylors, including the creation and management of websites, digital assets, social-media infrastructure, marketing campaigns, investor materials, and branding strategies. These services were performed at the Taylors' request, with their full knowledge, and with a clear understanding that Counterclaimants would be compensated. Counter-Defendants accepted and benefited from these services for years, incorporating the work into ongoing film, media, and business operations. Evidence of unpaid invoices, communications confirming reliance on Counterclaimants' expertise, and the value of digital assets created will establish the reasonable value of the services conferred and the unjust failure by Counter-Defendants to pay for those benefits.

## IV. PLAINTIFFS/COUNTER-DEFENANTS' AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS

At this time, Counterclaimants do not set forth the elements or evidentiary responses to Plaintiffs' and Counter-Defendants' numerous affirmative defenses because it is not yet clear which defenses they intend to pursue at trial. Plaintiffs and Counter-Defendants have asserted dozens of boilerplate and overlapping defenses in their Answer to the Counterclaims and Third-Party Complaint, many of which are legally improper, non-cognizable, or inapplicable to the issues to be tried. Counterclaimants cannot meaningfully address the elements of those defenses or the evidence in opposition. Counterclaimants reserve all rights to address any properly disclosed and triable affirmative defenses in the Final Pretrial Conference, in the proposed jury instructions and verdict forms, and through motions in limine or other pretrial filings as appropriate.

## V. DEFENDANTS/COUNTERCLAIMANTS' POSITION ON ANTICIPATED EVIDENTIARY ISSUES

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Counterclaimants anticipate several evidentiary issues are likely to arise at trial and may require motions in limine or advance rulings by the Court. These issues stem largely from Plaintiffs' reliance on unproduced screenshots and cropped digital materials, recurring attempts to refer to the Google Workspace as having been "deleted," and narrative themes that contradict the Court's prior orders. Counterclaimants outline the primary anticipated evidentiary issues below, consistent with Local Rule 16-4.

### References to a "Deleted" Google Workspace, "Hijacking," or Violations of the Preliminary Injunction Order

Plaintiffs repeatedly have described the Google Workspace as having been "deleted," "wiped," or "hijacked," and have suggested that Defendants violated the Preliminary Injunction. These assertions contradict the Court's July 17, 2024 sanctions order, which expressly found Plaintiffs failed to prove Angelone deleted or destroyed the Workspace and declined to impose Rule 37€ sanctions. Counterclaimants anticipate seeking an order precluding Plaintiffs, their counsel, and witnesses from making any reference to Workspace "deletion," "hacking," spoliation, or violations of the PI Order in the presence of the jury absent a prior, admissible evidentiary proffer outside the jury's presence. Such statements carry a substantial risk of unfair prejudice and juror confusion under Rules of Evidence 401, 403 - especially in light of the Court's prior findings.

### Use of Screenshots, PDF Email Compilations, and Social-Media Captures Lacking Native Files

Plaintiffs rely heavily on screenshots of text messages, Gmail snippets, cropped dumps of social-media content, and PDF bundles of emails that were not produced in native format during discovery. Many of these items lack metadata,

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

full headers, chain-of-custody, or any means of confirming their completeness or authenticity. Counterclaimants anticipate seeking exclusion or strict foundation requirements under Rules 901, 902(11), (13), and (14), as well as Rules 1002–1003 and 37(c)(1), before Plaintiffs may introduce or rely upon such materials. This includes requiring that Plaintiffs produce native versions, with metadata, before trial if they intend to rely on those materials in any substantive capacity.

### Audit-Log, Registrar, and Security-Notification Evidence Without Native Technical Data

Plaintiffs routinely characterize various Registrar e-mails, password-reset notices, Google account alerts, and similar digital snippets as "audit logs" proving unauthorized access, despite not producing native audit logs or the technical data required to authenticate or interpret such materials. Counterclaimants anticipate seeking an order precluding argument or testimony about any alleged "access," "tampering," "deletion," or "breach" based on such incomplete or unauthenticated materials, unless Plaintiffs can first establish authenticity through native logs or certified business records under Rules 901 and 902(13) & (14), and demonstrate timely disclosure under Rule 26(a)(1) and (a)(2). Because Plaintiffs did not produce native logs from Google Workspace, Meta, or other platforms, Counterclaimants will argue that such speculative narratives lack foundation and should be barred.

### Character Evidence, Propensity Themes, and Inflammatory Rhetoric

Counterclaimants anticipate that Plaintiffs may attempt to frame lawful digital-asset creation, NFT deliverables, or the development of the "Fear Game" as "scams" or other disparaging labels that carry a risk of unfair prejudice and are inconsistent with the parties' communications and course of dealing. Any

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

implication that Defendants engaged in improper "crypto" or "NFT" schemes, or any similar character/thematic rhetoric, would constitute impermissible propensity evidence under Rules 401, 403, and 404. Counterclaimants intend to seek exclusion of such characterizations and require Plaintiffs to confine their evidence to the factual record rather than inflammatory descriptors.

