J.T. Fox, Esq., SBN 195063
**LAW OFFICES OF J.T. FOX & ASSOCIATES,**
A Professional Corporation
556 S. Fair Oaks Ave., No. 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax

Attorney for Defendants/Counterclaimants,
Darrick Angelone, AONE Creative LLC, and On Chain Innovations, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited lability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br><br>*Assigned to the Hon. Judge Michael W. Fitzgerald*<br><br>**DEFENDANTS' MOTION IN LIMINE #4 TO PRECLUDE REFERENCE TO UNDISCLOSED OR SPECULATIVE DAMAGES**<br><br>Pretrial Conference: December 22, 2025<br><br>Trial Date: January 13, 2026<br>Time: 8:30 AM<br>Dept.: 5A |

COMES NOW Defendants and Counterclaimants DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN INNOVATIONS, LLC (collectively, "AONE"), by and through their attorneys of record, and submit this Motion in Limine No. 4 to preclude Plaintiffs, their counsel, and all witnesses from introducing evidence of, arguing, or making any reference to: (i) Undisclosed, round-number damages figures such as "hundreds of thousands of dollars," "in excess of $150,000," or "costs expected to far exceed $100,000," where no Rule 26(a)(1)(A)(iii) computation and no supporting business records were ever produced; (ii) Vague categories of "consultant fees," "forensic investigation costs," "compensatory and consequential damages," and "devastating loss" that were never broken out, computed, or tied to actual invoices, ledgers, or other business records in discovery; and (iii) Any excuse that Plaintiffs "cannot produce" damages records at trial because "Defendants erased everything," "deleted Workspace," or "destroyed all our data," except as narrowly allowed under Motion in Limine No. 2 and only if a specific record loss is first established outside the presence of the jury.

This Motion is made pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iii), 26(e), and 37(c)(1), Federal Rules of Evidence 401, 403, 702, and 703, the Court's February 14, 2023 Order re Jury Trial, and the Court's prior orders in this case, including its July 17, 2024 Findings of Fact and Conclusions of Law Denying Terminating Sanctions (the "Terminating Sanctions Order") and its August 19, 2025 Order Denying Plaintiffs' Motion for Partial Summary Judgment.

AONE does not seek a ruling that Plaintiffs have no recoverable damages or that they cannot meet any statutory threshold (including the $5,000 threshold under the CFAA). Those issues remain for the jury. This Motion seeks a narrow evidentiary ruling: at trial, Plaintiffs' damages proof should be limited to the categories and dollar amounts they actually disclosed under Rule 26(a)(1)(A)(iii) and computed in discovery, supported by invoices, ledgers, or comparable business records produced in this case—not by unsupported rhetoric.

## I. INTRODUCTION

Throughout their pleadings and declarations, Plaintiffs describe the alleged deletion of their Google Workspace and related account issues as having caused "hundreds of thousands of dollars" in harm, "costs in excess of Ten Thousand Dollars ($10,000)" for a forensic consultant, and investigation costs "expected to far exceed $100,000," along with unspecified "significant attorneys' fees."

Yet in written discovery, Plaintiffs never provided a computation of each category of damages as required by Rule 26(a)(1)(A)(iii), nor did they produce the invoices, ledgers, or other business records one would expect to support such large round-number figures. Their Rule 33 interrogatory answers on damages instead consist of conclusory statements that Hidden Empire Film Group ("HEFG") "has been damaged in excess of $150,000 in consultant fees" and is seeking "compensatory and consequential damages," without any breakdown, math, or document support.

At the same time, whenever Plaintiffs are pressed on missing financial or corporate records, they fall back on a familiar refrain: that Defendants "erased everything" or "deleted Workspace," and therefore Plaintiffs supposedly cannot produce their own financials, bank records, or vendor documentation. The Court has already rejected that story as a basis for sanctions and found the record insufficient to attribute any Workspace deletion to Defendants. And, as Defendants' Motion in Limine No. 2 explains, third-party subpoenas to banks and ISPs produced many categories of records Plaintiffs previously claimed were gone.

Against this backdrop, allowing Plaintiffs to tell the jury that Defendants caused "hundreds of thousands of dollars" in "devastating" loss—without any disclosed computation, without produced invoices, and papered over by a rejected "erased everything" story—would violate Rules 26 and 37 and invite precisely the kind of speculative, emotion-driven damages verdict that Rule 403 and Rules 702–703 are designed to prevent.

This Motion simply asks the Court to enforce disclosure rules it has already emphasized, and to ensure that Plaintiffs' damages case is tried on actual numbers supported by actual documents, not on round-number slogans.

