1  FELTON T. NEWELL (State Bar #201078)
2  felton@newellpc.com
   CHRISTINE SAID (State Bar #344348)
3  christine@newellpc.com
4  NEWELL LAW GROUP PC
   1801 Century Park East, 24th Floor
5  Los Angeles, CA 90067
6  Telephone: (310) 556-9663

7  Attorneys for Plaintiffs
8  **HIDDEN EMPIRE HOLDINGS, LLC;**
   **HYPER ENGINE, LLC; AND DEON**
9  **TAYLOR; AND THIRD-PARTY**
   **DEFENDANT ROXANNE TAYLOR**
10

11

12                **UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | **CASE NO.: 2:22-cv-06515-MWF-AGR** (Hon. Michael W. Fitzgerald, Dept. 5A) |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS; MOTION IN LIMINE #1 RE FINANCIAL STATUS OF THE PARTIES (DKT. # 210)** |
| vs. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, | Complaint Filed: September 12, 2022 Trial Date:        January 13, 2026 |
| Defendants. | |

## I.    INTRODUCTION

Defendants' Motion to preclude references to insurance and the financial status of the parties is legally unfounded and procedurally defective. Defendants seek to preclude all references to their financial condition as inadmissible, but evidence of a party's financial status is not automatically inadmissible where, as here, it is relevant to issues of motive, intent, or credibility. Plaintiffs seek to introduce evidence for these permissible purposes. Additionally, Defendants failed to identify or argue any undue prejudice under Federal Rules of Evidence 403. Moreover, defense counsel failed to comply with this Court's Chamber Rules and Local Rules, requiring a meaningful meet and confer prior to filing this Motion. Accordingly, the Court should deny this Motion.

## II.    FACTUAL CONTENTIONS

On April 26, 2012, Hidden Empire Film Group LLC, an entity affiliated with HEFG, engaged AONE, an entity owned by Mr. Angelone, to design, develop and manage HEFG's websites and related media properties. Mr. Angelone was compensated for the services he provided to Hyper Engine LLC and Hidden Empire Film Group. Other than AONE and Mr. Angelone's work for Plaintiffs and a law firm in San Bernardino, AONE had no other clients. *See* Ex. A to Declaration of Felton T. Newell ("Newell Decl.") at 24:7- 25:13; 27:19-28:15; 34:6-255.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

Mr. Angelone testified in his deposition that since ceasing his work for Plaintiffs in 2022, his only sources of income have been through his management of his wife's property and personal loans secured from family. *Id.* at 35:9-11; 35:26-20. Mr. Angelone also testified that he has not held W-2 employment since 2022. *Id.* at 34:6-10.

Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion. *Id.* ¶ 3.

## III. ARGUMENT

A. <u>Defendants Failed to Meet and Confer Prior to Filing This Motion, in Violation of Local Rule 7-3 and This Court's Chamber Rules.</u>

The Court's Chamber Rules provide that "[p]rior to filing a motion, counsel shall comply with the requirement of conference of counsel under L.R. 7-3." Honorable Michael W. Fitzgerald's Procedures Rules, *Law and Motion Schedule.* The rule strictly requires moving parties to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Courts routinely deny motions in limine filed without compliance with this rule. *See Johnson v. Nat. Gas Fuel Sys., Inc.,* No. 1:19-CV-00105-SAB, 2024 WL 5047209, at *6 (E.D. Cal. Dec. 9, 2024) (denying two of the defendant's motions in limine for "failure to comply with the Court's July 3, 2024 amended pretrial

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

order requiring that the parties engage in meaningful, genuine attempts to meet and confer."); *see also*, *Halbert v. Cnty. of San Diego,* No. 07CV1607-L (WVG), 2011 WL 13356067, at *3 (S.D. Cal. June 27, 2011)(denying defendants' for failure to comply with its perquisite obligations to meet and confer).

Defense counsel neither provided any notice of this Motion nor allowed defense counsel the opportunity to meaningfully discuss its substance or narrow its issues.

