1  FELTON T. NEWELL (State Bar #201078)
2  felton@newellpc.com
   CHRISTINE SAID (State Bar #344348)
3  christine@newellpc.com
   NEWELL LAW GROUP PC
4  1801 Century Park East, 24th Floor
5  Los Angeles, CA 90067
6  Telephone: (310) 556-9663

7  Attorneys for Plaintiffs
8  **HIDDEN EMPIRE HOLDINGS, LLC;**
   **HYPER ENGINE, LLC; AND DEON**
9  **TAYLOR; AND THIRD-PARTY**
   **DEFENDANT ROXANNE TAYLOR**
10

11

12           **UNITED STATES DISTRICT COURT**

13       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14
   HIDDEN EMPIRE HOLDINGS,              **CASE NO.: 2:22-cv-06515-MWF-AGR**
15 LLC; a Delaware limited liability     (Hon. Michael W. Fitzgerald, Dept. 5A)
   company; HYPER ENGINE, LLC; a
16 California limited liability company;
   DEON TAYLOR, an individual,          **PLAINTIFFS' OPPOSITION TO**
17                                        **DEFENDANTS' MOTION IN LIMINE**
                Plaintiffs,               **#2 RE REFERENCES TO (1)**
18                                        **"ICELANDIC DOMAINS"; (2)**
   vs.                                    **"JACKY JASPER" AND**
19                                        **"HOLLYWOOD STREET KING"; (3)**
20 DARRICK ANGELONE, an                   **DEENDANTS' SPOLIATION OF**
   individual; AONE CREATIVE LLC,         **PLAINTIFFS' GOGOLE**
21 formerly known as AONEE                **WORKSPACE AND ESI; AND (4)**
   ENTERTAINMENT LLC, a Florida           **PRIOR LAWSUITS OR DEFAULT**
22 limited liability company; and ON      **JUDGEMENTS (DKT. # 213)**
   CHAIN INNOVATIONS LLC, a
23 Florida limited liability company,
24              Defendants.
25
26                                        Complaint Filed:  September 12, 2022
                                          Trial Date:       January 13, 2026
27

28

                                    -1-
        **PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

## I.    <u>INTRODUCTION</u>

Plaintiffs HIDDEN EMPIRE HOLDINGS, LLC ("HEFG"); HYPER ENGINE, LLC; and DEON TAYLOR (collectively, "Plaintiffs") submit the following opposition to Defendants DARRICK ANGELONE ("Mr. Angelone"), AONE CREATIVE LLC ("AONE"), and ON CHAIN INNOVATIONS LLC's ("ON CHAIN") (collectively, "Defendants") Motion in Limine ("Motion") #2 to exclude broad references to "Icelandic domains", "Jacky Jasper" and "Hollywood Street King", Defendants' deletion, erasure or spoliation of Plaintiff's Google Workspace, and any prior lawsuits and default judgements against Mr. Angelone.

## II.    <u>FACTUAL CONTENTIONS</u>

On April 26, 2012, Hidden Empire Film Group LLC engaged AONE, an entity owned by Mr. Angelone, to design, develop and manage HEFG's websites and related media properties. Mr. Angelone was compensated for the services he provided to Hyper Engine LLC and Hidden Empire Film Group. Mr. Angelone ceased his work for Plaintiffs in 2022. *Id*. at 35:9-11, 35:26-20.

Eight hours after the initial registrations for six of the ten 2021 Domains expired on August 6, 2022, all six were re-registered to an "anonymous individual" in Revjavik, Iceland. Subpoenaed registration records show that the contact information for those Icelandic Domains matches the information used to register another domain owned by Mr. Angelone. Four of the remaining 2021 domains also identify an anonymous person located in Capital City, Iceland

-2-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

(Reykjavik) as the registrant, with no contact information given (The nine

domains shall hereinafter be referred to as "Icelandic Domains.")

Subsequent research confirmed that nine of the Icelandic Domains

registrations included the user ID "jackyjasper", a pseudonym of Sean Merrick,

whom Angelone has known for 25 years. See Ex. A to Newell Dec. at 140:7-9.

