FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants. | **CASE NO.: 2:22-cv-06515-MWF-AGR**<br>(Hon. Michael W. Fitzgerald, Dept. 5A)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS; MOTION IN LIMINE #3 RE REFERENCES TO PLAINTIFFS' USE OR REFERENCE TO THIRD PARTY SUBPOENA RECORDS**<br><br>Complaint Filed: September 12, 2022<br>Trial Date: January 13, 2026 |

-1-
**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

## I. INTRODUCTION

Plaintiffs Hidden Empire Holdings, LLC ("HEFG"), Hyper Engine LLC, and Deon Taylor ("Mr. Taylor") (collectively, "Plaintiffs") submit the following opposition to Defendants Darrick Angelone ("Mr. Angelone"), AONE CREATIVE LLC ("AONE"), and ON CHAIN INNOVATIONS LLC's ("ON CHAIN") (collectively, "Defendants") Motion in Limine No. 3 to preclude Plaintiffs' use, or reference to, third party subpoena records containing digital audit logs, screenshots used by Plaintiffs' expert Erin Burke, IP address attributions, and related communications.

## II. FACTUAL CONTENTIONS

On April 26, 2012, Hidden Empire Film Group LLC, an entity affiliated with HEFG, engaged AONE, an entity owned by Mr. Angelone, to design, develop, and manage HEFG's websites and related media properties. Mr. Angelone helped set up the HEFG Google Workspace account using the hiddenempirefilmgroup.com domain and was engaged by HEFG to be solely responsible for the maintenance of that account. As the creator of the HEFG Google Workspace, Mr. Angelone was the "super administrator" of the HEFG Google Workspace. Mr. Angelone ceased his services with Plaintiffs on or about August of 2022.

Documents produced by third parties show that eight hours after the initial registrations for six of the ten websites, as of August 6, 2022, all six were re-registered to an "anonymous individual" in Revjavik, Iceland. Subpoenaed registration records show that the contact information for those Icelandic domains matches the information used to register another domain owned by Mr. Angelone. Four of the remaining 2021 domains also identify an anonymous person located in Capital City, Iceland (Reykjavik) as the registrant, with no contact information given (the nine domains shall be referred to as "Icelandic Domains.")

Subsequent research confirmed that nine of the Icelandic Domains registrations included the user ID "jackyjasper," a pseudonym of Sean Merrick, an individual whom Angelone has known for 25 years. *See* Ex. A. to Declaration of Felton T. Newell ("Newell Decl.") at 140:7-9.

On October 10, 2022, Ms. Taylor's HEFG Google Workspace Account was deleted. (Burke Decl., ¶ 24). A search conducted into the audit logs for HEFG's Google Workspace account shows an IP address having logged into HEFG's Google Workspace account on or about October 10, 2022, when Ms. Taylor's old HEFG account was disabled. Plaintiffs' expert, Erin Burke discovered the IP addresses originated from Mr. Angelone. According to Ms. Burke, this information shows that Google reinstated Mr. Angelone's administrator privileges, which he used to delete HEFG's Google Workspace account on October 10, 2022. *See* Burke Decl. ¶ 24.

In his deposition, Mr. Angelone explained that "Hollywood Stret King" is a gossip column and entertainment platform created by Sean Merrick, promoting entertainment or Hollywood-related content. *See* Ex. A to Newell Decl. at 142:17-24, 141:1-9.

On X, a video of Deon Taylor on what was supposed to be private zoom videoconference was leaked on "HSK". Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion. *Id.*

### III. ARGUMENT

**A. Defendants Failed to Meet and Confer Prior to Filing This Motion, in Violation of Local Rule 7-3 and This Court's Chamber Rules.**

This Motion should be denied for defense counsel's failure to notify or meet with Plaintiffs' counsel regarding the issues presente herein. This Court's Chamber Rules are clear that "[p]rior to filing a motion, counsel shall comply with the requirement of conference of counsel under L.R. 7-3." (Honorable Michael W. Fitzgerald's Procedures Rules, *Law and Motion Schedule.* Rule 7-3 strictly requires moving parties to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." (C.D. Cal. L.R. 7-3).

