FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants. | **CASE NO.: 2:22-cv-06515-MWF-AGR**<br>(Hon. Michael W. Fitzgerald, Dept. 5A)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #4 RE PLAINTIFFS' CLAIMS FOR DAMAGES (DKT. # 215)**<br><br>Complaint Filed: September 12, 2022<br>Trial Date:         January 13, 2026 |

## I. INTRODUCTION

Plaintiffs HIDDEN EMPIRE HOLDINGS, LLC ("HEFG"); HYPER ENGINE, LLC; and DEON TAYLOR ("Mr. Taylor") (collectively, "Plaintiffs") submit the following opposition to Defendants DARRICK ANGELONE ("Mr. Angelone"), AONE CREATIVE LLC ("AONE"), and ON CHAIN INNOVATIONS LLC's ("ON CHAIN") (collectively, "Defendants") Motion in Limine ("Motion") #4 to preclude Plaintiffs from testifying on their damages without a computation or breakdown.

## II. FACTUAL CONTENTIONS

On April 26, 2012, Hidden Empire Film Group LLC, an entity affiliated with HEFG, engaged AONE, an entity owned by Mr. Angelone, to design, develop, and manage HEFG's websites and related media properties. Mr. Angelone helped set up the HEFG Google Workspace account using the hiddenempirefilmgroup.com domain and was engaged by HEFG to be solely responsible for the maintenance of that account. As the creator of the HEFG Google Workspace, Mr. Angelone was the "super administrator" of the HEFG Google Workspace. Angelone ceased his services with Plaintiffs on in August of 2022.

On October 10, 2022, Ms. Taylor's HEFG Google Workspace Account was deleted. A search conducted into the audit logs for HEFG's Google Workspace account will show an IP address having logged onto HEFG's Google

Workspace account on October 10, 2022, when Ms. Taylor's old HEFG account was disabled. Plaintiffs' expert Erin Burke discovered the IP address originated from Mr. Angelone. According to Ms. Burke, this information shows that Google reinstated Mr. Angelone's administrator privileges, which he used to delete HEFG's Google Workspace account on October 10, 2022.

Plaintiffs allege that as a result of the foregoing conduct by Mr. Angelone and AOne, they have incurred costs in excess of "Ten Thousand Dollars ($10,000) for the retention of a forensic consulting firm to investigate the matter. (Id. ¶ 49.) Additionally, Plaintiffs alleged that the costs for the completed investigation exceeded $100,000. (Id.) Plaintiffs have also alleged that they incurred significant attorneys' fees in litigation this matter. (Id.) In her declaration in support of Plaintiffs' Motion for Summary Judgement, Plaintiffs' expert Erin Burke ("Ms. Burke") alleged that "FTI's cybersecurity team spent a total of 114.1 hours conducting its work related to this matter and billed $84,034.35 to Plaintiffs." (Declaration of Erin Burke In Support of Plaintiffs' Motion for Summary Judgement ("Burke Decl."), ¶ 47.)

Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion. (Id.)

### III. ARGUMENT
#### a. Defendants Failed to Meet and Confer Prior to Filing This Motion, in Violation of Local Rule 7-3 and This Court's Chamber Rules.

This Motion should be denied due to defense counsel's failure to meet and confer with Plaintiffs' counsel regarding the issues presented herein. This Court's Chamber Rules provide that "[p]rior to filing a motion, counsel shall comply with the requirement of conference of counsel under L.R. 7-3." Rule 7-3 strictly requires moving parties to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3.

Courts routinely deny motions in limine filed without compliance with this rule. *See Johnson v. Nat. Gas Fuel Sys., Inc.,* No. 1:19-CV-00105-SAB, 2024 WL 5047209, at *6 (E.D. Cal. Dec. 9, 2024) (denying two of Defendant's motions in limine for "failure to comply with the Court's July 3, 2024 amended pretrial order requiring that the parties engage in meaningful, genuine attempts to meet and confer."); *see also*, *Halbert v. Cnty. of San Diego,* No. 07CV1607-L (WVG), 2011 WL 13356067, at *3 (S.D. Cal. June 27, 2011) (denying defendants' for failure to comply with its perquisite obligations to meet and confer.) This Motion should be no different.

