FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>Defendants. | **CASE NO.: 2:22-cv-06515-MWF-AGR**<br>(Hon. Michael W. Fitzgerald, Dept. 5A)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #5 RE TRIAL TESTIMONY OF EXPERT ERIN BURKE (DKT. # 211)**<br><br>Complaint Filed: September 12, 2022<br>Trial Date:        January 13, 2026 |

-1-
PLAINTIFFS' OPPOSITION TO DEFENDANTS'MIL NO. 5

I.   **INTRODUCTION**

The Court should deny Defendants' Motion seeking to limit Plaintiff's expert Erin Burke's trial testimony to her deposition, which has not yet taken place. Defendant's Motion is premature, fails to identify the specific testimony sought to be excluded, and fails to demonstrate undue prejudice justifying such exclusion at this stage, as required by FRE 403.

II.   **FACTS**

Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion. *Id*. Ms. Burke's deposition has been noticed for December 16, 2025 at 1:30 p.m. *Id.*

III.   **ARGUMENT**
    a.   **Defendants Failed to Meet and Confer Prior to Filing This Motion, in Violation of Local Rule 7-3 and This Court's Chamber Rules.**

The Court's Chamber Rules provide that "[p]rior to filing a motion, counsel shall comply with the requirement of conference of counsel under L.R. 7-3." (Honorable Michael W. Fitzgerald's Procedures Rules, *Law and Motion Schedule*. The rule strictly requires moving parties to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." (C.D. Cal. L.R. 7-3). Courts routinely deny motions in limine filed without compliance with this rule. *See Johnson v. Nat. Gas Fuel Sys., Inc.,* No. 1:19-CV-00105-SAB, 2024 WL

5047209, at *6 (E.D. Cal. Dec. 9, 2024) (Denying two of Defendant's motions in limine for "failure to comply with the Court's July 3, 2024 amended pretrial order requiring that the parties engage in meaningful, genuine attempts to meet and confer."); *see also*, *Halbert v. Cnty. of San Diego,* No. 07CV1607-L (WVG), 2011 WL 13356067, at *3 (S.D. Cal. June 27, 2011) (denying defendants' motion to compel for failure to comply with their prerequisite obligations to meet and confer).

Defense counsel neither provided any notice of this Motion nor allowed Plaintiffs the opportunity to meaningfully discuss the substance of this motion or to narrow its issues.

### b. This Motion is Overly Broad And Should Be Denied.

Defendants' Motion fails to identify what specific testimony Defendants expect to exceed the scope of Ms. Burke's deposition and thus should be denied. Requests to exclude sweeping categories of evidence are disfavored because they prevent a court from "properly exercising its discretion to decide whether the probative value of evidence objected to under Rule 403 outweighs the risk of unfair prejudice without first examining the evidence." *See generally, United States v. McElmurry,* 776 F.3d 1061, 1067 (9th Cir. 2015); *see also*, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed"), *cert. denied*, 423 U.S. 987 (1975); *Bullard v. Wastequip Mfg. Co. LLC,* 2015 WL

13757143, at *7 (C.D. Cal. May 4, 2015)(The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion.").

Motions such as that of the Defendants are considered evidentiary rulings and are far better suited at trial. *See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *see also Engman v. City of Ontario,* 2011 WL 2463178, at *3 (C.D. Cal. June 20, 2011); *see also*, *United States v. Cervantes*, No. 12-CR-00792-YGR, 2016 WL 345600, at *9 (N.D. Cal. Jan. 28, 2016).

### c. Defendants' Motion is Speculative and Premature.

Ms. Burke's trial testimony necessarily depends on the context in which it is proffered. Thus, a ruling at this stage would be premature and should be denied. *See Matrix Int'l Textile*, 2017 WL 2929377; *Shenon v. New York Life Ins. Co.,* 2020 WL 1317722 (C.D. Cal. Mar. 16, 2020)("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."

Courts routinely deny requests to prophylactically limit expert trial testimony before examining its probative effects against its prejudicial nature. See *Allen v. Nat'l Life Ins. Co. of Vermont,* 2003 WL 25667609, at *1 (C.D. Cal. Mar. 31, 2003)(Plaintiff's Motion in Limine No 6: To Exclude/Limit Scope of Testimony of Defendant's Rebuttal Experts was "denied as premature"); *see*

*Gray v. United States*, 2007 WL 4644736, at *8 (S.D. Cal. Mar. 12, 2007) (Defendant's Motion in Limine Limiting Plaintiff's Damages Expert to Opinions Cited in Their Report and Deposition was denied as being premature.); *see also*, *O'Neal v. State Farm Fire & Cas. Co.,* 2024 WL 4593001, at *3 (W.D. Wash. Oct. 25, 2024)(motion in limine seeking to limit expert testimony on matters outside of their report was denied for being premature; *See also*, *Acad. of Motion Picture Arts & Scis. v. Godaddy.com, Inc*., 2015 WL 12697750, at *3 (C.D. Cal. Apr. 10, 2015)( Limiting expert's opinions at the motion in limine stage was at best premature, holding that "the Court will not exclude Dr. Abramson's testimony sight unseen."

