FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC;**
**HYPER ENGINE, LLC; AND DEON**
**TAYLOR; AND THIRD-PARTY**
**DEFENDANT ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | **CASE NO.: 2:22-cv-06515-MWF-AGR** (Hon. Michael W. Fitzgerald, Dept. 5A) |
| Plaintiffs, | **JOINT PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, | Complaint Filed: September 12, 2022 Trial Date:       January 13, 2026 |
| Defendants. | |

**JOINT PROPOSED JURY INSTRUCTIONS**

**TO THE HONORABLE COURT:**

Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine LLC and Deon Taylor and Third-Party Defendant Roxanne Taylor and Defendants Darrick Angelone, AOne Creative LLC and On Chain Innovations LLC hereby submit the following proposed jury instructions for trial in this matter.

| Preliminary Admonitions (CACI 100) | Authorities<br>• CACI 100 | | | | |
|---|---|---|---|---|---|
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

### 100. Preliminary Admonitions

You have now been sworn as jurors in this case. I want to impress on you the seriousness and importance of serving on a jury. Trial by jury is a fundamental right in California. The parties have a right to a jury that is selected fairly, that comes to the case without bias, and that will attempt to reach a verdict based on the evidence presented. Before we begin, I need to explain how you must conduct yourselves during the trial.

Do not allow anything that happens outside this courtroom to affect your decision. During the trial do not talk about this case or the people involved in it with anyone, including family and persons living in your household, friends and co-workers, spiritual leaders, advisors, or therapists. You may say you are on a jury and how long the trial may take, but that is all. You must not even talk about the case with the other jurors until after I tell you that it is time for you to decide the case.

This prohibition is not limited to face-to-face conversations. It also extends to all forms of electronic communications. Do not use any electronic device or media, such as a cell phone or smart phone, PDA, computer, the Internet, any Internet service, any text or instant-messaging service, any Internet chat room, blog, or website, including social networking websites or online diaries, to send or receive any information to or from anyone about this case or your experience as a juror until after you have been discharged from your jury duty.

During the trial you must not listen to anyone else talk about the case or the people involved in the case. You must avoid any contact with the parties, the lawyers, the witnesses, and anyone else who may have a connection to the case. If anyone tries to talk to you about this

case, tell that person that you cannot discuss it because you are a juror. If he or she keeps talking to you, simply walk away and report the incident to the court attendant/bailiff as soon as you can.

After the trial is over and I have released you from jury duty, you may discuss the case with anyone, but you are not required to do so.

During the trial, do not read, listen to, or watch any news reports about this case. I have no information that there will be news reports concerning this case. This prohibition extends to the use of the Internet in any way, including reading any blog about the case or about anyone involved with it. If you receive any information about this case from any source outside of the courtroom, promptly report it to the court attendant/bailiff. It is important that all jurors see and hear the same evidence at the same time.

Do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case or use any Internet maps or mapping programs or any other program or device to search for or to view any place discussed in the testimony. If you happen to pass by the scene, do not stop or investigate. If you do need to view the scene during the trial, you will be taken there as a group under proper supervision.

If you violate any of these prohibitions on communications and research, including prohibitions on electronic communications and research, you may be held in contempt of court or face other sanctions. That means that you may have to serve time in jail, pay a fine, or face other punishment for that violation.

It is important that you keep an open mind throughout this trial. Evidence can only be presented a piece at a time. Do not form or express an opinion about this case while the trial is going on. You must not decide on a verdict until after you have heard all the evidence and have discussed it thoroughly with your fellow jurors in your deliberations.

Do not concern yourselves with the reasons for the rulings I will make during the trial. Do not guess what I may think your verdict should be from anything I might say or do.

When you begin your deliberations, you may discuss the case only in the jury room and only when all the jurors are present.

You must decide what the facts are in this case. Do not let bias, sympathy, prejudice, or public opinion influence your verdict.

At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you, even if you do not agree with the law.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Overview of Trial (CACI 101) | | Authorities | | |
|---|---|---|---|---|
| | | • CACI 101 | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |
| **Given as Requested** | | **Given as Modified** | | |
| **Refused** | | | | |
| **Withdrawn** | | | _____ Judge | |

### 101. Overview of Trial

**To assist you in your tasks as jurors, I will now explain how the trial will proceed.  I will begin by identifying the parties to the case. HIDDEN EMPIRE HOLDINGS LLC, HYPER ENGINE LLC and DEON TAYLOR filed this lawsuit.  They are called the Plaintiffs. Plaintiffs seeks damages from DARRICK ANGELONE, AONE CREATIVE LLC and ON CHAIN INNOVATIONS LLC, who are called the defendants.**

**In addition, DARRICK ANGELONE has claims against DEON TAYLOR and ROXANNE TAYLOR.**

**First, each side may make an opening statement, but neither side is required to do so. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. Also, because it is often difficult to give you the evidence in the order we would prefer, the opening statement allows you to keep an overview of the case in mind during the presentation of the evidence.**

**Next, the jury will hear the evidence. Plaintiff will present evidence first. When Plaintiff is finished, Defendant will have an opportunity to present evidence.**

**Each witness will first be questioned by the side that asked the witness to testify. This is called direct examination. Then the other side is permitted to question the witness. This is called cross-examination.**

**Documents or objects referred to during the trial are called exhibits. Exhibits are given a number so that they may be clearly identified. Exhibits are not evidence until I admit them into evidence. During your deliberations, you will be able to look at all exhibits admitted into evidence.**

**There are many rules that govern whether something will be admitted into evidence. As one side presents evidence, the other side has the right to object and to ask me to decide if the evidence is permitted by the rules. Usually, I will decide immediately, but sometimes I may have to hear arguments outside of your presence.**

**After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. What the parties say in closing argument is not evidence. The arguments are offered to help you understand the evidence and how the law applies to it.**

4

### JOINT PROPOSED JURY INSTRUCTIONS

| Taking Notes During the Trial (CACI 102) | | Authorities | | | | |
|---|---|---|---|---|---|---|
| | | • CACI 102 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | | |
| **Given as Requested** | | **Given as Modified** | | | | |
| **Refused** | | | | | | |
| **Withdrawn** | | | | Judge | | |

## 102. Taking Notes During the Trial

**You have been given notebooks and may take notes during the trial. Do not take the notebooks out of the courtroom or jury room at any time during the trial. You may take your notes into the jury room during deliberations.**

**You should use your notes only to remind yourself of what happened during the trial. Do not let your note-taking interfere with your ability to listen carefully to all the testimony and to watch the witnesses as they testify. Nor should you allow your impression of a witness or other evidence to be influenced by whether or not other jurors are taking notes. Your independent recollection of the evidence should govern your verdict, and you should not allow yourself to be influenced by the notes of other jurors if those notes differ from what you remember.**

**The court reporter is making a record of everything that is said. If during deliberations you have a question about what the witness said, you should ask that the court reporter's records be read to you. You must accept the court reporter's record as accurate.**
**At the end of the trial, your notes will be collected and destroyed.**

**JOINT PROPOSED JURY INSTRUCTIONS**

**103  MULTIPLE PARTIES**

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

There are Plaintiffs and Counter-Claimants in this trial.  You should decide the case of each Plaintiff and Counter Claimant separately as if it were a separate lawsuit. Each side is entitled to separate consideration of that party's own claims.

Different aspects of this case involve different parties.  Each instruction will identify the parties to whom it applies.  Pay particular attention to the parties named in each instruction.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Nonperson Party (CACI 104) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 104 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

### 104. Non-Person Party

**Four corporations, Hidden Empire Holdings, LLC, Hyper Engine, LLC, On Chain Innovations LLC and AOne Entertainment LLC parties in this lawsuit. They are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.**

**When I use words like "person" or "he" or "they" in these instructions to refer to a party, those instructions also apply to the corporate parties.**

**JOINT PROPOSED JURY INSTRUCTIONS**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 105  INSURANCE

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____

Judge

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.

| Evidence (CACI 106) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 106 | | | | |
| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____

Judge

**JOINT PROPOSED JURY INSTRUCTIONS**

## 106. Evidence

You must decide what the facts are in this case only from the evidence you see or hear during the trial. Sworn testimony, documents, or anything else may be admitted into evidence. You may not consider as evidence anything that you see or hear when court is not in session, even something done or said by one of the parties, attorneys, or witnesses.

What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys will talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.

The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggests that it is true.
However, the attorneys for both sides can agree that certain facts are true. This agreement is called a "stipulation." No other proof is needed, and you must accept those facts as true in this trial.

Each side has the right to object to evidence offered by the other side. If I do not agree with the objection, I will say it is overruled. If I overrule an objection, the witness will answer, and you may consider the evidence. If I agree with the objection, I will say it is sustained. If I sustain an objection, you must ignore the question. If the witness did not answer, you must not guess what he or she might have said or why I sustained the objection. If the witness has already answered, you must ignore the answer.

An attorney may make a motion to strike testimony that you have heard. If I grant the motion, you must totally disregard that testimony. You must treat it as though it did not exist.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Witnesses (CACI 107) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 107 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

## 107. Witnesses

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

   (a)  How well did the witness see, hear, or otherwise sense what he or they described in court?

   (b)  How well did the witness remember and describe what happened?

   (c)  How did the witness look, act, and speak while testifying?

   (d)  Did the witness have any reason to say something that was not true? For example, did the witness show any bias or prejudice or have a personal relationship with any of the parties involved in the case or have a personal stake in how this case is decided?

   (e)  What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or they said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

 Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Instruction to Alternate Jurors (CACI 111) | Authorities |||||
|---|---|---|---|---|---|
| | • CACI 111 |||||
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge |||

### 111. Instruction to Alternate Jurors

**As alternate jurors, you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel.  You will observe the same trial and should pay attention to all of my instructions just as if you were sitting on the panel. Sometimes a juror needs to be excused during a trial for illness or some other reason. If that happens, an alternate will be selected to take that juror's place.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 112) | | Authorities | | | | |
|---|---|---|---|---|---|---|
| | | • CACI 112 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | | |
| **Given as Requested** | | **Given as Modified** | | | | |
| **Refused** | | | | | | |
| **Withdrawn** | | | | Judge | | |

### 112. Questions From Jurors

**If, during the trial, you have a question that you believe should be asked of a witness, you may write out the question and send it to me through my courtroom staff. I will share your question with the attorneys and decide whether it may be asked.**

**Do not feel disappointed if your question is not asked. Your question may not be asked for a variety of reasons. For example, the question may call for an answer that is not allowed for legal reasons. Also, you should not try to guess the reason why a question is not asked or speculate about what the answer might have been. Because the decision whether to allow the question is mine alone, do not hold it against any of the attorneys or their clients if your question is not asked.**

**Remember that you are not an advocate for one side or the other. Each of you is an impartial judge of the facts. Your questions should be posed in as neutral a fashion as possible. Do not discuss any question asked by any juror with any other juror until after deliberations begin.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Bias (CACI 113) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 113 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 113. Bias

**Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.**

**Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.**

**As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status or corporate status.**

**Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Bench Conferences and Conferences in Chambers (CACI 114) | | Authorities |
|---|---|---|
| | | • CACI 114 |

| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
|---|---|---|---|---|---|
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

### 114. Bench Conferences and Conferences in Chambers

**From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess to discuss matters outside of your presence. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence. Do not be concerned about our discussions or try to guess what is being said.**

**I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of my view of the evidence.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Why Electronic Communications and Research are Prohibited (CACI 116) | Authorities |||||||
|---|---|---|---|---|---|---|---|
| | • CACI 116 |||||||
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |||
| **Given as Requested** | | **Given as Modified** | | | |||
| **Refused** | | | | | |||
| **Withdrawn** | | | | Judge ||||

### 116. Why Electronic Communications and Research are Prohibited

I know many of us are used to communicating and perhaps even learning by electronic communications and research. However, there are good reasons why you must not electronically communicate or do any research on anything having to do with this trial or the parties.

In court, jurors must make important decisions that have consequences for the parties. Those decisions must be based only on the evidence that you hear in this courtroom.

