UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                               Court Reporter:
Rita Sanchez                                 Not Reported

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
None Present                                 None Present

**Proceedings (In Chambers):**    ORDER RE: MOTIONS IN LIMINE [210] [211] [213] [214] [215]; PRETRIAL CONFERENCE FILINGS

Before the Court are five Motions in Limine (the "Motions") filed by Defendants and Cross Claimants Darrick Angelone, et al. on December 1, 2025. (Docket Nos. 210, 211, 213, 214, 215). Plaintiffs Hidden Empire, et al. filed Oppositions to each of the Motions in Limine on December 9, 2025. (Docket Nos. 220-224).

The Court has read and considered the papers filed in connection with the Motions and held a hearing on **December 22, 2025**.

The Court rules as follows:

- Motion in Limine No. 1 (Docket No. 210) is **GRANTED** to exclude evidence of insurance and financial condition of Defendants. Evidence of financial condition is only minimally probative, if at all, and thus is excluded under Rule 403.

- Motion in Limine No. 2 (Docket No. 213) is **GRANTED** *in part* **and DENIED** *in part.* The Motion is **GRANTED** as to the 2015 lawsuit involving Angelone because Plaintiffs offer no reason why the lawsuit is relevant. The Motion is **DENIED** as to the evidence of Icelandic Domains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025

**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

and "online personas" of Defendants because it is highly probative of Plaintiffs' claims and minimally prejudicial. The Motion is further **DENIED** as to the "rhetoric" of spoliation as a disguised motion for summary judgment.

- Motion in Limine No. 3 (Docket No. 214) is **DENIED.** There is no basis for exclusion of Ms. Burke's opinions under the Rules cited by Defendants.

- Motion in Limine No. 4 (Docket No. 215) is **DENIED**. Evidence or "rhetoric" supporting Plaintiffs' damages is not unduly prejudicial and Plaintiffs have personal knowledge of this evidence.

- Motion in Limine No. 5 (Docket No. 211) is **DENIED** as speculative, vague, and premature.

## I. BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Denying Plaintiffs' Motion for Partial Summary Judgment (the "Prior Order") (Docket No. 204). Therefore, the Court will not repeat all of those facts here but incorporates by reference the factual background from the Prior Order.

## II. FAILURE TO OBSERVE COURT PROCEDURES

Before addressing the substance of the Motions, the Court notes that the parties have failed to comply with various Local Rules and provisions of the Court's standing Order Re Jury Trial filed in this case on February 14, 2023 (Docket No. 47):

- Most relevant to this Motion, Defendants' alleged failure to meet and confer as required by the Court's Order Re Jury Trial issued in this action on February 14, 2023. (Order Re Jury Trial at II.B.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

- Failure to take all depositions before the cut-off date without leave of the Court. As of the date of the Final Pretrial Conference on December 22, 2025, it has been over five months since the expert discovery cut-off date. (*See* Docket No. 183). The Order Re Jury Trial states that "[f]ailure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness." (*See* Order Re Jury Trial at I.B.6).
- Failure to meet and confer as to any stipulated facts pursuant to Local Rule 16-2.2.
- Failure to indicate in the witness lists a brief description of the testimony. (Order Re Jury Trial at II.A.4).
- Failure to file the proposed final pretrial conference order on the docket pursuant to the Order Re Jury Trial and the instruction of the Court's staff. (*See* Order Re Jury Trial at II.A.3.b).
- Failure to file Jury Instructions that conform to the Order Re Jury Trial in the following ways:
    - Failure to fill in the bracketed information from the model jury instructions. (Order Re Jury Trial II.C.2).
    - Failure to create an index of jury instructions. (Order Re Jury Trial at II.C.7).
- Failure to file a joint statement of the case. (Order Re Jury Trial at II.A.3.b).

