FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
CHRISTINE SAID (State Bar #344348)
christine@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,

Plaintiffs,

vs.

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Defendants.

**CASE NO.: 2:22-cv-06515-MWF-AGR**
Hon. Michael W. Fitzgerald, Dept. 5A

**FINAL PRETRIAL CONFERENCE ORDER**

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are:

Plaintiffs and Counterclaim-Defendants: Hidden Empire Film Group, LLC; Hyper Engine, LLC; and Deon Taylor (collectively, "Plaintiffs").

Defendants and Counterclaimants: Darrick Angelone; AOne Creative, LLC; and On Chain Innovations, LLC (collectively, "Defendants").

Third-Party Plaintiffs: Defendants Darrick Angelone; AOne Creative, LLC; and On Chain Innovations, LLC (collectively, "Third-Party Plaintiffs")

Third-Party Defendant: Roxanne Taylor ("Third-Party Defendant").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are**:**

i. Plaintiffs' First Amended Complaint;
ii. Defendants' Answer to the First Amended Complaint;
iii. Defendants and Counterclaimants' Fourth Amended Counterclaims;
iv. Third-Party Complaint against Roxanne Taylor;
v. Plaintiffs and Third-Party Defendant Roxanne Taylor's Answer to the Third-Party Complaint and Fourth Amended Counterclaims

2. Federal jurisdiction and venue are invoked upon the grounds:

Plaintiffs allege federal-question jurisdiction under 28 U.S.C. § 1331 and 17 U.S.C. § 501 because the First Amended Complaint asserts claims under the Computer Fraud and Abuse Act (18 U.S.C. § 1030) and federal copyright law. Plaintiffs further allege supplemental jurisdiction over their state-law claims under 28 U.S.C. § 1367. Plaintiffs allege that personal jurisdiction exists because Defendants conduct business in California and have continuous, systematic, and purposeful contacts with the state.

Venue is alleged to be proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Defendants/Counterclaimants admit Plaintiffs' jurisdictional and venue allegations for purposes of the action.

3. Plaintiffs estimate that the trial will take nine trial days. Defendants estimate that the trial will take eleven trial days.

4. The trial is to be a Jury trial.

At least seven (7) days prior to the trial date, the parties shall file and serve proposed jury instructions as required by L.R. 51-1 and any special voir dire questions.

5. The following facts are admitted and require no proof:

The parties have not yet reached agreement regarding admitted or undisputed facts.

The parties will meet and confer in an effort to identify any facts that may be jointly stipulated to and will submit an updated stipulation of admitted facts prior to the Final Pretrial Conference.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

The parties have not yet reached agreement regarding admitted or undisputed facts.

The parties will meet and confer in an effort to identify any facts that may be jointly stipulated to and will submit an updated stipulation of admitted facts prior to the Final Pretrial Conference.

7. Claims, Counterclaims, and Affirmative Defenses to Be Presented at Trial

**Plaintiffs:**

(a) Plaintiffs will pursue the following claims against the following defendants:

Claim 1: Defendants Darrick Angelone and AOne Creative LLC breached their contract with Plaintiff Hidden Empire Film Group ("HEFG")

Claim 2: Defendants Darrick Angelone and AOne Creative LLC violated the Computer Fraud and Abuse Act.

Claim 3: Defendants Darrick Angelone and AOne Creative LLC violated the Computer Fraud and Abuse Act.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Claim 4: Defendants Darrick Angelone and AOne Creative LLC violated the Computer Fraud and Abuse Act.

Claim 5: Defendants Darrick Angelone and AOne Creative LLC violated the California Computer Data Access and Fraud Act.

Claim 6: Defendants Darrick Angelone and AOne Creative LLC violated the California Computer Data Access and Fraud Act.

Claim 7: Defendants Darrick Angelone and AOne Creative LLC violated the California Computer Data Access and Fraud Act.

Claim 8: Defendants Darrick Angelone and AOne Creative LLC are liable for Conversion.

Claim 9: Defendants Darrick Angelone and AOne Creative LLC infringed Plaintiffs' copyright.

(b) The elements required to establish Plaintiff's claims are:
1. Breach of Contract, Claim No.1:

(1) Existence of a valid contract; (2) performance or excuse by Plaintiffs; (3) breach by Defendants; (4) harm; (5) causation.

