1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
CLERK, U.S. DISTRICT COURT

February 3, 2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RSanchez_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; HYPER ENGINE, LLC, a Califoirnia limited liability company; DEON TAYLOR, an individual,

                Plaintiffs,

    v.

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

                Defendants.

Case No. 2:22-cv-06515-MWF(AGRx)

Judge Michael W. Fitzgerald

**JURY INSTRUCTIONS**

1

**INSTRUCTION NO. 1**

2

**Duty of the Jury**

3

4        Members of the Jury:  Now that you have heard all of the evidence and will

5   hear the arguments of the lawyers, it is my duty to instruct you on the law that applies

6   to this case.

7

8        It is your duty to find the facts from all the evidence in the case.  To those facts

9   you will apply the law as I give it to you.  You must follow the law as I give it to you

10   whether you agree with it or not.  And you must not be influenced by any personal

11   likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide

12   the case solely on the evidence before you.  You will recall that you took an oath to do

13   so.

14

15        Please do not read into these Instructions or anything that I may say or do or

16   have said or done that I have an opinion regarding the evidence or what your verdict

17   should be.

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 2**

**Parties and Claims**

I will give you a brief summary of the positions of the parties and their claims. As you have heard, the Plaintiffs are Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylor.  Plaintiffs are asserting certain claims against Defendants Darrick Angelone, AOne Creative, LLC, AOne Entertainment, LLC, and On Chain Innovations, LLC.   You have also heard testimony about Hidden Empire Film Group, LLC ("HEFG"), which Plaintiffs assert is a predecessor company to Hidden Empire Holdings, LLC.

Specifically, Plaintiffs' claims against Defendants are the following:

1. Breach of the 2012 agreement;
2. Computer access and fraud in regard to the Hidden Empire computer system and Google Workspace Account;
3. Conversion for preventing Plaintiffs from having access to and/or deleting the Google Workspace Account; having access to the domain names that belong to Plaintiffs; or having access to the social media accounts that belong to Plaintiffs; and
4. Copyright Infringement of the "Fear" movie.

Defendants deny all of these claims.

There are also counterclaims asserted in this case.  The Counterclaimants are Darrick Angelone, AONE Creative, LLC, and On Chain Innovations, LLC. Counterclaimants are asserting certain claims against Plaintiffs Deon Taylor, Hidden

Empire Holdings, LLC, Hyper Engine LLC, and Third-Party Defendant Roxanne Taylor ("Counterclaim-Defendants").

Specifically, these counterclaims are the following:

1. Breach of the Hyper Engine ownership agreement;
2. Unjust Enrichment;
3. Breach of Fiduciary Duties as partners or co-owners of Hyper Engine; and
4. False Promise as to the Hyper Engine ownership agreement.

Counterclaim-Defendants deny all of these claims.

A claim or counterclaim must be proven by a preponderance of the evidence. If and only if you find that a party has proven one or more of the claims or counterclaims, then you must determine the damages, if any, to which that party is entitled. Each side denies that the opposing parties are entitled to any damages.

Both parties further allege that they are entitled to punitive damages. Punitive damages are meant to punish the opposing party rather than compensate the party bringing the claim. The party seeking punitive damages has the burden of proving their entitlement to punitive damages by clear and convincing evidence.

# INSTRUCTION NO. 3

## Burdens of Proof Defined

As I just instructed you, the burden of proof for all of the claims and counterclaims is proof by a preponderance of the evidence. "Preponderance of the evidence" means that you must be persuaded by the evidence that the claim or counterclaim is more probably true than not true.

As I just instructed you, entitlement to punitive damages must be proven by clear and convincing evidence. "Clear and convincing evidence" means evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions supporting the claim for punitive damages are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# INSTRUCTION NO. 4

## What is Evidence?

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence; and

3.  any facts which the parties agree are undisputed.

# INSTRUCTION NO. 5

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 6

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit was received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO. 8

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 9

## Opinion Witnesses

Erin Burke and Rick Watts, because of education and experience, were permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for their opinions, and all the other evidence in the case.

**INSTRUCTION NO. 10**

**Fair Treatment of Limited Liability Companies**

Several parties are limited liability companies.  All parties are equal before the law and these entities are entitled to the same fair and conscientious consideration by you as any other party.

