**F I L E D**
CLERK, U.S. DISTRICT COURT

February 3, 2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RSanchez_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; HYPER ENGINE, LLC, a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF(AGRx) <br><br> Judge Michael W. Fitzgerald <br><br> **SUPPLEMENTAL JURY INSTRUCTION — AMOUNT OF PUNITIVE DAMAGES** |

## SUPPLEMENTAL INSTRUCTION NO. 1

### Amount of Punitive Damages

I will now provide additional guidance on determining the amount of punitive damages.  There is no fixed formula for determining the amount of punitive damages, but you should consider all of the following factors in determining the amount:

1. How reprehensible was that party's conduct? In deciding how reprehensible a party's conduct was, you may consider, among other factors:
   a. Whether the conduct caused physical harm;
   b. Whether the party disregarded the health or safety of others;
   c. Whether the party claiming punitive damages was financially weak or vulnerable and the opposing party knew the party was financially weak or vulnerable and took advantage of them;
   d. Whether the party's conduct involved a pattern or practice; and
   e. Whether the party acted with trickery or deceit.
2. Is there a reasonable relationship between the amount of punitive damages and harm suffered by the party claiming punitive damages?

Punitive damages may not be used to punish a party for the impact of their alleged misconduct on persons other than the party claiming punitive damages.