J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE
ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> Assigned to the Honorable: <br> Michael W. Fitzgerald <br><br> **DEFENDANTS AND COUNTERCLAIMANTS' MOTION FOR ENTRY OF DECLARATORY JUDGMENT AND LIMITED FURTHER RELIEF** <br><br> **[Concurrently Filed with Defendants and Counterclaimants' [Proposed] Order Re: Motion for Entry of Declaratory Judgment and Limited Further Relief]** <br><br> Date: April 13, 2026 <br> Time: 10:00 a.m. <br> Ctrm: 5A |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company <br><br> Counterclaimants, | |

-1-



HIDDEN EMPIRE HOLDINGS,
LLC; a Delaware limited liability
company; HYPERENGINE, LLC; a
California limited liability company,
DEON TAYLOR, an individual,

Counterclaim
Defendants,

DARRICK ANGELONE, an
individual; AONE CREATIVE LLC,
formerly known as AONE
ENTERTAINMENT LLC, a Florida
limited liability company; ON
CHAIN INNOVATIONS LLC, a
Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an
individual, Third-Party Defendant

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 13, 2026, at 10:00 a.m., or as soon

thereafter as the matter may be heard, in Courtroom 5A of the above-entitled Court,

located at 350 West 1st Street, Los Angeles, California 90012, Defendants and

Counterclaimants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations,

LLC ("Counterclaimants") will and hereby do move for entry of declaratory judgment

-2-

and limited further relief under 28 U.S.C. §§ 2201–2202 and Federal Rule of Civil Procedure 57.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of J.T. Fox filed concurrently herewith, the pleadings and papers on file, the trial record including the Jury Instructions (Doc. 259), the Verdict Form for Counterclaims (Doc. 276), the Verdict Form for Plaintiffs' Claims (Doc. 274), any matters of which the Court may take judicial notice, and such further argument as may be presented at hearing.

Date: March 16, 2026          **LAW OFFICES OF J.T. FOX, APC**

                              *s/J.T. Fox*

                              By: _____

                                     J.T. Fox, Esq.
                                     Attorney for Defendants and Counterclaimants
                                     DARRICK ANGELONE, AONE CREATIVE
                                     LLC, formerly known as AONE
                                     ENTERTAINMENT LLC and ON CHAIN
                                     INNOVATIONS LLC

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................... 8

I. INTRODUCTION ............................................................................................. 8

II. PROCEDURAL POSTURE ............................................................................. 9

III. ISSUE PRESENTED            ..................................................................... 10

IV. LEGAL STANDARD ..................................................................................... 10

V. ARGUMENT .................................................................................................. 12

    A. A Live and Concrete Controversy Remains for Decision ........................... 12

    B. The Jury's Verdict Establishes the Core Predicates for Declaratory Relief ...

    .......................................................................................................................... 14

    C. The Court Should Declare Counterclaimants' One-Third Interest and

    Appurtenant Rights ......................................................................................... 18

    D. The Declaratory Relief Sought Here Is Not Dependent on the Standing and

    Rule 50(b)/59 Motions, Though the Issues Overlap ...................................... 20

    E. Limited Further Relief Under § 2202 Is Appropriate to Implement the

    Declaration ...................................................................................................... 21

    F. Offsets Must Be Preserved to Avoid Duplicative Recovery ....................... 23

VI. RESPONSE TO ANTICIPATED COUNTERARGUMENTS ......................... 24

-4-

A. "The $121,000 Award Already Resolves the Dispute." ............................ 24

B. "The Court Should Exercise Its Discretion to Decline Declaratory Relief." .

.............................................................................................................. 24

C. "The Jury Did Not 'Declare' Ownership; the Court Is Being Asked to Make a

New Finding." ............................................................................................... 26

D. "The § 2202 Relief Is a Disguised Discovery Order." ............................... 27

E. "The Declaration Is Duplicative of the Contract/Fiduciary Verdict." ........ 28

VII. CONCLUSION ............................................................................................. 29

MOTION FOR ENTRY OF DECLARATORY JUDGMENT AND LIMITED FURTHER RELIEF

1

**TABLE OF AUTHORITIES**

2

3

<u>Cases</u>

4

*Beacon Theatres, Inc. v. Westover,* 359 U.S. 500 (1959) ...................... 11, 15, 16

