FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaimants
Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>            Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>            Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br><br>The Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)**<br><br><u>Hearing Date:</u><br>Date: April 13, 2026<br>Time: 10:00 a.m.<br>Dept:  5A |

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 13, 2026 at 10:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 5A of this Court located at 350 W 1st Street, Suite 4311, Los Angeles, California 90012, Plaintiffs Hidden Empire Holdings LLC, Hyper Engine LLC and Deon Taylor ("Defendants") will and hereby do move this Court for an award of attorneys fees and costs in the amount of $750,000 in favor of Defendants and against Defendants Darrick Angelone and AOne Creative LLC and AOne Entertainment LLC ("Plaintiffs").

This motion is made on grounds that Plaintiffs prevailed in a jury trial on their claim under California Penal Code section 502(e), which provides that the Court may award attorneys fees and costs to the prevailing party.

Plaintiffs' motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the supporting declaration of Felton T. Newell, the pleadings, papers, and records on file herein, and upon such other oral and/or documentary evidence as may be presented to this Court at the time of hearing.



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On February 3, 2026, over three years after the initial complaint was filed in this action, a unanimous jury found that Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC and Deon Taylor ("Plaintiffs") prevailed with respect to multiple claims in this action against Defendants Darrick Angelone, AOne Creative, LLC and AOne Entertainment LLC (collectively "Defendants"). Specifically, the jury found Defendants liable for conversion and violation of federal and state computer data access and fraud statutes, and awarded Plaintiffs $3.7 million in damages.  At trial, Plaintiffs argued that Defendants violated the federal and state computer data access and fraud statutes by, inter alia, deleting Plaintiffs' Google Workspace Account and failing to turn over certain digital assets that belonged to Plaintiffs.  California Penal Code section 502(e) provides that "[i]n any action brought pursuant to this subdivision the court may award reasonable attorneys' fees." *Id*. at (e)(2).

Pursuant to Section 502(e), Plaintiffs bring this motion seeking an award of attorney fees and costs actually incurred in connection with the commencement and prosecution of this action under the "lodestar" method in the amount of $750,000.  The invoices are attached to the Declaration of Felton T. Newell filed herewith.  Plaintiffs acknowledge that Defendants prevailed on certain of its claims, and agree to discount their fees to less than half of the total fees and costs they incurred in this action.

## II.    STATEMENT OF FACTS

On November 12, 2022, Plaintiffs filed the original complaint against Defendants alleging several claims, among them violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, and the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Plaintiffs'

Compl. ¶¶ 22-23. Defendants filed Cross-Complaints and Counterclaims alleging numerous claims of their own. *See* Defendants' Cross Complaint, and Fourth Amended Counterclaim.

Plaintiffs were originally represented by the law firm Sanders Roberts LLP, and Plaintiffs legal fees and costs exceeded $1 million during their representation. See Ex. A to Declaration of *Felton* T. Newell ("Newell Decl.").  On September 24, 2024, the Court granted Plaintiffs' Request for Approval of Substitution of Attorney.  (Dkt. No. 161).  The Newell Law Group subsequently represented Plaintiffs through trial, and Plaintiffs incurred more than $500,000 in attorneys fees and costs during its representation.  *See id.*

On February 3, 2026, a unanimous jury found Defendants liable in the amount of $3.7 million to Plaintiffs in connection with Plaintiffs' computer data and conversion claims. The legal theories in connection with the conversion damages overlapped the theories involved in the computer data access claims. *See* Newell Decl. ¶ 3.

## III.   ARGUMENT

### A.    Plaintiffs' Are Entitled to Attorneys Fees and Costs Incurred in this Action

Under California Penal Code section 502(e), the Comprehensive Computer Data Access and Fraud Act (the "Computer Fraud Act"), the owner of the computer system or data that suffers damage because of a violation of the Computer Fraud Act "may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief. Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Cal. Penal Code § 502(e). Further, "[i]n any action brought

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

pursuant to this subdivision the court may award reasonable attorneys' fees." *Id.* at (e)(2).

Moreover, Federal Rules of Civil Procedure Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under section 502(e), while some courts interpret the recovery of attorney fees to be extended to "any party" who prevails, the courts agree that recovery at the very least is allowed for "prevailing Plaintiffs". *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190, 1195 (S.D. Cal. 2018).

