J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE
ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> Assigned to the Honorable: <br> Michael W. Fitzgerald <br><br> DEFEDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS <br><br> [Concurrently Filed with Defendants' Request for Judicial Notice] <br><br> Date: April 13, 2026 <br> Time: 10:00 a.m. <br> Ctrm: 5A |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company | |

-1-

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 13, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald in Courtroom 5A of the United States District Court for the Central District of

-2-

California, First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC ("Defendants") will and hereby oppose Plaintiffs' Motion for Attorneys' Fees and Costs.

This Opposition is based on this Notice of Opposition and Opposition; the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice and exhibits attached thereto; the pleadings, records, and files in this action; the trial record including admitted exhibits; and such further evidence and argument as may be presented at or before the hearing on this Motion

Date: March 30, 2026

Respectfully submitted,

**LAW OFFICES OF JT FOX, APC**

*s/J.T. Fox*

By: _____

J.T. Fox, Esq., Attorney for Defendants, DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

-3-

# OPPOSITION TO PLAINTIFFS' MOTION

# FOR ATTORNEYS' FEES AND COSTS

-4-

**TABLE OF CONTENTS**

I.                                      INTRODUCTION                                      7

II.            THE COURT SHOULD DEFER RULING UNTIL STANDING IS RESOLVED                                      9

III. THE MOTION FAILS FOR LACK OF A DEMONSTRABLE LODESTAR                                      10

    A. No Lodestar Calculation Is Presented                                      10

    B. The $159,628.61 Flat-Fee Invoice Must Be Excluded in Full            11

    C. Plaintiffs Provide No Competent Evidentiary Foundation for Predecessor-Counsel Fees                                      12

    D. The Disputed, Unpaid Status of the Sanders Roberts Invoices Confirms They Cannot Be Accepted at Face Value                                      14

IV.      PLAINTIFFS' RECORDS ARE NOT APPORTIONED AND INCLUDE SUBSTANTIAL NON-CDAFA WORK                                      15

V.      MIXED RESULTS REQUIRE A MATERIALLY REDUCED AWARD EVEN IF SOME FEE ENTITLEMENT EXISTS                                      19

VI.            THE MOTION CONTAINS MATERIAL MISSTATEMENTS AND OMISSIONS                                      20

VII.            MINIMUM REQUIRED EXCLUSIONS                                      21

VIII.            CONCLUSION                                      23

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

## TABLE OF AUTHORITIES

**Federal Cases**

*Hensley v. Eckerhart, 461 U.S. 424 (1983)* ............ 8, 10, 11, 12, 16, 20

*White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982)* ...... 10

*Gates v. Deukmejian, 987 F.2d 1392 (9th Cir. 1992)* ......... 8, 10, 11, 13

*Facebook, Inc. v. Power Ventures, Inc., No. 08-cv-05780-LHK, 2017 U.S. Dist. LEXIS 125541 (N.D. Cal. Aug. 8, 2017)* ...... 11

*Christian v. Betak, No. 3:24-cv-01867-TSH (N.D. Cal. Dec. 20, 2024)* ...... 9

**California State Cases**

*Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315 (2008)* ...... 12

*Donahue v. Donahue, 182 Cal. App. 4th 259 (2010)* ...... 11

*Hay v. Marinkovich, No. D082561 (Cal. Ct. App. 4th Dist. Feb. 6, 2025)* ...... 16

*Nightingale v. Hyundai Motor America, 31 Cal. App. 4th 99 (1994)* ...... 13

*PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084 (2000)* ...... 11

*Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124 (1979)* ...... 16

*Roth v. Plikaytis, 15 Cal. App. 5th 283 (2017)* ...... 11

**Statutes and Rules**

Cal. Penal Code § 502(e)(1) ...... 9

Cal. Penal Code § 502(e)(2) ...... 7, 9, 15, 18

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Even assuming *arguendo* that Plaintiffs may ultimately qualify for some fee recovery under California Penal Code section 502(e)(2), this motion still fails because Plaintiffs do not prove any recoverable amount with competent, claim-specific, lodestar-supported evidence. The Court therefore should defer ruling pending resolution of Defendants' concurrently filed Standing Motion (Doc. 285); failing that, deny the motion for failure of proof; and at absolute minimum, exclude unsupported and non-apportioned categories that Plaintiffs have not carried their burden to recover.

The motion's deficiencies are structural, not cosmetic. Plaintiffs state they seek fees "under the 'lodestar' method" (Doc. 286 at 4), then never perform the calculation that method requires. They identify hourly rates for two timekeepers but present no total hours, no weighted average, and no resulting lodestar figure. Their single largest invoice, $159,628.61, is a one-line "flat fee" with no hours, no tasks, and no timekeeper breakdown. They claim their predecessor counsel's fees "exceeded $1 million" but offer no declaration from anyone at that law firm and no claim-specific allocation. And they make no attempt to segregate CDAFA work

from the eight other causes of action that consumed the bulk of this three-year litigation.

These are not judgment calls for the Court to resolve in Plaintiffs' favor. They are threshold evidentiary failures that require denial without prejudice, or at minimum substantial exclusion and reduction, unless cured by competent supplemental proof. The fee applicant "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Where the applicant's papers do not permit the Court to identify the hours, rates, and claim-specific allocation necessary to compute a lodestar, the motion should be denied or the unsupported categories excluded. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).

The motion's credibility problems compound its evidentiary failures. On January 14, 2026, the first day of trial, Sanders Roberts LLP filed a breach-of-contract action against Hidden Empire Holdings, LLC, Deon Taylor, and Roxanne Taylor in Los Angeles County Superior Court, Case No. 26STCV01223, seeking $157,797.91 in unpaid legal fees for work performed in this litigation. (RJN Ex. "A") Sanders Roberts simultaneously filed an AAA arbitration demand and then sought a prejudgment writ of attachment against Plaintiffs' assets. The seven unpaid Sanders

-8-

Roberts invoices are the identical invoices that Mr. Newell attached to his declaration as evidence of fees "incurred." Yet the Newell Declaration, executed two months after the collection suit was filed, says nothing about the lawsuit, the arbitration, or the attachment proceeding. That omission is material and it warrants skepticism toward the entire fee submission.

## II. THE COURT SHOULD DEFER RULING UNTIL STANDING IS RESOLVED

Plaintiffs' fee motion rests entirely on the CDAFA verdict. But that verdict is subject to Defendants' concurrently pending Standing Motion (Doc. 285), which challenges the legal validity of the computer-fraud findings on three independent grounds, including that Plaintiffs do not satisfy section 502(e)(1)'s "owner or lessee" requirement. Section 502(e)(2)'s fee provision is parasitic on section 502(e)(1): if the Court holds that Plaintiffs were not the "owner or lessee" of the computer system or data at the relevant time, there is no underlying CDAFA claim on which fee entitlement can rest. *See, e.g., Christian v. Betak*, No. 3:24-cv-01867-TSH, ECF No. 30 at 7-8 (N.D. Cal. Dec. 20, 2024) (dismissing CDAFA claim for failure to satisfy owner-or-lessee requirement).

No judgment has been entered. The verdict may be vacated. The Court has expressly reserved the standing, declaratory relief and capacity issues that may alter

-9-

or eliminate the statutory basis for fees. Courts regularly defer fee motions pending resolution of post-trial challenges. *See White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 454 (1982) (fee motions are properly considered "after the merits of the case have been finally decided"). The efficient course is to resolve Defendants' Standing Motion first. If the verdict is vacated, the fee motion is moot.

## III. THE MOTION FAILS FOR LACK OF A DEMONSTRABLE LODESTAR

The Court need not reach difficult discretionary questions about the degree of Plaintiffs' success or the equities of the fee dispute, because the motion fails at the threshold evidentiary level. Plaintiffs invoke the lodestar method but do not perform the lodestar calculation. That alone is sufficient to deny the motion.

### A. No Lodestar Calculation Is Presented.

The Ninth Circuit requires that the fee applicant present the lodestar as the starting point: the number of hours reasonably expended multiplied by a reasonable hourly rate. *Gates*, 987 F.2d at 1397; *Hensley*, 461 U.S. at 433. The California Supreme Court has confirmed that "a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate

attorneys' fee award." *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The moving party bears the burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Roth v. Plikaytis*, 15 Cal. App. 5th 283, 290 (2017). Plaintiffs do none of this. The motion identifies $700/hour for Mr. Newell and $450/hour for Ms. Said, but provides no total hours across the litigation, no weighted average rate, and no resulting lodestar figure. Instead, Plaintiffs state they incurred "more than $1 million" with Sanders Roberts and "more than $500,000" with Newell Law Group, then request $750,000 as a round number representing "less than half" of total fees. (Doc. 286 at 4; Newell Decl. ¶ 3.)

Plaintiffs' own motion recites *Gates*, *Hensley*, and *Facebook, Inc. v. Power Ventures, Inc.*, yet does not perform the calculation those authorities require. Plaintiffs offer no consolidated hours summary, no segregated CDAFA tally, no claim-by-claim allocation, and no explanation for why a round-number request is the correct lodestar-derived figure. A court "may not rubberstamp a request for attorney fees and must determine the number of hours reasonably expended." *Donahue v. Donahue*, 182 Cal. App. 4th 259, 271 (2010). The motion thus fails to carry the applicant's burden. *Gates*, 987 F.2d at 1397-98.

**B. The $159,628.61 Flat-Fee Invoice Must Be Excluded in Full.**

-11-

Invoice #1737, dated February 17, 2026, is a single line item: "Flat Fee to cover the cost of trial/services through the end of January" for $159,628.61. (Newell Decl., Ex. A, Doc. 286-1, PageID 9149.) It contains no hours. No task descriptions. No breakdown by timekeeper. No allocation between attorney and non-attorney time. It represents approximately 30% of Newell Law Group's total billing and roughly 21% of the entire $750,000 fee request.

Under *Hensley*, the district court "should exclude from this initial fee calculation hours that were not reasonably expended," 461 U.S. at 434, but the Court cannot evaluate reasonableness when the movant provides no hours to evaluate. Block billing and vague entries permit the court to impose substantial reductions. *See Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008) (block billing "compromise[s] the trial court's ability to determine the reasonableness of time claimed" and supports reductions). A flat-fee entry with zero documentation is the extreme form of inadequate billing. The Court should exclude the entire $159,628.61.

**C. Plaintiffs Provide No Competent Evidentiary Foundation for Predecessor-Counsel Fees.**

Plaintiffs seek to recover fees incurred by Sanders Roberts LLP, but the motion is supported solely by the declaration of Felton T. Newell, who substituted

-12-

in as counsel only in September 2024. (Dkt. No. 161.) Mr. Newell is not the timekeeper who created the Sanders Roberts invoices. He has no personal knowledge of the work reflected in those invoices. His declaration contains no attestation regarding the reasonableness of Sanders Roberts' rates or hours. No declaration from any Sanders Roberts attorney accompanies the motion.

This matters because the fee applicant has the burden of showing that fees incurred were "allowable," were "reasonably necessary to the conduct of the litigation," and were "reasonable in amount." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994); *Gates*, 987 F.2d at 1397-98. An attorney who did not perform the work and has no personal knowledge of the billing entries cannot establish any of these foundational requirements: that the hours were reasonably expended, that the rates were appropriate, and that the work was attributable to the fee-bearing claim. The Sanders Roberts invoices, standing alone and unsupported by a declarant with personal knowledge of the work performed, do not provide the evidentiary foundation that fee-recovery law requires. The Court should exclude all predecessor-counsel fees unless and until supported by a declaration from someone with personal knowledge of those time entries, their reasonableness, and their claim-specific allocation.

**D. The Disputed, Unpaid Status of the Sanders Roberts Invoices Confirms They Cannot Be Accepted at Face Value.**

On January 14, 2026, the first day of trial, Sanders Roberts filed a breach-of-contract and quantum meruit action against Hidden Empire Holdings, LLC, Deon Taylor, and Roxanne Taylor in Los Angeles County Superior Court, Case No. 26STCV01223, seeking $157,797.91 in unpaid fees for work performed in this litigation. (RJN Ex. "A".) One week later, on January 21, 2026, Sanders Roberts filed a Demand for Arbitration with the American Arbitration Association seeking the identical amount pursuant to the mandatory arbitration clause in the parties' engagement agreement. (RJN Ex. "B".) Sanders Roberts then sought a prejudgment writ of attachment against Plaintiffs' assets in the amount of $157,797.91, a provisional remedy that requires the applicant to demonstrate probable validity of its claim. (RJN Ex. "C".)

The seven unpaid invoices identified in the LASC complaint are Invoice Nos. 16033 (partial balance of $20,584.16), 16369 ($85,280.00), 16692 ($27,163.50), 16970 ($3,437.75), 17613 ($13,305.00), 17937 ($4,058.50), and 18168 ($3,969.00). (See RJN Ex. "A".) Every one of these invoices was also attached by Mr. Newell as part of Exhibit A to his declaration in support of the fee motion. (Doc. 286-1.) The identical billing records that Plaintiffs present to this Court as evidence of "fees

-14-

incurred" are simultaneously the subject of a collection lawsuit, an AAA arbitration, and a prejudgment attachment application filed by the very firm that generated them.

Defendants do not contend that unpaid fees can never be recovered. But the disputed, unpaid status of these invoices underscores why the Court should not accept them without competent testimony and claim-specific segregation. The Sanders Declaration in the LASC action recounts that "Mr. and Mrs. Taylor communicated to Sanders Roberts' personnel on numerous occasions, both orally and in writing, during 2024 and 2025 that they would pay the amounts owed" and never did. (RJN Ex. "D".) The Newell Declaration, executed two months after the collection suit was filed, says nothing about any of this. That omission, combined with the absence of any Sanders Roberts sponsoring declaration, means the Court has before it $157,797.91 in invoices that (a) are unattested by the firm that generated them, (b) are disputed by the party that incurred them, and (c) are the subject of active collection proceedings concealed from the Court. At minimum, the Court should demand stricter proof before crediting any of these entries.

## IV. PLAINTIFFS' RECORDS ARE NOT APPORTIONED AND INCLUDE SUBSTANTIAL NON-CDAFA WORK

Section 502(e)(2) authorizes fees in connection with an action brought under the CDAFA. It does not authorize recovery of the entirety of a plaintiff's litigation

costs in a multi-claim case where the CDAFA claim was one of nine causes of action. *Hensley* requires that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." 461 U.S. at 436. In such cases, "the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* Apportionment between fee-bearing and non-fee-bearing claims is required unless the work is "truly intertwined." *See Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129-30 (1979).

The apportionment requirement applies with particular force under section 502(e). In *Hay v. Marinkovich*, No. D082561 (Cal. Ct. App. 4th Dist. Feb. 6, 2025) (published), the court affirmed the denial of a section 502(e) fee request on multiple grounds, including the movant's failure to allocate fees between CDAFA work and non-CDAFA work. That is the same deficiency here. Plaintiffs' motion seeks to recover the entirety of their litigation costs across all claims without any allocation to the one statutory claim that supports fee-shifting.

Plaintiffs' FAC asserted nine causes of action. The jury found for Plaintiffs on two (conversion and combined computer fraud) and against them on two others (breach of contract and copyright infringement). (Doc. 274, PageID 7656-58.) The CDAFA was submitted as part of a combined "computer access and fraud"

instruction alongside the federal CFAA (Instruction No. 17, Doc. 259, PageID 7525), but the CFAA has no fee-shifting provision. The motion makes no attempt to separate CDAFA work from CFAA work, conversion work, contract work, copyright work, or the extensive discovery and motion practice that had no connection to section 502.

The billing records themselves confirm the problem. The following entries are illustrative, not exhaustive:

**Sanders Roberts, Invoice #15353 (Dec. 2023/Jan. 2024):** Attorney ETT billed 3.0 hours ($1,950) to "Draft Memorandum of Points and Authorities in support of Application for TRO and Preliminary Injunction regarding Defendants' appropriation and publication of Zoom videos on Hollywood Street King." (Doc. 286-1, PageID 9197.) This is TRO/PI work concerning Zoom video publications, not CDAFA computer-access work.

**Sanders Roberts, Invoice #16033 (Feb. 2024):** The bulk of this $76,406.42 invoice is devoted to the sanctions/contempt motion, including attorneys SJN, LH, and ETT billing dozens of hours on "Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendants for (1) Violating the Preliminary Injunction [Contempt] and (2) Spoliation of Evidence." (Doc.

286-1, PageID 9372-78.) Contempt and sanctions proceedings are not compensable under section 502(e)(2).

**Sanders Roberts, Invoice #16033 (Feb. 2024, same invoice):** Attorney LH billed multiple entries totaling several hours for "Email with Client re Mediation," strategy discussions regarding mediation, and communications about expert designation disputes. (Doc. 286-1, PageID 9375-77.) Mediation and expert-designation work spans all claims and is not allocated to CDAFA.

**Newell Law Group, Invoice #623 (Nov. 2024):** Mr. Newell billed 4.0 hours ($2,800) for "Legal research regarding amended complaint; draft amended complaint." (Doc. 286-1, PageID 9157.) The FAC addressed nine causes of action. Drafting the amended complaint is general litigation work, not CDAFA-specific.

**Newell Law Group, Invoice #623 (Nov. 2024, same invoice):** Mr. Newell billed 7.3 hours ($5,110) for "Finalize responses to interrogatories and requests for admission." (Doc. 286-1, PageID 9157.) Written discovery responses address all claims and defenses across the litigation, not only the CDAFA claim.

**Newell Law Group, Invoice #1595 (Dec. 2025):** Associate Christine Said billed 57.4 hours ($25,830) across December 2025, substantially all devoted

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

to drafting oppositions to Defendants' five motions in limine. (Doc. 286-1, PageID 9142-47.) Those motions addressed evidentiary issues spanning all claims, including damages testimony, expert limitations, and spoliation. No allocation to CDAFA is provided.

These examples are drawn from a brief review of the face of the invoices. A systematic analysis would likely identify far more non-CDAFA entries. The point is that the billing records, on their face, include substantial work having no connection to the one claim that supports fee-shifting, and Plaintiffs made no effort to exclude or segregate it.

The motion's sole gesture at apportionment is Mr. Newell's assertion that "the legal theories in connection with the conversion damages overlapped the legal theories in their computer data access claims." (Newell Decl. ¶ 3.) But overlap between conversion and computer fraud does not justify including fees for breach of contract, copyright infringement, the sanctions motion, the TRO proceedings, expert discovery, or other work unrelated to section 502. Plaintiffs bear the burden to prove intertwinement, not merely assert it. They have not done so.

**V. MIXED RESULTS REQUIRE A MATERIALLY REDUCED AWARD EVEN IF SOME FEE ENTITLEMENT EXISTS**

-19-

Defendants do not contend that mixed results automatically eliminate fee entitlement. But under *Hensley*, they require a tight nexus between the fee request and the degree of success obtained, and Plaintiffs have made no such showing. 461 U.S. at 434-36.

The jury found for Counterclaimants on breach of contract, breach of fiduciary duty, and false promise, awarding $121,000 in compensatory damages. (Doc. 276, PageID 7665-66.) The jury found that Plaintiffs failed to prove breach of contract and copyright infringement on their affirmative claims. (Doc. 274, PageID 7656-57.) The declaratory-relief counterclaim concerning Counterclaimants' one-third ownership interest in Hyper Engine, LLC remains pending before this Court.

A $750,000 fee request on a CDAFA claim that was one component of a combined instruction, in a case where Plaintiffs lost on two of their own claims and Defendants prevailed on three counterclaims, is facially disproportionate to the results obtained. Even if Plaintiffs are prevailing parties on the CDAFA component, the fee award must be "reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440. Plaintiffs have given the Court no basis to determine what that reasonable amount would be.

**VI. THE MOTION CONTAINS MATERIAL MISSTATEMENTS AND OMISSIONS**

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

The motion contains several misstatements and omissions that further undermine its reliability. The motion states that "the parties resolved this case for $3.7 Million" (Doc. 286 at 9), when in fact the case was not resolved; a contested verdict was returned that has not been reduced to judgment. The Notice of Motion transposes party labels, defining Plaintiffs as "Defendants" and vice versa. (Doc. 286 at 3.) And as discussed in Section III.D, the Newell Declaration conceals the pending Sanders Roberts collection action, AAA arbitration, and prejudgment attachment proceeding while presenting the same invoices as evidence of fees "incurred." These are not trivial errors. They reflect a submission that does not withstand scrutiny.

## VII. MINIMUM REQUIRED EXCLUSIONS

If the Court declines to defer or deny the motion outright, it should at minimum exclude the following categories, each of which Plaintiffs have failed to carry their burden to recover:

**(1) All Sanders Roberts fees.** These fees are unattested by any competent sponsoring declaration, unapportioned between fee-bearing and non-fee-bearing claims, and $157,797.91 remains unpaid, actively disputed in LASC Case No. 26STCV01223, subject to AAA arbitration, and the target of a prejudgment writ of attachment. No declaration from any Sanders Roberts

attorney supports the reasonableness of these entries or their connection to the CDAFA claim.

**(2) The $159,628.61 flat-fee invoice (Invoice #1737).** This entry contains no hours, no task descriptions, no timekeeper breakdown, and no allocation between fee-bearing and non-fee-bearing work. The Court cannot assess the reasonableness of hours that are not disclosed.

**(3) All entries attributable to non-CDAFA claims.** This includes, at minimum, time spent on breach of contract, copyright infringement, the sanctions/contempt motion, TRO/preliminary injunction proceedings, expert discovery disputes, and motions in limine addressing evidentiary issues unrelated to the CDAFA. Plaintiffs bear the burden of demonstrating intertwinement, and they have not done so.

Additionally, the Court should require stricter proof before crediting the remaining Newell Law Group entries, given that every Newell invoice is addressed to "Hidden Empire Film Group" (the FTB-suspended predecessor entity that is not a named Plaintiff) rather than to any party in this action. (See, e.g., Doc. 286-1, PageID 9142, 9149, 9150.) That billing irregularity does not necessarily defeat recovery, but it is a further reason to demand competent

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

testimony establishing that the named Plaintiffs are the parties who incurred these fees and are entitled to recover them.

## VIII. CONCLUSION

This motion is not adjudicable as filed. Plaintiffs invoke the lodestar method and then do not perform it. They offer a round-number fee request untethered to documented hours, rates, and claim-specific allocation. They ask the Court to credit over $1 million in predecessor-counsel fees without a competent sponsoring declaration, while concealing that $157,797.91 of those fees are the subject of active collection proceedings. They make no apportionment between the one fee-bearing claim and the eight that are not. And they mischaracterize the procedural posture by calling a contested, pre-judgment verdict a "resolution."

For the foregoing reasons, Defendants respectfully request that the Court:

(1) Defer ruling on Plaintiffs' fee motion until after resolving the threshold standing and capacity issues raised in Defendants' concurrently pending Standing Motion (Doc. 285), because the CDAFA verdict on which the fee motion depends may not survive post-trial review;

(2) In the alternative, deny the fee motion in its entirety on the grounds that Plaintiffs have failed to present a lodestar calculation, have failed to provide

a competent evidentiary foundation for predecessor-counsel fees, have failed to apportion between fee-bearing and non-fee-bearing claims, and have made material omissions regarding the disputed status of the Sanders Roberts invoices; and

(3) In the further alternative, exclude from any fee calculation: all Sanders Roberts fees (as unattested, unapportioned, and actively disputed in LASC Case No. 26STCV01223 and AAA arbitration); the $159,628.61 flat-fee invoice (as unsupported by any documentation); all entries attributable to non-CDAFA claims; and all other entries identified in Section VII; and reduce any remaining award to reflect only documented, reasonable, CDAFA-specific fees supported by competent evidence and adequate billing records.

Dated: March 30, 2026                    LAW OFFICES OF JT FOX, APC

                                         *s/J.T. Fox*

                                         By: _____
                                              J.T. Fox, Esq., Attorney for
                                              Defendants, DARRICK
                                              ANGELONE, AONE CREATIVE
                                              LLC, formerly known as AONE
                                              ENTERTAINMENT LLC and ON
                                              CHAIN INNOVATIONS LLC

-24-

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.  I am an employee of the Law Offices of J.T. Fox, APC, and my business address is 556 S. Fair Oaks, No. 444, Pasadena, CA  91105.

On March 30, 2026, I served a true and correct copy of DEFEDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS on the parties involved as stated below and addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

(X) BY E-MAIL transmission: I caused the aforementioned listed document to be emailed to the above parties on the date set forth above from the following email address: jt@jtfoxlaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2026 at Pasadena, California.


*s/J.T. Fox*

--------------------------------
J.T. FOX, DECLARANT

-25-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS