J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> Assigned to the Honorable: Michael W. Fitzgerald <br><br> DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFEDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS <br><br> [Concurrently Filed with Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs] |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company | |

-1-

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

Defendants and Counterclaimants Darrick Angelone, AOne Creative, LLC and On Chain Innovations, LLC ("Defendants"), respectfully request pursuant to Federal Rules of Evidence that the Court take judicial notice of the documents set forth below.

This Court may take judicial notice of a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

-2-

reasonably be questioned." Fed R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

This Court may also take Judicial Notice of Documents Filed in Federal District Courts.  "[T]he Court may take judicial notice of matters of public record." Moore v. Navarro, 2004 WL 783104, at *2 (N.D. Cal. Mar. 31, 2004). Such "matters of public record" include documents filed in federal district courts. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a motion to dismiss filed in a separate, prior matter); Ray v. Lara, 31 F.4th 692, 702 n.4 (9th Cir. 2022) ("We may take judicial notice of district court records.").

Accordingly, Defendants respectfully request that the Court take judicial notice of the following documents:

**LOS ANGELES COUNTY SUPERIOR COURT FILING DOCUMENTS**

- **RJN Ex. A** — Complaint in Los Angeles County Superior Court, Case No. 26STCV01223, SANDERS ROBERTS LLP v. HIDDEN EMPIRE HOLDINGS, LLC, et al.

- **RJN Ex. B** — PLAINTIFF SANDERS ROBERTS LLP'S NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING ARBITRATION in Los Angeles County Superior Court, Case No. 26STCV01223, SANDERS ROBERTS LLP v. HIDDEN EMPIRE HOLDINGS, LLC, et al.

- **RJN Ex. C** — NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT in Los Angeles County Superior Court, Case No. 26STCV01223, SANDERS ROBERTS LLP v. HIDDEN EMPIRE HOLDINGS, LLC, et al.

**RJN Ex. D** — DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF SANDERS ROBERTS LLP'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT in Los Angeles County Superior Court, Case No. 26STCV01223, SANDERS ROBERTS LLP v. HIDDEN EMPIRE HOLDINGS, LLC, et al.

-3-

Respectfully submitted.


Dated: March 30, 2026          LAW OFFICES OF JT FOX, APC


                              By: _/s/ J.T. Fox_____
                                  J.T. FOX
                                  Attorneys for Defendants DARRICK
                                  ANGELONE, AONE CREATIVE, LLC and
                                  ON CHAIN INNOVATIONS, LLC

-4-

# EXHIBIT "A"

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:  (213) 426-5000
Facsimile:   (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/14/2026 10:20 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP,<br><br>Plaintiff,<br><br>v.<br><br>HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | **CASE NO. 26STCV01223**<br><br>**UNLIMITED JURISDICTION**<br><br>**COMPLAINT FOR:**<br><br>1.    **BREACH OF CONTRACT**<br>2.    **QUANTUM MERUIT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Sanders Roberts LLP ("Sanders Roberts"), by and through the undersigned, hereby files this Complaint against Defendants Hidden Empire Holdings, LLC, Deon Taylor, Roxanne Taylor, and DOES 1 to 10 (collectively, "Defendants"), inclusive, for Breach of Contract and Quantum Meruit. In support, Sanders Roberts alleges with knowledge as to its own acts and on information and belief as to the acts of all others, as follows:

### INTRODUCTION

1. Defendants agreed to pay Sanders Roberts for legal services provided in connection with their dispute with Darrick Angelone, AOne Creative LLC and On Chain Innovations, LLC (collectively, the "Angelone Parties"). Sanders Roberts provided legal services at Defendants' request over the course of approximately two years and sent invoices to Defendants for payment of those services.

2. However, despite repeated promises that full payment of the invoices would be made, Defendants have failed to pay Sanders Roberts no less than $157,797.91 for legal services rendered. Accordingly, Sanders Roberts brings this lawsuit to recover the amounts owed.

### PARTIES

3. Plaintiff Sanders Roberts is, and at all relevant times herein was, a California-based limited liability partnership with a principal place of business in Los Angeles, California. Sanders Roberts' principal place of business is located at 515 S. Flower St., 24th Floor, Los Angeles, CA 90071. Sanders Roberts is a law firm which provides legal services to its clients.

4. Defendant Hidden Empire Holdings. LLC is, and at all relevant times herein was, a Delaware limited liability company doing business in the County of Los Angeles, State of California.

5. Defendant Deon Taylor is, and at all relevant times herein was, an individual residing in the State of California.

6. Defendant Roxanne Taylor is, and at all relevant times herein was, an individual residing in the State of California.

7. The true names and capacities of Defendants sued herein as Does 1 through 10 are presently unknown to Sanders Roberts and it therefore sues said Defendants by such fictitious

- 1 -

COMPLAINT

names. When the true names and capacities of said Defendants have been ascertained, Sanders Roberts will ask leave of the Court to amend this Complaint and to insert in lieu of such fictitious names the true names and capacities of said fictitiously named Defendants. Sanders Roberts is informed and believes that Does 1 through 10 participated in, and are responsible for, the wrongful acts and omissions alleged herein.

8. Sanders Roberts is informed and believes, and upon such information and belief, alleges that each of the Defendants, including Does 1 through 10, inclusive, were, at all-time herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

9. At all times relevant hereto, each of the Defendants has been acting as an agent, assignee, representative, partner, joint venturer, co-schemer, or co-conspirator of the other Defendants, and, in committing the wrongful acts and omissions alleged herein, has been acting within the course and scope of that agency, assignment, representation, partnership, joint venture, scheme, or conspiracy. In committing the wrongful acts and omissions alleged herein, each of the Defendants has caused, aided, abetted, encouraged, facilitated, permitted and/or ratified the wrongful acts and omissions of the other Defendants.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendants because they have conducted and continue to conduct substantial business in the State of California. On information and belief, Defendants still conduct substantial business in California. Venue is proper in this Court because Defendants conduct substantial business in this Country and because a substantial portion of the misconduct alleged herein occurred in this County.

## GENERAL ALLEGATIONS

11. Defendants and Sanders Roberts entered into an agreement pursuant to which Sanders Roberts provided legal services in connection with the aforementioned dispute with the Angelone Parties. Defendants agreed to pay for those legal services. Pursuant to said agreement, Sanders Roberts sent invoices to Defendants for the legal services rendered. At various times during the period 2022 through 2024, Defendants paid Sanders Roberts for legal services rendered.

However, Defendants have failed to pay all of the amounts owed for the legal services rendered. Currently, Defendants owe Sanders Roberts no less than $157,797.91.

12.    Despite numerous requests for payment, and promises from Defendants that payment was forthcoming, Defendants failed to pay Sanders Roberts the amount due.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (AGAINST DEFENDANTS)

13.    Sanders Roberts incorporates the allegations in the paragraphs above as though fully set forth.

14.    Defendants and Sanders Roberts entered into an agreement pursuant to which Sanders Roberts provided legal services in connection with the aforementioned lawsuits and Defendants agreed to pay for those legal services. Pursuant to said agreement, Sanders Roberts sent invoices to Defendants for the legal services rendered.

15.    Defendants currently owe Sanders Roberts no less than $157,197.91 for legal services provided by Sanders Roberts. Despite repeated promises that the amounts owed would be paid, Defendants have failed to keep its promises to pay the amount owed.

16.    Sanders Roberts has duly performed all covenants and conditions on its part to be performed in accordance with the terms and conditions of the Agreement.

17.    Defendants breached its agreement with Sanders Roberts by failing to pay the amount owed when due.

18.    Sanders Roberts has been damaged in a sum according to proof, but at a minimum, the sum of $157,797.91, together with interest on the sum at the maximum judicial rate per annum.

## SECOND CAUSE OF ACTION FOR QUANTUM MERUIT

### (AGAINST DEFENDANTS)

19.    Plaintiff incorporates the allegations in the paragraphs above as though fully set forth herein.

20.    Defendants have not paid Sanders Roberts the fair and reasonable value of Sanders Roberts' services, the value of which Sanders Roberts will prove at trial on this matter. Such amount is presently due and owing to Sanders Roberts, together with interest on said amount at the legal

rate.

## PRAYER FOR RELIEF

WHEREFORE, Sanders Roberts prays for judgement against Defendants as follows:

1.    For general damages in the amount of no less than $157,797.91;

2.    For interest at the maximum legal rate;

3.    For costs of suit, including reasonable attorneys' fees incurred in this action; and,

4.    For such other and further relief as the Court deems just and proper.

Dated:  January 14, 2026        **SANDERS ROBERTS LLP**

By: _____
Justin H. Sanders, Esq.
Kaiya L. Daniels, Esq.
Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury in this action.

Dated:  January 14, 2026        **SANDERS ROBERTS LLP**

By: _____
Justin H. Sanders, Esq.
Kaiya L. Daniels, Esq.
Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

- 4 -

COMPLAINT

**AT-115**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Justin H. Sanders (SBN 211488); Kaiya L. Daniels (SBN 364354)<br>Sanders Roberts LLP<br>515 South Flower Street, 24th Floor<br>Los Angeles, CA 90071 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (213) 426-5000          FAX NO. *(Optional)*: (213) 234-4581
E-MAIL ADDRESS *(Optional)*: jsanders@sandersroberts.com; kdaniels@sandersroberts.com
ATTORNEY FOR *(Name)*: Plaintiff, Sanders Roberts LLP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Sanders Roberts LLP

DEFENDANT: Hidden Empire Holdings, LLC, et al.

*Electronically FILED by*
*Superior Court of California,*
*County of Los Angeles*
*1/23/2026 1:06 PM*
*David W. Slayton,*
*Executive Officer/Clerk of Court,*
*By N. Rose, Deputy Clerk*

| NOTICE OF APPLICATION AND HEARING FOR | CASE NUMBER: |
|---|---|
| [x] **RIGHT TO ATTACH ORDER**<br>[ ] **ORDER FOR ISSUANCE OF**<br>　　[x] **WRIT OF ATTACHMENT**<br>　　[ ] **ADDITIONAL WRIT OF ATTACHMENT** | 26STCV01223 |

1. Notice to defendant *(name, address, and telephone number, if known):*
   Hidden Empire Holdings, LLC; Deon Taylor; and Roxanne Avent-Taylor

   1657 12th Street, Santa Monica, CA 90404

2. Plaintiff has filed an application for
   a. [x] a right to attach order and writ of attachment. *(Check items 6a, 6b, and 6d(1).)*
   b. [ ] a writ of attachment. *(Check item 6d(2).)*
   c. [ ] an additional writ of attachment. *(Check item 6d(2).)*

3. A hearing on plaintiff's application will be held in this court as follows:

   | Date: March 17, 2026 | Time: 9:30 a.m. | Dept.: 85 | Div.: | Rm.: |
   |---|---|---|---|---|

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice and is made under a. [x] Code of Civil Procedure section 483.010. *(Check item 6h(2)(a).)*
   b. [ ] Welfare and Institutions Code section 15657.01. *(Check item 6h(2)(b).)*

5. Your attention is directed to the following sections of the Code of Civil Procedure and Welfare and Institutions Code that set forth when an attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings: Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020; Welf. & Inst. Code, § 15657.01.

6. You are notified that
   a. [x] A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.

   b. [x] If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.

   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

---

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
AT-115 [Rev.July 1, 2010]

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

Code Civ. Proc., §§ 482.030, 484.010 et seq.;
Welfare & Institutions Code, § 15657.01
*www.courts.ca.gov*

**AT-115**

| SHORT TITLE<br>Sanders Roberts LLP v. Hidden Empire Holdings, LLC | CASE NUMBER:<br>26STCV01223 |
|---|---|

6. d. If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must, no later than five court days prior to this hearing,

   (1) ☒ include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

   (2) ☒ file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

e. Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

f. You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

g. You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment will be reduced by

   (1) the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable;

   (2) the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;

   (3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could have been issued had an action been brought on the claim when it was not barred by the statute of limitations; or

   (4) the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

h. The amount to be secured by an attachment is determined pursuant to the following statutes:

   (1) **Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.

   (2) (a) ☒ **Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or has decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).

      (b) ☐ **Welfare and Institutions Code section 15657.01.** An attachment may issue on a claim based on the taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by undue influence.

   (3) **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:

      (a) the amount of any unsatisfied money judgment held by defendant against plaintiff;

      (b) the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);

      (c) the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and

      (d) the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

**AT-115**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

6. h. (4) **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include

    (a)  the amount of rent past due when the complaint is filed;

    (b)  an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus

    (c)  estimated costs and attorney fees.

    Any prepaid rent or lease deposits held by plaintiff are disregarded in the calculation of the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 *(see item 6h(3) above).*

  i.  Either you or your attorney or both of you may be present at the hearing.

  j.  YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION AND AT THE HEARING.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

| | | |
|---|---|---|
| AT-115 [Rev. July 1, 2010] | **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)** | **Page 3 of 3** |

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Justin H. Sanders (SBN 211488); Kaiya L. Daniels (SBN 364354)
Sanders Roberts LLP
515 South Flower Street, 24th Floor
Los Angeles, CA 90071

TELEPHONE NO.: (213) 426-5000          FAX NO. *(Optional):* (213) 234-4581
E-MAIL ADDRESS *(Optional):* jsanders@sandersroberts.com; kdaniels@sandersroberts.com
ATTORNEY FOR *(Name):* Plaintiff, Sanders Roberts LLP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Sanders Roberts LLP
DEFENDANT: Hidden Empire Holdings, LLC, et al.

**FOR COURT USE ONLY**

Electronically **FILED** by
Superior Court of California,
County of Los Angeles
1/23/2026 1:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Rose, Deputy Clerk

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| [x] **RIGHT TO ATTACH ORDER**    [ ] **TEMPORARY PROTECTIVE ORDER** | 26STCV01223 |
| [x] **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT** | |
| [ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT** | |
|     [x] **After Hearing**    [ ] **Ex Parte** | |
|     [ ] **Against Property of Nonresident** | |

1. Plaintiff *(name):* Sanders Roberts LLP

    applies [x] after hearing    [ ] ex parte    for

    a. [x]    a right to attach order and writ of attachment.

    b. [ ]    an additional writ of attachment.

    c. [ ]    a temporary protective order.

    d. [ ]    an order directing the defendant to transfer to the levying officer possession of

        (1) [ ]    property in defendant's possession.

        (2) [ ]    documentary evidence in defendant's possession of title to property.

        (3) [ ]    documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Hidden Empire Holdings, LLC (See Attachment 1 for additional defendants)

    a. [ ]    is a natural person who

        (1) [ ]    resides in California.

        (2) [ ]    does not reside in California.

    b. [ ]    is a corporation

        (1) [ ]    qualified to do business in California.

        (2) [ ]    not qualified to do business in California.

    c. [ ]    is a California partnership or other unincorporated association.

    d. [ ]    is a foreign partnership that

        (1) [ ]    has filed a designation under Corporations Code section 15800.

        (2) [ ]    has not filed a designation under Corporations Code section 15800.

    e. [x]    is other *(specify):*
        Limited Liability Company qualified to do business in California

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one):*

    [x]    Code of Civil Procedure section 483.010    [ ]    Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).

---

**Page 1 of 3**

Form Approved for Optional Use
Judicial Council of California
AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Code of Civil Procedure, §§ 482.030, 484.010 et seq.;
Welfare. & Institutions. Code, § 15657.01
www.courts.ca.gov

**AT-105**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

6.  a.  [ x ]  Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b.  [   ]  Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7.  The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the

   a.  [   ]  verified complaint.
   b.  [ x ]  attached affidavit or declaration.
   c.  [   ]  following facts *(specify):*

8.  The amount to be secured by the attachment is:  $ 157,797.91

   a.  [   ]  which includes estimated costs of:  $
   b.  [   ]  which includes estimated allowable attorney fees of: $

9.  Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:

   a.  [ x ]  Any property of a defendant who is **not** a natural person.
   b.  [   ]  Any property of a nonresident defendant.
   c.  [ x ]  Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 *(specify):*
          All property subject to attachment under Code of Civil Procedure section 487.010(c)(1)-(11) including real property interests, accounts receivable, equipment, automobiles, securities, final money judgments, bank accounts, and securities.

   d.  [   ]  Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe):*

   e.  [   ]  Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold  *(specify license number):*

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. [   ]  The court issued a Right to Attach Order on *(date):*
          *(Attach a copy.)*

12. [   ]  Nonresident defendant has not filed a general appearance.

---

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

**Page 2 of 3**

**AT-105**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

13. a.  Plaintiff ☐ alleges on ex parte application for order for writ of attachment

☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐ concealed.

(b) ☐ substantially impaired in value.

(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances (specify):

b.  The statements in item 13a are established by ☐ the attached affidavit or declaration

☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order (specify):

15. Plaintiff

a. ☐ has filed an undertaking in the amount of: $

b. ☒ has not filed an undertaking.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF's ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 1

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

**Page 3 of 3**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

2. Defendant *(name)*:  DEON TAYLOR, an individual

  a. [X] is a natural person who

    (1) [X] resides in California.

    (2) [ ] does not reside in California.

  b. [ ] is a corporation

    (1) [ ] qualified to do business in California.

    (2) [ ] not qualified to do business in California.

  c. [ ] is a California partnership or other unincorporated association.

  d. [ ] is a foreign partnership that

    (1) [ ] has filed a designation under Corporations Code section 15800.

    (2) [ ] has not filed a designation under Corporations Code section 15800.

  e. [ ] is other*(specify):*

3. Defendant *(name)*:  ROXANNE AVENT-TAYLOR, an individual

  a. [X] is a natural person who

    (1) [X] resides in California.

    (2) [ ] does not reside in California.

  b. [ ] is a corporation

    (1) [ ] qualified to do business in California.

    (2) [ ] not qualified to do business in California.

  c. [ ] is a California partnership or other unincorporated association.

  d. [ ] is a foreign partnership that

    (1) [ ] has filed a designation under Corporations Code section 15800.

    (2) [ ] has not filed a designation under Corporations Code section 15800.

  e. [ ] is other*(specify):*

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/23/2026 1:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Rose, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP | **CASE NO.   26STCV01223** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF ATTACHMENT** |
| v. | |
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive, | Hearing Information:<br>Date:          March 17, 2026<br>Time:          9:30 a.m.<br>Dept.:          85 |
| Defendants. | Complaint Filed: January 14, 2026<br>Trial Date:          Not set |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF ATTACHMENT

## I.      **INTRODUCTION**

Plaintiff Sanders Roberts LLP ("Sanders Roberts") applies for a right to attach order and order for issuance of writ of attachment regarding Defendant Hidden Empire Holdings, LLC ("Hidden Empire"), Defendant Deon Taylor, and Defendant Roxanne Avent-Taylor's (collectively "Defendants"), failure to pay $157,797.91 for legal services rendered by Sanders Roberts. A writ of attachment is critical to secure Sanders Roberts' claim for breach of contract against Defendants by increasing the likelihood that Sanders Roberts can enforce a favorable judgment.

As set forth below, Sanders Roberts has met all of the statutory requirements for the issuance of a right to attach order.

## II.      **STATEMENT OF FACTS**

On August 29, 2022, Sanders Roberts and Defendants entered into an engagement agreement whereby Sanders Roberts agreed to represent Defendants in connection with a business dispute (the "Agreement"). (Declaration of Justin H. Sanders ("Sanders Decl.") ⁋ 7, Exh. A.) Among other things, the Agreement provides that Sanders Roberts would send invoices to Defendants for any legal services rendered, and that Defendants would pay those invoices. (*Id.*) Pursuant to the Agreement, each Defendant is responsible to pay the invoices rendered. (Id.)

Sanders Roberts provided legal services to Defendants and sent invoices to Defendants for the services rendered. (Sanders Decl. ⁋ 9, Exh. B.) While Defendants paid most of the invoices, it failed to pay several of the invoices including the following invoices (the "Outstanding Invoices"):

    a)    Invoice No. 16033 dated March 27, 2024 - $20.584.16 (remaining balance after $55,822.26 payment applied);

    b)    Invoice No. 16369 dated May 6, 2024 - $85,280.00;

    c)    Invoice No. 16692 dated May 22, 2024 - $27,163.50;

    d)    Invoice No. 16970 dated June 24, 2024 - $3,437.75;

    e)    Invoice No. 17613 dated August 20, 2024 - $13,305.00;

    f)    Invoice No. 17937 dated September 19, 2024 - $4,058.50; and

    g)    Invoice No. 18168 dated October 9, 2024 - $3,969.00.

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF ATTACHMENT

(*Id.*) The invoices have been redacted to the extent necessary to preserve and protect the attorney-client privilege and related privileges. (*Id.*) If the Court would like to see unredacted versions of the invoices, then Sanders Roberts requests permission to submit the unredacted versions for the Court's *in camera* review.

Defendants made numerous promises to pay the Outstanding Invoices. (*Id.* at ⁋ 10.) For example, representatives of Hidden Empire communicated on numerous occasions, both orally and in writing, during 2024 and 2025 that it would pay the amounts owed. (*Id.*) Despite repeated promises to pay the Outstanding Invoices, Defendants have continued to fail to pay the amounts due. Currently, Defendants owe $157,797.91 to Sanders Roberts for legal services rendered. (*Id.* at ⁋ 11.)

## III.   ARGUMENT

### A.   Legal Authority

"A prejudgment, unperfected attachment lien . . . has been described as a contingent, inchoate, or potential right." (*In re Aquarius Disk Services, Inc.* (Bankr. N.D. Cal. 2000) 254 B.R. 253, 256, citing *Puissegur v. Yarbrough*, 29 Cal.2d 409, 175 P.2d 830, 831 (1946), other citations omitted.) The purpose of an attachment "is to make all property . . . subject to attachment and execution, and to provide that some person is served who has control over the property so that the property may be reached." (*Partch v. Adams* (1942) 55 Cal.App.2d 1,7; see Code Civ. Proc., § 488.010, et al.) From a practical standpoint, "The usual and main purpose of an attachment is to secure and insure [sic] the payment of any judgment that may be recovered in the successful prosecution of an action in order that the ends of successful litigation are not fruitlessly pursued or frustrated." *(Loeb & Loeb v. Beverly Glen Music, Inc.* (1985) 166 Cal.App.3d 1110, 1118.)

A prejudgment attachment may be issued in an action on a claim for money that is based upon an express or implied contract, "where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." (Code Civ. Proc., § 483.010, subd. (a).) The "amount to be secured by an attachment" includes the "amount of the defendant's indebtedness claimed by the plaintiff." (*Id.* at § 483.015, subd. (a)(1).) "The plaintiff must establish 'the probable validity of the claim upon which

- 2 -

the attachment is based.'" (*Goldstein v. Barak Construction* (2008) 164 Cal.App.4th 845852 (Goldstein), quoting Code Civ. Proc., § 484.090, subd. (a)(2).) "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." (*Goldstein*, *supra*, at p. 845, quoting Code Civ. Proc., § 481.190.)

When the defendant is a corporation, the moving party may seek to attach "all corporate property for which a method of levy is provided by Article 2 (commencing with Section 488.300)" (*id.* at § 487.010, subd. (a)), including real property (*id.* at § 488.315); personal property in defendant's or a third person's possession or control (*id.* at §§ 488.335, 488.345); business equipment (*id.* at § 488.375); vehicles (*id.* at § 488.425); bank accounts (*id.* at § 488.455, 488.465); and accounts receivable (*id.* at § 488.470).



### B. This Application Is Based On An Express Written Agreement

Code Civ. Procedure § 483.010(a) provides that the application be based on an express written contract. As stated above, on August 29, 2022, Sanders Roberts and Defendants entered into an express written agreement for legal services. (Hinkle Decl.⁋ 7, Exh. A.) Pursuant to the Agreement, Sanders Roberts provided legal services to Defendants, and Defendants agreed to pay the invoices it received for legal services rendered. (*Id.* at ⁋ 9, Exh. B.) Thus, this application is based on an express written agreement.

### C. The Claim Is A Fixed Amount That Exceeds The Minimum Required For An Application for Writ of Attachment

Code Civ. Procedure § 483.010(a) states that the claim is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees. As stated above, the claim is for a fixed amount, $157,797.91, which is far in excess of the $500 minimum needed for the issuance of a right to attached order. (*Id.*) Furthermore, the amount at issue is in excess of $500 exclusive of costs. (*Id.* at ⁋ 10.) Also, the amount at issue does not include interest or attorneys' fees. (*Id.*)

### D. Plaintiff is Likely to Prevail On Its Breach of Contract Claim

"A statement of a cause of action for breach of contract requires of pleading of (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4)

- 3 -

damage to plaintiff therefrom." (*Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913.)

Here, Sanders Roberts has shown that it is likely to prevail on its breach of contract claim. First, Sanders Roberts and Defendants entered into the Agreement. (Hinkle Decl., ¶ 7, Exh. A.) Second, Sanders Roberts provided legal services to Defendants under said Agreement. (*Id.* at ⫫ 9, Exh. B.) Third, Defendants failed to pay the invoices it received for the legal services provided by Sanders Roberts as required by the Agreement. (*Id.*) Fourth, due to Defendant's failure to pay the invoices, Sanders Roberts has been damaged in the amount of $157,797.91. (*Id.* at ⫫ 11.) The likelihood of success of this claim is even stronger given that Defendants promised to pay the amount due. (*Id.* at ⫫ 10.)

### E. The Claim is Commercial and Unsecured

Lastly, Code Civ. Procedure § 483.010(a) requires the claim for money or damages is based upon an amount that is either unsecured or secured by personal property and commercial in nature. Here, Sanders Roberts' claim for money against Defendants is both commercial in nature and not secured by any mortgage, deed of trust or lien on real or personal property. (*Id.* at ⫫ 12.)

## IV. CONCLUSION

Based on the foregoing, Sanders Roberts has met all of the requirements necessary for this Court to grant the application. Sanders Roberts therefore respectfully requests that the Court grant this application for a right to attach order and order for issuance of writ of attachment against Defendants in the amount of $157,797.91.

Dated: January 23, 2026        **SANDERS ROBERTS LLP**

By: _____
Justin H. Sanders, Esq.
Kaiya L. Daniels, Esq.
Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

- 4 -

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/23/2026 1:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Rose, Deputy Clerk

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP<br><br>                    Plaintiff,<br><br>          v.<br><br>HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive,<br><br>                    Defendants. | **CASE NO.   26STCV01223**<br><br>**DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF SANDERS ROBERTS LLP'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>Hearing Information:<br>Date:                March 17, 2026<br>Time:               9:30 a.m.<br>Dept.:               85<br><br>Complaint Filed: January 14, 2026<br>Trial Date:          Not set |

## DECLARATION OF JUSTIN H. SANDERS

I, Justin H. Sanders, do hereby declare:

1.      I am an attorney at law licensed to practice before all courts of the State of California. I am a Partner at the law firm of Sanders Roberts LLP, the Plaintiff in this action ("Sanders Roberts").  I make this declaration in support of Sanders Roberts' application for a right to attach order and writ of attachment against Defendants Hidden Empire Holdings, LLC ("Hidden Empire"), Deon Taylor and Roxanne Avent-Taylor (collectively, "Defendants").

2.      This declaration is based on my personal knowledge and experience unless specified otherwise. If called as a witness, I could and would testify competently to the facts set forth herein.

3.      Sanders Roberts is a limited liability partnership based in Los Angeles, California.

4.      In my capacity as Partner and owner of Sanders Roberts, I have custody and control of the business records of Sanders Roberts, including but not limited to all of the records that  relate and pertain to Defendants.



5.      I am familiar with the identity and mode of preparation of the documents related to Sanders Roberts' claims for money against Defendants. I have personal knowledge and certify that the invoices prepared in connection with providing legal services for Defendants were made in the regular course of business at or about the time of the actual events. Sanders Roberts' business records are made and kept in a careful and business-like fashion in the manner described herein. All entries made on the subject invoices are made by a person with personal knowledge of the events, and whose duty is to record and make such entries into Sanders Roberts' billing entry computer system. It is the business practice of Sanders Roberts to make and keep careful records of all legal services rendered on its business account and the invoices are reviewed for accuracy and completeness to ensure their trustworthiness before they are delivered to the Defendants.

6.      I have personally examined each document attached as exhibit(s) to this Declaration. I certify and declare that each copy is a true and correct copy of its original that are maintained and stored at Sanders Roberts' business office.

7.      Attached hereto as **Exhibit A** is a true and correct copy of the fully-executed agreement between Sanders Roberts and each of the Defendants, dated August 29, 2022.

- 1 -

DECLARATION OF JUSTIN H. SANDERS

8. Defendants have represented to Sanders Roberts that Deon Taylor and Roxanne Avent-Taylor are the co-founders, managing members, and co-Chief Executive Officers of Hidden Empire.

9. Attached hereto as **Exhibit B** is a true and correct copy of each outstanding invoice provided to the Defendants during the relevant time-period, 2022 through 2024 (the "Outstanding Invoices"). The attached invoices have been redacted to the extent necessary to preserve and protect the attorney-client privilege and related privileges. Based on my review of the Sanders Roberts' records and communications with Sanders Roberts' personnel, each of the subject invoices were sent to Defendants and Defendants acknowledged receipt of them.

10. Based on my review of Sanders Roberts' records and my communications with Sanders Roberts' personnel, Defendants made numerous promises to pay the Outstanding Invoices. For example, Mr. and Mrs. Taylor communicated to Sanders Roberts' personnel on numerous occasions, both orally and in writing, during 2024 and 2025 that they would pay the amounts owed. Sanders Roberts has not attached copies of those emails and text messages to preserve and protect the attorney-client privilege and related privileges. Sanders Roberts is willing to submit said writings *in camera* upon the Court's request.

11. Based on the Outstanding Invoices, Defendants owe $157,797.91 to Sanders Roberts for legal services rendered, exclusive of any interest or attorneys' fees.

12. The claims upon which this action is brought are not secured by any mortgage, deed of trust, or lien on real or personal property. The claims are commercial claims arising from the Agreement for legal services.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23nd day of January, 2026 in Los Angeles, California.

_____
Justin H. Sanders

- 2 -
DECLARATION OF JUSTIN H. SANDERS

# EXHIBIT A



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

August 29, 2022

**VIA EMAIL**

Hidden Empire Holdings, LLC
Hyper Engine, LLC
Deon Taylor
Roxanne Avent-Taylor
1669 12th Street
Santa Monica CA 90404
deontaylor@me.com

Re:    Terms of Engagement for Legal Services
       *Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.*

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor:

Thank you for retaining Sanders Roberts LLP (the "Firm") to represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor, and Roxanne Avent-Taylor (the "Client") in connection with the business dispute with Darrick Angelone & AONECreative, LLC (the "Action"). The formal name of the Action may change as more information becomes available. The Firm's policies, as well as certain provisions of the California *Business & Professions Code*, require that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services. This letter (the "Agreement") will confirm the terms under which the Client has retained the Firm to perform legal services in the Action and will apply only to representation in this Action unless otherwise confirmed in writing by the Client and the Firm.

    1.    **Retainer, Fees and Costs.**

    The Firm will bill the Client for services rendered on a monthly basis. Our fees will be based on our hourly time charges billed in increments of .1 hours, and will reflect all time actually expended. The **hourly rate** for services performed under the Agreement will be as follows:

       Litigation Work

       $700.00 per hour for Partners & Special Counsel

CLIENT'S INITIALS: _____



**SANDERS ROBERTS**

Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 2 of 15

$550.00 per hour for Senior Associates & Of Counsel

$450.00 per hour for Associates

$130.00 per hour for Paralegals

We will provide written notice of any change to these hourly rates before such an adjustment is made.

**The Client shall provide the Firm with a "Fee Retainer" in the amount of Fifty Thousand US Dollars ($50,000).** Once the Client approves the Firm's monthly billing statements, the Firm will deduct such amounts from the Fee Retainer. If the Fee Retainer is exhausted, the Firm may request that ~~ ~~ed. In the alternative, the Firm will bill the Client for legal services perform~~ ~~lient will be responsible for promptly paying the Firm for such services. A~~ ~~on of the Action, any unused portion of the Fee Retainer will be returned to the Client.

2.      **Insurance.**

The California *Business & Professions Code* requires us to inform the Client as to whether we maintain errors and omissions insurance coverage applicable to the services to be rendered.  We hereby confirm that the Firm does maintain such insurance coverage.

3.      **Conflicts of Interest.**

The Firm cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients.  In order to avoid conflicts of interest among our clients, we maintain an index of relevant names (the "Index").  Accordingly, the Client will provide a list of all interested parties relating to the Action for the Firm to check against the Index, and the Firm will confirm that there is no conflict before commencing work thereon.  Further, the Client agrees to inform the Firm at once if the Client subsequently learns of other persons or entities that may be involved in a matter so that the Firm can make a further conflict of interest search with respect to them.  We have reviewed our position based on the information provided by the Client, and we are satisfied that we have no conflicts in this Action at this time.

4.      **Arbitration.**

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision.  There is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review.  Arbitration rules of

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 3 of 15

evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration usually results in a decision more quickly than proceedings in Court, and the attorneys' fees and other costs incurred by both sides may be substantially less. The Client is free to discuss the advisability of arbitration with the Firm, or with independent counsel or any other advisors, and to ask any questions which he/she/it may have.

By signing this engagement letter, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any statute or Rules of Professional Conduct), **SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION IN LOS ANGELES COUNTY, CALIFORNIA BEFORE A RETIRED JUDGE OR JUSTICE SERVING ON THE AMERICAN ARBITRATION ASSOCIATION ("AAA") PANEL. BY AGREEING TO ARBITRATE, THE CLIENT WAIVES ANY RIGHT HE/SHE/IT MAY HAVE TO A COURT OR JURY TRIAL.** If we are unable to mutually agree on a qualified AAA panelist, then each side will name one AAA panelist, and the two named AAA panelists will select a third AAA panelist (also a retired judge or justice) to act as the sole arbitrator. The fees of the arbitrator will be paid equally by both the Firm and the Client.

Under California law, the Client has the right, if he/she/it so desires, to request arbitration of any fee dispute before an arbitrator or panel of arbitrators selected by a local bar association or the State Bar ("Bar Arbitration") and a trial *de novo* in court if dissatisfied with the result. If the Client requests a Bar Arbitration, the law provides that evidence of any claim of malpractice or professional misconduct is admissible only concerning the fees or costs in dispute and that the Bar Arbitrators shall not award any affirmative relief in the form of damages, offset or otherwise on account of such claim. By signing this engagement letter, the Client agrees that if a Bar Arbitration is conducted, that Bar Arbitration or any trial *de novo* in Court thereafter shall determine only the issue of the amount of fees properly chargeable to the Client, if any, and that such Bar Arbitration or trial *de novo* in Court thereafter shall have no effect on the provisions set forth above which require arbitration before a retired judge or justice on the AAA panel of arbitrators of any claims for affirmative relief based on alleged professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute. Any such claims shall be solely determined in an arbitration proceeding by a retired judge or justice on the AAA panel of arbitrators without regard to the result of any Bar Arbitration or trial *de novo* thereafter.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057979-4141-4B96-92E7-43839118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 4 of 15

*The undersigned hereby confirms reading the above arbitration provision and agreeing to such terms.*

By: _____  Roxanne Avent-Taylor
Hidden Empire Holdings, LLC

By: _____  Roxanne Avent-Taylor
Hyper Engine, LLC

By: _____
Deon Taylor

By: Roxanne Avent-Taylor _____
Roxanne Avent-Taylor

5.    **Attorneys' Fees and Costs in Matter on Agreement.**

The prevailing party in any action or proceeding to enforce any provision of the Agreement will be awarded the reasonable attorneys' fees and costs incurred in such action or proceeding.

6.    **Consent to Electronic Communications.**

In order to maximize efficiency in this matter, the Firm intends to use state of the art technology and communications devices to the fullest extent possible (e.g., Internet, email, smart phones, cloud computing, document transfer by computer, and facsimile transfers). The use of such technology may place the Client's confidences and privileges at risk. However, the Firm believes the effectiveness involved in use of such technology outweighs the nominal risk of accidental disclosure. By signing this letter, the Client acknowledges his consent to the use of such technology and devices.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 5 of 15

### 7. Delegation of Attorney Services.

The Firm may delegate to other attorneys or business entities some of the legal services to be provided to the Client. Any such delegation will not affect the Client's obligation to pay attorneys' fees and/or costs as provided for in this Agreement.

### 8. Tax Advice Specifically Excluded.

The Firm has advised the Client that any settlement or judgment obtained as a result of the representation may be partly or wholly taxable. The Firm has informed the Client that tax advice is specifically excluded from the scope of the services the Firm will provide under this Agreement. The Firm has informed the Client that it does not specialize in tax law and has recommended that the Client obtain advice from a tax practitioner concerning the tax consequences of any recovery.

### 9. Records and Files Retention.

All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy not to retain records relating to a matter for more than five (5) years from the date the matter is opened. It is not administratively feasible for us to advise the Client of the closing of a matter or the disposal of records. If you have any questions concerning our records retention policies, please contact us.

### 10. Termination of Services/Withdrawal from Representation.

The attorney-client relationship is one of mutual trust and confidence. If the Client has any questions at all about the provisions of this Agreement, the Firm invites his inquiries. We encourage our clients to inquire about any matter relating to our engagement agreements or invoices that may be in any way unclear or appear unsatisfactory. If the Client does not meet his obligation of timely payments or deposits under this Agreement, the Firm reserves the right to withdraw from the representation on that basis alone, subject to any required judicial, administrative, or other approvals. In any situation where the Firm's billing for legal fees and/or costs is outstanding for greater than 45 days, the Firm intends to exercise this right to withdraw from representing the Client, terminate all legal services on behalf of the Client, and seek any required approvals. The Firm further reserves the right to withdraw our representation in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057970-4141-4B96-92E7-43830118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 6 of 15

This Agreement is also subject to termination by either party upon reasonable notice for any reason. If there were to be such a termination, however, the Client would remain liable for all unpaid charges for services provided and expenses advanced or incurred.

## 11. Disclaimer of Guaranty or Warranty.

Although the Firm or the attorney(s) therein may offer an opinion about possible results from time to time regarding the subject matter of this Agreement, neither the Firm, nor any attorney therein, can guarantee any particular result. The Client acknowledges that neither the Firm nor any attorney therein has made any promises about the outcome of the representation and that any opinion offered by the Firm or any attorney therein in the future will not constitute a guaranty or warranty.

## 12. Modification of Agreement.

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both the Firm and the Client.

## 13. Entire Agreement.

This Agreement contains the entire agreement of the parties. No other agreement, statement or promise, either oral or written, made on or before the effective date of this Agreement will be binding on the parties.

## 14. Severability.

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the Agreement will be severable and remain valid and in effect.

## 15. Effective Date of Agreement.

The Effective Date of this Agreement will be as of the date when a fully executed copy of the Agreement and the above-mentioned Fee Retainer are provided to the Firm.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 43057978-4341-4B96-92E7-43830118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 7 of 15

[SIGNATURES ON FOLLOWING PAGE]

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 3305797B-4341-4B96-92E7-43839118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 8 of 15

Dated: August 29, 2022

**SANDERS ROBERTS LLP**

By: _____
**Justin H. Sanders**
Partner

    The foregoing accurately sets forth all the terms of this engagement and is approved and accepted on **29 August 2022**.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 1305797B-4141-4B96-92E7-43039118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 9 of 15

8/30/2022
_____
DATE

DocuSigned by: [signature] F51EB558BC55417...    DocuSigned by: Roxanne Avent-Taylor C24512FC25B9479...

**Hidden Empire Holdings, LLC**

Title:_____Ceo_____Ceo_____

Deon taylor
_____

1669 12th
_____

1669 12th at Santa Monica ca
_____

ADDRESS ☐ HOME    ☐ WORK

PHONE NOS:  HOME:  9165092812
_____

CELL:  9165092812
_____

OTHER:  Na
_____

deontaylor@me.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS:  [signature] DS _____

DocuSign Envelope ID: 3305797B-4341-4B96-92E7-43030118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 10 of 15

8/30/2022
_____
DATE

*DocuSigned by:*

F51EB558BC55417...

*DocuSigned by:*

Roxanne Avent-Taylor

C24512FC25B9479...

**Hyper Engine, LLC**

Title:___Ceo_____Ceo_____

  8088 Shelborne
_____

  Granite Bay, CA
_____

  95746
_____

ADDRESS  [x] HOME      [ ] WORK

PHONE NOS:  HOME:    9162572475
                     _____

            CELL:    9162572475
                     _____

            OTHER:   9162572475
                     _____

  roxanneavent@gmail.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057979-4141-4B96-92E7-43039118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 11 of 15

8/30/2022
_____
DATE

DocuSigned by:

F51EB558BC55417...
**Deon Taylor**

Title: Ceo
_____

Ceo
_____

Aug 30
_____

2022
_____

ADDRESS ☐ HOME  [x] WORK

PHONE NOS:   HOME:   9165092812
_____

CELL:   9165092812
_____

OTHER:   916 2572475
_____

deontaylor@me.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 12 of 15

8/30/2022
_____
DATE

DocuSigned by:

*Roxanne Avent–Taylor*
C24512FC25B9479...
**Roxanne Avent-Taylor**

_____

Title: Ceo
_____

8088 shelborne drive
_____

granite bay, ca
_____

95746
_____

ADDRESS [x] HOME    [ ] WORK

PHONE NOS:  HOME:    9162572475
_____

CELL:    9162572475
_____

OTHER:    9162572475
_____

roxanneavent@gmail.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS:    [DS initials]



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 13 of 15

**Re:    CONFLICT WAIVER**

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor:

You have requested that SANDERS ROBERTS LLP (the "Firm") represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor in connection with the business dispute with Darrick Angelone & AONECreative, LLC. We are pleased to have the opportunity to do so, however, it is of the utmost importance that, at the outset, certain aspects of this representation be brought to your attention. Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor are all clients of the Firm. Our representation of each of you may create certain conflicts of interest, in that the interests and objectives of either one of you individually may become inconsistent with the interests and objectives of the other person or entity.

As attorneys, we are governed by specific rules relating to our representation of clients when present or potential conflicts of interest exist. We owe a duty of loyalty to all of our clients, and must preserve their confidences. The provisions of the California Rules of Professional Conduct applicable to the above-described situation state:

Rule 3-310. Avoiding the Representation of Adverse Interests.

(C) A member shall not, without the informed written consent of each client:
(1) Accept representation of more than one client in a matter in which the interest of the clients potentially conflict;
(E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

As noted, the Firm's representation of each of you individually may create a conflict of interest with the others' interests, and vice-versa. Accordingly, it is our duty to make the following disclosures which all of you must consider and fully understand before consenting to the proposed representation by the Firm.

Each of you may be a witness in the case if you choose to testify. The Firm has informed you, and you recognize that the Firm's representation of all parties may result in the firm making strategic legal decisions to the benefit of one party more than another. To the extent required by law, you each individually consent to the Firm's representation of all parties in connection with this matter.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 14 of 15

This letter further confirms that your consent has been given freely and voluntarily for the Firm's representation of the parties in connection with the underlying matter, that you have had the opportunity to consult with independent counsel of your own choice prior to executing this letter, and that each party has fully considered the conflict of interest that may arise as a result of the Firm's representation of all parties.

You all must be made aware that this waiver can be terminated at any time.  Further, if litigation between the parties relating to the subject matter of this letter should ensue, the Firm would be forced to recuse itself from representing any party.

This letter may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

If the foregoing is acceptable to the Parties, please execute this letter in the spaces provided below and return it to the undersigned:

**Hidden Empire Holdings, LLC**

By: _Roxanne Avent-Taylor_

Date: 8/30/2022

**Hyper Engine, LLC**

By: _Roxanne Avent-Taylor_

Date: 8/30/2022

**Deon Taylor**

By: _____

Date: 8/30/2022

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 15 of 15

Roxanne Avent-Taylor

By: Roxanne Avent-Taylor

Date: 8/30/2022

CLIENT'S INITIALS:

# EXHIBIT B



# INVOICE

Invoice # 16033
Date: 03/27/2024
Due On: 04/26/2024

## Sanders Roberts LLP

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.

### Services

| Date | ▉ | ▉ | Quantity | Rate | Total |
|------|---|---|----------|------|-------|
| 02/01/2024 | ▉ | ▉ | 3.50 | $735.00 | $2,572.50 |
| 02/01/2024 | ▉ | ▉ | 2.50 | $735.00 | $1,837.50 |
| 02/02/2024 | ▉ | ▉ | 0.90 | $135.00 | $121.50 |
| 02/02/2024 | ▉ | ▉ | 6.20 | $735.00 | $4,557.00 |
| 02/02/2024 | ▉ | ▉ | 5.00 | $735.00 | $3,675.00 |
| 02/03/2024 | ▉ | ▉ | 4.30 | $735.00 | $3,160.50 |

Invoice # 16033 - 03/27/2024



| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/03/2024 | ██ | ██████ | 4.00 | $735.00 | $2,940.00 |
| 02/04/2024 | ██ | ██████ | 3.10 | $735.00 | $2,278.50 |
| 02/04/2024 | ██ | ██████ | 3.50 | $735.00 | $2,572.50 |
| 02/05/2024 | ██ | ██████ | 3.70 | $135.00 | $499.50 |
| 02/05/2024 | ██ | ██████ | 2.00 | $135.00 | $270.00 |
| 02/05/2024 | ██ | ██████ | 1.70 | $135.00 | $229.50 |
| 02/05/2024 | ██ | ██████ | 1.20 | $135.00 | $162.00 |
| 02/05/2024 | ██ | ██████ | 1.20 | $135.00 | $162.00 |



| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/05/2024 | | | 2.50 | $735.00 | $1,837.50 |
| 02/05/2024 | | | 5.70 | $735.00 | $4,189.50 |
| 02/05/2024 | | | 5.00 | $735.00 | $3,675.00 |
| 02/06/2024 | | | 0.20 | $135.00 | $27.00 |
| 02/06/2024 | | | 0.40 | $135.00 | $54.00 |
| 02/06/2024 | | | 1.40 | $735.00 | $1,029.00 |
| 02/06/2024 | | | 2.50 | $735.00 | $1,837.50 |
| 02/07/2024 | | | 0.70 | $135.00 | $94.50 |
| 02/07/2024 | | | 2.00 | $735.00 | $1,470.00 |
| 02/08/2024 | | | 2.90 | $735.00 | $2,131.50 |



| Date | | | Hours | Rate | Amount |
|------|---|---|-------|------|--------|
| 02/08/2024 | ■ | ███████ | 3.00 | $735.00 | $2,205.00 |
| 02/09/2024 | ■ | ███████ | 0.10 | $135.00 | $13.50 |
| 02/09/2024 | ■ | ███████ | 0.70 | $735.00 | $514.50 |
| 02/09/2024 | ■ | ███████ | 1.50 | $735.00 | $1,102.50 |
| 02/15/2024 | ■ | ███████ | 0.90 | $735.00 | $661.50 |
| 02/15/2024 | ■ | ███████ | 0.10 | $735.00 | $73.50 |
| 02/16/2024 | ■ | ███████ | 1.00 | $735.00 | $735.00 |
| 02/19/2024 | ■ | ███████ | 0.30 | $735.00 | $220.50 |
| 02/19/2024 | ■ | ███████ | 1.00 | $735.00 | $735.00 |
| 02/20/2024 | ■ | ███████ | 1.30 | $735.00 | $955.50 |
| 02/20/2024 | ■ | ███████ | 1.70 | $735.00 | $1,249.50 |



| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/21/2024 | ■ | ████████████████ | 0.20 | $735.00 | $147.00 |
| 02/22/2024 | ■ | ████████████████ | 1.30 | $735.00 | $955.50 |
| 02/23/2024 | ■ | ████████████████ | 0.30 | $735.00 | $220.50 |
| 02/23/2024 | ■ | ████████████████ | 2.00 | $735.00 | $1,470.00 |
| 02/26/2024 | ■ | ████████████████ | 1.50 | $735.00 | $1,102.50 |
| 02/26/2024 | ■ | ████████████████ | 2.00 | $735.00 | $1,470.00 |
| 02/26/2024 | ■ | ████████████████ | 2.00 | $735.00 | $1,470.00 |
| 02/27/2024 | ■ | ████████████████ | 0.40 | $135.00 | $54.00 |
| 02/27/2024 | ■ | ████████████████ | 0.50 | $135.00 | $67.50 |
| 02/27/2024 | ■ | ████████████████ | 1.50 | $735.00 | $1,102.50 |



| 02/27/2024 | | | 1.20 | $735.00 | $882.00 |
|---|---|---|---|---|---|
| 02/27/2024 | | | 3.00 | $735.00 | $2,205.00 |
| 02/27/2024 | | | 3.00 | $735.00 | $2,205.00 |
| 02/28/2024 | | | 0.30 | $135.00 | $40.50 |
| 02/28/2024 | | | 1.70 | $735.00 | $1,249.50 |
| 02/28/2024 | | | 3.50 | $735.00 | $2,572.50 |
| 02/28/2024 | | | 2.50 | $735.00 | $1,837.50 |
| 02/29/2024 | | | 0.60 | $735.00 | $441.00 |
| 02/29/2024 | | | 4.00 | $735.00 | $2,940.00 |
| 02/29/2024 | | | 3.00 | $735.00 | $2,205.00 |

| | | | | **Services Subtotal** | **$74,487.00** |

## Expenses

| Date | Timekeeper | Notes | Quantity | Rate | Total |
|------|-----------|-------|----------|------|-------|
| 02/13/2024 | LH | E118 Litigation support vendors: Express Imaging Solutions: Printouts, assembly, tabs, binder - Inv. 6882 | 1.00 | $1,919.42 | $1,919.42 |
| | | | **Expenses Subtotal** | | **$1,919.42** |



| | | | Subtotal | $76,406.42 |
| | | | Total | $76,406.42 |
| | | | Payment (08/19/2024) | -$15,822.26 |
| | | | Payment (08/28/2024) | -$20,000.00 |
| | | | Payment (05/12/2025) | -$20,000.00 |
| | | | **Balance Owing** | **$20,584.16** |



Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.



# INVOICE

Invoice # 16369
Date: 05/06/2024
Due On: 06/05/2024

## Sanders Roberts LLP

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.

### Services

| Date | ▮ | ▮ | Quantity | Rate | Total |
|------|---|---|----------|------|-------|
| 03/01/2024 | ▮ | ███████████████ | 0.20 | $735.00 | $147.00 |
| 03/01/2024 | ▮ | ███████████████ | 0.20 | $735.00 | $147.00 |
| 03/01/2024 | ▮ | ███████████████ | 0.20 | $735.00 | $147.00 |
| 03/01/2024 | ▮ | ███████████████ | 0.20 | $735.00 | $147.00 |
| 03/01/2024 | ▮ | ███████████████ | 0.70 | $735.00 | $514.50 |



| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 03/01/2024 | ▇ | ▇ | 0.80 | $735.00 | $588.00 |
| 03/01/2024 | ▇ | ▇ | 0.20 | $735.00 | $147.00 |
| 03/01/2024 | ▇ | ▇ | 0.80 | $735.00 | $588.00 |
| 03/01/2024 | ▇ | ▇ | 1.10 | $135.00 | $148.50 |
| 03/01/2024 | ▇ | ▇ | 1.00 | $135.00 | $135.00 |
| 03/01/2024 | ▇ | ▇ | 5.00 | $735.00 | $3,675.00 |
| 03/01/2024 | ▇ | ▇ | 6.00 | $735.00 | $4,410.00 |
| 03/02/2024 | ▇ | ▇ | 5.00 | $735.00 | $3,675.00 |
| 03/02/2024 | ▇ | ▇ | 4.00 | $735.00 | $2,940.00 |
| 03/02/2024 | ▇ | ▇ | 0.50 | $735.00 | $367.50 |



| Date | | | Qty | Rate | Amount |
|---|---|---|---|---|---|
| 03/03/2024 | ▮ | ▮ | 3.00 | $735.00 | $2,205.00 |
| 03/03/2024 | ▮ | ▮ | 0.60 | $735.00 | $441.00 |
| 03/03/2024 | ▮ | ▮ | 3.00 | $735.00 | $2,205.00 |
| 03/03/2024 | ▮ | ▮ | 0.40 | $735.00 | $294.00 |
| 03/03/2024 | ▮ | ▮ | 0.30 | $735.00 | $220.50 |
| 03/03/2024 | ▮ | ▮ | 0.40 | $735.00 | $294.00 |
| 03/03/2024 | ▮ | ▮ | 0.40 | $735.00 | $294.00 |
| 03/03/2024 | ▮ | ▮ | 3.00 | $735.00 | $2,205.00 |
| 03/03/2024 | ▮ | ▮ | 3.50 | $735.00 | $2,572.50 |



| Date | | | Hours | Rate | Amount |
|------|---|---|-------|------|--------|
| 03/04/2024 | | | 0.80 | $735.00 | $588.00 |
| 03/04/2024 | | | 1.00 | $735.00 | $735.00 |
| 03/04/2024 | | | 0.30 | $735.00 | $220.50 |
| 03/04/2024 | | | 1.10 | $735.00 | $808.50 |
| 03/04/2024 | | | 0.30 | $735.00 | $220.50 |
| 03/04/2024 | | | 0.20 | $735.00 | $147.00 |
| 03/04/2024 | | | 1.00 | $735.00 | $735.00 |
| 03/04/2024 | | | 1.00 | $135.00 | $135.00 |
| 03/04/2024 | | | 0.30 | $135.00 | $40.50 |



| Date | | Description | Qty | Rate | Amount |
|------|---|-------------|-----|------|--------|
| 03/04/2024 | ▮ | ▮ | 2.00 | $135.00 | $270.00 |
| 03/04/2024 | ▮ | ▮ | 1.00 | $135.00 | $135.00 |
| 03/04/2024 | ▮ | ▮ | 1.50 | $135.00 | $202.50 |
| 03/04/2024 | ▮ | ▮ | 2.00 | $135.00 | $270.00 |
| 03/04/2024 | ▮ | ▮ | 0.30 | $135.00 | $40.50 |
| 03/04/2024 | ▮ | ▮ | 0.30 | $135.00 | $40.50 |
| 03/04/2024 | ▮ | ▮ | 0.30 | $135.00 | $40.50 |
| 03/04/2024 | ▮ | ▮ | 0.30 | $135.00 | $40.50 |



| Date | | | Qty | Rate | Amount |
|------|---|---|-----|------|--------|
| 03/04/2024 | ██ | ██████ | 1.00 | $135.00 | $135.00 |
| 03/04/2024 | ██ | ██████ | 4.50 | $735.00 | $3,307.50 |
| 03/04/2024 | ██ | ██████ | 4.00 | $735.00 | $2,940.00 |
| 03/05/2024 | ██ | ██████ | 1.00 | $735.00 | $735.00 |
| 03/05/2024 | ██ | ██████ | 0.40 | $735.00 | $294.00 |
| 03/05/2024 | ██ | ██████ | 2.00 | $735.00 | $1,470.00 |
| 03/05/2024 | ██ | ██████ | 2.50 | $735.00 | $1,837.50 |
| 03/06/2024 | ██ | ██████ | 0.40 | $735.00 | $294.00 |
| 03/06/2024 | ██ | ██████ | 1.50 | $735.00 | $1,102.50 |

Invoice # 16369 - 05/06/2024



| Date | | | | Qty | Rate | Amount |
|---|---|---|---|---|---|---|
| | ███ | | ██████████ | | | |
| 03/06/2024 | ██ | | ██████████ | 3.00 | $135.00 | $405.00 |
| 03/06/2024 | ██ | | ██████████ | 1.00 | $135.00 | $135.00 |
| 03/06/2024 | ██ | | ████████ | 1.70 | $735.00 | $1,249.50 |
| 03/06/2024 | █ | | ██████████ | 3.00 | $735.00 | $2,205.00 |
| 03/07/2024 | ██ | | ████████ | 3.00 | $135.00 | $405.00 |
| 03/07/2024 | ██ | | █████████ | 0.60 | $135.00 | $81.00 |
| 03/07/2024 | ██ | | █████████ | 0.80 | $735.00 | $588.00 |
| 03/07/2024 | █ | | █████████ | 1.00 | $735.00 | $735.00 |
| 03/11/2024 | ██ | | ████████ | 1.00 | $135.00 | $135.00 |
| 03/12/2024 | ██ | | ████████ | 0.30 | $135.00 | $40.50 |
| 03/12/2024 | ██ | | ████████ | 3.00 | $135.00 | $405.00 |
| 03/12/2024 | ██ | | ███████ | 2.30 | $735.00 | $1,690.50 |
| 03/13/2024 | ██ | | █████████ | 0.10 | $135.00 | $13.50 |



| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 03/13/2024 | ██ | | 0.10 | $135.00 | $13.50 |
| 03/13/2024 | ██ | | 1.90 | $735.00 | $1,396.50 |
| 03/13/2024 | █ | | 1.00 | $735.00 | $735.00 |
| 03/14/2024 | █ | | 0.10 | $135.00 | $13.50 |
| 03/14/2024 | █ | | 0.10 | $135.00 | $13.50 |
| 03/14/2024 | █ | | 0.10 | $135.00 | $13.50 |
| 03/14/2024 | █ | | 2.00 | $735.00 | $1,470.00 |
| 03/14/2024 | █ | | 2.00 | $735.00 | $1,470.00 |
| 03/15/2024 | █ | | 1.50 | $735.00 | $1,102.50 |
| 03/17/2024 | █ | | 3.00 | $735.00 | $2,205.00 |
| 03/18/2024 | █ | | 1.00 | $135.00 | $135.00 |
| 03/18/2024 | █ | | 0.10 | $135.00 | $13.50 |
| 03/18/2024 | █ | | 1.90 | $735.00 | $1,396.50 |
| 03/18/2024 | █ | | 2.00 | $735.00 | $1,470.00 |
| 03/19/2024 | █ | | 0.10 | $135.00 | $13.50 |



| Date | | | Hours | Rate | Amount |
|------|---|---|-------|------|--------|
| 03/19/2024 | | | 0.10 | $135.00 | $13.50 |
| 03/19/2024 | | | 2.50 | $735.00 | $1,837.50 |
| 03/20/2024 | | | 0.40 | $135.00 | $54.00 |
| 03/20/2024 | | | 0.30 | $135.00 | $40.50 |
| 03/20/2024 | | | 1.40 | $735.00 | $1,029.00 |
| 03/20/2024 | | | 2.00 | $735.00 | $1,470.00 |
| 03/21/2024 | | | 3.00 | $135.00 | $405.00 |
| 03/21/2024 | | | 1.30 | $735.00 | $955.50 |



| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 03/21/2024 | | | 2.00 | $735.00 | $1,470.00 |
| 03/22/2024 | | | 0.10 | $135.00 | $13.50 |
| 03/22/2024 | | | 1.90 | $735.00 | $1,396.50 |
| 03/22/2024 | | | 1.00 | $735.00 | $735.00 |
| 03/25/2024 | | | 1.50 | $735.00 | $1,102.50 |
| 03/25/2024 | | | 1.50 | $735.00 | $1,102.50 |
| 03/26/2024 | | | 1.00 | $735.00 | $735.00 |
| 03/26/2024 | | | 1.00 | $735.00 | $735.00 |
| 03/27/2024 | | | 0.20 | $135.00 | $27.00 |
| 03/27/2024 | | | 1.80 | $135.00 | $243.00 |
| 03/27/2024 | | | 2.00 | $735.00 | $1,470.00 |
| 03/27/2024 | | | 1.00 | $735.00 | $735.00 |
| 03/28/2024 | | | 1.50 | $135.00 | $202.50 |
| 03/28/2024 | | | 1.50 | $135.00 | $202.50 |



| Date | | | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 03/28/2024 | ▮ | ▮▮▮▮▮ | 2.50 | $735.00 | $1,837.50 |
| 03/29/2024 | ▮ | ▮▮▮▮▮ | 0.40 | $135.00 | $54.00 |
| 03/29/2024 | ▮ | ▮▮▮▮▮ | 0.40 | $135.00 | $54.00 |
| 03/29/2024 | ▮ | ▮▮▮▮▮ | 2.00 | $735.00 | $1,470.00 |
| 03/29/2024 | ▮ | ▮▮▮▮▮ | 1.00 | $735.00 | $735.00 |

**Non-billable services**

| 03/06/2024 | ▮ | ▮▮▮▮▮ | 0.70 | $135.00 | $94.50 |

| | | | **Services Subtotal** | **$84,967.50** |

## Expenses

| Date | Timekeeper | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 03/08/2024 | JHS | E118 Litigation support vendors: Legal Support Network: Special messenger - Inv. LA-8559 | 1.00 | $125.00 | $125.00 |
| 03/08/2024 | LH | E118 Litigation support vendors: Legal Support Network: Reply, response, objection, request, compendium, exhibit - Inv. LA-8559 | 1.00 | $102.00 | $102.00 |
| 03/08/2024 | LH | E118 Litigation support vendors: Legal Support Network: Special messenger - Inv. LA-8559 | 1.00 | $85.50 | $85.50 |

| | | | **Expenses Subtotal** | **$312.50** |





| | | Subtotal | $85,280.00 |
|---|---|---|---|
| | | Total | $85,280.00 |

Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.



# INVOICE

Invoice # 16692
Date: 05/22/2024
Due On: 06/21/2024

## Sanders Roberts LLP

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.



| Date | ███ | ███ | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 04/01/2024 | ██ | ██████████ | 2.00 | $735.00 | $1,470.00 |
| 04/02/2024 | ██ | ██████████ | 3.10 | $735.00 | $2,278.50 |
| 04/02/2024 | ██ | ██████████ | 4.00 | $735.00 | $2,940.00 |
| 04/03/2024 | ██ | ██████████ | 3.10 | $735.00 | $2,278.50 |
| 04/03/2024 | ██ | ██████████ | 0.50 | $735.00 | $367.50 |
| 04/04/2024 | ██ | ██████████ | 2.10 | $735.00 | $1,543.50 |

Invoice # 16692 - 05/22/2024

| Date | | | Qty | Rate | Amount |
|------|---|---|-----|------|--------|
| 04/05/2024 | ■ | ████████████████ | 4.40 | $735.00 | $3,234.00 |
| 04/08/2024 | ■ | ████████████████ | 1.00 | $135.00 | $135.00 |
| 04/08/2024 | ■ | ████████████████ | 1.50 | $135.00 | $202.50 |
| 04/08/2024 | ■ | ████████████████ | 3.80 | $135.00 | $513.00 |
| 04/08/2024 | ■ | ████████████████ | 4.80 | $735.00 | $3,528.00 |
| 04/08/2024 | ■ | ████████████████ | 5.00 | $735.00 | $3,675.00 |
| 04/09/2024 | ■ | ████████████████ | 2.80 | $735.00 | $2,058.00 |
| 04/09/2024 | ■ | ████████████████ | 4.00 | $735.00 | $2,940.00 |

|  | ████ |  | ████ | ■ | ■ |
|---|---|---|---|---|---|
| ████ |  | ■ | ████ | ████ |
| ████████ |  | ■ | ████ | ████ |
| ████ |  | ■ | ████ | ████ |

|  | **Subtotal** | **$27,163.50** |
|---|---|---|
|  | **Total** | **$27,163.50** |



Invoice # 16692 - 05/22/2024



Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.



# INVOICE

Invoice # 16970
Date: 06/24/2024
Due On: 07/24/2024

## Sanders Roberts LLP

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.

| Date | ███ | ██ | Quantity | Rate | Total |
|------|-----|----|----------|------|-------|
| 05/29/2024 ██ | ███████████████████ | | 1.00 | $10.00 | $10.00 |
| 05/31/2024 ██ | ███████████████████ | | 1.00 | $3,427.75 | $3,427.75 |

| ███ | ██ | Rate | Total |
|-----|----|------|-------|
| | | **Subtotal** | **$3,437.75** |
| | | **Total** | **$3,437.75** |





Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.



# INVOICE

**Sanders Roberts LLP**

Invoice # 17613
Date: 08/20/2024
Due On: 09/19/2024

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.

| Date | | | Quantity | Rate | Total |
|------|------|------|----------|------|-------|
| 07/12/2024 | ▉ | ▉▉▉▉▉▉▉▉▉ | 0.10 | $135.00 | $13.50 |
| 07/12/2024 | ▉ | ▉▉▉▉▉▉▉▉ | 0.50 | $735.00 | $367.50 |
| 07/12/2024 | ▉ | ▉▉▉▉▉▉▉ | 1.50 | $735.00 | $1,102.50 |
| 07/15/2024 | ▉ | ▉▉▉▉▉▉ | 2.90 | $735.00 | $2,131.50 |
| 07/16/2024 | ▉ | ▉▉▉▉▉▉ | 0.60 | $135.00 | $81.00 |
| 07/16/2024 | ▉ | ▉▉▉▉▉ | 5.10 | $735.00 | $3,748.50 |
| 07/17/2024 | ▉ | ▉▉▉▉▉ | 0.40 | $135.00 | $54.00 |
| 07/17/2024 | ▉ | ▉▉▉▉▉▉ | 2.90 | $735.00 | $2,131.50 |
| 07/17/2024 | ▉ | ▉▉▉▉▉ | 1.00 | $735.00 | $735.00 |



| 07/18/2024 | ▮ | ▮▮▮▮▮▮▮▮▮▮ | 1.00 | $735.00 | $735.00 |
| 07/19/2024 | ▮ | ▮▮▮▮▮▮ | 0.20 | $735.00 | $147.00 |
| 07/31/2024 | ▮ | ▮▮▮▮▮▮▮▮▮▮▮ | 1.60 | $735.00 | $1,176.00 |
| 07/31/2024 | ▮ | ▮▮▮▮▮▮▮ | 1.20 | $735.00 | $882.00 |

**Non-billable entries**

| 07/01/2024 | ▮ | ▮▮▮▮▮ | 0.10 | $135.00 | $13.50 |
| 07/09/2024 | ▮ | ▮▮▮▮▮▮ | 0.10 | $135.00 | $13.50 |
| 07/11/2024 | ▮ | ▮▮▮▮▮▮ | 0.10 | $135.00 | $13.50 |
| 07/12/2024 | ▮ | ▮▮▮▮▮ | 0.10 | $135.00 | $13.50 |
| 07/15/2024 | ▮ | ▮▮▮ | 0.10 | $135.00 | $13.50 |
| 07/17/2024 | ▮ | ▮▮▮▮▮▮ | 0.20 | $135.00 | $27.00 |
| 07/17/2024 | ▮ | ▮▮▮▮▮▮ | 0.20 | $135.00 | $27.00 |
| 07/23/2024 | ▮ | ▮▮▮▮▮▮▮ | 1.00 | $135.00 | $135.00 |
| 07/26/2024 | ▮ | ▮▮▮▮▮▮ | 0.10 | $135.00 | $13.50 |



| | Subtotal | $13,305.00 |
| | Total | $13,305.00 |

Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.



# INVOICE

**Sanders Roberts LLP**

Invoice # 17937
Date: 09/19/2024
Due On: 10/19/2024

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.

### Services

| Date | | | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 08/01/2024 | ▉ | ▉▉▉▉ | 0.20 | $735.00 | $147.00 |
| 08/01/2024 | ▉ | ▉▉▉▉ | 0.10 | $735.00 | $73.50 |
| 08/07/2024 | ▉ | ▉▉▉▉ | 0.40 | $735.00 | $294.00 |
| 08/08/2024 | ▉ | ▉▉▉▉ | 0.40 | $735.00 | $294.00 |
| 08/08/2024 | ▉ | ▉▉▉▉ | 0.50 | $735.00 | $367.50 |
| 08/13/2024 | ▉ | ▉▉▉▉ | 0.10 | $135.00 | $13.50 |
| 08/15/2024 | ▉ | ▉▉▉▉ | 1.20 | $735.00 | $882.00 |
| 08/15/2024 | ▉ | ▉▉▉▉ | 0.80 | $735.00 | $588.00 |



| 08/16/2024 | ██ | ███████████████ | 0.30 | $735.00 | $220.50 |
| 08/16/2024 | ██ | ███████████████ | 0.20 | $735.00 | $147.00 |
| 08/27/2024 | ██ | ███████████████ | 0.60 | $735.00 | $441.00 |
| 08/27/2024 | ██ | ███████████████ | 0.80 | $735.00 | $588.00 |
| | | **Services Subtotal** | | | **$4,056.00** |

### Expenses

| Date | Timekeeper | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 08/28/2024 | LH | E112 Court fees: Pacer - Olu's Pacer Acct: CACDC, Electronic Records - Approval Code: 61296G dated 4/4/2024 to 06/26/2024 | 1.00 | $2.50 | $2.50 |
| | | **Expenses Subtotal** | | | **$2.50** |



| | | | | | |
|---|---|---|---|---|---|
| ████████ | | ████ | ██ | ██ | |
| ████████ | | | ██ | ████ | ████ |
| ████████████ | | | ██ | ████ | ████ |
| ████████ | | | ██ | ████ | ███ |
| | | | | **Subtotal** | **$4,058.50** |
| | | | | **Total** | **$4,058.50** |





Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.



# INVOICE

Invoice # 18168
Date: 10/09/2024
Due On: 11/08/2024

## Sanders Roberts LLP

515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Phone: (213) 426-5000
www.sandersroberts.com

Hidden Empire Holdings, LLC
1669 12th St
Santa Monica, CA 90404

## 02247-Hidden Empire Holdings, LLC

## [LH][SJN][MB]Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.



| Date | ▮ | ▮ | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 09/03/2024 | ▮ | ▮ | 0.10 | $735.00 | $73.50 |
| 09/04/2024 | ▮ | ▮ | 1.00 | $735.00 | $735.00 |
| 09/05/2024 | ▮ | ▮ | 0.30 | $735.00 | $220.50 |
| 09/06/2024 | ▮ | ▮ | 0.30 | $735.00 | $220.50 |
| 09/09/2024 | ▮ | ▮ | 0.20 | $735.00 | $147.00 |
| 09/12/2024 | ▮ | ▮ | 0.20 | $735.00 | $147.00 |
| 09/17/2024 | ▮ | ▮ | 0.10 | $735.00 | $73.50 |
| 09/19/2024 | ▮ | ▮ | 0.50 | $735.00 | $367.50 |
| 09/20/2024 | ▮ | ▮ | 0.20 | $735.00 | $147.00 |
| 09/23/2024 | ▮ | ▮ | 0.50 | $735.00 | $367.50 |
| 09/27/2024 | ▮ | ▮ | 2.00 | $735.00 | $1,470.00 |

Invoice # 18168 - 10/09/2024



|  | Subtotal | $3,969.00 |
|---|---|---|
|  | Total | $3,969.00 |

Please make all amounts payable to: Sanders Roberts LLP  Tax ID#30-0480262

Please pay within 30 days.

# EXHIBIT "B"

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/23/2026 12:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP<br><br>            Plaintiff,<br><br>      v.<br><br>HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive,<br><br>            Defendants. | **CASE NO.   26STV01223**<br><br>**PLAINTIFF SANDERS ROBERTS LLP'S NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Justin H. Sanders; and [Proposed] Order]<br><br>Judge:         Hon. Steve Cochron<br>Dept.:          16<br><br>Hearing Information:<br>Date:           March 24, 2026<br>Time:           9:00 a.m.<br>Dept.:          16<br>Reservation ID:   590834280651<br><br>Complaint Filed:   January 14, 2026<br>Trial Date:          Not set |

PLAINTIFF SANDERS ROBERTS LLP'S MOTION TO STAY

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 24, 2026, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Department 16 of the above-referenced Court, located at 111 North Hill Street, Los Angeles, CA 90012, Plaintiff Sanders Roberts LLP ("Sanders Roberts"), by and through their undersigned counsel, will, and hereby does, move to stay all proceedings in this action except for those related to Sanders Roberts' application for a provisional remedy pursuant to Code of Civil Procedure § 1281.8.

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the Declaration of Justin H. Sanders; and such other matters the Court may consider.

Dated:  January 23, 2026

**SANDERS ROBERTS LLP**

By: _____
Justin H. Sanders, Esq.
Kaiya L. Daniels, Esq.
Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

- 1 -

PLAINTIFF SANDERS ROBERTS LLP'S MOTION TO STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

Plaintiff Sanders Roberts LLP ("Sanders Roberts") brings this motion to stay the action pursuant to California Code of Civil Procedure § 1281.8. Sanders Roberts has commenced an arbitration against Defendants Hidden Empire Holdings, LLC, Deon Taylor, and Roxanne Avent-Taylor (collectively, "Defendants"). Said arbitration is pending before the American Arbitration Association. However, pursuant to California Code of Civil Procedure § 1281.4, Sanders Roberts filed this action because it seeks a right to attach order and writ of attachment, a provisional remedy that must be filed and heard in state court. To preserve its right to arbitration, Sanders Roberts submits this motion so that this action can be stayed except for all matters related to Sanders Roberts' request for a provisional remedy.

### II.      STATEMENT OF FACTS



Sanders Roberts is a law firm.  (Declaration of Justin H. Sanders ("Sanders Decl.") ₱ 3.) On August 29, 2022, Sanders Roberts and Defendants entered into a written agreement whereby Sanders Roberts agreed to provide legal services  in connection with a business dispute (the "Agreement"). (*Id.* ₱ 6, Exh. A.) Among other things, the Agreement provides that Sanders Roberts would send invoices to Defendants for any legal services rendered, and that Defendants would pay those invoices. (*Id.*)

While Defendants paid most of the invoices, they failed to pay several of the invoices, leaving an outstanding principal balance of $157,797.91. (*Id.* at ₱ 8.)  Defendants made numerous promises, both orally and in writing, to pay the outstanding invoices but to date they have failed to do so. (*Id.* at ₱ 7.)

Pursuant to Paragraph 4 of the Agreement, the parties agreed to submit to binding arbitration any dispute or claim related to the Agreement. (*Id.* at ₱ 6, Exh. A.) On January 21, 2026, Sanders Roberts commenced an arbitration proceeding against Defendants regarding this dispute. (*Id.* at ₱ 9, Exh. B.)

Solely for the purpose of seeking a provisional remedy, on January 14, 2026, Sanders Roberts commenced this action. (*See* Compl.*)* On January 23, 2026, Sanders Roberts filed its

- 1 -

PLAINTIFF SANDERS ROBERTS LLP'S MOTION TO STAY

Application for a Right to Attach Order and Writ of Attachment under Code of Civil Procedure 1281.8(b). (*Id.* ¶ 10, Exh. C.)  The hearing on said Application is set for March 27, 2026, at 9:30 a.m. in Department 85 of this Court. (*Id.*)

**III.    ARGUMENT**

   **A.    The Parties' Agreement Requires Arbitration.**

   The Agreement contains an arbitration provision that requires each party to arbitrate any dispute or claim related to the agreement. Specifically, Paragraph 4 of the Agreement states:

> By signing this engagement letter, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any statute or Rules of Professional Conduct), **SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION IN LOS ANGELES COUNTY, CALIFORNIA BEFORE A RETIRED JUDGE OR JUSTICE SERVING ON THE AMERICAN ARBITRATION ASSOCIATION ("AAA") PANEL. BY AGREEING TO ARBITRATE, THE CLIENT WAIVES ANY RIGHT HE/SHE/IT MAY HAVE TO A COURT OR JURY TRIAL.**



(*Id.* at ¶ 7, Exh. A.)

   The dispute here regarding unpaid fees for services rendered by Sanders Roberts under the Agreement is squarely within the provision's scope.

   **B.    The Requested Stay Is Appropriate Given That Sanders Roberts Seeks A Provisional Remedy And Has A Right To Arbitrate This Dispute.**

   Code of Civil Procedure § 1281.8(d) states that "[a]n application for a provisional remedy under subdivision (b) shall not operate to waive any right of arbitration which the applicant may have pursuant to a written agreement to arbitrate, if, at the same time as the application for a provisional remedy is presented, the applicant also presents to the court an application that all other proceedings in the action be stayed pending the arbitration of any issue, question, or dispute which is claimed to be arbitrable under the agreement and which is relevant to the action pursuant to which the provisional remedy is sought." Sanders Roberts has filed such an application under 1281.8(b)

- 2 -

and concurrently filed this motion. As permitted by section 1281.8(b), all proceedings, except for those related to the provisional remedy, should be stayed pending the arbitration.

## IV.    CONCLUSION

For the foregoing reasons, Sanders Roberts respectfully requests that this Court grant this motion to stay all proceedings except for those related to Sanders Roberts' request for a provisional remedy.

Dated:  January 23, 2026                              **SANDERS ROBERTS LLP**

By: _____
Justin H. Sanders, Esq.
Kaiya L. Daniels, Esq.
Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

- 3 -
PLAINTIFF SANDERS ROBERTS LLP'S MOTION TO STAY

# Journal Technologies Court Portal

# Make a Reservation

SANDERS ROBERTS LLP vs HIDDEN EMPIRE HOLDINGS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, et al.

Case Number: 26STCV01223    Case Type: Civil Unlimited    Category: Other Breach of Contract/Warranty (not fraud or negligence)
Date Filed: 2026-01-14   Location: Stanley Mosk Courthouse - Department 16

## Reservation

| | |
|---|---|
| Case Name:<br>SANDERS ROBERTS LLP vs HIDDEN EMPIRE HOLDINGS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, et al. | Case Number:<br>26STCV01223 |
| Type:<br>Motion for Stay of Proceedings | Status:<br>RESERVED |
| Filing Party:<br>Sanders Roberts LLP (Plaintiff) | Location:<br>Stanley Mosk Courthouse - Department 16 |
| Date/Time:<br>03/24/2026 9:00 AM | Number of Motions:<br>1 |
| Reservation ID:<br>590834280651 | Confirmation Code:<br>CR-6SEWTDJN9LDBMWWIF |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Stay of Proceedings | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |
| Payment Date:<br>n/a | |

Print Receipt    ＋ Reserve Another Hearing    👤 View My Reservations    Chat

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/23/2026 12:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP | **CASE NO.   26STCV01223** |
| Plaintiff, | **DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF PLAINTIFF SANDERS ROBERTS LLP'S MOTION TO STAY ACTION PENDING ARBITRATION** |
| v. | |
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive, | [Filed concurrently with Notice of Motion and Motion to Stay; and [Proposed] Order] |
| Defendants. | Judge:        Hon. Steve Cochron |
| | Dept.:        16 |
| | Hearing Information: |
| | Date:         March 24, 2026 |
| | Time:         9:00 a.m. |
| | Dept.:        16 |
| | Reservation ID:   590834280651 |
| | Complaint Filed: January 14, 2026 |
| | Trial Date:      Not set |

DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF PLAINTIFF SANDERS ROBERTS LLP'S
MOTION TO STAY ACTION PENDING ARBITRATION

## DECLARATION OF JUSTIN H. SANDERS

I, Justin H. Sanders, do hereby declare:

1.     I am an attorney at law licensed to practice before all courts of the State of California. I am a Partner at the law firm of Sanders Roberts LLP, the Plaintiff in this action ("Sanders Roberts"). I make this declaration in support of Sanders Roberts' Motion to Stay Pending Arbitration.

2.     This declaration is based on my personal knowledge and experience unless specified otherwise. If called as a witness, I could and would testify competently to the facts set forth herein.

3.     Sanders Roberts is a law firm organized as a limited liability partnership based in Los Angeles, California.

4.     In my capacity as Partner and owner of Sanders Roberts, I have custody and control of the business records of Sanders Roberts, including but not limited to all of the records that relate and pertain to Defendants.



5.     I have personally examined each document attached as exhibit(s) to this Declaration. I certify and declare that each copy is a true and correct copy of its original that are maintained and stored at Sanders Roberts' business office or a copy of the original generated in the ordinary course of business.

6.     Attached hereto as **Exhibit A** is a true and correct copy of the fully-executed agreement between Sanders Roberts and each of the Defendants, dated August 29, 2022.

7.     Sanders Roberts provided legal services to Defendants in connection with a business dispute. Following providing legal services, Sanders Roberts sent to Defendants invoices reflecting the services performed and the amount(s) owed by Defendants. Defendants have not paid several of the invoices. Based on my review of Sanders Roberts' records and my communications with Sanders Roberts' personnel about their communications with Defendants regarding said unpaid invoices, Defendants made numerous promises to pay the outstanding invoices. For example, Mr. and Mrs. Taylor communicated to Sanders Roberts' personnel on numerous occasions, both orally and in writing, during 2024 and 2025 that they would pay the amounts owed. Sanders Roberts has not attached copies of those emails and text messages to preserve the attorney-client privilege and

- 1 -

related privileges. Sanders Roberts is willing to submit said writings *in camera* upon the Court's request.

8.    Based on my review of the outstanding unpaid invoices, Defendants currently owe $157,797.91 to Sanders Roberts for legal services rendered, exclusive any interest or attorneys' fees.

9.    Attached hereto as **Exhibit B** is a true and correct copy of the Demand for Arbitration filed by Sanders Roberts on January 21, 2026.

10.    Attached hereto as **Exhibit C** is a true and correct copy of the Application for Writ of Attachment and Notice of Application for Writ of Attachment filed on January 23, 2026. Along with the Application, Sanders Roberts filed a Notice, Memorandum of Points and Authorities, Declaration of Justin H. Sanders and [Proposed] Order. The hearing on said Application is set for March 17, 2026 in Department 85 of this Court.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23th day of January, 2026 in Los Angeles, California.

_____
Justin H. Sanders

- 2 -

DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF PLAINTIFF SANDERS ROBERTS LLP'S
MOTION TO STAY ACTION PENDING ARBITRATION

# EXHIBIT A



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

August 29, 2022

**VIA EMAIL**

Hidden Empire Holdings, LLC
Hyper Engine, LLC
Deon Taylor
Roxanne Avent-Taylor
1669 12th Street
Santa Monica CA 90404
deontaylor@me.com

Re:     Terms of Engagement for Legal Services
        *Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.*

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor:

Thank you for retaining Sanders Roberts LLP (the "Firm") to represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor, and Roxanne Avent-Taylor (the "Client") in connection with the business dispute with Darrick Angelone & AONECreative, LLC (the "Action"). The formal name of the Action may change as more information becomes available.  The Firm's policies, as well as certain provisions of the California *Business & Professions Code*, require that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services.  This letter (the "Agreement") will confirm the terms under which the Client has retained the Firm to perform legal services in the Action and will apply only to representation in this Action unless otherwise confirmed in writing by the Client and the Firm.

1.      **Retainer, Fees and Costs.**

The Firm will bill the Client for services rendered on a monthly basis. Our fees will be based on our hourly time charges billed in increments of .1 hours, and will reflect all time actually expended. The **hourly rate** for services performed under the Agreement will be as follows:

Litigation Work

$700.00 per hour for Partners & Special Counsel

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 2 of 15

$550.00 per hour for Senior Associates & Of Counsel

$450.00 per hour for Associates

$130.00 per hour for Paralegals

We will provide written notice of any change to these hourly rates before such an adjustment is made.

**The Client shall provide the Firm with a "Fee Retainer" in the amount of Fifty Thousand US Dollars ($50,000).** Once the Client approves the Firm's monthly billing statements, the Firm will deduct such amounts from the Fee Retainer. If the Fee Retainer is exhausted, the Firm may request that ___ed. In the alternative, the Firm will bill the Client for legal services perform___ lient will be responsible for promptly paying the Firm for such services. A___ on of the Action, any unused portion of the Fee Retainer will be returned to the Client.

2.      **Insurance.**

The California *Business & Professions Code* requires us to inform the Client as to whether we maintain errors and omissions insurance coverage applicable to the services to be rendered.  We hereby confirm that the Firm does maintain such insurance coverage.

3.      **Conflicts of Interest.**

The Firm cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients.  In order to avoid conflicts of interest among our clients, we maintain an index of relevant names (the "Index").  Accordingly, the Client will provide a list of all interested parties relating to the Action for the Firm to check against the Index, and the Firm will confirm that there is no conflict before commencing work thereon.  Further, the Client agrees to inform the Firm at once if the Client subsequently learns of other persons or entities that may be involved in a matter so that the Firm can make a further conflict of interest search with respect to them.  We have reviewed our position based on the information provided by the Client, and we are satisfied that we have no conflicts in this Action at this time.

4.      **Arbitration.**

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision.  There is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review.  Arbitration rules of

CLIENT'S INITIALS:  ___



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 3 of 15

evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration usually results in a decision more quickly than proceedings in Court, and the attorneys' fees and other costs incurred by both sides may be substantially less. The Client is free to discuss the advisability of arbitration with the Firm, or with independent counsel or any other advisors, and to ask any questions which he/she/it may have.

By signing this engagement letter, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any statute or Rules of Professional Conduct), **SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION IN LOS ANGELES COUNTY, CALIFORNIA BEFORE A RETIRED JUDGE OR JUSTICE SERVING ON THE AMERICAN ARBITRATION ASSOCIATION ("AAA") PANEL. BY AGREEING TO ARBITRATE, THE CLIENT WAIVES ANY RIGHT HE/SHE/IT MAY HAVE TO A COURT OR JURY TRIAL.** If we are unable to mutually agree on a qualified AAA panelist, then each side will name one AAA panelist, and the two named AAA panelists will select a third AAA panelist (also a retired judge or justice) to act as the sole arbitrator. The fees of the arbitrator will be paid equally by both the Firm and the Client.

Under California law, the Client has the right, if he/she/it so desires, to request arbitration of any fee dispute before an arbitrator or panel of arbitrators selected by a local bar association or the State Bar ("Bar Arbitration") and a trial *de novo* in court if dissatisfied with the result. If the Client requests a Bar Arbitration, the law provides that evidence of any claim of malpractice or professional misconduct is admissible only concerning the fees or costs in dispute and that the Bar Arbitrators shall not award any affirmative relief in the form of damages, offset or otherwise on account of such claim. By signing this engagement letter, the Client agrees that if a Bar Arbitration is conducted, that Bar Arbitration or any trial *de novo* in Court thereafter shall determine only the issue of the amount of fees properly chargeable to the Client, if any, and that such Bar Arbitration or trial *de novo* in Court thereafter shall have no effect on the provisions set forth above which require arbitration before a retired judge or justice on the AAA panel of arbitrators of any claims for affirmative relief based on alleged professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute. Any such claims shall be solely determined in an arbitration proceeding by a retired judge or justice on the AAA panel of arbitrators without regard to the result of any Bar Arbitration or trial *de novo* thereafter.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 4 of 15

*The undersigned hereby confirms reading the above arbitration provision and agreeing to such terms*.

By: _____  Roxanne Avent-Taylor
Hidden Empire Holdings, LLC

By: _____  Roxanne Avent-Taylor
Hyper Engine, LLC

By: _____
Deon Taylor

By: Roxanne Avent-Taylor _____
Roxanne Avent-Taylor

### 5. Attorneys' Fees and Costs in Matter on Agreement.

The prevailing party in any action or proceeding to enforce any provision of the Agreement will be awarded the reasonable attorneys' fees and costs incurred in such action or proceeding.

### 6. Consent to Electronic Communications.

In order to maximize efficiency in this matter, the Firm intends to use state of the art technology and communications devices to the fullest extent possible (e.g., Internet, email, smart phones, cloud computing, document transfer by computer, and facsimile transfers). The use of such technology may place the Client's confidences and privileges at risk. However, the Firm believes the effectiveness involved in use of such technology outweighs the nominal risk of accidental disclosure. By signing this letter, the Client acknowledges his consent to the use of such technology and devices.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 43057978-4341-4B86-92E7-43039118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 5 of 15

### 7. Delegation of Attorney Services.

The Firm may delegate to other attorneys or business entities some of the legal services to be provided to the Client. Any such delegation will not affect the Client's obligation to pay attorneys' fees and/or costs as provided for in this Agreement.

### 8. Tax Advice Specifically Excluded.

The Firm has advised the Client that any settlement or judgment obtained as a result of the representation may be partly or wholly taxable. The Firm has informed the Client that tax advice is specifically excluded from the scope of the services the Firm will provide under this Agreement. The Firm has informed the Client that it does not specialize in tax law and has recommended that the Client obtain advice from a tax practitioner concerning the tax consequences of any recovery.

### 9. Records and Files Retention.

All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy not to retain records relating to a matter for more than five (5) years from the date the matter is opened. It is not administratively feasible for us to advise the Client of the closing of a matter or the disposal of records. If you have any questions concerning our records retention policies, please contact us.

### 10. Termination of Services/Withdrawal from Representation.

The attorney-client relationship is one of mutual trust and confidence. If the Client has any questions at all about the provisions of this Agreement, the Firm invites his inquiries. We encourage our clients to inquire about any matter relating to our engagement agreements or invoices that may be in any way unclear or appear unsatisfactory. If the Client does not meet his obligation of timely payments or deposits under this Agreement, the Firm reserves the right to withdraw from the representation on that basis alone, subject to any required judicial, administrative, or other approvals. In any situation where the Firm's billing for legal fees and/or costs is outstanding for greater than 45 days, the Firm intends to exercise this right to withdraw from representing the Client, terminate all legal services on behalf of the Client, and seek any required approvals. The Firm further reserves the right to withdraw our representation in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable.

CLIENT'S INITIALS:

DocuSign Envelope ID: 13057979-4341-4B96-92E7-43039118B844

**SR | SANDERS ROBERTS**

Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 6 of 15

This Agreement is also subject to termination by either party upon reasonable notice for any reason. If there were to be such a termination, however, the Client would remain liable for all unpaid charges for services provided and expenses advanced or incurred.

**11.     Disclaimer of Guaranty or Warranty.**

Although the Firm or the attorney(s) therein may offer an opinion about possible results from time to time regarding the subject matter of this Agreement, neither the Firm, nor any attorney therein, can guarantee any particular result. The Client acknowledges that neither the Firm nor any attorney therein has made any promises about the outcome of the representation and that any opinion offered by the Firm or any attorney therein in the future will not constitute a guaranty or warranty.

**12.     Modification of Agreement.**

This Agreement may be modified by subsequent agreement of the parties <u>only</u> by an instrument in writing signed by both the Firm and the Client.

**13.     Entire Agreement.**

This Agreement contains the entire agreement of the parties. No other agreement, statement or promise, either oral or written, made on or before the effective date of this Agreement will be binding on the parties.

**14.     Severability.**

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the Agreement will be severable and remain valid and in effect.

**15.     Effective Date of Agreement.**

The Effective Date of this Agreement will be as of the date when a fully executed copy of the Agreement and the above-mentioned Fee Retainer are provided to the Firm.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 43057978-4341-4B96-92E7-43030118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 7 of 15

[SIGNATURES ON FOLLOWING PAGE]

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 8 of 15

Dated: August 29, 2022          **SANDERS ROBERTS LLP**

By: _____

**Justin H. Sanders**
Partner

     The foregoing accurately sets forth all the terms of this engagement and is approved and accepted on **29 August 2022**.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-92E7-43030118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 9 of 15

8/30/2022
_____
DATE

DocuSigned by:

F51EB558BC55417...

DocuSigned by: Roxanne Avent-Taylor

C24512FC25B9479...

**Hidden Empire Holdings, LLC**

Title: Ceo                              Ceo
_____

Deon taylor
_____

1669 12th
_____

1669 12th at Santa Monica ca
_____

ADDRESS ☐ HOME        ☐ WORK

PHONE NOS:   HOME:   9165092812

CELL:   9165092812

OTHER:   Na

deontaylor@me.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS:   DS



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 10 of 15

8/30/2022
_____
DATE

DocuSigned by: [signature] F51EB558BC55417...

DocuSigned by: *Roxanne Avent-Taylor* C24512FC25B9479...

**Hyper Engine, LLC**

Title: Ceo                    Ceo

8088 Shelborne

Granite Bay, CA

95746

ADDRESS  [x] HOME    [ ] WORK

PHONE NOS:  HOME:    9162572475

CELL:    9162572475

OTHER:    9162572475

roxanneavent@gmail.com

EMAIL ADDRESS (1)

CLIENT'S INITIALS: [signature]

DocuSign Envelope ID: 13057970-4141-4B96-92E7-43030118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 11 of 15

8/30/2022
_____
DATE

DocuSigned by:

F51EB558BC55417...
**Deon Taylor**

Title: Ceo
_____

Ceo
_____

Aug 30
_____

2022
_____

ADDRESS ☐ HOME ☒ WORK

PHONE NOS:  HOME:  9165092812

CELL:  9165092812

OTHER:  916 2572475

deontaylor@me.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13D5797B-4141-4B86-92E7-43830118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 12 of 15

8/30/2022
_____
DATE

DocuSigned by:

Roxanne Avent-Taylor
C24512FC25B9479...
**Roxanne Avent-Taylor**

_____

Title: Ceo
_____

8088 shelborne drive
_____

granite bay, ca
_____

95746
_____

ADDRESS [x] HOME      [ ] WORK

PHONE NOS:   HOME:   9162572475
_____

            CELL:   9162572475
_____

            OTHER:  9162572475
_____

roxanneavent@gmail.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS:   _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 13 of 15

**Re:    CONFLICT WAIVER**

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor:

You have requested that SANDERS ROBERTS LLP (the "Firm") represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor in connection with the business dispute with Darrick Angelone & AONECreative, LLC. We are pleased to have the opportunity to do so, however, it is of the utmost importance that, at the outset, certain aspects of this representation be brought to your attention.  Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor are all clients of the Firm. Our representation of each of you may create certain conflicts of interest, in that the interests and objectives of either one of you individually may become inconsistent with the interests and objectives of the other person or entity.

As attorneys, we are governed by specific rules relating to our representation of clients when present or potential conflicts of interest exist.  We owe a duty of loyalty to all of our clients, and must preserve their confidences.  The provisions of the California Rules of Professional Conduct applicable to the above-described situation state:

Rule 3-310.  Avoiding the Representation of Adverse Interests.

(C) A member shall not, without the informed written consent of each client:
(1) Accept representation of more than one client in a matter in which the interest of the clients potentially conflict;
(E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

As noted, the Firm's representation of each of you individually may create a conflict of interest with the others' interests, and vice-versa.  Accordingly, it is our duty to make the following disclosures which all of you must consider and fully understand before consenting to the proposed representation by the Firm.

Each of you may be a witness in the case if you choose to testify.  The Firm has informed you, and you recognize that the Firm's representation of all parties may result in the firm making strategic legal decisions to the benefit of one party more than another.  To the extent required by law, you each individually consent to the Firm's representation of all parties in connection with this matter.

CLIENT'S INITIALS:  _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 14 of 15

This letter further confirms that your consent has been given freely and voluntarily for the Firm's representation of the parties in connection with the underlying matter, that you have had the opportunity to consult with independent counsel of your own choice prior to executing this letter, and that each party has fully considered the conflict of interest that may arise as a result of the Firm's representation of all parties.

You all must be made aware that this waiver can be terminated at any time. Further, if litigation between the parties relating to the subject matter of this letter should ensue, the Firm would be forced to recuse itself from representing any party.

This letter may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

If the foregoing is acceptable to the Parties, please execute this letter in the spaces provided below and return it to the undersigned:

**Hidden Empire Holdings, LLC**

By: _____

Date: 8/30/2022

**Hyper Engine, LLC**

By: _____

Date: 8/30/2022

**Deon Taylor**

By: _____

Date: 8/30/2022

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 15 of 15

Roxanne Avent-Taylor

By: _Roxanne Avent-Taylor_
C24512FC25B9479...

Date: 8/30/2022

CLIENT'S INITIALS:

# EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

**Mediation:** If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box ☐. There is no additional administrative fee for this service.

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Name of Respondent:  Hidden Empire Holdings, LLC; Deon Taylor; Roxanne Avent-Taylor

Address:  1669 12th Street

| City:  Santa Monica | State:  California ▾ | Zip Code:  90404 |

| Phone No.:  916-509-2812 | Fax No.: |

Email Address:  deontaylor@me.com; roxanneavent@gmail.com

Name of Representative (if known):

Name of Firm (if applicable):

Representative's Address:

| City: | State: Select... | Zip Code: |

| Phone No.: | Fax No.: |

Email Address:

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

Respondants failed to pay Sanders Roberts for legal services rendered

Dollar Amount of Claim: $ 157,797.91

Other Relief Sought: ☐ Attorneys Fees  ☑ Interest  ☑ Arbitration Costs  ☐ Punitive/Exemplary
☐ Other:

Amount enclosed: $

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

Retired Judge or Justice or seasonal attorney with significant experience handling

Hearing locale:  Downtown Los Angeles

*(check one)* ☑ Requested by Claimant  ☐ Locale provision included in the contract

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

| | | |
|---|---|---|
| Estimated time needed for hearings overall: **1-2** | hours  or | days |

Type of Business:

Claimant: Law Firm                    Respondent: Entertainment Company

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?

No

| Signature (may be signed by a representative): | Date: 1/21/2026 |
|---|---|

Name of Claimant: Sanders Roberts LLP

Address (to be used in connection with this case): 515 South Flower St., 24th Floor

| City: Los Angeles | State: California | Zip Code: 90071 |
|---|---|---|

| Phone No.: 213-426-5000 | Fax No.: 213-234-4581 |
|---|---|

Email Address: jsanders@sandersroberts.com

Name of Representative: Justin H. Sanders

Name of Firm (if applicable): Sanders Roberts LLP

Representative's Address: 515 South Flower St., 24th Floor

| City: Los Angeles | State: California | Zip Code: 90071 |
|---|---|---|

| Phone No.: 213-426-5000 | Fax No.: 213-234-4581 |
|---|---|

Email Address: jsanders@sandersroberts.com

To begin proceedings, **please file online at** www.adr.org/fileonline. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

# EXHIBIT C

**AT-115**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin H. Sanders (SBN 211488); Kaiya L. Daniels (SBN 364354)<br>Sanders Roberts LLP<br>515 South Flower Street, 24th Floor<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 426-5000    FAX NO. *(Optional)*: (213) 234-4581<br>E-MAIL ADDRESS *(Optional)*: jsanders@sandersroberts.com; kdaniels@sandersroberts.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Sanders Roberts LLP | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Sanders Roberts LLP

DEFENDANT: Hidden Empire Holdings, LLC, et al.

| NOTICE OF APPLICATION AND HEARING FOR<br>[x] **RIGHT TO ATTACH ORDER**<br>[ ] **ORDER FOR ISSUANCE OF**<br>    [x] **WRIT OF ATTACHMENT**<br>    [ ] **ADDITIONAL WRIT OF ATTACHMENT** | CASE NUMBER:<br>26STCV01223 |
|---|---|

1. Notice to defendant *(name, address, and telephone number, if known):*
   Hidden Empire Holdings, LLC

   1657 12th Street, Santa Monica, CA 90404

2. Plaintiff has filed an application for
   a. [x] a right to attach order and writ of attachment. *(Check items 6a, 6b, and 6d(1).)*
   b. [ ] a writ of attachment. *(Check item 6d(2).)*
   c. [ ] an additional writ of attachment. *(Check item 6d(2).)*

3. A hearing on plaintiff's application will be held in this court as follows:

   | Date: March 17, 2026 | Time: 9:30 a.m. | Dept.: 85 | Div.: | Rm.: |
   |---|---|---|---|---|

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice and is made under a. [x] Code of Civil Procedure section 483.010. *(Check item 6h(2)(a).)*
   b. [ ] Welfare and Institutions Code section 15657.01. *(Check item 6h(2)(b).)*

5. Your attention is directed to the following sections of the Code of Civil Procedure and Welfare and Institutions Code that set forth when an attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings: Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020; Welf. & Inst. Code, § 15657.01.

6. You are notified that
   a. [x] A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.

   b. [x] If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.

   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-115 [Rev.July 1, 2010] | **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO**<br>**ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)** | Code Civ. Proc., §§ 482.030, 484.010 et seq.;<br>Welfare & Institutions Code, § 15657.01<br>*www.courts.ca.gov* |
|---|---|---|

**AT-115**

| SHORT TITLE<br>Sanders Roberts LLP v. Hidden Empire Holdings, LLC | CASE NUMBER:<br>26STCV01223 |
|---|---|

6.  d.  If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must, no later than five court days prior to this hearing,

(1)  [x]  include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

(2)  [x]  file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

e.  Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

f.  You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

g.  You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment will be reduced by

(1)  the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable;

(2)  the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;

(3)  the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could have been issued had an action been brought on the claim when it was not barred by the statute of limitations; or

(4)  the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

h.  The amount to be secured by an attachment is determined pursuant to the following statutes:

(1)  **Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.

(2)  (a)  [x]  **Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or has decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).

(b)  [ ]  **Welfare and Institutions Code section 15657.01.** An attachment may issue on a claim based on the taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by undue influence.

(3)  **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:

(a)  the amount of any unsatisfied money judgment held by defendant against plaintiff;

(b)  the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);

(c)  the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and

(d)  the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

**AT-115**

| SHORT TITLE:<br>Sanders Roberts LLP v. Hidden Empire Holdings, LLC | CASE NUMBER:<br>26STCV01223 |
|---|---|

6.  h.  (4)  **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include

    (a)   the amount of rent past due when the complaint is filed;

    (b)   an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus

    (c)   estimated costs and attorney fees.

    Any prepaid rent or lease deposits held by plaintiff are disregarded in the calculation of the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 *(see item 6h(3) above).*

  i.   Either you or your attorney or both of you may be present at the hearing.

  j.   YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION AND AT THE HEARING.

Date:  January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin H. Sanders (SBN 211488); Kaiya L. Daniels (SBN 364354)<br>Sanders Roberts LLP<br>515 South Flower Street, 24th Floor<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 426-5000    FAX NO. *(Optional):* (213) 234-4581<br>E-MAIL ADDRESS *(Optional):* jsanders@sandersroberts.com; kdaniels@sandersroberts.com<br>ATTORNEY FOR *(Name):* Plaintiff, Sanders Roberts LLP | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Sanders Roberts LLP

DEFENDANT: Hidden Empire Holdings, LLC, et al.

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| [x] **RIGHT TO ATTACH ORDER**    [ ] **TEMPORARY PROTECTIVE ORDER**<br>[x] **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>[ ] **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br>   [x] **After Hearing**    [ ] **Ex Parte**<br>   [ ] **Against Property of Nonresident** | 26STCV01223 |

1. Plaintiff *(name):* Sanders Roberts LLP

   applies [x] after hearing  [ ] ex parte  for

   a. [x]  a right to attach order and writ of attachment.

   b. [ ]  an additional writ of attachment.

   c. [ ]  a temporary protective order.

   d. [ ]  an order directing the defendant to transfer to the levying officer possession of

      (1) [ ]  property in defendant's possession.

      (2) [ ]  documentary evidence in defendant's possession of title to property.

      (3) [ ]  documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Hidden Empire Holdings, LLC (See Attachment 1 for additional defendants)

   a. [ ]  is a natural person who

      (1) [ ]  resides in California.

      (2) [ ]  does not reside in California.

   b. [ ]  is a corporation

      (1) [ ]  qualified to do business in California.

      (2) [ ]  not qualified to do business in California.

   c. [ ]  is a California partnership or other unincorporated association.

   d. [ ]  is a foreign partnership that

      (1) [ ]  has filed a designation under Corporations Code section 15800.

      (2) [ ]  has not filed a designation under Corporations Code section 15800.

   e. [x]  is other *(specify):*
      Limited Liability Company qualified to do business in California

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one):*

      [x]  Code of Civil Procedure section 483.010        [ ]  Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).

Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Code of Civil Procedure, §§ 482.030, 484.010 et seq.;
Welfare. & Institutions. Code, § 15657.01
www.courts.ca.gov

**AT-105**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

6. a. [x] Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b. [ ] Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7. The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the

   a. [ ] verified complaint.

   b. [x] attached affidavit or declaration.

   c. [ ] following facts *(specify):*

8. The amount to be secured by the attachment is: $ 157,797.91

   a. [ ] which includes estimated costs of: $

   b. [ ] which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:

   a. [x] Any property of a defendant who is **not** a natural person.

   b. [ ] Any property of a nonresident defendant.

   c. [x] Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 *(specify):*
     All property subject to attachment under Code of Civil Procedure section 487.010(c)(1)-(11) including real property interests, accounts receivable, equipment, automobiles, securities, final money judgments, bank accounts, and securities.

   d. [ ] Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe):*

   e. [ ] Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number):*

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. [ ] The court issued a Right to Attach Order on *(date):*
   *(Attach a copy.)*

12. [ ] Nonresident defendant has not filed a general appearance.

---

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,**
**TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

**Page 2 of 3**

**AT-105**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

13. a.  Plaintiff ☐ alleges on ex parte application for order for writ of attachment

☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐ concealed.

(b) ☐ substantially impaired in value.

(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances (specify):

b.  The statements in item 13a are established by ☐ the attached affidavit or declaration

☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order (specify):

15. Plaintiff

a. ☐ has filed an undertaking in the amount of: $

b. ☒ has not filed an undertaking.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF's ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 1

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page 3 of 3

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

2. Defendant *(name)*:  DEON TAYLOR, an individual

   a.  [ X ]  is a natural person who
      (1)  [ X ]  resides in California.
      (2)  [ ]  does not reside in California.
   b.  [ ]  is a corporation
      (1)  [ ]  qualified to do business in California.
      (2)  [ ]  not qualified to do business in California.
   c.  [ ]  is a California partnership or other unincorporated association.
   d.  [ ]  is a foreign partnership that
      (1)  [ ]  has filed a designation under Corporations Code section 15800.
      (2)  [ ]  has not filed a designation under Corporations Code section 15800.
   e.  [ ]  is other *(specify):*

2. Defendant *(name)*:  ROXANNE TAYLOR, an individual

   a.  [ X ]  is a natural person who
      (1)  [ X ]  resides in California.
      (2)  [ ]  does not reside in California.
   b.  [ ]  is a corporation
      (1)  [ ]  qualified to do business in California.
      (2)  [ ]  not qualified to do business in California.
   c.  [ ]  is a California partnership or other unincorporated association.
   d.  [ ]  is a foreign partnership that
      (1)  [ ]  has filed a designation under Corporations Code section 15800.
      (2)  [ ]  has not filed a designation under Corporations Code section 15800.
   e.  [ ]  is other *(specify):*

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___1___ of ___1___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

# EXHIBIT "C"

AT-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin H. Sanders (SBN 211488); Kaiya L. Daniels (SBN 364354)<br>Sanders Roberts LLP<br>515 South Flower Street, 24th Floor<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 426-5000   FAX NO. *(Optional):* (213) 234-4581<br>E-MAIL ADDRESS *(Optional):* jsanders@sandersroberts.com; kdaniels@sandersroberts.com<br>ATTORNEY FOR *(Name):* Plaintiff, Sanders Roberts LLP | *Electronically FILED by Superior Court of California, County of Los Angeles 1/23/2026 1:06 PM David W. Slayton, Executive Officer/Clerk of Court, By N. Rose, Deputy Clerk* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: 111 North Hill Street | |
| CITY AND ZIP CODE: Los Angeles 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse | |

PLAINTIFF: Sanders Roberts LLP

DEFENDANT: Hidden Empire Holdings, LLC, et al.

| NOTICE OF APPLICATION AND HEARING FOR<br>[x] **RIGHT TO ATTACH ORDER**<br>[ ] **ORDER FOR ISSUANCE OF**<br>[x] **WRIT OF ATTACHMENT**<br>[ ] **ADDITIONAL WRIT OF ATTACHMENT** | CASE NUMBER:<br>26STCV01223 |
|---|---|

1. Notice to defendant *(name, address, and telephone number, if known):*
   Hidden Empire Holdings, LLC; Deon Taylor; and Roxanne Avent-Taylor

   1657 12th Street, Santa Monica, CA 90404

2. Plaintiff has filed an application for
   a. [x] a right to attach order and writ of attachment. *(Check items 6a, 6b, and 6d(1).)*
   b. [ ] a writ of attachment. *(Check item 6d(2).)*
   c. [ ] an additional writ of attachment. *(Check item 6d(2).)*

3. A hearing on plaintiff's application will be held in this court as follows:

   | Date: March 17, 2026 | Time: 9:30 a.m. | Dept.: 85 | Div.: | Rm.: |
   |---|---|---|---|---|

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice and is made under a. [x] Code of Civil Procedure section 483.010. *(Check item 6h(2)(a).)*
   b. [ ] Welfare and Institutions Code section 15657.01. *(Check item 6h(2)(b).)*

5. Your attention is directed to the following sections of the Code of Civil Procedure and Welfare and Institutions Code that set forth when an attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings: Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020; Welf. & Inst. Code, § 15657.01.

6. You are notified that
   a. [x] A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.

   b. [x] If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.

   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-115 [Rev.July 1, 2010] | **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)** | Code Civ. Proc., §§ 482.030, 484.010 et seq.;<br>Welfare & Institutions Code, § 15657.01<br>*www.courts.ca.gov* |
|---|---|---|

**AT-115**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

6. d. If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must, no later than five court days prior to this hearing,

    (1) ☒ include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

    (2) ☒ file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

  e. Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

  f. You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

  g. You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment will be reduced by

    (1) the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable;

    (2) the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;

    (3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could have been issued had an action been brought on the claim when it was not barred by the statute of limitations; or

    (4) the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

  h. The amount to be secured by an attachment is determined pursuant to the following statutes:

    (1) **Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.

    (2) (a) ☒ **Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or has decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).

      (b) ☐ **Welfare and Institutions Code section 15657.01.** An attachment may issue on a claim based on the taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by undue influence.

    (3) **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:

      (a) the amount of any unsatisfied money judgment held by defendant against plaintiff;

      (b) the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);

      (c) the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and

      (d) the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

---

AT-115 [Rev. July 1, 2010]

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

**Page 2 of 3**

AT-115

| SHORT TITLE:<br>Sanders Roberts LLP v. Hidden Empire Holdings, LLC | CASE NUMBER:<br>26STCV01223 |
|---|---|

6. h. (4) **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include

    (a)  the amount of rent past due when the complaint is filed;

    (b)  an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus

    (c)  estimated costs and attorney fees.

    Any prepaid rent or lease deposits held by plaintiff are disregarded in the calculation of the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 *(see item 6h(3) above).*

  i.  Either you or your attorney or both of you may be present at the hearing.

  j.  YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION AND AT THE HEARING.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin H. Sanders (SBN 211488); Kaiya L. Daniels (SBN 364354)<br>Sanders Roberts LLP<br>515 South Flower Street, 24th Floor<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 426-5000    FAX NO. *(Optional):* (213) 234-4581<br>E-MAIL ADDRESS *(Optional):* jsanders@sandersroberts.com; kdaniels@sandersroberts.com<br>ATTORNEY FOR *(Name):* Plaintiff, Sanders Roberts LLP | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/23/2026 1:06 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By N. Rose, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Sanders Roberts LLP

DEFENDANT: Hidden Empire Holdings, LLC, et al.

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| [x]  **RIGHT TO ATTACH ORDER**     [ ]  **TEMPORARY PROTECTIVE ORDER**<br>[x]  **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>[ ]  **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br>       [x]  **After Hearing**     [ ]  **Ex Parte**<br>       [ ]  **Against Property of Nonresident** | 26STCV01223 |

1. Plaintiff *(name):* Sanders Roberts LLP

   applies  [x] after hearing    [ ] ex parte    for

   a.  [x]  a right to attach order and writ of attachment.

   b.  [ ]  an additional writ of attachment.

   c.  [ ]  a temporary protective order.

   d.  [ ]  an order directing the defendant to transfer to the levying officer possession of

   　　(1)  [ ]  property in defendant's possession.

   　　(2)  [ ]  documentary evidence in defendant's possession of title to property.

   　　(3)  [ ]  documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Hidden Empire Holdings, LLC (See Attachment 1 for additional defendants)

   a.  [ ]  is a natural person who

   　　(1)  [ ]  resides in California.

   　　(2)  [ ]  does not reside in California.

   b.  [ ]  is a corporation

   　　(1)  [ ]  qualified to do business in California.

   　　(2)  [ ]  not qualified to do business in California.

   c.  [ ]  is a California partnership or other unincorporated association.

   d.  [ ]  is a foreign partnership that

   　　(1)  [ ]  has filed a designation under Corporations Code section 15800.

   　　(2)  [ ]  has not filed a designation under Corporations Code section 15800.

   e.  [x]  is other *(specify):*
   　　Limited Liability Company qualified to do business in California

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one):*

   　　[x]  Code of Civil Procedure section 483.010        [ ]  Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).

**Page 1 of 3**

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. July 1, 2010] | **APPLICATION FOR RIGHT TO ATTACH ORDER,<br>TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Code of Civil Procedure, §§ 482.030, 484.010 et seq.;<br>Welfare. & Institutions. Code, § 15657.01<br>*www.courts.ca.gov* |
|---|---|---|

**AT-105**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

6.  a.  ☒  Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b.  ☐  Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7.  The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the

   a.  ☐  verified complaint.
   b.  ☒  attached affidavit or declaration.
   c.  ☐  following facts (specify):

8.  The amount to be secured by the attachment is: $ 157,797.91

   a.  ☐  which includes estimated costs of: $
   b.  ☐  which includes estimated allowable attorney fees of: $

9.  Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:

   a.  ☒  Any property of a defendant who is **not** a natural person.
   b.  ☐  Any property of a nonresident defendant.
   c.  ☒  Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 (specify):
      All property subject to attachment under Code of Civil Procedure section 487.010(c)(1)-(11) including real property interests, accounts receivable, equipment, automobiles, securities, final money judgments, bank accounts, and securities.

   d.  ☐  Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe):

   e.  ☐  Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold (specify license number):

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐  The court issued a Right to Attach Order on (date):
      (Attach a copy.)

12. ☐  Nonresident defendant has not filed a general appearance.

---

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

**Page 2 of 3**

AT-105

| SHORT TITLE:<br>Sanders Roberts LLP v. Hidden Empire Holdings, LLC | CASE NUMBER:<br>26STCV01223 |
|---|---|

13. a.  Plaintiff ☐ alleges on ex parte application for order for writ of attachment

☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐ concealed.

(b) ☐ substantially impaired in value.

(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances (specify):

b. The statements in item 13a are established by ☐ the attached affidavit or declaration

☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order (specify):

15. Plaintiff

a. ☐ has filed an undertaking in the amount of: $

b. ☒ has not filed an undertaking.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF's ATTORNEY)

►_____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 23, 2026

Justin H. Sanders
_____
(TYPE OR PRINT NAME)

►_____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 1

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,**
**TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

**Page 3 of 3**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sanders Roberts LLP v. Hidden Empire Holdings, LLC | 26STCV01223 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

2. Defendant *(name)*:  DEON TAYLOR, an individual

   a.  [ x ]  is a natural person who

      (1)  [ x ]  resides in California.

      (2)  [   ]  does not reside in California.

   b.  [   ]  is a corporation

      (1)  [   ]  qualified to do business in California.

      (2)  [   ]  not qualified to do business in California.

   c.  [   ]  is a California partnership or other unincorporated association.

   d.  [   ]  is a foreign partnership that

      (1)  [   ]  has filed a designation under Corporations Code section 15800.

      (2)  [   ]  has not filed a designation under Corporations Code section 15800.

   e.  [   ]  is other*(specify):*

3. Defendant *(name)*:  ROXANNE AVENT-TAYLOR, an individual

   a.  [ x ]  is a natural person who

      (1)  [ x ]  resides in California.

      (2)  [   ]  does not reside in California.

   b.  [   ]  is a corporation

      (1)  [   ]  qualified to do business in California.

      (2)  [   ]  not qualified to do business in California.

   c.  [   ]  is a California partnership or other unincorporated association.

   d.  [   ]  is a foreign partnership that

      (1)  [   ]  has filed a designation under Corporations Code section 15800.

      (2)  [   ]  has not filed a designation under Corporations Code section 15800.

   e.  [   ]  is other*(specify):*

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  1  of  1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:  (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**1/23/2026 1:06 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By N. Rose, Deputy Clerk**

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP | **CASE NO.   26STCV01223** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF ATTACHMENT** |
| v. | |
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive, | Hearing Information:<br>Date:           March 17, 2026<br>Time:          9:30 a.m.<br>Dept.:          85 |
| Defendants. | Complaint Filed: January 14, 2026<br>Trial Date:        Not set |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF ATTACHMENT

## I.    INTRODUCTION

Plaintiff Sanders Roberts LLP ("Sanders Roberts") applies for a right to attach order and order for issuance of writ of attachment regarding Defendant Hidden Empire Holdings, LLC ("Hidden Empire"), Defendant Deon Taylor, and Defendant Roxanne Avent-Taylor's (collectively "Defendants"), failure to pay $157,797.91 for legal services rendered by Sanders Roberts. A writ of attachment is critical to secure Sanders Roberts' claim for breach of contract against Defendants by increasing the likelihood that Sanders Roberts can enforce a favorable judgment.

As set forth below, Sanders Roberts has met all of the statutory requirements for the issuance of a right to attach order.

## II.    STATEMENT OF FACTS



On August 29, 2022, Sanders Roberts and Defendants entered into an engagement agreement whereby Sanders Roberts agreed to represent Defendants in connection with a business dispute (the "Agreement"). (Declaration of Justin H. Sanders ("Sanders Decl.") ⁋ 7, Exh. A.) Among other things, the Agreement provides that Sanders Roberts would send invoices to Defendants for any legal services rendered, and that Defendants would pay those invoices. (*Id.*) Pursuant to the Agreement, each Defendant is responsible to pay the invoices rendered. (Id.)

Sanders Roberts provided legal services to Defendants and sent invoices to Defendants for the services rendered. (Sanders Decl. ⁋ 9, Exh. B.) While Defendants paid most of the invoices, it failed to pay several of the invoices including the following invoices (the "Outstanding Invoices"):

a)    Invoice No. 16033 dated March 27, 2024 - $20.584.16 (remaining balance after $55,822.26 payment applied);

b)    Invoice No. 16369 dated May 6, 2024 - $85,280.00;

c)    Invoice No. 16692 dated May 22, 2024 - $27,163.50;

d)    Invoice No. 16970 dated June 24, 2024 - $3,437.75;

e)    Invoice No. 17613 dated August 20, 2024 - $13,305.00;

f)    Invoice No. 17937 dated September 19, 2024 - $4,058.50; and

g)    Invoice No. 18168 dated October 9, 2024 - $3,969.00.

- 1 -

(*Id.*) The invoices have been redacted to the extent necessary to preserve and protect the attorney-client privilege and related privileges. (*Id.*) If the Court would like to see unredacted versions of the invoices, then Sanders Roberts requests permission to submit the unredacted versions for the Court's *in camera* review.

Defendants made numerous promises to pay the Outstanding Invoices. (*Id.* at ⁋ 10.) For example, representatives of Hidden Empire communicated on numerous occasions, both orally and in writing, during 2024 and 2025 that it would pay the amounts owed. (*Id.*) Despite repeated promises to pay the Outstanding Invoices, Defendants have continued to fail to pay the amounts due. Currently, Defendants owe $157,797.91 to Sanders Roberts for legal services rendered. (*Id.* at ⁋ 11.)

## III.    ARGUMENT

### A.    Legal Authority

"A prejudgment, unperfected attachment lien . . . has been described as a contingent, inchoate, or potential right." (*In re Aquarius Disk Services, Inc.* (Bankr. N.D. Cal. 2000) 254 B.R. 253, 256, citing *Puissegur v. Yarbrough*, 29 Cal.2d 409, 175 P.2d 830, 831 (1946), other citations omitted.) The purpose of an attachment "is to make all property . . . subject to attachment and execution, and to provide that some person is served who has control over the property so that the property may be reached." (*Partch v. Adams* (1942) 55 Cal.App.2d 1,7; see Code Civ. Proc., § 488.010, et al.) From a practical standpoint, "The usual and main purpose of an attachment is to secure and insure [sic] the payment of any judgment that may be recovered in the successful prosecution of an action in order that the ends of successful litigation are not fruitlessly pursued or frustrated." *(Loeb & Loeb v. Beverly Glen Music, Inc.* (1985) 166 Cal.App.3d 1110, 1118.)

A prejudgment attachment may be issued in an action on a claim for money that is based upon an express or implied contract, "where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." (Code Civ. Proc., § 483.010, subd. (a).) The "amount to be secured by an attachment" includes the "amount of the defendant's indebtedness claimed by the plaintiff." (*Id.* at § 483.015, subd. (a)(1).) "The plaintiff must establish 'the probable validity of the claim upon which

- 2 -

the attachment is based.'" (*Goldstein v. Barak Construction* (2008) 164 Cal.App.4th 845852 (Goldstein), quoting Code Civ. Proc., § 484.090, subd. (a)(2).) "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." (*Goldstein*, *supra*, at p. 845, quoting Code Civ. Proc., § 481.190.)

When the defendant is a corporation, the moving party may seek to attach "all corporate property for which a method of levy is provided by Article 2 (commencing with Section 488.300)" (*id.* at § 487.010, subd. (a)), including real property (*id.* at § 488.315); personal property in defendant's or a third person's possession or control (*id.* at §§ 488.335, 488.345); business equipment (*id.* at § 488.375); vehicles (*id.* at § 488.425); bank accounts (*id.* at § 488.455, 488.465); and accounts receivable (*id.* at § 488.470).

### B.    This Application Is Based On An Express Written Agreement

Code Civ. Procedure § 483.010(a) provides that the application be based on an express written contract. As stated above, on August 29, 2022, Sanders Roberts and Defendants entered into an express written agreement for legal services. (Hinkle Decl.¶ 7, Exh. A.) Pursuant to the Agreement, Sanders Roberts provided legal services to Defendants, and Defendants agreed to pay the invoices it received for legal services rendered. (*Id.* at ¶ 9, Exh. B.) Thus, this application is based on an express written agreement.

### C.    The Claim Is A Fixed Amount That Exceeds The Minimum Required For An Application for Writ of Attachment

Code Civ. Procedure § 483.010(a) states that the claim is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees. As stated above, the claim is for a fixed amount, $157,797.91, which is far in excess of the $500 minimum needed for the issuance of a right to attached order. (*Id.*) Furthermore, the amount at issue is in excess of $500 exclusive of costs. (*Id.* at ¶ 10.) Also, the amount at issue does not include interest or attorneys' fees. (*Id.*)

### D.    Plaintiff is Likely to Prevail On Its Breach of Contract Claim

"A statement of a cause of action for breach of contract requires of pleading of (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4)

- 3 -

damage to plaintiff therefrom." (*Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913.)

Here, Sanders Roberts has shown that it is likely to prevail on its breach of contract claim. First, Sanders Roberts and Defendants entered into the Agreement. (Hinkle Decl., ¶ 7, Exh. A.) Second, Sanders Roberts provided legal services to Defendants under said Agreement. (*Id.* at ⁋ 9, Exh. B.) Third, Defendants failed to pay the invoices it received for the legal services provided by Sanders Roberts as required by the Agreement. (*Id.*) Fourth, due to Defendant's failure to pay the invoices, Sanders Roberts has been damaged in the amount of $157,797.91. (*Id.* at ⁋ 11.) The likelihood of success of this claim is even stronger given that Defendants promised to pay the amount due. (*Id.* at ⁋ 10.)

### E.    The Claim is Commercial and Unsecured

Lastly, Code Civ. Procedure § 483.010(a) requires the claim for money or damages is based upon an amount that is either unsecured or secured by personal property and commercial in nature. Here, Sanders Roberts' claim for money against Defendants is both commercial in nature and not secured by any mortgage, deed of trust or lien on real or personal property. (*Id.* at ⁋ 12.)

### IV.    CONCLUSION

Based on the foregoing, Sanders Roberts has met all of the requirements necessary for this Court to grant the application.  Sanders Roberts therefore respectfully requests that the Court grant this application for a right to attach order and order for issuance of writ of attachment against Defendants in the amount of $157,797.91.



Dated:  January 23, 2026                **SANDERS ROBERTS LLP**

By: _____
Justin H. Sanders, Esq.
Kaiya L. Daniels, Esq.
Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

- 4 -

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**1/23/2026 1:06 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By N. Rose, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP | **CASE NO.   26STCV01223** |
| Plaintiff, | **DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF SANDERS ROBERTS LLP'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** |
| v. | |
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive, | Hearing Information:<br>Date:           March 17, 2026<br>Time:          9:30 a.m.<br>Dept.:          85 |
| Defendants. | Complaint Filed: January 14, 2026<br>Trial Date:          Not set |

DECLARATION OF JUSTIN H. SANDERS

## DECLARATION OF JUSTIN H. SANDERS

I, Justin H. Sanders, do hereby declare:

1.     I am an attorney at law licensed to practice before all courts of the State of California. I am a Partner at the law firm of Sanders Roberts LLP, the Plaintiff in this action ("Sanders Roberts").  I make this declaration in support of Sanders Roberts' application for a right to attach order and writ of attachment against Defendants Hidden Empire Holdings, LLC ("Hidden Empire"), Deon Taylor and Roxanne Avent-Taylor (collectively, "Defendants").

2.     This declaration is based on my personal knowledge and experience unless specified otherwise. If called as a witness, I could and would testify competently to the facts set forth herein.

3.     Sanders Roberts is a limited liability partnership based in Los Angeles, California.

4.     In my capacity as Partner and owner of Sanders Roberts, I have custody and control of the business records of Sanders Roberts, including but not limited to all of the records that  relate and pertain to Defendants.

5.     I am familiar with the identity and mode of preparation of the documents related to Sanders Roberts' claims for money against Defendants. I have personal knowledge and certify that the invoices prepared in connection with providing legal services for Defendants were made in the regular course of business at or about the time of the actual events. Sanders Roberts' business records are made and kept in a careful and business-like fashion in the manner described herein. All entries made on the subject invoices are made by a person with personal knowledge of the events, and whose duty is to record and make such entries into Sanders Roberts' billing entry computer system. It is the business practice of Sanders Roberts to make and keep careful records of all legal services rendered on its business account and the invoices are reviewed for accuracy and completeness to ensure their trustworthiness before they are delivered to the Defendants.

6.     I have personally examined each document attached as exhibit(s) to this Declaration. I certify and declare that each copy is a true and correct copy of its original that are maintained and stored at Sanders Roberts' business office.

7.     Attached hereto as **Exhibit A** is a true and correct copy of the fully-executed agreement between Sanders Roberts and each of the Defendants, dated August 29, 2022.

- 1 -

DECLARATION OF JUSTIN H. SANDERS

8.    Defendants have represented to Sanders Roberts that Deon Taylor and Roxanne Avent-Taylor are the co-founders, managing members, and co-Chief Executive Officers of Hidden Empire.

9.    Attached hereto as **Exhibit B** is a true and correct copy of each outstanding invoice provided to the Defendants during the relevant time-period, 2022 through 2024 (the "Outstanding Invoices"). The attached invoices have been redacted to the extent necessary to preserve and protect the attorney-client privilege and related privileges. Based on my review of the Sanders Roberts' records and communications with Sanders Roberts' personnel, each of the subject invoices were sent to Defendants and Defendants acknowledged receipt of them.

10.    Based on my review of Sanders Roberts' records and my communications with Sanders Roberts' personnel, Defendants made numerous promises to pay the Outstanding Invoices. For example, Mr. and Mrs. Taylor communicated to Sanders Roberts' personnel on numerous occasions, both orally and in writing, during 2024 and 2025 that they would pay the amounts owed. Sanders Roberts has not attached copies of those emails and text messages to preserve and protect the attorney-client privilege and related privileges. Sanders Roberts is willing to submit said writings *in camera* upon the Court's request.

11.    Based on the Outstanding Invoices, Defendants owe $157,797.91 to Sanders Roberts for legal services rendered, exclusive of any interest or attorneys' fees.

12.    The claims upon which this action is brought are not secured by any mortgage, deed of trust, or lien on real or personal property. The claims are commercial claims arising from the Agreement for legal services.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23nd day of January, 2026 in Los Angeles, California.

_____
Justin H. Sanders

- 2 -

DECLARATION OF JUSTIN H. SANDERS

# EXHIBIT "D"

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/23/2026 1:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Rose, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP | **CASE NO.   26STCV01223** |
| Plaintiff, | **DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF SANDERS ROBERTS LLP'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** |
| v. | |
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive, | Hearing Information:<br>Date:          March 17, 2026<br>Time:          9:30 a.m.<br>Dept.:          85 |
| Defendants. | Complaint Filed: January 14, 2026<br>Trial Date:          Not set |

DECLARATION OF JUSTIN H. SANDERS

**DECLARATION OF JUSTIN H. SANDERS**

I, Justin H. Sanders, do hereby declare:

1.     I am an attorney at law licensed to practice before all courts of the State of California. I am a Partner at the law firm of Sanders Roberts LLP, the Plaintiff in this action ("Sanders Roberts").  I make this declaration in support of Sanders Roberts' application for a right to attach order and writ of attachment against Defendants Hidden Empire Holdings, LLC ("Hidden Empire"), Deon Taylor and Roxanne Avent-Taylor (collectively, "Defendants").

2.     This declaration is based on my personal knowledge and experience unless specified otherwise. If called as a witness, I could and would testify competently to the facts set forth herein.

3.     Sanders Roberts is a limited liability partnership based in Los Angeles, California.



4.     In my capacity as Partner and owner of Sanders Roberts, I have custody and control of the business records of Sanders Roberts, including but not limited to all of the records that  relate and pertain to Defendants.

5.     I am familiar with the identity and mode of preparation of the documents related to Sanders Roberts' claims for money against Defendants. I have personal knowledge and certify that the invoices prepared in connection with providing legal services for Defendants were made in the regular course of business at or about the time of the actual events. Sanders Roberts' business records are made and kept in a careful and business-like fashion in the manner described herein. All entries made on the subject invoices are made by a person with personal knowledge of the events, and whose duty is to record and make such entries into Sanders Roberts' billing entry computer system. It is the business practice of Sanders Roberts to make and keep careful records of all legal services rendered on its business account and the invoices are reviewed for accuracy and completeness to ensure their trustworthiness before they are delivered to the Defendants.

6.     I have personally examined each document attached as exhibit(s) to this Declaration. I certify and declare that each copy is a true and correct copy of its original that are maintained and stored at Sanders Roberts' business office.

7.     Attached hereto as **Exhibit A** is a true and correct copy of the fully-executed agreement between Sanders Roberts and each of the Defendants, dated August 29, 2022.

- 1 -

DECLARATION OF JUSTIN H. SANDERS

8.      Defendants have represented to Sanders Roberts that Deon Taylor and Roxanne Avent-Taylor are the co-founders, managing members, and co-Chief Executive Officers of Hidden Empire.

9.      Attached hereto as **Exhibit B** is a true and correct copy of each outstanding invoice provided to the Defendants during the relevant time-period, 2022 through 2024 (the "Outstanding Invoices"). The attached invoices have been redacted to the extent necessary to preserve and protect the attorney-client privilege and related privileges. Based on my review of the Sanders Roberts' records and communications with Sanders Roberts' personnel, each of the subject invoices were sent to Defendants and Defendants acknowledged receipt of them.

10.     Based on my review of Sanders Roberts' records and my communications with Sanders Roberts' personnel, Defendants made numerous promises to pay the Outstanding Invoices. For example, Mr. and Mrs. Taylor communicated to Sanders Roberts' personnel on numerous occasions, both orally and in writing, during 2024 and 2025 that they would pay the amounts owed. Sanders Roberts has not attached copies of those emails and text messages to preserve and protect the attorney-client privilege and related privileges. Sanders Roberts is willing to submit said writings *in camera* upon the Court's request.

11.     Based on the Outstanding Invoices, Defendants owe $157,797.91 to Sanders Roberts for legal services rendered, exclusive of any interest or attorneys' fees.

12.     The claims upon which this action is brought are not secured by any mortgage, deed of trust, or lien on real or personal property. The claims are commercial claims arising from the Agreement for legal services.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23nd day of January, 2026 in Los Angeles, California.

_____
Justin H. Sanders

- 2 -
DECLARATION OF JUSTIN H. SANDERS

# EXHIBIT A



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

August 29, 2022

**VIA EMAIL**

Hidden Empire Holdings, LLC
Hyper Engine, LLC
Deon Taylor
Roxanne Avent-Taylor
1669 12th Street
Santa Monica CA 90404
deontaylor@me.com

Re:    Terms of Engagement for Legal Services
       *Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.*

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor:

Thank you for retaining Sanders Roberts LLP (the "Firm") to represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor, and Roxanne Avent-Taylor (the "Client") in connection with the business dispute with Darrick Angelone & AONECreative, LLC (the "Action"). The formal name of the Action may change as more information becomes available. The Firm's policies, as well as certain provisions of the California *Business & Professions Code*, require that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services. This letter (the "Agreement") will confirm the terms under which the Client has retained the Firm to perform legal services in the Action and will apply only to representation in this Action unless otherwise confirmed in writing by the Client and the Firm.

**1.    Retainer, Fees and Costs.**

The Firm will bill the Client for services rendered on a monthly basis. Our fees will be based on our hourly time charges billed in increments of .1 hours, and will reflect all time actually expended. The **hourly rate** for services performed under the Agreement will be as follows:

Litigation Work

$700.00 per hour for Partners & Special Counsel

CLIENT'S INITIALS: _DS_ _____



**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 2 of 15

$550.00 per hour for Senior Associates & Of Counsel

$450.00 per hour for Associates

$130.00 per hour for Paralegals

 We will provide written notice of any change to these hourly rates before such an adjustment is made.

 **The Client shall provide the Firm with a "Fee Retainer" in the amount of Fifty Thousand US Dollars ($50,000).** Once the Client approves the Firm's monthly billing statements, the Firm will deduct such amounts from the Fee Retainer. If the Fee Retainer is exhausted, the Firm may request that ~~~~~ed. In the alternative, the Firm will bill the Client for legal services perform~~~~~ lient will be responsible for promptly paying the Firm for such services. A~~~~~on of the Action, any unused portion of the Fee Retainer will be returned to the Client.

**2.   Insurance.**

The California *Business & Professions Code* requires us to inform the Client as to whether we maintain errors and omissions insurance coverage applicable to the services to be rendered.  We hereby confirm that the Firm does maintain such insurance coverage.

**3.   Conflicts of Interest.**

The Firm cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients.  In order to avoid conflicts of interest among our clients, we maintain an index of relevant names (the "Index").  Accordingly, the Client will provide a list of all interested parties relating to the Action for the Firm to check against the Index, and the Firm will confirm that there is no conflict before commencing work thereon.  Further, the Client agrees to inform the Firm at once if the Client subsequently learns of other persons or entities that may be involved in a matter so that the Firm can make a further conflict of interest search with respect to them.  We have reviewed our position based on the information provided by the Client, and we are satisfied that we have no conflicts in this Action at this time.

**4.   Arbitration.**

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision.  There is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review.  Arbitration rules of

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-02E7-47970118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 3 of 15

evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration usually results in a decision more quickly than proceedings in Court, and the attorneys' fees and other costs incurred by both sides may be substantially less. The Client is free to discuss the advisability of arbitration with the Firm, or with independent counsel or any other advisors, and to ask any questions which he/she/it may have.

By signing this engagement letter, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any statute or Rules of Professional Conduct), **SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION IN LOS ANGELES COUNTY, CALIFORNIA BEFORE A RETIRED JUDGE OR JUSTICE SERVING ON THE AMERICAN ARBITRATION ASSOCIATION ("AAA") PANEL. BY AGREEING TO ARBITRATE, THE CLIENT WAIVES ANY RIGHT HE/SHE/IT MAY HAVE TO A COURT OR JURY TRIAL.** If we are unable to mutually agree on a qualified AAA panelist, then each side will name one AAA panelist, and the two named AAA panelists will select a third AAA panelist (also a retired judge or justice) to act as the sole arbitrator. The fees of the arbitrator will be paid equally by both the Firm and the Client.

Under California law, the Client has the right, if he/she/it so desires, to request arbitration of any fee dispute before an arbitrator or panel of arbitrators selected by a local bar association or the State Bar ("Bar Arbitration") and a trial *de novo* in court if dissatisfied with the result. If the Client requests a Bar Arbitration, the law provides that evidence of any claim of malpractice or professional misconduct is admissible only concerning the fees or costs in dispute and that the Bar Arbitrators shall not award any affirmative relief in the form of damages, offset or otherwise on account of such claim. By signing this engagement letter, the Client agrees that if a Bar Arbitration is conducted, that Bar Arbitration or any trial *de novo* in Court thereafter shall determine only the issue of the amount of fees properly chargeable to the Client, if any, and that such Bar Arbitration or trial *de novo* in Court thereafter shall have no effect on the provisions set forth above which require arbitration before a retired judge or justice on the AAA panel of arbitrators of any claims for affirmative relief based on alleged professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute. Any such claims shall be solely determined in an arbitration proceeding by a retired judge or justice on the AAA panel of arbitrators without regard to the result of any Bar Arbitration or trial *de novo* thereafter.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 4 of 15

*The undersigned hereby confirms reading the above arbitration provision and agreeing to such terms.*

By: _____  Roxanne Avent-Taylor
       F51EB558BC55417...    C24512FC25B9479...
Hidden Empire Holdings, LLC

By: _____  Roxanne Avent-Taylor
       F51EB558BC55417...    C24512FC25B9479...
Hyper Engine, LLC

By: _____
       F51EB558BC55417...
Deon Taylor

By: Roxanne Avent-Taylor _____
       C24512FC25B9479...
Roxanne Avent-Taylor

5.      **Attorneys' Fees and Costs in Matter on Agreement.**

The prevailing party in any action or proceeding to enforce any provision of the Agreement will be awarded the reasonable attorneys' fees and costs incurred in such action or proceeding.

6.      **Consent to Electronic Communications.**

In order to maximize efficiency in this matter, the Firm intends to use state of the art technology and communications devices to the fullest extent possible (e.g., Internet, email, smart phones, cloud computing, document transfer by computer, and facsimile transfers).  The use of such technology may place the Client's confidences and privileges at risk.  However, the Firm believes the effectiveness involved in use of such technology outweighs the nominal risk of accidental disclosure.  By signing this letter, the Client acknowledges his consent to the use of such technology and devices.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 5 of 15

### 7.    Delegation of Attorney Services.

The Firm may delegate to other attorneys or business entities some of the legal services to be provided to the Client.  Any such delegation will not affect the Client's obligation to pay attorneys' fees and/or costs as provided for in this Agreement.

### 8.    Tax Advice Specifically Excluded.

The Firm has advised the Client that any settlement or judgment obtained as a result of the representation may be partly or wholly taxable.  The Firm has informed the Client that tax advice is specifically excluded from the scope of the services the Firm will provide under this Agreement.  The Firm has informed the Client that it does not specialize in tax law and has recommended that the Client obtain advice from a tax practitioner concerning the tax consequences of any recovery.

### 9.    Records and Files Retention.

All records and files will be retained and disposed of in compliance with our policy in effect from time to time.  Subject to future changes, it is our current policy not to retain records relating to a matter for more than five (5) years from the date the matter is opened.  It is not administratively feasible for us to advise the Client of the closing of a matter or the disposal of records. If you have any questions concerning our records retention policies, please contact us.

### 10.    Termination of Services/Withdrawal from Representation.

The attorney-client relationship is one of mutual trust and confidence.  If the Client has any questions at all about the provisions of this Agreement, the Firm invites his inquiries.  We encourage our clients to inquire about any matter relating to our engagement agreements or invoices that may be in any way unclear or appear unsatisfactory.  If the Client does not meet his obligation of timely payments or deposits under this Agreement, the Firm reserves the right to withdraw from the representation on that basis alone, subject to any required judicial, administrative, or other approvals.  In any situation where the Firm's billing for legal fees and/or costs is outstanding for greater than 45 days, the Firm intends to exercise this right to withdraw from representing the Client, terminate all legal services on behalf of the Client, and seek any required approvals.  The Firm further reserves the right to withdraw our representation in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 6 of 15

This Agreement is also subject to termination by either party upon reasonable notice for any reason. If there were to be such a termination, however, the Client would remain liable for all unpaid charges for services provided and expenses advanced or incurred.

**11.    Disclaimer of Guaranty or Warranty.**

Although the Firm or the attorney(s) therein may offer an opinion about possible results from time to time regarding the subject matter of this Agreement, neither the Firm, nor any attorney therein, can guarantee any particular result. The Client acknowledges that neither the Firm nor any attorney therein has made any promises about the outcome of the representation and that any opinion offered by the Firm or any attorney therein in the future will not constitute a guaranty or warranty.

**12.    Modification of Agreement.**

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both the Firm and the Client.

**13.    Entire Agreement.**

This Agreement contains the entire agreement of the parties. No other agreement, statement or promise, either oral or written, made on or before the effective date of this Agreement will be binding on the parties.

**14.    Severability.**

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the Agreement will be severable and remain valid and in effect.

**15.    Effective Date of Agreement.**

The Effective Date of this Agreement will be as of the date when a fully executed copy of the Agreement and the above-mentioned Fee Retainer are provided to the Firm.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 7 of 15


[SIGNATURES ON FOLLOWING PAGE]


CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-92E7-47979118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 8 of 15

Dated: August 29, 2022              **SANDERS ROBERTS LLP**

                                    By: _____
                                    **Justin H. Sanders**
                                    Partner

   The foregoing accurately sets forth all the terms of this engagement and is approved and accepted on **29 August 2022**.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 9 of 15

8/30/2022
_____
DATE

DocuSigned by:
_____  _____
F51EB558BC55417...          C24512FC25B9479...

**Hidden Empire Holdings, LLC**

Title:___Ceo_____Ceo_____

Deon taylor
_____

1669 12th
_____

1669 12th at Santa Monica ca
_____

ADDRESS ☐ HOME        ☐ WORK

PHONE NOS:  HOME:    9165092812
                              _____

                    CELL:    9165092812
                              _____

                    OTHER:   Na
                              _____

deontaylor@me.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS:  _____

DocuSign Envelope ID: 13057978-4341-4B96-02E7-47970118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 10 of 15

8/30/2022
_____
DATE

DocuSigned by:
F51EB558BC55417...

DocuSigned by:
Roxanne Avent-Taylor
C24512FC25B9479...

**Hyper Engine, LLC**

Title: Ceo                    Ceo

8088 Shelborne

Granite Bay, CA

95746

ADDRESS  [x] HOME      [ ] WORK

PHONE NOS:  HOME:   9162572475

CELL:   9162572475

OTHER:   9162572475

roxanneavent@gmail.com

EMAIL ADDRESS (1)

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-08E7-47970118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 11 of 15

8/30/2022
_____
DATE

DocuSigned by:

_____
F51EB558BC55417...
**Deon Taylor**

_____

Title: Ceo
_____

Ceo
_____

Aug 30
_____

2022
_____

ADDRESS [  ] HOME   [ x ] WORK

PHONE NOS:   HOME:    9165092812
_____

CELL:    9165092812
_____

OTHER:    916 2572475
_____

deontaylor@me.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS:   _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 12 of 15

8/30/2022
_____
DATE

—DocuSigned by:

*Roxanne Avent-Taylor*
— C24512FC25B9479...
_____
**Roxanne Avent-Taylor**

Title: Ceo
_____

8088 shelborne drive
_____

granite bay, ca
_____

95746
_____

ADDRESS  [x] HOME          [ ] WORK

PHONE NOS:  HOME:   9162572475
                                        _____

                    CELL:    9162572475
                                        _____

                    OTHER:   9162572475
                                        _____

roxanneavent@gmail.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS:  _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 13 of 15

**Re:    CONFLICT WAIVER**

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor:

You have requested that SANDERS ROBERTS LLP (the "Firm") represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor in connection with the business dispute with Darrick Angelone & AONECreative, LLC. We are pleased to have the opportunity to do so, however, it is of the utmost importance that, at the outset, certain aspects of this representation be brought to your attention.  Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor are all clients of the Firm. Our representation of each of you may create certain conflicts of interest, in that the interests and objectives of either one of you individually may become inconsistent with the interests and objectives of the other person or entity.

As attorneys, we are governed by specific rules relating to our representation of clients when present or potential conflicts of interest exist.  We owe a duty of loyalty to all of our clients, and must preserve their confidences.  The provisions of the California Rules of Professional Conduct applicable to the above-described situation state:

Rule 3-310.  Avoiding the Representation of Adverse Interests.

(C) A member shall not, without the informed written consent of each client:
(1) Accept representation of more than one client in a matter in which the interest of the clients potentially conflict;
(E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

As noted, the Firm's representation of each of you individually may create a conflict of interest with the others' interests, and vice-versa.  Accordingly, it is our duty to make the following disclosures which all of you must consider and fully understand before consenting to the proposed representation by the Firm.

Each of you may be a witness in the case if you choose to testify.  The Firm has informed you, and you recognize that the Firm's representation of all parties may result in the firm making strategic legal decisions to the benefit of one party more than another.  To the extent required by law, you each individually consent to the Firm's representation of all parties in connection with this matter.

CLIENT'S INITIALS:  _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 14 of 15

This letter further confirms that your consent has been given freely and voluntarily for the Firm's representation of the parties in connection with the underlying matter, that you have had the opportunity to consult with independent counsel of your own choice prior to executing this letter, and that each party has fully considered the conflict of interest that may arise as a result of the Firm's representation of all parties.

You all must be made aware that this waiver can be terminated at any time.  Further, if litigation between the parties relating to the subject matter of this letter should ensue, the Firm would be forced to recuse itself from representing any party.

This letter may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

If the foregoing is acceptable to the Parties, please execute this letter in the spaces provided below and return it to the undersigned:

**Hidden Empire Holdings, LLC**

By: _Roxanne Avent-Taylor_

Date: 8/30/2022

**Hyper Engine, LLC**

By: _Roxanne Avent-Taylor_

Date: 8/30/2022

**Deon Taylor**

By: _____

Date: 8/30/2022

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-02E7-47979118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 15 of 15

Roxanne Avent-Taylor

By: Roxanne Avent-Taylor
C24512FC25B9479...

Date: 8/30/2022

CLIENT'S INITIALS:

Justin H. Sanders (SBN 211488)
jsanders@sandersroberts.com
Kaiya L. Daniels (SBN 364354)
kdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Plaintiff
**SANDERS ROBERTS LLP**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/23/2026 12:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDERS ROBERTS LLP | **CASE NO.   26STCV01223** |
| Plaintiff, | **DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF PLAINTIFF SANDERS ROBERTS LLP'S MOTION TO STAY ACTION PENDING ARBITRATION** |
| v. | |
| HIDDEN EMPIRE HOLDINGS, LLC, a Delaware limited liability company; DEON TAYLOR, an individual; ROXANNE TAYLOR, an individual; and DOES 1 to 10, inclusive, | [Filed concurrently with Notice of Motion and Motion to Stay; and [Proposed] Order] |
| Defendants. | Judge:       Hon. Steve Cochron |
| | Dept.:       16 |
| | Hearing Information: |
| | Date:        March 24, 2026 |
| | Time:        9:00 a.m. |
| | Dept.:       16 |
| | Reservation ID:    590834280651 |
| | Complaint Filed: January 14, 2026 |
| | Trial Date:       Not set |

DECLARATION OF JUSTIN H. SANDERS IN SUPPORT OF PLAINTIFF SANDERS ROBERTS LLP'S
MOTION TO STAY ACTION PENDING ARBITRATION

## DECLARATION OF JUSTIN H. SANDERS

I, Justin H. Sanders, do hereby declare:

1.     I am an attorney at law licensed to practice before all courts of the State of California. I am a Partner at the law firm of Sanders Roberts LLP, the Plaintiff in this action ("Sanders Roberts"). I make this declaration in support of Sanders Roberts' Motion to Stay Pending Arbitration.

2.     This declaration is based on my personal knowledge and experience unless specified otherwise. If called as a witness, I could and would testify competently to the facts set forth herein.

3.     Sanders Roberts is a law firm organized as a limited liability partnership based in Los Angeles, California.

4.     In my capacity as Partner and owner of Sanders Roberts, I have custody and control of the business records of Sanders Roberts, including but not limited to all of the records that relate and pertain to Defendants.

5.     I have personally examined each document attached as exhibit(s) to this Declaration. I certify and declare that each copy is a true and correct copy of its original that are maintained and stored at Sanders Roberts' business office or a copy of the original generated in the ordinary course of business.

6.     Attached hereto as **Exhibit A** is a true and correct copy of the fully-executed agreement between Sanders Roberts and each of the Defendants, dated August 29, 2022.

7.     Sanders Roberts provided legal services to Defendants in connection with a business dispute. Following providing legal services, Sanders Roberts sent to Defendants invoices reflecting the services performed and the amount(s) owed by Defendants. Defendants have not paid several of the invoices. Based on my review of Sanders Roberts' records and my communications with Sanders Roberts' personnel about their communications with Defendants regarding said unpaid invoices, Defendants made numerous promises to pay the outstanding invoices. For example, Mr. and Mrs. Taylor communicated to Sanders Roberts' personnel on numerous occasions, both orally and in writing, during 2024 and 2025 that they would pay the amounts owed. Sanders Roberts has not attached copies of those emails and text messages to preserve the attorney-client privilege and

- 1 -

related privileges. Sanders Roberts is willing to submit said writings *in camera* upon the Court's request.

8.     Based on my review of the outstanding unpaid invoices, Defendants currently owe $157,797.91 to Sanders Roberts for legal services rendered, exclusive any interest or attorneys' fees.

9.     Attached hereto as **Exhibit B** is a true and correct copy of the Demand for Arbitration filed by Sanders Roberts on January 21, 2026.

10.     Attached hereto as **Exhibit C** is a true and correct copy of the Application for Writ of Attachment and Notice of Application for Writ of Attachment filed on January 23, 2026. Along with the Application, Sanders Roberts filed a Notice, Memorandum of Points and Authorities, Declaration of Justin H. Sanders and [Proposed] Order. The hearing on said Application is set for March 17, 2026 in Department 85 of this Court.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23th day of January, 2026 in Los Angeles, California.

_____
Justin H. Sanders

- 2 -

# EXHIBIT A



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

August 29, 2022

**VIA EMAIL**

Hidden Empire Holdings, LLC
Hyper Engine, LLC
Deon Taylor
Roxanne Avent-Taylor
1669 12th Street
Santa Monica CA 90404
deontaylor@me.com

    Re:    <u>Terms of Engagement for Legal Services</u>
            *Hidden Empire Holdings, LLC et al. v Darrick Angelone et al.*

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor:

Thank you for retaining Sanders Roberts LLP (the "Firm") to represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor, and Roxanne Avent-Taylor (the "Client") in connection with the business dispute with Darrick Angelone & AONECreative, LLC (the "Action"). The formal name of the Action may change as more information becomes available. The Firm's policies, as well as certain provisions of the California *Business & Professions Code*, require that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services. This letter (the "Agreement") will confirm the terms under which the Client has retained the Firm to perform legal services in the Action and will apply only to representation in this Action unless otherwise confirmed in writing by the Client and the Firm.

    1.    **Retainer, Fees and Costs.**

The Firm will bill the Client for services rendered on a monthly basis. Our fees will be based on our hourly time charges billed in increments of .1 hours, and will reflect all time actually expended. The **hourly rate** for services performed under the Agreement will be as follows:

        <u>Litigation Work</u>

        $700.00 per hour for Partners & Special Counsel

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 2 of 15

$550.00 per hour for Senior Associates & Of Counsel

$450.00 per hour for Associates

$130.00 per hour for Paralegals

We will provide written notice of any change to these hourly rates before such an adjustment is made.

**The Client shall provide the Firm with a "Fee Retainer" in the amount of Fifty Thousand US Dollars ($50,000).** Once the Client approves the Firm's monthly billing statements, the Firm will deduct such amounts from the Fee Retainer. If the Fee Retainer is exhausted, the Firm may request that _____ ed. In the alternative, the Firm will bill the Client for legal services perform _____ lient will be responsible for promptly paying the Firm for such services. A_____ on of the Action, any unused portion of the Fee Retainer will be returned to the Client.

### 2. Insurance.

The California *Business & Professions Code* requires us to inform the Client as to whether we maintain errors and omissions insurance coverage applicable to the services to be rendered. We hereby confirm that the Firm does maintain such insurance coverage.

### 3. Conflicts of Interest.

The Firm cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients. In order to avoid conflicts of interest among our clients, we maintain an index of relevant names (the "Index"). Accordingly, the Client will provide a list of all interested parties relating to the Action for the Firm to check against the Index, and the Firm will confirm that there is no conflict before commencing work thereon. Further, the Client agrees to inform the Firm at once if the Client subsequently learns of other persons or entities that may be involved in a matter so that the Firm can make a further conflict of interest search with respect to them. We have reviewed our position based on the information provided by the Client, and we are satisfied that we have no conflicts in this Action at this time.

### 4. Arbitration.

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision. There is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-08E7-47920118B844



SANDERS ROBERTS

Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 3 of 15

evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration usually results in a decision more quickly than proceedings in Court, and the attorneys' fees and other costs incurred by both sides may be substantially less. The Client is free to discuss the advisability of arbitration with the Firm, or with independent counsel or any other advisors, and to ask any questions which he/she/it may have.

By signing this engagement letter, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any statute or Rules of Professional Conduct), **SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION IN LOS ANGELES COUNTY, CALIFORNIA BEFORE A RETIRED JUDGE OR JUSTICE SERVING ON THE AMERICAN ARBITRATION ASSOCIATION ("AAA") PANEL. BY AGREEING TO ARBITRATE, THE CLIENT WAIVES ANY RIGHT HE/SHE/IT MAY HAVE TO A COURT OR JURY TRIAL.** If we are unable to mutually agree on a qualified AAA panelist, then each side will name one AAA panelist, and the two named AAA panelists will select a third AAA panelist (also a retired judge or justice) to act as the sole arbitrator. The fees of the arbitrator will be paid equally by both the Firm and the Client.

Under California law, the Client has the right, if he/she/it so desires, to request arbitration of any fee dispute before an arbitrator or panel of arbitrators selected by a local bar association or the State Bar ("Bar Arbitration") and a trial *de novo* in court if dissatisfied with the result. If the Client requests a Bar Arbitration, the law provides that evidence of any claim of malpractice or professional misconduct is admissible only concerning the fees or costs in dispute and that the Bar Arbitrators shall not award any affirmative relief in the form of damages, offset or otherwise on account of such claim. By signing this engagement letter, the Client agrees that if a Bar Arbitration is conducted, that Bar Arbitration or any trial *de novo* in Court thereafter shall determine only the issue of the amount of fees properly chargeable to the Client, if any, and that such Bar Arbitration or trial *de novo* in Court thereafter shall have no effect on the provisions set forth above which require arbitration before a retired judge or justice on the AAA panel of arbitrators of any claims for affirmative relief based on alleged professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute. Any such claims shall be solely determined in an arbitration proceeding by a retired judge or justice on the AAA panel of arbitrators without regard to the result of any Bar Arbitration or trial *de novo* thereafter.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 4 of 15

*The undersigned hereby confirms reading the above arbitration provision and agreeing to such terms.*

By: _____  _____
Hidden Empire Holdings, LLC

By: _____  _____
Hyper Engine, LLC

By: _____
Deon Taylor

By: _____
Roxanne Avent-Taylor

5.      **Attorneys' Fees and Costs in Matter on Agreement.**

The prevailing party in any action or proceeding to enforce any provision of the Agreement will be awarded the reasonable attorneys' fees and costs incurred in such action or proceeding.

6.      **Consent to Electronic Communications.**

In order to maximize efficiency in this matter, the Firm intends to use state of the art technology and communications devices to the fullest extent possible (e.g., Internet, email, smart phones, cloud computing, document transfer by computer, and facsimile transfers). The use of such technology may place the Client's confidences and privileges at risk. However, the Firm believes the effectiveness involved in use of such technology outweighs the nominal risk of accidental disclosure. By signing this letter, the Client acknowledges his consent to the use of such technology and devices.

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 5 of 15

### 7. Delegation of Attorney Services.

The Firm may delegate to other attorneys or business entities some of the legal services to be provided to the Client. Any such delegation will not affect the Client's obligation to pay attorneys' fees and/or costs as provided for in this Agreement.

### 8. Tax Advice Specifically Excluded.

The Firm has advised the Client that any settlement or judgment obtained as a result of the representation may be partly or wholly taxable. The Firm has informed the Client that tax advice is specifically excluded from the scope of the services the Firm will provide under this Agreement. The Firm has informed the Client that it does not specialize in tax law and has recommended that the Client obtain advice from a tax practitioner concerning the tax consequences of any recovery.

### 9. Records and Files Retention.

All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy not to retain records relating to a matter for more than five (5) years from the date the matter is opened. It is not administratively feasible for us to advise the Client of the closing of a matter or the disposal of records. If you have any questions concerning our records retention policies, please contact us.

### 10. Termination of Services/Withdrawal from Representation.

The attorney-client relationship is one of mutual trust and confidence. If the Client has any questions at all about the provisions of this Agreement, the Firm invites his inquiries. We encourage our clients to inquire about any matter relating to our engagement agreements or invoices that may be in any way unclear or appear unsatisfactory. If the Client does not meet his obligation of timely payments or deposits under this Agreement, the Firm reserves the right to withdraw from the representation on that basis alone, subject to any required judicial, administrative, or other approvals. In any situation where the Firm's billing for legal fees and/or costs is outstanding for greater than 45 days, the Firm intends to exercise this right to withdraw from representing the Client, terminate all legal services on behalf of the Client, and seek any required approvals. The Firm further reserves the right to withdraw our representation in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable.

CLIENT'S INITIALS:



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 6 of 15

This Agreement is also subject to termination by either party upon reasonable notice for any reason.  If there were to be such a termination, however, the Client would remain liable for all unpaid charges for services provided and expenses advanced or incurred.

### 11.    Disclaimer of Guaranty or Warranty.

Although the Firm or the attorney(s) therein may offer an opinion about possible results from time to time regarding the subject matter of this Agreement, neither the Firm, nor any attorney therein, can guarantee any particular result.  The Client acknowledges that neither the Firm nor any attorney therein has made any promises about the outcome of the representation and that any opinion offered by the Firm or any attorney therein in the future will not constitute a guaranty or warranty.

### 12.    Modification of Agreement.

This Agreement may be modified by subsequent agreement of the parties <u>only</u> by an instrument in writing signed by both the Firm and the Client.

### 13.    Entire Agreement.

This Agreement contains the entire agreement of the parties.  No other agreement, statement or promise, either oral or written, made on or before the effective date of this Agreement will be binding on the parties.

### 14.    Severability.

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the Agreement will be severable and remain valid and in effect.

### 15.    Effective Date of Agreement.

The Effective Date of this Agreement will be as of the date when a fully executed copy of the Agreement and the above-mentioned Fee Retainer are provided to the Firm.

CLIENT'S INITIALS:  _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 7 of 15

[SIGNATURES ON FOLLOWING PAGE]

CLIENT'S INITIALS:



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 8 of 15

Dated: August 29, 2022                    **SANDERS ROBERTS LLP**

By: _____

**Justin H. Sanders**
Partner

The foregoing accurately sets forth all the terms of this engagement and is approved and accepted on **29 August 2022**.

CLIENT'S INITIALS: _____

DocuSign Envelope ID: 13057978-4341-4B96-B3E7-42920118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 9 of 15

8/30/2022
_____
DATE

DocuSigned by:
_____ _____
F51EB558BC55417...          C24512FC25B9479...

Roxanne Avent-Taylor

**Hidden Empire Holdings, LLC**

Title: ___Ceo_____ Ceo _____

Deon taylor
_____

1669 12th
_____

1669 12th at Santa Monica ca
_____

ADDRESS ☐ HOME        ☐ WORK

PHONE NOS:  HOME:   9165092812

            CELL:   9165092812

            OTHER:  Na

deontaylor@me.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 10 of 15

8/30/2022
_____
DATE

DocuSigned by:
F51EB558BC55417...

DocuSigned by: Roxanne Avent-Taylor
C24512FC25B9479...

**Hyper Engine, LLC**

Title: Ceo                    Ceo
_____

8088 Shelborne
_____

Granite Bay, CA
_____

95746
_____

ADDRESS  [x] HOME      [ ] WORK

PHONE NOS:  HOME:  9162572475
                   _____

            CELL:  9162572475
                   _____

            OTHER: 9162572475
                   _____

roxanneavent@gmail.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS:  _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 11 of 15

8/30/2022
_____
DATE

DocuSigned by:

F51EB558BC55417...
**Deon Taylor**

Title:_____Ceo_____

Ceo
_____

Aug 30
_____

2022
_____

ADDRESS ☐ HOME  [x] WORK

PHONE NOS:  HOME:____9165092812____

CELL:____9165092812____

OTHER:____916 2572475____

deontaylor@me.com
_____
EMAIL ADDRESS (1)

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 12 of 15

8/30/2022

_____
DATE

┌─ DocuSigned by:

  *Roxanne Avent-Taylor*

└─ C24512FC25B9479...

**Roxanne Avent-Taylor**

_____

Title: Ceo
_____

8088 shelborne drive
_____

granite bay, ca
_____

95746
_____

ADDRESS  [x] HOME     [ ] WORK

PHONE NOS:  HOME:   9162572475
                    _____

            CELL:   9162572475
                    _____

            OTHER:  9162572475
                    _____

roxanneavent@gmail.com
_____

EMAIL ADDRESS (1)

CLIENT'S INITIALS:   ┌─ DS

                      *RT*
                     _____

DocuSign Envelope ID: 13057978-4341-4B96-B2E7-42920118B844



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 13 of 15


**Re:    CONFLICT WAIVER**

Dear Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor:

You have requested that SANDERS ROBERTS LLP (the "Firm") represent Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor in connection with the business dispute with Darrick Angelone & AONECreative, LLC. We are pleased to have the opportunity to do so, however, it is of the utmost importance that, at the outset, certain aspects of this representation be brought to your attention.  Hidden Empire Holdings, LLC; Hyper Engine, LLC; Deon Taylor; and Roxanne Avent-Taylor are all clients of the Firm. Our representation of each of you may create certain conflicts of interest, in that the interests and objectives of either one of you individually may become inconsistent with the interests and objectives of the other person or entity.

As attorneys, we are governed by specific rules relating to our representation of clients when present or potential conflicts of interest exist.  We owe a duty of loyalty to all of our clients, and must preserve their confidences.  The provisions of the California Rules of Professional Conduct applicable to the above-described situation state:

Rule 3-310.  Avoiding the Representation of Adverse Interests.

(C) A member shall not, without the informed written consent of each client:
(1) Accept representation of more than one client in a matter in which the interest of the clients potentially conflict;
(E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

As noted, the Firm's representation of each of you individually may create a conflict of interest with the others' interests, and vice-versa.  Accordingly, it is our duty to make the following disclosures which all of you must consider and fully understand before consenting to the proposed representation by the Firm.

Each of you may be a witness in the case if you choose to testify.  The Firm has informed you, and you recognize that the Firm's representation of all parties may result in the firm making strategic legal decisions to the benefit of one party more than another.  To the extent required by law, you each individually consent to the Firm's representation of all parties in connection with this matter.

CLIENT'S INITIALS:



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 14 of 15

This letter further confirms that your consent has been given freely and voluntarily for the Firm's representation of the parties in connection with the underlying matter, that you have had the opportunity to consult with independent counsel of your own choice prior to executing this letter, and that each party has fully considered the conflict of interest that may arise as a result of the Firm's representation of all parties.

You all must be made aware that this waiver can be terminated at any time. Further, if litigation between the parties relating to the subject matter of this letter should ensue, the Firm would be forced to recuse itself from representing any party.

This letter may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

If the foregoing is acceptable to the Parties, please execute this letter in the spaces provided below and return it to the undersigned:

**Hidden Empire Holdings, LLC**

By: _Roxanne Avent-Taylor_

Date: 8/30/2022

**Hyper Engine, LLC**

By: _Roxanne Avent-Taylor_

Date: 8/30/2022

**Deon Taylor**

By: _____

Date: 8/30/2022

CLIENT'S INITIALS: _____



Sanders Roberts LLP
1055 West 7th Street, Suite 3200, Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

**Hidden Empire Holdings, LLC et al.**
August 29, 2022
Page 15 of 15

Roxanne Avent-Taylor

DocuSigned by:

By: _Roxanne Avent-Taylor_
C24512FC25B9479...

Date: 8/30/2022

CLIENT'S INITIALS:

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.  I am an employee of the Law Offices of J.T. Fox, APC, and my business address is 556 S. Fair Oaks, No. 444, Pasadena, CA 91105.

On March 30, 2026, I served a true and correct copy of DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFEDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS on the parties involved as stated below and addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

(X) BY E-MAIL transmission: I caused the aforementioned listed document to be emailed to the above parties on the date set forth above from the following email address: jt@jtfoxlaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2026 at Pasadena, California.

*s/J.T. Fox*

------------------------------
J.T. FOX, DECLARANT                    -5-