FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>                    Plaintiffs,<br><br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>                    Defendants.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, | Case No. 2:22-cv-06515-MWF-AGR<br><br>The Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION FOR LACK OF STANDING; DECLARATION OF ROXANNE TAYLOR**<br><br><u>Hearing</u><br>Date:           April 13, 2026<br>Time:          10:00 a.m.<br>Courtroom:  5A |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LACK OF STANDING

## I.   INTRODUCTION

Defendants' contention that the Court should vacate the jury ruling in this case is myopic and misstates the factual background that culminated in that ruling.  At trial, counsel for Plaintiffs Deon Taylor and Hidden Empire Film Group LLC ("Hidden Empire") requested a jury verdict form that distinguished between the Plaintiffs for purposes of the award of damages.  The Court chose to, instead, use a verdict form that did not distinguish between Mr. Taylor, Hidden Empire or Plaintiff Hyper Engine LLC ("Hyper Engine").  Surely it would not be just to now vacate the Jury's award because the verdict form did not distinguish between the Plaintiffs.

Also, a corporate entity that is suspected due to failure to meet its obligations to the Franchise Tax Board ("FTB") can be a prevailing party at trial if the non-compliance is addressed prior to entry of Judgment.  Even if the suspended entity received a judgment, that judgment would be enforceable if the entity was subsequently revived.  *See Tabarrejo v. Super. Ct.*, 232 Cal. App. 4th 849 (2014) (holding that "A judgment obtained during suspension is validated by subsequent revival"). Here, Hyper Engine has paid all outstanding obligations to the FTB.  Therefore, it can be a prevailing party in a judgment.

Finally, Defendants claim that Hidden Empire does not have standing to recover for conversion and violations of the computer data and fraud laws because only a predecessor company could have standing to assert these claims is nonsensical as the evidence at trial established that Mr. Taylor and Hidden Empire suffered actual harm long after the predecessor company ceased to exist. Accordingly, the Court should deny Defendants' Motion for Lack of Standing.

## II.   STATEMENT OF FACTS

Prior to the trial in this action, Plaintiffs Deon Taylor, Hyper Engine and Hidden Empire filed a proposed verdict form that distinguished between the Plaintiffs for purposes of the award of damages.  Over Plaintiffs' objections, the

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Court provided the jurors with verdict forms that did not distinguish between the Plaintiffs.

On January 26, 2026, Roxanne Taylor made a series of payments to the California Franchise Tax Board ("FTB") on behalf of Hyper Engine. *See* Declaration of Roxanne Taylor ¶ 3. Those payments satisfied all outstanding obligations Hyper Engine had to FTB. *Id.* Ms. Taylor is not aware of tax obligations that Hyper Engine has incurred since January 26, 2026. *Id.*

## III.   ARGUMENT

### A.   Plaintiffs Requested a Jury Verdict Form that Distinguished between the Plaintiffs.

Defendants correctly state that the verdict form, for the conversion and computer data and fraud claims, failed to distinguish between the Plaintiffs. *Id.* at 14. But the following statement "No apportionment by plaintiff was requested or made" (*id.*) is simply false. Plaintiffs objected to the verdict form, and the Court gave the verdict form as presented over Plaintiffs' objection. It would be unjust to now vacate the Jury's verdict because it failed to distinguish between the Plaintiffs.

### B.   Hyper Engine Has Fulfilled Its Outstanding Obligations to the Franchise Tax Board.

Under California law, a suspended entity that is revived can be a prevailing party in a judgment. *See Longview International Inc. v. Stirling*, 35 Cal. App. 5th 895 (2019) (holding that "[t]he revival of corporate powers retroactively validates any procedural steps taken on behalf of the corporation in the prosecution or defense of a lawsuit while the corporation was under suspension."). This includes judgment obtained <u>during suspension</u>. "A judgment obtained during suspension is validated by subsequent revival." *Tabarrejo v. Super. Ct.*, 232 Cal. App. 4th 849 (2014). *See also Longview International* (holding that "even obtaining the underlying judgment is procedural and subject to later validation if a corporation

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

is suspended when the judgment is issued"). Thus, even if Hyper Engine had not satisfied its outstanding obligations to the FTB, the Court could still enter judgment in favor of Hyper Engine, which it would be able to enforce upon revivor. However, Hyper Engine has satisfied its obligations. See Taylor Declaration. Accordingly, the Court should deny this Motion.

### C. Hidden Empire Holdings, LLC Had Standing for the Claims on Which It Prevailed in This Action.

Defendants' Motion oddly asserts that Hidden Empire Holdings, LLC does not have standing to prevail on the claims on which it prevailed at trial because "the entity that owned the disputed assets and contracted with Defendants – Hidden Empire Film Group, LLC has been suspended . . ." Motion at 9. This makes no sense.

The Jury was given instructions that addressed the requirements for standing for each of the Plaintiffs, and determined that the requirements were met. (*See* Dkt. No. 259 at 21 and 22). The Jury determined that each of these elements was met as part of its determination that Defendants were liable to Plaintiffs for these claims. Defendants now seek to undo the Jury's findings for no reason. Moreover, with respect to conversion, the Court instructed the Jury, in response to a jury question regarding the conversion claim, that Hidden Empire Film Group, LLC owned all of the data in its Google Workspace Account. (Dkt. Ex. 264). There is no basis for the Court to now vacate the Jury's fact determinations.

Also, the evidence at trial indicated that the misconduct that gave rise to the two claims on which Plaintiffs prevailed took place in 2022, several years after Hidden Empire Film Group, LLC had been suspended. It makes no sense to say that Hidden Empire Film Group LLC – or any entity or individual other than Mr. Taylor or Hidden Empire Holdings, LLC owned the Google Workspace Account that Darrick Angelone destroyed in 2022. Accordingly, the Court should not reverse the Jury's verdict.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

IV.        **CONCLUSION**

For the reasons above, Plaintiffs request that the Court deny Defendants' and Counterclaimants Motion for Lack of Standing.

Dated: March 30, 2026

**NEWELL LAW GROUP PC**

/s/ Felton T. Newell

Attorneys for Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**DECLARATION OF ROXANNE TAYLOR**

I, Roxanne Taylor, declare as follows:

1.      I am a Third-Party Defendant in this action and Co-Chief Executive Officer and Plaintiff Counterclaim Defendant Hidden Empire Holdings LLC.  This Declaration is in support of Plaintiffs' Opposition to Defendant's Motion for Lack of Standing.

2.      The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3.      On January 26, 2026, I made a series of payments to the California Franchise Tax Board ("FTB") on behalf of Hyper Engine LLC ("Hyper Engine"). Those payments satisfied all outstanding obligations Hyper Engine had to FTB.  I am not aware of tax obligation that Hyper Engine has incurred since January 26, 2026.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Mach 30, 2026 at Los Angeles, California

/s/ Roxanne Taylor
Roxanne Taylor

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-3-
DECLARATION OF ROXANNE TAYLOR

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On March 30, 2026, I served the foregoing document(s) described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES; DECLARATION OF ROXANNE TAYLOR** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

## SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

NEWELL LAW GROUP<br>1801 Century Park East, 24th Floor<br>Los Angeles, CA 90067<br>(310) 556-9663



PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LACK OF STANDING

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 30, 2026, at Los Angeles, California.

/s/ Felton T. Newell
Felton T. Newell

| J.T. Fox, Esq. | Attorneys for Defendant and Cross-Complainants |
| LAW OFFICES OF JT FOX, APC | |
| 556 Fair Oaks Ave., Suite 444 | Darrick Angelone, AOne Creative LLC |
| Pasadena, CA 91105 | formerly known as AOne Entertainment |
| jt@jtfoxlaw.com | LLC and On Chain Innovations LLC |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663