FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim
Defendants **HIDDEN EMPIRE HOLDINGS,
LLC, HYPER ENGINE, LLC,** and **DEON
TAYLOR;** and Third-Party Defendant
**ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> The Hon. Michael W. Fitzgerald <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION FOR DECLARATORY JUDGMENT; DECLARATION OF FELTON T. NEWELL** <br><br> <u>Hearing</u> <br> Date:         April 13, 2026 <br> Time:        10:00 a.m. <br> Courtroom:  5A |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, | |

formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## I.   INTRODUCTION

Counterclaimants' Motion for Declaratory Judgment is flawed and reflects a fundamental misunderstanding of the limited role of a declaratory relief cause of action.  The motion seeks declaratory judgement regarding whether Mr. Angelone 1) holds a one-third (33.33%) ownership interest in Hyper Engine "consistent with the jury's verdict"; 2) is entitled to the governance, books-and-records access, accounting, and economic rights "appurtenant to that interest"; and 3) did not participate in or consent to company actions taken during the period when the Taylors disputed their ownership status. (Motion at 29.) Counterclaimants additionally request "limited further relief" under 28 U.S.C. Section 2202 to implement the requested declaration.

In fact, no live controversy exists. The issues for which Counterclaimants seek a declaration were already tried and resolved by the jury, and declaratory relief cannot be used to relitigate those determinations or obtain additional relief based on the same injury. Moreover, the requested relief is not based on a real or concrete threat, as Hyper Engine has ceased business operations. Accordingly, the Motion should be denied.

## II.   FACTS

On June 12, 2023, Counterclaimants filed their Fourth Amended Counterclaims ("FACC"), which included, *inter alia*, claims for breach of contract, breach of fiduciary duty, and for declaratory relief. (Dkt. No. 90 at 60.)

The FACC alleged that an actual controversy exists based on Counter-Defendants' and Roxanne Taylor's position that no "valid and binding LLC Operating Agreement" existed between the parties. (*Id.* ¶ 106.)

Counterclaimants' Declaratory Relief claim sought a declaration that, among other things, "(i) Darrick is in an exclusive partnership with Roxanne and Deon as members of Hyper Engine; (ii) Darrick, Deon, and Roxanne are entitled to share in the control and management of Hyper Engine; (iii) Darrick, Deon, and Roxanne are entitled to each share one-third (33.33%) of all profits Deon and Roxanne received from Hyper Engine in connection with the ownership, sale, or use of company property; (iv) Darrick and Deon and Roxanne are entitled to each share on-third (33.33%) of all profits Deon and Roxanne received in connection with management or other fees obtained in connection with Hyper Engine and any of its subsidiaries." (*Id.* ¶ 107.)  However, Counterclaimants' declaratory relief claim, as pled in the FACC, did <u>not</u> seek present and/or future profits rights or broader "appurtenant rights" such as the right to audit, partake in financing, ascertainment of present and future rights, etc. (*see generally*, FACC.) Legal claims asserted by Counterclaimants were tried to a jury, and equitable issues were reserved for court determination.

At trial, the Jury was instructed that, to determine whether Counterclaim Defendants breached a contract, it first had to determine whether a contract was created concerning the ownership of Hyper Engine. (Dkt. No. 259 at 30). The

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Jury was also instructed to determine whether Counterclaim Defendants "failed to do something that the contract required them to do." (*Id.*)  If the Jury found a breach, it was instructed to award damages based on theories of "lost profits," "reliance damages" and "special damages."  (*Id.* at 42-43).  No instruction limited damages solely to past harm.

When trial concluded, the jury entered a verdict in favor of Counterclaimants for breach of contract, breach of fiduciary duty, and false promise. (Dkt. No. 276). The jury awarded compensatory damages in the amount of $121,000. (*Id*.)  During the course of this case, Counterclaim Defendant Deon Taylor testified that Hyper Engine has been inoperative for years. (*See, e.g.,* Ex. A to Declaration of Felton T. Newell ("Newell Decl.") at 16:18-19.

### III.  ARGUMENT

#### A. <u>DECLARATORY RELIEF IS INAPPROPRIATE WHERE NO REAL CONTROVERSY EXISTS.</u>

The Declaratory Judgement Act permits a court to "declare the rights and other legal relations of any interested party" only in a case of actual controversy (28 U.S.C § 2201(a).) The statutory phrase "case or controversy" mirrors the types of claims that are justiciable under Article III of the U.S. Constitution. (*Aetna Life Ins. Co. v. Haworth* 300 US 227, 239-240 (1937); *MedImmune, Inc. v. Genentech, Inc.*, 549 US 118 (2007).) A substantial controversy is one "of sufficient immediacy and reality to warrant the issuance of a declaratory

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

judgment." (*City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1004-1005 (9th Cir. 2010).) This relief is "intended to fix the problem that arises when the other side does not sue." (*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*, 497 F.3d 1271, 1284 (Fed. Cir. 2007).).

The party claiming declaratory judgment jurisdiction bears the burden of establishing that such a controversy existed at the time the claim for declaratory relief was filed. (*Arris Group, Inc. v. British Telecommunications PLC*, 639 F. 3d 1368, 1373-1374 (Fed. Cir. 2011).)

**1. <u>The Declaratory Relief Counterclaimants Seek Is Improper Because it is Seeks Additional Recovery For The Same Injury the Jury Previously Addressed.</u>**

    a. <u>The Requested Relied Improperly Relitigates Issues that Have Already Been Adjudicated.</u>

Counterclaimants seek a declaration from this Court that Mr. Angelone holds a one-third ownership interest in Hyper Engine, LLC, and that he was "wrongfully excluded from Hyper Engine's management and governance" – issues that were already adjudicated by the jury. (*See, generally*, Motion.  While "[t]he existence of another adequate remedy does not preclude a declaratory judgment," courts have discretion to deny such relief where another remedy (e.g., damages) is "more appropriate." (*Smith v. Metropolitan Property & Liab. Ins. Co.*, 629 F.2d 757 (2nd Cir. 1980); *see also* Fed. R. Civ. Proc. § 57.)  A court may deny declaratory relief where adjudication of a breach of contract claim

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

resolves the parties' relevant contractual rights. (*See, e.g., Daum v. Planit Solutions, Inc.*, 619 F.Supp.2d 652, 657 (D MN 2009).) Indeed, declaratory relief would not be useful where it merely reaffirmed a dispute that has already been resolved. (*See* Fed. R. Civ. Proc. § 57, Advisory Committee Notes)( "When declaratory relief will not be effective in settling the controversy, the court may decline to grant it.").)

Here, the issues subject to Counterclaimants' Motion were necessarily determined by the jury. Counterclaimants' contract claim required both a finding that that there was an agreement concerning Hyper Engine's ownership and that Counterclaim Defendants failed to do something under the agreement. (Dkt No. 259). As Counterclaimants concede, absent such determination, "there would be no contract to breach, no fiduciary relationship from which duties arise, and no promise capable of inducing reliance." (Motion at 15).

In *Peachtree Orthopaedical Clinic, P.A. v. Deep Seas, LLC*, 2026 WL 92065 (S.D. Cal. Jan. 13, 2026), the court rejected a request for declaratory relief where it duplicated a breach of contract claim seeking the same underlying determination. (2026 WL 92065 *2.) There, Deep Seas, LLC sought unpaid amounts under the parties' agreement, denying Peachtree Orthopaedical Clinic (POC)'s position that the agreement had been terminated. (*Id.*) The court held that Deep Seas' breach of contract claim seeking damages "would fully resolve Deep Seas' request for declaratory relief" of whether or not termination took place. (*Id.*

at \*5.) The court rejected Deep Seas' attempt to characterize its declaratory relief as "separate and distinct" from its breach of contract claim, as it determined that both claims turned on the same outcome and facts: payment owed to Deep Seas. (*Id*.)

Similarly, Counterclaimants seek a declaration confirming Mr. Angelone's entitlement to one-third of Hyper Engine – the same issue that inherently formed the basis of their breach of contract and fiduciary duty claims. All purported "appurtenant rights" flowing from that interest (net profits, distributions, access to books and records, etc.) stem from that underlying resolved issue. (*See United States v. Wash.*, 759 F.2d 1353, 1356–57 (9th Cir. 1985) (*en banc*) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."); *see also*, *Zamora v. Solar*, No. 2:16-CV-01260-ODW-KS, 2016 WL 3512439, at \*5 (C.D. Cal. June 27, 2016) (A declaration that Defendant's unjustifiably terminated the Agreement "would mirror the Court's breach analysis above, and is therefore inappropriate.").) Thus, declaratory relief would serve no useful purpose and should be denied. Because the ownership and exclusion issues have already been resolved, no live controversy remains to be resolved.

      b. The Requested Declaration Impermissibly Seeks a Second Recovery for the Same Injury.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Counterclaimants state that "the jury's compensatory award addresses past harm from wrongful exclusion." (Motion, p. 24.) However, this misrepresents the record. The Jury was instructed to consider multiple theories of lost profits, reliance damages and special damages. (*See* Dkt. No. 259 at 42-43). As a result, the Jury returned a verdict of $121,000 in compensatory damages. (Dkt. No. 276)

A declaration awarding entitlement to future profits or distributions would not clarify rights, but rather improperly award Counterclaimants additional relief. (*Weikel v. TCW Realty Fund II Holding Co.*, 55 Cal.App.4th 1234, 1245 (1997) (Declaratory relief is meant to "clarify rights, not to award additional damages.").)

Declaratory relief is not a vehicle to expand a damages award or to secure additional recovery for an injury already adjudicated. (*See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002) (Res judicata precludes relitigating the same cause of action under different theories or for different relief). The issue of Mr. Angelone's alleged injury—exclusion from a one-third ownership interest and its accompanying economic benefits—was fully litigated and resolved at trial. His primary right is the injury, not the remedy (*Id.* at 904). The damages award reflects the value of that claimed right, yet Counterclaimants' Motion repackages a duplicative recovery (for the same injury) as a claim for declaratory relief. Accordingly, it must be denied.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## 2. **Declaratory Relief Is Unripe And Moot Because Hyper Engine, LLC Is No Longer Active.**

Counterclaimants' request is not only duplicative, but it also fails to present a live judicial controversy because Hyper Engine, LLC is not active. (Newell Decl. X.) The Declaratory Judgment Act requires a case to be ripe for judicial determination, meaning a substantial controversy must exist between adverse parties of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (*City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998 (9th Cir. 2010).) This requirement must be satisfied not only at the outset of a case, but throughout the litigation. (*Already, LLC v. Nike, Inc.*, 568 U.S. at 90-91.)

No such controversy exists here. The evidence in the case established that Hyper Engine has been inactive for years. (*See* Exh. C of Newell Decl., ¶ X.; *Id.* - Taylor Depo., p. 16, lines 18-19). There is no governance to participate in, and no present or future distributions to allocate or dispute. (*See Id*.) Without an active entity, there is no immediate or real dispute for the Court to resolve. (*See City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d at 998.) This, coupled with the jury's determination of Mr. Angelone's respective rights in the company, renders the sought relief moot. (*Already, LLC v. Nike, Inc*., 568 U.S. at 91 ("A case becomes moot—and therefore no longer a Case or Controversy for

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DECLARATORY. JUDGMENT

purposes of Article III—when the issues presented are no longer live, or the parties lack a legally cognizable interest in the outcome.").)

Courts continuously deny declaratory relief where the underlying conduct has either ceased or no realistic likelihood of future harm exists. (*See e.g., Harbor Distrib. Corp. v. GTE Operations Support Inc.*, 176 F. Supp. 3d 204, 211 (E.D.N.Y. 2016) (Denying a claim for declaratory relief that the defendants' future termination of a contract would be improper where the defendants represented to the court that they had no present intent to terminate a lease.); *see also*, *Bols v. Newsom*, No. 3:20-CV-873-BTM-BLM, 2022 WL 17968082, at *3 (S.D. Cal. Sept. 27, 2022), aff'd, No. 22-56006, 2024 WL 208141 (9th Cir. Jan. 19, 2024)(Dismissing plaintiffs' claims for declaratory relief that Governor Newsom's Executive Order N-33-20 violated their rights under Due Process by forcing their business to close, because the challenged restrictions were rescinded and thus no actual controversy remained.); *see also*, *Feldman v. Bomar*, 518 F3d 637, 643 (9th Cir. 2008) (Declaratory relief cannot be granted after the defendant has ceased the challenged activities and there is no realistic likelihood of future harm. In such cases, plaintiffs do not "face a continuous, remediable harm that concretely affects their existing interests."); *see also*, *Slayman v. FedEx Ground Package System, Inc.,* 765 F.3d 1033, 1048 (9th Cir. 2014)(prospective wage-and-hour claims by plaintiff truck driver moot because he had stopped driving for employer).) Here, Hyper Engine's inactive status eliminates any realistic dispute

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-11-

over Mr. Angelone's economic or governance rights in the company. The present circumstances do not rise to the sort of "concrete or real" injury necessary to establish Article III standing.

Counterclaimants make conclusory statements that "a live, concrete, dispute" exists over Hyper Engine's governance, records, and economic rights and that such may "fester indefinitely." (Motion, p. X.) However, they identify no present activity of Hyper Engine nor any impending harm that would give rise to such a dispute over their right. The burden rests on the Counterclaimants to establish a justiciable controversy; and they have not - and cannot meet it. Accordingly, their request for declaratory relief is unripe, moot, and should be denied.

### IV.   CONCLUSION

For the foregoing reasons, the Court should deny Counterclaimants' Motion for Declaratory Relief.

Dated:  March 30, 2026

**NEWELL LAW GROUP PC**

/s/ Felton T. Newell

Attorneys for Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DECLARATORY. JUDGMENT

## DECLARATION OF FELTON T. NEWELL

I, Felton T. Newell, declare as follows:

1.     I am a Partner at Newell Law Group PC, counsel of record for Plaintiffs in this action.  This Declaration is in support of Counterclaim Defendants' Opposition to Counterclaimants' Motion for Entry of Declaratory Judgment and Limited Further Relief ("Motion").

2.     The facts set forth in this declaration are based on my personal knowledge, except where otherwise noted, and, if called to testify, I could and would competently testify thereto.

3.     During the course of this case, Counterclaim Defendant Deon Taylor testified that Hyper Engine has been inactive for years.  A true and correct copy of pages from Mr. Taylor's deposition transcript is attached hereto as Exhibit A.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2026 at Los Angeles, California.

 /s/ Felton T. Newell
Felton T. Newell

.



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

# EXHIBIT A

Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

_____

HIDDEN EMPIRE HOLDINGS, LLC, a

Delaware Limited Lability

Company; HYPER ENGINE, LLC, a

California Limited Liability

Company; and DEON TAYLOR, an

Individual,

      Plaintiffs,

    v.                 Case No.

DARRICK ANGELONE, an Individual;  2:22-cv-06515-MWF-AGR

AONE CREATIVE, LLC, Formerly

Known as AONE ENTERTAINMENT LLC,

a Florida Limited Liability

Company; and ON CHAIN

INNOVATIONS, LLC, a Florida

Limited Liability Company,

      Defendants.

_____

Job No. CS7217780

Page 2

VIDEOTAPED DEPOSITION OF DEON TAYLOR

DATE:            Monday, March 10, 2025

TIME:            10:26 a.m.

LOCATION:        KRAMER, DEBOER & KEANE, A Limited

                 Liability Partnership Including

                 Professional Corporations

                 27001 Agoura Road, Suite 350

                 Calabasas, CA 91301

OFFICIATED BY: Natalie Rivas

Page 3

A P P E A R A N C E S

ON BEHALF OF PLAINTIFFS HIDDEN EMPIRE HOLDINGS, LLC,

HYPER ENGINE, LLC, AND DEON TAYLOR:

    FELTON NEWELL, ESQUIRE

    Newell Law Group PC

    1801 Century Park East, 24th Floor

    Los Angeles, CA 90067

    felton@newellpc.com

    (310) 556-9663


ON BEHALF OF DEFENDANTS DARRICK ANGELONE, AONE CREATIVE,

LLC, F/K/A AONE ENTERTAINMENT LLC, AND ON CHAIN

INNOVATIONS, LLC:

    SANDRA CALIN, ESQUIRE

    Kramer, Deboer & Keane, A Limited Liability

    Partnership Including Professional Corporations

    27001 Agoura Road, Suite 350

    Calabasas, CA 91301

    scalin@kdeklaw.com

    (818) 657-0255

Page 16

Q    Okay.  So would you be able to contact the bank and obtain the bank statements?

A    I could ask.

Q    Okay.  You haven't done that?

A    No.

Q    Okay.  Which bank did you have the account with?

A    I -- I can't recall which bank right now.

Q    Can -- was there more than one bank that there were accounts with for the Hyper Engine?

A    No.

Q    One Bank?

A    Yeah.

Q    And you can't recall what bank that was?

A    I cannot, not right now.

Q    Is Hyper Engine still in existence?

A    No.

Q    Okay.  When was it last in existence?

A    When this case happened.

Q    Okay.  And you can't recall who the bank was that you had the account with at that time --

A    I don't want to guess.  I -- I don't want to guess.  I -- I can't remember which one it is.

Q    All right.  Do you have any records that you can access which would tell you what bank it is?

Page 169

CERTIFICATE OF DEPOSITION OFFICER

I, NATALIE RIVAS, the officer before whom the foregoing proceedings were taken, do hereby certify that any witness(es) in the foregoing proceedings, prior to testifying, were duly sworn; that the proceedings were recorded by me and thereafter reduced to typewriting by a qualified transcriptionist; that said digital audio recording of said proceedings are a true and accurate record to the best of my knowledge, skills, and ability; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this action.

NATALIE RIVAS

Notary Public in and for the

State of California

[X] Review of the transcript was requested.

Page 170

CERTIFICATE OF TRANSCRIBER

I, DOMINIQUE BAIN, do hereby certify that this transcript was prepared from the digital audio recording of the foregoing proceeding, that said transcript is a true and accurate record of the proceedings to the best of my knowledge, skills, and ability; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this action.

*Dominique Bain*

DOMINIQUE BAIN

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On March 30, 2026, I served the foregoing document(s) described as

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION FOR DECLARATORY JUDGMENT; DECLARATION OF FELTON T. NEWELL**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

## SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663



PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DECLARATORY. JUDGMENT

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 30, 2026, at Los Angeles, California.


/s/ Felton T. Newell
Felton T. Newell

| J.T. Fox, Esq. | Attorneys for Defendant and Cross-Complainants |
| LAW OFFICES OF JT FOX, APC | |
| 556 Fair Oaks Ave., Suite 444 | Darrick Angelone, AOne Creative LLC |
| Pasadena, CA 91105 | formerly known as AOne Entertainment |
| jt@jtfoxlaw.com | LLC and On Chain Innovations LLC |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DECLARATORY. JUDGMENT