FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>    Plaintiffs,<br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>    Defendants.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, | Case No. 2:22-cv-06515-MWF-AGR<br><br>The Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>Hearing<br>Date:         April 13, 2026<br>Time:         10:00 a.m.<br>Courtroom:  5A |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## I.    INTRODUCTION

Defendants' Motion for Attorneys Fees, Costs and Expenses is legally and factually flawed.  Accordingly, the Court should deny the motion.  On February 3, 2026, the jury in this action rendered a verdict finding Defendants not liable for Plaintiffs' Copyright Infringement Claim ("IP Claim"). *See* Verdict Form for Plaintiffs' Claims ("Plaintiffs' Verd. Form") (Dkt. No. 274). Defendants contend that, since they are the "prevailing parties" with respect to the IP Claim, they are entitled to recover attorneys fees pursuant to 17 U.S.C. Section 505. Defendants argue that the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 US 517 (1994) favor the Court exercising its discretion to issue an award of fees and costs.  In fact, those factors do not favor such an award.

Defendants cannot establish that the claim was "frivolous."  The negative motivation Defendants claim Plaintiffs had when filing the claim is premised on facts that are provably false.  Also, Plaintiff's claim was not objectively unreasonable.  Finally, awarding attorneys fees and costs to Defendants will not advance considerations of compensation and deterrence. In addition, the IP Claim was a small component of the issues addressed in this case, and the $393,470.78 in fees sought by Defendants is completely unreasonable.  Accordingly, the Court should deny Defendants' motion.

## II.    STATEMENT OF FACTS

On February 3, 2026, over three years after the initial complaint was filed in this action, a jury adjudicated Plaintiffs and Counterclaim Defendants: HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC, and DEON TAYLOR's claims against Defendants DARRICK ANGELONE, AONE CREATIVE, LLC and ON CHAIN INNOVATIONS, LLC (collectively "Defendants") for $3.7 million in damages.

In Plaintiff's Ninth Cause of Action under 17 U.S.C. Section 505 for Copyright Infringement ("IP Claim"), Plaintiff alleged that Plaintiffs owned a

copyright in the film "Fear" (the "Fear Film") and that Defendants used characters from the Fear Film in their video game called "Fear" (the "Fear Game") without authorization.  The Jury rendered a verdict against Plaintiffs on the IP Claim.  (*See* Dkt. No. 274).

## III.   ARGUMENT

### A.   <u>Application of the Fogerty Factors Favors Not Awarding Defendants Its Attorneys Fees.</u>

While the Copyright Act provides that the Court has discretion to award attorneys fees to the prevailing party, caselaw indicates that there are four factors courts must evaluate to determine whether fees are appropriate.  In *Fogerty v. Fantasy, Inc.*, 510 US 517, 533 (1994), the United States Supreme Court identified "several nonexclusive factors" to inform a district court's fee shifting provision determination, "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534, n. 19 (internal citation omitted). While "[s]uch factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner. *Id*.

Ultimately, the Supreme Court makes clear that "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's. . .discretion." *Fogerty*, 510 U.S. at 533; *see Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016).

Importantly, the Court instructs that district courts "should give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng*, 579 U.S. at 200. Further, the court makes clear that the Copyright Act's policy aims should lead this discretionary inquiry. *Id.* at 200, 204-05.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**1. Defendants Are Not Entitled to Attorneys Fees Because Plaintiffs' IP Claim Was Not Frivolous.**

The Court should deny Defendants' Motion for Attorneys Fees because Plaintiffs' IP Claim was not frivolous.  The best indication that the claim was not frivolous is the fact that the Court granted Plaintiffs' Motion for a Preliminary Injunction with respect to the claim. (Dkt. No. 25 at 19-23).  The Court held: "Given Defendants do not even attempt to argue that the infringement (i.e., the video game's development and promotion) has occurred, Plaintiffs are likely to succeed on the merits of their copyright claim." *Id*. at 22.  If Plaintiffs' IP Claim had been frivolous, Defendants would have made such an argument in opposing the Preliminary Injunction Motion.  And the Court would not have granted that motion.

Moreover, at trial, the Court indicated that the evidence at trial established a prima facie case of copyright infringement – the Court noted that the only question was whether Defendants could persuade the Jury that an affirmative defense applied.  Thus, Plaintiffs' IP Claim was not frivolous.

**2. Plaintiffs' Motivation in Asserting the IP Claim Was Not Improper.**

Defendants assert that Plaintiffs were unreasonably motivated to file an IP claim to maintain federal jurisdiction.  However, Defendants overlook the fact that Plaintiffs' Complaint also included a second federal claim – violation of the Federal Computer Fraud and Abuse Act Claim pursuant to 18 U.S.C. Sections 1030(a)(2)(C) and (a)(5). Thus, federal jursdition was not a motivation for Plaintiffs to assert the IP Claim.

Moreover, Defendants contend that Plaintiffs were motivated to file the IP Claim to create "undue litigation pressure against the Defendants." Motion at 3. If Defendants felt that litigation pressure was undue, they could have availed themselves of the motion to dismiss and/or summary judgment process to have the

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Court determine as a matter of law that the claim is not valid. Also, mounting litigation pressure against an opponent is a common part of litigation and it far from "unreasonable" as a motivation for filing a claim. In fact, all available evidence suggests that Plaintiffs were motivated to allege the IP Claim because they simply sought compensation for Defendants' infringement of Deon Taylor's copyright on the Fear Film.

### 3. **Plaintiffs' IP Claim Was Objectively Reasonable Both in the Factual and Legal Components of the Case.**

As the Court concluded in its ruling on Plaintiff's Motion for Preliminary Injunction, Plaintiffs' IP Claim that Plaintiffs were likely to prevail on the merits of the claim. Had the claim been objectively unreasonable, the Court would not have made such a finding.

Moreover, Defendants' analysis of the standing issue is incomplete. To have Article III standing, a plaintiff must establish (1) an actual, concrete injury, (2) fairly traceable to the defendant, and (3) that it is likely the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *see Dean v. Meta Platforms Inc*., No. 25-cv-10597-NC, 2026 U.S. Dist. LEXIS 29762, at *4 (N.D. Cal. Feb. 12, 2026).

There are several federal cases in which courts evaluate standing when it comes to individual plaintiffs bringing claims for themselves, and their companies. In these cases, courts emphasize that it is not enough for plaintiffs to only show that defendant harmed their business. Rather, courts reason that a plaintiff must show the defendant also caused personal harm to the plaintiff themselves. For example, the plaintiff in *Dean* "cannot satisfy article III standing because he does not allege any concrete injury to himself", only to his business. *Id.; see also Brunner v. Cty. of Yavapai,* No. 25-1981, 2026 LX 59263 (9th Cir. Feb. 12, 2026). The District Court cites the Supreme Court in stating "[a] plaintiff

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

cannot rest his claim to relief on the legal rights or interests of third parties", meaning the company or LLC. *Mohsen Ahmed v. Cty. of San Diego*, No. 25cv1920-LL-MMP, 2026 U.S. Dist. LEXIS 57062, at *5 (S.D. Cal. Mar. 18, 2026) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In this case, by contrast, Plaintiffs *can* establish harm. Plaintiffs not only alleged, but also prevailed on several claims related to the Defendants' infliction of harm on the individual Plaintiff Deon Taylor, and the Plaintiff entities. Specifically, the Jury concluded that Defendants violated the computer fraud statutes and engaged in conversion. (*See* Dkt. No. 274). In so ruling, the Jury found that the Defendants perpetuated personal harm against Plaintiff Deon Taylor, and harm to his businesses Hidden Empire Holdings, LLC, Hyper Engine, LLC and related entities. The facts, jury verdict and trial findings support concrete injury that is not only "traceable" to Defendants, but also clearly establish that Defendants caused Plaintiffs harm. *Lujan*, at 504 U.S. 560-61; Plaintiffs' Verd. Form. Thus, the IP Claim was objectively reasonable.

### 4. <u>Considerations of Compensation and Deterrence Do Not Favor Granting Defendants Their Attorneys Fees.</u>

The Supreme Court in *Kirtsaeng* makes clear that the policy aims of the Copyright Act is the key consideration in determining "unreasonableness" under the *Fogerty* standard. *Kirtsaeng*, 579 U.S. 204-05. (2016). The *Fogerty* court explained that one of the purposes of the Copyright Act is to discourage infringement, where "often times" in cases "defendants hold copyrights too." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526, (1994) (holding that "in many cases the defendants are the [copyright] holders" *Lieb* v. *Topstone Industries*, *Inc.*, 788 F.2d, 151, 155.)

The Supreme Court interprets Congress' power under Aritcle 1, Section 8 of the United States Constitution and the Copyright Act as "intended to motivate the creative activity of authors and inventors by the provision of a special reward, are

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

limited in nature and must ultimately serve the public good." *Fogerty* at 510 U.S. at 526 (quoting *Sony Corp. of America* v. *Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) (internal quotations omitted).

Discussing the Copyright Act's legislative history, including the purpose of the 1909 Copyright Act, the Court makes clear that the policy reasoning

> ". . .reflects a balance of competing claims upon the public interest: Creative work is to be encouraged and rewarded, but private                motivation must ultimately serve the cause of promoting broad public availability . . . arts. . . [t]he immediate effect of our copyright law is to secure a fair return. . .for an 'author's' creative labor. But the ultimate aim is, by. . . this incentive, to stimulate artistic creativity for        the general public good." (Footnotes omitted.)"

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). The Court uses this reasoning to support the purpose for awarding the prevailing party, like a defendant, attorneys' fees under section 505. *Id* at 525-27.

Here, Defendants have not shown in the facts, evidence, trial findings, or jury verdict that they are "copyright holders" in the Fear Movie intellectual property. *Id*. Accordingly, Defendants are not the type of "authors" that the Supreme Court had in mind when discussing the "provision of a special reward" under the statute. *Fogerty*, at 525-27. Therefore, awarding the Defendants' fees would not incentivize authorship, protect legitimate copyright ownership, and would not deter the kind of frivolous litigation section 505 is meant to ward off.

Importantly, The Defendants' Fee Motion does not adequately show or even mention how the Defendants' use of the copyright material was for the "general public good" to respect the aims of the Copyright Act. It follows that Defendants fail to show that any discretionary award given to them would advance the policy aims of the Copyright Act.  Thus, the Defendants do not meet the intended policy aims to qualify for any discretionary award under 17 U.S.C. section 505, and their motion should be denied.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**B.** **Defendants' Claim that They Are Entitled to $393,470.78 in Connection with the IP Claim Is Unreasonable.**

Although the IP Claim was a somewhat discrete issue relative to the other claims involved in the operative complaint and counterclaims, Defendants unreasonably seek recovery of all fees incurred in the case simply because they prevailed on the IP Claim. This is, on its face unreasonable. Illustrative of the unreasonable of Defendants' fee request is the inclusion of costs in the amount of $90,369.50 for "Quandary Peak Research Inc." *See* Motion at 5. These costs were incurred in connection with Defendants' designated expert witness. However, Defendants' expert witness was not designated to give expert opinions related to the IP Claim. None of these costs should be included in any fees award. Moreover, the Jury awarded Plaintiffs damages of $3.7 million and awarded Defendants significantly less than that. It makes no sense for Defendants' to recover all of their legal fees and costs when the Jury determined that Plaintiffs prevailed with a net judgment in excess of $3.5 million. Therefore, the Court should deny Defendants motion for fees in its entirety.

## IV.    CONCLUSION

For the reasons above, Plaintiffs request that the Court deny Defendants' and Counterclaimants Motion for Attorneys' Fees, Costs and Expenses.

Dated:  March 30, 2026

**NEWELL LAW GROUP PC**

/s/ Felton T. Newell

Attorneys for Counterclaim Defendants
**HIDDEN EMPIRE HOLDINGS, LLC; HYPER ENGINE, LLC; AND DEON TAYLOR; AND THIRD-PARTY DEFENDANT ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## PROOF OF SERVICE

### UNITED STATES DISTRICT COURT

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On March 31, 2026, I served the foregoing document(s) described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

### SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-10-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

☒      (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2026, at Los Angeles, California.

/s/ Felton T. Newell
Felton T. Newell

| J.T. Fox, Esq. | Attorneys for Defendant and Cross-Complainants |
| LAW OFFICES OF JT FOX, APC | Darrick Angelone, AOne Creative LLC |
| 556 Fair Oaks Ave., Suite 444 | formerly known as AOne Entertainment |
| Pasadena, CA 91105 | LLC and On Chain Innovations LLC |
| jt@jtfoxlaw.com | |

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES