J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE
ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>                    Plaintiffs,<br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>                    Defendants.<br>_____<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company | Case No. 2:22-cv-06515-MWF-AGR<br><br>Assigned to the Honorable:<br>Michael W. Fitzgerald<br><br>DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF DECLARATORY JUDGMENT AND LIMITED FURTHER RELIEF<br><br><br>Date: June 1, 2026<br>Time: 10:00 a.m.<br>Ctrm: 5A |

-1-

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald in Courtroom 5A of the United States District Court for the Central District of

-2-

California, located at 350 W 1st Street, Courtroom 5A, Los Angeles, California 90012, Defendants and Counterclaimants Darrick Angelone, AOne Creative LLC, and On Chain Innovations LLC will and hereby do submit this Reply in Support of their Motion for Entry of Declaratory Judgment and Limited Further Relief (Doc. 282), and in response to Plaintiffs' Opposition thereto (Doc. 290).

This Reply is based on the accompanying Memorandum of Points and Authorities; the Motion (Doc. 282) and supporting materials filed therewith; the pleadings, records, and files in this action; the trial record including admitted exhibits and jury instructions; and such further evidence and argument as may be presented at or before the hearing on this Motion.

Date: April 6, 2026

Respectfully submitted,

**LAW OFFICES OF JT FOX, APC**

*s/J.T. Fox*

By: _____
    J.T. Fox, Esq., Attorney for
    DEFENDANTS' AND
    COUNTERCLAIMANTS',
    DARRICK ANGELONE,
    AONE CREATIVE LLC,
    formerly known as AONE
    ENTERTAINMENT LLC and
    ON CHAIN INNOVATIONS
    LLC

-3-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Opposition (Doc. 290) presents two mistaken premises: first, that the jury's $121,000 damages award itself operated as a present-tense decree defining membership, management, and profit rights; second, that Hyper Engine's claimed inactivity moots any dispute over rights in a still-formed entity. Both are wrong. The jury decided liability and past damages. The Court reserved declaratory relief and may now enter a narrow status declaration consistent with the jury's findings. Plaintiffs cannot treat Hyper Engine as alive enough to support their own $3.7 million recovery (Doc. 289) but dead enough to defeat Counterclaimants' status declaration (Doc. 290). That contradiction runs through the entire Opposition and is reason alone to reject the mootness argument.

## II. ARGUMENT

**A. The Jury's Damages Verdict Did Not Produce a Decree Defining the Parties' Ongoing Legal Relations.**

Plaintiffs contend that the declaratory relief claim merely relitigates the jury's verdict. (Opp. at 6–9.) This confuses the function of a damages award with the function of an equitable decree.

**1. A lump-sum damages award does not define present membership status.**

The jury found breach of contract, breach of fiduciary duty, and false promise, and awarded $121,000 in compensatory damages. (Doc. 276.) That verdict compensated Counterclaimants for past harm from wrongful exclusion. But the verdict did not—and could not—produce an operative decree defining Counterclaimants' present membership interest, governance rights, books-and-records access, or accounting entitlement. No jury instruction asked the jury to enter such a declaration. No verdict form question addressed whether Counterclaimants hold a one-third interest going forward.

Plaintiffs argue that the jury was instructed to consider "multiple theories of lost profits, reliance damages and special damages" (Opp. at 9, citing Dkt. No. 259 at 42–43), and that no instruction limited damages solely to past harm. This is accurate but beside the point. However broad the damages categories, the jury's $121,000 lump-sum award is still a monetary judgment. It does not tell the Court—or the parties—whether Counterclaimants hold a one-third membership interest today. A damages award, regardless of its scope, is not an operative decree defining the parties' ongoing legal relations. That is what declaratory relief is for.

**2. The declaration tracks the jury charge, not new factual findings.**

The Court is not being asked to decide a factual issue the jury never reached. It is being asked to enter equitable relief that gives operative effect to the jury's own

-5-

factual determinations. The declaration requested here tracks the exact structure of the jury charge:

Instruction No. 22 required the jury to decide whether the parties entered into an oral operating agreement to form and operate Hyper Engine, LLC, "as equal members," with all three sharing equally in "ownership, management, and profits." (Doc. 259, PageID 7530.) The jury found that agreement existed by returning a liability verdict on breach of contract.

Instruction No. 28 required the jury to find that Counter-Defendants were Counterclaimants' "partners" in Hyper Engine LLC—a co-owner relationship giving rise to fiduciary duties. (Doc. 259, PageID 7538.) The jury found that relationship existed and was breached.

Instruction No. 35 expressly identified lost profits "as a result of the failure to follow through in awarding Counterclaimants one-third of an ownership interest in Hyper Engine, LLC" as a recoverable damages category. (Doc. 259, PageID 7545.) That instruction specifically references 'one-third' and shows that the ownership percentage submitted to the jury's damages analysis was 33.33%.

The requested declaration simply converts those adjudicated predicates into an operative status decree. A one-third declaration is the declaration most faithful to the jury's findings, the instructions actually given, and the declaratory relief pleaded in FACC ¶ 107.

**3. The Court reserved the equitable claim for post-verdict determination.**

As Plaintiffs themselves acknowledge, "equitable issues were reserved for court determination." (Opp. at 4.) The FACC's Sixth Cause of Action for declaratory relief was expressly reserved for the Court under the Pretrial Conference Order (Doc. 230). The jury tried the legal claims; the Court retained the equitable claim. The Opposition's argument that the jury "already adjudicated" the declaratory relief claim contradicts Plaintiffs' own concession.

The Seventh Amendment framework confirms this allocation. The Court may decide equitable claims after the jury's verdict, taking the jury's factual findings as established, without reexamining those findings. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959); *Tull v. United States*, 481 U.S. 412, 425 (1987). The jury has done its work. The Court's task is to supply the operative decree the verdict itself did not provide.

**4. Peachtree is inapposite.**

Plaintiffs cite (Opp. at 7:19–8:5) *Peachtree Orthopaedical Clinic, P.A. v. Deep Seas, LLC*, 2026 WL 92065 (S.D. Cal. Jan. 13, 2026), for the proposition that declaratory relief is redundant where it duplicates a breach of contract claim. *Peachtree* was a pleading-stage redundancy case. This is a post-verdict case where the contract claim produced damages but no decree defining present rights. That is precisely why the declaratory claim was reserved.

**5. A declaration of membership interest is not a "second recovery."**

Plaintiffs argue that declaratory relief would constitute an impermissible double recovery, citing *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (2002), and *Weikel v. TCW Realty Fund II Holding Co.*, 55 Cal. App. 4th 1234 (1997). (Opp. at 9.) But a declaration of membership interest is not a "recovery"—it is a statement of legal status. If the Court declares that Counterclaimants hold a one-third interest, that declaration does not award additional money. It confirms the legal relationship that the jury's liability findings necessarily presuppose.

Counterclaimants' Motion expressly provides that any monetary consequences flowing from the declaration must be reduced by amounts already included in the jury's $121,000 award, to avoid double recovery. The offset mechanism is built into the relief requested.

**B. Hyper Engine's Inactive Status Does Not Moot the Controversy.**

**1. Operational inactivity is not statutory dissolution.**

The Opposition relies on Deon Taylor's deposition testimony that Hyper Engine is no longer in existence. (Taylor Depo. at 16:16–17.) But operational inactivity is not statutory dissolution. And even dissolution would not extinguish membership interests or eliminate the need to resolve rights in winding up, records, distributions, or assets. California law expressly continues an LLC for winding-up purposes even after dissolution. Cal. Corp. Code § 17707.01 (winding-up

procedures); § 17707.06 (LLC continues for purposes of winding up). The Taylors' unilateral decision to stop operating Hyper Engine does not extinguish a one-third member's interest any more than a majority shareholder's decision to stop doing business extinguishes a minority shareholder's equity.

**2. The wrongful exclusion itself creates the live controversy.**

The jury found that the Taylors wrongfully excluded Counterclaimants from Hyper Engine's management and profits. If Hyper Engine is now inactive because the Taylors shut it down while excluding a one-third member, that itself is a continuing wrong—not evidence that no controversy exists. A declaration of membership interest would resolve whether Counterclaimants must be included in any future decisions regarding the entity's assets, potential dissolution, or winding up.

**3. The mootness cases Plaintiffs cite are inapposite.**

*Feldman v. Bomar*, 518 F.3d 637 (9th Cir. 2008), *Bois v. Newsom*, 2022 WL 17968082 (S.D. Cal. 2022), and *Slayman v. FedEx Ground Package System, Inc.*, 765 F.3d 1033 (9th Cir. 2014), all involve voluntary cessation of challenged conduct by the defendant or departure by the plaintiff. Here, Counterclaimants have not departed; they were excluded. And the entity continues to exist as a matter of law.

**4. Plaintiffs' mootness argument undermines their standing opposition.**

In the standing Opposition (Doc. 289), Plaintiffs argue that Hyper Engine paid its FTB obligations and can be a prevailing party in a judgment. In this Opposition, Plaintiffs argue that Hyper Engine is inactive and there is nothing left to adjudicate. Plaintiffs cannot treat Hyper Engine as alive enough to support their own recovery but dead enough to defeat Counterclaimants' status declaration. If Hyper Engine is sufficiently alive to receive a $3.7 million judgment in its favor, it is sufficiently alive for a one-third member to seek a declaration of his membership interest.

**C. The Requested Declaration Falls Within the FACC's Pleaded Claims.**

Plaintiffs argue that the FACC's declaratory relief claim "did not seek present and/or future profits rights or broader 'appurtenant rights' such as the right to audit, partake in financing, ascertainment of present and future rights, etc." (Opp. at 4.) This misreads the FACC.

FACC ¶ 107 sought declarations that: (i) Darrick is in an exclusive partnership with Roxanne and Deon as members of Hyper Engine; (ii) Darrick, Deon, and Roxanne are entitled to share in the control and management of Hyper Engine; and (iii) Darrick, Deon, and Roxanne are each entitled to one-third (33.33%) of all profits. (Doc. 90 at 60.) Management rights necessarily encompass governance participation. Profit-sharing rights necessarily encompass the right to an accounting of what profits exist. Books-and-records access is the mechanism by which a member exercises the management and profit-sharing rights the FACC expressly

pleaded. Rights of access, accounting, and implementation are not new claims; they are the ordinary incidents and mechanisms needed to effectuate the status declaration already pleaded.

These rights are not merely inferential. California Corporations Code § 17704.07 provides that in a member-managed LLC, management is vested in the members and each member has equal rights in the management and conduct of the company's activities. Section 17704.10 gives members the right to obtain company information and records upon reasonable request. The governance participation and books-and-records access sought in Counterclaimants' Motion are thus statutory incidents of the membership interest the FACC pleaded and the jury's liability findings presuppose.

Those statutory membership incidents confirm that the Court can enter the core declaration now, while reserving any implementation mechanics for later tailoring under § 2202.

To the extent any specific relief requested in the Motion goes beyond the four corners of FACC ¶ 107, that relief is sought under 28 U.S.C. § 2202, which authorizes "further necessary or proper relief based on a declaratory judgment or decree." *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 549 (D.C. Cir. 1988); *Powell v. McCormack*, 395 U.S. 486, 499 (1969). The scope of § 2202 relief is broad: further relief, including monetary relief, need not have been

-11-

demanded in the original declaratory action and can be awarded based on the declaratory judgment after notice and hearing. *Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g Co.*, 255 F.2d 518, 522 (2d Cir. 1958); *see also Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530 (5th Cir. 1978) (recognizing the supplementary nature of declaratory relief under § 2202). This is precisely the "core declaration now, implementation later" structure Counterclaimants' Motion employs. The § 2202 implementation relief is discretionary, and the Court retains full authority to tailor it to what the circumstances require.

**D. The Court May Enter the Declaration Regardless of the Standing Motion's Outcome.**

The declaratory relief does not depend on the outcome of the companion standing motion. A declaration of Counterclaimants' one-third interest requires no determination of who holds the remaining two-thirds. The Court can enter this declaration whether it vacates, modifies, or sustains the Plaintiffs' verdict.

**E. The Relief Requested Is Structured in Two Tiers.**

Counterclaimants recognize that the Court's exercise of declaratory judgment jurisdiction is discretionary. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). Accordingly, the relief is structured in two tiers.

-12-

**Core declaration to enter now:** Darrick Angelone and AOne Creative LLC hold a one-third membership interest in Hyper Engine, LLC, and were wrongfully excluded from the rights incident to that interest, including governance participation and economic participation.

**Implementation relief, if the Court deems appropriate:** books-and-records access, accounting, and tailored further relief under § 2202—all subject to offsets against the jury's $121,000 award to prevent double recovery.

The Court need not grant the full implementation package to grant the core declaration. If the Court concludes that any implementation details require further proceedings, it may enter the status declaration now and reserve the § 2202 relief for a subsequent phase.

## III. CONCLUSION

The jury's $121,000 damages award compensated Counterclaimants for past harm. It did not produce an operative decree defining the parties' ongoing membership rights, governance entitlements, or economic participation in Hyper Engine. The Seventh Amendment permits the Court to enter equitable relief consistent with the jury's findings, and Rule 57 confirms that the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. Hyper Engine's operational inactivity does not moot the controversy over legal rights in a still-existing entity.

-13-

At minimum, the Court should enter the core declaration that Counterclaimants hold a one-third membership interest in Hyper Engine, LLC, and that they were wrongfully excluded from the rights incident to that interest. If the Court concludes that any implementation details require further proceedings, it may reserve tailored § 2202 relief for a later phase.

Dated: April 6, 2026

LAW OFFICES OF JT FOX, APC

*s/J.T. Fox*

By: _____
J.T. Fox, Esq., Attorney for Defendants and Counterclaimants, DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

-14-

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.  I am an employee of the Law Offices of J.T. Fox, APC, and my business address is 556 S. Fair Oaks, No. 444, Pasadena, CA  91105.

On April 6, 2026, I served a true and correct copy of DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF DECLARATORY JUDGMENT AND LIMITED FURTHER RELIEF on the parties involved as stated below and addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

(X) BY E-MAIL transmission: I caused the aforementioned listed document to be emailed to the above parties on the date set forth above from the following email address: jt@jtfoxlaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2026 at Pasadena, California.

*s/J.T. Fox*

-------------------------------
J.T. FOX

-15-