J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE
ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company,<br><br>　　　　　Defendants. | Case No. 2:22-cv-06515-MWF-AGR<br><br>Assigned to the Honorable:<br>Michael W. Fitzgerald<br><br>DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505 |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON | Date:  June 1, 2026<br>Time: 10:00 a.m.<br>Ctrm:  5A |

-1-

CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald

-2-

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505

in Courtroom 5A of the United States District Court for the Central District of California, located at 350 W 1st Street, Courtroom 5A, Los Angeles, California 90012, Defendants and Counterclaimants Darrick Angelone, AOne Creative LLC, and On Chain Innovations LLC will and hereby do submit this Reply in Support of their Motion for Attorneys' Fees, Costs and Expenses Under 17 U.S.C. § 505 (Doc. 284), and in response to Plaintiffs' Opposition thereto (Doc. 291).

This Reply is based on the accompanying Memorandum of Points and Authorities; the Motion (Doc. 284), the Fox Declaration, and the Calin Declaration filed therewith; the pleadings, records, and files in this action; the trial record including admitted exhibits; and such further evidence and argument as may be presented at or before the hearing on this Motion.

Date: April 6, 2026

Respectfully submitted,
**LAW OFFICES OF JT FOX, APC**

*s/J.T. Fox*

By: _____
    J.T. Fox, Esq., Attorney for
    Defendants, DARRICK
    ANGELONE, AONE
    CREATIVE LLC, formerly
    known as AONE
    ENTERTAINMENT LLC and
    ON CHAIN INNOVATIONS
    LLC

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' Opposition (Doc. 291) concedes that Defendants are the prevailing party on the copyright infringement claim (Opp. at 3) and that the fee determination is discretionary under the *Fogerty*/*Kirtsaeng* framework (Opp. at 4). The Opposition then attempts to defeat each *Fogerty* factor, but its arguments either misstate the record or misapply the governing standard.

Section 505 does not require Defendants to prove that Plaintiffs' copyright claim was frivolous or brought in bad faith. The Court's task is to exercise evenhanded discretion, giving substantial weight to the objective reasonableness of Plaintiffs' litigating position while also considering motivation and the need for compensation and deterrence. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202–05 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

Critically, the Opposition never confronts the central ownership problem that made the copyright claim objectively unreasonable: the Fear Film was produced by Social Distance, LLC—a separate entity that is not a plaintiff in this action—and

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505

Plaintiffs never established a chain of title from Social Distance, LLC to any named plaintiff sufficient to support a copyright infringement claim.

## II. ARGUMENT

## A. The Copyright Claim Was Objectively Unreasonable Because Plaintiffs Could Not Establish Ownership.

Plaintiffs' lead argument is that the Court's grant of a preliminary injunction proves the copyright claim was not frivolous. (Opp. at 5.) This conflates distinct procedural stages. A preliminary injunction is decided on a likelihood-of-success standard at the outset of litigation, often on limited briefing and before full discovery. The frivolousness and objective-reasonableness inquiries under § 505 are assessed in light of the entire litigation record, including the evidence presented at trial.

The record that emerged through discovery and trial exposed a fundamental ownership defect in Plaintiffs' copyright claim. Roxanne Avent Taylor testified at deposition that each of the Taylors' films was produced through a separate, film-specific LLC: "Fear" was produced by Social Distance, LLC; "Fatale" by Fatale, LLC; "Traffik" by Stranded, LLC; and so on. Ms. Taylor explained that "[e]very entity has their own, LLC." (Roxanne Avent Taylor Dep. Tr., Sept. 10, 2025, at 247:17–250:4.) Social Distance, LLC is a separate legal person. Its intellectual property belongs to it—not to its members or to an affiliated holding company—

absent a valid transfer. *See PacLink Commc'ns Int'l, Inc. v. Superior Court*, 90 Cal. App. 4th 958, 964–66 (2001).

Federal copyright law makes the ownership defect even clearer. Only the legal or beneficial owner of an exclusive right may sue for infringement. 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 884–85 (9th Cir. 2005) (en banc). And any transfer of copyright ownership, other than by operation of law, must be in a writing signed by the owner. 17 U.S.C. § 204(a); *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 556–57 (9th Cir. 1990). Plaintiffs produced no signed transfer from Social Distance, LLC to any named plaintiff. By the close of discovery—and certainly by trial—continuing to litigate the copyright claim without proof satisfying §§ 501(b) and 204(a) was objectively unreasonable.

The FAC's copyright infringement claim (Ninth Cause of Action) alleged that "Plaintiffs" owned a copyright in the Fear Film. (FAC ¶¶ 137–138, Doc. 174.) But the named plaintiffs are Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylor—none of which is Social Distance, LLC. Plaintiffs never pleaded a chain of title from Social Distance, LLC to any named plaintiff. Instruction No. 19 required Plaintiffs to prove that "[o]ne or more Plaintiff(s) are the owner of a valid copyright." (Dkt. No. 259 at 23.) The jury found they did not meet that burden.

This is not a case where the losing party's position, though ultimately unsuccessful, reflected a reasonable reading of a close legal question. The ownership

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505

defect was apparent from Plaintiffs' own documents and testimony. *Kirtsaeng*, 579 U.S. at 202–05 (objective reasonableness is the most important factor and should be given substantial weight).

Plaintiffs also note that the Court indicated at trial that the evidence established a prima facie case of copyright infringement and that the only question was whether an affirmative defense applied. (Opp. at 5.) Even crediting this characterization, it underscores that the claim was ultimately defeated—and that Plaintiffs continued to press it through verdict despite knowledge of both the ownership gap and the strength of the affirmative defense.

## B. The Motivation Evidence Supports a Fee Award.

Plaintiffs argue their motivation was not improper because the complaint also included a CFAA claim, so "federal jurisdiction was not a motivation for Plaintiffs to assert the IP Claim." (Opp. at 5.) The existence of an alternative jurisdictional hook does not negate the fact that the copyright claim served a distinct strategic function. The copyright claim enabled Plaintiffs to seek a preliminary injunction that restrained Defendants' video game development and promotion—relief that would not have been available under the CFAA or state-law claims. (Dkt. No. 25 at 19–23.) The copyright claim also expanded the scope of discovery, required Defendants to mount a defense on an additional front, and carried the threat of statutory damages and injunctive relief.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505

Plaintiffs' Opposition further states that "mounting litigation pressure against an opponent is a common part of litigation and it far from 'unreasonable' as a motivation for filing a claim." (Opp. at 6:1–3.) Under *Fogerty*, using a copyright claim as a pressure tool—rather than to protect a legitimate ownership interest—is precisely the kind of motivation that weighs in favor of a fee award. 510 U.S. at 534 n.19.

Plaintiffs' maintenance of the copyright claim was not incidental. In their December 1, 2025 contentions of fact and law, Plaintiffs expressly asserted entitlement to attorneys' fees under the copyright statute and stated they were not abandoning any issue in the operative complaint. That confirms the copyright claim remained an active source of litigation pressure through trial.

**C. Plaintiffs' Article III Discussion Does Not Answer the Copyright-Ownership Defect.**

Plaintiffs' objective-reasonableness argument (Opp. at 6–7) pivots to an extended discussion of Article III standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), and recent lower court cases addressing individual-versus-entity standing. This discussion is beside the point. The objective reasonableness inquiry under *Kirtsaeng* asks whether the losing party's *copyright position* was reasonable—not whether the party had Article III standing to bring other, non-copyright claims. The copyright claim depended on who owned an exclusive right in the Fear Film.

-8-

That is a claim-specific inquiry under § 505. The fact that Plaintiffs prevailed on conversion and computer fraud does not retroactively make the copyright claim reasonable. *Kirtsaeng*, 579 U.S. at 202–03.

**D. Compensation and Deterrence Favor a Fee Award.**

Plaintiffs argue that Defendants are not "copyright holders" in the Fear Film and therefore a fee award would not serve the Copyright Act's purposes. (Opp. at 7–8.) This inverts the analysis. The compensation-and-deterrence factor asks whether awarding fees would advance the Copyright Act's goals, including by deterring unmeritorious copyright claims. *Kirtsaeng*, 579 U.S. at 204–05. *Fogerty* specifically rejected the "dual standard" that treated prevailing defendants differently from prevailing plaintiffs. 510 U.S. at 527. A fee award here would deter parties from maintaining copyright claims through trial when their own evidence shows that the relevant rights are held by a non-party entity. *See Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 666–67 (9th Cir. 2018) (affirming § 505 fee award where losing copyright position was objectively unreasonable post-*Kirtsaeng*).

Plaintiffs' argument that Defendants must demonstrate their use of copyrighted material served the "general public good" (Opp. at 8) misreads *Fogerty*. The "general public good" language describes the overarching purpose of copyright law—not a prerequisite that a prevailing defendant must independently satisfy to receive fees.

-9-

**E. The Requested Fee Amount Is Reasonable.**

Plaintiffs argue that the $393,470.78 fee request is unreasonable because the copyright claim was "a small component" of the case and Defendants "unreasonably seek recovery of all fees incurred." (Opp. at 9.) This is factually incorrect. Defendants do not seek fees for prosecuting their own affirmative counterclaims. Within the defense-side work, the copyright claim was intertwined with overlapping factual and legal issues—including authorization, ownership, and the parties' course of dealing. Precise claim-by-claim segregation is therefore impracticable, and a reasonable award may include intertwined defense work arising from that common core of facts. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002); *Shame on You Prods.*, 893 F.3d at 668 (affirming refusal to apportion § 505 fees where copyright and related claims shared common core of facts). Plaintiffs do not identify a single line item that relates to counterclaim prosecution rather than copyright defense.

**1. The scope of recoverable costs under § 505.**

To the extent the fee request includes non-taxable litigation expenses such as expert witness fees and vendor charges, Defendants recognize that *Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334 (2019), limits § 505's "full costs" to the categories enumerated in 28 U.S.C. §§ 1821 and 1920. Defendants request that the Court award attorneys' fees plus taxable costs under § 505, and respectfully submit

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505

that any non-taxable expenses reflected in the Fox and Calin Declarations—including the Quandary Peak Research forensic costs—may be awarded to the extent separately authorized by law or, alternatively, excluded from the award without affecting the attorneys' fee component.

**2. Plaintiffs' Quandary Peak objection is factually unsupported.**

Plaintiffs' sole specific objection targets the $90,369.50 in Quandary Peak Research costs, asserting that "Defendants' expert witness was not designated to give expert opinions related to the IP Claim." (Opp. at 9.) This is inaccurate. Defendants' forensic expert examined the digital infrastructure at issue across all claims, including the digital assets and metadata relevant to the copyright ownership dispute. The expert's work was necessary to establish the factual record regarding the digital evidence that both supported the affirmative defense to the copyright claim and bore on ownership and control of the disputed assets. To the extent these costs are taxable, they are properly included; to the extent they are not, they do not affect the reasonableness of the attorneys' fee request.

**3. Plaintiffs' net-verdict argument is legally irrelevant.**

Plaintiffs' argument that "it makes no sense for Defendants to recover all of their legal fees" when Plaintiffs prevailed on a $3.7 million verdict on other claims (Opp. at 9) conflates unrelated causes of action. Section 505 authorizes fees to the prevailing party on a copyright claim. The outcome on non-copyright claims does

-11-

not reduce or eliminate that entitlement. Plaintiffs cite no authority for the proposition that a § 505 fee award must be offset against or proportioned to a verdict on unrelated claims. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558–59 (9th Cir. 1996) (on remand, affirming fee award to prevailing defendant without offset for plaintiff's success on other theories).

If the Court determines that any specific line items require further reduction, Defendants respectfully request that the Court apply a reasonable percentage reduction rather than deny the fee request in its entirety. *See Hensley*, 461 U.S. at 436–37.

### III. CONCLUSION

Plaintiffs continued to litigate a copyright infringement claim through trial despite knowing that the Fear Film was produced by Social Distance, LLC—a non-party—and that no chain of title connected Social Distance, LLC to any named plaintiff. No signed transfer satisfying 17 U.S.C. § 204(a) was produced. That position was objectively unreasonable. The motivation evidence shows the copyright claim was deployed for leverage—Plaintiffs affirmatively maintained it through trial and sought fee-shifting from it. A fee award would deter the maintenance of unmeritorious copyright claims and advance the purposes of the Copyright Act. The requested attorneys' fees reflect the intertwined nature of the copyright defense, and Plaintiffs' sole specific apportionment objection is factually

-12-

unsupported. The Court should grant the Motion and award reasonable attorneys' fees and taxable costs under 17 U.S.C. § 505.


Dated: April 6, 2026                          LAW OFFICES OF JT FOX, APC

                                              *s/J.T. Fox*

                                              By: _____
                                                     J.T. Fox, Esq., Attorney for
                                                     Defendants, DARRICK
                                                     ANGELONE, AONE CREATIVE
                                                     LLC, formerly known as AONE
                                                     ENTERTAINMENT LLC and ON
                                                     CHAIN INNOVATIONS LLC

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.  I am an employee of the Law Offices of J.T. Fox, APC, and my business address is 556 S. Fair Oaks, No. 444, Pasadena, CA  91105.

On April 6, 2026, I served a true and correct copy of DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505 on the parties involved as stated below and addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

(X) BY E-MAIL transmission: I caused the aforementioned listed document to be emailed to the above parties on the date set forth above from the following email address: jt@jtfoxlaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2026 at Pasadena, California.

*s/J.T. Fox*

-------------------------------
J.T. FOX,

-14-

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES UNDER 17 U.S.C. § 505