J.T. Fox, Esq., SBN 195063
LAW OFFICES OF JT FOX, APC
556 S. Fair Oaks Ave., Suite 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
Email: jt@jtfoxlaw.com

Attorney for Defendants,
DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE
ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> Assigned to the Honorable: <br> Michael W. Fitzgerald <br><br> DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT <br><br> [Concurrently Filed with Defendants' Request for Judicial Notice] <br><br> Date:  June 1, 2026 <br> Time: 10:00 a.m. <br> Ctrm:  5A |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company | |

-1-

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald in Courtroom 5A of the United States District Court for the Central District of

-2-

California, located at 350 W 1st Street, Courtroom 5A, Los Angeles, California 90012, Defendants and Counterclaimants Darrick Angelone, AOne Creative LLC, and On Chain Innovations LLC will and hereby do submit this Reply in Support of their Motion for Lack of Standing, Capacity and Vacatur of Verdict (Doc. 281), and in response to Plaintiffs' Opposition thereto (Doc. 289).

This Reply is based on the accompanying Memorandum of Points and Authorities; the Motion (Doc. 281) and Request for Judicial Notice filed therewith; the pleadings, records, and files in this action; the trial record including admitted exhibits; and such further evidence and argument as may be presented at or before the hearing on this Motion.

Date: April 6, 2026

Respectfully submitted,
**LAW OFFICES OF JT FOX, APC**

*s/J.T. Fox*

By: _____
    J.T. Fox, Esq., Attorney for Defendants, DARRICK ANGELONE, AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC and ON CHAIN INNOVATIONS LLC

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Opposition (Doc. 289) does not address any of the three independent analytical lanes presented in Defendants' Motion (Doc. 281). It does not address the predecessor entity's eleven-year FTB suspension and resulting incapacity to assign rights. It does not address the statutory-plaintiff requirements of the CFAA and CDAFA. And it does not address the unapportioned lump-sum verdict problem under *Sunkist Growers*. Instead, it offers three arguments: (1) Plaintiffs requested a more granular verdict form and the Court used a collective one; (2) Hyper Engine made post-verdict tax payments; and (3) the jury "determined" standing. None is sufficient. Plaintiffs' own Opposition illustrates the confusion: it identifies the named plaintiff as "Hidden Empire Film Group LLC" — which is not a plaintiff but the FTB-suspended predecessor entity whose incapacity is at the center of this motion. (Opp. at 3:4–5.)

Plaintiffs do not dispute that: (1) Hyper Engine was suspended during trial and verdict; (2) no certificate of revivor has issued; (3) Hidden Empire Film Group, LLC has been suspended since September 1, 2015; (4) Plaintiffs' pleaded chain of title depends on a pre-suit assignment from that suspended predecessor; and (5) the

-4-

jury returned a single, unapportioned award for "Plaintiffs" collectively. These are the unresolved legal defects the Court must now decide.

## II. ARGUMENT

**A. The Verdict Form Argument Confirms Rather Than Defeats the Motion.**

Plaintiffs devote substantial space to arguing that they requested a verdict form distinguishing among the three plaintiffs, and the Court chose a collective form instead. (Opp. at 3:4–4:10.) This argument reinforces, rather than undermines, the standing motion. The entire premise of Lane 1 and the lump-sum analysis in Section VII of Defendants' Motion is that the verdict was returned for "Plaintiffs" collectively, with no apportionment by plaintiff. If anyone plaintiff lacked standing or capacity, the unapportioned award cannot be salvaged—because the Court cannot determine what portion, if any, the jury attributed to a plaintiff that lacked legal capacity.

Plaintiffs' suggestion that it would be "unjust" to vacate a verdict because the verdict form did not distinguish between the plaintiffs does not address the legal question presented. The question is not whether the verdict form was fair to Plaintiffs—it is whether the verdict can legally stand when it was returned in favor of a plaintiff that lacked legal capacity. The Seventh Amendment and *Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co.*, 370 U.S. 227, 235 (1962),

-5-

foreclose judicial speculation about which plaintiff the jury intended to benefit with which portion of the award.

This was not an honest plaintiff-identification mistake. Plaintiffs deliberately pleaded a pre-suit assignment from a suspended predecessor to avoid the predecessor's inability to sue. Rule 17(a)(3) authorizes substitution or joinder to correct understandable misidentification of the real party in interest; it does not authorize post-verdict rescue of a strategic pleading choice. Plaintiffs chose to plead through assignment, not through an individual-ownership theory. Having chosen that chain of title and tried the case on that basis, they cannot now escape the assignor's incapacity by shifting to generalized "Taylor and Holdings were harmed in 2022" rhetoric.

**B. Hyper Engine's Post-Verdict Tax Payment Does Not Cure the Capacity Defect.**

Plaintiffs' central factual claim is that Roxanne Taylor made payments to the FTB on January 26, 2026, "satisfying all outstanding obligations Hyper Engine had to FTB." (Taylor Decl. ¶ 3.) This argument is insufficient for several reasons.

**1. Payment is not revivor.**

Under California Revenue & Taxation Code §§ 23305 and 23305b, the FTB must *issue a certificate of revivor* before corporate powers are restored. Payment of outstanding taxes is a prerequisite, not a substitute. Ms. Taylor's declaration states

-6-

only that she made payments and is "not aware" of further obligations. (Taylor Decl. ¶ 3.) Notably absent from the declaration is any statement that the FTB has issued a certificate of revivor or that all delinquent returns have been filed. And the publicly available records confirm that no revivor has occurred: as of April 6, 2026, the California Secretary of State and Franchise Tax Board continue to reflect Hyper Engine's status as "Suspended – FTB." (See Defendants' Request for Judicial Notice filed herewith, Exs. A–B (Secretary of State and Franchise Tax Board records for Hyper Engine, LLC and Hidden Empire Film Group, LLC, accessed April 5, 2026).) No certificate of revivor has issued, and Hyper Engine's corporate powers remain suspended.

**2. Payment on January 26, 2026, was during trial.**

Trial commenced on January 14, 2026. The payment was made twelve days into trial. Even if this constituted revivor—which it does not—Hyper Engine was suspended when trial commenced and when the jury heard the evidence and began deliberations. The verdict was returned February 3, 2026, with Hyper Engine still in suspended status on the Secretary of State's records.

**3. Tabarrejo and Longview International do not help Plaintiffs.**

Plaintiffs cite *Tabarrejo v. Superior Court*, 232 Cal. App. 4th 849 (2014), and *Longview International Inc. v. Stirling*, 35 Cal. App. 5th 895 (2019), for the proposition that revivor retroactively validates procedural steps taken during

suspension. But these cases involved *actual revivor*—the issuance of a certificate restoring the entity's powers. Here, no certificate has been issued. The Secretary of State and FTB records confirm that Hyper Engine remains suspended today, more than two months after the payments Ms. Taylor describes. Whatever Ms. Taylor paid, it did not result in revivor. And even where actual revivor occurs, Section 23305 provides that reinstatement is "without prejudice to any action, defense or right which has accrued by reason of the original suspension." Defendants' standing, capacity, and real-party-in-interest defenses accrued during Hyper Engine's suspension. The statute preserves them.

Even if Hyper Engine or the predecessor were revived tomorrow, that would not convert a verdict returned for the present three Plaintiffs collectively into a valid, apportioned verdict for whichever entity revival might theoretically benefit. The present verdict has a structural problem that revivor cannot cure.

**4. The Opposition does not address the predecessor entity at all.**

The most significant analytical lane in Defendants' Motion—Lane 2, addressing Hidden Empire Film Group, LLC's eleven-year FTB suspension and the resulting incapacity to assign rights to Hidden Empire Holdings, LLC—is entirely ignored by the Opposition. Plaintiffs do not dispute that the predecessor has been suspended since September 1, 2015. They do not dispute that Plaintiffs' own pleadings and trial theory repeatedly trace the relevant rights through Hidden Empire

-8-

Film Group, LLC, including the 2012 agreement and the asserted pre-suit assignment. They do not dispute that Roxanne Taylor's own sworn declarations describe an assignment from the predecessor to Hidden Empire Holdings, LLC. And they do not explain how a suspended entity could execute a legally effective assignment. These points remain unrebutted. The Opposition's silence on Lane 2 is telling, because Plaintiffs' pleaded chain of title rises or falls on that predecessor assignment.

**C. The Jury Did Not Determine Standing or Capacity.**

Plaintiffs argue that "[t]he Jury was given instructions that addressed the requirements for standing for each of the Plaintiffs and determined that the requirements were met." (Opp. at 5:13–15, citing Dkt. No. 259 at 21 and 22.) This conflates jury fact-finding with threshold legal determinations that the Court reserved for post-verdict resolution.

**1. Standing and capacity are not jury questions.**

Standing under Article III and capacity under Rule 17(b) are threshold legal prerequisites that the Court decides. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); Fed. R. Civ. P. 12(h)(3). The jury instructions at Dkt. No. 259 at 21–22 (Instruction Nos. 17 and 18) instructed the jury on the *elements of the causes of action*—computer access and fraud and conversion—not on standing or capacity as threshold prerequisites. The jury's finding that Plaintiffs proved the elements of

-9-

conversion and computer fraud does not constitute a determination that the plaintiffs asserting those claims had Article III standing or Rule 17 capacity.

No jury instruction used the terms "Article III standing," "Rule 17 capacity," "real party in interest," "corporate suspension," or "revivor." Plaintiffs are relabeling merits elements as jurisdictional rulings the jury never made.

**2. The Court expressly reserved standing for post-verdict determination.**

This Court did not submit standing or capacity to the jury. The briefing schedule (Doc. 280) was issued precisely because these issues were reserved for the Court's post-verdict decision. Plaintiffs' argument that "Defendants now seek to undo the Jury's findings for no reason" (Opp. at 5:17) ignores the procedural posture that the Court established.

**3. Jury Note No. 1 and Plaintiffs' own characterization confirm the ownership theory runs through the predecessor.**

Jury Note No. 1 (Doc. 264) shows the jury was focused on ownership. The jury asked the Court to clarify the meaning of "ownership" in the conversion instruction, specifically asking about the Google Workspace Account and whether "own" referred to the Workspace itself as distinct from the content or data within it. Plaintiffs themselves represent that, in response to this question, "*the Court instructed the Jury … that Hidden Empire Film Group, LLC owned all of the data in its Google Workspace Account.*" (Opp. at 5:19–21, citing Dkt. Ex. 264.) Even on

-10-

Plaintiffs' own telling, then, the ownership theory runs through the suspended predecessor. Accepting Plaintiffs' own characterization of the Court's response, this instruction identifies the predecessor entity—Hidden Empire Film Group, LLC—as the owner of the data at issue. That is the same predecessor entity that has been FTB-suspended since September 1, 2015 and that Defendants' Motion identifies as the defective link in the chain of title. That does not answer the separate legal question whether that predecessor had the legal capacity to hold, assign, or transfer enforceable rights—a question of law that was never submitted to the jury. The jury's application of the ownership instruction does not resolve the capacity question the Court reserved for post-verdict determination.

**D.  Plaintiffs' "2022 Harm" Argument Misunderstands the Standing Framework.**

Plaintiffs argue that "the misconduct that gave rise to the two claims on which Plaintiffs prevailed took place in 2022, years after Hidden Empire Film Group, LLC had been suspended," and that therefore Hidden Empire Holdings, LLC or Deon Taylor "owned" the assets at the time of injury. (Opp. at 5:22–25.) This argument assumes the conclusion. The question is not *when the harm occurred* but *who legally owned the assets* when the harm occurred—and that ownership determination depends on whether a valid chain of title ever existed from the predecessor entity.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT

If the predecessor entity lacked capacity to assign its assets due to FTB suspension, then no downstream entity acquired valid title regardless of when the misconduct occurred. An assignee stands in the shoes of the assignor. *Cal-Western Bus. Servs., Inc. v. Corning Capital Grp.*, 221 Cal. App. 4th 304, 311–13 (2013); *Casiopea Bovet, LLC v. Chiang*, 12 Cal. App. 5th 656, 665 (2017). The 2022 timing of the misconduct does not cure the 2015 incapacity of the assignor.

The relevant defect is not the date on which the alleged interference occurred. The defect is that Plaintiffs' ownership and enforcement rights depend on a chain of title that begins with a suspended entity. Later injury does not retroactively create valid title in a plaintiff who never lawfully acquired it.

**E. The Opposition Does Not Address the Statutory-Plaintiff Defect.**

Lane 3 of Defendants' Motion demonstrated that the CFAA limits civil suit to the "person who suffers damage or loss" (18 U.S.C. § 1030(g)) and the CDAFA limits it to the "owner or lessee" of the computer system (Cal. Penal Code § 502(e)(1)). The Opposition does not address these statutory-plaintiff requirements at all. The trial record established that AOne was the Google Workspace customer and lessee who set up and was billed for the account. (Trial Exs. 8, 151.) These arguments remain unanswered. Plaintiffs' Opposition never identifies which plaintiff, specifically, was the CFAA "person who suffers damage or loss" or the

CDAFA "owner or lessee." It continues to speak of "Plaintiffs" generically, which is precisely the defect.

The combined nature of the verdict makes it impossible to salvage one theory while setting aside another. The jury returned a single $3,700,000 award on a verdict form that submitted both conversion and computer fraud without separating the theories or allocating damages between them. (Doc. 274.) If the computer-fraud verdict fails under the statutory-plaintiff limits, the Court cannot determine what portion of the lump sum the jury would have awarded on conversion alone—or whether it would have awarded anything at all. The same is true in reverse: if the conversion theory fails because no plaintiff had valid title to the converted assets, the Court cannot reconstruct what the jury would have awarded on the computer-fraud theory standing alone. Any attempt to preserve a portion of the award would require the Court to speculate about the jury's internal allocation—precisely what the Seventh Amendment forbids. *Sunkist Growers*, 370 U.S. at 235. This is the structural problem the unapportioned verdict creates: any defect in any theory or any plaintiff compels vacatur of the entire award, because the Court has no lawful means to disaggregate it.

The Court need not grant the broadest relief to grant meaningful relief. If all prevailing plaintiffs or all prevailing theories are defective, the entire $3,700,000 award must be vacated. If some but not all plaintiffs or theories survive, the award

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT

still cannot stand in its current form because it was not apportioned by plaintiff or theory; the Court must vacate the lump-sum award and order a limited new trial on damages for any surviving plaintiff and theory, or remit to a legally supportable amount if that can be done without speculation.

### III. CONCLUSION

Plaintiffs' Opposition does not rebut the core defects identified in Defendants' Motion: Hyper Engine remained suspended through trial and verdict; no revivor occurred; Plaintiffs' chain of title depends on a pre-suit assignment from a long-suspended predecessor; and the jury returned a single unapportioned award for "Plaintiffs" collectively. Any one of those defects is sufficient to prevent the verdict from standing in its current form.

Accordingly, the Court should vacate the $3,700,000 award and grant relief consistent with its rulings on standing, capacity, and real party in interest. If the Court concludes that any plaintiff or theory survives, it should still vacate the lump-sum award and order a limited new trial on damages, or remit to a legally supportable amount if that can be done without speculation.

\\\

\\\

\\\

\\\

-14-

Dated: April 6, 2026

LAW OFFICES OF JT FOX, APC

*s/J.T. Fox*

By: _____
      J.T. Fox, Esq., Attorney for
      Defendants, DARRICK
      ANGELONE, AONE CREATIVE
      LLC, formerly known as AONE
      ENTERTAINMENT LLC and ON
      CHAIN INNOVATIONS LLC

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.  I am an employee of the Law Offices of J.T. Fox, APC, and my business address is 556 S. Fair Oaks, No. 444, Pasadena, CA  91105.

On April 6, 2026, I served a true and correct copy of DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT on the parties involved as stated below and addressed as follows:

FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaim Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

(X) BY E-MAIL transmission: I caused the aforementioned listed document to be emailed to the above parties on the date set forth above from the following email address: jt@jtfoxlaw.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2026 at Pasadena, California.

*s/J.T. Fox*

-------------------------------
J.T. FOX

-16-

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LACK OF STANDING, CAPACITY AND VACATUR OF VERDICT