FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaimants
Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, | Case No. 2:22-cv-06515-MWF-AGR |
| | The Hon. Michael W. Fitzgerald |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** |
| vs. | |
| DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, | Hearing Date:<br>Date: June 1, 2026<br>Time: 10:00 a.m.<br>Dept: 5A |
| Defendants. | |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-2-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

## I.    INTRODUCTION

Defendants concede that it is proper for a court to award attorneys fees under the Comprehensive Computer Data Access and Fraud Act (the "CDAFA").  In the trial in this action, the jury unanimously found that Mr. Angelone's acts including, *inter alia*, destroying Plaintiffs' Google Workspace Account, accessing electronic documents owned by Plaintiffs without permission and denying access to the Google Workspace Account constituted violations of the CDAFA.   The jury also concluded that the damages plaintiffs suffered for this misconduct (and related conversion) was in the substantial amount of $3.7 million.

Now, Defendants challenge Plaintiffs Motion for Attorneys Fees on several grounds, none of which is legally or factually compelling.  First, Defendants contend Plaintiffs lack standing to bring a CDAFA claim even though the Jury was properly instructed on the elements for this claim and found Defendants liable.  Second, Defendants contend that the Motion failed to meet the requirements for the Lodestar method even though those requirements were met and there are alternatives to the Lodestar method the Court can apply. Third, Defendants claim that a flat fee invoice should be excluded even though no law supports this claim and some award is reasonable since the invoice covers almost the entirety of the month in which counsel appeared at trial.  Fourth, Defendants claim the Sanders Roberts LLP invoices should not be considered because there is no authenticating declaration, but then Defendants seek Judicial Notice of an invoice that authenticates the invoices.  Fifth, Defendants contend, without legal or factual support, that unpaid invoices are suspect, and the prevailing party should not be able to recover such fees.  Finally, Defendants state that the fees should be reduced because all of the invoiced work was not for work on the claim for which Plaintiffs prevailed.  However, Plaintiffs' request for $750,000 takes

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

this into account by discounting the amount of actual fees and costs incurred by more than 50%.  Thus, the Court should grant Plaintiffs' request to recover legal fees and costs in the amount of $750,000.

## II.       ARGUMENT

### A.       **<u>Plaintiffs Have Standing to Prevail on Their Fees Motion at This Time.</u>**

Defendants contend that the Court should defer a ruling on this motion until after the Court rules on Defendants' motion seeking to vacate the jury's verdict as to Plaintiffs' CDAFA.  However, as Plaintiffs argue in the Opposition to Defendants' Standing motion, the Court should not vacate the verdict.  The jury was instructed that an element of the claim involved a finding that Plaintiffs were owners or lessees of the computer system at issue.  (*See* Dkt. No. 259 at 21 and 22).  Undisputed evidence at trial (including the testimony of Roxanne Taylor) established that each of the Plaintiffs owned digital assets that were implicated by Darrick Angelone's computer misconduct.  Thus, there is no question that Plaintiffs had standing to bring this claim.  Moreover, Plaintiffs' objected to the verdict form given to the jury on the grounds that it did not differentiate between the Plaintiffs.  It would be unfair for the verdict to be vacated for this reason given Plaintiffs' objection.  Accordingly, the Court should not defer ruling on Plaintiffs' fee motion.

### B.       **<u>The Court Can Apply the Lodestar Method Here and Award Plaintiffs Fees.</u>**

Defendants contend that Plaintiffs failed to provide a Lodestar calculation.  In fact, Plaintiffs provided all of their attorney invoices, which include calculations of time spent and hourly rates.  If the Court were to strictly apply the lodestar method and exclude the Newell Law Group PC January 2026 invoice on this basis, all other invoiced fees are specified in the Newell Law Group PC and

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Sanders Roberts LLP invoices that were attached to the Declaration of Felton Newell.  Thus, the Court has sufficient information to apply the Lodestar method to award fees in this case.

In addition, Defendants criticize the Motion for requesting the "round number" of $750,000.  However, the effort to reduce the lodestar figure by slightly more than 50% to account for claims on which Plaintiffs did not prevail is an appropriate use of the Lodestar method.  Moreover, it is noteworthy that Defendants failed to challenge the reasonableness of Plaintiffs' counsel's rates.  While Defendants contend that Plaintiffs incurred fees for work that did not involve the CDAFA.  However, Plaintiffs adjusted for this fact in the reduced amount it requested.  Moreover, while the Lodestar method is commonly used, it is not the only method for determining whether an attorneys fees request is reasonable.  Accordingly, the prevailing party's failure to satisfy all of the requirements for the Lodestar method does not mean that attorneys fees cannot be awarded.  Finally, if the Court finds the motion to be technically deficient, it should deny the motion with leave for Plaintiffs to refile.

### C.    The Newell Law Group's Flat Fee January Invoice Was Reasonable And Should Not Be Excluded.

Defendants contend that the Court should not award Plaintiffs any amount for its January 2026 invoice because that invoice involved a $159,628.61 flat fee.  Of course, Defendants fail to point out that January 2026 was the month in which trial took place in this action.  Defendants cite *Hensley v. Eckerhart*, 461 U.S. 424 (1983) in which a court imposed reductions where block billing made it difficult to determine the reasonableness of time claimed.  However, this case supports reductions of time -- not their complete exclusion, as Defendants argue.

Here, for most trial dates, Plaintiffs had two law firm partners present in Court, Felton Newell and Sabrina Narain.  At the partner hourly rate of $700,

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

both partners would have had to have billed for 115 hours in the month of January 2026 to meet the flat fee amount.  By contrast, Defendants' counsel Sandy Calin's billing records reveal that she billed for 134.1 hours in January.  (*See* Dkt. 284 at 549).  Accordingly, the flat fee sought by Plaintiffs for the month of January were not unreasonable and should be awarded.

> D.  **Sanders Roberts LLP's Invoices Are Authenticated By Documentation Provided by Defendants.**

Defendants also contend that time records for work performed by the Sanders Roberts LLP firm ("SR") were provided without evidentiary support.  However, Defendants filed a Request for Judicial Notice in support of their Opposition that attached a declaration from SR partner Justin Sanders.  In that declaration, Mr. Sanders states under penalty of perjury that:

> I have personal knowledge and certify that the invoices prepared in connection with providing legal services for [Hidden Empire Holdings, LLC, Deon Taylor and Roxanne Taylor] were made in the regular course of business at or about the time of the actual events.  Sanders Roberts' business records are made and kept in a careful and business-like fashion in the manner described herein. . . . It is the business practice of Sanders Roberts to make and keep careful records of all legal services rendered on its business account and the invoices are reviewed for accuracy and completeness to ensure their trustworthiness before they are delivered to the [Hidden Empire Holdings, LLC, Deon Taylor and Roxanne Taylor].

(*See* Dkt. 288 at 127 (Declaration of Justin H. Sanders in Support of Sanders Roberts LLP's Application for Right to Attach Order and Writ of Attachment). Mr. Sanders' declaration provides evidentiary support for the SR invoices.

> E.  **Sanders Roberts LLP's Lawsuit Against Deon Taylor, Roxanne Taylor and Hidden Empire Does Not Create Skepticism Regarding That Firm's Invoices.**

Defendants suggest that the mere fact that Plaintiffs have not paid all of

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

their SR invoices indicates that there is something "disputed" about those invoices.  This claim is unsupported by law or facts.  Legally, Defendants cite no legal authority holding that the mere fact that a client has not paid a legal invoice suggests there is something disputed regarding the accuracy of that invoice.  No such authority exists.  Factually, Defendants identify no statement by Plaintiffs questioning the accuracy of SR's unpaid invoices.  The fact that these invoices are unpaid has no bearing on the question of whether the Court should award attorneys fees to Plaintiffs' for Mr. Angelone's egregious violation of the CDAFA.

### F.   Plaintiffs' Fee Request Is Appropriately Discounted to Reflect Non-CDAFA Work.

Defendants contend that the fees requested include non-CDAFA fees.  However, this is precisely why Plaintiffs significantly discounted the fees it sought in this case from the total amount of legal fees and costs incurred.  Moreover, Defendants identify several time entries they contend illustrate that the complete set of time records included time for non-CDAFA work.  However, for Newell Law Group invoice #623 (Dkt. 287 at 18), Defendants wrongly argue that "drafting the amended complaint is general litigation work, not CDAFA-specific" when the new complaint added new CDAFA claims (*see* Dkt. 174).  Given the pervasiveness of Plaintiffs' CDAFA claims in its case in chief, awarding Plaintiff slightly less than half of the attorneys fees it incurred in this case is consistent with the attorneys fees provisions of the CDAFA.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court award Plaintiffs attorneys' fees and costs in the amount of $750,000.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Dated:  April 7, 2026

**NEWELL LAW GROUP PC**



FELTON T. NEWELL
Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On April 7, 2026, I served the foregoing document(s) described as **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

## SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 7, 2026, at Los Angeles, California.

/s/ Felton T. Newell
Felton T. Newell

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663



PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

## SERVICE LIST

| J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 Fair Oaks Ave., Suite 444<br>Pasadena, CA 91105<br>jt@jtfoxlaw.com | Attorneys for Defendant and Cross-Complainants<br>Darrick Angelone, AOne Creative LLC formerly known as AOne Entertainmen LLC and On Chain Innovations LLC |
|---|---|



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS