UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 22-6515-MWF(AGRx)**                **Date: June 29, 2026**
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**       ORDER DENYING DEFENDANTS AND COUNTERCLAIMANTS' MOTION FOR ATTORNEYS' FEES AND COSTS [284]

Before the Court is Defendants and Counterclaimants' Darrick Angelone; AOne Creative, LLC; and On Chain Innovations, LLC's Motion for Attorneys' Fees and Costs Pursuant to 17 U.S.C. Section 505 (the "Motion"), filed on March 16, 2026. (Docket No. 284). Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor filed an Opposition on March 30, 2026. (Docket No. 291). Defendants filed a Reply on April 6, 2026. (Docket No. 294).

The Court has read and considered the papers on the Motion and held a hearing on **June 3, 2026.**

The Motion is **DENIED.** Having considered the relevant fee-shifting factors set forth by the Supreme Court and the Ninth Circuit, the Court concludes that a fee award is inappropriate.

## I. BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Denying Plaintiffs' Motion for Partial Summary Judgment. (Docket No. 187). Therefore, the Court does not repeat all of those facts here but incorporates by reference the background from that Order.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)               Date:  June 29, 2026**
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

This action came on for trial between January 14, 2026, and February 3, 2026. The jury returned two verdict forms — one for Plaintiffs' claims, and one for Counterclaimants' claims.  Relevant to this Motion is the finding of the jury that Defendants were not liable for Plaintiffs' claim of copyright infringement premised on Defendants' putative copying of characters from the movie, *Fear*.  (Verdict Form for Plaintiffs' Claims (Docket No. 275) at 3; Jury Instructions (Docket No. 259), Instruction Nos. 19-21).  Defendants argue that because they prevailed on this copyright claim, they are entitled to attorneys' fees under 17 U.S.C. § 505.  (*See generally* Motion).

## II.    **REQUEST FOR JUDICIAL NOTICE**

Defendants requested judicial notice of two documents in conjunction with the Motion.  (Docket No. 285 ("RJN")).  The documents are an admitted trial exhibit of the *Fear* movie copyright registration and a portion of the transcript of Roxanne Taylor's deposition, lodged with the Court during trial.  (*See id.*).  The Court need not take judicial notice of the admitted exhibit that is part of the record in this action, so the RJN is **DENIED *as moot*** as to that exhibit.  It is unclear whether the deposition transcript was admitted as part of the evidence, but in any event, Plaintiffs do not oppose the RJN.  The RJN is thus **GRANTED** as to that portion of the transcript.

## III.    **DISCUSSION**

The Copyright Act provides that a district court, "in its discretion," may award costs and "a reasonable attorney's fee to the prevailing party" in a copyright infringement lawsuit.  17 U.S.C. § 505.  Here, neither party disputes that Defendants were the prevailing party as to the single copyright claim in this action — rather, the parties disagree whether Defendants are entitled to fees under the prevailing standard.

In exercising discretion to award fees, "a district court may not 'award[ ] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)) (alteration in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


Case No.  CV 22-6515-MWF(AGRx)                    Date:  June 29, 2026
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

original).  There are "'several nonexclusive' factors to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Id.* (quoting *Fogerty*, 510 U.S. at 534, n. 19).  The Ninth Circuit has also instructed district courts to consider "the degree of success obtained" by the prevailing party.  *See, e.g., Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010).

In conducting this analysis, district courts should give "substantial weight" to the objective reasonableness of the losing party's litigation position, while "also taking into account all other relevant factors."  *Kirtsaeng*, 579 U.S. at 210.

### A.        **Frivolousness/Objective Unreasonableness**

Defendants spend most of their Motion arguing that the claim for copyright infringement of the *Fear* movie was frivolous because the copyright putatively belongs to an entity called Social Distance, LLC, and thus the named Plaintiffs here were not "real parties in interest" who could bring a claim for infringement.  (Motion at 2-4).  But as Plaintiffs argue, this argument was neither raised nor adjudicated — by the Court or by the jury — at any stage of this proceeding.  Defendants are, therefore, essentially making a summary adjudication argument on a merits issue that was never presented in order to establish entitlement to attorneys' fees.  The Court declines to make such a ruling at this point in the action, and the fact that Defendants have failed to raise this purportedly dispositive legal issue until after a full trial on the merits fatally undercuts Defendants' arguments that Plaintiffs' claim was objectively unreasonable or frivolous.

Nor do Defendants' citations to the record conclusively establish that none of the Plaintiffs had standing to bring the claim.  Defendants merely cursorily assert that Plaintiffs did not have "proprietary rights" to the *Fear* movie because there was testimony that Social Distance, LLC, owned the *Fear* movie.  But Defendants cite to no legal authority in the Motion supporting the notion that Social Distance, LLC,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                    **Date:  June 29, 2026**
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

would be the only appropriate plaintiff to bring the copyright claim — or, conversely, that none of the named Plaintiffs could have brought the infringement claim.

In sum, Plaintiffs' litigating position was neither frivolous nor objectively unreasonable, and these factors do not support an award of fees to Defendants.

### B.      **Motivation**

As to motivation, Defendants argue that "[i]t is plainly obvious[] that Plaintiffs' motivation for improperly making this Copyright Infringement claim was for them to be able to obtain federal jurisdiction for their claims, as well as mounting undue litigation pressure against the Defendants." (Motion at 3).  At the hearing, Defendants reiterated the assertion that Plaintiffs were involved in some "nefarious" scheme to bring this claim without a valid basis to do so.  But there is simply no evidence in the record supporting this assertion, and Defendants cite to none.  And again, Defendants would have likely raised this issue earlier in the litigation if the claim was as nefariously brought as Defendants now assert.

This factor thus does not support awarding fees.

### C.      **Deterrence**

Defendants finally argue that the Court should award fees to discourage other litigants from pressing forward with copyright claims where they have no ownership interest. (Motion at 4).  But again, such an argument is fatally undermined by Defendants' failure to raise this argument at any point prior to this Motion.  Because Plaintiffs did not prevail on the infringement claim does not mean that Plaintiffs were proven to have no ownership interest in the copyright for *Fear*.  This factor thus again does not weigh in favor of a fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                      **Date:  June 29, 2026**
Title:       Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Having considered all of the fee-award factors, the Court declines to award attorneys' fees to Defendants.  The Motion is therefore **DENIED**.  The Court need not consider the arguments of the parties about the appropriateness of the claimed fees.

IT IS SO ORDERED.