UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 22-6515-MWF(AGRx)**          **Date:  June 29, 2026**
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  Deputy Clerk: | Court Reporter: |
| --- | --- |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| --- | --- |
| None Present | None Present |

**Proceedings (In Chambers):**      ORDER DENYING DEFENDANTS' MOTION FOR LACK OF STANDING, CAPACITY, AND VACATUR OF VERDICT [281]

Before the Court is Defendants Darrick Angelone; AOne Creative, LLC; and On Chain Innovations, LLC's Motion for Lack of Standing, Capacity, and Vacatur of Verdict (the "Motion"), filed on March 16, 2026.  (Docket No. 281).  Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor filed an Opposition on March 30, 2026.  (Docket No. 289).  Defendants filed a Reply on April 6, 2026.  (Docket No. 295).

The Court has read and considered the papers on the Motion and held a hearing on **June 3, 2026.**

The Motion is **DENIED.**  Plaintiff Hyper Engine, LLC, has been revived and judgment may be entered after resolution of the concurrently filed Order Re: Punitive Damages.  As to the other arguments regarding ownership of the domains and accounts at issue, the jury has already found for Plaintiffs on this issue.

I.      **BACKGROUND**

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Denying Plaintiffs' Motion for Partial Summary Judgment.  (Docket No. 187).  Therefore, the Court does not repeat all of those facts here but incorporates by reference the background from that Order.

---

**CIVIL MINUTES—GENERAL**                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 22-6515-MWF(AGRx)**           **Date:  June 29, 2026**
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

This action came on for trial between January 14, 2026, and February 3, 2026. The jury returned two verdict forms — one for Plaintiffs' claims, and one for Counterclaimants' claims.  At issue with this Motion is the verdict returned for Plaintiffs' claims.  (Verdict Form for Plaintiffs' Claims (Docket No. 275)).  On the Verdict Form for Plaintiffs' Claims, the jury found the following:  (1) the predecessor company to Plaintiff Hidden Empire Holdings, LLC, assigned its respective rights to Hidden Empire Holdings, LLC; (2) Defendants were liable for the computer access and fraud claims; and (3) Defendants were liable for conversion.  (Docket No. 275).

With this Motion, Defendants argue that Plaintiffs lacked standing or capacity to bring these claims because of the suspended status of certain corporate entities.

## II.    **REQUEST FOR JUDICIAL NOTICE**

Defendants requested judicial notice of several documents in conjunction with their Reply.  (Docket No. 296 ("RJN")).  The documents are docket filings from this action, trial exhibits, and online pages obtained from the California Franchise Tax Board.  (*See id.*).  As an initial matter, the Court need not take judicial notice of filings in this action, including admitted trial exhibits, and the RJN is **DENIED** *as moot* as to these documents.

As to the Franchise Tax Board documents, the parties agree about the status of the entities at issue in this Motion.  For purposes of this Motion, then, the RJN is **DENIED** *as moot* given that the parties have agreed on the relevant facts.

## III.    **DISCUSSION**

### A.    **Suspended Corporations**

Defendants first make two arguments that both ultimately center on the status of two corporate entities involved in the action.  First, Defendants argue that Plaintiff Hyper Engine, LLC, was suspended through trial find verdict, and thus it lacked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**               **Date:  June 29, 2026**
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

capacity to obtain a judgment.  (Motion at 17-19).  Second, Defendants argue that Hidden Empire Film Group, LLC ("HEFG"), the predecessor to Plaintiff Hidden Empire Holdings, LLC, was also suspended when it assigned its rights in "HEFG domains" and thus Plaintiff Hidden Empire Holdings, LLC, also did not have capacity to sue to enforce these rights.  (*Id.* at 19-22).

As an initial matter, while Defendants at times characterize their arguments as challenging Article III standing, Defendants have only provided case law regarding suspended corporations in terms of capacity under Rule 17, so the Court applies that standard here.  (*See* Motion at 17-19).  Under Rule 17(b)(2), capacity to sue for a corporation is determined "by the law under which [the corporation] was organized." *See also United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.,* 791 F.2d 666, 669 (9th Cir. 1985) (applying California law to determine whether suspended corporation had capacity to sue under Rule 17). Therefore, because these entities were formed under California law, the Court applies California law to determine whether the suspension of these corporations affects the verdict.

### 1.  Hyper Engine

As to Hyper Engine's prosecution of the action, case law is clear that "revival of corporate powers enables the previously suspended party to proceed with the prosecution or defense of the action and validates a judgment obtained during suspension." *See Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1553, 94 Cal. Rptr. 3d 74 (2009).  Indeed, the Ninth Circuit has recognized California case law that mirrors the scenario here.  *See 2.61 Acres of Land,* 791 F.2d at 669.  In *2.61 Acres of Land,* the Ninth Circuit highlighted the California case *Duncan v. Sunset Agricultural Minerals,* 273 Cal. App. 2d 489, 78 Cal. Rptr. 339 (1969), where the plaintiff at trial introduced evidence of the suspended status of a defendant corporation.  *Duncan,* 273 Cal. App. 2d at 490.  The trial court allowed the trial to proceed to allow for revivor, and months later the defendant sought to amend its answer to attach the certificate of revivor, but the trial court denied the amendment.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 22-6515-MWF(AGRx)**            **Date:  June 29, 2026**
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

at 490-91.  The California appellate court, however, reversed and held that the trial court should have disregarded the suspension because the certificate of revivor was presented before entry of judgment.  *Id.* at 492-93.

Therefore, it is clear that judgment may be entered upon revivor of Hyper Engine.  At the hearing, the parties informed the Court that Hyper Engine, LLC has been revived, so judgment may be entered at the conclusion of this action.

### 2.  HEFG Assignment

The next question is whether HEFG's assignment of its rights while it was suspended should prevent the verdict from entering in Plaintiffs' favor.  Defendants argue that because certain domain names were originally owned by the predecessor, HEFG, the assignment of rights in those domain names by HEFG to Plaintiff Hidden Empire Holdings, LLC, must be valid in order for the verdict to stand.  (Motion at 19-22).

However, while Defendants attempt to cast the issue as a purely legal one that the jury did not determine, the Court disagrees.  The jury determined as part of rendering the verdict that Plaintiffs owned the social media accounts, domain names, or Google Workspace account at issue here in connection with the conversion claim.  (*See* Verdict Form for Plaintiffs' Claims at 3; Jury Instructions (Docket No. 259), Instruction No. 18).  Even if some data or accounts belonged to the predecessor HEFG, Defendants identify no evidence precluding the possibility that some of the data or accounts did not originally belong to Plaintiffs, as opposed to HEFG.

For example, while Defendants argue that the domain that was attached to the Google Workspace account may have originally belonged to HEFG, Defendants have pointed to nothing in the record to suggest that ***all*** of the data within the account necessarily belonged to HEFG.  (*See* Motion at 19-20).  Indeed, during deliberations, the jury asked a question about the ownership of the data contained in the Workspace account, and whether it could be said to belong to Google, as the corporation storing

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6515-MWF(AGRx)                Date:  June 29, 2026
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

the data, or to Plaintiffs. (*See* Docket No. 265 ("Jury Note 1")).  In the Court's discussion with counsel before answering the question, Defendants' counsel agreed that the answer could be given that it was presumed that Plaintiff Hidden Empire Holdings, LLC, owned the Google Workspace account and the data within it, and the Court so instructed the jury.  As evidenced by Defendants' answer, it was taken as a given by both parties that Plaintiffs owned the data contained in the Workspace account.  Regardless of any putative issues with assignment of certain accounts or domains, then, the jury determined that "Plaintiffs owned the Google Workspace Account, domain names, or social media accounts."  (Jury Instruction No. 18).

At the hearing, Defendants pointed the Court to case law where courts have considered assignments when the assignor was a suspended corporation.  But the Court need not consider that issue since, as explained above, there is no reason to conclude that the jury's verdict rested on the ownership of the domains in and of themselves, regardless of when they were assigned.

### B.      Film-Title Domains

Finally, Defendants argue that Plaintiffs' various film titles are tied to their own separate LLCs, and thus the domain names and social media accounts that are associated with these titles likely belong to these LLCs.  (Motion at 22-26).  But this argument must be rejected for two reasons:

*First,* as with the ownership issue above, the factual requirement of ownership was tried to the jury and the jury found that Plaintiffs owned the domain names, social media accounts, or the Google Workspace Account, which was sufficient to satisfy the first element of the conversion claim.  If Defendants believed ownership of certain film accounts could not be proven without tying the film-title LLCs to the domain names or social media accounts, Defendants could have presented that evidence at trial.

*Second,* and relatedly, Defendants have not put forward any evidence that the domain names are not tied to any Plaintiff, but instead speculate that "[i]f film-title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**               **Date:  June 29, 2026**
Title:       Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

domains and social-media accounts are tied to film-specific LLCs, then the named Plaintiffs had to prove a chain of title from each film LLC to each named Plaintiff for each such asset to satisfy conversion element one." (Motion at 23).  There is thus no basis in evidence for the Court to hold that ownership of the identified domain names and social media accounts was not established at trial — which, again, would contravene the jury's findings on this point.

## C.    **CFAA and CDAFA**

Defendants make additional arguments as to the computer fraud claims that again seem to challenge whether Plaintiffs were the correct parties to sue, although the arguments are somewhat muddled.  As to the CFAA claim, it appears that Defendants argue that Plaintiffs did not have "authority over the Google Workspace at the relevant time" to maintain this claim.  (Motion at 26-27).  But it is wholly unclear how this could be the case when the jury determined that Defendants accessed a computer system "without authorization or exceeded authorized access" as part of determining liability on this claim.  (*See* Jury Instruction No. 17).  Accordingly, this argument is rejected.

As to the CDAFA claim, Defendants argue that Plaintiffs did not satisfy the statutory requirement that they are "owner-or-lessee" of the computer system, again resting this argument on the idea that HEFG did not transfer its rights properly to Plaintiffs. (Motion at 27-28).  Therefore, for the reasons discussed above, this argument is rejected.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.