UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6515-MWF(AGRx)                Date:  June 29, 2026
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

Proceedings (In Chambers):     ORDER DENYING DEFENDANTS AND
COUNTERCLAIMANTS' MOTION FOR
ENTRY OF DECLARATORY JUDGMENT
AND LIMITED FURTHER RELIEF [282]

Before the Court is Defendants and Counterclaimants Darrick Angelone; AOne Creative, LLC; and On Chain Innovations, LLC's Motion for Entry of Declaratory Judgment and Limited Further Relief (the "Motion"), filed on March 16, 2026. (Docket No. 282).  Plaintiffs and Counterclaim Defendants Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor filed an Opposition on March 30, 2026. (Docket No. 290).  Counterclaimants filed a Reply on April 6, 2026.  (Docket No. 293).

The Court has read and considered the papers on the Motion and held a hearing on **June 3, 2026.**

The Motion is **DENIED.**  Declaratory relief is unnecessary in view of the jury's verdict on Counterclaimants' breach of contract claim.

I.     **BACKGROUND**

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Denying Plaintiffs' Motion for Partial Summary Judgment.  (Docket No. 187).  Therefore, the Court does not repeat all of those facts here but incorporates by reference the background from that Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                    **Date:  June 29, 2026**
Title:       Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

This action came on for trial between January 14, 2026, and February 3, 2026. The jury returned two verdict forms — one for Plaintiffs' claims, and one for Counterclaimants' claims.  Pertinent to this Motion, the jury returned a verdict in favor of Counterclaimants on their breach of contract claim, which necessarily established that a contract existed between Angelone and the Taylors to form and operate Hyper Engine, LLC.  (*See* Jury Instructions (Docket No. 259) at Instruction Nos. 22, 25).  The Jury Instructions specified that the contract established equal ownership between the three parties, entitling Angelone to one-third ownership interest in Hyper Engine, LLC. (*Id.* at Instruction No. 22).

In the First Amended Counter-Complaint ("FACC"), Counterclaimants sought a declaratory judgment that (1) Angelone is in exclusive partnership with the Taylors as members of Hyper Engine; (2) Angelone and the Taylors are entitled to share in the control and management of Hyper Engine; and (3) each are entitled to one-third share of profits in Hyper Engine.  (Docket No. 37 ¶ 121).  Because declaratory judgment is an equitable form of relief, Defendants now submit this Motion following trial.

## II.    LEGAL STANDARD

"Declaratory relief is designed to resolve uncertainties or disputes that may result in future litigation.  It operates prospectively and is not intended to redress past wrongs." *StreamCast Networks, Inc. v. IBIS LLC,* CV 05-04239-MMM(Ex), 2006 WL 5720345, at *3 (C.D. Cal. May 2, 2006) (citing *United States v. Washington,* 759 F.2d 1353, 1356-57 (9th Cir. 1985) (en banc)).  The Supreme Court has explained that the key "question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 122 (1974) (citations omitted).

"The decision to grant declaratory relief is a matter of discretion … even when the court is presented with a justiciable controversy." *Washington,* 759 F.2d at 1356.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6515-MWF(AGRx)              Date:  June 29, 2026
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Accordingly, the Ninth Circuit has explained that such relief "should be denied when prudential considerations counsel against its use[,]" including "when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *Id.* at 1357.

## III.   **DISCUSSION**

In this Motion, Counterclaimants seek a declaration that Darrick Angelone and AOne Creative, LLC, hold a one-third ownership interest in Hyper Engine, LLC, along with "rights appurtenant thereto, including participation in governance as provided by the operative ownership agreement and applicable law, access to books and records, and a full accounting of company receipts, disbursements, distributions, and related-party transfers." (Motion at 18-19).  Additionally, Counterclaimants seek "implementing" relief, including "a limited production and accounting protocol" in order to enforce these rights.  (*Id.* at 21-23).

Courts regularly deny claims for declaratory relief where such relief is duplicative of breach of contract claims and thus additional declaratory relief is inappropriate.  *See StreamCast,* 2006 WL 5720345, at *4 (collecting cases).  That is precisely the case here.  The jury necessarily found the existence of a valid contract with its verdict on Counterclaimants' breach of contract claim.  Accordingly, what is sought by Counterclaimants here is the declaration of the very rights afforded under the contract — a one-third share in Hyper Engine, LLC.  And indeed, as stated by Counter Defendants in the Opposition, any putative "'appurtenant rights' flowing from that [one-third] interest (net profits, distributions, access to books and records, etc.) stem from that underlying resolved issue [of the breach of contract and fiduciary duty claims]." (Opp. at 8).  There is thus neither a "useful purpose" of settling or clarifying legal rights with Angelone's requested relief, nor does it seem it would relieve the parties from any uncertainty or controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)                Date:  June 29, 2026**
Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

---

Accordingly, Counterclaimants miss the mark when they insist that declaratory judgment is needed to clarify "who legally owns Hyper Engine today," as the jury resolved that question in favor of Angelone's claimed one-third share.  (*See* Motion at 13).  At the hearing, Counterclaimants reiterated this point and asserted that there may have been some ambiguity regarding the precise ownership share between two possible Hyper Engine operating agreements: one that provided for one-third share in the entity, and one that provided for one-sixteenth share.  But there is no ambiguity that the verdict was determined as to a one-third share of Hyper Engine.  As stated in the Background section above, the Jury Instructions specified that the contract established equal ownership between the three parties, entitling Angelone to one-third ownership interest in Hyper Engine, LLC.  (Jury Instructions at Instruction No. 22).

Moreover, as Counterclaimants necessarily acknowledge, they have been made whole for any retrospective breach by the damages award from the jury.  Therefore, the only possible non-duplicative declaratory relief that could issue from the Court is some pronouncement of Angelone's rights as an owner — but again, that flows necessarily from the existence of a valid contract.

Nor do Counterclaimants cite to any authority that directly supports the Motion.  The majority of the case law cited in the Motion merely reiterates the standards for granting declaratory relief.  (*See* Motion at 12-14).  Counterclaimants argue that one case, *Bilbrey by Bilbrey v. Brown,* 738 F.2d 1462, 1470 (9th Cir. 1984), "is directly on point[,]" but that case is largely distinguishable.  (Motion at 13-14).  In *Bilbrey*, the Ninth Circuit held that it was error for the district court to deny declaratory relief in a § 1983 case that the police searches at issue were unconstitutional, after a jury found that the defendant officers were immune from damages.  738 F.2d at 1470.  The panel explained that the district court should have more carefully considered the rights of the appellants given the public importance of declaring searches to be unconstitutional, and further that the controversy was "'of sufficient immediacy and reality to warrant the issuance' of declaratory relief" given that a class had been certified of other plaintiffs who were subject to the same searches, and thus future plaintiffs could benefit from the order.  *Id.* at 1471.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                     **Date:  June 29, 2026**
Title:     Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

The rationale of the *Bilbrey* case therefore does not easily lend itself to Counterclaimants here, where there are neither future litigants who will benefit nor a significant public importance to the relief sought.  Again, given Counter Defendants' recognition that any underlying "appurtenant rights" flow from the existence of the contract, there is simply no immediate controversy to adjudicate by entering the requested declaratory relief.

Equally important, it is not clear what benefit the declaratory judgment would confer on Mr. Angelone.  While the Court does not doubt the sincerity of Mr. Angelone's testimony about his hopes for Hyper Engine, LLC, the Court (like Mrs. Taylor) found that fixation to be odd.  As a symbol of his relationship with the Taylors, that entity mattered to a degree as the jury found, but going forward, who cares?  Either Mr. Angelone has an emotional – not business – attachment, or the intention is to use the requested declaratory judgment as a weapon against the Taylors in a way this Court does not anticipate.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.