UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                    **Date:  June 29, 2026**
Title:       Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

Proceedings (In Chambers):      ORDER DENYING PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND COSTS
PURSUANT TO CALIFORNIA PENAL
CODE SECTION 502(e)(2) [286]

Before the Court is Plaintiffs Hidden Empire Holdings, LLC; Hyper Engine, LLC; and Deon Taylor's Motion for Attorneys' Fees and Costs Pursuant to California Penal Code Section 502(e)(2) (the "Motion"), filed on March 16, 2026.  (Docket No. 286).  Defendants Darrick Angelone; AOne Creative, LLC; and On Chain Innovations, LLC filed an Opposition on March 30, 2026.  (Docket No. 287).  Plaintiffs filed a Reply on April 6, 2026.  (Docket No. 297).

The Court has read and considered the papers on the Motion and held a hearing on **June 3, 2026.**

The Motion is **DENIED** *without prejudice.*  Plaintiffs do not sufficiently substantiate their request for attorneys' fees.

## I.    BACKGROUND

The parties are by now quite familiar with the factual background of this action, which is largely set forth in the Court's Order Denying Plaintiffs' Motion for Partial Summary Judgment.  (Docket No. 187).  Therefore, the Court does not repeat all of those facts here but incorporates by reference the background from that Order.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                    **Date:  June 29, 2026**

Title:      Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

This action came on for trial between January 14, 2026, and February 3, 2026. The jury returned two verdict forms — one for Plaintiffs' claims, and one for Counterclaimants' claims.  Relevant to this Motion is the jury's finding of liability against Defendants on Plaintiffs' computer fraud claims.  (*See* Verdict Form for Plaintiffs' Claims (Docket No. 275) at 2).  Based on that finding, Plaintiffs now move for attorneys' fees under the California statute.  (*See generally* Motion).

## II.      **REQUEST FOR JUDICIAL NOTICE**

Defendants request that the Court take judicial notice of four documents attached to the Opposition.  (Docket No. 288 ("RJN")).  These four documents are from an action filed in Los Angeles County Superior Court, Case No. 26STCV01223, putatively concerning a dispute between Plaintiffs and the law firm Sanders Roberts LLP, which previously represented Plaintiffs in the present action.  Plaintiffs do not oppose the RJN.

The Court can take judicial notice of these court records.  *See Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1158 (S.D. Cal. 2022) ("It is well-established that courts may take judicial notice of the pleadings, filings, and court records of any court.").  The RJN is therefore **GRANTED**.

## III.     **DISCUSSION**

Defendants do not dispute that Plaintiffs would be entitled to attorneys' fees under California Penal Code section 502(e)(2), but rather first argue that the Motion should be denied without prejudice depending on the Court's ruling on Defendants' separate Motion for Lack of Standing, Capacity, or Vacatur of the Verdict.  (*See* Docket No. 281).  Given the Court's concurrent ruling denying that motion, however, the Court reaches the present Motion.

Nevertheless, the Court determines that the Motion should be denied.  First, as Defendants point out, the Motion correctly notes that the Court should use the lodestar method to determine a reasonable award, but then fails to perform the basic calculation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 22-6515-MWF(AGRx)**                    **Date:  June 29, 2026**
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

of the hours expended times the hourly rate of attorneys.  (*See* Opp. at 10-11).
Plaintiffs merely state that they request a fee of $750,000, representing that this amount
is "less than half" of the total fees and costs incurred, but fail to do the calculation to
prove that this discount is accurate or justified.  (Motion at 4).  Rather, Plaintiffs attach
nearly 200 pages of legal invoices from several years of litigation and seemingly leave
it to the Court to perform the calculation and confirm that Plaintiffs' representation is
accurate.  The Court declines to do so.  As the Court has already once warned Plaintiffs
in this action, "[j]udges are not like pigs, hunting for truffles buried in
briefs." *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th
Cir. 2010) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).

Next, the Motion must be denied because over half of the invoices submitted
belong to a completely separate law firm, Sanders Roberts LLP, that represented
Plaintiffs in the earlier stages of this litigation.  (Opp. at 12-13).  Plaintiffs do not
submit any declaration from an attorney from Sanders Roberts with personal
knowledge of the invoices, and thus there is no competent evidence from which to
determine that the hourly rates or hours expended by those lawyers are reasonable.

After Defendants made this argument in the Opposition, Plaintiffs, in reply,
quoted from the Sanders Roberts declaration submitted in connection with Defendants'
RJN — a document from the state court dispute between Plaintiffs and Sanders
Roberts.  (*See* Reply at 6).  As an initial matter, courts typically cannot take judicial
notice of putative facts contained within extrinsic court records.  *See Townes v. Paule,*
407 F. Supp. 2d 1210, 1217 n.5 (S.D. Cal. 2005) (court may not take judicial notice of
facts in another record that are "subject to dispute, such as allegations in affidavits,
declarations") (citations omitted).

Of course, it should not be subject to much reasonable dispute that a law firm
competently and accurately records its time.  But even if the Court could consider the
declaration for the truth of the matter asserted, the deficiency stands (as with Plaintiffs'
current counsel's declaration) that nowhere did any Sanders Roberts lawyers testify as
to their hourly fees or hours expended on this action.  Accordingly, even taking as true

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-6515-MWF(AGRx)**                    **Date:  June 29, 2026**
Title:        Hidden Empire Holdings, LLC, et al. v. Darrick Angelone, et al.

that Sanders Roberts attorneys "make and keep careful records of all legal services rendered," as asserted in the other court record and quoted in the Reply, (*see* Reply at 6), the Court is nonetheless unable to use the lodestar method to determine the reasonableness of the Sanders Roberts fees.

If Plaintiffs are simply incapable of obtaining such a declaration and explain why, then *perhaps* the Court would consider the invoices to calculate the lodestar, but will not address that issue unless it is necessary.

Because the Motion must be denied for these reasons, the Court need not consider the arguments of the parties about the appropriateness of the claimed fees. Any such arguments may be renewed on the next motion.

## IV.    CONCLUSION

The Motion is **DENIED** *without prejudice*.  Plaintiffs shall submit any renewed motion for attorneys' fees by **July 22, 2026**.  Any renewed motion must perform the calculations required by the lodestar method and must substantiate any other law firms' fees with competent declarations that provide evidence of the reasonable hourly rate of those lawyers, the hours expended by those lawyers, and the resulting lodestar calculation.

IT IS SO ORDERED.