FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaimants
Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> The Hon. Michael W. Fitzgerald <br><br> **PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS FEES PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** <br><br> <u>Hearing Date:</u> <br> Date:  August 19, 2026 <br> Time: 10:00 a.m. <br> Dept: 5A |

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-2-

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 19, 2026 at 10:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 5A of this Court located at 350 W 1st Street, Suite 4311, Los Angeles, California 90012, Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC, and Deon Taylor (collectively, "Plaintiffs") will and hereby do move this Court for an award of attorneys' fees in favor of Plaintiffs and against Defendants Darrick Angelone; AOne Creative, LLC (formerly known as AOne Entertainment, LLC); and On Chain Innovations, LLC (collectively, "Defendants") in the amount of $700,000. This Renewed Motion is brought pursuant to the Court's June 29, 2026 Order (Dkt. No. 305), which denied Plaintiffs' prior fee motion without prejudice and directed that any renewed motion be filed by July 22, 2026, perform the calculations required by the lodestar method, and substantiate any other law firm's fees with competent declarations of that firm's reasonable hourly rates, hours expended, and resulting lodestar.

This motion is made on grounds that Plaintiffs prevailed in a jury trial on their claim under California Penal Code section 502(e), which provides that the Court may award attorneys fees to the prevailing party.

Plaintiffs' motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the supporting declaration of Felton T. Newell of Newell Law Group PC, the itemized billing records attached thereto, the Sanders Roberts invoices previously filed with Plaintiffs' original motion, the correspondence with Sanders Roberts attached hereto, the pleadings, papers, and records on file herein, and upon such other oral and/or documentary evidence as may be presented to this Court at the time of hearing.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On February 3, 2026, over three years after the initial complaint was filed in this action, a unanimous jury found that Plaintiffs Hidden Empire Holdings, LLC, Hyper Engine, LLC and Deon Taylor ("Plaintiffs") prevailed with respect to multiple claims in this action against Defendants Darrick Angelone, AOne Creative, LLC and AOne Entertainment LLC (collectively "Defendants"). Specifically, the jury found Defendants liable for conversion and violation of federal and state computer data access and fraud statutes, and awarded Plaintiffs $3.7 million in damages.  At trial, Plaintiffs argued that Defendants violated the federal and state computer data access and fraud statutes by, *inter alia*, deleting Plaintiffs' Google Workspace Account and failing to turn over certain digital assets that belonged to Plaintiffs.  California Penal Code section 502(e) provides that "[i]n any action brought pursuant to this subdivision the court may award reasonable attorneys' fees." *Id*. at (e)(2).

Pursuant to Section 502(e)(2), Plaintiffs seek $700,000 in reasonable attorneys' fees calculated under the "lodestar" method. As set forth below and in the accompanying declaration of Felton T. Newell (Newell Law Group PC) and the Sanders Roberts LLP invoices, this Renewed Motion documents the reasonable hours and reasonable hourly rate for each timekeeper and performs the resulting lodestar calculation. Although Plaintiffs' lodestar fees exceed $1,508,544.11, Plaintiffs limit their request to $700,000, which is <u>less than half</u> of the total fees they incurred in this action, in recognition that Defendants prevailed on certain crossclaims.

## II.   STATEMENT OF FACTS

On November 12, 2022, Plaintiffs filed the original complaint against Defendants alleging several claims, among them violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, and the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Plaintiffs' Compl. ¶¶ 22-23. Defendants filed Cross-Complaints and Counterclaims alleging numerous claims of their own. *See* Defendants' Cross Complaint, and Fourth Amended Counterclaim.

Plaintiffs were originally represented by the law firm Sanders Roberts LLP during the earlier stages of this action. *See* Declaration of Felton T. Newell ("Newell Decl."). On September 24, 2024, the Court granted Plaintiffs' Request for Approval of Substitution of Attorney. (Dkt. No. 161). Newell Law Group PC subsequently represented Plaintiffs through trial. The reasonable fees and costs incurred by each firm are set forth in the lodestar calculation below, in the accompanying declaration of Felton T. Newell, and in the Sanders Roberts invoices previously filed with Plaintiffs' original motion. *See id.*

## III.   ARGUMENT

### A.   <u>Plaintiffs' Are Entitled to Attorneys' Fees and Costs Incurred in this Action</u>

Under California Penal Code section 502(e), the Comprehensive Computer Data Access and Fraud Act (the "Computer Fraud Act"), the owner of the computer system or data that suffers damage because of a violation of the Computer Fraud Act "may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief. Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

by the access." Cal. Penal Code § 502(e). Further, "[i]n any action brought pursuant to this subdivision the court may award reasonable attorneys' fees." *Id.* at (e)(2).

Moreover, Federal Rules of Civil Procedure Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under section 502(e), while some courts interpret the recovery of attorney fees to be extended to "any party" who prevails, the courts agree that recovery at the very least is allowed for "prevailing Plaintiffs". *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190, 1195 (S.D. Cal. 2018).

In *Facebook, Inc. v. Power Ventures ("Power Ventures")*, the court clarified that, "[u]nder our generous formulation of the term, plaintiffs may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (internal quotation marks omitted)." *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 U.S. Dist. LEXIS 125541, at *21 (N.D. Cal. Aug. 8, 2017).

Plaintiffs' entitlement to fees is not in dispute. Defendants do not dispute that Plaintiffs, as the prevailing party on their computer-fraud claim, are entitled to attorneys' fees under California Penal Code section 502(e)(2). (Order at 2.) The sole question presented by this Renewed Motion is the reasonable amount of the award under the lodestar method.

**B.    The Court's Analysis is Based on, and Limited to, Application of the Lodestar Method.**

The lodestar method applies to determining attorneys' fees. The Ninth Circuit instructs that "[t]he starting point for determining a reasonable fee is the

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS'FEES

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

"lodestar" figure." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (discussing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In *Hensley*, The Supreme Court emphasized "that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. Id.*, 461 U.S. at 437 (emphasis added).

Moreover, courts have held that the lodestar method specifically applies to calculating attorneys' fees under the Computer Fraud Act.  In *Power Ventures*, the Court noted that the "lodestar... figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (internal citation omitted.)

To be clear the lodestar adjustment method "anchors the trial court's analysis to an objective determination of the value of the attorney's services, and thus ensures that the amount awarded is not arbitrary." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1134 (2001). Relatedly, "'[t]he discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.'" *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal. 4th 747, 773; *see also People v. Giordano*, 42 Cal. 4th 644, 663 (2007).

In *Facebook, Inc v. Sluchevsky*, No. 19-cv-01277-JSC, 2020 U.S. Dist. LEXIS 181249, at *31 (N.D. Cal. Aug. 28, 2020), the court held that "[o]nly in rare or exceptional cases will an attorney's *reasonable* expenditure of time on a

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

case not be commensurate with the fees to which he is entitled." (quoting *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (emphasis in original)).

The Ninth Circuit has held that the "favored procedure is for the district court to consider the extent of the plaintiff's success in making its initial determination of hours reasonably expended at a reasonable rate, and not in subsequent adjustments to the lodestar figure. *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) (discussing *Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991) (internal citation omitted). Further, a litigant does not need to prevail on every claim in order to receive a full fee. *Id.* "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. *The result is what matters*." *Id.* (quoting *Hensley,* 461 U.S. at 435 (emphasis added)).

## 1. The Time Spent by Plaintiffs' Counsel in Litigation this Action Was Reasonable.

Although the presumption that lodestar represents a reasonable fee is strong, the Supreme Court has noted "that district courts should exclude from this initial fee calculation hours that were not reasonably expended.'" *Gates*, 987 F.2d at 1397; *see also City of Burlington v. Dague*, 505 U.S. 557, 561 (1992). The party requesting fees "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Id.* at 1397-98 (discussing *Hensley*, 461 U.S. at 433, 437.) To clarify, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984)). Where a party presents an itemized fee bill, the burden shifts to the

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

opposing party to make *specific* objections to *particular* time entries. *McGrath v. Country of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) (a fee opponent "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged.")

Plaintiffs retained Newell Law Group to represent them in their dispute with Defendants. As a result of Defendants' failure to relinquish and return control of Plaintiffs' Google Workspace Account, email and social media accounts, Plaintiffs suffered tremendous harm. Plaintiffs' Compl. ¶¶ 41-89.

On February 3, 2026, a unanimous jury returned a verdict of $3.7 million in favor of Plaintiffs. The legal work performed for Plaintiffs was reasonably and necessarily performed in the commencement and prosecution of this case and directly led to that result. Counsel has exercised billing judgment and has excluded from this request any hours that were excessive, redundant, or otherwise unnecessary, and the itemized billing records supporting the hours claimed for each timekeeper are attached to the accompanying declarations.

Further, Plaintiff's case was appropriately staffed and had a reasonable number of attorneys involved. Case law recognizes that too many attorneys *can* be problematic *if* there is "over-conferencing, attorney stacking (multiple attorneys at court functions), and excessive research." (*Donahue v. Donahue* (2010) 182 Cal. App. 4th 259, 272; *see also Kim v. Fujikawa* (9th Cir. 1989) 871 F.2d 1427, 1435 fn. 9 ("[t]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort").

Lead counsel Felton Newell's $700 hourly fee is commensurate with his legal experience and the matter was leanly staffed.  *See* Newell Decl. ¶ 5. The Plaintiffs' attorneys' hours were thus "reasonably expended." *Gates*, 987 F.2d at 1397. Furthermore, Plaintiffs have provided detailed and extensive documentation of hours billed with detailed descriptions of work performed, and

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS'FEES

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

invoices. This is adequate "evidence in support of . . . hours worked." Therefore, the Plaintiffs meet their 'burden of documenting the appropriate hours expended in the litigation. *Id*. at 1397-98 (discussing *Hensley*, 461 U.S. at 433, 437.)

The hours reasonably expended by Plaintiffs' counsel—itemized by timekeeper in the accompanying declarations and summarized below—were reasonable and necessary to the successful prosecution of this action.

### 2. <u>Plaintiffs' Attorneys' Hourly Rates Are Appropriate Given Their Experience and Prevailing Market Rates</u>

Prevailing market rates can be considered when determining the reasonableness of hourly rates. *Facebook, Inc. v. Sluchevsky*, at *32. The District Court in *Sluchevsky* cited numerous cases regarding the reasonableness of hourly rates when they are within prevailing market rates. For example, the court noted that "[i]n Nitsch, the court held that the case's lead attorneys' hourly rates of "$870 to $1,200 per hour" were reasonable under the lodestar method." *Id*. (discussing *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 U.S. Dist. LEXIS 86124, at *9 (N.D. Cal. June 5, 2017). The court in *Sluchevsky* then ruled that the attorneys' hourly rates in that case were reasonable as they were "based on the region's market and the attorneys' experience." *Id*. at *33. The Plaintiffs' attorneys' hourly rates are within "prevailing market rates" for the region of Southern California, and for their "experience." *Id*. at *32-33

The reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation, measured at the current market rate. *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). To carry their burden, Plaintiffs submit not only their own counsel's declarations but also evidence of the prevailing market rate. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980 (9th Cir. 2008). The specific hourly rate for each timekeeper at each firm is stated below and supported

by the accompanying declarations, which establish each timekeeper's experience and confirm that the rate charged is consistent with the current prevailing rate in the Central District of California.

### 3. The Attorneys' Billed Time Was Not Excessive

The Defendants likely will claim that the time spent by Plaintiffs' counsel was excessive. The petitioner in *Blum* claimed that "the number of hours charged were unreasonable and duplicative." *Blum v. Stenson*, 465 U.S. 886, 891 (1984). Pointing out that the petitioner did not submit any evidence supporting her claim, the Supreme Court affirmed the case in part, agreeing that "both the hours expended and the rates charged were reasonable." *Id*. The Ninth Circuit noted that counsel for the prevailing party should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . ." *Gates*, 987 F.2d at 1397 (discussing *Hensley*, 461 U.S. at 433-34).

In support of this motion, Plaintiffs have submitted supporting documentation reflecting hours billed with descriptions of work performed, and invoices. These records show that the hours billed were not "duplicative", "redundant" or "unnecessary", but rather standard for the type of work to be performed on this case. *Gates*, 987 F.2d at 1397. In an action that has been in litigation for several years, the motion drafting, hearing preparation, filing and extensive work performed was necessary for Plaintiffs to prevail. Thus, the billed hours did not constitute "excessive" time spent, but rather "reasonable" and expected time. *Gates*, 987 F.2d at 1397; *Blum*, 465 U.S. at 891.

### 4. The Lodestar Figure for Each Firm and Timekeeper

The lodestar is the product of the hours reasonably expended on the litigation and a reasonable hourly rate, and the Court must perform that calculation as the starting point for any fee award. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). Plaintiffs accordingly set forth below, for each firm and each

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

timekeeper, the reasonable hours expended, the reasonable hourly rate, and the resulting lodestar, drawn from each firm's contemporaneous billing records and supported by the accompanying declarations.

**Newell Law Group PC.** Newell Law Group PC represented Plaintiffs from the September 24, 2024 substitution of counsel (Dkt. No. 161) through trial. As set forth in the Newell Declaration and supporting billing records, the firm's attorneys and staff reasonably expended a total of 911.45 hours, resulting in a lodestar of $553,683.61. The qualifications, experience, hourly rates, and hours of each Newell Law Group timekeeper are detailed in the Newell Declaration and accompanying records.

**Sanders Roberts LLP.** Sanders Roberts LLP represented Plaintiffs during the earlier stages of this litigation. As reflected in the Sanders Roberts invoices filed with Plaintiffs' original motion (Dkt. No. 286), the firm's attorneys and staff reasonably expended a total of 1,456.00 hours, resulting in a lodestar of $954,860.50. The qualifications, experience, hourly rates, and hours of each Sanders Roberts timekeeper are reflected in the submitted invoices and supporting materials.

**Combined lodestar.** The combined lodestar for both firms is $1,508,544.11 (2,367.45 hours), exclusive of recoverable costs of $28675.79. This figure includes only hours reasonably expended; counsel has exercised billing judgment and excluded from the request any time that was excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434.

**Reconciliation of the requested amount.** Although the combined lodestar of $1,508,544.11, Plaintiffs do not seek that full amount. Consistent with the principle that a fee award should be reasonable in relation to the results obtained, *Hensley*, 461 U.S. at 435-36, and in recognition that Plaintiffs did not prevail on every claim, Plaintiffs voluntarily reduce their request to $700,000 — less than half

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

of the fees actually incurred. That reduction more than accounts for any hours arguably attributable to Plaintiffs' unsuccessful defense of Cross-Complainant's Cross-claims, particularly given the common core of facts underlying Plaintiffs' interrelated claims.

### 5. The Court Should Include Fees Plaintiffs Incurred In Connection With the Sanders Roberts Firm

The Court previously declined to award fees for the Sanders Roberts LLP invoices because the record lacked a declaration from an attorney with personal knowledge of that firm's hourly rates and hours expended. (Order at 3.) Although each firm's fees are ordinarily established by a declaration from a timekeeper with personal knowledge of that firm's work, rates, and hours (*Camacho*, 523 F.3d at 980), Plaintiffs are unable to obtain such a declaration from Sanders Roberts. Plaintiffs already possess Sanders Roberts' detailed, contemporaneous invoices, which were filed with Plaintiffs' original motion (Dkt. No. 286); what they lack is a declaration from the firm authenticating those invoices and confirming its reasonable rates and hours. Plaintiffs' current counsel requested that Sanders Roberts' managing partner execute such a declaration, but, while the managing partner responded to the inquiry, he failed to provide such an executed declaration. *See* Ex. C to Newell Decl. It is possible Sanders Roberts' lack of cooperation stems from a separate fee dispute now pending between Plaintiffs and Sanders Roberts in the Los Angeles County Superior Court, Case No. 26STCV01223. (Order at 2).

Accordingly, Plaintiffs respectfully request that the Court determine the reasonableness of the Sanders Roberts fees from the firm's itemized invoices. As the Court previously observed, it "should not be subject to much reasonable dispute that a law firm competently and accurately records its time." (Order at 3.) Those invoices supply the timekeepers, hours, and rates necessary for the Court to perform the lodestar calculation for the Sanders Roberts fees.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**6.** **Plaintiffs Are Entitled to Recover All Costs and Expenses Reasonably Incurred in Connection With this Action**

Under the Computer Fraud Act, "[i]n any action brought pursuant to this subdivision the court may award reasonable attorney's fees." Further, Federal Rule of Civil Procedure 54(d), states that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption "that the prevailing party will be awarded its taxable costs." *Optistreams, Inc. v. Gahan*, No. CV-F-05-0117 REC SMS, 2006 U.S. Dist. LEXIS 21680, at \*27 (E.D. Cal. Mar. 27, 2006); *see Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003).  Plaintiffs' taxable costs under 28 U.S.C. § 1920 will be sought by a separate Application to the Clerk to Tax Costs (Form CV-59) pursuant to Local Rule 54-2.1. Because final judgment has not yet been entered in this action, the fourteen-day period to file that application has not begun to run, and Plaintiffs will file their bill of costs within fourteen days after entry of judgment. *See* Fed. R. Civ. P. 54(d)(1); C.D. Cal. L.R. 54-2.1.

///

///

///




NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## IV.    CONCLUSION

For the reasons set forth above, and as supported by the lodestar calculation, the accompanying declaration of Felton T. Newell, and the Sanders Roberts invoices, Plaintiffs respectfully request that this Court award Plaintiffs attorneys' fees in the amount of $700,000, an amount well below Plaintiffs' combined lodestar actually incurred.

Dated:  July 23, 2026

NEWELL LAW GROUP PC



FELTON T. NEWELL
Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS'FEES

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On July 23, 2026, I served the foregoing document(s) described as **PLAINTIFFS' MOTION FOR ATTORNEYS FEES PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

## SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS'FEES



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

☐      **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒      (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 23, 2026, at Los Angeles, California.


/s/ Felton T. Newell
Felton T. Newell



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS'FEES

**SERVICE LIST**

| J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 Fair Oaks Ave., Suite 444<br>Pasadena, CA 91105<br>jt@jtfoxlaw.com | Attorneys for Defendant and Cross-Complainants<br>Darrick Angelone, AOne Creative LLC formerly known as AOne Entertainment LLC and On Chain Innovations LLC |
|---|---|



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS'FEES