J.T. Fox, Esq. (SBN 195063)

LAW OFFICES OF JT FOX & ASSOCIATES, APC

556 S. Fair Oaks Ave., No. 444

Pasadena, California 91105

Telephone: (888) 750-5530

Email: jt@jtfoxlaw.com


Attorney for Defendants and Counterclaimants,

DARRICK ANGELONE, AONE CREATIVE, LLC, and ON CHAIN

INNOVATIONS, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | **CASE NO.:** 2:22-cv-06515-MWF-CTS <br><br> [Hon. Michael W. Fitzgerald, Dept. 5A) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** <br><br> Hearing Date: August 19, 2026 <br> Time: 10:00 a.m. <br> Ctrm: 5A |

1

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................4

II.  ARGUMENT .......................................................................................................5

   A.  The Collective Verdict Does Not Establish Fee Entitlement Under Section 502(e)(2), and Defendants Preserve Their Objection .........................................6

   B.  The $954,860.50 in Sanders Roberts Fees Cannot Be Awarded on This Record ...............................................................................................................9

      1.  The Renewed Motion Does Not Supply the Substantiation the Order Required ...........................................................................................................9

      2.  Exhibit C Does Not Establish That Plaintiffs Were Incapable of Obtaining Competent Evidence ...............................................................100

      3.  The Newell Declaration Does Not Establish a Foundation for the Sanders Roberts Records ...........................................................................110

      4.  Certain Sanders Roberts Invoices Are the Subject of Pending Collection Litigation...................................................................................122

   C.  The $159,628.61 Flat Fee Cannot Be Included in the Lodestar on This Record ...........................................................................................................133

   D.  If the Unsupported Categories Are Excluded, the Maximum Itemized Base Is $394,055.00, Before Rate and Claim-Specific Reductions .......................144

   E.  The Renewed Motion Performs No Apportionment to the Fee-Bearing Claim, and the Record Shows Substantial Severable Work ..........................165

   F.  The Claimed Rates Are Not Adequately Supported...............................229

   G.  Any Fee Order Must Rest on Claimant-Specific and Defendant-Specific Findings and Must Exclude Ambiguous and Cost Items...............................20

III. CONCLUSION....................................................................................................22

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

## TABLE OF AUTHORITIES

**Cases**

Akins v. Enterprise Rent-A-Car Co., 79 Cal. App. 4th 1127 (2000)....................15

Camacho v. Bridgeport Fin., Inc., 523 F.3d 973 (9th Cir. 2008) ........................19

Blum v. Stenson, 465 U.S. 886 (1984) ................................................................20

Gates v. Deukmejian, 987 F.2d 1392 (9th Cir. 1992)....................................13, 16

Hensley v. Eckerhart, 461 U.S. 424 (1983) ................................9, 13, 16, 19, 21

Nadarajah v. Holder, 569 F.3d 906 (9th Cir. 2009)..............................................18

**Statutes**

18 U.S.C. § 1030.....................................................................................................15

Cal. Penal Code § 502(c) .....................................................................................6, 7

Cal. Penal Code § 502(e)(1) ............................................................................6, 7, 8

Cal. Penal Code § 502(e)(2) ....................................................................4, 6, 7, 8, 15

**Rules**

Fed. R. Evid. 602 ...................................................................................................11

Fed. R. Evid. 803(6)...............................................................................................11

Fed. R. Evid. 901 ...................................................................................................11

Defendants and Counterclaimants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC (collectively, "Defendants") respectfully submit this Opposition to Plaintiffs' Renewed Motion for Attorneys' Fees Pursuant to California Penal Code Section 502(e)(2) (Docket No. 308, the "Renewed Motion" or "Mot."), filed with the supporting Declaration of Felton T. Newell (Docket No. 308-1, "Newell Decl.").

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Court denied Plaintiffs' first fee motion because Plaintiffs did not do the work the lodestar method requires. The Court's June 29, 2026 Order (Docket No. 305, the "Order") directed:

> "Any renewed motion must perform the calculations required by the lodestar method and must substantiate any other law firms' fees with competent declarations that provide evidence of the reasonable hourly rate of those lawyers, the hours expended by those lawyers, and the resulting lodestar calculation." (Order at 4.)

The Renewed Motion does not meet that standard. It presents $954,860.50 in Sanders Roberts LLP fees without a competent foundational declaration, resting on the declaration of successor counsel that does not establish personal knowledge of that firm's billing. It presents another $159,628.61 of claimed Newell Law

Group lodestar that is in fact a single-line flat fee invoice issued after trial, with purported hours derived by dividing the flat fee amount by an hourly rate. It requests $700,000, an amount exceeding all itemized Newell Law Group time supported by a declarant with established personal knowledge, which totals $394,055.00. And it performs no apportionment between the one fee-bearing claim, California Penal Code section 502, and the many claims in this case that carry no fee shift, including the federal Computer Fraud and Abuse Act claim, the conversion claim, the copyright claim Plaintiffs lost outright, and the counterclaims on which Defendants prevailed and recovered $121,000.

Defendants respectfully clarify that the prior Opposition assumed potential entitlement arguendo solely for purposes of challenging the amount. At the time that Opposition was filed, Defendants' Motion for Lack of Standing, Capacity, and Vacatur of Verdict (Docket No. 281) remained pending, and the Opposition asked the Court to defer the fee ruling until the owner-or-lessee, standing, capacity, and assignment issues raised by that Motion were resolved. (Docket No. 287.) The Court subsequently denied Docket No. 281. (Docket No. 303.) Defendants did not intend to concede statutory entitlement; they preserve their objections to Docket No. 303 for appellate review and state the issue expressly

here to avoid any ambiguity in the appellate record. The Renewed Motion should be denied.

## II.     ARGUMENT

A.     The Collective Verdict Does Not Establish Fee Entitlement Under Section 502(e)(2), and Defendants Preserve Their Objection

Section 502(e)(1) authorizes a civil action by "the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c)." Cal. Penal Code § 502(e)(1). Section 502(e)(2) then permits a fee award only "[i]n any action brought pursuant to this subdivision." Id. § 502(e)(2). A fee award under this statute therefore requires a legally sufficient basis to identify either a named Plaintiff that qualified under section 502(e)(1) when the alleged violation occurred or, assuming an accrued section 502 claim is assignable, a named Plaintiff that validly acquired the claim from the qualifying owner or lessee.

Defendants respectfully preserve their objection that the collective computer-access verdict does not supply that basis. Instruction No. 17 combined federal and California law into a single claim but did not require the jury to find that any identified Plaintiff was the owner or lessee of any identified computer, system, network, program, or data when the alleged violation occurred, or that such

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

owner or lessee suffered damage or loss by reason of a violation of section 502(c). (Jury Instructions (Docket No. 259) at 21, Instruction No. 17.) The verdict form likewise returned only a collective answer for all Plaintiffs and all Defendants on the combined claim and did not distinguish the federal CFAA theory from the fee-bearing California theory. (Verdict Form for Plaintiffs' Claims (Docket No. 274).) Accordingly, the verdict does not establish which Plaintiff, if any, prevailed as a statutory claimant under section 502(e)(1), and a fee order should not supply claimant-specific findings the jury was never asked to make. The collective verdict identifies neither path. The collective conversion verdict, together with the generalized assignment response, did not identify which predecessor or named Plaintiff owned each asset at the relevant time, whether an accrued section 502 claim was included in any transfer, or which Plaintiff held that statutory claim. Even a valid finding that a defendant violated section 502(c) does not itself identify the civil claimant entitled to recover under section 502(e). Instruction No. 17 and the combined computer-access verdict identify no section 502 owner, lessee, damaged claimant, or qualifying asset, and the separate response to the conversion-related jury question did not establish temporal statutory status, the transfer of an accrued section 502 claim, or which statutory theory supported the combined computer-access verdict. Plaintiffs themselves pleaded ownership-based entitlement, alleging that "Plaintiffs own the data accessed, obtained and/or

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

interrupted by Defendants" and premising their section 502(e)(2) fee request on that ownership. (First Amended Complaint (Docket No. 174) ¶¶ 117-118, 123-124.) The collective verdict did not establish which Plaintiff possessed that protected interest or suffered compensable statutory loss. Defendants raised the underlying owner-or-lessee, standing, capacity, and assignment defects in their Motion for Lack of Standing, Capacity, and Vacatur of Verdict (Docket No. 281), and relied on those unresolved threshold defects in opposing Plaintiffs' original fee motion (Docket No. 287). The Court denied Docket No. 281 in Docket No. 303, and Defendants preserve the position that fee entitlement fails for the same threshold reasons. Defendants recognize that the Court ruled against these positions in Docket No. 303 and do not seek reconsideration through this Opposition; they state the objection to preserve it and to prevent the fee order from extending that ruling beyond the findings actually returned by the jury.

Docket No. 303 also states that defense counsel agreed to an instructional response concerning ownership of the Google Workspace account and data during the discussion of Jury Note No. 1. Defendants preserve that the transcript controls the scope of any such agreement, and that an agreement concerning how to answer a jury question about the conversion claim should not be construed as conceding temporal owner-or-lessee status under section 502(e)(1), ownership of every

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

affected asset or account, the validity and scope of any transfer of accrued statutory claims, or which combined statutory theory supported the verdict.

Independently, section 502(e)(2) is discretionary: the court "may" award fees. The results here were mixed. Plaintiffs lost their copyright claim, the jury found Plaintiffs entitled to punitive damages but deadlocked on the amount, leaving that remedy unresolved, and Defendants prevailed on their counterclaims and recovered $121,000, a result the Renewed Motion acknowledges. (Mot. at 4, 12-13.) Those mixed outcomes bear principally on the amount of any reasonable fee and require exclusion of distinct or severable unsuccessful and opposing-claim work, together with an appropriate reduction for limited or mixed success. Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).

B.    The $954,860.50 in Sanders Roberts Fees Cannot Be Awarded on This Record

1.    **The Renewed Motion Does Not Supply the Substantiation the Order Required**

The Order required that any renewed motion "must substantiate any other law firms' fees with competent declarations" providing the rates, the hours, and the resulting lodestar. (Order at 4.) By Plaintiffs' own description, the Court previously declined to award the Sanders Roberts fees "because the record lacked a declaration from an attorney with personal knowledge of that firm's hourly rates

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

and hours expended." (Mot. at 13, citing Order at 3.) The Renewed Motion resubmits the invoices without a declaration from a witness who establishes personal knowledge of Sanders Roberts' rates, hours, and billing practices. The only new evidence is the Newell Declaration, which, as shown below, does not establish the personal knowledge the Order identified as missing.

### 2.    Exhibit C Does Not Establish That Plaintiffs Were Incapable of Obtaining Competent Evidence

The Order stated that "[i]f Plaintiffs are simply incapable of obtaining such a declaration and explain why, then perhaps the Court would consider the invoices to calculate the lodestar." (Order at 4.) Exhibit C does not make that showing. The Order issued June 29, 2026. Exhibit C shows a first documented request to Sanders Roberts sent Monday, July 20, 2026 at 8:16 p.m., two days before the filing deadline; a responsive clarifying question from Sanders Roberts' managing partner on the morning of the filing date, July 22 at 8:51 a.m.; a one-sentence answer from Plaintiffs' counsel at 9:48 a.m.; and no documented refusal. (Newell Decl., Ex. C.) Plaintiffs could not compel Sanders Roberts to sign a declaration adopting counsel's opinions, but they identify no timely follow-up, no request for a records certification or for testimony concerning the firm's recordkeeping practices, and no application for a brief extension to complete the evidentiary submission the Order

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

invited. The present record therefore does not make the showing the Order contemplated.

### 3.    The Newell Declaration Does Not Establish a Foundation for the Sanders Roberts Records

Mr. Newell attests to the titles, experience, reasonable hourly rates, and hours reasonably expended of eighteen Sanders Roberts timekeepers, and states that those hours reflect the exercise of billing judgment. (Newell Decl. ¶¶ 5-7.) Even assuming Mr. Newell previously had some affiliation with Sanders Roberts, his declaration identifies no involvement in creating, reviewing, approving, supervising, or adopting the billing records generated in this litigation; no familiarity with the firm's time-entry and billing systems or recordkeeping practices during the relevant period; and no personal knowledge that the listed hours reflect Sanders Roberts' actual exercise of billing judgment in this matter. He does not testify that he reviewed the underlying time records, or that the invoices were incorporated into and relied upon in Newell Law Group's own regularly conducted business. The declaration therefore does not establish that Mr. Newell is a qualified witness concerning the accuracy, completeness, or reasonableness of another firm's records. Defendants object to paragraphs 5 through 7 of the Newell Declaration, as they concern Sanders Roberts, for lack of personal knowledge (Fed. R. Evid. 602), and submit that Exhibit B lacks the

competent evidentiary sponsorship expressly required by the Order (Order at 4; see also Fed. R. Evid. 803(6), 901). These are the same defects the Order identified, and they remain uncured.

The declaration itself confirms the gap. Paragraph 2 grounds Mr. Newell's personal knowledge in "Newell Law Group's timekeepers, hourly rates, hours expended, and billing practices" and in that firm's own billing records, which he states he reviewed. (Newell Decl. ¶ 2.) Paragraph 4 describes contemporaneous time recording by "Newell Law Group attorneys and staff." (Id. ¶ 4.) Nothing in the declaration explains how that firm-specific knowledge expanded into personal knowledge of Sanders Roberts' internal staffing, timekeeping practices, rate changes, write-offs, or billing judgment. Yet paragraph 6 vouches for "the firm's standard rates" across both firms' tables in a single sentence, and paragraph 7 swears that the Sanders Roberts hours "reflect the exercise of billing judgment and do not include time that was excessive, redundant, or otherwise unnecessary." (Id. ¶¶ 6-7.) The declaration's own structure thus demonstrates that the sworn statements about Sanders Roberts rest on no established foundation.

### 4.    Certain Sanders Roberts Invoices Are the Subject of Pending Collection Litigation

Exhibit C also confirms what the Court has already judicially noticed (Order at 2; Docket No. 288): Sanders Roberts and Plaintiffs are adverse parties in Los

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

Angeles County Superior Court, Case No. 26STCV01223, in litigation concerning "the legal fees owed." (Newell Decl., Ex. C.) Sanders Roberts invoices, totaling approximately $157,797.91, are the subject of that collection action. (See Docket No. 288.) That dispute does not itself render all Sanders Roberts fees unrecoverable, but it confirms that at least those invoices are not admitted, and it reinforces the need for the competent evidentiary sponsorship the Order required. The Court should not presume that disputed invoices are reasonable or necessary merely because successor counsel attached them.

> C.    The $159,628.61 Flat Fee Cannot Be Included in the Lodestar on This Record

The Newell Declaration presents a line item labeled "Felton T. Newell (Flat Fee by Rate)," claiming 228.05 hours at $700 per hour for a lodestar of $159,628.61. (Newell Decl. ¶ 5.) The supporting document is Invoice No. 1737, dated February 17, 2026, two weeks after the verdict. It contains a single line, "Flat Fee to cover the cost of trial/services through the end of January," quantity 1.0, amount $159,628.61. (Newell Decl., Ex. A.) It provides no dates, no timekeeper allocation, no task descriptions, and no underlying time entries for the most fee-intensive period of the case, the trial itself.

The claimed hours are arithmetic, not records: $159,628.61 divided by $700 yields approximately 228.04 hours, and the declaration states 228.05. The stated

figures do not even multiply: 228.05 hours at $700 per hour is $159,635.00, not $159,628.61. Hours derived after the fact from a flat fee amount also cannot be reconciled with the declaration's representation that all Newell Law Group time was "recorded contemporaneously as the work was performed." (Newell Decl. ¶ 4.) The fee applicant "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (discussing Hensley, 461 U.S. at 433, 437).

Plaintiffs have offered neither contemporaneous records nor a reconstructed task-and-hour summary derived from identified litigation records. They have instead converted a single flat fee amount into purported hours through division. Without evidence of who performed the work, when it was performed, the tasks involved, and how the time was allocated among claims, the Court cannot determine reasonable hours for this period or perform the claim-specific apportionment required here. The $159,628.61 cannot be included in the lodestar on the present record.

D.    If the Unsupported Categories Are Excluded, the Maximum Itemized Base Is $394,055.00, Before Rate and Claim-Specific Reductions

Excluding the categories addressed in Sections II.B and II.C, the itemized, declarant-supported time remaining in the record is as follows:

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

| Category | Hours | Amount |
|---|---|---|
| Combined lodestar claimed (Mot. at 12) | 2,367.45 | $1,508,544.11 |
| Sanders Roberts invoices (Section II.B) | (1,456.00) | ($954,860.50) |
| Reconstructed flat fee (Section II.C) | (228.05) | ($159,628.61) |
| **Remaining itemized Newell Law Group time** | **683.40** | **$394,055.00** |
| **Amount requested** | | **$700,000.00** |

The remaining $394,055.00 consists of the Newell Law Group's itemized time for Mr. Newell (409.60 hours), associate Christine Said (210.30 hours), and two paralegals (63.50 hours). (Newell Decl. ¶ 5, Ex. A.) That figure is not a proper award; it is the maximum remaining starting point before eliminating work on claims other than section 502, eliminating work on unsuccessful claims, adjusting unsupported rates, removing duplicative, vague, clerical, or excessive entries, and allocating by plaintiff and by defendant. Even crediting every Newell Law Group figure uncritically, including the flat fee, the firm's entire claimed lodestar is $553,683.61, below the $700,000 requested. Plaintiffs' presentation of the request as a reduction to "less than half" of fees incurred (Mot. at 4, 12) depends on counting $954,860.50 in Sanders Roberts billings for which the required substantiation has not been supplied. Even before any claim-specific apportionment, the $700,000 requested exceeds the adequately itemized Newell Law Group figure by $305,945.00.

E.      The Renewed Motion Performs No Apportionment to the Fee-Bearing Claim, and the Record Shows Substantial Severable Work

Section 502(e)(2) authorizes fees only "[i]n any action brought pursuant to this subdivision." Cal. Penal Code § 502(e)(2). It does not authorize fees for the federal CFAA claim, 18 U.S.C. § 1030, which contains no fee-shifting provision; for the conversion claim; for the copyright claim, on which Plaintiffs lost; or, without more, for Plaintiffs' defense of the counterclaims, on which Defendants recovered $121,000. California law recognizes that fees need not be apportioned when incurred on issues common to a fee-bearing claim and a non-fee-bearing claim. Akins v. Enterprise Rent-A-Car Co., 79 Cal. App. 4th 1127, 1133 (2000). Plaintiffs assert commonality in general terms, but they do not substantiate that assertion through an entry-level categorization, a calculation of common-issue hours, or an explanation of how the $700,000 request was derived from compensable section 502 and common-issue work. Hours spent on claims distinct from the fee-bearing claim must be excluded, with any award adjusted to the level of success achieved. Hensley, 461 U.S. at 434-37, 440. The fee applicant bears the burden of documenting the claimed hours and establishing the basis for treating them as section 502 work or compensable common-issue work. Gates, 987 F.2d at 1397-98.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

Plaintiffs will respond that the claims share a common core of facts and that the voluntary reduction from $1,508,544.11 to $700,000 more than accounts for unsuccessful work. (Mot. at 12-13.) A percentage reduction may address excessive or intertwined time within an otherwise established lodestar; it cannot transform unsupported hours, a predecessor-firm total lacking the competent sponsorship required by the Order, or an arithmetic reconstruction of a flat fee into compensable lodestar time. A round-number reduction is likewise not the "calculations required by the lodestar method" that the Order directed, and the billing records themselves show substantial work that is severable on the face of the entries. Representative examples from Plaintiffs' own exhibits, with timekeeper designations as they appear on the invoices, include:

| Date | Timekeeper | Entry (abridged) | Hrs | Amount | Basis; record cite |
|---|---|---|---|---|---|
| 12/06/24 | C. Said | Email to client re clarification of copyright claims (Special Interrogatory No. 13) | 0.30 | $135.00 | Copyright claim (rejected); Ex. A, PageID 9762 |
| 01/14/25 | C. Said | Researched elements of breach of fiduciary claim to | 1.30 | $585.00 | Defense of counterclaims; |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

| | | draft discovery targeting Defendants' claim | | | Ex. A, PageID 9767 |
|---|---|---|---|---|---|
| 01/15/25 | C. Said | Researched copyright damages re non-publication of an infringed work | 2.00 | $900.00 | Copyright claim; Ex. A, PageID 9767 |
| 01/31/25 | C. Said | Finalized claims chart re claims and counterclaim defenses for MSJ purposes | 1.40 | $630.00 | Mixed, unallocated; Ex. A, PageID 9770 |
| 03/07/25 | C. Said | Searched Copyright Public Catalog for registration of the Fear Movie | 0.40 | $180.00 | Copyright claim; Ex. A, PageID 9777 |
| 03/07/25 | C. Said | Searched database for Fear copyright registration for deposition prep | 0.60 | $270.00 | Copyright claim; Ex. A, PageID 9777 |
| 12/17/25 | L. Washington | Cross-complaint review and fact searching for timeline | 1.10 | $220.00 | Defense of counterclaims; Ex. A, PageID 9748 |
| 12/17/25 | L. Washington | Review of amended counterclaims and | 0.70 | $140.00 | Defense of counterclaims; |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

| | | | | | |
|---|---|---|---|---|---|
| | | third party claims (fact searching) | | | Ex. A, PageID 9748 |
| 09/26/22 | L. Hinkle | Block entry incl. emails re copyright ownership of Fear, call re copyright infringement issue, copyright database review, and reply papers | 6.50 | $4,550.00 | Copyright claim, block-billed; Ex. B, PageID 9850 |
| 12/13/23 | E.T.T. | Analysis of consultant report in preparation for OSC re contempt motion | 1.30 | $845.00 | Unallocated; no section 502 nexus shown in the motion; Ex. B, PageID 9801 |
| 12/13/23 | E.T.T. | Research re contempt remedies (coercive, compensatory, punitive) and OSC strategy | 1.20 | $780.00 | Unallocated; no section 502 nexus shown in the motion; Ex. B, PageID 9801 |
| 09/14/22 | M. Barzman | Memorandum re elements of all causes of action for injunction motion, incl. breach of contract, CFAA, the | 3.20 | $1,760.00 | Block-billed across fee-bearing and non-fee-bearing claims; Ex. B, PageID 9847 |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

| 04/08/23 | S. Jones Nojima | California Act, conversion, and copyright | | | |
|---|---|---|---|---|---|
| 04/08/23 | S. Jones Nojima | Drafting reply inserts re breach of contract, fraud and equitable claims | 3.50 | $2,450.00 | Non-fee-bearing claims; Ex. B, PageID 9911 |

These are illustrations, not an exhaustive audit. The exhibits reflect additional categories of severable or unallocated work, including portions of motion in limine practice addressing copyright, counterclaim damages, or other matters not necessary to establish the section 502 claim, and block-billed entries mixing copyright, counterclaim, and general trial work. Neither the Renewed Motion nor the declaration calculates the hours attributable exclusively to section 502, identifies the common-issue hours Plaintiffs contend are recoverable, or explains how the requested $700,000 was derived from those categories, and the record supplies no principled basis to determine what portion of the requested $700,000 represents section 502 work or compensable common-issue work.

The itemized time also includes clerical work billed at attorney rates. Filing, transcript, and document organization time is clerical in nature and should be subsumed in firm overhead rather than billed at hourly rates, and when clerical tasks are billed at hourly rates, the hours should be reduced. Nadarajah v. Holder,

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

569 F.3d 906, 921 (9th Cir. 2009). For example, an associate billed 3.40 hours ($1,530.00) to download documents referenced in requests for admission and organize them into folders, and another 1.60 hours ($720.00) to download and organize documents for a deposition, each at $450 per hour. (Newell Decl., Ex. A, PageID 9766, 9773.) That an attorney performed the work makes such entries less compensable, not more. Purely clerical entries should be excluded from the lodestar as overhead.

Nor can Plaintiffs answer the apportionment requirement by pointing to the size of the verdict. The jury's $3,700,000 compensatory award was returned in response to a single question: "What amount of compensatory damages do you award Plaintiffs for their breach of contract, computer fraud, and/or conversion claims?" (Verdict Form for Plaintiffs' Claims (Docket No. 274) at 4, Question 6.) Although the jury rejected the contract claim, Question 6 still yielded one undifferentiated award covering the surviving computer fraud and conversion theories, and the "computer fraud" claim itself combined the federal and California statutory theories under a single instruction. The verdict does not disclose what portion of the award, if any, was made under California Penal Code section 502 rather than under the federal CFAA or the conversion theory, and it allocates nothing by Plaintiff, by Defendant, by asset, or by alleged act. On this record, degree of success cannot substitute for the allocation Hensley requires.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

F.    The Claimed Rates Are Not Adequately Supported

The fee applicant must produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Plaintiffs offer only their own counsel's declaration, and only a single generalized sentence at that, covering the rates of two different firms. (Newell Decl. ¶ 6.) No rate survey, no declaration from a disinterested practitioner, and no comparable rate determination is cited for any timekeeper. The table also contains unexplained anomalies: an associate is billed at $700 per hour, matching the senior partners' rates, and multiple timekeepers are listed at two or three different rates, without explanation in the motion or the declaration of when each rate applied. (Newell Decl. ¶ 5.) If the Court reaches rates, the deficiencies compound: Plaintiffs supply no outside market evidence; the declaration provides no timekeeper-specific evidence sufficient to compare each lawyer's experience, skill, and reputation with the market rates requested; an associate is listed at $700 per hour; the rate increases across the tables are unexplained; a single generalized sentence attempts to establish rates for two different firms; and the declarant lacks foundation to establish Sanders Roberts' rates at all. The $700 associate rate should be reduced to a level supported for

22

associates of comparable experience, and clerical tasks should be excluded as overhead, as addressed in Section II.E.

G.    Any Fee Order Must Rest on Claimant-Specific and Defendant-Specific Findings and Must Exclude Ambiguous and Cost Items

The Renewed Motion seeks a single collective award "in favor of Plaintiffs and against Defendants." (Mot. at 3.) For the reasons in Section II.A, the verdict does not identify which Plaintiff prevailed under section 502, which computer, system, network, program, or data qualified, who owned or leased it and when, or which Defendant committed which statutory violation. If the Court concludes that the existing verdict and record establish fee entitlement, the order should identify the specific verdict findings and undisputed record facts on which that conclusion rests, including the qualifying Plaintiff, the statutory interest, the computer or data at issue, the Defendant or Defendants liable, and the relevant time. If fees are imposed jointly and severally, the order should also identify the legal and factual basis for imposing collective fee liability notwithstanding the verdict's failure to allocate statutory violations or damages among Defendants. What the Court should not do is create new claimant-specific or asset-specific findings that the jury was not instructed to make and that the verdict did not return; Defendants preserve their objection to any such post-discharge factfinding. Any award must also be accompanied by "a concise but clear explanation of its reasons," Hensley, 461 U.S.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

at 437, including the hours found reasonable, the rates found reasonable, and the treatment of non-fee-bearing and unsuccessful claims. Plaintiffs' proposed order, which contains no findings at all, underscores the need for a reasoned, reviewable order. (Docket No. 308-2.)

Two clarifications should accompany any order in all events. First, the Newell Law Group invoices in Exhibit A do not identify which named Plaintiff was the legal client or obligor; they are addressed to "Hidden Empire Film Group," a designation that does not correspond to a named Plaintiff. (Newell Decl., Ex. A.) In a case involving disputed succession, assignment, ownership, and multiple similarly named entities, Plaintiffs should be required to identify the engagement party, the legal obligor, and the Plaintiff or Plaintiffs for whose section 502 claim each fee was incurred. Second, because the supporting exhibits include both fee and expense entries, for example a $1,356.10 Veritext deposition charge passed through an invoice (Newell Decl., Ex. A), and because Plaintiffs state that taxable costs will be sought separately after judgment (Mot. at 14), any order should expressly state that the fee award excludes all costs and expenses sought or recoverable separately.

## III.   CONCLUSION

The Order gave Plaintiffs a clear path: present a reliable lodestar calculation supported by competent evidence and substantiate the Sanders Roberts fees

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

through evidence establishing that firm's rates, hours, and billing judgment. Plaintiffs now supply arithmetic, but their purported lodestar is not established by competent evidence: it includes $954,860.50 in predecessor-firm fees without the sponsorship required by the Order and $159,628.61 in flat-fee work without documented or meaningfully reconstructed hours. And they request $700,000 although only $394,055.00 in itemized Newell Law Group time is supported by a declarant with established personal knowledge, before any apportionment, clerical, rate, or limited-success reductions, on a fee entitlement Defendants dispute and preserve. The Renewed Motion should be denied. In the alternative, any award should exclude the Sanders Roberts fees and the flat fee on this record, and should be limited to a properly apportioned and substantially reduced share of the Newell Law Group's itemized time, supported by the record-based findings described above.

Dated: July 29, 2026

LAW OFFICES OF JT FOX & ASSOCIATES, APC


By: /s/ J.T. Fox

J.T. Fox, Esq.

Attorney for Defendants and Counterclaimants Darrick Angelone, AOne Creative, LLC, and On Chain Innovations, LLC

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.  I am a party to this action, and my business address is: 556 S. Fair Oaks Ave., No. 444, Pasadena, CA 91105.

On July 30, 2026, I served **DEFENDANT'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES** on the parties involved by mailing a true and correct copy thereof in a sealed envelope, addressed as follows:

FELTON T. NEWELL (State Bar #201078) felton@newellpc.com, NEWELL LAW GROUP PC, 1801 Century Park East, 24th Floor, Los Angeles, CA 90067, Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471), sabrina.narain@nm-llp.com, NARAIN MACLEAR LLP, 300 S. Grand Street, Suite 3950, Los Angeles, CA 90071, Telephone (213) 612-3773

___    **BY MAIL**:  I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Pasadena, California.  I am readily familiar with the business practice for collection and processing of mail in this office; that in the ordinary course of business said document would be deposited with the US Postal Service in Los Angeles on that same day.  I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this declaration.

__X__    **BY E-MAIL**: to felton@newellpc.com and sabrina.narain@nm-llp.com.

__X__    *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 30, 2026, at Pasadena, California.

*s/J.T. Fox*

_____
DECLARANT, J.T. FOX

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES

DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR ATTORNEYS' FEES