### Limited Expert-Foundation Issues

Counterclaimants anticipate foundational issues concerning reliance by Plaintiffs or Plaintiffs' experts on unproduced logs, screenshots, or undisclosed forensic materials. To the extent Plaintiffs' experts attempt to offer user-attribution opinions, recreate access events, or rely on materials not disclosed under Rule 26(a)(2), Counterclaimants may seek foundational rulings under Rules 702–703 and 403. At this time, Counterclaimants do not seek to broadly exclude Plaintiffs' experts but identify this as a potential evidentiary issue to be addressed through motions in limine or contemporaneous objections as needed.

## VI.    GERMANE ISSUES OF LAW

Counterclaimants presently identify the following issues of law, which are germane to the adjudication of their counterclaims and may require rulings by the Court before or during trial:

### Scope and Duration of the April 26, 2012 Agreement

An issue of law exists regarding the proper interpretation of the April 26, 2012 written agreement, including whether that contract is limited by its terms to an initial, capped website-development project or whether it can be construed to govern the parties' later course of dealing through 2018–2022. Counterclaimants' position is that the 2012 Agreement, by its language, subject matter, and termination provisions, does not govern the subsequent Hyper Engine relationship

31

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

and cannot be stretched to cover later work that was the subject of distinct oral and implied agreements.

### Existence and Enforceability of the Oral/Implied Operating Agreement and Ownership Interest

An issue of law exists as to whether the alleged oral and implied operating agreement—under which Angelone was granted a one-third ownership interest and profit participation in Hyper Engine—is enforceable and cognizable under California law. Counterclaimants' position is that the parties' express promises and performance conclusively establish an enforceable agreement regarding ownership and profit-sharing, which is further evidenced by two express written operating agreements executed by the parties.

## VII.   BIFURCATION OF ISSUES

Defendants/Counterclaimants do not presently request bifurcation of any issues for trial. Excluding the counterclaim for Declaratory Relief, all of Counterclaimants' damages claims are legal in nature and appropriate for determination by the jury. The declaratory relief claim, to the extent it seeks equitable determinations regarding ownership interests, governance rights, and other non-monetary relief, is properly decided by the Court following determination of legal issues by the jury. At this time, Counterclaimants do not request bifurcation of punitive damages or any separate equitable phase. Counterclaimants reserve all rights to address the sequencing of equitable issues or remedies at the Final Pretrial Conference should the Court determine that bifurcation of specific issues would promote efficiency or avoid juror confusion.

## VIII.  DEMAND FOR JURY TRIAL

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Defendants/Counterclaimants made a timely demand for a jury trial in its answer as to all issues so triable.

    **A.**    **Issues Triable to the Jury**

        **i.**  Compensatory damages.

    **B.**    **Issues Triable to the Court**

        **i.**  Injunctive and declaratory relief

        **ii.**  Entitlement to and amount of attorneys' fees

## IX.   ATTORNEYS' FEES

Defendants intend to seek attorneys' fees if allowable by statute or any contract between the parties, including the April 26, 2012 agreement alleged in Plaintiff' operative complaint.

## X.   ABANDONMENT ISSUES

Defendants/Counterclaimants do not presently abandon any of their claims or defenses. Defendants are not presently aware of any issues Plaintiffs/Counter-Defendants have abandoned.

**Dated:  December 1, 2025**        **LAW OFFICES OF J.T. FOX,**
                                            **A Professional Corporation**

                              **By:** _____

                                    J.T. Fox, Esq.
                                    Attorney for Defendants and
                                    Counterclaimants, DARRICK
                                    ANGELONE; AONE CREATIVE,
                                    LLC, AND ON CHAIN
                                    INNOVATIONS, LLC

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

## CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 556 S. Fair Oaks Ave, No. 444, Pasadena, CA 91105. My email address is justin@jtfoxlaw.com.

I certify that on December 1, 2025, I served: **DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT** on the following parties or counsel of record as follows:

| | |
|---|---|
| Felton T. Newell, Esq.<br>Newell Law Group PC<br>1801 Century Park East, 24th Floor<br>Phone (310) 556-9663<br>E-mail: felton@newellpc.com;<br>christine@newellpc.com | *Counsel for Plaintiffs* |
| Jeffrey S. Kramer, State Bar No. 094049<br>Sandra Calin, State Bar No. 100444<br>KRAMER, DEBOER & KEANE<br>A Limited Liability Partnership<br>Including Professional Corporations<br>27001 Agoura Road, Suite 350<br>Calabasas, California 91301<br>Tel: (818) 657-0255 - Fax: (818) 657-0256<br>jkramer@kdeklaw.com;<br>scalin@kdeklaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct. Executed at Pasadena, California on December 1, 2025

  /s/Justin Kian  
Justin Kian

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**