## II.     RELEVANT DAMAGES PLEADINGS AND DISCOVERY RECORD

### A.     FAC and Early Declarations Use Large, Round Numbers Without Backup

In their operative First Amended Complaint ("FAC"), Plaintiffs allege that the alleged deletion of HEFG's Google Workspace account "negatively impacted" their business "at a cost of hundreds of thousands of dollars." They further allege that they "incurred costs in excess of Ten Thousand Dollars $10,000 investigating the matter," that these costs "relate to the Plaintiffs' retention of a private forensic consulting firm," and that "[c]osts for the completed investigation are expected to far exceed $100,000," along with "significant attorneys' fees."

Roxanne Avent Taylor's 2022 declaration submitted with Plaintiffs' original TRO application uses the same script: it states that Plaintiffs "have incurred costs in excess of Ten Thousand Dollars ($10,000) investigating the matter" for a private forensic consulting firm and that "[c]osts for the completed investigation are expected to far exceed $100,000."

These are precisely the kinds of impressive-sounding, round-number figures that can have an outsized impact on a jury's perception of the case. But they are not computations, and they have never been tied to produced invoices or ledgers.

### B.     Plaintiffs' Rule 33 Damages Answers Are Conclusory and Unsupported

When it came time to provide Rule 33 responses, Plaintiffs did not translate their pleading rhetoric into actual computations. HEFG's response to an interrogatory asking it to state all facts supporting its damages claim and to compute damages by category states, in substance, only that: HEFG has been damaged in excess of $150,000 in consultant fees incurred in investigating the damage, and seeks permanent injunctive relief, punitive damages, and compensatory and consequential damages.

There is no breakdown of which consultants were used, what hourly rates applied, what invoices were paid, what time periods are at issue, or how the "in excess of $150,000" number was derived. Nor does the response provide a computation of any alleged consequential or other "devastating" business losses. Plaintiffs have not produced a set of invoices, time records, or ledgers that match up to these claimed round-number figures and would allow Defendants or the jury to test them. Instead, Plaintiffs rely on conclusions only, without supporting calculations.

### C. Plaintiffs Use the "Erased Everything" Story to Paper Over Missing Damages Documents

When asked in discovery and depositions to explain gaps in their financial records and internal documents, Plaintiffs repeatedly invoke the theme that Defendants "erased everything," "deleted Workspace," or "destroyed all our records." Defendants' Motion in Limine No. 2 catalogs multiple instances in which Plaintiffs used this narrative to explain away their inability to produce bank records, Hyper Engine financials, or other corporate records—even where banks and vendors later produced those same categories of documents to Defendants in response to subpoenas.

The Court, after a full evidentiary hearing with competing expert testimony, has already found that Plaintiffs failed to prove that Defendants deleted the Google Workspace account or spoliated evidence. And the Google audit logs produced in the sanctions proceedings contain no "delete Workspace" event attributable to Mr. Angelone.

Despite this, Plaintiffs continue to lean on variations of "we lost ten years of everything" not only to inflame the jury but also to explain why they cannot produce ordinary damages documentation. That is not a substitute for Rule 26(a)(1)(A)(iii) compliance.

### III. LEGAL STANDARD

Rule 26(a)(1)(A)(iii) requires a party, "without awaiting a discovery request," to provide: "a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying … the documents or other

evidentiary material, unless privileged or protected from disclosure, on which each computation is based."

Rule 26(e) imposes a continuing duty to supplement or correct these disclosures and any interrogatory responses "in a timely manner" if the party learns that its prior response is incomplete or incorrect.

Rule 37(c)(1) provides that if a party fails to provide information as required by Rule 26(a) or (e), "the party is not allowed to use that information … at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Ninth Circuit has repeatedly described this exclusion sanction as "self-executing" and "automatic," placing the burden on the nondisclosing party to show harmlessness or substantial justification before being allowed to use the undisclosed information at trial. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

Under the Federal Rules of Evidence, only relevant evidence is admissible, and even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 401–403. Opinion testimony on damages must be grounded in "sufficient facts or data," be the product of reliable principles and methods, and reliably apply those principles and methods to the facts. Fed. R. Evid. 702–703.

The Court's Order re Jury Trial further directs that motions in limine "address specific issues" and not be disguised motions for summary adjudication. This Motion fits comfortably within that directive: it seeks only to enforce the disclosure rules and bar undisclosed, undocumented damages theories and round-number rhetoric.

IV.   ARGUMENT

A.   Rule 26(a)(1)(A)(iii) and Rule 37(c)(1) Bar Undisclosed Damages Categories and Round-Number Figures

As the following demonstrates, Plaintiffs never provided a true "computation of each category of damages" they intend to seek at trial:

(a) The FAC and declarations use phrases like "hundreds of thousands of dollars," "costs in excess of Ten Thousand Dollars ($10,000)," and "costs … expected to far exceed $100,000," but do not explain how those numbers were calculated or what specific invoices or payments they reflect;

(b) The Rule 33 responses that respond specifically to damages provide only a conclusory statement that HEFG has been "damaged in excess of $150,000 in consultant fees" and vaguely reference "compensatory and consequential damages," again without math; and

(c) Plaintiffs have not produced a complete set of invoices, time records, or a ledger that, taken together, support and explain these figures.

Because Plaintiffs failed to comply with Rule 26(a)(1)(A)(iii) and failed to supplement under Rule 26(e), Rule 37(c)(1) provides the default consequence: they "are not allowed to use" these undisclosed computations and categories of damages at trial, absent a showing—on their part—of substantial justification or harmlessness.

Allowing Plaintiffs to describe their damages to the jury using terms like "hundreds of thousands," "far exceed $100,000," or "in excess of $150,000 in consultant fees," without first having disclosed a computation and produced the underlying documents, would reward noncompliance with Rule 26 and unfairly prejudice Defendants, who have had no opportunity to test or rebut the claimed numbers.

**B.   "Hundreds of Thousands," "Far Exceed $100,000," and "Devastating Loss" Are Speculative and Unduly Prejudicial Under Rules 401, 403, and 702–703**

Even apart from Rule 37(c)(1), these hand-wavy phrases are poor candidates for jury exposition. This is at least due in part to the fact that (1) they are not tied to any specific expert damages analysis, (2) they are not grounded in a disclosed computation, and (3) they invite jurors to make leaps based on emotional impact rather than evidence.

Permitting Plaintiffs to characterize their damages as "devastating," "catastrophic," or "hundreds of thousands of dollars" in opening statement and closing argument—when

all they have disclosed is "in excess of $150,000 in consultant fees" with no computation and no supporting invoices—would substantially risk "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403.

Any witness (lay or expert) who offers these figures at trial would necessarily be testifying based on undisclosed assumptions and undocumented data, in violation of Rules 702–703 and Rule 26(a)(2)(B) (for experts). The Court should preclude such testimony and argument and limit Plaintiffs to damages amounts they actually disclosed and supported with produced business records.

### C. Plaintiffs Cannot Use a Rejected "Erased Everything" Narrative as a Substitute for Damages Documentation

Plaintiffs' fallback theme—that they cannot produce underlying documents because "Defendants erased everything"—cannot justify bypassing Rule 26 and 37. The Court has already found that Plaintiffs failed to prove that Defendants deleted the Google Workspace account or spoliated evidence, and it denied terminating sanctions on that basis. The Google audit logs produced in the sanctions process contain no admin-driven "delete Workspace" event by Mr. Angelone; they simply stop after October 7, 2022, consistent with Google's own platform-level actions.

As Motion in Limine No. 2 illustrates, Plaintiffs had notice and opportunity to preserve their data, and third-party subpoenas later produced many categories of records Plaintiffs claimed had been "erased," including banking and ISP records.

In light of these rulings and the existing record, Plaintiffs should not be permitted to (1) suggest to the jury that missing invoices or ledgers for consultant / forensic fees are Defendants' fault because "Workspace was deleted" or "everything was erased"; or (2) Use a generalized "devastating loss of ten years of data" narrative as a proxy for actual damages proof.

To the extent Plaintiffs contend that a particular invoice, payment record, or project ledger existed only in the old Workspace and cannot now be obtained from third-party sources, that is a matter that should be vetted outside the presence of the jury, with a

concrete foundation. Short of that, they cannot use a rejected spoliation narrative to smuggle speculative damages numbers into the case.

### D. This Is a Narrow Evidentiary Motion, Not a Back-Door Summary Judgment on Damages

Finally, this Motion stays well within the Court's directive that motions in limine not serve as disguised summary adjudication.

Defendants do not ask the Court to decide that Plaintiffs have no recoverable damages, Plaintiffs cannot meet the CFAA's $5,000 threshold, or that any particular category of damages is irrecoverable as a matter of substantive law. Those are triable issues preserved by the Court's denial of Plaintiffs' motion for partial summary judgment.

What Defendants seeks is far more modest: an order that at trial, Plaintiffs may not: (1) introduce new categories of damages not disclosed under Rule 26(a)(1)(A)(iii); (2) present round-number damages figures and "hundreds of thousands" rhetoric untethered to any disclosed computation and produced invoice/ledger; or (3) rely on a generalized "we lost everything because Defendants erased Workspace" narrative to explain missing damages documentation.

This is exactly the kind of targeted evidentiary ruling the Court contemplated in its Order re Jury Trial.

## V. CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Defendants respectfully request that the Court grant Motion in Limine No. 4 and order that Plaintiffs, their counsel, and all witnesses be precluded from:

1. Stating, suggesting, or eliciting testimony that Plaintiffs suffered "hundreds of thousands of dollars" in damages, "costs expected to far exceed $100,000," "damages in excess of $150,000 in consultant fees," or any similar round-number damages figures, unless outside the presence of the jury Plaintiffs first establish that: (a) the specific dollar amount was disclosed in a Rule 26(a)(1)(A)(iii) computation or written damages interrogatory response; and (b) the amount is

    supported by invoices, ledgers, or other business records that were produced in discovery.

2. Presenting evidence or argument regarding new or vaguely described categories of monetary relief—such as catch-all "consultant fees," "forensic investigation costs," "compensatory and consequential damages," or "devastating loss" from alleged Workspace deletion—that were not identified as separate categories and computed in Plaintiffs' Rule 26(a)(1)(A)(iii) disclosures or interrogatory responses, with corresponding supporting documents produced in discovery.

3. Arguing or implying that Plaintiffs cannot produce particular damages records (such as invoices, payment records, or ledgers) because "Defendants erased everything," "deleted Workspace," or otherwise destroyed unique data, unless Plaintiffs first make a specific, non-speculative showing outside the jury's presence that: (a) the particular record once existed; (b) it was kept solely in the allegedly deleted Workspace or account; (c) it cannot be obtained from any third-party source (such as banks, vendors, or accountants); and (d) its loss is fairly attributable to Defendants, consistent with the Court's Terminating Sanctions Order.

4. Referring in front of the jury to "significant attorneys' fees" allegedly incurred in connection with this lawsuit or the underlying investigation, except to the limited extent the Court determines any such fees are properly part of a damages category that has been computed and documented under Rule 26(a)(1)(A)(iii). Any broader fee-shifting issues should be reserved for post-trial motion practice.

Nothing in this Order should limit AONE's ability to cross-examine Plaintiffs' witnesses or experts using documents that were produced in discovery or obtained from third parties, or to argue that Plaintiffs have failed to meet their burden of proving damages under the elements of their claims. Nor should it prevent AONE from using any Plaintiffs' materials the Court may permit for impeachment or other limited, non-substantive purposes.

\\\

| | |
|---|---|
| Dated: December 1, 2025 | LAW OFFICES OF J.T. FOX, A Professional Corporation |
| | By: *JT Fox* |
| | J.T. Fox, Esq.<br>Attorney for Defendants and Counterclaimants, DARRICK ANGELONE; AONE CREATIVE, LLC, AND ON CHAIN INNOVATIONS, LLC |

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 556 S. Fair Oaks Ave, No. 444, Pasadena, CA 91105. My email address is justin@jtfoxlaw.com.

I certify that on December 1, 2025, I served: **DEFENDANTS' MOTION IN LIMINE #4 TO PRECLUDE REFERENCE TO UNDISCLOSED OR SPECULATIVE DAMAGES** on the following parties or counsel of record as follows:

| | |
|---|---|
| Felton T. Newell, Esq.<br>Newell Law Group PC<br>1801 Century Park East, 24th Floor<br>Phone (310) 556-9663<br>E-mail: felton@newellpc.com;<br>christine@newellpc.com | *Counsel for Plaintiffs* |
| Jeffrey S. Kramer, State Bar No. 094049<br>Sandra Calin, State Bar No. 100444<br>KRAMER, DEBOER & KEANE<br>A Limited Liability Partnership<br>Including Professional Corporations<br>27001 Agoura Road, Suite 350<br>Calabasas, California 91301<br>Tel: (818) 657-0255 - Fax: (818) 657-0256<br>jkramer@kdeklaw.com;<br>scalin@kdeklaw.com | *Co-Counsel for Defendants* |

By ECF/CM: I electronically filed an accurate copy using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the foregoing is true and correct. Executed at Pasadena, California on December 1, 2025.

    /s/Justin Kian
Justin Kian