B. <u>Evidence of Defendants' Financial Condition is Relevant to Rebut Defendants' Alleged Breach of Contract and Promissory Fraud Theories.</u>

In their motion, Defendants mischaracterize relevant caselaw to support their claim that any reference to their financial condition is irrelevant and inadmissible. Specifically, they cite *Love v. Wolf*, 226 Cal. App. 2d 378, 389 (3rd. Dist. 1964) for its finding that evidence of wealth or poverty of a party is inadmissible to the extent it "prove[s] liability or an award for damages." However, the *Love* court also held that "no absolute rule of exclusion applies to prohibit proof of dollars or sales of profit, and when, relevant, evidence thereof should be admitted." *Id*. at 390. In *Love*, the court found that, while proof of Defendant Parke-Davis' wealth was inadmissible, its "proof of sales . . . was relevant to show a motive or reason" for Defendants' overpromotion of a drug, which was a crucial issue in the case. *Id*. at 389; *see also*, *Herbert v. County of*

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

*San Diego*, 2011 WL 133560 (S.D. Cal. 2011)(denying plaintiff's motion to

exclude evidence of his income tied to his jewelry business because it was

relevant to show potential motive or purpose for plaintiff's resignation from his

employment with Defendant).

Similarly here, Plaintiffs intend to introduce evidence of Defendants'

financial condition to rebut the assumption at the core of Defendants' defense that

Plaintiffs wanted to enter into a joint venture or 50/50 partnership with AONE. In

fact, AONE and Mr. Angelone had minimal commercial activity, no meaningful

business assets or client base apart from Defendants' work on Plaintiffs'

marketing campaigns.  AONE's lack of commercial viability undermines its

claim that Plaintiffs intended to partner with Defendants or to defraud them.

    C. <u>Defendants Have Failed to Show Any Unfair Prejudice Under Rule
403.</u>

Defendants offer no evidence of unfair prejudice to justify the exclusion of

the subject evidence. Federal Rule of Evidence 403 limits the admission of

evidence only where the risk of unfair prejudice *substantially* outweighs its

probative value. *See* Fed. R. Evid. 403 (emphasis added). The evidence that

Defendants seek to exclude here relates to critical issues in the case and directly

supports an inference relevant to an issue. Slight inconvenience to a party that is

inherent in probative evidence is *not* undue prejudice. *See United States v. Abel,*

469 U.S. 45, 50 (1984)("Relevant evidence is inherently prejudicial; but it is

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

only unfair prejudice, substantially outweighing probative value, which permits

exclusion under Rule 403."); *see also*, *Madrigal v. Allstate Indem. Co.*, No. CV

14-4242 SS, 2015 WL 12746232, at *3 (C.D. Cal. Oct. 29, 2015), <u>clarified on

denial of reconsideration,</u> No. CV 14-4242 SS, 2015 WL 12748277 (C.D. Cal.

Nov. 5, 2015) (denying plaintiffs' limine motion because they failed to

demonstrate how admitting the evidence the motion sought to exclude would

result in unfair prejudice, confusion of the issues, undue delay, or the

presentation of cumulative evidence.)

Any speculative or conjectural prejudice that could result from the

admission of Defendants' wealth and financial status is substantially outweighed

by its probative nature.[1]



///
///
///

---

[1] Plaintiffs do not contest the exclusion of information related to insurance coverage.

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine #1.

Dated:  December 9, 2025                    **NEWELL LAW GROUP PC**

/s/ Felton T. Newell

_____

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC;
HYPER ENGINE, LLC; AND DEON
TAYLOR; AND THIRD-PARTY
DEFENDANT ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

## <u>DECLARATION OF FELTON T. NEWELL</u>

I, Felton T. Newell, declare as follows:

1.      I am a Co-Managing Shareholder at Newell Law Group PC, counsel of record for Plaintiffs in this action.  This Declaration is in support of Plaintiffs' Opposition of Defendants' Motion in Limine #1 Regarding Financial Status of the Parties ("Motion").

2.      The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3.      Attached hereto as Exhibit A is a true and correct copy of excerpts of the deposition of Darrick Angelone.

4.      Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion.


I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2025 at Los Angeles, California.


 /s/ Felton T. Newell
Felton T. Newell

.

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 1**

1                    UNITED STATES DISTRICT COURT

2              FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4    HIDDEN EMPIRE HOLDINGS, LLC; )
     A DELAWARE LIMITED LIABILITY )
5    COMPANY; HYPER ENGINE, LLC;  )
     A CALIFORNIA LIMITED         )
6    LIABILITY COMPANY; DEON      )
     TAYLOR, AN  INDIVIDUAL,      )
7                                 )
                 Plaintiffs,      )
8                                 )
          vs.                     )  Case No.
9                                 ) 2:22-cv-06515-MWF-AGR
     DARRICK ANGELONE, AN         )
10   INDIVIDUAL; AONE CREATIVE    ) VOLUME I
     LLC, FORMERLY KNOWN AS AONEE ) (PAGES 1 - 194)
11   ENTERTAINMENT LLC, A FLORIDA )
     LIMITED LIABILITY COMPANY;   )
12   AND ON CHAIN INNOVATIONS     )
     LLC, A FLORIDA LIMITED       )
13   LIABILITY COMPANY,           )
                                  )
14               Defendants.      )
                                  )
15

16

17

18

19      VIDEOTAPED DEPOSITION OF DARRICK ROBERT ANGELONE

20                  LOS ANGELES, CALIFORNIA

21           WEDNESDAY, MARCH 5, 2025; 9:56 A.M.

22

23

24   Reported by:    Izumi Kono
                     CSR 14156
25   Job No.:        312852

                                                              1

```
 1                 UNITED STATES DISTRICT COURT

 2            FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4

 5    HIDDEN EMPIRE HOLDINGS, LLC; )
      A DELAWARE LIMITED LIABILITY )
 6    COMPANY; HYPER ENGINE, LLC;  )
      A CALIFORNIA LIMITED         )
 7    LIABILITY COMPANY; DEON      )
      TAYLOR, AN  INDIVIDUAL,      )
 8                                 )
                    Plaintiffs,    )
 9                                 )
           vs.                     )  Case No.
10                                 )  2:22-cv-06515-MWF-AGR
      DARRICK ANGELONE, AN         )
11    INDIVIDUAL; AONE CREATIVE    )  VOLUME I
      LLC, FORMERLY KNOWN AS AONEE )  (PAGES 1 - 194)
12    ENTERTAINMENT LLC, A FLORIDA )
      LIMITED LIABILITY COMPANY;   )
13    AND ON CHAIN INNOVATIONS     )
      LLC, A FLORIDA LIMITED       )
14    LIABILITY COMPANY,           )
                                   )
15                  Defendants.    )
                                   )
16

17

18

19

20

21
           VIDEOTAPED DEPOSITION OF DARRICK ROBERT
22    ANGELONE, VOLUME I, taken on behalf of
      the plaintiffs, at 1801 Century Park East,
23    25th Floor, Los Angeles, California 90067,
      beginning at 9:56 a.m. and ending at 4:22
24    p.m., on Wednesday, March 5, 2025, before
      Izumi Kono, Certified Shorthand Reporter
25    No. 14156.
```

2

```
1      APPEARANCES:

2

3      For the Plaintiffs:

4           NEWELL LAW GROUP PC
            BY:  FELTON T. NEWELL, ESQ.
5           1801 Century Park East, 24th Floor
            Los Angeles, California 90067
6           FELTON@NEWELLPC.COM

7

8      For the Defendants:

9           LAW OFFICES OF J.T. FOX, APC
            BY:  J.T. FOX, ESQ.
10          556 South Fair Oaks Avenue, Suite 444
            Pasadena, California 91105
11          JT@JTFOXLAW.COM

12     For the Defendants:

13          KRAMER, DEBOER & KEANE
            BY:  SANDRA CALIN, ESQ.
14          27001 Agoura Road, Suite 350
            Calabasas, California 91301
15          SCALM@KDEKLAW.COM

16     Also Present:

17          JASON PATSALIS, VIDEOGRAPHER

18

19

20

21

22

23

24

25
```

3

Darrick Robert Angelone                                                      March 5, 2025

```
 1                          INDEX

 2   WITNESS                                      PAGE

 3   Darrick Robert Angelone

 4         Examination by Mr. Newell              7

 5

 6

 7                        EXHIBITS

 8   MARKED           DESCRIPTION               PAGE

 9   Exhibit 1        Judgment                  167

10   Exhibit 2        2022 E-mails              170

11

12

13

14      QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

15                     PAGE   LINE

16                        (None)

17

18

19

20                 INFORMATION REQUESTED

21                        (None)

22

23

24

25
```

                                                                    4

| | | |
|---|---|---|
| 1 | Q    And those are the only W-2 arrangements | 10:22:37 |
| 2 | you're aware that you've had? | 10:22:42 |
| 3 | A    That I can recall sitting here, yes. | 10:22:43 |
| 4 | Q    Okay.  Can you recall situations in which | 10:22:45 |
| 5 | you were paid as an independent contractor? | 10:22:50 |
| 6 | A    Do I recall situations?  I do. | 10:22:56 |
| 7 | Q    So which entities did you -- do you | 10:22:58 |
| 8 | provide services as an independent contractor? | 10:23:01 |
| 9 | A    Some of the entities that I provided | 10:23:05 |
| 10 | services as to that were to Hidden Empire Film | 10:23:08 |
| 11 | Group, LLC.  I also provided it to Hidden Empire | 10:23:12 |
| 12 | Film Group, LP.  I provided services as an | 10:23:17 |
| 13 | independent contractor to Meet the Blacks, LLC, is | 10:23:25 |
| 14 | my recollection of the -- the LLC.  I provided | 10:23:30 |
| 15 | consulting -- sorry -- independent contractor | 10:23:38 |
| 16 | services to the Traffik movie.  I just do not recall | 10:23:41 |
| 17 | if it was a Traffik entity or if it was Hidden | 10:23:47 |
| 18 | Empire Film Group.  I provided independent | 10:23:51 |
| 19 | contractor services for Sean Merrick.  I provided | 10:23:57 |
| 20 | independent contractor services for Hollywood Street | 10:24:11 |
| 21 | King.  I have provided independent contractor | 10:24:14 |
| 22 | services for a law firm in San Bernardino. | 10:24:22 |
| 23 | Q    What's the name of the firm? | 10:24:27 |
| 24 | A    Todd Martinez Law. | 10:24:30 |
| 25 | AONE provided independent contractor | 10:24:45 |

24

| | | |
|---|---|---|
| 1 | THE WITNESS:  As AONE Entertainment before | 10:28:57 |
| 2 | we effected a name change in 2020, the clients would | 10:28:59 |
| 3 | have been the same listed as independent contractor | 10:29:06 |
| 4 | services and would have included Meet the Blacks, | 10:29:08 |
| 5 | Hidden Empire, LP -- not Hidden Empire Film Group, | 10:29:14 |
| 6 | LLC, but Hidden Empire Film Group, LP.  I provided | 10:29:20 |
| 7 | services for the same, virtually, which became | 10:29:27 |
| 8 | Hidden Empire Holdings, LLC. | 10:29:31 |
| 9 | I don't -- I don't -- I'm not sure. | 10:29:36 |
| 10 | Otherwise, any -- I don't recall anything -- any | 10:29:42 |
| 11 | other specific instances. | 10:29:46 |
| 12 | BY MR. NEWELL: | 10:29:49 |
| 13 | Q    Well, the question is do you recall any | 10:29:49 |
| 14 | other specific clients. | 10:29:50 |
| 15 | A    Right.  Instances being clients, I don't. | 10:29:53 |
| 16 | MR. FOX:  Just for clarity, meaning all | 10:30:00 |
| 17 | the names that you've already mentioned that your | 10:30:02 |
| 18 | company did work for? | 10:30:05 |
| 19 | I'm a little unclear.  Sorry. | 10:30:07 |
| 20 | BY MR. NEWELL: | 10:30:09 |
| 21 | Q    Yeah.  Just to clarify -- so you mentioned | 10:30:10 |
| 22 | a series of companies:  Hidden Empire Film Group, | 10:30:13 |
| 23 | LLC; Hidden Empire Film Group, LP; Meet the Blacks, | 10:30:19 |
| 24 | LLC; Traffik -- whichever entity was the owner of | 10:30:23 |
| 25 | Traffik, the movie; Sean Merrick.  So you mentioned | 10:30:32 |

28

```
 1    those clients.                                      10:30:36

 2              Are there any other clients, sitting here  10:30:38

 3    today, that you can recall, that AONE Creative has  10:30:42

 4    had?                                                10:30:45

 5        A    Not beyond those that I've already listed.  10:30:47

 6    They also include the Todd Martinez Law; Hidden     10:30:51

 7    Empire Holdings; Traffik, an entity for the Traffik  10:30:56

 8    film that may have been Hidden Empire Film Group,    10:30:59

 9    LP; Sean Merrick; Hollywood Street King; Meet the    10:31:04

10    Blacks, LLC.  I don't recall anything more than     10:31:10

11    we've discussed thus far.                           10:31:21

12        Q    You mentioned a corporate name change      10:31:23

13    in --                                               10:31:23

14              Was it 2020?                              10:31:26

15        A    Yes.                                       10:31:27

16        Q    What was the change from and to?          10:31:27

17        A    The change -- the name was changed with    10:31:29

18    the Secretary of State in Florida from AONE         10:31:33

19    Entertainment, LLC to AONE Creative, LLC.           10:31:37

20        Q    Why did you make that change?             10:31:41

21        A    As I recall, it was just to bring the      10:31:46

22    branding more in line with what we were doing at    10:31:52

23    that point.                                         10:32:00

24        Q    And when I've asked about clients of AONE  10:32:00

25    Creative -- and you've given us a list of clients -- 10:32:06
```

                                                              29

| | | |
|---|---|---|
| 1 | employment? | 10:40:50 |
| 2 | A     I'm employed by AONE Creative. | 10:40:54 |
| 3 | Q     So you've been employed by AONE Creative | 10:40:57 |
| 4 | since 2022? | 10:41:00 |
| 5 | A     And prior. | 10:41:01 |
| 6 | Q     And prior.  Any other employment during | 10:41:02 |
| 7 | that time -- after 2022? | 10:41:05 |
| 8 | MR. FOX:  Objection.  Relevance. | 10:41:07 |
| 9 | You can answer. | 10:41:08 |
| 10 | THE WITNESS:  W-2 employment, just to | 10:41:09 |
| 11 | specify? | 10:41:12 |
| 12 | BY MR. NEWELL: | 10:41:13 |
| 13 | Q     Yes. | 10:41:14 |
| 14 | A     No. | 10:41:15 |
| 15 | Q     You described earlier clients of AONE | 10:41:18 |
| 16 | Creative. | 10:41:27 |
| 17 | Can you describe the AONE Creative clients | 10:41:27 |
| 18 | since the time when AONE stopped providing services | 10:41:31 |
| 19 | to Hidden Empire in 2022? | 10:41:37 |
| 20 | MR. FOX:  Objection.  Calls for trade | 10:41:39 |
| 21 | secrets. | 10:41:41 |
| 22 | You can answer. | 10:41:41 |
| 23 | THE WITNESS:  As I recall, it would have | 10:41:42 |
| 24 | been Todd Martinez Law is in that timeframe, | 10:41:52 |
| 25 | post-2022.  I don't recall -- I don't recall any | 10:41:55 |

1    other clients with the exception of Todd Martinez    10:42:24

2    Law.    10:42:27

3    BY MR. NEWELL:    10:42:36

4        Q    Other than AONE Creative, have you had any    10:42:36

5    other personal sources of income since 2022?    10:42:40

6            MR. FOX:  Objection.  Privacy.  Objection.    10:42:43

7    Relevance.    10:42:45

8            You can answer.    10:42:45

9            THE WITNESS:  I manage personally a    10:42:46

10    property owned by my wife and myself in Palm    10:42:52

11    Springs, California.    10:42:58

12    BY MR. NEWELL:    10:43:04

13        Q    Any other sources of income?    10:43:05

14            MR. FOX:  Same objection.    10:43:06

15            You can answer.    10:43:07

16            THE WITNESS:  Personal sources of income    10:43:08

17    outside of that and AONE?  Family.    10:43:12

18    BY MR. NEWELL:    10:43:27

19        Q    So family members have given you money?    10:43:28

20        A    I've had -- I've secured loans.    10:43:30

21        Q    Any other sources of income?    10:43:41

22            MR. FOX:  Same objection.    10:43:44

23            THE WITNESS:  Our -- I'm married.  Our    10:43:47

24    household income -- my wife provides to the    10:43:51

25    household.    10:43:53

                                                    35

Darrick Robert Angelone                                                    March 5, 2025

```
 1   STATE OF CALIFORNIA          )
                                  ) ss:
 2   COUNTY OF VENTURA            )

 3

 4           I, Izumi Kono, do hereby certify:

 5           That I am a duly qualified Certified

 6   Shorthand Reporter, in and for the State of

 7   California, holder of certificate number 14156,

 8   which is in full force and effect and that I am

 9   authorized to administer oaths and affirmations;

10           That the foregoing deposition testimony of

11   the herein named witness was taken before me at the

12   time and place herein set forth;

13           That prior to being examined, the witness

14   named in the foregoing deposition was duly sworn or

15   affirmed by me to testify the truth, the whole

16   truth, and nothing but the truth;

17           That the testimony of the witness and all

18   objections made at the time of the examination were

19   recorded stenographically by me and were thereafter

20   transcribed under my direction and supervision;

21           That the foregoing pages contain a full,

22   true and accurate record of the proceedings and

23   testimony to the best of my skill and ability;

24           I further certify that I am not a relative

25   or employee or attorney or counsel of any of the
```

193

1    parties, nor am I a relative or employee of such

2    attorney or counsel, nor am I financially interested

3    in the outcome of this action;

4            That if the foregoing pertains to the

5    original transcript of a deposition in a federal

6    case, before completion of the proceedings, review

7    of the transcript{x} was { } was not required.

8

9            IN WITNESS WHEREOF, I have subscribed my

10   name this _____ day of _____,

11   _____.

12

13

14

15

16           _____

17           IZUMI KONO, CSR No. 14156

18

19

20

21

22

23

24

25

194