In his deposition, Mr. Angelone explained that "Hollywood Stret King" is

a gossip column and entertainment platform created by Sean Merrick promoting

entertainment or Hollywood-related content. Mr. Angelone testified in his

deposition that he created the platform of "Diary of Hollywood Street King" for

Mr. Merrick back in 2008 or 2009. *Id.* at 141:1-9. Mr. Angelone provided

imaging for the design of the website. *Id.* at 141:14-15. Defendants did not meet

and confer with Plaintiffs' counsel prior to filing this Motion.  Newell Decl. ¶ 3.

## III.    <u>ARGUMENT</u>

### a.    <u>Defendants Failed to Meet and Confer Prior to Filing This Motion, in Violation of Local Rule 7-3 and This Court's Chamber Rules.</u>

This Court's Chamber Rules provide that "[p]rior to filing a motion,

counsel shall comply with the requirement of conference of counsel under L.R. 7-

3." (Honorable Michael W. Fitzgerald's Procedures Rules, *Law and Motion*

*Schedule*.  The rule strictly requires moving parties to "first contact opposing

counsel to discuss thoroughly, preferably in person, the substance of the

-3-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

contemplated motion and any potential resolution." (C.D. Cal. L.R. 7-3). Courts routinely deny motions in limine filed without compliance with this rule. *See Johnson v. Nat. Gas Fuel Sys., Inc.,* No. 1:19-CV-00105-SAB, 2024 WL 5047209, at *6 (E.D. Cal. Dec. 9, 2024) (Denying two of Defendant's motions in limine for "failure to comply with the Court's July 3, 2024 amended pretrial order requiring that the parties engage in meaningful, genuine attempts to meet and confer."); *see also*, *Halbert v. Cnty. of San Diego,* No. 07CV1607-L (WVG), 2011 WL 13356067, at *3 (S.D. Cal. June 27, 2011) (Denying defendants' for failure to comply with its perquisite obligations to meet and confer.)

Defense counsel neither provided any notice of this Motion nor allowed Plaintiffs' counsel the opportunity to meaningfully discuss its substance or narrow its issues.

### b. **The Court Should Deny Defendants' Request to Exclude Broad Categories Of Terms And Evidence.**

"[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). Requests to exclude sweeping categories of evidence are disfavored because they prevent a court from "properly exercising its discretion to decide whether the probative value of evidence objected to under Rule 403 outweighs the risk of unfair prejudice without first examining the evidence". *See generally, United*

-4-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

States v. McElmurry, 776 F.3d 1061, 1067 (9th Cir. 2015); *see also*, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed"), *cert. denied*, 423 U.S. 987 (1975); *Bullard v. Wastequip Mfg. Co. LLC,* 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015)(The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion."). Such evidentiary rulings are far better suited for trial in their actual context than decided on prematurely. *See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *see also Engman v. City of Ontario,* 2011 WL 2463178, at *3 (C.D. Cal. June 20, 2011); *see also*, *United States v. Cervantes*, No. 12-CR-00792-YGR, 2016 WL 345600 at *9 (N.D. Cal. Jan. 28, 2016).

Defendants' Motion lacks the requisite specificity that would allow the Court to appropriately rule on its merits at this time. Defendants seek to preclude: (1) "*any mention* of 'Jacky Jasper,' 'Hollywood Street King,' or similar online-persona theories at trial"; (2) "*all evidence and arguments*" about the "Icelandic Domains"; and (3) any references or documents of Defendants' "spoliation", "wiping", "erasure", "destruction", or "deletion" of Plaintiffs' Google Workspace and ESI (*hereinafter referred to as* "Spoliation Evidence"). (Pl. Motion, pp. 6-7)(emphasis added.)

-5-
**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

As discussed below, these references are central to Plaintiffs' theory of liability and defenses, and their admissibility will necessarily depend on the context in which they are proffered. Thus, any requests of a ruling at this stage would be premature and should be denied. *See Matrix Int'l Textile*, 2017 WL 2929377; *Shenon v. New York Life Ins. Co.,* 2020 WL 1317722 (C.D. Cal. Mar. 16, 2020)("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded").

### c. Plaintiffs' Spoliation of Evidence is Central to Their Theory of Liability, and Defendants' Attempted Summary Adjudication By Way of This Motion Should be Denied.

Defendants are attempting to recast critical allegations, that Mr. Angelone deleted, wiped, destroyed, spoiled and erased Hidden Empire's Google Workspace Account, as mere "rhetoric" and "bad character" evidence. However, these allegations are central to Plaintiff's claims. Although titled a motion to "Preclude Reference to Irrelevant and Prejudicial Allegations," Defendant's Motion effectively targets the foundation of Plaintiff's case. *See Madrigal v. Allstate Indem. Co.*, 2015 WL 12746232, at *3 (C.D. Cal. Oct. 29, 2015) (Although styled as a motion to exclude "unsupported and irrelevant" evidence, plaintiff's motion appeared to "fundamentally seek a ruling on substantive matters" and was thus denied). This backdoor attempt at a summary adjudication has been routinely denied by courts.

-6-
**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

NEWELL LAW GROUP
Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Defendants assert that there is "no real basis to suggest to the jury "that Mr. Angelone actually deleted Plaintiffs' Google Workspace." They point to Plaintiffs' purported failure to "preserve documents" and identify other documents in the record that they contend show "critical documents were never actually lost." Motion at 8-9.  However, these grounds for exclusion rest on factual disputes and are improper granting a Motion in Limine. "A court abuses its discretion when it precludes a party from trying a case on a theory consistent with existing evidence, even though the pretrial testimony of the party relating to how the accident occurred is contrary to the theory." *Kelly v. New W. Fed. Sav.,* 49 Cal. App. 4th 659, 672–73 (1996). Moreover, Defendants' arguments speak to the weight – not the admissibility - of the excluded evidence. For example, whether Plaintiffs appropriately distinguished between "workspace deletion" and "specific document deletion" is a question for the jury, and not a basis to exclude an entire category of Spoliation Evidence. Motion at 7-9.

The excluded evidence is highly relevant to Plaintiffs' conversion, Federal Computer Fraud and Abuse Act, and California Computer Data Access and Fraud Act claims. Excluding Plaintiffs' ability to present spoliation evidence (and, in turn, restricting Plaintiffs from offering the necessary evidence for their case) would effectively allow Defendants to preemptively adjudicate claims in their favor. *See generally Fewel v. Fewel* 23 Cal. 2d 431, 433 (1943); *Guardianship of Waite*, 14 Cal. 2d 727, 729 (1939) (denying a party the right to testify or to offer

-7-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

evidence is reversible per se); *Caldwell v. Caldwell* 204 Cal. App. 2d 819, 821

(1962).

Finally, Defendants have failed to establish any undue prejudice that

would warrant exclusion of this evidence under Rule 403. Any perceived concern

of jury and issue confusion can be remedied through cross-examination and

proper jury instructions - not blanket exclusion. *See generally, Laurel v. Muniz,*

No. 14-05118 BLF (PR), 2016 WL 3221831, at *10 (N.D. Cal. June 7,

2016)(quoting *Kessler v. Gray ,* 77 Cal. App. 3d 284, 291 (2nd. Dist. 1978)(citing

Cal. Evid. Code § 352) (holding that where the probative value of the excluded

evidence is substantial, "the greater must be the prejudice to justify exclusion.")

     i. <u>Defendants Fail to Show Any Unfair Prejudice Under Rule</u>
       <u>403.</u>

Defendants offer no evidence of unfair prejudice to justify the exclusion of

the subject evidence. Federal Rule of Evidence 403 applies only where the risk

of unfair prejudice *substantially* outweighs the probative value of the prejudice.

*See, e.g.,* Fed. R. Evid. 403 (emphasis added.)[1] The evidence that Defendants

seek to exclude relates to critical issues in the case and directly supports an

inference relevant to an issue. Slight inconvenience to a party that is inherent in

probative evidence is *not* undue prejudice. *See United States v. Abel,* 469 U.S.

45, 50 (1984)("Relevant evidence is inherently prejudicial; but it is only unfair

-8-
**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

NEWELL LAW GROUP
Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

prejudice, substantially outweighing probative value, which permits exclusion under Rule 403."); *see also*, *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12746232, at *3 (C.D. Cal. Oct. 29, 2015), <u>clarified on denial of reconsideration,</u> No. CV 14-4242 SS, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015) (denying plaintiffs' limine motion because they failed to demonstrate how admitting the evidence the motion sought to exclude would result in unfair prejudice, confusion of the issues, undue delay, or the presentation of cumulative evidence).

Any speculative or conjectural prejudice that could result from the admission of Defendants' wealth and financial status is substantially outweighed by its probative nature.

> ii. <u>The Court's Prior Terminating Sanctions Ruling is Not a Basis to Preclude Plaintiffs' Spoliation Evidence.</u>

Defendants rely on the Court's July 17, 2024, Terminating Sanctions Order ("Ruling") as a basis to exclude Plaintiffs' Spoliation Evidence. *See generally*, Ct. Findings of Fact and Conclusions of Law Denying Terminating Sanctions, Dkt 150), However, the Ruling merely found that Plaintiffs' evidence regarding Mr. Angelone's deletion of Plaintiffs' Workspace failed to meet the heightened "clear and convincing evidence" standard to justify terminating sanctions. *Id.* The Court's findings were not as a matter of law, and the Ruling is not a proper basis to exclude evidence under this Motion.

-9-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

d. **The Remaining Evidence Defendants Seek to Preclude Directly Supports Plaintiff's Claims, and its Probative Value Far Outweighs Any Alleged Prejudice.**

    i. <u>References to "Icelandic Domains," "Jacky Jasper," and "Hollywood Street King" Are Highly Probative of Issues of Agency and Control.</u>

References concerning the "Icelandic Domains" are directly relevant to show Mr. Angelone's continued control of Plaintiffs' domains and other digital assets. Such relevance helps rebut the assertion that he neither owned, controlled, nor transferred such domains. Additionally, Plaintiffs do not intend to reference "Jacky Jasper" or "Hollywood Street King" for alter-ego or online-person theories, but rather to establish theories of control, agency, and motive. Particularly, that Mr. Merrick acted as Mr. Angelone's proxy in acquiring or controlling domains post-expiration, or in engaging in other wrongful conduct such as unauthorized dissemination of Mr. Taylor's Zoom recordings.

    ii. <u>Defendants Have Not Met Their Burden Under Rule 403, with Respect to References to "Icelandic Domains," "Jacky Jasper," and "Hollywood Street King."</u>

Defendants' Motion fails to show that the probative value of the references to "Jacky Jasper," "Hollywood Street King," and "Icelandic Domains" for their intended use is "substantially outweighed" by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or cumulative evidence. *See* Fed. R. Evid. 403. Defendants' only identified concern that such references

-10-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

will "invite the jury to punish Defendants for supposed hacking that has already been rejected as a basis for terminating sanctions." Motion at 6. However, that is legally insufficient, as nothing about the Court's Ruling prohibits a full presentation of these issues for consideration by the jury at trial.

Mere suggestions of potential prejudice do not justify exclusion where evidence is highly probative. *See United States v. Abel,* 469 U.S. 45, 50 (1984) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion under Rule 403."); *see Halbert v. Cnty. Of San Diego*, 2011 WL 13356067, at *6 (S.D. Cal. June 27, 2011) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest the jury to decide an issue on an improper basis.

Defendants' vague assertions fall short of demonstrating unfair prejudice under Rule 403. Therefore, Defendants Motion should be denied.

e. <u>**Evidence of Other Lawsuits Should Be Evaluated Consistently and on a Case-by-Case Basis.**</u>

Defendants expressed an intent to introduce prior lawsuits and judgments involving Plaintiffs. To the extent that any offered evidence of prior lawsuits and judgments implicate the parties and do not constitute bad character evidence, they should be evaluated on a case-by-case basis under Federal Rules of Evidence, Rules 402, 403, and 404(b)(2).

IV. <u>**CONCLUSION**</u>

-11-

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

NEWELL LAW GROUP
Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

1    For the foregoing reasons, Plaintiffs respectfully request that the Court

2

3    deny Defendants' Motion in Limine #2.

4

5

6    Dated:  December 8, 2025                **NEWELL LAW GROUP PC**

7

8                                           /s/ Felton T. Newell

9

10                                          _____

11                                          Attorneys for Plaintiffs
                                            **HIDDEN EMPIRE HOLDINGS, LLC;**
                                            **HYPER ENGINE, LLC; AND DEON**
                                            **TAYLOR; AND THIRD-PARTY**
12                                          **DEFENDANT ROXANNE TAYLOR**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

NEWELL LAW GROUP
Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## <u>DECLARATION OF FELTON T. NEWELL</u>

I, Felton T. Newell, declare as follows:

1.      I am co-Managing Shareholder at Newell Law Group PC, counsel of record for Plaintiffs in this action.  This Declaration is in support of Plaintiffs' Opposition of Defendants' Motion in Limine #2 Regarding References to (1) "Icelandic Domains" (2) "Jacky Jasper" and "Hollywood Street King", (3) Defendants' Spoliation of Plaintiffs' Goggle Workspace and ESI; and (4) Prior Lawsuits and Default Judgement.

2.      The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3.      Defendants filed this Motion on December 1, 2025. Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion.

4.      Attached hereto as Exhibit A is a true and correct copy of the deposition of Darrick Angelone.


I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2025 at Los Angeles, California.


 /s/ Felton T. Newell
Felton T. Newell


-13-
**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

NEWELL LAW GROUP
Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

.

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

1                 UNITED STATES DISTRICT COURT

2            FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4    HIDDEN EMPIRE HOLDINGS, LLC; )
     A DELAWARE LIMITED LIABILITY )
5    COMPANY; HYPER ENGINE, LLC;  )
     A CALIFORNIA LIMITED         )
6    LIABILITY COMPANY; DEON      )
     TAYLOR, AN  INDIVIDUAL,      )
7                                 )
               Plaintiffs,        )
8                                 )
          vs.                     )  Case No.
9                                 ) 2:22-cv-06515-MWF-AGR
     DARRICK ANGELONE, AN         )
10   INDIVIDUAL; AONE CREATIVE    ) VOLUME I
     LLC, FORMERLY KNOWN AS AONEE ) (PAGES 1 - 194)
11   ENTERTAINMENT LLC, A FLORIDA )
     LIMITED LIABILITY COMPANY;   )
12   AND ON CHAIN INNOVATIONS     )
     LLC, A FLORIDA LIMITED       )
13   LIABILITY COMPANY,           )
                                  )
14             Defendants.        )
                                  )

15

16

17

18

19     VIDEOTAPED DEPOSITION OF DARRICK ROBERT ANGELONE

20              LOS ANGELES, CALIFORNIA

21          WEDNESDAY, MARCH 5, 2025; 9:56 A.M.

22

23

24   Reported by:   Izumi Kono
                    CSR 14156
25   Job No.:       312852

                                                              1

Darrick Robert Angelone                                                    March 5, 2025

```
 1                    UNITED STATES DISTRICT COURT

 2              FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4

 5   HIDDEN EMPIRE HOLDINGS, LLC; )
     A DELAWARE LIMITED LIABILITY )
 6   COMPANY; HYPER ENGINE, LLC;  )
     A CALIFORNIA LIMITED         )
 7   LIABILITY COMPANY; DEON      )
     TAYLOR, AN  INDIVIDUAL,      )
 8                                )
                  Plaintiffs,     )
 9                                )
          vs.                     )  Case No.
10                                )  2:22-cv-06515-MWF-AGR
     DARRICK ANGELONE, AN         )
11   INDIVIDUAL; AONE CREATIVE    )  VOLUME I
     LLC, FORMERLY KNOWN AS AONEE )  (PAGES 1 - 194)
12   ENTERTAINMENT LLC, A FLORIDA )
     LIMITED LIABILITY COMPANY;   )
13   AND ON CHAIN INNOVATIONS     )
     LLC, A FLORIDA LIMITED       )
14   LIABILITY COMPANY,           )
                                  )
15                Defendants.     )
                                  )
16

17

18

19

20

21
          VIDEOTAPED DEPOSITION OF DARRICK ROBERT
22        ANGELONE, VOLUME I, taken on behalf of
          the plaintiffs, at 1801 Century Park East,
23        25th Floor, Los Angeles, California 90067,
          beginning at 9:56 a.m. and ending at 4:22
24        p.m., on Wednesday, March 5, 2025, before
          Izumi Kono, Certified Shorthand Reporter
25        No. 14156.
```

2

```
 1     APPEARANCES:

 2

 3     For the Plaintiffs:

 4           NEWELL LAW GROUP PC
             BY:  FELTON T. NEWELL, ESQ.
 5           1801 Century Park East, 24th Floor
             Los Angeles, California 90067
 6           FELTON@NEWELLPC.COM

 7

 8     For the Defendants:

 9           LAW OFFICES OF J.T. FOX, APC
             BY:  J.T. FOX, ESQ.
10           556 South Fair Oaks Avenue, Suite 444
             Pasadena, California 91105
11           JT@JTFOXLAW.COM

12     For the Defendants:

13           KRAMER, DEBOER & KEANE
             BY:  SANDRA CALIN, ESQ.
14           27001 Agoura Road, Suite 350
             Calabasas, California 91301
15           SCALM@KDEKLAW.COM

16     Also Present:

17           JASON PATSALIS, VIDEOGRAPHER

18

19

20

21

22

23

24

25
```

                                                                                    3

Darrick Robert Angelone                                                        March 5, 2025

```
 1                           INDEX

 2    WITNESS                                      PAGE

 3    Darrick Robert Angelone

 4         Examination by Mr. Newell                 7

 5

 6

 7                          EXHIBITS

 8    MARKED              DESCRIPTION              PAGE

 9    Exhibit 1       Judgment                     167

10    Exhibit 2       2022 E-mails                 170

11

12

13

14        QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

15                        PAGE    LINE

16                        (None)

17

18

19

20                     INFORMATION REQUESTED

21                        (None)

22

23

24

25
```

                                                                    4

```
 1        Q     And those are the only W-2 arrangements    10:22:37

 2    you're aware that you've had?                        10:22:42

 3        A     That I can recall sitting here, yes.       10:22:43

 4        Q     Okay.  Can you recall situations in which  10:22:45

 5    you were paid as an independent contractor?          10:22:50

 6        A     Do I recall situations?  I do.             10:22:56

 7        Q     So which entities did you -- do you        10:22:58

 8    provide services as an independent contractor?       10:23:01

 9        A     Some of the entities that I provided       10:23:05

10    services as to that were to Hidden Empire Film       10:23:08

11    Group, LLC.  I also provided it to Hidden Empire     10:23:12

12    Film Group, LP.  I provided services as an           10:23:17

13    independent contractor to Meet the Blacks, LLC, is   10:23:25

14    my recollection of the -- the LLC.  I provided       10:23:30

15    consulting -- sorry -- independent contractor        10:23:38

16    services to the Traffik movie.  I just do not recall 10:23:41

17    if it was a Traffik entity or if it was Hidden       10:23:47

18    Empire Film Group.  I provided independent           10:23:51

19    contractor services for Sean Merrick.  I provided    10:23:57

20    independent contractor services for Hollywood Street 10:24:11

21    King.  I have provided independent contractor        10:24:14

22    services for a law firm in San Bernardino.           10:24:22

23        Q     What's the name of the firm?               10:24:27

24        A     Todd Martinez Law.                         10:24:30

25              AONE provided independent contractor       10:24:45
```

24

| | | |
|---|---|---|
| 1 | THE WITNESS: As AONE Entertainment before | 10:28:57 |
| 2 | we effected a name change in 2020, the clients would | 10:28:59 |
| 3 | have been the same listed as independent contractor | 10:29:06 |
| 4 | services and would have included Meet the Blacks, | 10:29:08 |
| 5 | Hidden Empire, LP -- not Hidden Empire Film Group, | 10:29:14 |
| 6 | LLC, but Hidden Empire Film Group, LP. I provided | 10:29:20 |
| 7 | services for the same, virtually, which became | 10:29:27 |
| 8 | Hidden Empire Holdings, LLC. | 10:29:31 |
| 9 | I don't -- I don't -- I'm not sure. | 10:29:36 |
| 10 | Otherwise, any -- I don't recall anything -- any | 10:29:42 |
| 11 | other specific instances. | 10:29:46 |
| 12 | BY MR. NEWELL: | 10:29:49 |
| 13 | Q    Well, the question is do you recall any | 10:29:49 |
| 14 | other specific clients. | 10:29:50 |
| 15 | A    Right. Instances being clients, I don't. | 10:29:53 |
| 16 | MR. FOX: Just for clarity, meaning all | 10:30:00 |
| 17 | the names that you've already mentioned that your | 10:30:02 |
| 18 | company did work for? | 10:30:05 |
| 19 | I'm a little unclear. Sorry. | 10:30:07 |
| 20 | BY MR. NEWELL: | 10:30:09 |
| 21 | Q    Yeah. Just to clarify -- so you mentioned | 10:30:10 |
| 22 | a series of companies: Hidden Empire Film Group, | 10:30:13 |
| 23 | LLC; Hidden Empire Film Group, LP; Meet the Blacks, | 10:30:19 |
| 24 | LLC; Traffik -- whichever entity was the owner of | 10:30:23 |
| 25 | Traffik, the movie; Sean Merrick. So you mentioned | 10:30:32 |

28

Darrick Robert Angelone                                                            March 5, 2025

```
 1   those clients.                                    10:30:36

 2            Are there any other clients, sitting here  10:30:38

 3   today, that you can recall, that AONE Creative has  10:30:42

 4   had?                                              10:30:45

 5      A    Not beyond those that I've already listed.  10:30:47

 6   They also include the Todd Martinez Law; Hidden   10:30:51

 7   Empire Holdings; Traffik, an entity for the Traffik  10:30:56

 8   film that may have been Hidden Empire Film Group,  10:30:59

 9   LP; Sean Merrick; Hollywood Street King; Meet the  10:31:04

10   Blacks, LLC.  I don't recall anything more than   10:31:10

11   we've discussed thus far.                         10:31:21

12      Q    You mentioned a corporate name change     10:31:23

13   in --                                             10:31:23

14            Was it 2020?                             10:31:26

15      A    Yes.                                      10:31:27

16      Q    What was the change from and to?          10:31:27

17      A    The change -- the name was changed with   10:31:29

18   the Secretary of State in Florida from AONE       10:31:33

19   Entertainment, LLC to AONE Creative, LLC.         10:31:37

20      Q    Why did you make that change?             10:31:41

21      A    As I recall, it was just to bring the     10:31:46

22   branding more in line with what we were doing at  10:31:52

23   that point.                                       10:32:00

24      Q    And when I've asked about clients of AONE  10:32:00

25   Creative -- and you've given us a list of clients --  10:32:06
```

                                                                    29

| | | |
|---|---|---|
| 1 | employment? | 10:40:50 |
| 2 | A    I'm employed by AONE Creative. | 10:40:54 |
| 3 | Q    So you've been employed by AONE Creative | 10:40:57 |
| 4 | since 2022? | 10:41:00 |
| 5 | A    And prior. | 10:41:01 |
| 6 | Q    And prior.  Any other employment during | 10:41:02 |
| 7 | that time -- after 2022? | 10:41:05 |
| 8 | MR. FOX:  Objection.  Relevance. | 10:41:07 |
| 9 | You can answer. | 10:41:08 |
| 10 | THE WITNESS:  W-2 employment, just to | 10:41:09 |
| 11 | specify? | 10:41:12 |
| 12 | BY MR. NEWELL: | 10:41:13 |
| 13 | Q    Yes. | 10:41:14 |
| 14 | A    No. | 10:41:15 |
| 15 | Q    You described earlier clients of AONE | 10:41:18 |
| 16 | Creative. | 10:41:27 |
| 17 | Can you describe the AONE Creative clients | 10:41:27 |
| 18 | since the time when AONE stopped providing services | 10:41:31 |
| 19 | to Hidden Empire in 2022? | 10:41:37 |
| 20 | MR. FOX:  Objection.  Calls for trade | 10:41:39 |
| 21 | secrets. | 10:41:41 |
| 22 | You can answer. | 10:41:41 |
| 23 | THE WITNESS:  As I recall, it would have | 10:41:42 |
| 24 | been Todd Martinez Law is in that timeframe, | 10:41:52 |
| 25 | post-2022.  I don't recall -- I don't recall any | 10:41:55 |

34

```
 1    other clients with the exception of Todd Martinez        10:42:24

 2    Law.                                                     10:42:27

 3    BY MR. NEWELL:                                           10:42:36

 4        Q    Other than AONE Creative, have you had any      10:42:36

 5    other personal sources of income since 2022?             10:42:40

 6            MR. FOX:  Objection.  Privacy.  Objection.        10:42:43

 7    Relevance.                                               10:42:45

 8            You can answer.                                  10:42:45

 9            THE WITNESS:  I manage personally a              10:42:46

10    property owned by my wife and myself in Palm             10:42:52

11    Springs, California.                                     10:42:58

12    BY MR. NEWELL:                                           10:43:04

13        Q    Any other sources of income?                    10:43:05

14            MR. FOX:  Same objection.                        10:43:06

15            You can answer.                                  10:43:07

16            THE WITNESS:  Personal sources of income         10:43:08

17    outside of that and AONE?  Family.                       10:43:12

18    BY MR. NEWELL:                                           10:43:27

19        Q    So family members have given you money?         10:43:28

20        A    I've had -- I've secured loans.                 10:43:30

21        Q    Any other sources of income?                    10:43:41

22            MR. FOX:  Same objection.                        10:43:44

23            THE WITNESS:  Our -- I'm married.  Our           10:43:47

24    household income -- my wife provides to the              10:43:51

25    household.                                               10:43:53
```

35

```
 1   STATE OF CALIFORNIA          )
                                  ) ss:
 2   COUNTY OF VENTURA            )

 3

 4           I, Izumi Kono, do hereby certify:

 5           That I am a duly qualified Certified

 6   Shorthand Reporter, in and for the State of

 7   California, holder of certificate number 14156,

 8   which is in full force and effect and that I am

 9   authorized to administer oaths and affirmations;

10           That the foregoing deposition testimony of

11   the herein named witness was taken before me at the

12   time and place herein set forth;

13           That prior to being examined, the witness

14   named in the foregoing deposition was duly sworn or

15   affirmed by me to testify the truth, the whole

16   truth, and nothing but the truth;

17           That the testimony of the witness and all

18   objections made at the time of the examination were

19   recorded stenographically by me and were thereafter

20   transcribed under my direction and supervision;

21           That the foregoing pages contain a full,

22   true and accurate record of the proceedings and

23   testimony to the best of my skill and ability;

24           I further certify that I am not a relative

25   or employee or attorney or counsel of any of the
```

193

Darrick Robert Angelone                                                    March 5, 2025

```
 1    parties, nor am I a relative or employee of such

 2    attorney or counsel, nor am I financially interested

 3    in the outcome of this action;

 4            That if the foregoing pertains to the

 5    original transcript of a deposition in a federal

 6    case, before completion of the proceedings, review

 7    of the transcript{x} was { } was not required.

 8

 9            IN WITNESS WHEREOF, I have subscribed my

10    name this _____ day of _____,

11    _____.

12

13

14

15

16            _____

17            IZUMI KONO, CSR No. 14156

18

19

20

21

22

23

24

25
```

194