Courts routinely deny motions in limine filed without compliance with this rule. *See Johnson v. Nat. Gas Fuel Sys., Inc.,* No. 1:19-CV-00105-SAB, 2024 WL 5047209, at *6 (E.D. Cal. Dec. 9, 2024) (Denying two of Defendant's motions in limine for "failure to comply with the Court's July 3, 2024 amended pretrial order requiring that the parties engage in meaningful, genuine attempts to meet and confer."); *see also*, *Halbert v. Cnty. of San Diego,* No. 07CV1607-L (WVG), 2011 WL 13356067, at *3 (S.D. Cal. June 27, 2011)(Denying defendants' for failure to comply with its perquisite obligations to meet and confer.) This Motion should be no different.

B. **Defendants' Motion Seeks to Exclude Broad and Speculative Categories of Evidence And Should Be Denied.**

Defendants' Motion seeks to preclude Plaintiffs' use of any "evidence . . . testimony . . . or . . . references of" the following categories of evidence: (1) Google Workspace admin audit logs for HEFG's new Workspace; (2) the October 10, 2022 Google Admin console screenshot as it relates to Mr. Angelone's deletion of Plaintiffs' account; (3) Meta/Facebook/Instagram Business Suite logs "or other log exports"; (4) any work product correlating IP addresses to Mr. Angelone, "Jacky Jasper" or any "Icelandic Domains"; and (5) "any" e-mails, text messages, or messaging-app communications whose complete threads were not produced. (Defs' Motion, p. 12.) These references are central to Plaintiffs' deletion theory, and their exclusion effectively denies Plaintiffs a fair hearing.

*See Caldwell v. Caldwell*, 204 Cal. App. 2d 819, 821 (1962) (granting plaintiffs' Motions No. 1 and 11 prevented plaintiffs from establishing their case, an error reversible per se).

When a motion excludes broad and unspecific categories of evidence, the Court should "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F. Supp. 276, 287 (S.D.N.Y. 1996.) As such, this Court should deny this Motion and reserve any evidentiary ruling to the cited references for trial.

### a. Defendants' Misconstrue Federal Rules of Evidence 26(e) and 37 With Regards to Subpoenaed Records.

Defendants' claim that Plaintiffs violated Federal Rules of Evidence 26 and 37 by failing to supplement or produce the allegedly "unproduced" documents fails for several reasons:

i. <u>Rule 26(e )(1)(A) Does Not Apply to Subpoenaed Records</u>.

Rule 26(e)(1)(A) requires a party to "supplement or correct" its disclosure or response to discovery if "the additional information has not otherwise been made known to the other party during the discovery process or in writing." Fed. Rule Civ. Proc. § 26(e )(1)(A). This rule applies to documents in a party's possession/custody, but not to documents which are produced through a subpoena and are equally accessible to both parties. *See Sosa v. Dollar Gen. Corp.*, No. CV

15-1790, 2016 WL 8266425, at *2 (E.D. La. Apr. 11, 2016)(Denying Ms. Sosa's motion to prohibit defendant's use of her subpoenaed employment records, finding that she failed to demonstrate that her records were "uniquely within Defendant's control or otherwise unavailable to her".)

The "unproduced" documents subject to this Motion are third-party subpoenaed documents from Google, X/Twitter/Meta/Facebook, Charter, and Cellebrite. Defendants were served with the subpoena notices and had equal access to the documents. Thus, unless Defendants cite to legal authority pointing otherwise, any purported obligation to disclose these records is unfounded.

      ii.   <u>Defendants Waived Their Right to Compel Documents</u>.

To the extent that Rule 26 applies, Defendants waived any complaint to unproduced documents when they failed to move to compel before the discovery deadline. Defendants had since June 2025 to compel Defendants' production of the documents. Defendants' remedy was a timely motion to compel—not a motion in limine.

Nevertheless, Plaintiffs were not required to produce the subject documents and thus should not be precluded from using them in trial.

    **b.** **<u>Authentication Issues Do Not Justify Categorical Exclusions of Documents.</u>**

The purpose of a motion in limine is to determine whether anticipated evidence is relevant and/or unduly prejudicial for purposes of trial admission. *See*

*generally, Luce v. United States*, 469 US 38, 40 (1984). Defendants improperly conflate this standard with that of authentication, raising issues regarding the source and metadata of the subject documents (such as Ms. Burke's October 10, 2022, Google Admin Console Screenshot log and communications exchanged between Ms. Taylor and Mr. Angelone) as a basis for their preclusion at this stage.

Rule 901 imposes no such requirement, and Defendants cite to no authority supporting otherwise. Fed. R. Evid. 901. Indeed, the legislative history of FRE 901 acknowledges that authentication is a threshold inquiry separate from that of to trial admissibility, and in fact operates at a lower bar: "It should be observed that compliance with requirements of authentication or identification by no means assures admission of an item into evidence, as other bars, hearsay for example, may remain." F.R.E 106 – Committee Notes On Rules (2011). Thus, Defendants' authenticity challenges are erroneous and not a basis for pre-trial exclusion.

    c. <u>Defendants' Objections Around Ms. Burke's Screenshot Go To Credibility, Not Admissibility.</u>

Defendants' concerns regarding Plaintiff's expert Ms. Burke's Screenshot of the Google Admin Console are disguised as evidentiary issues. However, they are, in fact, disagreements with Ms. Burke's conclusions. Issues concerning the weight and credibility of an expert's opinions are reserved for the jury, and not

the trial court. *City of Pomona* v. *SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014)("A district court should not make credibility determinations that are reserved for the jury."); *see also*, *Reaza v. Cnty. of Riverside*, 2022 WL 18396015, at *3 (C.D. Cal. Oct. 26, 2022)(denying defendant's motion to exclude plaintiff's expert testimony, holding that expert's opinions do not lack evidentiary support.) Moreover, "[s]haky but admissible evidence is to be attacked by cross-examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564. Ms. Burke's opinions do not lack evidentiary support. Thus, to the extent they pertain to Ms. Burke's testimony, Defendants' challenges are inappropriate to lodge, and thus this Motion should be DENIED.

d. <u>Defendants Fail to Demonstrate Unfair Prejudice Under Rule 403.</u>

Defendants have failed to identify any specific or compelling unfair prejudice to justify the exclusion of the subject evidence under Rule 403. First, Defendants had equal access to the subpoenaed records and had every opportunity to review and challenge this evidence (and its production) during discovery. Any claims of "unseen" and "unproduced" documents are disingenuous. Second, the documents at issue relate directly to central issues in the case, mainly the Plaintiffs' spoliation case. Slight inconvenience arising from probative evidence does not equate to undue prejudice. *See United States v. Abel*, 469 U.S. 45, 50 (1984)("Relevant evidence is inherently prejudicial; but it is

**PLAINTIFFS' OPP. TO DEFENDANTS' MOTION IN LIMINE NO. 3**

only unfair prejudice, substantially outweighing probative value, which permits exclusion under Rule 403.").

Third, many of the Defendants' raised concerns can be mitigated at trial. For example, Defendants can address concerns of juror confusion by testing the reliability of Ms. Burke's testimony and evidence at her deposition and at trial. Issues of authenticity and completeness may be resolved through Federal Rule of Evidence 106. Fed. R. Evid. 106. Any theoretical prejudice that might arise from Plaintiffs' use of the subject is substantially outweighed by its probative nature.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine #3.

Dated:  December 9, 2025                    **NEWELL LAW GROUP PC**

/s/ Felton T. Newell

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

## DECLARATION OF FELTON T. NEWELL

I, Felton T. Newell, declare as follows:

1. I am co-Managing Shareholder at Newell Law Group PC, counsel of record for Plaintiffs in this action. This Declaration is in support of Plaintiffs' Opposition of Defendants' Motion in Limine #3 (the "Motion").

2. The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3. Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2025 at Los Angeles, California.

                                                    */s/ Felton T. Newell*
                                                    Felton T. Newell

.