### b. **Plaintiffs' Non-Compliance with Rule 26(e )(1) is Substantially Justified.**

Any inability on Plaintiff's part to comply with Rule 26(e )(1) and produce the appropriate documents to compute its damages is substantially justified by the erasure of HEFG's Workspace accounts. Regardless of the cause of this deletion (Plaintiffs' expert will show that it was Mr. Angelone), Plaintiffs no longer possess the critical information to allow parties to calculate with reasonable certainty their damages, a consequence that should be excused under Rule 37. *See* Fed. R. Evid. Rule 37 (c )(1).

As Mr. Taylor will testify, Plaintiffs conducted most of their business operations through these electronic accounts. As a result of the erasure, Plaintiffs lost access to pertinent documents like financial records, contracts, and other project files that would have formed the basis of their damages claim. The records also contained sensitive banking information and financial information regarding film projects worked on by the parties, which were primarily shared via email communications.

Plaintiffs' failure to provide more detailed damages is not willful nor strategic, but merely an unfortunate consequence of the destruction of their evidence. This should constitute sufficient grounds to ameliorate the harshness of Rule 37(c)(1). *See Cook v. San Bernardino Cnty. Sheriff's Deputies*, 2021 WL 6102481, at *3 (C.D. Cal. Sept. 20, 2021). Moreover, a court's decision to

exclude evidence is discretionary, and the court is given "particularly wide latitude ... under Rule 37(c)(1)" regardless of the Rule 37(e )(1) determination. *Id.* at *4. Under these circumstances, the Court should use its discretion and allow Plaintiffs to present their damages claim and any evidence of their accounts deletion as a justification for any determined noncompliance.

### c. Damages Are Not Speculative Simply Because A Party Cannot Provide Computation.

Even if Plaintiffs cannot satisfy Rule 26, it is well acknowledged that certainty as to damages is, in many cases, impossible; as such, damages are not speculative merely because they cannot be calculated with certainty. *Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 379 (1927); *see also*, *Hetzel v. Baltimore & O.R. Co.*, 169 U.S. 26, 37 (1898)( "All that the law requires is that such damages be allowed as, in the judgment of fair men, directly and naturally resulted from the injury for which suit is brought.") Rather, damages can be reasonably inferred from circumstantial evidence. *Eastman Kodak Co.*, 273 U.S. at 379.

This is particularly applicable where, as here, a defendant frustrates the discovery and ascertainment of a damages amount through its wrongful conduct. *Id*. (quoting H*etzel v. Baltimore & Ohio R. R.*, 169 U.S. at 39) ("A defendant whose wrongful conduct has rendered difficult the ascertainment of the precise

damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible.)

Here, Plaintiffs have provided good-faith estimates of their damages despite Defendants' wrongful conduct. (*See generally*, R. Taylor's Decl.; *see* Burke Decl. ¶ 47, *re:* work hours.) This is sufficient to establish proximate loss. *See generally, Hetzel v. Baltimore & O.R. Co.*, 169 U.S. at 37; *see also*, *TriPharma, LLC v. First Fruits Bus. Ministry*, No. SACV12404JVSANX, 2013 WL 12129386, at *5 (C.D. Cal. Apr. 2, 2013) (Evidence of damages is not precluded merely "because they cannot be calculated with absolute exactness.")

Moreover, a District Court for the Central District of California has expressed that a "wrongdoer [should] bear the risk of the uncertainty which his own wrong has created," such that "the greater wrongdoing by a defendant, the more flexibility a plaintiff is afforded in proving damages*" Spin Master, Ltd. v. Zobmondo Ent., LLC*, 944 F. Supp. 2d 830, 842–43 (C.D. Cal. 2012); *see also, Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2nd. Cir. 1985)("where ... the defendant controls the most satisfactory evidence of sales the plaintiff needs only establish a basis for a reasoned conclusion as to the extent of injury caused by the deliberate and wrongful infringement.")  Because Mr. Angelone intentionally deleted Plaintiffs' Workspace. Plaintiffs should not be obligated to meet the higher threshold of proving their damages with specificity.

i. <u>The Court's Prior Terminating Sanctions Ruling is Not a Basis to Preclude Plaintiffs' Spoliation Evidence.</u>

Defendants' continued Reliance on the Court's July 17, 2024, Terminating Sanctions Order ("Ruling") to dispute any proffered evidence of Defendants' deletion of Plaintiffs' digital assets is misleading. (*See generally*, Ct. Findings of Fact and Conclusions of Law Denying Terminating Sanctions, Dkt 150.) That Ruling merely found that Plaintiffs' evidence regarding Mr. Angelone's deletion of Plaintiffs' Workspace failed to meet the heightened "clear and convincing evidence" standard to justify terminating sanctions. (*Id*.) However, As applied here, the Court's findings are not dispositive of whether plaintiffs may argue spoliation as a "substantial justification" under Rules 26 and 37, or to Present evidence of the spoliation to the jury to justify or explain why computations are not available.)

To the extent that Defendants are found liable for tampering with, destroying, erasing, wiping, hindering, or directly or indirectly causing Plaintiffs to lose access to their Google Workspace Account and their financial records, this Court should still allow Plaintiffs to present their damages to the jury. This Court should DENY Defendants' Motion.

d. **Plaintiffs' Individual Testimony is Appropriate Under Federal Rules of Evidence 701 and 602.**

Defendants only cite to Rule 702-703 (dictating expert opinion) as a basis to limit Plaintiffs' lay testimony regarding any "inflammatory" or "uncomputed"

damages. (Defs' Motion, p. 6.) However, Plaintiffs' lay testimony is based on their personal experience from managing their business and recovering from Defendants' misconduct; thus, it is appropriate and admissible. Fed. R. Evid. 602 and 701; *see RG Abrams Ins. v. L. Off. of C.R. Abrams*, 2024 WL 5372397, at *1 (C.D. Cal. Nov. 22, 2024)(citing FRE 701, adv. comm. note, 4 (2000) )( business owners are qualified to testify about their companies' projected profits or losses due to their "particularized knowledge ... by virtue of [their] position in the business."); *Cf. Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*, 2011 WL 6140874, at *11-12 (N.D. Cal. Dec. 8, 2011) (allowing executive's testimony because his predictions were based on his own personal experience running the company.

### e. **Defendants Have Not Shown Unfair Prejudice Under Rule 403.**

Defendants have failed to demonstrate that any purported prejudice arising from Plaintiffs' testimony *substantially* outweighs its probative value, as required by FRE 403. Fed. R. Evid. 403. Mere suggestions that the subject testimony will cause "unfair prejudice" and will evoke the jury's emotions is insufficient to justify exclusion under Rule 403.

General concerns about the emotional impact of testimony like "we lost ten years of everything" on the jury do not necessarily outweigh the probative nature of Plaintiffs' testimony. Plaintiffs' damages theory is supported by multiple testimonies, documentary evidence, and a factual explanation regarding the erasure of their accounts. Thus, the presence of prejudice is expected, but not

compelling enough to warrant exclusion. *See United States v. Abel,* 469 U.S. 45, 50 (1984) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion under Rule 403.")

Additionally, Defendants' claim that they would be unfairly prejudiced by the admission of round-number figures due to their inability to "test or rebut" such numbers is belied by their own admission that "banks and vendors later produced those same categories of documents." (Defs' Motion, p. 4.) This means that Defendants or in possession of the underlying data and have ample time to prepare and understand the contours of their exposure.

Because the probative nature of the testimony this Motion seeks to exclude, and Defendants' failure to articulate and meet the standard under Rule 403, Defendants' Motion on these issues should be denied.



///
///
///

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY Defendants' Motion in Limine #4.

Dated: December 9, 2025              **NEWELL LAW GROUP PC**

/s/ Felton T. Newell

_____
Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663



# DECLARATION OF FELTON T. NEWELL

I, Felton T. Newell, declare as follows:

1. I am the co-managing Shareholder at Newell Law Group PC, counsel of record for Plaintiffs in this action. This Declaration is in support of Plaintiffs' Opposition of Defendants' Motion in Limine #4 Regarding Plaintiffs' Claims For Damages ("Motion").

2. The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3. Defendants filed this Motion on December 1, 2025. Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2025 at Los Angeles, California.

           */s/ Felton T. Newell*
           Felton T. Newell

.