### d. **Defendants Fail to Show Any Unfair Prejudice Under Federal Rule of Evidence 403.**

Even assuming that Ms. Burke seeks to elaborate upon her prior opinions, Defendants fail to meet their burden under Federal Rule of Evidence 403. Fed. R. Evid. § 403. Only unfair prejudice warrants exclusion under Rule 403, meaning the risk of unfair prejudice *substantially* outweighs its probative value. *See* Id. (emphasis added.). Due to the uncertain and speculative nature of this motion, Defendants have not – and cannot - meet that threshold.

Defendants speculate that they may not be prepared for cross-examination or rebuttal. However, such conjectural fears are not enough to overcome FRE 403. Defendants will have ample opportunity to challenge any allegedly "new

testimony" at cross-examination, objections, and presentation of their own rebuttal expert, and thus any conjectural fears can be mitigated. *See Enovsys LLC v. AT&T Mobility LLC*, 2015 WL 12857466, at *1 (C.D. Cal. June 11, 2015)(Plaintiff's Motion In Limine seeking to exclude expert testimony was denied because plaintiff failed to show that the probative value of Dr. Wecker's opinion is "substantially outweighed" by the danger of unfair prejudice, confusion, misleading the jury, delay, waste of time, or the needless presentation of cumulative evidence.)

e. **Reasonable Elaborations At Trial Are Not Harmful And Are Usually Allowed At the Court's Discretion**.

A district court has discretion in ruling on a motion in limine." *See United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991); *see also*, *Nichia Corp. v. Feit Elec. Co., Inc.,* No. CV 20-359-GW-EX, 2022 WL 4596590, at *2 (C.D. Cal. Apr. 19, 2022). An expert's testimony that merely expands upon the opinions disclosed in their report by providing clarification or context to deposition testimony is harmless. *DePalma v. Rodriguez*, 151 Cal. App. 4th 159, 165 (2007) (quoting *Williams v. Volkswagenwerk Aktiengesellschaft* (1986) 180 Cal.App.3d 1244, 1257 (1986)(Although a party is required to " 'disclose the *substance* of the facts and the opinions to which the expert will testify,' such expansion upon an expert's opinion is not always found prejudicial as to result in a miscarriage of justice warranting a new trial.) Thus, to the extent that Ms. Burke's testimony



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

provides additional explanation to the opinions and theories she discussed in her deposition, the Court should have the freedom to consider it and deem it permissible.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine #5.

Dated:  December 9, 2025         **NEWELL LAW GROUP PC**

/s/ Felton T. Newell

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

# **DECLARATION OF FELTON T. NEWELL**

I, Felton T. Newell, declare as follows:

1. I am a Partner at Newell Law Group PC, counsel of record for Plaintiffs in this action. This Declaration is in support of Plaintiffs' Opposition of Defendants' Motion in Limine #5 to limit the trial testimony of Plaintiffs' expert Erin Burke's ("Ms. Burke") to those opinions testified to in her upcoming deposition, and the relied upon evidence and documents ("Motion").

2. The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3. Defendants filed this Motion on December 1, 2025. Defendants did not meet and confer with Plaintiffs' counsel prior to filing this Motion.

4. Ms. Burke's deposition has been noticed for December 16, 2025 at 1:30 p.m.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2025 at Los Angeles, California.

                                           */s/ Felton T. Newell*
                                           Felton T. Newell

.

# PROOF OF SERVICE
## Hidden Empire Holdings, LLC et al. v. Darrick Angelone et al.
## Case No. 2:22-cv-06515-MWF-AGR

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, CA 90067. My email address is felton@newellpc.com.

I certify that on December 9, 2025, I served the following: **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #5 RE TRIAL TESTIMONY OF EXPERT ERIN BURKE**, on the following parties or counsel of record as follows:

| | |
|---|---|
| J.T. Fox, Esq.<br>Justin Kian, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 S. Fair Oaks Avenue, Suite 444<br>Pasadena, California 91105<br>Telephone: (888) 750-5530<br>Email: jt@jtfoxlaw.com;<br>justin@jtfoxlaw.com | Counsel for Defendants |
| Jeffrey S. Kramer, Esq.<br>Sandra Calin, Esq.<br>Ronald VanDeusen, Esq.<br>Kramer, Deboer & Keane<br>27001 Agoura Road, Suite 350<br>Calabasas, California 91301<br>Email: jkramer@kdeklaw.com;<br>scalm@kdeklaw.com;<br>rvandeusen@kdeklaw.com | Counsel for Defendants |

X   **BY ELECTRONIC TRANSMISSION ONLY** by emailing the documents to the persons at the email addresses above. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

I certify under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed at Los Angeles, California on December 9, 2025.

                                               */s/Felton T. Newell*
                                               FELTON T. NEWELL



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663