The evidence that is presented in court can be tested; it can be shown to be right or wrong by either side; it can be questioned; and it can be contradicted by other evidence. What you might read or hear on your own could easily be wrong, out of date, or inapplicable to this case.

The parties can receive a fair trial only if the facts and information on which you base your decisions are presented to you as a group, with each juror having the same opportunity to see, hear, and evaluate the evidence.

Also, a trial is a public process that depends on disclosure in the courtroom of facts and evidence. Using information gathered in secret by one or more jurors undermines the public process and violates the rights of the parties.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Obligation to Prove—More Likely True Than Not True (CACI 200) | Authorities |  |  |  |
| --- | --- | --- | --- | --- |
|  | • CACI 200 [modified] |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |
| **Given as Requested** |  | **Given as Modified** |  |  |
| **Refused** |  |  |  |  |
| **Withdrawn** |  |  | Judge |  |

## 200. Obligation to Prove—More Likely True Than Not True

A party must persuade you, by the evidence presented in court, that what they are required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Obligation to Prove—Clear and Convincing Evidence (CACI 201) | Authorities | | | | |
|---|---|---|---|---|---|
| | • | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 201. Obligation to Prove—Clear and Convincing Evidence

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

18

**JOINT PROPOSED JURY INSTRUCTIONS**

| Direct and Indirect Evidence (CACI 202) | Authorities | | | |
|---|---|---|---|---|
| | • | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |
| **Given as Requested** | | **Given as Modified** | | |
| **Refused** | | | | |
| **Withdrawn** | | | Judge | |

## 202. Direct and Indirect Evidence

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Direct evidence can prove a fact by itself. For example, if a witness testifies she saw a jet plane flying across the sky, that testimony is direct evidence that a plane flew across the sky. Some evidence proves a fact indirectly. For example, a witness testifies that he saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence." In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Party Having Power to Produce Better Evidence (CACI 203) | Authorities |||||
|---|---|---|---|---|---|
| | • CACI 203 |||||
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 203. Party Having Power to Produce Better Evidence

**You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Willful Suppression of Evidence (CACI 204) | Authorities |
|---|---|
| | • CACI 204 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

## 204. Obligation to Prove—More Likely True Than Not True

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

| Failure to Explain or Deny Evidence (CACI 205) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
|  | • CACI 205 |  |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |
| **Given as Requested** |  | **Given as Modified** |  |  |  |
| **Refused** |  |  |  |  |  |
| **Withdrawn** |  | Judge |  |  |  |

## 205. Failure to Explain or Deny Evidence

If a party failed to explain or deny evidence against him/it when he/it could reasonably be expected to have done so based on what he/it knew, you may consider his/its failure to explain or deny in evaluating that evidence. It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 206) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 206 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

## 206. Evidence Admitted for Limited Purpose

**If, during the trial, I explained to you that certain evidence was admitted for a limited purpose. You may consider that evidence only for the limited purpose that I described, and not for any other purpose.**

**JOINT PROPOSED JURY INSTRUCTIONS**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 207  EVIDENCE APPLICABLE TO ONE PARTY

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

During the trial, I explained that certain evidence could be considered as to one or more parties but not to every party.  You may not consider that evidence as to any other party.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 208  DEPOSITION AS SUBSTANTIVE EVIDENCE

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

During the trial, you received deposition testimony that was read from the deposition.  A deposition is the testimony of a person taken before trial.  At a deposition the person is sworn to tell the truth and is questioned by the attorneys.  You must consider the deposition testimony that was presented to you in the same way as you consider testimony given in court.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 209  USE OF INTERROGATORIES OF A PARTY

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
                                                    Judge

Before trial, each party has the right to ask the other parties to answer written questions.  These questions are called interrogatories.  The answers are also in writing and are given under oath.  You must consider the questions and answers that were read to you the same as if the questions and answers had been given in court.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 210  REQUESTS FOR ADMISSION

| Requested by Plaintiff | | Requested by Defendant | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____

Judge

Before trial, each party has the right to ask another party to admit in writing that certain matters are true.  If the other party admits those matters, you must accept them as true.  No further evidence is required to prove them.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 212  STATEMENTS OF A PARTY OPPONENT

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.  When you evaluate evidence of such a statement, you must consider these questions:

1.     Do you believe that the party actually made the statement?  If you do not believe that the party made the statement, you may not consider the statement at all.

2.     If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 213  ADOPTIVE ADMISSIONS

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | _____ Judge | | | |

You have heard evidence that _____ made the following statement:
_____
_____
_____
_____.
You may consider that statement as evidence against _____ only if you
find that all of the following conditions are true:

1. The statement was made to _____ or made in _____ 's presence;
2. _____ heard and understood the statement;
3. _____ would, under all the circumstances, naturally have denied the statement if [he/ she/ *nonbinary pronoun*] thought it was not true;
4. _____ could have denied it but did not.

If you decide that any of these conditions are not true, you must not consider for any purpose either the statement or _____ 's response.
You must not consider this evidence against any other party.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 215  EXERCISE OF A COMMUNICATION PRIVILEGE

| Requested by Plaintiff | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____

Judge

The parties to this court matter have an absolute right not to disclose what they told their attorneys in confidence because the law considers this information privileged.  Do not consider, for any reason at all, the fact that a party to this court matter did not disclose what they told their attorney. Do not discuss that fact during your deliberations or let it influence your decision in any way.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 219) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 219 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 219. Expert Witness Testimony

**During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if they have not witnessed any of the events involved in the trial.**

**You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:**

**a.  The expert's training and experience;**

**b.  The facts the expert relied on; and**

**c.  The reasons for the expert's opinion.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 220) | Authorities |||||
|---|---|---|---|---|---|
| | • CACI 220 |||||
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

### 220. Experts—Questions Containing Assumed Facts

**The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."**

**In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 221) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 221 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 221. Conflicting Expert Testimony

**If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 223) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 223 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 223. Opinion Testimony of Lay Witness

**A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.**

**Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Breach of Contract-Introduction (CACI 300) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
|  | • CACI 300 |  |  |  |  |

| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |
|---|---|---|---|---|---|
| **Given as Requested** |  | **Given as Modified** |  |  |  |
| **Refused** |  |  |  |  |  |
| **Withdrawn** |  |  | Judge |  |  |

### 300. Breach of Contract—Introduction

**Hidden Empire Holdings, LLC claims that it and AOne Creative LLC entered into a contract for AOne Creative LLC to provide certain services. Hidden Empire Holdings, LLC claims that AOne Creative LLC breached this contract restricting Hidden Empire Holdings, LLC's access to its Google Workspace Account.  Hidden Empire Holdings, LLC also claims that AOne Creative LLC's breach of this contract caused harm to Hidden Empire Holdings, LLC for which AOne Creative LLC should pay.  AOne Creative LLC denies _____. AOne Creative LLC  also claims [insert affirmative defense].**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 300  BREACH OF CONTRACT INTRODUCTION

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

**Counterclaimant Darrick Angelone** claims that he and **Counterclaim-Defendant Deon Taylor** and **Third-Party Defendant Roxanne Taylor** entered into an oral operating agreement to form and operate Hyper Engine, LLC as equal members. Under this agreement, Mr. Angelone was to provide digital marketing, web development, and related creative services for the benefit of Hyper Engine and the Taylors, and all three were to share equally in the company's ownership, management, and profits.

**Counterclaimant Darrick Angelone** claims that **Deon Taylor and Roxanne Taylor** breached this agreement by failing to treat him as an equal member of Hyper Engine, excluding him from the company's management and profits, and taking ownership and control over proprietary information and intellectual property that he developed for the business.

**Counterclaimant Darrick Angelone** also claims that these breaches caused him harm for which **Deon Taylor and Roxanne Taylor** should pay.

**Counterclaim-Defendant Deon Taylor** and **Third-Party Defendant Roxanne Taylor** deny [*insert denial of any of the above claims*]. **Counterclaim-Defendant Deon Taylor** and **Third-Party Defendant Roxanne Taylor** also claim [*insert affirmative defense*].

**JOINT PROPOSED JURY INSTRUCTIONS**

| Breach of Contract—Introduction (CACI 300) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
|  | • CACI 300 |  |  |  |  |

| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |
|---|---|---|---|---|---|
| **Given as Requested** |  | **Given as Modified** |  |  |  |
| **Refused** |  |  |  |  |  |
| **Withdrawn** |  |  |  | Judge |  |

### 300. Breach of Contract—Introduction

**Darrick Angelone claims that he and Deon Taylor entered into a contract for _____. Mr. Angelone claims that AOne Creative LLC breached this contract by [briefly state the alleged breach]. [Name of plaintiff] also claims that [name of defendant]'s breach of this contract caused harm to [name of plaintiff] for which [name of defendant] should pay. [Name of defendant] denies [insert denial of any of the above claims]. [Name of defendant] also claims [insert affirmative defense].**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 302  CONTRACT FORMATION – ESSENTIAL FACTUAL ELEMENTS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone claims that the parties entered into a contract. To prove that a contract was created, Counterclaimant Darrick Angelone must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;
2. That the parties agreed to give each other something of value [a promise to do something or not to do something may have value]; and
3. That the parties agreed to the terms of the contract.

[When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.]

If Counterclaimant Darrick Angelone did not prove all of the above, then a contract was not created.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Breach of Contract—Essential Factual Elements (CACI 303) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
|  | • CACI 303 |  |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |
| **Given as Requested** |  | **Given as Modified** |  |  |  |
| **Refused** |  |  |  |  |  |
| **Withdrawn** |  |  | Judge |  |  |

### 303. Breach of Contract—Essential Factual Elements

**To recover damages from AOne Creative LLC for breach of contract, Hidden Empire Holdings, LLC must prove all of the following:**

**1. That Hidden Empire Holdings, LLC and AOne Creative, LLC entered into a contract;**

**2. That Hidden Empire Holdings, LLC did all, or substantially all, of the significant things that the contract required it to do.**

**3. That Darrick Angelone did something that the contract prohibited him from doing.**

**4. That Hidden Empire Holdings, LLC was harmed; and**

**6. That AOne Creative LLC's breach of contract was a substantial factor in causing Hidden Empire Holdings, LLC's harm.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Breach of Contract—Essential Factual Elements (CACI 303) | Authorities |
|---|---|
| | • CACI 303 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

## 303. Breach of Contract—Essential Factual Elements

To recover damages from [name of defendant] for breach of contract, [name of plaintiff] must prove all of the following:

1. That [name of plaintiff] and [name of defendant] entered into a contract;

[2. That [name of plaintiff] did all, or substantially all, of the significant things that the contract required [him/her/nonbinary pronoun/it] to do;] [2.

[or]

[2. That [name of plaintiff] was excused from having to [specify things that plaintiff did not do, e.g., obtain a guarantor on the contract];]

[3. That [specify occurrence of all conditions required by the contract for [name of defendant]'s performance, e.g., the property was rezoned for residential use];] [3.

[or]

[3. That [specify condition(s) that did not occur] [was/were] [waived/ excused];] [4. That [name of defendant] failed to do something that the contract required [him/her/nonbinary pronoun/it] to do;]

[4.

[or]

[4. That [name of defendant] did something that the contract prohibited [him/her/nonbinary pronoun/it] from doing;]

**JOINT PROPOSED JURY INSTRUCTIONS**

5. That [name of plaintiff] was harmed; and

6. That [name of defendant]'s breach of contract was a substantial factor in causing [name of plaintiff]'s harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 303  BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

To recover damages from **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** for breach of contract, **Counterclaimant Darrick Angelone** must prove all of the following:

1. That **Counterclaimant Darrick Angelone**, **Counterclaim-Defendant Deon Taylor**, and **Third-Party Defendant Roxanne Taylor** entered into a contract;

2. That **Counterclaimant Darrick Angelone** did all, or substantially all, of the significant things that the contract required him to do,

   **[or]**

   That **Counterclaimant Darrick Angelone** was excused from having to do the things that he did not do;

3. That all conditions required by the contract for **Counterclaim-Defendant Deon Taylor's and Third-Party Defendant Roxanne Taylor's** performance occurred;

**JOINT PROPOSED JURY INSTRUCTIONS**

**[or]**

That any conditions that did not occur were waived or excused;

4. That **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** failed to do something that the contract required them to do;

5. That **Counterclaimant Darrick Angelone** was harmed; and

6. That the breach of contract by **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** was a substantial factor in causing **Counterclaimant Darrick Angelone**'s harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Oral or Written Contract Terms CACI 304) | Authorities |
|---|---|
| | • CACI 304 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | Judge | | |

### 304. Oral or Written Contract Terms

**Contracts may be written or oral.**
**Contracts may be partly written and partly oral.**
**Oral contracts are just as valid as written contracts.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Implied-in-Fact Contract (CACI 305) | Authorities |
|---|---|
| | • CACI 305 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

### 305. Implied-in-Fact Contract

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 306.  UNFORMALIZED AGREEMENT

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

**Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** contend that the parties did not enter into a contract because they had not signed a final written agreement. To prove that a contract was created, **Counterclaimant Darrick Angelone** must prove both of the following:

1. That the parties understood and agreed to the terms of the agreement; and
2. That the parties agreed to be bound before a written agreement was completed and signed.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 307.  CONTRACT FORMATION

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Both an offer and an acceptance are required to create a contract. Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor contend that a contract was not created because there was never any offer. To overcome this contention, Counterclaimant Darrick Angelone must prove all of the following:

1.      That Counterclaimant Darrick Angelone communicated to Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor that he was willing to enter into a contract with them;

2.      That the communication contained specific terms; and

3.      That, based on the communication, Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor could have reasonably concluded that a contract with these terms would result if they accepted the offer.

If Counterclaimant Darrick Angelone did not prove all of the above, then a contract was not created.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 308. CONTRACT FORMATION – REVOCATION OF OFFER

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Both an offer and an acceptance are required to create a contract. Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor contend that the offer was withdrawn before it was accepted. To overcome this contention, Counterclaimant Darrick Angelone must prove one of the following:

1. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor did not withdraw the offer; or

2. That Counterclaimant Darrick Angelone accepted the offer before Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor withdrew it; or

3. That the withdrawal of the offer was never communicated to Counterclaimant Darrick Angelone.

If Counterclaimant Darrick Angelone did not prove any of the above, then a contract was not created.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 309.  CONTRACT FORMATION – ACCEPTANCE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Both an offer and an acceptance are required to create a contract. Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor contend that a contract was not created because the offer was never accepted. To overcome this contention, Counterclaimant Darrick Angelone must prove both of the following:

1. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor agreed to be bound by the terms of the offer. [If Counterclaim-Defendant Deon Taylor and/or Third-Party Defendant Roxanne Taylor agreed to be bound only on certain conditions, or if they introduced a new term into the bargain, then there was no acceptance]; and

2. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor communicated their agreement to Counterclaimant Darrick Angelone.

If Counterclaimant Darrick Angelone did not prove both of the above, then a contract was not created.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 310.  CONTRACT FORMATION – ACCEPTANCE BY SILENCE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Ordinarily, if a person does not say or do anything in response to another party's offer, then the person has not accepted the offer. However, if Counterclaimant Darrick Angelone proves that both he and Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor understood silence or inaction to mean that they had accepted his offer, then there was an acceptance.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 311.  CONTRACT FORMATION – REJECTION OF OFFER

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor contend that the offer to enter into a contract terminated because Counterclaimant Darrick Angelone rejected it. To overcome this contention, Counterclaimant Darrick Angelone must prove both of the following:

1. That Counterclaimant Darrick Angelone did not reject Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's offer; and

2. That Counterclaimant Darrick Angelone did not make any additions or changes to the terms of Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's offer.

If Counterclaimant Darrick Angelone did not prove both of the above, then a contract was not created.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 312.  SUBSTANTIAL PERFORMANCE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor contend that Counterclaimant Darrick Angelone did not perform all of the things he was required to do under the contract, and therefore they did not have to perform their obligations under the contract. To overcome this contention, Counterclaimant Darrick Angelone must prove both of the following:

1. That Counterclaimant Darrick Angelone made a good faith effort to comply with the contract; and

2. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor received essentially what the contract called for because any failures by Counterclaimant Darrick Angelone, if any, were so trivial or unimportant that they could have been easily fixed or paid for.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 313.  MODIFICATION

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

**Counterclaimant Darrick Angelone** claims that the original contract was modified or changed. **Counterclaimant Darrick Angelone** must prove that the parties agreed to the modification. **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** deny that the contract was modified.

The parties to a contract may agree to modify its terms. You must decide whether a reasonable person would conclude from the words and conduct of the parties that they agreed to modify the contract. You cannot consider the parties' hidden intentions.

An oral contract may be modified by consent of the parties, in writing, without an agreement to give each other something of value.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 315.  INTERPRETATION – MEANING OF ORDINARY WORDS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
                                    Judge

You should assume that the parties intended the words in their contract to have their usual and
ordinary meaning unless you decide that the parties intended the words to have a special
meaning.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 316.  INTERPRETATION – MEANING OF TECHNICAL WORDS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

You should assume that the parties intended technical words used in the contract to have the
meaning that is usually given to them by people who work in that technical field, unless you
decide that the parties clearly used the words in a different sense.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 317.  INTERPRETATION – CONSTRUCTION OF CONTRACT AS A WHOLE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

In deciding what the words of a contract meant to the parties, you should consider the whole
contract, not just isolated parts. You should use each part to help you interpret the others, so that
all the parts make sense when taken together.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Interpretation—Construction by Conduct (CACI 318) | Authorities |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | • CACI 318 |  |  |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |  |
| **Given as Requested** |  | **Given as Modified** |  |  |  |  |
| **Refused** |  |  |  |  |  |  |
| **Withdrawn** |  |  | Judge |  |  |  |

## 318. Interpretation—Construction by Conduct

**In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 320.  INTERPRETATION – CONSTRUCTION AGAINST DRAFTER

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

In determining the meaning of the words of the contract, you must first consider all of the other
instructions that I have given you. If, after considering these instructions, you still cannot agree
on the meaning of the words, then you should interpret the contract against [the party that drafted
the disputed words/the party that caused the uncertainty].

**JOINT PROPOSED JURY INSTRUCTIONS**

## 324.  ANTICIPATORY BREACH

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that the party will not or cannot meet the requirements of the contract.

If Counterclaimant Darrick Angelone proves that he would have been able to fulfill the terms of the contract and that Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor clearly and positively indicated, by words or conduct, that they would not or could not meet the contract requirements, then Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor breached the contract.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Assignment Contested (CACI 326) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 326 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

## 326. Assignment Contested

**Hidden Empire Holdings, LLC was not a party to the original contract. However, Hidden Empire Holdings, LLC may bring a claim for breach of the contract if it proves that Hidden Empire Film Group, LLC transferred its rights under the contract to Hidden Empire Holdings, LLC. This transfer is referred to as an "assignment." Hidden Empire Holdings, LLC must prove that Hidden Empire Film Group, LLC intended to transfer its contract rights to Hidden Empire Holdings, LLC. In deciding Hidden Empire Film Group, LLC's intent, you should consider the entire transaction and the conduct of the parties to the assignment. A transfer of contract rights does not necessarily have to be made in writing. It may be oral or implied by the conduct of the parties to the assignment.**

**JOINT PROPOSED JURY INSTRUCTIONS**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 350.  INTRODUCTION TO CONTRACT DAMAGES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide that Counterclaimant Darrick Angelone has proved his claim against Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor for breach of contract, you also must decide how much money will reasonably compensate Counterclaimant Darrick Angelone for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Counterclaimant Darrick Angelone in as good a position as he would have been if Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor had performed as promised.

To recover damages for any harm, Counterclaimant Darrick Angelone must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of the contract.

Counterclaimant Darrick Angelone also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**JOINT PROPOSED JURY INSTRUCTIONS**

Counterclaimant Darrick Angelone claims damages for the reasonable value of the services he provided and for lost profits he contends he would have earned if the contract had been performed.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 351.  SPECIAL DAMAGES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone also claims damages for additional consequential losses arising from the breach, including harm caused by the diversion or misappropriation of his proprietary work.

To recover for this harm, Counterclaimant Darrick Angelone must prove that when the parties made the contract, Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor knew or reasonably should have known of the special circumstances leading to the harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 352.  LOSS OF PROFITS – NO PROFITS EARNED

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

To recover damages for lost profits, Counterclaimant Darrick Angelone must prove that it is reasonably certain he would have earned profits but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's breach of the contract.

To decide the amount of damages for lost profits, you must determine the gross, or total, amount Counterclaimant Darrick Angelone would have received if the contract had been performed and then subtract from that amount the costs, including the value of the labor, materials, rents, expenses, or interest on loans invested in the business, that he would have had if the contract had been performed.
You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 353.  LOSS OF PROFITS – SOME PROFITS EARNED

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

To recover damages for lost profits, Counterclaimant Darrick Angelone must prove that it is reasonably certain he would have earned more profits but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's breach of the contract.

To decide the amount of damages for lost profits, you must:

1. First, calculate Counterclaimant Darrick Angelone's estimated total profit by determining the gross amount he would have received if the contract had been performed, and then subtracting from that amount the costs, including the value of the labor, materials, rents, expenses, or interest on loans invested in the business, that he would have had if the contract had been performed;

2. Next, calculate Counterclaimant Darrick Angelone's actual profit by determining the gross amount he actually received, and then subtracting from that amount his actual costs, including the value of the labor, materials, rents, expenses, or interest on loans invested in the business; and

3. Then, subtract Counterclaimant Darrick Angelone's actual profit (which you determined in the second step) from his estimated total profit (which you determined in the first step). The resulting amount is his lost profit.

You do not have to calculate the amount of lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 361.  RELIANCE DAMAGES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

Judge line with signature:

_____

Judge

If you decide that Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor breached the contract, Counterclaimant Darrick Angelone may recover the reasonable amount of money that he spent in preparing for contract performance. These amounts are called "reliance damages." Counterclaimant Darrick Angelone must prove the amount that he was induced to spend in reliance on the contract.

If Counterclaimant Darrick Angelone proves reliance damages, Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor may avoid paying some or all of those damages by proving one or both of the following:

1. That some or all of the money that Counterclaimant Darrick Angelone spent in reliance was unnecessary; or

2. That Counterclaimant Darrick Angelone would have suffered a loss even if Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor had fully performed their obligations under the contract.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 430  CAUSATION: SUBSTANTIAL FACTOR

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 431  CAUSATION: MULTIPLE CAUSES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

A person's conduct may combine with another factor to cause harm.  If you find that any of the Cross-Defendants' conduct was a substantial factor in causing Counter-Claimant's harm, then that Cross-Defendant is responsible for the harm. A Cross-Defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Counter-Claimant's harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Comprehensive Computer Data and Access Fraud Act—Essential Factual Elements (CACI 1812) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
|  | • CACI 1812 |  |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |
| **Given as Requested** |  | **Given as Modified** |  |  |  |
| **Refused** |  |  |  |  |  |
| **Withdrawn** |  |  |  | Judge |  |

**1812. Comprehensive Computer Data and Access Fraud Act—Essential Factual Elements**

**Hidden Empire Holdings, LLC claims that AOne Creative, LLC has violated the Comprehensive Computer Data and Access Fraud Act. To establish this claim, Hidden Empire Holdings, LLC must prove all of the following:**

**1. That Hidden Empire Holdings, LLC is the owner of the Hidden Empire Google Workspace Account;**
**2. That AOne Creative, LLC knowingly accessed Hidden Empire Holdings, LLC's data on Hidden Empire Holdings, LLC's Google Workspace Account;**
**3. That AOne Creative, LLC's access of the Hidden Empire Holdings, LLC's Google Workspace Account was without Hidden Empire Holdings, LLC's permission;**
**4. That Hidden Empire Holdings, LLC was harmed; and**
**5. That AOne Creative, LLC's conduct was a substantial factor in causing Hidden Empire Holdings, LLC's harm.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Interpretation—Construction by Conduct (CACI 1813) | Authorities |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | • CACI 1813 |  |  |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |  |
| **Given as Requested** |  | **Given as Modified** |  |  |  |  |
| **Refused** |  |  |  |  |  |  |
| **Withdrawn** |  |  |  | Judge |  |  |

## 1813. Definition of "Access"

**The term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.**

**A person can access a computer, computer system, or computer network in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network or some other method or tool to gain remote entry.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Damages for Investigating Violations of Comprehensive Computer Data and Access Fraud Act | | Authabilities | | | |
|---|---|---|---|---|---|
| | | • CACI 1814 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 1814. Interpretation—Construction by Conduct

**To recover damages for money spent to investigate or verify whether Hidden Empire Holdings, LLC's Google Workspace Account was or was not altered, damaged, or deleted by AOne Creative, LLC's accessing Hidden Empire Holdings, LLC's Google Workspace Account, Hidden Empire Holdings, LLC must prove the amount of money reasonably and necessarily spent to conduct such an investigation.**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1900.  INTENTIONAL MISREPRESENTATION

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone claims that Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor made a false representation that harmed him. To establish this claim, Counterclaimant Darrick Angelone must prove all of the following:

1. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor represented to Counterclaimant Darrick Angelone that a fact was true;

2. That the representation was false;

3. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor knew the representation was false when they made it, or made it recklessly and without regard for its truth;

4. That they intended that Counterclaimant Darrick Angelone rely on the representation;

5. That Counterclaimant Darrick Angelone reasonably relied on the representation;

6. That Counterclaimant Darrick Angelone was harmed; and

7. That Counterclaimant Darrick Angelone's reliance on the representation was

**JOINT PROPOSED JURY INSTRUCTIONS**

a substantial factor in causing his harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1901.  CONCEALMENT

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____<br>Judge

**Counterclaimant Darrick Angelone** claims that he was harmed because **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** concealed certain information.

To establish this claim, **Counterclaimant Darrick Angelone** must prove all of the following:

1. That **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** intentionally failed to disclose certain facts to **Counterclaimant Darrick Angelone**;
2. That **Counterclaimant Darrick Angelone** did not know of the concealed facts;
3. That **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** intended to deceive **Counterclaimant Darrick Angelone** by concealing the facts;
4. That had the omitted information been disclosed, **Counterclaimant Darrick Angelone** reasonably would have behaved differently;
5. That **Counterclaimant Darrick Angelone** was harmed; and
6. That the concealment was a substantial factor in causing his harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1902.  FALSE PROMISE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone claims he was harmed because Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor made a false promise.

To establish this claim, Counterclaimant Darrick Angelone must prove all of the following:

1. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor made a promise to Counterclaimant Darrick Angelone;
2. That they did not intend to perform this promise when they made it;
3. That they intended that Counterclaimant Darrick Angelone rely on the promise;
4. That Counterclaimant Darrick Angelone reasonably relied on the promise;
5. That Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor did not perform the promised act(s);
6. That Counterclaimant Darrick Angelone was harmed; and
7. That Counterclaimant Darrick Angelone's reliance on the promise was a substantial factor in causing his harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1904.  OPINIONS AS STATEMENTS OF FACT

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Ordinarily, an opinion is not considered a representation of fact.

However, **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor**'s opinion is considered a representation of fact if **Counterclaimant Darrick Angelone** proves that:

1. **Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor** claimed to have special knowledge about the subject matter that **Counterclaimant Darrick Angelone** did not have;
   **or**

2. They made the representation not as a casual expression of belief, but in a way that declared the matter to be true;
   **or**

3. They had a relationship of trust and confidence with **Counterclaimant Darrick Angelone**;
   **or**

4. They had some other special reason to expect that **Counterclaimant Darrick Angelone** would rely on their opinion.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1906.  MISREPRESENATIONS MADE TO PERSONS OTHER THAN THE PLAINTIFF

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor are responsible for a representation that was not made directly to Counterclaimant Darrick Angelone if they: (1) made the representation to a group of persons including Counterclaimant Darrick Angelone, or (2) made the representation to another person, intending or reasonably expecting that it would be repeated to Counterclaimant Darrick Angelone

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1907.  RELIANCE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone relied on Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's misrepresentation, concealment, or false promise if:

1. The misrepresentation, concealment, or false promise substantially influenced him to continue providing digital marketing, web development, creative services, and management work for Hyper Engine and the Taylors under the belief he was an equal one-third member of the company; and

2. He would probably not have continued performing those services or investing time, labor, and resources into Hyper Engine without the misrepresentation, concealment, or false promise.

It is not necessary that the misrepresentation, concealment, or false promise be the only reason for his conduct.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1908.  REASONABLE RELIANCE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

In determining whether Counterclaimant Darrick Angelone's reliance on the misrepresentation, concealment, or false promise was reasonable, he must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide the matter is material, you must then decide whether it was reasonable for Counterclaimant Darrick Angelone to rely on the misrepresentation, concealment, or false promise. In making this decision, consider Counterclaimant Darrick Angelone's intelligence, knowledge, education, and experience.

It is not reasonable to rely on a misrepresentation, concealment, or false promise that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation, concealment, or false promise if facts that are within his observation show that it is obviously false.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 1923.  DAMAGES – OUT OF POCKET RULE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide that Counterclaimant Darrick Angelone has proved his claim against Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor, you must decide how much money will reasonably compensate him for the harm. This compensation is called "damages."

The amount of damages must include all harm that the defendants were a substantial factor in causing, even if the particular harm could not have been anticipated.

Counterclaimant Darrick Angelone must prove the amount of his damages. However, Counterclaimant Darrick Angelone does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To determine the amount of damages, you must determine the fair market value of what Counterclaimant Darrick Angelone gave and subtract the fair market value of what he received.

**JOINT PROPOSED JURY INSTRUCTIONS**

"Fair market value" means the reasonable value of the services provided, measured by the price that a willing and knowledgeable recipient of those services would have paid to a willing and knowledgeable provider under similar circumstances and without any pressure on either party.

Counterclaimant Darrick Angelone may also recover amounts he reasonably spent in reliance on the false representation, failure to disclose, or false promise, if those amounts would not otherwise have been spent.

## 1924.  DAMAGES – BENEFIT OF THE BARGAIN RULE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide that Counterclaimant Darrick Angelone has proved his claim against Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor, you must decide how much money will reasonably compensate him for the harm. The amount of damages must include all harm that the defendants were a substantial factor in causing, even if the harm could not have been anticipated.

Counterclaimant Darrick Angelone must prove the amount of his damages. However, he does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To determine the amount of damages, you must:

1. Determine the fair market value of what Counterclaimant Darrick Angelone would have received if the representations made by the defendants had been true; and
2. Subtract the fair market value of what he actually received.

The resulting amount is his damages.

"Fair market value," in the context of services, means the reasonable value of the services provided, measured by the price that a willing and knowledgeable recipient of those services would have paid to a willing and knowledgeable provider under similar circumstances and without any pressure on either party.

Fair market value must be determined as of the date that Counterclaimant Darrick

**JOINT PROPOSED JURY INSTRUCTIONS**

Angelone discovered the false representation or failure to disclose.

Counterclaimant Darrick Angelone may also recover amounts he reasonably spent in reliance on the false representation, failure to disclose, or false promise if those amounts would not otherwise have been spent.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Conversion— Essential Factual Elements (CACI 2100) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
|  | • CACI 2100 |  |  |  |  |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |  |
| **Given as Requested** |  | **Given as Modified** |  |  |  |
| **Refused** |  |  |  |  |  |
| **Withdrawn** |  |  | Judge |  |  |

### 2100. Conversion—Essential Factual Elements

**Hidden Empire Holdings, LLC claims that AOne Creative, LLC wrongfully exercised control over its personal property. To establish this claim, Hidden Empire Holdings, LLC must prove all of the following:**

**1. That Hidden Empire Holdings, LLC owned its Google Workspace Account;**
**2. That AOne Creative, LLC substantially interfered with Hidden Empire Holdings, LLC's property by knowingly or intentionally preventing Hidden Empire Holdings, LLC from having access to the Google Workspace Account and/or destroying the Google Workspace Account.**
**3. That Hidden Empire Holdings, LLC did not consent;**
**4. That Hidden Empire Holdings, LLC was harmed; and**
**5. That AOne Creative LLC's conduct was a substantial factor in causing Hidden Empire Holdings, LLC's harm.**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3600.  CONSPIRACY – ESSENTIAL FACTUAL ELEMENTS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone claims that he was harmed by Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's fraud and that Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor are responsible for the harm because they were part of a conspiracy to commit fraud. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally, in writing, or may be implied by the conduct of the parties.

If you find that Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor committed fraud that harmed Counterclaimant Darrick Angelone, then you must determine whether each defendant is also responsible for the harm. A defendant is responsible if Counterclaimant Darrick Angelone proves both of the following:

1. That the defendant was aware that the other defendant planned to commit fraud; and

**JOINT PROPOSED JURY INSTRUCTIONS**

2. That the defendant agreed with the other defendant and intended that the fraud be committed.

Mere knowledge of a wrongful act, without cooperation or an agreement to cooperate, is insufficient to make a defendant responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged conspirators. Counterclaimant Darrick Angelone is not required to prove that either defendant personally committed the wrongful act or knew all the details of the agreement or the identities of all the other participants.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3601.  ONGOING CONSPIRACY

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | Judge | | |

If you decide that Counterclaim-Defendant Deon Taylor and/or Third-Party Defendant Roxanne Taylor joined the conspiracy to commit fraud, then that defendant is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after the defendant joined the conspiracy.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3610. AIDING AND ABETTING TORT – ESSENTIAL ELEMENTS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Counterclaimant Darrick Angelone claims that he was harmed by Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's fraud, and that each defendant is responsible for the harm because they aided and abetted the other in committing the fraud.

If you find that Counterclaim-Defendant Deon Taylor and/or Third-Party Defendant Roxanne Taylor committed fraud that harmed Counterclaimant Darrick Angelone, then you must determine whether the other defendant is also responsible for the harm. A defendant is responsible as an aider and abettor if Counterclaimant Darrick Angelone proves all of the following:

1. That the defendant knew that fraud was being committed or was going to be committed by the other defendant against Counterclaimant Darrick Angelone;

2. That the defendant gave substantial assistance or encouragement to the other defendant; and

3. That the defendant's conduct was a substantial factor in causing harm to Counterclaimant Darrick Angelone.

**JOINT PROPOSED JURY INSTRUCTIONS**

Mere knowledge that fraud was being or was going to be committed, and the failure to prevent it, do not constitute aiding and abetting.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Introduction to Vicarious Responsibility (CACI 3700) | | Authorities<br>• CACI 3700 | | | | |
|---|---|---|---|---|---|---|
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | | |
| **Given as Requested** | | **Given as Modified** | | | | |
| **Refused** | | | | | | |
| **Withdrawn** | | | | Judge | | |

### 3700. Introduction to Vicarious Responsibility

One may authorize another to act on his or her behalf in transactions with third persons. This relationship is called "agency." The person given the authority is called the "principal"; the person to whom authority is given is called the "agent."

A principal is responsible for harm caused by the wrongful conduct of its agents while acting within the scope of their authority.

An agent is always responsible for harm caused by its own wrongful conduct, whether or not the principal is also liable.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3900  INTRODUCTION TO TORT DAMAGES - LIABILITY CONTESTED

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide that Counterclaimant Darrick Angelone has proved his claim against each Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor, you also must decide how much money will reasonably compensate Counterclaimant Darrick Angelone for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by each Defendant's wrongful conduct, even if the particular harm could not have been anticipated.

Counterclaimant Darrick Angelone does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Counterclaimant Darrick Angelone:

**1. Lost Profits**.

To recover damages for lost profits, Counterclaimant Darrick Angelone

**JOINT PROPOSED JURY INSTRUCTIONS**

must prove it is reasonably certain he would have earned profits but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Counterclaimant Darrick Angelone would have received but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct and then subtract from that amount the expenses — including the value of his labor, digital production costs, creative development time, web development costs, and all other expenses he would have incurred in performing the services — that Counterclaimant Darrick Angelone would have had if Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3901  INTRODUCTION TO TORT DAMAGES - LIABILITY ESTABLISHED

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

Judge

If you decide that Counterclaimant Darrick Angelone was harmed and that Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's fraud was a substantial factor in causing the harm, you also must decide how much money will reasonably compensate Counterclaimant Darrick Angelone for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by the defendants' wrongful conduct, even if the particular harm could not have been anticipated.

Counterclaimant Darrick Angelone does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Counterclaimant Darrick Angelone:

**JOINT PROPOSED JURY INSTRUCTIONS**

2. **Lost Profits**.

To recover damages for lost profits, Counterclaimant Darrick Angelone must prove it is reasonably certain he would have earned profits but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Counterclaimant Darrick Angelone would have received but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct and then subtract from that amount the expenses — including the value of his labor, digital production costs, creative development time, web development costs, and all other expenses he would have incurred in performing the services — that Counterclaimant Darrick Angelone would have had if Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3902  ECONOMIC AND NONECONOMIC DAMAGES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

The damages claimed by Counterclaimant Darrick Angelone for the harm caused by Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

## 3903  ITEMS OF ECONOMIC DAMAGE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

The following are the specific items of economic damages claimed by Couterclaimant Darrick Angelone:

**3. Lost Profits**.

To recover damages for lost profits, Counterclaimant Darrick Angelone must prove it is reasonably certain he would have earned profits but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Counterclaimant Darrick Angelone would have received but for Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct and then subtract from that amount the expenses — including the value of his labor, digital production costs, creative development time, web development costs, and all other expenses he would have incurred in performing the services — that Counterclaimant Darrick Angelone would have had if Counterclaim-Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor's conduct had not

**JOINT PROPOSED JURY INSTRUCTIONS**

occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3903(D)  Lost Earning Capacity (Economic Damage)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

[*Insert number, e.g.*, "4."] The loss of [*name of plaintiff*]'s ability to earn money. To recover damages for the loss of the ability to earn money as a result of the injury, [*name of plaintiff*] must prove:

1. That it is reasonably certain that the injury that [*name of plaintiff*] sustained will cause [him/her/*nonbinary pronoun*] to earn less money in the future than [he/she/*nonbinary pronoun*] otherwise could have earned; and
2. The reasonable value of that loss to [him/her/*nonbinary pronoun*].

In determining the reasonable value of the loss, compare what it is reasonably probable that [*name of plaintiff*] could have earned without the injury to what [he/she/*nonbinary pronoun*] can still earn with the injury. [Consider the career choices that [*name of plaintiff*] would have had a reasonable probability of achieving.] It is not necessary that [he/ she/*nonbinary pronoun*] have a work history.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3903(N)  LOST PROFITS (ECONOMIC DAMAGES)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

To recover damages for lost profits, Counter-Claimants must prove it is reasonably certain they would have earned profits but for Cross-Defendants' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Counter-Claimants would have received but for Cross-Defendants' conduct and then subtract from that amount the expenses Counter-Claimants would have incurred (such as labor, materials, rents, miscellaneous expenses) if Cross-Defendants' conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3924  NO PUNITIVE DAMAGES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

When considering the claims made by Counterclaimant Darrick Angelone, you must not include in your award any damages to punish or make an example of Counterclaim-Defendant Deon Taylor or Third-Party Defendant Roxanne Taylor. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Counterclaimant Darrick Angelone for his loss.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 3925) | Authorities |
|---|---|
| | • CACI 3925 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

### 3925.  Arguments of Counsel Not Evidence of Damages

**The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.**

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3931  MITIGATION OF DAMAGES (PROPERTY DAMAGE)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide Defendants Darrick Angelone, AONE Entertainment, LLC, and OnChain Innovations, LLC are responsible for the original harm, Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor are not entitled to recover damages for harm to their property that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3933  DAMAGES FROM MULTIPLE DEFENDANTS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

In this case, Counterclaimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC seek damages from more than one counterclaim-defendant. You must determine the liability of each counterclaim-defendant or third-party defendant to each counterclaimant separately.

If you determine that more than one counter-defendant is liable to Counterclaimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC for damages, you will be asked to find Counterclaimants' total damages.

In deciding on the amount of damages, consider only Counterclaimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC's claimed losses. Do not attempt to divide the damages between Counterclaim-Defendant Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Third-Party Defendant Roxanne Taylor. The allocation of responsibility for payment of damages among the multiple defendants is to be done by the court after you reach

**JOINT PROPOSED JURY INSTRUCTIONS**

your verdict.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3934  DAMAGES ON MULTIPLE LEGAL THEORIES

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Counterclaimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC seek damages from Counter-Defendants Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor; and Third-Party Defendant Roxanne Taylor under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Counter-Defendants Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor; and Third-Party Defendant Roxanne Taylor are liable to Counterclaimants under the following legal theories:

1. Breach of Express Contract
2. Breach of Implied Contract
3. Breach of Fiduciary Duty
4. Promissory Fraud (False Promise)

The following items of damages are recoverable only once under all of the above legal theories:

1. Past Lost Income/Earnings
2. Past value of services / unpaid compensation / quantum meruit value
3. Future lost earnings or future loss of business opportunities
4. Out-of-pocket expenses / reliance damages
5. Noneconomic harm (emotional distress / harm to reputation)
6. Restitution / unjust enrichment

**JOINT PROPOSED JURY INSTRUCTIONS**

**JOINT PROPOSED JURY INSTRUCTIONS**

### 3935  PREJUDGMENT INTEREST (CIV CODE SECTION 3288)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide that some or all of the Counter-Claimants are entitled to recover damages for past economic loss in one or more of the categories of damages that they claim, then you must decide whether they should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether some or all of the Counter-Claimants should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to one or all of the Counter-Claimants, you will be asked to address prejudgment interest in the special verdict form.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3940  PUNITIVE DAMAGES - INDIVIDUAL DEFENDANT - TRIAL NOT BIFURCATED

| | | | | |
|---|---|---|---|---|
| Requested by Plaintiffs | Requested by Defendants | X | Requested by | |
| Given as Requested | Given as Modified | | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | | | _____ Judge | |

For purposes of this instruction, the term "Counter-Defendants" refers to Counterclaim Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor.

If you decide that the conduct of the Counter-Defendants caused the harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Counter-Claimants Angelone, AONE Creative, and On Chain Innovations prove by clear and convincing evidence that either Counter-Defendant engaged in that conduct with malice, oppression, or fraud.

"Malice" means that a Counter-Defendant acted with intent to cause injury or engaged in despicable conduct with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware

**JOINT PROPOSED JURY INSTRUCTIONS**

of the probable dangerous consequences of the conduct and deliberately fails to avoid those consequences.

"Oppression" means that a Counter-Defendant engaged in despicable conduct that subjected Counter-Claimants Angelone, AONE Creative, and On Chain Innovations to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a Counter-Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants Angelone, AONE Creative, and On Chain Innovations.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

**(a) Reprehensibility**

How reprehensible was the Counter-Defendants' conduct? In deciding this, you may consider, among other factors:

1. Whether the conduct caused physical harm;
2. Whether the Counter-Defendants disregarded the health or safety of others;
3. Whether Counter-Claimants Angelone, AONE Creative, and On Chain Innovations were financially weak or vulnerable, and whether the Counter-Defendants knew this and took advantage of them;
4. Whether the Counter-Defendants' conduct involved a pattern or practice; and

**JOINT PROPOSED JURY INSTRUCTIONS**

5. Whether the Counter-Defendants acted with trickery or deceit.

**(b) Relationship to Harm**

Is there a reasonable relationship between the amount of punitive damages and the harm suffered by Counter-Claimants Angelone, AONE Creative, and On Chain Innovations?

**(c) Financial Condition**

In view of each Counter-Defendant's financial condition, what amount is necessary to punish and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a Counter-Defendant has substantial financial resources.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3941  PUNITIVE DAMAGES - INDIVIDUAL DEFENDANT - BIFURCATED TRIAL (FIRST PHASE)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

For purposes of this instruction, the term "Counter-Defendants" refers to Counterclaim Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor.

If you decide that the conduct of any Counter-Defendant caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether Counter-Claimants Angelone, AONE Creative, and On Chain Innovations have proved by clear and convincing evidence that any Counter-Defendant engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

"Malice" means that a Counter-Defendant acted with intent to cause injury or that the Counter-Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

**JOINT PROPOSED JURY INSTRUCTIONS**

"Oppression" means that a Counter-Defendant's conduct was despicable and subjected Counter-Claimants Angelone, AONE Creative, and On Chain Innovations to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that any Counter-Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants Angelone, AONE Creative, and On Chain Innovations.

**JOINT PROPOSED JURY INSTRUCTIONS**

### 3942  PUNITIVE DAMAGES - INDIVIDUAL DEFENDANT - BIFURCATED TRIAL (SECOND PHASE)

| | | | | |
|---|---|---|---|---|
| Requested by Plaintiffs | Requested by Defendants | X | Requested by | |
| Given as Requested | Given as Modified | | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | | | Judge | |

You must now decide the amount, if any, that you should award Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Counter-Claimants and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

**(a) Reprehensibility**

How reprehensible was each Counter-Defendant's conduct? In deciding how reprehensible each Counter-Defendant's conduct was, you may consider, among other factors:

1.  Whether the conduct caused physical harm;

2.  Whether any Counter-Defendant disregarded the health or safety of others;

3.  Whether Counter-Claimants Angelone, AONE Creative, and On Chain

Innovations were financially weak or vulnerable and whether the Counter-Defendants knew Counter-Claimants were financially weak or vulnerable and took advantage of them;

4. Whether any Counter-Defendant's conduct involved a pattern or practice; and

5. Whether the Counter-Defendants acted with trickery or deceit.

**(b) Relationship to Harm**

Is there a reasonable relationship between the amount of punitive damages and Counter-Claimants Angelone, AONE Creative, and On Chain Innovations' harm?

**(c) Financial Condition**

In view of each Counter-Defendant's financial condition, what amount is necessary to punish and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because any Counter-Defendant has substantial financial resources.

**JOINT PROPOSED JURY INSTRUCTIONS**

**3943  Punitive Damages Against Employer or Principal for Conduct of a Specific    Agent or Employee—Trial Not Bifurcated**

| | | | | | | |
|---|---|---|---|---|---|---|
| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | | |
| Given as Requested | | Given as Modified | | Given on Court's Motion | | |
| Refused | | | | | | |
| Withdrawn | | | | Judge | | |

For purposes of this instruction:

- "Counter-Defendants" refers to Hidden Empire Holdings, LLC and Hyper Engine, LLC; and

- "Agents" refers to Counterclaim Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor.

If you decide that the conduct of either Agent caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages against either Counter-Defendant for the conduct of that Agent. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Counter-Claimants and to discourage similar conduct in the future.

You may award punitive damages against a Counter-Defendant for an Agent's conduct only if Counter-Claimants prove by clear and convincing evidence that the Agent engaged in that conduct with malice, oppression, or fraud.

**JOINT PROPOSED JURY INSTRUCTIONS**

"Malice" means that the Agent acted with intent to cause injury or that the Agent's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the conduct and deliberately fails to avoid those consequences.

"Oppression" means that the Agent's conduct was despicable and subjected Counter-Claimants to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the Agent intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants.

Counter-Claimants must also prove one of the following by clear and convincing evidence:

1. That the Agent was an officer, a director, or a managing agent of the Counter-Defendant, who was acting on behalf of the Counter-Defendant; or

2. That an officer, a director, or a managing agent of the Counter-Defendant had advance knowledge of the unfitness of the Agent and employed the Agent with a knowing disregard of the rights or safety of others; or

3. That an officer, a director, or a managing agent of the Counter-Defendant authorized the Agent's conduct; or

4. That an officer, a director, or a managing agent of the Counter-Defendant knew of the Agent's wrongful conduct and adopted or approved the conduct

**JOINT PROPOSED JURY INSTRUCTIONS**

after it occurred.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

1. Whether the conduct caused physical harm;

2. Whether the Counter-Defendant disregarded the health or safety of others;

3. Whether Counter-Claimants were financially weak or vulnerable and the Counter-Defendant knew this and took advantage of them;

4. Whether the Counter-Defendant's conduct involved a pattern or practice; and

5. Whether the Counter-Defendant acted with trickery or deceit.

6. Is there a reasonable relationship between the amount of punitive damages and Counter-Claimants' harm?

7. In view of the Counter-Defendant's financial condition, what amount is necessary to punish and discourage future wrongful conduct?

You may not increase the punitive award above an amount that is otherwise appropriate merely because the Counter-Defendant has substantial financial resources.

**JOINT PROPOSED JURY INSTRUCTIONS**

### 3944  Punitive Damages Against Employer or Principal for Conduct of a Specific    Agent or Employee—Trial Not Bifurcated

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | Judge | | | |

For purposes of this instruction:

- "Counter-Defendants" refers to Hidden Empire Holdings, LLC and Hyper Engine, LLC; and
- "Agents" refers to Counterclaim Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor.

If you decide that the conduct of an Agent caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages against a Counter-Defendant for that Agent's conduct. At this time, you must decide whether Counter-Claimants have proved by clear and convincing evidence that an Agent engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

"Malice" means that an Agent acted with intent to cause injury or that the Agent's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that an Agent's conduct was despicable and subjected Counter-Claimants to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that an Agent intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants.

Counter-Claimants must also prove one of the following by clear and convincing evidence:

---

**JOINT PROPOSED JURY INSTRUCTIONS**

1. That the Agent was an officer, a director, or a managing agent of a Counter-Defendant, who was acting on behalf of that Counter-Defendant; or
2. That an officer, a director, or a managing agent of a Counter-Defendant had advance knowledge of the unfitness of the Agent and employed the Agent with a knowing disregard of the rights or safety of others; or
3. That an officer, a director, or a managing agent of a Counter-Defendant authorized the Agent's conduct; or
4. That an officer, a director, or a managing agent of a Counter-Defendant knew of the Agent's wrongful conduct and adopted or approved the conduct after it occurred.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

**JOINT PROPOSED JURY INSTRUCTIONS**

### 3945  Punitive – Entity Defendant (Trial Not Bifurcated)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

If you decide that either Counter-Defendant Hidden Empire Holdings, LLC or Counter-Defendant Hyper Engine, LLC's conduct caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Counter-Claimants and to discourage similar conduct in the future.

You may award punitive damages against Counter-Defendant Hidden Empire Holdings, LLC or Counter-Defendant Hyper Engine, LLC only if Counter-Claimants prove that the Counter-Defendant engaged in that conduct with malice, oppression, or fraud. To do this, Counter-Claimants must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of the Counter-Defendant, who acted on behalf of the Counter-Defendant; or

**JOINT PROPOSED JURY INSTRUCTIONS**

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the Counter-Defendant; or

3. That one or more officers, directors, or managing agents of the Counter-Defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that the Counter-Defendant acted with intent to cause injury or that the Counter-Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the conduct and deliberately fails to avoid those consequences.

"Oppression" means that the Counter-Defendant's conduct was despicable and subjected Counter-Claimants to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the Counter-Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

**JOINT PROPOSED JURY INSTRUCTIONS**

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

1. Whether the conduct caused physical harm;

2. Whether the Counter-Defendant disregarded the health or safety of others;

3. Whether Counter-Claimants were financially weak or vulnerable, and whether the Counter-Defendant knew this and took advantage of them;

4. Whether the Counter-Defendant's conduct involved a pattern or practice; and

5. Whether the Counter-Defendant acted with trickery or deceit.

You must also consider whether there is a reasonable relationship between the amount of punitive damages and the harm suffered by Counter-Claimants.

In view of the Counter-Defendant's financial condition, you must determine what amount is necessary to punish and discourage future wrongful conduct. You may not increase the punitive award above an amount that is otherwise appropriate merely because the Counter-Defendant has substantial financial resources.

Any award you impose may not exceed the Counter-Defendant's ability to pay. Punitive damages may not be used to punish the Counter-Defendant for the impact of the alleged misconduct on persons other than the Counter-Claimants.

**JOINT PROPOSED JURY INSTRUCTIONS**

**3946   Punitive Damages – Entity Defendant - Bifurcated Trial (First Phase)**

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

For purposes of this instruction:

- "Counter-Defendants" refers to Hidden Empire Holdings, LLC and Hyper Engine, LLC; and
- "Agents" refers to Counterclaim Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor.

If you decide that the conduct of a Counter-Defendant caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be decided later.

At this time, you must decide whether Counter-Claimants have proved that the Counter-Defendant engaged in that conduct with malice, oppression, or fraud. To do this, Counter-Claimants must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of the Counter-Defendant, who acted on behalf of the Counter-Defendant; or
2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the Counter-Defendant; or
3. That one or more officers, directors, or managing agents of the Counter-Defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that the Counter-Defendant acted with intent to cause injury or that the Counter-Defendant's conduct was despicable and was done with a willful and

**JOINT PROPOSED JURY INSTRUCTIONS**

knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that the Counter-Defendant's conduct was despicable and subjected Counter-Claimants to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the Counter-Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3947  PUNITIVE DAMAGES - INDIVIDUAL AND ENTITY DEFENDANTS - TRIAL NOT BIFURCATED

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | _____ Judge | | | |

For purposes of this instruction, the term "Counter-Defendants" refers to Hidden Empire Holdings, LLC; Hyper Engine, LLC; Counterclaim Defendant Deon Taylor; and Third-Party Defendant Roxanne Taylor.

If you decide that any Counter-Defendant's conduct caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Counter-Claimants and to discourage similar conduct in the future.

You may award punitive damages against any Counter-Defendant only if Counter-Claimants Angelone, AONE Creative, and On Chain Innovations prove by clear and convincing evidence that the Counter-Defendant engaged in that conduct with malice, oppression, or fraud.

"Malice" means that a Counter-Defendant acted with intent to cause injury or that

**JOINT PROPOSED JURY INSTRUCTIONS**

the Counter-Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the conduct and deliberately fails to avoid those consequences.

"Oppression" means that a Counter-Defendant's conduct was despicable and subjected Counter-Claimants Angelone, AONE Creative, and On Chain Innovations to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a Counter-Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants Angelone, AONE Creative, and On Chain Innovations.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each Counter-Defendant in determining the amount:

**(a) Reprehensibility**

How reprehensible was the Counter-Defendant's conduct? In deciding this, you may

consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether the Counter-Defendant disregarded the health or safety of others;

3. Whether Counter-Claimants Angelone, AONE Creative, and On Chain Innovations were financially weak or vulnerable and whether the Counter-Defendant knew this and took advantage of them;

4. Whether the Counter-Defendant's conduct involved a pattern or practice; and

5. Whether the Counter-Defendant acted with trickery or deceit.


**(b) Relationship to Harm**

Is there a reasonable relationship between the amount of punitive damages and the harm suffered by Counter-Claimants Angelone, AONE Creative, and On Chain Innovations?

**(c) Financial Condition**

In view of the Counter-Defendant's financial condition, what amount is necessary to punish and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a Counter-Defendant has substantial financial resources.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3948  PUNITIVE DAMAGES - INDIVIDUAL AND CORPORATE DEFENDANTS (CORPORATE LIABILITY BASED ON ACTS OF NAMED INDIVIDUAL) - BIFURCATED TRIAL (FIRST PHASE)

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

For purposes of this instruction:

- "Counter-Defendants" refers to Hidden Empire Holdings, LLC and Hyper Engine, LLC; and
- "Agents" refers to Counterclaim Defendant Deon Taylor and Third-Party Defendant Roxanne Taylor.

If you decide that any Counter-Defendant or Agent's conduct caused harm to Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be decided later.

You may award punitive damages against Counter-Defendants Hidden Empire Holdings, LLC or Hyper Engine, LLC, or against either Agent, only if Counter-Claimants Angelone, AONE Creative, and On Chain Innovations prove by clear and convincing evidence that the Counter-Defendant or Agent engaged in that conduct with malice, oppression, or fraud.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his, her, or

**JOINT PROPOSED JURY INSTRUCTIONS**

its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Counter-Claimants to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Counter-Claimants Angelone, AONE Creative, and On Chain Innovations.

You may also award punitive damages against Counter-Defendants Hidden Empire Holdings, LLC or Hyper Engine, LLC based on the conduct of an Agent if Counter-Claimants Angelone, AONE Creative, and On Chain Innovations prove the following by clear and convincing evidence:

1. That the Agent was an officer, a director, or a managing agent of the Counter-Defendant, who was acting on behalf of the Counter-Defendant; or
2. That an officer, a director, or a managing agent of the Counter-Defendant had advance knowledge of the unfitness of the Agent and employed the Agent with a knowing disregard of the rights or safety of others; or
3. That an officer, a director, or a managing agent of the Counter-Defendant authorized the Agent's conduct; or
4. That an officer, a director, or a managing agent of the Counter-Defendant knew of the Agent's wrongful conduct and adopted or approved the conduct after it occurred.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

**JOINT PROPOSED JURY INSTRUCTIONS**

**3949  PUNITIVE DAMAGES - INDIVIDUAL AND CORPORATE DEFENDANTS (CORPORATE LIABILITY BASED ON ACTS OF NAMED INDIVIDUAL) - BIFURCATED TRIAL (SECOND PHASE)**

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

For purposes of this instruction, the term "Counter-Defendants" refers to Hidden Empire Holdings, LLC; Hyper Engine, LLC; Counterclaim Defendant Deon Taylor; and Third-Party Defendant Roxanne Taylor.

You must now decide the amount, if any, that you should award Counter-Claimants Darrick Angelone; AONE Creative, LLC; and On Chain Innovations, LLC in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Counter-Claimants and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each Counter-Defendant in determining the amount:

(a) How reprehensible was the Counter-Defendant's conduct? In deciding how

**JOINT PROPOSED JURY INSTRUCTIONS**

reprehensible a Counter-Defendant's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether any Counter-Defendant disregarded the health or safety of others;

3. Whether Counter-Claimants Angelone, AONE Creative, and On Chain Innovations were financially weak or vulnerable and whether any Counter-Defendant knew Counter-Claimants were financially weak or vulnerable and took advantage of them;

4. Whether any Counter-Defendant's conduct involved a pattern or practice; and

5. Whether any Counter-Defendant acted with trickery or deceit.

(b) Whether there is a reasonable relationship between the amount of punitive damages and Counter-Claimants' harm.

(c) In view of each Counter-Defendant's financial condition, what amount is necessary to punish that Counter-Defendant and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because any Counter-Defendant has substantial financial resources.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 3964  JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 4100) | Authorities |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   | • CACI 4100 |   |   |   |   |   |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |   |   |
| **Given as Requested** |   | **Given as Modified** |   |   |   |   |
| **Refused** |   |   |   |   |   |   |
| **Withdrawn** |   |   |   | Judge |   |   |

### 4100. Jurors Not to Consider Attorney Fees and Court Costs

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Duty of Undivided Loyalty—Essential Factual Elements (CACI 4102) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 4102 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 4102. Duty of Undivided Loyalty—Essential Factual Elements

Darrick Angelone claims that he was harmed by Deon Taylor's breach of the fiduciary duty of loyalty. A partner owes his partner undivided loyalty. To establish this claim, Darrick Angelone must prove all of the following:

    1. That Deon Taylor was his partner;

    2. That Deon Taylor:

    [knowingly acted against [name of plaintiff]'s interests in connection with [insert description of transaction, e.g., "purchasing a residential property"];]

    [acted on behalf of a party whose interests were adverse to [name of plaintiff] in connection with [insert description of transaction, e.g., "purchasing a residential property"];]

    3. That [name of plaintiff] did not give informed consent to [name of defendant]'s conduct;

    4. That [name of plaintiff] was harmed; and

    5. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5000) | | Authorities | | |
|---|---|---|---|---|
| | | • CACI 5000 | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** |
| **Given as Requested** | | **Given as Modified** | | |
| **Refused** | | | | |
| **Withdrawn** | | | Judge | |

**5000.  Duties of the Judge and Jury**

**Members of the jury, you have now heard all the evidence.  The attorneys will have one last chance to talk to you in closing argument. But before they do, it is my duty to instruct you on the law that applies to this case. You must follow these instructions as well as those that I previously gave you. You will have a copy of my instructions with you when you go to the jury room to deliberate.  I have provided each of you with your own copy of the instructions.**

**You must decide what the facts are. You must consider all the evidence and then decide what you think happened. You must decide the facts based on the evidence admitted in this trial.**

**Do not allow anything that happens outside this courtroom to affect your decision. Do not talk about this case or the people involved in it with anyone, including family and persons living in your household, friends and coworkers, spiritual leaders, advisors, or therapists. Do not do any research on your own or as a group. Do not use dictionaries or other reference materials.**

**These prohibitions on communications and research extend to all forms of electronic communications. Do not use any electronic devices or media, such as a cell phone or smart phone, PDA, computer, tablet device, the Internet, any Internet service, any text or instant-messaging service, any Internet chat room, blog, or website, including social networking websites or online diaries, to send or receive any information to or from anyone about this case or your experience as a juror until after you have been discharged from your jury duty.**

**Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. You must not let bias, sympathy, prejudice, or public opinion influence your decision.**

**If you violate any of these prohibitions on communications and research, including prohibitions on electronic communications and research, you may be held in contempt of court or face other sanctions. That means that you may have to serve time in jail, pay a fine, or face other punishment for that violation.**

---

**JOINT PROPOSED JURY INSTRUCTIONS**

I will now tell you the law that you must follow to reach your verdict. You must follow the law exactly as I give it to you, even if you disagree with it. If the attorneys say anything different about what the law means, you must follow what I say.

In reaching your verdict, do not guess what I think your verdict should be from something I may have said or done.

Pay careful attention to all the instructions that I give you. All the instructions are important because together they state the law that you will use in this case. You must consider all of the instructions together.

After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.

If I repeat any ideas or rules of law during my instructions, that does not mean that these ideas or rules are more important than the others. In addition, the order in which the instructions are given does not make any difference.

Most of the instructions are typed. However, some handwritten or typewritten words may have been added, and some words may have been deleted. Do not discuss or consider why words may have been added or deleted. Treat all the words the same, no matter what their format. Simply accept the instruction in its final form.

**JOINT PROPOSED JURY INSTRUCTIONS**

## 5001. INSURANCE

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

139

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5002) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5002 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

## 5002. Evidence

**You must decide what the facts are in this case only from the evidence you have seen or heard during the trial, including any exhibits that I admit into evidence. Sworn testimony, documents, or anything else may be admitted into evidence. You may not consider as evidence anything that you saw or heard when court was not in session, even something done or said by one of the parties, attorneys, or witnesses.**

**What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.**

**The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggested that it was true. However, the attorneys for both sides have agreed that certain facts are true. This agreement is called a stipulation. No other proof is needed and you must accept those facts as true in this trial.**

**Each side had the right to object to evidence offered by the other side. If I sustained an objection to a question, you must ignore the question. If the witness did not answer, you must not guess what he or they might have said or why I sustained the objection. If the witness already answered, you must ignore the answer.**

**During the trial I granted a motion to strike testimony that you heard. You must totally disregard that testimony. You must treat it as though it did not exist.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5003) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5003 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

### 5003.  Witnesses

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

   (a)  How well did the witness see, hear, or otherwise sense what he or they described in court?

   (b)  How well did the witness remember and describe what happened?

   (c)  How did the witness look, act, and speak while testifying?

   (d)  Did the witness have any reason to say something that was not true? For example, did the witness show any bias or prejudice or have a personal relationship with any of the parties involved in the case or have a personal stake in how this case is decided?

   (e)  What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or they said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness did not tell the truth about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness did not tell the truth about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic

**JOINT PROPOSED JURY INSTRUCTIONS**

**status or corporate status.**

**JOINT PROPOSED JURY INSTRUCTIONS**

| Non-Person Party (CACI 5006) | Authorities |
|---|---|
| | • CACI 5006 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | Judge | | |

## 5006.  Non-Person Party

**Four corporations, Hidden Empire Holdings, LLC, Hyper Engine, LLC, On Chain Innovations LLC and AOne Entertainment LLC parties in this lawsuit. They are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.**

**When I use words like "person" or "he" or "they" in these instructions to refer to a party, those instructions also apply to the corporate parties.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5009) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5009 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | _____ Judge | | |

### 5009.  Pre-deliberation Instructions

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense and experience in deciding whether testimony is true and accurate. However, during your deliberations, do not make any statements or provide any information to other jurors based on any special training or unique personal experiences that you may have had related to matters involved in this case. What you may know or have learned through your training or experience is not a part of the evidence received in this case.

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony. If that happens, you may ask to have testimony read back to you or ask to see any exhibits admitted into evidence that have not already been provided to you. Also, jurors may need further explanation about the laws that apply to the case. If this happens during your discussions, write down your questions and give them to court attendant. I will talk with the attorneys before I answer so it may take some time. You should continue your deliberations while you wait for my answer. I will do my best to answer them. When you write me a note, do not tell me how you voted on an issue until I ask for this information in open court.

At least nine jurors must agree on a verdict. When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom and then notify the court attendant that you are ready to present your verdict in the courtroom.

Your decision must be based on your personal evaluation of the evidence presented in the case. Each of you may be asked in open court how you voted on each question.

While I know you would not do this, I am required to advise you that you must not base your decision

**JOINT JURY INSTRUCTIONS**

on chance, such as a flip of a coin. If you decide to award damages, you may not agree in advance to simply add up the amounts each juror thinks is right and then, without further deliberations, make the average your verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

| Questions from Jurors (CACI 5010) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5010 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

## 5010.  Taking Notes During the Trial

**If you have taken notes during the trial, you may take your notebooks with you into the jury room.**

**You may use your notes only to help you remember what happened during the trial. Your independent recollection of the evidence should govern your verdict. You should not allow yourself to be influenced by the notes of other jurors if those notes differ from what you remember.**

**At the end of the trial, your notes will be collected and destroyed.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5011) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5011 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 5011.  Reading Back of Trial Testimony in Jury Room

**You may request in writing that trial testimony be read to you. I will have the court reporter read the testimony to you. You may request that all or a part of a witness's testimony be read.**

**Your request should be as specific as possible. It will be helpful if you can state:**

1. **The name of the witness;**

2. **The subject of the testimony you would like to have read; and**

3. **The name of the attorney or attorneys asking the questions when the testimony was given.**

**The court reporter is not permitted to talk with you when they or he is reading the testimony you have requested.**

**While the court reporter is reading the testimony, you may not deliberate or discuss the case.**

**You may not ask the court reporter to read testimony that was not specifically mentioned in a written request. If your notes differ from the testimony, you must accept the court reporter's record as accurate.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5012) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 5012 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 5012.  Introduction to Special Verdict Form

I will give you verdict forms with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict forms in the order they appear. After you answer a question, the form tells you what to do next. At least 9 of you must agree on an answer before you can move on to the next question. However, the same 9 or more people do not have to agree on each answer.

All 12 of you must deliberate on and answer each question regardless of how you voted on any earlier question. Unless the verdict form tells all 12 jurors to stop and answer no further questions, every juror must deliberate and vote on all of the remaining questions.

When you have finished filling out the forms your presiding juror must write the date and sign it at the bottom of the last page and then notify the court attendant that you are ready to present your verdict in the courtroom.

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5013) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
| | • CACI 5013 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 5013.  Deadlocked Jury Admonition

**You should reach a verdict if you reasonably can. You have spent time trying to reach a verdict, and this case is important to the parties so that they can move on with their lives with this matter resolved.**

**If you are unable to reach a verdict, the case will have to be tried before another jury selected in the same manner and from the same community from which you were chosen and at additional cost to everyone.**

**Carefully consider the opinions of all the jurors, including those with whom you disagree. Keep an open mind and feel free to change your opinion if you become convinced that it is wrong.**

**You should not, however, surrender your beliefs concerning the truth and the weight of the evidence. Each of you must decide the case for yourself and not merely go along with the conclusions of your fellow jurors.**

**JOINT JURY INSTRUCTIONS**

**DEFENDANT PROPOSED:**

| Substitution of Alternate Juror (CACI 5014) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5014 | | | |
| **Request by Plaintiff** | *X* | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

## 5014. Substitution of Alternate Juror

One of your fellow jurors has been excused and an alternate juror has been selected to join the jury.  Do not consider this substitution for any purpose.

The alternate juror must participate fully in the deliberations that lead to any verdict.  The parties have the right to a verdict reached only after full participation of the jurors whose votes determine that verdict.  This right will only be assured if you begin your deliberations again, from the beginning.  Therefore, you must set aside and disregard all past deliberations and begin your deliberations all over again.  Each of you must disregard earlier deliberations and decide the case as if those earlier deliberations had not taken place

Now, please return to the jury room and start your deliberations from the beginning.

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5015) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5015 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 5015.  Instruction to Alternate Jurors on Submission of Case to Jury

**The jury [will soon begin/is now] deliberating, but you are still alternate jurors and are bound by my earlier instructions about your conduct.**

**Until the jury is discharged, do not talk about the case or about any of the people or any subject involved in it with anyone, not even your family or friends. Do not have any contact with the deliberating jurors. Do not decide how you would vote if you were deliberating.**

**Do not form or express an opinion about the issues in this case unless you are substituted for one of the deliberating jurors.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5016) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 5016 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 5016. Judge's Commenting on Evidence

**In this case, I have exercised my right to comment on the evidence. However, you the jury are the exclusive judges of all questions of fact and of the credibility of the witnesses. You are free to completely ignore my comments on the evidence and to reach whatever verdict you believe to be correct, even if it is contrary to any or all of those comments.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5017) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5017 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | _____ Judge | | | |

## 5017.  Polling the Jury

**After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is done to ensure that at least nine jurors have agreed to each decision.**

**The verdict form[s] that you will receive ask[s] you to answer several questions. You must vote separately on each question. Although nine or more jurors must agree on each answer, it does not have to be the same nine for each answer. Therefore, it is important for each of you to remember how you have voted on each question so that if the jury is polled, each of you will be able to answer accurately about how you voted.**

**Each of you will be provided a draft copy of the verdict form[s] for your use in keeping track of your votes.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5018) | Authorities | | | | |
|---|---|---|---|---|---|
| | • CACI 5018 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

### 5018.  Audio or Video Recording and Transcript

**A sound or video recording has been admitted into evidence, and a transcription of the recording has been provided to you. The recording itself, not the transcription, is the evidence. The transcription is not an official court reporter's transcript. The transcription was prepared by a party only for the purpose of assisting the jury in following the sound and/or video recording.**

**The transcription may not be completely accurate. It may contain errors, omissions, or notations of inaudible portions of the recording. Therefore, you should use the transcription only as a guide to help you in following along with the recording. If there is a discrepancy between your understanding of the recording and the transcription, your understanding of the recording must prevail.**

**Portions of the recording may have been deleted. The transcription also contains strikeouts or other deletions. You must disregard any deleted portions of the recording or transcription and must not speculate as to why there are deletions or guess what might have been said or done.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5019) | Authorities |  |  |  |  |
|---|---|---|---|---|---|
| | • CACI 5019 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 5019.  Questions From Jurors

**If, during the trial, any of you had a question that you believed should be asked of a witness, you were instructed to write out the question and provide it to me through my courtroom staff. I shared your questions with the attorneys, after which, I decided whether the question could be asked.**

**If a question was asked and answered, you are to consider the answer as you would any other evidence received in the trial. Do not give the answer any greater or lesser weight because it was initiated by a juror question.**

**If the question was not asked, do not speculate as to what the answer might have been or why it was not asked. There are many legal reasons why a suggested question cannot be asked of a witness. Give the question no further consideration.**

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5020) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5020 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | Judge | | |

## 5020.  Demonstrative Evidence

**During the trial, materials have been shown to you to help explain testimony or other evidence in the case.  Some of these materials have been admitted into evidence, and you will be able to review them during your deliberations.**

**Other materials have also been shown to you during the trial, but they have not been admitted into evidence.  You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.**

**JOINT JURY INSTRUCTIONS**

| Electronic Evidence Instruction (CACI 5021) | Authorities |
|---|---|
| | • CACI 5021 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

### 5021. Electronic Evidence Instruction

Some exhibits that have been admitted into evidence will be provided to you electronically. The equipment necessary to view these exhibits will be available to you in the jury room. Do not use the equipment for any purpose other than to view the electronic exhibits. Do not use it to access the Internet or any other source of information. Do not use it for any personal reason whatsoever, including but not limited to reviewing email, entertainment, or engaging in social media.

If you need technical assistance or additional equipment or supplies, you may make a request by sending me a note through the [clerk/bailiff/court attendant]. Should it become necessary for a technician to enter the jury room, stop your deliberations until the technician has left. Do not discuss with him or her, or with each other, any exhibit or any aspect of the case while the technician is present. Do not say anything to the technician other than to (1) describe the technical problem(s) and/or to (2) request instruction on how to operate the equipment.

You may request a paper copy of an exhibit received in evidence. One will be supplied, if possible.

**JOINT JURY INSTRUCTIONS**

## 5022  INTRODUCTION TO GENERAL VERDICT FORM

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ Judge | | |

I will give you a general verdict form. The form asks you to find either in favor of Plaintiffs or Defendants. It also asks you to answer [an] additional question[s] regarding damages.

I have already instructed you on the law that you are to refer to in making your determination.

At least nine of you must agree on your decision.

In reaching your verdict, you must decide whether the party with the burden of proof has proved all of the necessary facts in support of each required element of their claim or defense. You should review the elements addressed in the other instructions that I have given you and determine if at least nine of you agree that each element has been proven by the evidence received in the trial. The same nine do not have to agree on each element.

When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom and then notify the that you are ready to present your verdict in the courtroom.

**JOINT JURY INSTRUCTIONS**

## 5030.  IMPLICIT OR UNCONSCIOUS BIAS

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | _____ Judge | | | |

In your role as a juror, you must not let bias influence your assessment of the evidence or your decisions.

I will now provide some information about how bias might affect decision making. Our brains help us navigate and respond quickly to events by grouping and categorizing people, places, and things. We all do this. These mental shortcuts are helpful in some situations, but in the courtroom they may lead to biased decision making.

Bias can affect what we notice and pay attention to, what we see and hear, what we remember, how we perceive people, and how we make decisions. We may favor or be more likely to believe people whom we see as similar to us or with whom we identify. Conversely, we may disfavor or be less likely to believe people whom we see as different from us.

Although we are aware of some of our biases, we may not be aware of all of them. We refer to biases that we are not aware of as "implicit" or "unconscious." They may be based on stereotypes we would reject if they were brought to our attention. Implicit or unconscious biases can affect how we perceive others and how we make decisions, without our being aware of the effect of these biases on those decisions.

To ensure that bias does not affect your decisions in this case, consider the following steps:

1. Reflect carefully and thoughtfully about the evidence. Think about why you are making each decision and examine it for bias. Resist the urge to jump to conclusions or to make judgments based on personal likes or dislikes, generalizations, prejudices, stereotypes, or biases.

2. Consider your initial impressions of the people and the evidence in this case. Would your impressions be different if any of the people were, for example, of a different age, gender, race, religion, sexual orientation, ethnicity, or national origin? Was your opinion affected because a person has a disability or speaks in a language other than English or with an accent? Think about the people involved in this case as individuals. Focusing on individuals can help reduce the effect of biases or stereotypes on decision making.

---

**JOINT JURY INSTRUCTIONS**

3.  Listen to the other jurors. Their backgrounds, experiences, and insights may be different from yours. Hearing and sharing different perspectives may help identify and eliminate biased conclusions.

The law demands that jurors make unbiased decisions, and these strategies can help you fulfill this important responsibility. You must base your decisions solely on the evidence presented, your evaluation of that evidence, your common sense and experience, and these instructions.

**JOINT JURY INSTRUCTIONS**

| Questions from Jurors (CACI 5090) | | Authorities | | | |
|---|---|---|---|---|---|
| | | • CACI 5090 | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### 5090.  Final Instruction on Discharge of Jury

**Members of the jury, this completes your duties in this case. On behalf of the parties and their attorneys, thank you for your time and your service. It can be a great personal sacrifice to serve as a juror, but by doing so you are fulfilling an extremely important role in California's system of justice. Each of us has the right to a trial by jury, but that right would mean little unless citizens such as each of you are willing to serve when called to do so. You have been attentive and conscientious during the trial, and I am grateful for your dedication.**

**Throughout the trial, I continued to admonish you that you could not discuss the facts of the case with anyone other than your fellow jurors and then only during deliberations when all twelve jurors were present. I am now relieving you from that restriction, but I have another admonition.**

**You now have the absolute right to discuss or not to discuss your deliberations and verdict with anyone. It is appropriate for the parties, their attorneys, or representatives to ask you to discuss the case, but any such discussion may occur only with your consent and only if the discussion is at a reasonable time and place. You should immediately report any unreasonable contact to the court.**

**If you do choose to discuss the case with anyone, feel free to discuss it from your own perspective, but be respectful of the other jurors and their views and feelings.**

**Thank you for your time and your service; you are discharged.**

**JOINT JURY INSTRUCTIONS**

| Plaintiff's Special Instruction No. 1: Copyright Infringement | Authorities | | | | |
|---|---|---|---|---|---|
| | • Special No.1 | | | | |
| **Request by Plaintiff** | **X** | **Request by Defendant** | **X** | **Given on Court's Motion** | |
| **Given as Requested** | | **Given as Modified** | | | |
| **Refused** | | | | | |
| **Withdrawn** | | | | Judge | |

### Copyright Infringement

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Deon Taylor's copyright infringement claim, Deon Taylor has the burden of proving by a preponderance of the evidence that:

1. Deon Taylor is the owner of a valid copyright; and
2. Darrick Angelone and On Chain Innovations copied original expression from the copyrighted work.

If you find that Deon Taylor has proved both of these elements, your verdict should be for Deon Taylor. If, on the other hand, you find that Deon Taylor, has failed to prove either of these elements, your verdict should be for Darrick Angelone and On Chain Entertainment.

**JOINT JURY INSTRUCTIONS**

| Plaintiff's Special Instruction No. 2: Federal Computer Fraud and Abuse Act | Authorities |
|---|---|
| | • Special Instruction No. 2 |

| Request by Plaintiff | X | Request by Defendant | X | Given on Court's Motion | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | | |
| Refused | | | | | |
| Withdrawn | | | _____ Judge | | |

### Plaintiff's Special No. 1:  Computer Fraud and Abuse Act

A person or entity that attempts to commit the following offense shall be punished as described below:

1. **Intentionally accesses a computer without authorization or exceeds authorized access**

2. **Thereby obtains information from any protected computer**

**JOINT JURY INSTRUCTIONS**

**JOINT JURY INSTRUCTIONS**

## I.    17.22 Copyright — Affirmative Defense — Fair Use

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | _____ Judge | | | |

One who is not the owner of the copyright may nonetheless use the copyrighted work in certain circumstances without the consent of the copyright owner. Such use of a copyrighted work is called a **fair use.** The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendants Darrick Angelone and On Chain Innovations, LLC contend that they made fair use of the copyrighted work for the purpose of creating marketing, promotional, and digital materials, including criticism, comment, and transformative creative development. Defendants Angelone and On Chain Innovations, LLC have the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

1.    The purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

2.    The nature of the copyrighted work;

3.    The amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4.    The effect of the use upon the potential market for or value of the copyrighted work; and

5.    Any other factor that bears on the issue of fair use, including whether the defendants' use was transformative and created new meaning or expression distinct from the original.

If you find that Defendants Darrick Angelone and On Chain Innovations, LLC have proved

**JOINT JURY INSTRUCTIONS**

by a preponderance of the evidence that they made a fair use of Plaintiffs' copyrighted work, your verdict should be for Defendants Angelone and On Chain Innovations, LLC.

**JOINT JURY INSTRUCTIONS**

## II.    17.23 Copyright — Affirmative Defense — Abandonment

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____

Judge

Defendants Darrick Angelone and On Chain Innovations, LLC contend that a copyright does not exist in Plaintiffs' work because Plaintiffs abandoned the copyright. Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor cannot claim ownership of the copyright if it was abandoned. To show abandonment, Defendants Angelone and On Chain Innovations, LLC have the burden of proving each of the following by a preponderance of the evidence:

First, that Plaintiffs intended to surrender ownership rights in the work; and

Second, an act by Plaintiffs evidencing that intent.

Mere inaction or publication without a copyright notice does not constitute abandonment of the copyright; however, these may be factors for you to consider in determining whether Plaintiffs have abandoned the copyright.

If you find that Plaintiffs have proved their claims in accordance with Instruction[s] [insert cross-reference to your copyright infringement instruction(s)], your verdict should be for Plaintiffs, unless you find that Defendants Angelone and On Chain Innovations, LLC have proved each of the elements of this affirmative defense, in which case your verdict should be for Defendants Angelone and On Chain Innovations, LLC.

**JOINT JURY INSTRUCTIONS**

### III.    17.25 Copyright — Affirmative Defense — Implied License

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Defendants Darrick Angelone and On Chain Innovations, LLC contend that they are not liable for copyright infringement because Plaintiffs granted them an implied license in Plaintiffs' copyrighted work. Plaintiffs cannot claim copyright infringement against a defendant who uses, modifies, or retains the copyrighted work if Plaintiffs granted the defendant an implied license to use, modify, or retain the work.

In order to show the existence of an implied license, Defendants Angelone and On Chain Innovations, LLC have the burden of proving that:

First, the defendants requested that Plaintiffs create a work;

Second, Plaintiffs made that particular work and delivered it to the defendants; and
Third, Plaintiffs intended that the defendants use, modify, or retain the work.

If you find that Defendants Angelone and On Chain Innovations, LLC have proved by a preponderance of the evidence that Plaintiffs granted them an implied license to use, modify, or retain the copyrighted work, your verdict should be for Defendants Angelone and On Chain Innovations, LLC on that portion of the copyright infringement claim.

**JOINT JURY INSTRUCTIONS**

### IV.    17.25A Copyright — Affirmative Defense — Express License

| Requested by Plaintiffs | | Requested by Defendants | X | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Defendants Darrick Angelone and On Chain Innovations, LLC contend that they are not liable for copyright infringement because Plaintiffs granted them an express license to copy, distribute, and use Plaintiffs' copyrighted work. Plaintiffs cannot claim copyright infringement against a defendant who copies, distributes, or uses Plaintiffs' copyrighted work if Plaintiffs granted the defendant an express license to copy, distribute, or use the work.

To show the existence of an express license, Defendants Angelone and On Chain Innovations, LLC have the burden of proving that they received an express license to copy, distribute, or use Plaintiffs' copyrighted work.

If Defendants Angelone and On Chain Innovations, LLC prove this, the burden shifts to Plaintiffs to show that Defendants' copying, distribution, or use of Plaintiffs' copyrighted work exceeded the scope of the license.

If you find that Defendants Angelone and On Chain Innovations, LLC have proved that Plaintiffs granted them an express license to copy, distribute, or use the copyrighted work, your verdict should be for Defendants Angelone and On Chain Innovations, LLC on that portion of the copyright infringement claim, unless Plaintiffs prove that Defendants' copying, distribution, or use of Plaintiffs' copyrighted work exceeded the scope of the license. If Plaintiffs prove this, your verdict must be for Plaintiffs.

**JOINT JURY INSTRUCTIONS**

Dated:  December 9, 2025

**NEWELL LAW GROUP PC**

/s/ *Felton T. Newell*

_____

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC;
HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

**JOINT JURY INSTRUCTIONS**