     These various violations of the Court's Order Re Jury Trial and the Local Rules leave the Court with significant doubts about the parties' readiness for trial. While it is one thing for the parties to be unprepared to meet and discuss issues with the Court, the Court will not tolerate the possibility that the parties will be unprepared for trial and risk wasting the time of the jury. The Court seriously cautions the parties against any future violations of the Court's procedures should they wish to proceed with trial in January.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-06515-MWF (AGRx)          Date: December 22, 2025
Title: Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

The parties shall file corrected versions of these documents by **January 6, 2026 at 12 p.m**.

### III. MOTIONS IN LIMINE

#### A. Motion in Limine No. 1 to Preclude Reference to Insurance and Financial Status of the Parties

Defendants seek to exclude any evidence that Defendants possessed insurance and evidence of Defendants' financial condition.

As an initial matter, Plaintiffs do not oppose precluding any reference to Defendants' insurance, and thus the Motion is **GRANTED** as to evidence of insurance.

As to the evidence of financial condition, Defendants argue that to the extent any reference to financial condition is relevant, any probative value is outweighed by prejudice to Defendants. (Motion at 2-3). Plaintiffs counter that they intend to introduce evidence of AONE and Angelone's "minimal commercial activity" to undermine the allegation that Plaintiffs intended to partner with Defendants or to defraud Defendants. (Opp. at 5). Plaintiffs argue that Defendants' cited case, *Love v. Wolf,* 226 Cal. App. 2d 378, 388-89, 38 Cal. Rptr. 183 (1964), supports their relevance argument: Plaintiffs do not seek to introduce this evidence to "prove liability or an award of damages," but this type of evidence can be relevant to "show a motive or reason" for another factual issue in the case.

But Plaintiffs' own arguments seem to undermine the notion that evidence of *financial* condition or wealth is relevant to Plaintiffs' defenses. It does not follow that evidence of "commercial activity" or a limited "client base" must necessarily include references to the wealth of the Defendants. Perhaps more critically, it is not clear from Plaintiffs' Opposition that Plaintiffs even knew any facts about Defendants' wealth at the time the alleged fraud occurred, or at the time Plaintiffs allegedly proposed a partnership with Defendants. Accordingly, it is not persuasive that this evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

would be relevant to support the motive or intent of Plaintiffs at the time of any putative proposed partnership or fraud on Defendants.

At the hearing, Plaintiffs pressed the point that Defendants have not had much activity in social media and marketing since the end of their relationship with Plaintiffs. Plaintiffs argued that this evidence of sparse business activity should be admissible notwithstanding the prejudice associated with evidence of wealth. But as the Court indicated at the hearing, this articulation of relevance is quite thin considering Plaintiffs' claims. Accordingly, even accepting this relevance argument, the Court holds that it is outweighed by the risk of prejudice of introducing evidence of wealth or financial condition to the jury. *See Love,* 226 Cal. App. 2d at 388.

The Motion is thus **GRANTED** as to evidence of the wealth or financial condition of the Defendants.

### B. Motion in Limine No. 2 to Preclude Reference to Irrelevant and Prejudicial Allegations

Defendants argue for exclusion of five categories of evidence: (1) references to "Icelandic Domains;" (2) references to "online-persona allegations;" (3) rhetoric regarding "spoliation," "erasure," and "deletion;" (4) references of a 2015 default judgment or other unrelated cases in which Angelone was involved.

#### 1. Icelandic Domains, Online Personas

As to the references to the "Icelandic Domains" and "online-personas" of Angelone, the Court agrees with Plaintiffs' arguments that this evidence is highly relevant to Plaintiffs' claim that Defendants improperly deleted Plaintiffs' accounts. (*See* Opp. at 10). As the parties are aware from the evidentiary hearing on terminating sanctions, the evidence of domains and online handles are central to connecting Angelone to other evidence of this deletion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

Defendants' primary argument that this evidence is unduly prejudicial or confusing to the jury is that the issue has already been addressed in the sanctions context and rejected. (Motion at 6). But the sanctions Order does not preclude these issues for trial, as the Court did not enter judgment against either party on any claim or defense. The Court's Order on terminating sanctions was under a different standard and considered a limited record at a much earlier stage of the case. Had Defendants wished to challenge the sufficiency of Plaintiffs' evidence on this claim, they were free to do so at summary judgment.

As to the "online-personas" of Defendants, Defendants assert that admitting this evidence requires the parties "to litigate who did or did not run a gossip site years ago, and they invite jurors to infer that a supposed 'internet troll' must also be a bad business partner here." (Motion at 7). But as discussed above, these account handles are highly relevant for connecting Angelone to the accounts putatively behind the deletion of Plaintiffs' files. Accordingly, Plaintiffs' usage is clearly admissible for these other purposes. *See* Fed. R. Ev. 404(b). Moreover, at the hearing, Plaintiffs articulated the purpose for which they seek to admit this evidence, and Defendants did not object to that usage.

Accordingly, the Motion is **DENIED** as to references to the Icelandic Domains or the online personas of Defendants. Plaintiffs do not seek to use this evidence for an improper purpose, nor have Defendants articulated why the admission of this evidence for the purpose put forward by Plaintiffs would have any prejudicial effect that outweighs its probative value.

### 2. "Rhetoric" of Spoliation

Defendants next argue that any "rhetoric" of "spoliation," "erasure," or "deletion" regarding the Google Workspace account should be excluded. (Motion at 7-10). To support this argument, Defendants put forward their own version of the facts surrounding the deletion of the Google account and urge the Court to reject the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

"narrative" put forward by Plaintiffs that Defendants insist "has already failed when this Court denied Plaintiff's sanctions motion." (*Id.*).

Defendants' arguments here are no more than backdoor attempts at summary judgment. Again, as discussed above, that the Court issued findings of fact in the context of the prior discovery sanctions hearing does not preclude any evidence being heard at trial. If Defendants had desired to contest the sufficiency of Plaintiffs' evidence on this issue, Defendants were free to bring a summary judgment motion to do just that.

Accordingly, the Motion is **DENIED** as to the request to preclude "rhetoric" of spoliation or deletion.

### 3. Unrelated Litigation

As to the putative evidence of unrelated litigation, it appears that the parties misunderstand each other. Plaintiffs appear to have understood Defendants' Motion as indicating that Defendants will introduce prior lawsuits involving ***Plaintiffs***. (Opp. at 11). But Defendants' Motion seeks to preclude evidence of a 2015 lawsuit against ***Angelone***. Plaintiffs thus do not seem to directly address the relevance of any 2015 lawsuit involving Angelone, nor do they argue for the inclusion of this evidence in any meaningful way.

Because Plaintiffs have not articulated any possible relevance for evidence of the 2015 lawsuit, the Motion is **GRANTED** as to evidence of this particular lawsuit.

### C.    Motion in Limine No. 3 to Preclude Unproduced Digital Audit Logs, Screenshots, and Related IP Data

Defendants next argue that certain documents should be excluded under Rule 37 and various evidentiary rules for failing to produce the complete native files obtained from third parties such as Google, Meta, X/Twitter, and Cellebrite. (Motion at 1-3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)           **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

Defendants also argue that Plaintiffs failed to produce native versions of emails and messaging-app communications. (*Id.*). Defendants also argue that the expert testimony of Ms. Burke should be excluded to the extent they rely on these documents. (*Id.* at 8-11).

### 1. Exclusion Under Discovery Rules

As to whether exclusion is warranted under Rule 37, the Court agrees with Plaintiffs that this argument was waived by Defendants' failure to move to compel these documents before the deadline for hearing motions elapsed. (Opp. at 7). Local Rule 37 lays out an extensive process for bringing such a sanctions motion, including a meeting and conferring, filing a stipulation, and bringing a noticed motion. Much as the Court would refuse to entertain a motion for summary judgment at this stage, the Court will not allow Defendants to belatedly litigate a Rule 37 motion.

Moreover, Defendants have had notice of these documents since the evidentiary hearing, where Ms. Burke testified before the Court on the basis of her review of these putatively unproduced documents. Accordingly, even if Defendants moved for sanctions under Rule 37, any purported surprise or prejudice would likely be very slight, if it existed at all. And finally, given that Ms. Burke's deposition occurred only *after* filing this Motion, the failure to move to compel these documents underlying her expert report could have easily been cured by a timely noticed motion to compel, to the extent that Plaintiffs were obligated to produce them.

Because Defendants have utterly failed to comply with these procedural rules and have sat on their rights for over a year, the Motion is **DENIED**.

### 2. Exclusion Under Rules of Evidence

Defendants next argue that apart from Rule 37, the evidence should be excluded because certain of these documents are "incomplete, ambiguous, and pose a serious risk of unfair prejudice and jury confusion." (Motion at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

---

Defendants first assert that they cannot "test" one of the screenshots that Ms. Burke references in her report because they never received the underlying native file. (*Id.* 8-9). Again, this argument is unavailing as a basis for exclusion. Defendants never address why Ms. Burke's testimony at trial could not cure any authentication or accuracy issues under Rule 901 about how this particular screenshot was captured from the underlying files, particularly because Defendants concede that they had equal access to the third-party subpoena returns from Google, X/Twitter, Instagram, Namecheap, and Charter. (*Id.* at 3, 11). Additionally, to the extent that Defendants challenge the non-disclosure of other native files obtained as a result of the third-party subpoenas, the Court similarly rejects these objections given that Defendants seem to admit having access to these subpoena returns. (*Id.* at 10-11).

Defendants finally argue that these documents should not be admitted because any "marginal" probative value is outweighed by the risk of prejudice and confusion of the jury. (Motion at 10). Defendants' argument as to the probative value of this evidence is again premised on what the Court did or did not find in the Order as to terminating sanctions, and thus is not persuasive for the reasons explained above. (*See id.* at 9-10). As to whether the evidence will prejudice the jurors, Plaintiffs are correct that they are permitted to prove their claims premised on the deletion of their Google accounts at trial, and that this evidence is relevant to that question.

==At the hearing, Plaintiffs confirmed that they had provided all documents relied upon by Ms. Burke. Defendants agreed that with that condition fulfilled, they did not further object to Ms. Burke testifying as to her opinions gleaned from these disclosed documents.== Accordingly, Motion in Limine No. 3 is **DENIED.**

### D. Motion in Limine No. 4 to Preclude Reference to Undisclosed or Speculative Damages

Defendants argue with this Motion that the Court should exclude references by Plaintiffs of "round-number figures" and putatively "unsupported" damages testimony. (Motion at 3-4). Defendants also argue that the evidence supporting Angelone's

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-06515-MWF (AGRx)**            **Date:  December 22, 2025**
**Title:**  Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

---

deletion of Plaintiffs' financial records should not be admitted given the Court's findings at the evidentiary hearing, but the Court will not explain again why that argument is unavailing.  (*See id.* at 4).

As to first two requests, the Motion is plainly too vague and speculative for adjudication in a motion in limine.  The request to preclude the use of "round numbers" to estimate Plaintiffs' damages is quite plainly unenforceable.  The second argument that Plaintiffs have not adequately supported their damages with expert analysis or computation is similarly unavailing.  Perplexingly, despite taking issue with the lack of expert testimony as to damages, Defendants cite to Rules 702 and 703, which are rules applying to experts. (Motion at 7).  Perhaps the analogue to Rules 702 and 703 for lay witness testimony is the requirement that all witnesses have personal knowledge of the matter under Rule 602, but that requirement is easily established here.  Plaintiffs themselves would quite clearly have personal knowledge of any damages suffered because of the putative illegal acts of Defendants.

While Defendants argued that they would be prejudiced by the individual Plaintiffs in this case testifying as to lost opportunities or lost data as a basis for damages, the Court explained at the hearing why that was unavailing.  Plaintiffs can testify to any putative harm suffered because of Defendants' actions, and it is up to the jury to decide whether that testimony is credible or not.  Moreover, as the Court explained, this argument sounds much more akin to a factual dispute about whether Plaintiffs have sufficient evidence to prove damages, rather than whether the evidence should be excluded under the Rules of Evidence.

Finally, as to whether the description of Plaintiffs' loss as "devastating" is unduly prejudicial, this argument is again wholly without merit.  As Plaintiffs respond, all relevant evidence is inherently prejudicial.  (Opp. at 10 (quoting *United States v. Abel,* 469 U.S. 45, 50 (1984)).  Defendants have pointed to no more prejudice than is inherent in evidence submitted against them.

Accordingly, Motion in Limine No. 4 is **DENIED**.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-06515-MWF (AGRx)Date:  December 22, 2025
Title:  Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

### E. Motion in Limine No. 5 to Limit Trial Testimony of Experts to Opinions Testified To in Deposition

Defendants next seek to limit the testimony of Plaintiffs' expert Ms. Burke to "those opinions testified to in deposition, and to limit her testimony to that evidence and documents relied upon for her opinions at her deposition." (Motion at 2). Notably, Ms. Burke's deposition *had not yet occurred* as of the filing of this Motion. Defendants, accordingly, articulate no particular testimony to be excluded at trial, nor can they articulate any basis under the Rules of Evidence for excluding such unknown testimony. Therefore, the Motion is **DENIED** as speculative, vague, and premature. At the hearing, the Court indicated that Defendants could file a renewed Motion in Limine as to Ms. Burke's testimony now that her deposition is completed. The requirements of a renewed filing are set out below.

### IV. CONCLUSION

The Court rules as follows:

- Motion in Limine No. 1 is **GRANTED** as to evidence of Defendants' wealth or financial condition and insurance.

- Motion in Limine No. 2 is **GRANTED** *in part* **and DENIED** *in part*. The Motion is **GRANTED** as to the 2015 lawsuit against Angelone. The Motion is **DENIED** as to the exclusion of the Icelandic Domains, online personas, and "rhetoric" of spoliation.

- Motion in Limine No. 3 is **DENIED** because there is no basis for exclusion of Ms. Burke's opinions under the Rules cited by Defendants.

- Motion in Limine No. 4 is **DENIED** because Plaintiffs have personal knowledge to testify to damages and the evidence is not unduly prejudicial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06515-MWF (AGRx)          **Date:** December 22, 2025
**Title:** Hidden Empire Holdings, LLC et al. v. Darrick Angelone, et al.

- Motion in Limine No. 5 is **DENIED** as vague and premature.

At the hearing, the Court indicated that since the depositions were now completed, Defendants may file a renewed Motion in Limine as to Ms. Burke. The Motion shall be no longer than five pages and shall be filed by **January 2, 2026**. Plaintiffs may file an Opposition that is no longer than five pages, which shall be filed by **12 p.m. on January 6, 2026**. The parties shall meet and confer prior to filing such a Motion in Limine pursuant to the Court's Order Re Jury Trial. If the parties again fail to meet and confer, the Motion shall be summarily denied.

As discussed at the hearing, the Court **FURTHER ORDERS** the parties to submit proposals for narrowing the Jury Instructions and Verdict Form for trial by **January 6, 2026, at 12 p.m.** While the Court strongly prefers joint filings, the parties may unilaterally file competing proposals. The parties may submit any other amended pretrial documents as described above by that date and time as well.

Finally, the Court sets a further pretrial conference on **January 7, 2026, at 1:30 p.m.** to discuss these and other final matters in advance of trial.

IT IS SO ORDERED.