2. Computer Fraud and Abuse Act, Claim Nos. 2-4

(1) a defendant has accessed a protected computer; (2) without authorization or by exceeding such authorization as was granted; (3) engaging in one of the following: (a) knowingly causing the transmission of a command and causing damage; (b) intentionally accessing a protected computer without authorization and recklessly causing damage and (4) causing loss to one or more persons during any one-year period aggregating at least $5,000 in value.

3. Violation of Computer Data Access and Fraud Act, Claim Nos. 6-7

(1) Ownership of computer network; (2) engaging in one of the following: (a) locking Plaintiff out of its private corporate accounts; (b) changing the passwords for Plaintiff's websites and domains; (c) refusing to relinquish the administrator credential; (d) downloading Plaintiff's videos and posting them to the internet; (e) deleting Plaintiff's Google Workspace account; (3) without permission; (4) harm; (5) substantial factor in causing harm

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

4. Conversion, Claim No. 8

(1) Plaintiff had ownership of its Google Workspace Account; (2) a defendant substantially interfered with Plaintiffs' property by knowingly: (a) taking possession of their Google Workspace Account, (b) preventing Plaintiffs from having access to their Google Workspace Account destroying the Google Workspace Account and/or refusing to return the Google Workspace Account after Plaintiffs demanded its return; (3) that Plaintiffs did not consent; (4) that Plaintiffs were harmed; and (5) that Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

5. Copyright Infringement, Claim No. 9

(1) Plaintiffs are the owner of a valid copyright, and (2) the Defendants copies original expression from the copyrighted work.

(c) <u>In brief, the key evidence Plaintiff relies on for each claim:</u>

1.Breach of Contract:

(1) Existence of a valid contract;

- April 26, 2012 Agreement between predecessor entities

(2) performance or excuse by Plaintiffs;

- Testimony by Plaintiffs

(3) breach by Defendants;

- Correspondence in which Angelone claimed to have ownership of Defendants' intellectual property
- Correspondence in which Angelone refused to provide Plaintiffs access to the Google Workspace account, social media accounts and other electronic assets

(4) harm;

- Testimony by Plaintiffs

(5) causation

- Testimony by Plaintiffs

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

2.Computer Fraud and Abuse Act

(1) a defendant has accessed a protected computer;

- Google correspondence regarding deletion of Google Workspace Account

(2) without authorization or by exceeding such authorization as was granted;

- Testimony by Plaintiffs

(3) engaging in one of the following: (a) knowingly causing the transmission of a command and causing damage; (b) intentionally accessing a protected computer without authorization and recklessly causing damage

- Testimony by Plaintiffs

- Google correspondence regarding deletion of Google Workspace Account
- Hollywood Street King article mentioning video of Deon Taylor
- Correspondence in which Angelone refused to provide Plaintiffs access to the Google Workspace account, social media accounts and other electronic assets
- Testimony regarding Plaintiffs' lack of access to the Google Workspace account, social media accounts and other electronic assets

(4) causing loss to one or more persons during any one-year period aggregating at least $5,000 in value.

- Testimony by Plaintiffs

3. Computer Data Access and Fraud Act

(1) Ownership of computer network;

- Testimony by Plaintiffs

(2) engaging in one of the following: (a) locking Plaintiff out of its private corporate accounts; (b) changing the passwords for Plaintiff's websites and domains; (c) refusing to relinquish the administrator credential; (d) downloading Plaintiff's videos and posting them to the internet; (e) deleting Plaintiff's Google Workspace account;

- Testimony by Plaintiffs

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

- Google correspondence regarding deletion of Google Workspace Account
- Hollywood Street King article mentioning video of Deon Taylor
- Correspondence in which Angelone refused to provide Plaintiffs access to the Google Workspace account, social media accounts and other electronic assets
- Testimony regarding Plaintiffs' lack of access to the Google Workspace account, social media accounts and other electronic assets

(3) without permission;

- Testimony by Plaintiffs

(4) harm;

- Testimony by Plaintiffs

(5) substantial factor in causing harm

- Testimony by Plaintiffs

4. Conversion

(1) Plaintiff had ownership of its Google Workspace Account;

- Testimony from Plaintiffs

(2) a defendant substantially interfered with Plaintiffs' property by knowingly: (a) taking possession of their Google Workspace Account, (b) preventing Plaintiffs from having access to their Google Workspace Account destroying the Google Workspace Account and/or refusing to return the Google Workspace Account after Plaintiffs demanded its return;

- Google correspondence regarding deletion of Google Workspace Account
- Hollywood Street King article mentioning video of Deon Taylor
- Correspondence in which Angelone refused to provide Plaintiffs access to the Google Workspace account, social media accounts and other electronic assets
- Testimony regarding Plaintiffs' lack of access to the Google Workspace account, social media accounts and other electronic assets

(3) that Plaintiffs did not consent;

- Testimony from Plaintiffs

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

(4) that Plaintiffs were harmed; and

- Testimony from Plaintiffs

(5) that Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

- Testimony from Plaintiffs

5.Copyright Infringement

(1) Plaintiffs are the owner of a valid copyright, and

- Copyright information

(2) the Defendants copies original expression from the copyrighted work.

- Documents reflecting infringement by Defendants

Plaintiffs'/Third Party Defendant's Affirmative Defenses to Defendants' Counterclaims:

Failure to State a Claim (Counterclaimants' Unjust Enrichment Claim)

Unclean Hands

- Testimony by Plaintiffs

Lack of Consideration

- Testimony by Plaintiffs

Offset/Prior Payment

- Testimony by Plaintiffs

Consent

- Testimony by Plaintiffs

Ratification

- Testimony by Plaintiffs

Unjust Enrichment

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

- Testimony by Plaintiffs

Counter Defendants' Full Performance of Contract

- Testimony by Plaintiffs

Inability to Prove Damages

- Testimony by Plaintiffs

Speculative Damages

- Testimony by Plaintiffs

No Enforceable Agreement

- Testimony by Plaintiffs

No Mutual Assent

- Testimony by Plaintiffs

Defendants / Counterclaimants:

(a) Defendant plans to pursue the following counterclaims and affirmative defenses:

**Counterclaims:**

1. Breach of Express Oral Contract
2. Breach of Implied Contract
3. Breach of Fiduciary Duty
4. Promissory Fraud (False Promise)
5. Unjust Enrichment / Restitution
6. Declaratory Relief
7. Quantum Meruit

**Affirmative Defenses:**

1. Failure to Mitigate
2. Waiver, Consent, Ratification, and Acquiescence
3. Estoppel
4. Comparative Fault / Fault of Others
5. Offset / Prior Payment

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

6. Fraud and Concealment by Plaintiffs
7. Breach of the Implied Covenant of Good Faith and Fair Dealing
8. Unjust Enrichment (as a defense)
9. Performance, Discharge, and Excuse (including impracticability)
10. Modification and Novation
11. Lack of Contract Formation / Lack of Mutual Assent

**(b) The elements required to establish Defendant's counterclaims and affirmative defenses are:**

**Counterclaims**

**Breach of Express Oral Contract:**
(1) Existence of a valid oral contract; (2) Performance or excuse by Counterclaimants; (3) Breach by Counter-Defendants; (4) Harm; (5) Causation.

**Breach of Implied Contract:**
Same elements as express contract; agreement inferred from conduct.

**Breach of Fiduciary Duty:**
(1) Existence of fiduciary relationship; (2) Breach; (3) Harm; (4) Causation.

**Promissory Fraud:**
(1) Promise; (2) No intent to perform when made; (3) Intent to induce reliance; (4) Reasonable reliance; (5) Nonperformance; (6) Damages.

**Unjust Enrichment / Restitution:**
(1) Benefit received by Counter-Defendants; (2) Unjust retention; (3) Restitution required.

**Declaratory Relief:**
(1) Actual controversy; (2) Judicial declaration resolves uncertainty.

**Quantum Meruit:**
(1) Services/benefits conferred; (2) At request or with expectation of compensation; (3) Reasonable value; (4) Nonpayment.

**Affirmative Defenses**

**Failure to Mitigate:**
(1) Plaintiffs failed to take reasonable steps to reduce damages; (2) Damages would have been reduced.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**Waiver / Consent / Ratification / Acquiescence:**
(1) Knowledge of rights; (2) Intentional relinquishment or consent; (3) Causation.

**Estoppel:**
(1) Plaintiffs knew true facts; (2) Intended reliance or acted to induce reliance; (3) Defendants unaware of true facts; (4) Reliance and prejudice.

**Comparative Fault / Fault of Others:**
(1) Plaintiffs' or third parties' conduct contributed to damages; (2) Liability should be reduced accordingly.

**Offset / Prior Payment:**
(1) Plaintiffs seek monetary recovery; (2) Plaintiffs owe amounts to Defendants; (3) Judgment must be reduced.

**Fraud / Concealment by Plaintiffs:**
(1) Misrepresentation or concealment; (2) Intent; (3) Reliance; (4) Harm.

**Breach of Implied Covenant:**
(1) Contract existed; (2) Plaintiffs unfairly interfered with Defendants' contractual benefits; (3) Injury resulted.

**Unjust Enrichment:**
(1) Benefit conferred on Plaintiffs; (2) Equity bars further recovery.

**Performance / Discharge / Excuse:**
(1) Defendants performed or were excused; (2) Plaintiffs' conduct or circumstances excused nonperformance.

**Modification / Novation:**
(1) Prior contract; (2) Later agreement modifying or replacing it; (3) New agreement governs.

**Lack of Contract Formation / Mutual Assent:**
(1) No meeting of the minds on essential terms; (2) No enforceable contract for disputed conduct.

(c) **In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:**

**<u>Counterclaims</u>**

**Counterclaim 1 – Breach of Express Oral Contract**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Key evidence includes:

- March 1, 2018 and December 1, 2019 Hyper Engine operating agreements reflecting Angelone's 33.33% ownership interest.
- Communications from Deon and Roxanne Taylor referring to Angelone as a "partner" and acknowledging ownership.
- Years of performance by Angelone and his entities consistent with the agreed-upon ownership and compensation structure.
- Evidence of Counter-Defendants' refusal to recognize Angelone's ownership interest, exclusion from decisions, and denial of profit participation.
- Evidence of resulting financial harm, lost profits, and lost ownership value.

**Counterclaim 2 – Breach of Implied Contract**

Key evidence includes:

- Continuous course of dealing over several years showing a mutual understanding that Angelone would receive ownership and compensation.
- Plaintiffs' repeated acceptance and use of Defendants' work—including websites, digital assets, branding, and marketing campaigns—without objection.
- Communications encouraging Defendants' continued involvement and affirming partnership-like roles.
- Evidence that Plaintiffs benefited from the work while failing to pay or recognize Angelone's ownership rights.

**Counterclaim 3 – Breach of Fiduciary Duty**

Key evidence includes:

- Evidence establishing Angelone's one-third ownership interest, creating fiduciary obligations of loyalty and disclosure.
- Communications where the Taylors represented that Angelone was a founding partner entitled to participate in governance.
- Evidence that Plaintiffs diverted business opportunities, concealed financial information, and excluded Angelone from company management and profits.
- Documentation showing use of Hyper Engine assets and opportunities for the Taylors' personal or affiliated-entity benefit without consent.
- Resulting economic harm and deprivation of ownership rights.

**Counterclaim 4 – Promissory Fraud (False Promise)**

Key evidence includes:

- Promises by Deon and Roxanne Taylor regarding Angelone's 33.33% ownership interest and future profit participation.
- Communications and conduct showing Plaintiffs reaffirmed these promises to induce continued work.
- Evidence that Plaintiffs never intended to honor the promises, as shown by refusal to recognize ownership and exclusionary conduct.
- Substantial reliance by Defendants, including investment of time, labor, strategy, digital development, and expenses.
- Evidence that the promises were knowingly false when made.

**Counterclaim 5 – Unjust Enrichment / Restitution**

Key evidence includes:

- Extensive unpaid services by Defendants, including web development, branding, marketing, and technical infrastructure.
- Plaintiffs' continued use of Defendants' work (websites, film-campaign assets, digital content, pitch decks, investor materials).
- Unpaid invoices from May–August 2022.
- Evidence showing Plaintiffs received substantial benefits without compensating Defendants.
- Evidence of inequity if Plaintiffs retain these benefits without restitution.

**Counterclaim 6 – Declaratory Relief**

Key evidence includes:

- Conflicting communications and documents regarding Angelone's ownership rights.
- The two written Hyper Engine operating agreements showing Angelone's ownership interest.
- Plaintiffs' repudiation of Angelone's ownership despite years of conduct confirming it.
- The parties' contradictory positions in pleadings and discovery.
- Evidence demonstrating an active, present controversy requiring declaratory resolution.

**Counterclaim 7 – Quantum Meruit**

Key evidence includes:

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

- Services performed by Defendants at Plaintiffs' request, including marketing, branding, website development, social-media infrastructure, and digital asset creation.
- Communications showing Plaintiffs sought and relied on these services.
- Evidence that Defendants expected compensation and that such expectation was reasonable.
- Documentation of unpaid invoices and the market value of the services rendered.
- Plaintiffs' retention and use of the benefits without paying reasonable value.

## Affirmative Defenses

**Affirmative Defense 1 – Failure to Mitigate**

Key evidence includes:

- Plaintiffs' failure to implement reasonable security, backup, and account-access protocols for their own systems.
- Plaintiffs' decisions increasing alleged damages, including failure to adopt simple corrective measures.

**Affirmative Defense 2 – Waiver, Consent, Ratification, and Acquiescence**

Key evidence includes:

- Plaintiffs' provision of log-in credentials and continued authorization for Defendants to access domains, Workspace, and social media.
- Communications showing Plaintiffs knowingly accepted and encouraged Defendants' work.

**Affirmative Defense 3 – Estoppel**

Key evidence includes:

- Plaintiffs' representations and conduct confirming Defendants were authorized to access systems and develop assets.
- Defendants' reliance on these representations in performing extensive work.

**Affirmative Defense 4 – Comparative Fault / Fault of Others**

Key evidence includes:

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

- Plaintiffs' own security lapses and account-management failures.
- Contribution by third parties to alleged damages.

**Affirmative Defense 5 – Offset / Prior Payment**

Key evidence includes:

- Invoices and accounting records showing unpaid sums owed by Plaintiffs.
- Evidence of benefits already conferred that reduce any potential recovery.

**Affirmative Defense 6 – Fraud and Concealment by Plaintiffs**

Key evidence includes:

- Plaintiffs' misrepresentations and concealment regarding ownership, compensation, and intentions.
- Evidence that Defendants relied on misleading statements to their detriment.

**Affirmative Defense 7 – Breach of Implied Covenant of Good Faith and Fair Dealing**

Key evidence includes:

- Plaintiffs' obstruction of Defendants' ability to realize the benefits of the parties' agreements.
- Plaintiffs' refusals to pay for services while continuing to demand work.

**Affirmative Defense 8 – Unjust Enrichment (Defensive)**

Key evidence includes:

- Plaintiffs' retention and use of Defendants' work without payment.
- Inequitable nature of additional recovery.

**Affirmative Defense 9 – Performance, Discharge, and Excuse**

Key evidence includes:

- Evidence showing Defendants completed the 2012 Agreement.
- Plaintiffs' conduct making further performance impracticable or unnecessary.

**Affirmative Defense 10 – Modification and Novation**

Key evidence includes:

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

- Communications confirming the 2012 Agreement was completed and superseded.
- Subsequent course of dealing establishing new operative agreements.

**Affirmative Defense 11 – Lack of Contract Formation / Mutual Assent**

Key evidence includes:

- Evidence that the 2012 Agreement did not apply to later work.
- Lack of agreement on key terms Plaintiffs now attempt to enforce.

8. In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

Since the parties have yet to admit to any facts, all issues remain to be tried.

9. Some oral discovery is still outstanding. Chiefly, both Plaintiffs and Defendants are finishing percipient and expert witness depositions, scheduled to be completed by December 19, 2025.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list has been filed under separate cover pursuant to L.R. 16-6.1.

Plaintiff objects to Exhibit Nos.:

Plaintiff is still reviewing Defendants' exhibits and will identify the exhibits to which it objects prior to the Pre-Trial conference.

Defendant objects to Exhibit Nos.: 2–8, 9–13, 14–25, 26–37, 38–55, 56–57, and 59–64.
The objections and grounds are as follows:

**Exh. No. 2** – Hearsay (FRE 801–803); Authentication/Foundation (FRE 602, 901).
**Exh. No. 5** – Authentication/Foundation (FRE 602, 901); Hearsay/Double Hearsay (FRE 801–803); Business-Records Foundation (FRE 803(6), 902(11)); Best Evidence (FRE 1002–1006); Rule 403.
**Exh. No. 9** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Business-Records Foundation (FRE 803(6), 902(11)); Best Evidence (FRE 1002–1006); Rule 403.
**Exh. No. 10** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Settlement Communications (FRE 408).

**Exh. No. 11** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Completeness (FRE 106); Rule 403.
**Exh. No. 12** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Completeness (FRE 106); Relevance/Foundation (FRE 401, 602); Rule 403.
**Exh. No. 13** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Completeness (FRE 106); Rule 403.
**Exh. No. 14** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Rule 403.
**Exh. No. 15** – Best Evidence (FRE 1002–1006); Hearsay (FRE 801–803); Completeness (FRE 106); Rule 403.
**Exh. No. 16** – Authentication/Foundation (FRE 901); Best Evidence (FRE 1002); Rule 403.
**Exh. No. 17** – Hearsay/Multiple Hearsay (FRE 801–803); Relevance (FRE 401–402); Rule 403.
**Exh. No. 18** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Character Evidence (FRE 404(b)); Rule 403.
**Exh. No. 19** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Relevance (FRE 401–402); Completeness (FRE 106); Rule 403.
**Exh. No. 20** – Authentication/Foundation (FRE 602, 901); Hearsay/Multiple Hearsay (FRE 801–803); Settlement Communications (FRE 408); Completeness (FRE 106); Rule 403.
**Exh. No. 21** – Authentication/Foundation (FRE 602, 901); Best Evidence (FRE 1002); Completeness (FRE 106); Rule 37(c)(1); Rule 403.
**Exh. No. 22** – Authentication/Foundation (FRE 901, 602); Hearsay (FRE 801–803); Relevance (FRE 401–402); Rule 403.
**Exh. No. 23** – Authentication/Foundation (FRE 901, 602); Best Evidence (FRE 1002); Hearsay (FRE 801–803); Completeness (FRE 106); Rule 37(c)(1); Rule 403.
**Exh. No. 24** – Hearsay (FRE 801–803); Settlement Communications (FRE 408); Rule 403.
**Exh. No. 25** – Hearsay (FRE 801–803); Settlement Communications (FRE 408); Rule 403.
**Exh. No. 26** – Hearsay (FRE 801–803); Business-Records/Foundation (FRE 803(6)); Authentication/Foundation (FRE 901); Rule 403.
**Exh. No. 27** – Same objections as Exh. 26 (Hearsay; Business-Records Foundation; Authentication; Rule 403).
**Exh. No. 28** – Same objections as Exh. 26 (Hearsay; Business-Records Foundation; Authentication; Rule 403).
**Exh. No. 29** – Relevance (FRE 401–402); Rule 403.
**Exh. No. 30** – Authentication/Foundation (FRE 901, 602); Hearsay/Business Records (FRE 801–803, 803(6)); Best Evidence (FRE 1002); Rule 37(c)(1); Rule

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

403.

**Exh. No. 31** – Relevance (FRE 401–402); Hearsay (FRE 801–802); Authentication/Foundation (FRE 901); Best Evidence (FRE 1002–1006); Rule 26(a)(3); Rule 37(c)(1).

**Exh. No. 32** – Same objections as Exh. 31 (Relevance; Hearsay; Authentication; Best Evidence; Rule 26(a)(3); Rule 37(c)(1)).

**Exh. No. 33** – Hearsay (FRE 801–803).

**Exh. No. 34** – Hearsay (FRE 801–803).

**Exh. No. 35** – Hearsay (FRE 801–803).

**Exh. No. 36** – Hearsay (FRE 801–803).

**Exh. No. 37** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002–1006); Rule 37(c)(1).

**Exh. No. 38** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002–1006); Rule 37(c)(1).

**Exh. No. 39** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002–1006); Rule 37(c)(1).

**Exh. No. 40** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002–1006); Completeness (FRE 106); Rule 37(c)(1).

**Exh. No. 41** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002); Completeness (FRE 106).

**Exh. No. 42** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002); Completeness (FRE 106).

**Exh. No. 43** – Hearsay (FRE 801–803); Settlement Communications (FRE 408); Rule 403.

**Exh. No. 44** – Same objections as Exh. 43.

**Exh. No. 45** – Same objections as Exh. 43; Rule 403 (cumulative).

**Exh. No. 46** – Hearsay (FRE 801–803); Settlement Communications (FRE 408); Rule 403.

**Exh. No. 47** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002–1006); Completeness (FRE 106).

**Exh. No. 48** – Authentication/Foundation (FRE 602, 901); Hearsay (FRE 801–803); Best Evidence (FRE 1002–1006); Completeness (FRE 106).

**Exh. No. 49** – Hearsay (FRE 801–803); Settlement Communications (FRE 408); Rule 403.

**Exh. No. 50** – Same objections as Exh. 49; Rule 403 (cumulative).

**Exh. No. 51** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Rule 403.

**Exh. No. 52** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Rule 403; Rule 611(a).

**Exh. No. 53** – Authentication/Foundation (FRE 901); Hearsay/Business Records (FRE 801–803, 803(6)); Rule 403.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**Exh. No. 54** – Authentication/Foundation (FRE 901, 902(4)); Hearsay (FRE 802); Rule 403.
**Exh. No. 55** – Authentication/Foundation (FRE 901); Hearsay (FRE 801–803); Rule 403.
**Exh. No. 56** – Relevance (FRE 401–402); Hearsay (FRE 801–803); Character Evidence (FRE 404(b)); Rule 403.
**Exh. No. 57** – Relevance (FRE 401–402); Hearsay (FRE 801–803); Character Evidence (FRE 404(b)); Rule 403.
**Exh. No. 59** – Hearsay/Business Records (FRE 801–803, 803(6)); Authentication/Foundation (FRE 901); Rule 37(c)(1); Rule 403.
**Exh. No. 60** – Same objections as Exh. 59.
**Exh. No. 61** – Relevance (FRE 401–402); Hearsay (FRE 802); Authentication/Foundation (FRE 602, 901, 803(6)); Rule 26(a)(3); Rule 37(c)(1).
**Exh. No. 62** – Same objections as Exh. 61.
**Exh. No. 63** – Relevance (FRE 401–402); Rule 403; Character Evidence (FRE 404(b)).
**Exh. No. 64** – Relevance (FRE 401–402); Rule 403; Character/Specific-Act Evidence (FRE 404(b), 608(b)); Not admissible under FRE 609.

11. <u>Witness lists of the parties have been filed with the Court.</u>

Only witnesses identified in the witness lists will be permitted to testify (other than for impeachment).

<u>The following depositions shall be lodged with the Clerk pursuant to L.R. 32-1:</u>

(1) Deon Taylor
(2) Roxanne Taylor
(3) Darrick Angelone
(4) Darrell Thompson

The depositions of the following parties are still pending as of the date of this Pretrial Conference Order. Nonetheless, the parties intend to introduce the deposition transcripts of the following parties:

(1) Erin Burke
(2) Rick Watts
(3) Sean Miller

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Plaintiffs object to the presentation of deposition testimony of the following witnesses:
None

Defendant objects to the presentation of deposition testimony of the following witnesses:
None.

12. The following law and motion matters and motions in limine, and no others, are pending or contemplated:

Defendants' Motions in Limine Nos. 1-5 are pending:

(1) Defendants' Motion in Limine to Preclude Reference to Insurance and the Financial Status of the Parties
(2) Defendants' Motion in Limine to Preclude Reference to Irrelevant and Prejudicial Allegations
(3) Defendants' Motion in Limine to Preclude Unproduced Digital Audit Logs, Screenshots, and Related IP Data
(4) Defendants' Motion in Limine to Preclude Reference to Undisclosed or Speculative Damages
(5) Defendants' Motion in Limine to Limit Trial Testimony of Experts to Opinions Testified To in Deposition

13. Bifurcation of the following issues for trial is ordered:

Defendants' equitable claims for unjust enrichment and quantum meruit should be bifurcated.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of trial of this cause, unless modified to prevent manifest injustice.

None of the parties have made admissions as of the date of lodging of this document.

Dated: December 11, 2025 NEWELL LAW GROUP PC

By: */s/ Felton Newell*
FELTON T. NEWELL
CHRISTINE SAID

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Attorneys for Plaintiffs and Counter-Claim Defendants HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC and DEON TAYLOR; and Third-Party Defendant ROXANNE TAYLOR

Dated: December 11, 2025

KRAMER, DEBOER & KEANE

By: */s/ Sandra Calin*
SANDRA CALIN
Attorneys for Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

Dated: December 11, 2025

LAW OFFICES OF JT FOX, APC

By: */s/ J.T. Fox*
J.T. FOX
JUSTIN KIAN
Attorneys for Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC

IT IS SO ORDERED, *nunc pro tunc* as of January 14, 2026.

Dated: January 29, 2026

MICHAEL W. FITZGERALD
United States District Judge