# INSTRUCTION NO. 11

## No Transcript Available to the Jury

During deliberations you will not have a transcript of the trial testimony.  You will have to make your decision based on what you recall of the evidence.

If you wish to have a portion of the testimony read in open court, you may do so by sending me a note.  However, it is not possible that only a very small amount of testimony can be read to you; it is likely that much or all of the testimony of a witness will be read.  Moreover, in hearing the testimony read, you will not be seeing the demeanor and manner of the witness while testifying.  I therefore urge you to make your decision without having any testimony read.

## INSTRUCTION NO. 12

### Taking Notes

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## INSTRUCTION NO. 13

### Bench Conferences

From time to time during the trial, it became necessary for me to talk with the lawyers out of the hearing of the jury by having a conference at the bench. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error. Of course, we have done what we could to keep the number and length of these conferences to a minimum.

# INSTRUCTION NO. 14

## Considering Evidence

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

You may consider whether one party intentionally concealed or destroyed evidence.  If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

# INSTRUCTION NO. 15
## Plaintiffs' Claim - Breach of Contract

The 2012 agreement is a contract you heard about between Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylor, and Defendants Darrick Angelone, AOne Creative, LLC, and AOne Entertainment, LLC.

The parties do not dispute that the 2012 agreement (Exhibit No. 1) was a contract. The parties dispute whether that contract was breached. Plaintiffs claim that Defendants breached the 2012 agreement by refusing to provide to Hidden Empire Film Group ("HEFG") the credentials (username and passwords) to allow HEFG to obtain access to and administrative control over the HEFG domain and the related domains. Plaintiffs also claim Defendants breached the 2012 agreement by falsely claiming ownership of the HEFG domain and related domains, registering the HEFG domain and related domains in their name, and using those domains for their own benefit.

To establish this claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. Plaintiffs did all, or substantially all, of the significant things that the 2012 agreement required them to do;
2. All conditions required for Defendants' performance under the 2012 agreement occurred;
3. One or more Defendant(s) failed to do something that the 2012 agreement required them to do;
4. Plaintiffs were harmed; *and*

5.  Defendants' breach of contract was a substantial factor in causing
Plaintiffs' harm.

Additional instruction on whether something is a substantial factor is included in Instruction No. 32.

# INSTRUCTION NO. 16

## Plaintiffs' Claim – Breach of Contract – Assignment Contested

Hidden Empire Holdings, LLC, was not a party to the original 2012 agreement that is the subject of Plaintiffs' breach of contract claim.  However, Hidden Empire Holdings, LLC, may bring a claim for breach of the contract if it proves that Hidden Empire Film Group, LLC, transferred its rights under the contract to Hidden Empire Holdings, LLC.  This transfer is referred to as an "assignment."

Hidden Empire Holdings, LLC, must prove that Hidden Empire Film Group, LLC, intended to transfer its contract rights to Hidden Empire Holdings, LLC.  In deciding Hidden Empire Film Group, LLC's intent, you should consider the entire transaction and the conduct of the parties to the assignment.  A transfer of contract rights does not necessarily have to be made in writing.  It may be oral or implied by the conduct of the parties to the assignment.

# INSTRUCTION NO. 17

## Plaintiffs' Claim – Computer Data Access and Fraud

Plaintiffs claim that Defendants committed computer access and fraud violations under federal and California law.  To establish this claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1.  Defendants intentionally accessed a computer system;
2.  Without authorization or exceeded authorized access; ***and***
3.  Thereby obtained, or altered, or deleted information from the computer system; or caused disruption to the use of the computer system.

The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain, or alter, or delete information in the computer system that the accesser is not entitled so to obtain, or alter, or delete.

# INSTRUCTION NO. 18

## Plaintiffs' Claim – Conversion

Plaintiffs claim that Defendants wrongfully exercised control over their personal property.  To establish this claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. Plaintiffs owned the Google Workspace Account, domain names, or social media accounts;

2. Defendants substantially interfered with Plaintiffs' property by knowingly or intentionally preventing Plaintiffs from:

    a. having access to the Google Workspace Account; or

    b. destroying the Google Workspace Account; or

    c. having access to domain names belonging to Plaintiffs; or

    d. having access to social media accounts belonging to Plaintiffs;

3. Plaintiffs did not consent;

4. Plaintiffs were harmed; ***and***

5. Defendants' conduct was a substantial factor in causing Plaintiffs harm.

Additional instruction on whether something is a substantial factor is included in Instruction No. 32.

## INSTRUCTION NO. 19

### Plaintiffs' Claim - Copyright Infringement

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

To establish this claim, Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. One or more Plaintiff(s) are the owner of a valid copyright; *and*

2. Darrick Angelone or On Chain Innovations, LLC, copied original expression from the copyrighted work.

# INSTRUCTION NO. 20

## Plaintiffs' Claim - Copyright Infringement – Copying

Instruction No. 19 states that Plaintiffs have the burden of proving that Defendants copied original elements from Plaintiffs copyrighted work.

Plaintiffs can prove that Defendants copied from the work by proving the following two things by a preponderance of the evidence:

1. Defendants had access to Plaintiffs' copyrighted work; ***and***
2. There are substantial similarities between Defendants' work and original elements of Plaintiffs' work.

There are substantial similarities between the two works if there is a striking similarity between Defendants' work and Plaintiffs' copyrighted work.

You may also find copying through other evidence, such as an admission of copying.

# INSTRUCTION NO. 21

## Plaintiffs' Claim – Copyright Infringement – Defense: Implied License

Defendants contend that they are not liable for copyright infringement because Plaintiffs granted them an implied license in Plaintiffs' copyrighted work. Plaintiffs cannot claim copyright infringement against a defendant who uses, modifies, or retains the copyrighted work if Plaintiffs granted the defendant an implied license to use, modify, or retain the work.

In order to show the existence of an implied license, Defendants have the burden of proving each of the following by a preponderance of the evidence:

1. Plaintiffs requested that Defendants create a work;
2. Defendants made that particular work and delivered it to Plaintiffs; *and*
3. Plaintiffs intended that Defendants use, modify, or retain the work.

## INSTRUCTION NO. 22

### Counterclaims – Breach of Contract – Contract Formation

I am now going to instruct you on the elements of the claims made by Counterclaimants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC, against Counterclaim-Defendants Deon Taylor, Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Third-Party Defendant Roxanne Taylor.

I will begin by instructing you on Counterclaimants' claim for breach of contract. I have already instructed you on Plaintiffs' breach of contract claim. The difference here is that the parties do not dispute that the 2012 agreement was a contract between them. Here, the parties dispute whether a contract existed. Therefore, I am instructing you on the formation of contracts.

Before deciding whether a contract was breached, you must first determine whether a contract was formed.

Counterclaimants Darrick Angelone and AOne Creative, LLC, claim that they and Counter-Defendants entered into an oral operating agreement to form and operate Hyper Engine, LLC, as equal members. Under this agreement, Angelone and AOne Creative, LLC, were to provide digital marketing, web development, and related creative services for the benefit of Hyper Engine and the Taylors, and all three were to share equally in the company's ownership, management, and profits.

To prove that a contract was created, Counterclaimants must prove each of the following by a preponderance of the evidence:

1.  The contract terms were clear enough that the parties could understand what each was required to do;

2.  The parties agreed to give each other something of value (a promise to do something or not to do something may have value); ***and***

3.  The parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  You may not consider the parties' hidden intentions.

**INSTRUCTION NO. 23**

**Counterclaim – Contract Formation – Offer**

Both an offer and an acceptance are required to create a contract. Counter-Defendants contend that a contract was not created because there was never any offer. To overcome this contention, Counterclaimants have the burden of proving each of the following by a preponderance of the evidence:

1. Counterclaimants Darrick Angelone and AOne Creative, LLC, communicated to Counter-Defendants that they were willing to enter into a contract with Counter-Defendants;

2. The communication contained specific terms; *and*

3. Based on the communication, Counter-Defendants could have reasonably concluded that a contract with these terms would result if they accepted the terms of that communication.

If Counterclaimants did not prove all of the above, then a contract was not created.

**INSTRUCTION NO. 24**

**Counterclaim – Contract Formation – Implied-in-Fact Contract**

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words.  Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

**INSTRUCTION NO. 25**

**Counterclaim – Breach of Contract**

If you find that a contract was created regarding the ownership of Hyper Engine, you must decide whether Counter-Defendants breached the contract. Counterclaimants claim that Counter-Defendants breached this agreement by failing to treat Counterclaimants Darrick Angelone and AOne Creative, LLC, as an equal member of Hyper Engine, excluding them from the company's management and profits, and taking ownership and control over proprietary information and intellectual property that they developed for the business.

To establish this claim, Counterclaimants have the burden of proving each of the following elements by a preponderance of the evidence:

1. Counterclaimants Darrick Angelone and AOne Creative, LLC, and Counter-Defendants entered into a contract;

2. Counterclaimants Darrick Angelone and AOne Creative, LLC, did all, or substantially all, of the significant things that the contract required them to do;

3. Counter-Defendants failed to do something that the contract required them to do;

4. Counterclaimants Darrick Angelone and AOne Creative, LLC, were harmed; ***and***

5. Counter-Defendants' breach of contract was a substantial factor in causing Counterclaimants Darrick Angelone and AOne Creative, LLC's harm.

1          Additional instruction on whether something is a substantial factor is included

2     in Instruction No. 32.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 26

## Counterclaim – Breach of Contract – Anticipatory Breach

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that the party will not or cannot meet the requirements of the contract.

If Counterclaimants Darrick Angelone and AOne Creative, LLC, prove that they would have been able to fulfill the terms of the contract and that Counter-Defendants clearly and positively indicated, by words or conduct, that they would not or could not meet the contract requirements, then Counter-Defendants breached the contract.

# INSTRUCTION NO. 27

## Counterclaim – Unjust Enrichment

If you find there was no enforceable contract created between the parties, then you must consider whether Counter-Defendants owe Counterclaimants money for services rendered.  To establish this claim, Counterclaimants have the burden of proving each of the following elements by a preponderance of the evidence:

1. One or more Counter-Defendant(s) requested, by words or conduct, that Counterclaimants Darrick Angelone and AOne Creative, LLC, perform services for the benefit of Counter-Defendants;
2. Counterclaimants performed the services as requested;
3. Counter-Defendants have not paid Counterclaimants for the services; *and*
4. The reasonable value of the services that were provided.

# INSTRUCTION NO. 28

## Counterclaim – Breach of Fiduciary Duty

Counterclaimants claim that they were harmed by Counter-Defendants' breach of the fiduciary duty of loyalty. A partner owes his or her partner undivided loyalty. To establish this claim, Counterclaimants have the burden of proving each of the following elements by a preponderance of the evidence:

1. Counter-Defendants were Counterclaimants' partners in Hyper Engine LLC;
2. Counter-Defendants knowingly acted against Counterclaimants' interests in connection with Counterclaimants' actions surrounding Hyper Engine LLC, including diverting business opportunities, concealing financial information, misrepresenting the ownership structure to third parties, and excluding Counterclaimants from corporate governance and profit distributions;
3. Counterclaimants did not give informed consent to Counter-Defendants' conduct;
4. Counterclaimants were harmed; *and*
5. Counter-Defendants' conduct was a substantial factor in causing Counterclaimants' harm.

Additional instruction on whether something is a substantial factor is included in Instruction No. 32.

**INSTRUCTION NO. 29**

**Counterclaim – False Promise**

Counterclaimants claim they were harmed because Counter-Defendants made a false promise.

To establish this claim, Counterclaimants have the burden of proving each of the following elements by a preponderance of the evidence:

1. Counter-Defendants made a promise to Counterclaimants;
2. They did not intend to perform this promise when they made it;
3. They intended that Counterclaimants rely on the promise;
4. Counterclaimants reasonably relied on the promise;
5. Counter-Defendants did not perform the promised act(s);
6. Counterclaimants were harmed; ***and***
7. Counterclaimants' reliance on the promise was a substantial factor in causing them harm.

Additional instruction on the meaning of "relied" is included in Instruction No. 31.

Additional instruction on whether something is a substantial factor is included in Instruction No. 32.

1
2
3
4

**INSTRUCTION NO. 30**

**Counterclaim – False Promise – Misrepresentations Made to**

**Persons Other than Counterclaimants**

5
6
7
8

Counter-Defendants are responsible for a representation that was not made directly to Counterclaimants if they: (1) made the representation to a group of persons including Counterclaimants, *or* (2) made the representation to another person, intending or reasonably expecting that it would be repeated to Counterclaimants.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 31**

**Counterclaim – False Promise – Reasonable Reliance**

Counterclaimants relied on Counter-Defendants' false promise if:

1. The false promise substantially influenced Counterclaimants Darrick Angelone and AOne Creative, LLC, to continue providing digital marketing, web development, creative services, and management work for Hyper Engine and the Taylors under the belief they were an equal one-third member of the company; ***and***

2. Counterclaimants would probably not have continued performing those services or investing time, labor, and resources into Hyper Engine without the false promise.

It is not necessary that the false promise be the only reason for their conduct.

In determining whether Counterclaimants' reliance on the false promise was reasonable, they must first prove that the matter of the false promise was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide the matter is material, you must then decide whether it was reasonable for Counterclaimants to rely on the false promise. In making this decision, consider Counterclaimants' intelligence, knowledge, education, and experience. However, it is not reasonable for anyone to rely on a false promise that is preposterous. It is also not reasonable for anyone to rely on a false promise if facts that are within his or her observation show that it is obviously false.

# INSTRUCTION NO. 32

## Substantial Factor

Certain of the parties' claims require you to find that a party's conduct was a substantial factor in causing the other party's harm.  (Please see Instruction Nos. 15, 18, 25, 28, 29).  A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

# INSTRUCTION NO. 33
## Damages – Introduction

Now having instructed you on the elements of the claims, I will explain how to assess damages, if any, for each claim.

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for either party on any of their claims, you must determine that party's damages. The party who asserts the claim has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate that party for any injury you find was caused by the opposing party.

It is for you to determine what damages, if any, have been proved. You must not speculate or guess in awarding damages, but the party asserting the claim does not have to prove the exact amount of damages.

As explained earlier, the parties seek damages under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendants are liable to Plaintiffs under the following legal theories:

1.  Breach of the 2012 Agreement;

2.  Computer Access and Fraud;

3.  Conversion; and

4.  Copyright Infringement.

Copyright Infringement has special instructions for determining the amount of damages that I will explain in Instruction Numbers 38 and 39. However, for the first three claims, the following items of damages are recoverable only once under all of the above legal theories:

1.  Past lost income/earnings;

2.  Past reasonable value of services or unpaid compensation;

3.  Future lost earnings or future loss of business opportunities; and/or

4.  Out-of-pocket expenses.

For example, Instruction Numbers 35 and 36 discuss awarding damages if you find Defendants liable on the Computer Access and Fraud claim and Conversion claim, respectively. Both would permit damages for the reasonable costs incurred by Plaintiffs in determining whether the data was deleted from the Google Workspace Account. But even if you find Defendants liable for both claims, you may only award this item of damages once.

This instruction also applies to the counterclaims. You will be asked to decide whether Counter-Defendants are liable to Counterclaimants under the following legal theories:

1. Breach of the Hyper Engine agreement;
2. Unjust enrichment;
3. Breach of Fiduciary Duty; and
4. False Promise

Again, as to all four counterclaims the following items of damages are recoverable only once under all of the above legal theories:

1. Past lost income/earnings;
2. Past reasonable value of services or unpaid compensation;
3. Future lost earnings or future loss of business opportunities; and/or
4. Out-of-pocket expenses.

For example, Instruction Numbers 34 and 40 discuss awarding damages if you find Counter-Defendants liable on the Breach of Contract claim and the False Promise claim, respectively.  Both would permit damages for lost profits as a result of the failure to follow through in awarding Counterclaimants one-third of an ownership interest in Hyper Engine, LLC.  But even if you find Counter-Defendants liable for both claims, you may only award this item of damages once.

**INSTRUCTION NO. 34**

**Plaintiffs' Claims and Counterclaims – Breach of Contract – Damages**

I will now give you additional guidance for determining damages as to each claim.

For breach of contract, the purpose of damages is to put the party who was harmed in as good a position as they would have been if the other party had performed the contract as promised.

To recover damages for any harm, the party asserting the breach of contract must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of the contract. The party asserting breach also must prove the amount of their damages according to the following instructions.

Both parties claim damages for lost profits they contend they would have earned if the contract had been performed; for reliance damages; and for special damages.

**1. Lost Profits.**

To recover damages for lost profits, the party asserting breach must prove that it is reasonably certain they would have earned profits but for the opposing party's breach of the contract.

To decide the amount of damages for lost profits, you must determine the gross, or total, amount the party asserting the breach would have received if the contract had been performed and then subtract from that amount the costs, including the value of

the labor, materials, rents, expenses, or interest on loans invested in the business, that the party would have had if the contract had been performed.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

### 2.  Reliance Damages.

If you decide that the opposing party breached the contract, the party asserting breach may recover the reasonable amount of money that they spent in preparing for contract performance.  These amounts are called "reliance damages."  The party asserting breach must prove the amount that they were induced to spend in reliance on the contract.

If the party asserting breach proves reliance damages, the opposing party may avoid paying some or all of those damages by proving one or both of the following:

        a.  That some or all of the money that the party asserting breach spent in reliance was unnecessary; or

        b.  That the party asserting breach would have suffered a loss even if the opposing party had fully performed their obligations under the contract.

### 3.  Special Damages.

The parties also each claim damages for additional consequential losses arising from their respective breach of contract claims, including harm caused by the diversion or misappropriation of the parties' proprietary work.

1        To recover for this harm, the parties who claim a breach of contract must prove

2    that when the parties made the contract, the opposing party knew or reasonably should

3    have known of the special circumstances leading to the harm.

**INSTRUCTION NO. 35**

**Plaintiffs' Claim – Computer Access and Fraud Damages**

If you decide that Plaintiffs Deon Taylor, Hidden Empire Holdings, LLC, and Hyper Engine, LLC, have proved their computer access and fraud claim against Defendants Darrick Angelone, AOne Creative, LLC, AOne Entertainment, LLC, and On Chain Innovations, LLC, you must also decide how much money will reasonably compensate Plaintiffs for the harm.

In addition, Plaintiffs specifically claim they are entitled to damages for any expenditure reasonably and necessarily incurred by Plaintiffs to verify that their data was altered, damaged, or deleted by the access.

**INSTRUCTION NO. 36**

**Plaintiffs' Claim – Presumed Measure of Damages for Conversion**

If you decide that Plaintiffs Deon Taylor, Hidden Empire Holdings, LLC, and Hyper Engine, LLC, have proved their conversion claim against Defendants Darrick Angelone, AOne Creative, LLC, AOne Entertainment, LLC, and On Chain Innovations, LLC, you must also decide how much money will reasonably compensate Plaintiffs for the harm.

The following are the specific items of damages claimed by Plaintiffs:

1. The fair market value of the Google Workspace Account, domain names, or social media accounts at the time Counterclaimants wrongfully exercised control over them; *and*
2. Reasonable compensation for the time and money spent by Plaintiffs in attempting to recover the Google Workspace Account.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and
2. That the buyer and seller know all the uses and purposes for which the Google Workspace Account, domain names, or social media accounts are reasonably capable of being used.

# INSTRUCTION NO. 37

## Plaintiffs' Claim – Conversion – Mitigation of Damages

If you decide Defendants are responsible for the original harm asserted by Plaintiffs under their conversion claim, Plaintiffs are not entitled to recover damages for harm to their property that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

# INSTRUCTION NO. 38

## Plaintiffs' Claim – Copyright Infringement – Statutory Damages

I will now instruct you more specifically on awarding damages if you find that Plaintiffs have proved their copyright infringement claim.

Plaintiffs are entitled to damages for each work infringed. In determining damages, you may consider the following factors: (1) the revenue lost by the copyright holder as a result of the infringement; (2) the profits earned by the Defendants as a result of the infringement; (3) the need to deter future infringement; (4) the need to penalize the infringer; (5) the circumstances of the infringement; and (6) whether the infringement was intentional.

You may not award as statutory damages less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

The next instruction will tell you what constitutes willful infringement.

**INSTRUCTION NO. 39**

**Plaintiffs' Claim – Copyright Infringement – Willful Infringement**

An infringement is considered willful when Plaintiffs have proved both of the following elements by a preponderance of the evidence:

1. Defendants engaged in acts that infringed the copyright; *and*
2. Defendants knew that those acts infringed the copyright, or Defendants acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

**INSTRUCTION NO. 40**

**Counterclaims – Breach of Fiduciary Duty and False Promise – Damages**

If you decide that Counterclaimants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC, have proved breach of fiduciary duty or false promise against Plaintiffs Deon Taylor, Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Third-Party Defendant Roxanne Taylor ("Counter-Defendants"), then you must determine damages.  Damages are the amount of money that will reasonably compensate Counterclaimants.

The amount of damages must include an award for each item of harm that was caused by Counter-Defendants' wrongful conduct, even if the particular harm could not have been anticipated.  Counterclaimants do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Counterclaimants:

**1. Lost Profits.**

To recover damages for lost profits, Counterclaimants must prove it is reasonably certain they would have earned profits but for Counter-Defendants' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Counterclaimants would have received but for Counter-Defendants' conduct and then subtract from that amount the expenses — including the value of Darrick Angelone's labor, digital production costs, creative development time, web development costs, and all other expenses Counterclaimants would have incurred in

1  performing the services — that Counterclaimants would have had if Counter-

2  Defendants' conduct had not occurred.

3

4       The amount of the lost profits need not be calculated with mathematical

5  precision, but there must be a reasonable basis for computing the loss.

6

7       **2.  Out of Pocket Damages.**

8       To decide the amount of damages you must determine the fair market value of

9  what Counterclaimants gave and subtract from that amount the fair market value of

10  what they received.

11

12       "Fair market value" is the reasonable value of services provided, measured by

13  the price that a willing and knowledgeable recipient of those services would have paid

14  to a willing and knowledgeable provider under similar circumstances and without any

15  pressure on either party.  Fair market value must be determined as of the date that

16  Counterclaimants discovered the false promise.

17

18       Counterclaimants may also recover amounts that they reasonably spent in

19  reliance on Counter-Defendants' false promise if those amounts would not otherwise

20  have been spent.

21

22       **3.  Benefit of the Bargain.**

23       To determine the amount of benefit of the bargain damages, you must:

24

25            a.  Determine the fair market value, as defined above, that

26               Counterclaimants would have received if the representations made

27               by Counter-Defendants had been true; and

28

1

   b. You must subtract the fair market value of what Counterclaimants

2

    did receive.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 41

### Plaintiffs' Claims and Counterclaims – Punitive Damages

Finally, both parties have asked for punitive damages for the other party's conduct.

If you decide that Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylor have proved their computer access and fraud claim, you must determine whether Defendants Darrick Angelone, AOne Creative, LLC, AOne Entertainment, LLC, and On Chain Innovations, LLC's conduct justifies an award of punitive damages.

In addition, if you decide that Counterclaimants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC, have proved their claim for breach of fiduciary duty, you must decide whether that conduct by Counter-Defendants Deon Taylor, Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Roxanne Taylor justifies an award of punitive damages.

Punitive damages are meant to punish a liable party rather than compensate parties for their harm.

To be awarded punitive damages, the party claiming punitive damages must prove that the opposing party engaged in any wrongful conduct with malice, oppression, or fraud.  To do this, the party seeking punitive damages must prove one of the following by clear and convincing evidence:

"Malice" means that the opposing party acted with intent to cause injury or that the opposing party's conduct was despicable and was done with a willful and knowing

1  disregard of the rights or safety of another.  A person acts with knowing disregard

2  when the person is aware of the probable dangerous consequences of their conduct

3  and deliberately fails to avoid those consequences.

4

5      "Oppression" means that the opposing party's conduct was despicable and

6  subjected the party claiming punitive damages to cruel and unjust hardship in

7  knowing disregard of their rights.  "Despicable conduct" is conduct that is so vile,

8  base, or contemptible that it would be looked down on and despised by reasonable

9  people.

10

11      "Fraud" means that the opposing party intentionally misrepresented or

12  concealed a material fact and did so intending to harm the party claiming punitive

13  damages.

14

15      If you decide that either party is entitled to punitive damages, I will then give

16  you additional instruction on how to determine the amount of damages after you

17  return your verdicts.

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 42

## Duty to Deliberate

Now that we have heard the arguments of the lawyers, I will give you some general instructions for your deliberations.

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous. In other words, the answer to the questions on the Verdict Forms must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 43**

**Communication During Deliberation**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to me.

# INSTRUCTION NO. 44

## Returning Verdict Forms

Two verdict forms have been prepared for you. One verdict form asks you about Plaintiffs' claims, while the other asks you about Counterclaimants' claims. After you have reached unanimous agreement on a verdict, your foreperson should complete each verdict form according to your deliberations, sign and date both forms, and advise the court security officer that you are ready to return to the courtroom.

# INSTRUCTION NO. 45

## Case Must be Decided on Only Evidence Presented

Because you must base your verdict only on the evidence received in the case and on these Instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me through Ms. Sanchez or Ms. Momii.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify me immediately.