5

6

*Bilbrey by Bilbrey v. Brown,* 738 F.2d 1462 (9th Cir. 1984) ............................ 13

7

*Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83 (1993) .......................... 12

8

9

*Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165 (7th Cir. 1969) ................. 21, 23

10

*Dairy Queen, Inc. v. Wood,* 369 U.S. 469 (1962) ........................................ 11, 16

11

12

*Gov't Emps. Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998) (en banc) ..... 11, 24

13

*Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d 546 (D.C. Cir. 1988)

14

................................................................................................................... 11, 21

15

16

*Leadsinger, Inc. v. BMG Music Publishing,* 512 F.3d 522 (9th Cir. 2008) ....... 28

17

*Lytle v. Household Mfg., Inc.,* 494 U.S. 545 (1990) .................................... 16, 17

18

19

*McGraw-Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339 (9th Cir. 1966)

20

................................................................................................................... 25

21

22

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) .............................. 13

23

*Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979) ................................. 16, 27

24

25

*Powell v. McCormack,* 395 U.S. 486 (1969) ............................................... 11, 23

26

*Principal Life Ins. Co. v. Robinson,* 394 F.3d 665 (9th Cir. 2005) ............. 10, 25

27

*Steffel v. Thompson,* 415 U.S. 452 (1974) ........................................................ 13

28

*Teutscher v. Woodson,* 835 F.3d 936 (9th Cir. 2016) .................................. 16, 26

*Tull v. United States,* 481 U.S. 412 (1987) ............................................ 12, 16, 24

*United States v. Washington,* 759 F.2d 1353 (9th Cir. 1985) (en banc) ............ 25

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) ....................................... 13

**Constitutional Provisions**

U.S. Const. amend. VII .................................................................. 10, 12, 16, 27

**Federal Statutes**

28 U.S.C. § 2201 ....................................................................................... 3, 10

28 U.S.C. § 2202 ............................................................... 3, 9, 10, 11, 21, 27, 29

**Federal Rules**

Fed. R. Civ. P. 57 .......................................................................................... 11, 14

**State Statutes**

Cal. Corp. Code § 17701.02(s) ................................................................... 18

Cal. Corp. Code § 17701.10(a)–(b) ............................................................ 19, 28

Cal. Corp. Code § 17703.04(a) ................................................................... 20

Cal. Corp. Code § 17704.10 ................................................................ 19, 23, 27, 28

–7–

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion asks the Court to decide the equitable claim it expressly retained for post-verdict determination: the parties' present rights and duties concerning Hyper Engine, LLC.

Counterclaimants' Fourth Amended Counterclaims ("FACC") include a Sixth Cause of Action for Declaratory Relief, which alleges an actual controversy over Hyper Engine ownership, governance, and profit rights. (FACC ¶¶ 105–108, Doc. 90, PageID 3848–49.) The FACC specifically alleges that the parties entered into an operating agreement for Hyper Engine under which Darrick Angelone, Deon Taylor, and Roxanne Taylor would share equally in the company's ownership, management, and profits—with Counterclaimants holding a one-third (33.33%) interest. (FACC ¶¶ 27–30, 65–73, 106–107, Doc. 90, PageID 3798–99, 3831–32, 3848.)

The jury resolved the overlapping legal claims. It found liability on breach of contract, breach of fiduciary duty, and false promise—each arising from the Hyper Engine ownership dispute—and awarded $121,000 in compensatory damages. (Verdict Form (Counterclaims), Doc. 276, PageID 7665–66.) The declaratory-relief claim was never submitted to the jury. It remains for the Court.

This motion seeks a declaration consistent with the jury's liability findings: that

Counterclaimants hold the one-third Hyper Engine ownership interest that the oral agreement established and the jury's verdict vindicated, together with the governance, inspection, accounting, and economic rights appurtenant to that interest, and limited implementation relief under 28 U.S.C. § 2202.

This motion does not ask the Court to resolve the identity or legal validity of the remaining ownership interests. Those issues are intertwined with the separate standing/capacity questions reserved by the Court and addressed in Defendants' companion post-trial brief. The declaratory relief sought here concerns Counterclaimants' own interest and stands on its own footing regardless of the outcome of that proceeding.

## II. PROCEDURAL POSTURE

The FACC's Sixth Cause of Action for Declaratory Relief alleges an actual controversy concerning the parties' respective rights and duties as to Hyper Engine and requests declarations concerning ownership, management, and profit participation. (FACC ¶¶ 105–108, Doc. 90, PageID 3848–49.)

The jury was instructed that Counterclaimants were asserting counterclaims for breach of the Hyper Engine ownership agreement, unjust enrichment, breach of fiduciary duties as partners or co-owners of Hyper Engine, and false promise as to the Hyper Engine ownership agreement. (Doc. 259, PageID 7508 (Instruction No. 1).) The jury found liability on breach of contract, breach of fiduciary duty, and false promise, did not

-9-

1   reach unjust enrichment, and awarded a single lump-sum compensatory amount of
2
3   $121,000. (Doc. 276, PageID 7665–66.)

4       The Court's February 18, 2026 Order (Doc. 280) requires all post-trial motions to
5
6   be filed by March 16, 2026, noticed for hearing on April 13, 2026.

### III. ISSUE PRESENTED

7
8
9       Whether the Court should enter declaratory judgment that Counterclaimants hold
10   a one-third (33.33%) ownership interest in Hyper Engine, LLC, together with the
11
12   governance, inspection, accounting, and economic rights appurtenant to that interest, and
13   award limited further relief under 28 U.S.C. § 2202 to implement that declaration.

### IV. LEGAL STANDARD

14
15
16       Under 28 U.S.C. § 2201, in a case of actual controversy within its jurisdiction, a
17   federal court "may declare the rights and other legal relations of any interested party
18
19   seeking such declaration." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "is
20   remedial in nature and is to be liberally construed." *Principal Life Ins. Co. v. Robinson*,
21   394 F.3d 665, 669 (9th Cir. 2005). The controversy must be "definite and concrete,
22
23   touching the legal relations of parties having adverse legal interests" and be "real and
24   substantial and admit of specific relief through a decree of a conclusive character." *Id.*
25   (internal quotation omitted).
26
27       Declaratory relief is appropriate when it "will serve a useful purpose in clarifying
28

and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Gov't Emps. Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 & n.5 (9th Cir. 1998) (en banc) (discussing *Brillhart* factors). The exercise of jurisdiction is discretionary, but that discretion is channeled by whether the declaration will resolve the controversy and whether a parallel proceeding makes federal adjudication unnecessary. *Id.* at 1225.

Further "necessary or proper relief based on a declaratory judgment" may be granted under 28 U.S.C. § 2202. *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d 546, 549 (D.C. Cir. 1988) (§ 2202 authorizes "all further relief necessary to give force and effect to the declaratory judgment"); *Powell v. McCormack,* 395 U.S. 486, 499 (1969) (noting § 2202's broad remedial scope).

Federal Rule of Civil Procedure 57 independently confirms this remedial framework. Rule 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. This textual command forecloses any argument that the jury's compensatory damages award renders declaratory relief unnecessary or duplicative.

Where legal and equitable issues overlap, the Court may decide equitable relief after the jury's verdict but may not make findings inconsistent with the jury's determinations on common issues. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11 (1959); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473 (1962). The Seventh

-11-

Amendment prohibits reexamination of facts tried to the jury. U.S. Const. amend. VII; *see Tull v. United States,* 481 U.S. 412, 417–18 (1987).

## V. ARGUMENT

### A. A Live and Concrete Controversy Remains for Decision.

The declaratory-relief claim was pleaded and never submitted to the jury. The controversy is ongoing. Counterclaimants seek present and prospective relief concerning ownership status, governance participation, access to books and records, accounting rights, and protection against liabilities or positions unilaterally created while Counterclaimants were denied recognition and access.

That relief is distinct from, and not mooted by, the jury's single backward-looking compensatory award. The $121,000 compensatory damages address past harm caused by exclusion—lost income, unpaid compensation, out-of-pocket expenses, and lost business opportunities attributable to the period of wrongful denial. (See Doc. 259, PageID 7537–38 (Instruction No. 27, identifying recoverable counterclaim damages categories).) By contrast, the declaration sought here secures prospective rights: present and future ownership status, governance participation, accounting access, and protection against liabilities imposed during the exclusion period.

A damages award for past injury does not moot a claim for declaratory relief addressing ongoing and prospective rights. *See Cardinal Chem. Co. v. Morton Int'l, Inc.,*

508 U.S. 83, 95–98 (1993) (declaratory judgment serves independent function even where damages are available); *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 360 (2011) (distinguishing backward-looking and forward-looking relief). The offset provision proposed below (Section V.F) ensures that any monetary consequences flowing from the declaration are reduced by amounts already compensated through the $121,000 verdict.

The Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007), reinforces this point. *MedImmune* holds that declaratory relief is appropriate whenever there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The controversy here is not abstract or retrospective: it concerns who legally owns Hyper Engine today, who may participate in its governance, who may inspect its books, and who is entitled to its economic distributions. Those are questions of "sufficient immediacy and reality" that cannot be answered by a backward-looking damages check. *See also Steffel v. Thompson,* 415 U.S. 452, 466 (1974) (declaratory relief constitutes a remedy of independent value that "will have a res judicata effect" and "will enable the parties to act with a knowledge of their rights").

The Ninth Circuit's decision in *Bilbrey by Bilbrey v. Brown,* 738 F.2d 1462, 1470 (9th Cir. 1984), is directly on point. In *Bilbrey,* the jury denied monetary damages on immunity grounds, and the district court then refused to enter declaratory relief. The Ninth Circuit reversed, holding that declaratory relief serves its intended function when

-13-

it "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." The court held it was error to deny declaratory relief merely because damages were unavailable or unnecessary from the defendants' perspective; the proper focus was whether the declaration would still serve a useful purpose for the claimant. That reasoning applies with even greater force here, where damages have been awarded but do not resolve the ongoing ownership, governance, and accounting controversy. Rule 57 independently confirms: "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57.

**B. The Jury's Verdict Establishes the Core Predicates for Declaratory Relief.**

The jury instructions framed the dispute as a Hyper Engine ownership/governance/profits controversy. The jury was instructed that Counterclaimants' contract theory rested on an oral agreement "to form and operate Hyper Engine" under which the participants would "share equally in the company's ownership, management, and profits," and that breach included "failing to treat Counterclaimants Darrick Angelone and AOne Creative, LLC, as an equal member," excluding them from "management and profits," and taking ownership or control over proprietary information and intellectual property. (Doc. 259, PageID 7530–32

(Instruction No. 22, 24).)

The jury was further instructed on breach of fiduciary duty as "partners or co-owners of Hyper Engine LLC" (Doc. 259, PageID 7538 (Instruction No. 28)), and on false promise relating to the Hyper Engine ownership agreement (Doc. 259, PageID 7540–43 (Instruction No. 30)). <u>The damages instructions expressly identified lost profits arising from "the failure to award Counterclaimants a one-third ownership interest in Hyper Engine, LLC" as a recoverable category. (Doc. 259, PageID 7545 (Instruction No. 35).) That instruction specifically references "one-third," confirming that the ownership percentage at issue was 33.33%.</u>  Further, Defendants and Counterclaimants sought the same ownership percentage in their 4th amended Cross-Complaint. (Doc 90), PageID 3812 (Page 24, Paragraph 39, Lines 17 to 20).

The jury then found for Counterclaimants on breach of contract, breach of fiduciary duty, and false promise, and awarded $121,000 in compensatory damages. (Doc. 276, PageID 7665–66.) Those findings are consistent with, and legally presuppose, the existence of the Hyper Engine ownership agreement. Without such an agreement, there would be no contract to breach, no fiduciary relationship from which duties arise, and no promise capable of inducing reliance. The jury's liability findings thus bind the Court on the overlapping factual issues. *See Beacon Theatres,* 359 U.S. at 510–11. What remains is the equitable task of entering declarations and limited implementation relief consistent with those findings.

-15-

1    This binding effect is rooted not merely in prudential concerns but in the Seventh
2
3    Amendment's Reexamination Clause, which provides that "no fact tried by a jury, shall
4    be otherwise reexamined in any Court of the United States, than according to the rules
5    of the common law." U.S. Const. amend. VII, cl. 2. In *Lytle v. Household Manufacturing,*
6
7    *Inc.,* 494 U.S. 545, 550–51 (1990), the Supreme Court unanimously held that when legal
8    and equitable claims are joined in the same action, "the right to jury trial on the legal
9    claim, including all issues common to both claims, remains intact." The Court further
10
11   held that a court's equitable determinations may not displace jury resolution of common
12   factual issues. The Ninth Circuit has faithfully applied this principle, holding that "a trial
13   court, when deciding equitable claims, is bound by the jury's findings of fact on
14
15   overlapping legal claims." *Teutscher v. Woodson,* 835 F.3d 936, 944 (9th Cir. 2016). *See*
16   *also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 334 (1979) (trial courts have "limited
17   discretion in determining the sequence of trial and that discretion must, wherever
18
19   possible, be exercised to preserve jury trial").

20       The Court is therefore not being asked to make new factual findings that the jury
21
22   did not make. It is being asked to enter equitable relief on the basis of historical facts the
23   jury resolved in reaching its verdict: the existence of the Hyper Engine ownership
24   agreement, the exclusion of Counterclaimants from ownership, management, and profits,
25
26   the fiduciary relationship arising from that arrangement, and the one-third ownership
27   measure used in the damages instructions. Under *Beacon Theatres, Dairy Queen, Tull,*
28

-16-

and *Lytle,* those common factual determinations inform and guide the Court's equitable decree. What remains is the equitable task of entering declarations and limited implementation relief consistent with those findings.

To be clear: the verdict form does not contain a special interrogatory labeled "ownership percentage." The declaration sought here does not rest on a claim that the jury made such a discrete finding. Rather, the declaration flows from the logical structure of the instructions and verdict taken together: the jury was instructed on an equal-ownership oral agreement (Instruction No. 22), was told that breach included the failure to treat Counterclaimants as equal members (Instruction No. 24), found liability on three theories premised on that agreement, and was instructed to measure one category of damages by reference to "one-third ownership" (Instruction No. 35). Counterclaimants recognize that the jury's findings do not, standing alone, compel a present ownership decree in exactly this form—the declaratory-relief claim is equitable, and the Court exercises independent judgment in fashioning the appropriate declaration. But the one-third interest is the ownership structure the jury was asked to evaluate, the structure on which the liability findings rest, and the structure the damages instruction quantified. It is the only ownership percentage the record supports, and the Court's equitable declaration should reflect it.

California law independently confirms the legal sufficiency of the oral agreement on which the jury's findings rest. The Revised Uniform Limited Liability Company Act

(RULLCA) defines an "operating agreement" as "an agreement … whether oral, in a record, implied, or in any combination thereof, of all the members of a limited liability company … concerning the relations among the members as members and between the members and the limited liability company." Cal. Corp. Code § 17701.02(s) (emphasis added). The Legislature thus expressly recognized that an LLC operating agreement may be entirely oral. The jury found that this oral agreement existed; the statute confirms it is a legally cognizable instrument under California LLC law, with all the legal consequences that flow from that characterization. Any counterargument that the oral Hyper Engine agreement is legally insufficient to establish LLC membership—or that membership requires a written instrument—is foreclosed by this statutory definition.

## C. The Court Should Declare Counterclaimants' One-Third Interest and Appurtenant Rights.

The Court should declare:

*First,* that Darrick Angelone and AOne Creative, LLC (formerly known as AOne Entertainment LLC) hold a one-third (33.33%) ownership interest in Hyper Engine, LLC, as established by the oral Hyper Engine ownership agreement and consistent with the jury's liability findings on breach of contract, breach of fiduciary duty, and false promise.

*Second,* that by virtue of that interest, Counterclaimants are entitled to the rights

appurtenant thereto, including participation in governance as provided by the operative ownership agreement and applicable law, access to books and records, and a full accounting of company receipts, disbursements, distributions, and related-party transfers. *See* Cal. Corp. Code § 17704.10 (member's right to information and inspection of records reasonably related to the member's interest).  See a copy of the Hyper Engine, LLC (2019) operating agreement (Trial Exhibit 235), Pages 4 and 5, Para 2.11, which states, "Complete and accurate accounts of all company transactions shall be kept in proper books, and each member shall enter in those books a full and accurate account of all transactions conducted by that member on behalf of the company.  The books of account and other company records shall be kept in the company place of business at all times and each member shall have access to any may inspect and copy any of them at anytime."

These rights flow as a matter of statute from the operating agreement the jury found to exist. Under RULLCA, the operating agreement "governs" the relations among the members and between the members and the LLC, the rights and duties of any person in the capacity of manager, and the activities and affairs of the LLC. Cal. Corp. Code § 17701.10(a)–(b). To the extent the operating agreement does not otherwise provide, RULLCA's default provisions fill any gaps. The declaration sought here thus has a complete statutory foundation: the jury's factual findings establish the agreement, and RULLCA supplies the legal incidents of the membership interest that the agreement

created.

*Third,* that Counterclaimants are entitled to one-third (33.33%) of Hyper Engine net profits, net distributions, and fee streams properly attributable to Hyper Engine's business, subject to accounting and subject to offsets to prevent duplication of the jury's damages award.

The Court should further find, as a factual corollary of the jury's liability determination that Counterclaimants were wrongfully excluded from Hyper Engine's management and governance, that Counterclaimants did not participate in or consent to company actions taken during the period of exclusion. This finding does not adjudicate any nonparty's rights. It simply records, as between these parties, the factual consequence of the exclusion the jury found: Counterclaimants were shut out, and therefore did not authorize what occurred while they were shut out. *See* Cal. Corp. Code § 17703.04(a).

**D. The Declaratory Relief Sought Here Is Not Dependent on the Standing and Rule 50(b)/59 Motions, Though the Issues Overlap.**

Counterclaimants have filed a companion post-trial brief addressing standing, capacity, and ownership defects affecting Plaintiffs' verdict. The declaratory relief sought in this motion does not depend on the outcome of that proceeding. Counterclaimants' one-third Hyper Engine ownership interest exists by virtue of the oral

agreement and the jury's findings—regardless of whether the Court vacates, modifies, or sustains the Plaintiffs' verdict.

Counterclaimants acknowledge that some analytical overlap exists. The companion brief challenges the status of entities that may hold or claim the remaining interests in Hyper Engine. But the overlap does not make this motion dependent on the companion brief's outcome. A declaration of Counterclaimants' one-third interest requires no determination of who holds the other two-thirds—only that Counterclaimants hold theirs. The Court can enter this declaration precisely because the motion seeks no affirmative adjudication of the remaining ownership blocks, and therefore does not require the Court to resolve the standing, capacity, or entity-status questions reserved for the companion proceeding. The declaration is appropriate whether the standing challenge succeeds in full, succeeds in part, or is denied.

**E. Limited Further Relief Under § 2202 Is Appropriate to Implement the Declaration.**

A declaration without implementation relief would leave the controversy unresolved in practice. Section 2202 expressly authorizes "further necessary or proper relief based on a declaratory judgment or decree." 28 U.S.C. § 2202. The scope of that relief is broad. *See Horn & Hardart Co.,* 843 F.2d at 549; *see also Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1167–68 (7th Cir. 1969) (§ 2202 permits the court to order

-21-

ancillary equitable relief necessary to effectuate the declaration, including accounting and production requirements).

The Court should order a limited production and accounting protocol. Because substantial Hyper Engine records were produced during pretrial discovery, the implementation relief sought here is narrower than a full-scope accounting. Counterclaimants request that Counter-Defendants produce, within 45 days, Hyper Engine records not already produced in discovery, limited to:

(a) tax returns, K-1s, and capital-account statements for each fiscal year from 2019 through the date of judgment;

(b) bank statements, distributions ledgers, and records of intercompany transfers or related-party payments for the same period;

(c) any operating agreement, amendment, or governance document executed or in effect after the close of pretrial discovery.

If the foregoing materials show that Hyper Engine revenues were received or held through any entity identified in the trial record as affiliated with or controlled by Counter-Defendants, Counterclaimants may apply to the Court by noticed motion for an order directing production of records limited to those transactions reasonably necessary to trace Hyper Engine receipts and distributions through the affiliate. The Court would resolve any such application on the papers or at a status conference.

This relief is the implementation mechanism for an adjudicated ownership interest—the same kind of production and accounting that routinely accompanies declaratory judgments confirming partnership or LLC membership interests. *See, e.g., Cunningham Bros.*, 407 F.2d at 1168 (post-judgment accounting ordered to implement declaratory relief); *cf.* Cal. Corp. Code § 17704.10 (members' statutory inspection rights).

The Supreme Court's decision in *Powell v. McCormack*, 395 U.S. 486 (1969), confirms the breadth of this remedial authority. In *Powell*, the Court recognized that declaratory relief may serve as the foundation for all ancillary relief needed to vindicate the declared rights, and that a declaration without implementation would be functionally incomplete. That reasoning applies here: Counterclaimants were wrongfully excluded from Hyper Engine's governance and economic participation; the declaration alone, without the accounting and production protocol, would leave the declared ownership interest practically unenforceable. The production and accounting categories track California's statutory inspection rights, Cal. Corp. Code § 17704.10, and reflect the standard mechanism for effectuating a declaration of LLC membership rights.

## F. Offsets Must Be Preserved to Avoid Duplicative Recovery.

The jury was expressly instructed that each item of damages may be awarded only once, including lost profits arising from the failure to award Counterclaimants a one-third ownership interest in Hyper Engine. (Doc. 259, PageID 7545 (Instruction No. 35).)

-23-

Any monetary consequences later determined through the implementation process must therefore be reduced by amounts already included in the jury's $121,000 award to avoid double recovery. *See Tull,* 481 U.S. at 425 (court must ensure equitable remedies do not duplicate legal damages already awarded by jury).

## VI. RESPONSE TO ANTICIPATED COUNTERARGUMENTS

### A. "The $121,000 Award Already Resolves the Dispute."

It does not. The jury's compensatory award addresses past harm from wrongful exclusion. (Doc. 259, PageID 7537–38 (Instruction No. 27).) The declaratory relief sought here addresses present and future rights: ongoing ownership status, current and prospective governance participation, access to company records, and protection against liabilities imposed during exclusion. A backward-looking damages award does not moot a forward-looking claim for declaratory and equitable relief. The offset provision (Section V.F) prevents any double recovery.

### B. "The Court Should Exercise Its Discretion to Decline Declaratory Relief."

The Declaratory Judgment Act is discretionary. *Gov't Emps. Ins. Co. v. Dizol,* 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). But the factors that counsel against declaratory relief are not present here. The controversy was already tried in this Court. The jury resolved the underlying factual questions. The declaratory-relief claim was expressly pleaded and withheld from the jury for post-verdict determination. No parallel

state proceeding is pending. The relief sought will resolve a live, concrete dispute over Hyper Engine governance, records, and economic rights that will otherwise fester indefinitely. This is precisely the context in which declaratory relief serves its intended function. *See Principal Life,* 394 F.3d at 672 (declaratory relief most appropriate where it will resolve all aspects of the controversy).

The Ninth Circuit has consistently applied this principle. In *McGraw-Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339, 342 (9th Cir. 1966), the court articulated the foundational test for exercising declaratory jurisdiction: the declaration must serve "a useful purpose in clarifying and settling the legal relations in issue" and must "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." That test is met here. The relief sought will resolve the Hyper Engine ownership, governance, and accounting controversy—a controversy that the jury's damages award, directed solely at past harm, did not address. *See also United States v. Washington,* 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (declaratory relief should be denied only when it will neither clarify the legal relations at issue nor terminate the uncertainty faced by the parties). Moreover, this is not a case where the Court is being asked to exercise original jurisdiction over a new controversy. The declaratory-relief claim was expressly pleaded, reserved for post-verdict determination, and can now be resolved on the foundation of the jury's completed factual work. These circumstances weigh heavily in favor of exercising the jurisdiction the Act confers.

-25-

**C. "The Jury Did Not 'Declare' Ownership; the Court Is Being Asked to Make a New Finding."**

The verdict form does not contain a line item labeled "ownership." But the jury's liability findings presuppose it. The breach-of-contract finding required the jury to determine that the parties entered into an agreement to form and operate Hyper Engine with shared ownership, management, and profits—and that Counter-Defendants breached it by refusing to honor Counterclaimants' membership. (Doc. 259, PageID 7530–32 (Instruction No. 22, 24).) The breach-of-fiduciary-duty finding required the jury to determine that Counter-Defendants were Counterclaimants' *partners in Hyper Engine LLC* and knowingly acted against their interests. (Doc. 259, PageID 7538 (Instruction No. 28).) The damages instruction identified "one-third ownership" as the measure. (Doc. 259, PageID 7545 (Instruction No. 35).) The Court is not making a new finding; it is drawing the legal consequence from findings the jury already made.

Put differently, the one-third interest is the ownership structure the jury was instructed to evaluate, the structure on which the liability findings rest, and the only ownership percentage the record and instructions support. The Ninth Circuit holds that when overlapping legal and equitable claims are tried, the court is bound by the jury's implicit factual findings—not merely the explicit entries on the verdict form. *Teutscher v. Woodson,* 835 F.3d 936, 944 (9th Cir. 2016). The Seventh Amendment's Reexamination Clause independently prohibits the Court from "reexamining" the facts

-26-

the jury tried. U.S. Const. amend. VII, cl. 2; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334 (1979). The structural logic is straightforward: the jury was instructed on an equal-ownership oral agreement (Instruction No. 22), was told that breach included the failure to treat Counterclaimants as equal members (Instruction No. 24), found liability on three theories premised on that agreement, and was instructed to measure one category of damages by reference to "one-third ownership" (Instruction No. 35). The Court's equitable declaration draws the legal consequence from those jury-resolved facts. It does not reexamine them.

**D. "The § 2202 Relief Is a Disguised Discovery Order."**

It is not. Section 2202 expressly authorizes further relief necessary to implement a declaratory judgment. The production and accounting protocol requested here is the standard mechanism for effectuating a declaration of LLC membership rights. A one-third owner who has been excluded from governance, books, and records for years cannot exercise the declared rights without knowing what happened to the company's money. The production categories track California's statutory inspection rights. Cal. Corp. Code § 17704.10. This is not reopening discovery; it is implementing a judgment.

The distinction between discovery and implementation relief is well established. Section 2202 was enacted precisely to ensure that declaratory judgments do not remain "mere academic exercise[s]" but instead receive the ancillary support necessary to give them practical effect. A one-third owner who has been excluded from governance,

-27-

books, and records for years cannot exercise the declared rights without knowing what happened to the company's money. The production categories are limited to records necessary to effectuate the declared ownership interest and track the statutory inspection rights that RULLCA confers on every LLC member as a matter of law. Cal. Corp. Code §§ 17704.10, 17701.10.

**E. "The Declaration Is Duplicative of the Contract/Fiduciary Verdict."**

This motion does not seek a redundant declaration that Counter-Defendants breached the Hyper Engine agreement. The legal claims adjudicated past liability and past compensatory harm. The declaratory claim asks the Court to settle current legal relations within Hyper Engine—ownership status, governance participation, inspection and accounting access, and the economic incidents of membership—matters that the verdict logically supports but did not itself formally decree. Unlike the declaratory judgment sought in *Leadsinger, Inc. v. BMG Music Publishing,* 512 F.3d 522 (9th Cir. 2008), which was dismissed because it sought to resolve a pure question of statutory construction already resolved by the underlying claim, the declaration sought here addresses present and prospective rights that no prior ruling has operationalized. The jury could not enter a present ownership decree, order governance access, or compel an accounting. Those are equitable functions that the Court exercises under the Declaratory Judgment Act. The requested relief is thus supplementary to, not duplicative of, the

-28-

1  verdict.

2

3                              **VII. CONCLUSION**

4          Counterclaimants respectfully request that the Court enter declaratory judgment

5

6  that they hold a one-third (33.33%) Hyper Engine ownership interest as established by

7  the oral Hyper Engine ownership agreement and consistent with the jury's verdict;

8  declare that they are entitled to the governance, books-and-records, accounting, and

9

10 economic rights appurtenant to that interest; find that Counterclaimants did not

11 participate in or consent to company actions taken during the period of their wrongful

12 exclusion; award limited further relief under 28 U.S.C. § 2202 necessary to implement

13

14 that declaration; preserve all offsets necessary to avoid duplicative recovery; and retain

15 jurisdiction to enforce and implement the resulting judgment.

16

17 Dated: March 16, 2026

18 Respectfully submitted,

19

20 **LAW OFFICES OF JT FOX & ASSOCIATES, APC**

21

22          *s/J.T. Fox*

23 By: _____

24          J.T. Fox, Esq.
           Attorneys for Defendants and Counterclaimants
25          Darrick Angelone, AOne Creative, LLC, and
26          On Chain Innovations, LLC

27

28                                         -29-

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of the Law Offices of J.T. Fox, APC, and my business address is 556 S. Fair Oaks, No. 444, Pasadena, CA 91105.

On March 16, 2026, I served a true and correct copy of **DEFENDANTS AND COUNTERCLAIMANTS' MOTION FOR ENTRY OF DECLARATORY JUDGMENT AND LIMITED FURTHER RELIEF** on the parties involved as stated below and addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

(X) BY E-MAIL transmission: I caused the aforementioned listed document to be emailed to the above parties on the date set forth above from the following email address: jt@jtfoxlaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2026 at Pasadena, California.

*s/J.T. Fox*

-------------------------------
J.T. FOX, DECLARANT

-30-