In *Facebook, Inc. v. Power Ventures ("Power Ventures")*, the court clarified that, "[u]nder our generous formulation of the term, plaintiffs may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (internal quotation marks omitted)." *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541, at *21 (N.D. Cal. Aug. 8, 2017).

### B. The Court's Analysis is Based on, and Limited to, Application of the Lodestar Method.

The lodestar method applies to determining attorneys' fees. The Ninth Circuit instructs that "[t]he starting point for determining a reasonable fee is the "lodestar" figure." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (discussing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In *Hensley*, The Supreme Court emphasized "that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *It remains important,*

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

*however, for the district court to provide a concise but clear explanation of its reasons for the fee award. Id.*, 461 U.S. at 437 (emphasis added).

The lodestar method specifically applies to calculating attorneys' fees under the Computer Fraud Act.  In *Power Ventures*, the Court noted that the "lodestar. . . figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id*. (quoting *In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 941 (9th Cir. 2011) (internal citation omitted.)

To be clear, "[t]he lodestar adjustment method 'anchors the trial court's analysis to an objective determination of the value of the attorney's services,' and thus ensures that the amount awarded is not arbitrary." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1134 (2001). Relatedly, "'[t]he discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.'" *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal. 4th 747, 773; *see also People v. Giordano*, 42 Cal. 4th 644, 663 (2007).

In *Facebook, Inc v. Sluchevsky*, No. 19-cv-01277-JSC, 2020 U.S. Dist. LEXIS 181249, at *31 (N.D. Cal. Aug. 28, 2020), the court held that "[o]nly in rare or exceptional cases will an attorney's *reasonable* expenditure of time on a case not be commensurate with the fees to which he is entitled."  (quoting *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (emphasis in original)).

The Ninth Circuit has held that the "favored procedure is for the district court to consider the extent of the plaintiff's success in making its initial determination of hours reasonably expended at a reasonable rate, and not in

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

subsequent adjustments to the lodestar figure. *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) (discussing *Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991) (internal citation omitted). Further, a litigant does not need to prevail on every claim in order to receive a full fee. *Id.* "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. *The result is what matters*." *Id*. (quoting *Hensley,* 461 U.S. at 435 (emphasis added)).

### 1.  The Time Spent by Plaintiffs' Counsel in Litigation this Action Was Reasonable.

Although the presumption that lodestar represents a reasonable fee is strong, the Supreme Court has noted "that district courts should exclude from this initial fee calculation hours that were not reasonably expended." *Gates*, 987 F.2d at 1397; *see also City of Burlington v. Dague*, 505 U.S. 557, 561 (1992). The party requesting fees "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Id*. at 1397-98 (discussing *Hensley*, 461 U.S. at 433, 437.) To clarify, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984)). Where a party presents an itemized fee bill, the burden shifts to the opposing party to make *specific* objections to *particular* time entries. *McGrath v. Country of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) (a fee opponent "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged.")

Plaintiffs retained the Newell Law Group to assist with their dispute against Defendants. As a result of Defendants' failure to relinquish and return

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

control of Plaintiffs' Google Workspace, email and social media accounts. Plaintiffs' Compl. ¶¶ 41-89.

On February 3, 2026 the parties resolved this case for $3.7 Million. The legal work performed for Plaintiffs was reasonably and necessarily performed in the commencement and prosecution of this case and directly led to the successful resolution of the case. All the work in this case would have been avoided had the Defendant not engaged in the conduct that forced Plaintiffs to file this lawsuit. Plaintiffs expect that Defendants will disparage Plaintiffs' counsel for the number of hours billed for this case. Plaintiffs invite Defendants to point out any instances in the billing that are excessive or unnecessarily duplicative time based on Plaintiffs' staffing methods; there are none.

Further, Plaintiff's case was appropriately staffed and had a reasonable number of attorneys involved. Case law recognizes that too many attorneys *can* be problematic *if* there is "over-conferencing, attorney stacking (multiple attorneys at court functions), and excessive research." (*Donahue v. Donahue* (2010) 182 Cal. App. 4th 259, 272; *see also Kim v. Fujikawa* (9th Cir. 1989) 871 F.2d 1427, 1435 fn. 9 ("[t]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort").

Lead counsel Felton Newell's $700 hourly fee is commensurate with his legal experience and the matter was leanly staffed.  *See* Newell Decl. ¶ 4. The Plaintiffs' attorneys' hours were thus 'reasonably expended." *Gates*, 987 F.2d at 1397. Furthermore, Plaintiffs have provided detailed and extensive documentation on hours billed with detailed descriptions of work performed, and invoices. This is adequate "evidence in support of. . . hours worked." Therefore, the Plaintiffs meet their 'burden of documenting the appropriate hours expended in the litigation. *Id*. at 1397-98 (discussing *Hensley*, 461 U.S. at 433, 437.)

To the extent Defendant's counsel criticizes the number of timekeepers

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

utilized, or amount of hours billed by Plaintiffs' counsel, they should disclose how many attorneys (including in-house counsel), litigation assistants, and paralegals worked on this case on behalf of Defendants, along with their billed hours.  The Plaintiffs' attorneys' time incurred is reasonable.

## 2. **Plaintiffs' Attorneys' Hourly Rates Are Appropriate Given Their Experience and Prevailing Market Rates**

Prevailing market rates can be considered when determining the reasonableness of hourly rates. *Facebook, Inc. v. Sluchevsky*, at \*32. The District Court in *Sluchevsky* cited numerous cases regarding the reasonableness of hourly rates when they are within prevailing market rates. For example, the court noted that "[i]n Nitsch, the court held that the case's lead attorneys' hourly rates of "$870 to $1,200 per hour" were reasonable under the lodestar method." *Id*. (discussing *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 U.S. Dist. LEXIS 86124, at \*9 (N.D. Cal. June 5, 2017). The court in *Sluchevsky* then ruled that the attorneys' hourly rates in that case were reasonable as they were "based on the region's market and the attorneys' experience." *Id*. at \*33.  The Plaintiffs' attorneys' hourly rates are within "prevailing market rates" for the region of California, and for their "experience." *Id*. at \*32-33

## 3. **The Attorneys' Billed Time was Not Excessive**

The Defendants likely will claim that the time spent by Plaintiffs' counsel was excessive. The petitioner in *Blum* claimed that "the number of hours charged were unreasonable and duplicative." *Blum v. Stenson*, 465 U.S. 886, 891 (1984). Pointing out that the petitioner did not submit any evidence supporting her claim, the Supreme Court affirmed the case in part, agreeing that "both the hours expended and the rates charged were reasonable." *Id*. The Ninth Circuit noted that counsel for the prevailing party should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . ." *Gates*, 987

F.2d at 1397 (discussing *Hensley*, 461 U.S. at 433-34).

In support of this motion, Plaintiffs have submitted supporting documentation reflecting hours billed with in depth descriptions of work performed, and invoices. These records show that the hours billed were not "duplicative", "redundant" or "unnecessary", but rather standard for the type of work to be performed on this case. *Gates*, 987 F.2d at 1397. In an action that has been in litigation for several years, the motion drafting, hearing preparation, filing and extensive work performed was necessary for Plaintiffs to prevail. Thus, the billed hours did not constitute "excessive" time spent, but rather "reasonable" and expected time. *Gates*, 987 F.2d at 1397; *Blum*, 465 U.S. at 891.

### 4. __Plaintiffs Are Entitled to Recover All Costs and Expenses Reasonably Incurred in Connection with this Action__

Under the Computer Fraud Act, "[i]n any action brought pursuant to this subdivision the court may award reasonable attorney's fees." Further, Federal Rule of Civil Procedure 54(d), states that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption "that the prevailing party will be awarded its taxable costs." *Optistreams, Inc. v. Gahan*, No. CV-F-05-0117 REC SMS, 2006 U.S. Dist. LEXIS 21680, at *27 (E.D. Cal. Mar. 27, 2006); *see Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003).

///

///

///

IV.      CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court award Plaintiffs attorneys' fees and costs in the amount of $750,000.


Dated:  March 16, 2026                    **NEWELL LAW GROUP PC**



FELTON T. NEWELL
Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS,LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On March 16, 2026, I served the foregoing document(s) described as **PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

## SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

NEWELL LAW GROUP<br>1801 Century Park East, 24th Floor<br>Los Angeles, CA 90067<br>(310) 556-9663



☒       (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 16, 2026, at Los Angeles, California.

/s/ Felton T. Newell
Felton T. Newell

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

## SERVICE LIST

| | |
|---|---|
| J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 Fair Oaks Ave., Suite 444<br>Pasadena, CA 91105<br>jt@jtfoxlaw.com | Attorneys for Defendant and Cross-Complainants<br>Darrick Angelone, AOne Creative LLC formerly known as AOne Entertainment LLC and On Chain Innovations LLC |



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS