FELTON T. NEWELL (State Bar #201078)
felton@newellpc.com
NEWELL LAW GROUP PC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (310) 556-9663

SABRINA NARAIN (State Bar #299471)
sabrina.narain@nm-llp.com
NARAIN MACLEAR LLP
300 S. Grand Street, Suite 3950
Los Angeles, CA 90071
Telephone (213) 612-3773

Attorneys for Plaintiffs and Counterclaimants
Defendants **HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPER ENGINE, LLC; a California limited liability company; DEON TAYLOR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONEE ENTERTAINMENT LLC, a Florida limited liability company; and ON CHAIN INNOVATIONS LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 2:22-cv-06515-MWF-AGR <br><br> Hon. Michael W. Fitzgerald <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** <br><br> Hearing Date: August 19, 2026 <br> Time: 10:00 a.m. <br> Dept: 5A |

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company

Counterclaimants,

HIDDEN EMPIRE HOLDINGS, LLC; a Delaware limited liability company; HYPERENGINE, LLC; a California limited liability company, DEON TAYLOR, an individual,

Counterclaim Defendants,

DARRICK ANGELONE, an individual; AONE CREATIVE LLC, formerly known as AONE ENTERTAINMENT LLC, a Florida limited liability company; ON CHAIN INNOVATIONS LLC, a Florida limited liability company,

Third-Party Plaintiffs

v.

ROXANNE TAYLOR, an individual, Third-Party Defendant

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Court's June 29, 2026, Order gave Plaintiffs a single, concrete instruction: perform the lodestar calculation that Plaintiffs' initial motion lacked and substantiate any other firm's fees with a competent declaration or, where Plaintiffs are "simply incapable of obtaining such a declaration," explain why so that the Court may consider the invoices themselves. (Dkt. No. 302 at 4.) The Renewed Motion does exactly that, setting out, for each firm and each timekeeper, the reasonable hours, the reasonable hourly rate, and the resulting lodestar. (Dkt No. 308 at 11-12.)

Defendants' Opposition largely ignores that the Court has already resolved the questions Defendants now seek to re-litigate. Entitlement is not open: Defendants "do not dispute that Plaintiffs would be entitled to attorneys' fees" under Section 502(e)(2), and the Court has denied Defendants' motion challenging standing and seeking vacatur of the verdict. (Dkt. No. 302 at 2; Dkt. No. 303 at 2.) Nonetheless, Defendants argue at great length regarding this settled issue. Moreover, the Opposition reflects Defendants' misreading of the Court's Order, demands evidence the Order said Plaintiffs need not produce if they cannot obtain it, and criticizes Plaintiffs' proposed reasonable fee discount that already resolves the very concerns they raise. Plaintiffs seek $700,000—less than half of a combined lodestar of $1,508,544.11. (Dkt. No. 308 at 12.) The Court should grant Plaintiffs' Renewed Motion.

### II.    ARGUMENT

#### A.    Entitlement Is Settled; Defendants' "Preserved" Objection Is Not Properly Before the Court

Defendants devote the bulk of the Opposition to arguing that the "collective verdict" does not establish fee entitlement under Section 502(e)(2). (Dkt. No. Opp.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

309 at 6-9.) That argument is not properly raised here, and the Court has already rejected its premise. The Order provides that Defendants "do not dispute that Plaintiffs would be entitled to attorneys' fees under California Penal Code section 502(e)(2)." (Dkt. No. 302 at 2.) The threshold owner-or-lessee, standing, capacity, and assignment defects Defendants now recycle were the subject of their Motion for Lack of Standing, Capacity, and Vacatur of Verdict (Dkt. No. 281), which the Court denied (Dkt. No. 303). Defendants concede as much. (Dkt. No. 309 at 8.)

Defendants contend that they raise the point only "to preserve it." (Opp. at 5.) However, preservation does not require re-argument, and a fee opposition is an improper mechanism to seek reconsideration of a court order. As the Renewed Motion framed it, "[t]he sole question presented by this Renewed Motion is the reasonable amount of the award under the lodestar method." (Dkt. No. 308 at 6.) The Court should decline Defendants' invitation to reopen its prior rulings.

**B.    The Renewed Motion Includes the Lodestar Calculation the Court's Order Requested.**

The Court denied Plaintiffs' first fee motion for one core reason: that motion "correctly note[d]" that the lodestar method applied but "fail[ed] to perform the basic calculation of the hours expended times the hourly rate of attorneys," instead attaching "nearly 200 pages of legal invoices" and "leav[ing] it to the Court to perform the calculation." (Dkt. No. 302 at 2-3.) The Court declined to hunt for "truffles buried in briefs." (*Id.* at 3.)

The Renewed Motion cures that defect. It performs the calculation "for each firm and each timekeeper," stating "the reasonable hours expended, the reasonable hourly rate, and the resulting lodestar." (Dkt. No. 308 at 11-12.) Newell Law Group PC personnel expended 911.45 hours, yielding a lodestar of $553,683.61; Sanders Roberts LLP personnel expended 1,456.00 hours, yielding a lodestar of $954,860.50; and the combined lodestar is $1,508,544.11 across 2,367.45 hours, exclusive of costs. (Id. at 12.) That is the multiplication of hours by rate—the

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

"starting point" the Ninth Circuit requires, *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992), and the calculation the Order directed. The lodestar carries "a strong presumption" of reasonableness. *Id.* Defendants do not contend the arithmetic is wrong; they contend the underlying evidence is insufficient. That objection goes to the amount of the award, not to whether the required calculation was performed, and is addressed below.

**C.**     **The Court May Determine the Sanders Roberts Lodestar From the Invoices; the Order Did Not Require a Declaration Plaintiffs Cannot Obtain**

Defendants' central attack is that the $954,860.50 in Sanders Roberts fees "cannot be awarded" without "a competent foundational declaration" from that firm. (Dkt. No. 302 at 4, 9.) That misreads the Order, which set out an express alternative.

Under the Order's alternate path, after identifying the missing Sanders Roberts declaration, the Court held: "If Plaintiffs are simply incapable of obtaining such a declaration and explain why, then perhaps the Court would consider the invoices to calculate the lodestar." (*Id.* at 4.) The Court also observed that "it should not be subject to much reasonable dispute that a law firm competently and accurately records its time." (*Id.* at 3.) The Order thus did not make a Sanders Roberts declaration an absolute condition of recovery; it required either that declaration or an explanation of why Plaintiffs cannot obtain one.

Plaintiffs made that showing. Plaintiffs' current counsel asked Sanders Roberts' managing partner to execute the declaration, and, while the managing partner acknowledged receipt of the email, he did not substantively respond to the request. (Dkt. No. 308 at 13.) Plaintiffs possess Sanders Roberts' detailed, contemporaneous invoices; what they lack is the firm's cooperation in authenticating them. (*Id.*)

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Defendants' own argument proves why. Defendants themselves emphasize that Sanders Roberts and Plaintiffs are "adverse parties" in a pending fee-collection action in Los Angeles County Superior Court, in which the Sanders Roberts invoices are disputed. (Dkt. No. 309 at 12.) That adversity is the very reason a cooperative declaration is unavailable: Plaintiffs cannot compel their litigation adversary to sign a sworn statement supporting Plaintiffs' fee motion. Defendants cannot invoke the adverse fee litigation to cast doubt on the invoices while simultaneously faulting Plaintiffs for failing to obtain a declaration from that same adversary. The adversity Defendants stress is precisely the "why" the Order asked Plaintiffs to explain.

The Court may value the invoices using its own expertise. Once inability is explained, the Court may do what the Order contemplated—"consider the invoices to calculate the lodestar." (Dkt. No. 302 at 4.) That course is well supported. Courts are "experts as to the reasonableness of attorney fees," and a district court may rely "in part, on its own knowledge and experience" of the local legal market in fixing a reasonable rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). California law is in accord: "the value of legal services performed in a case is a matter in which the trial court has its own expertise," and the court "may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony." *Pech v. Morgan*, 61 Cal. App. 5th 841, 852 (2021). Where the applicant supplies detailed billing statements, the court may "independently review[,]" those records and "reasonably appl[y] its own expertise" to determine that the services were reasonable and necessary. *Id.* at 855-56. Detailed time records are not required under California law; a court has discretion to award fees based on "the court's own view of the number of hours reasonably spent." *Syers Props. III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 698-99 (2014).

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

Candor requires acknowledging the limitation Defendants press: successor counsel ordinarily "does not have personal knowledge of the work done by other firms and cannot supply the foundation for the business record exception to the hearsay rule for firms other than his own." *Donahue v. Donahue*, 182 Cal. App. 4th 259, 267 (2010). That is exactly why the Order's alternate path matters. The point is not that Mr. Newell can authenticate Sanders Roberts' internal recordkeeping; it is that, given Plaintiffs' explained inability to obtain the firm's declaration, the Court may assess the reasonableness of the detailed, contemporaneous Sanders Roberts invoices under its own expertise—the course the Order expressly left open. (Order at 4.) Indeed, the same authority Defendants invoke confirms that "judges themselves are deemed to be experts on the value of legal services, and may rely on their own experience about reasonable and proper fees, without resort to expert testimony." *Donahue*, 182 Cal. App. 4th at 268.

### D.     The Newell Declaration Is Competent Evidence of Reasonableness

Defendants object that the Newell Declaration lacks personal knowledge. (Dkt. No. 309 at 11 (citing Fed. R. Evid. 602, 803(6), 901).) As to Newell Law Group's own time and rates—the itemized 911.45 hours the firm expended from the September 2024 substitution through trial—the objection has no force. Mr. Newell is lead trial counsel and the fee applicant; he has direct, personal knowledge of his own firm's timekeepers, rates, and the work performed in this litigation. (Dkt. No. 308 at 12.) An applicant attorney's own declaration is "satisfactory evidence of the prevailing market rate," and the court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," reducing hours only where they are "obviously and convincingly excessive." *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1120 (C.D. Cal. 2012). A court may confirm reasonableness against its own knowledge of the market without any outside affidavit. *Ingram*, 647 F.3d at 928.

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES



NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Defendants' remaining rate arguments go to weight, not admissibility, and are answered by the same authority: the reasonableness of counsel's rates may be established through counsel's declarations and the court's own familiarity with prevailing rates. *Charlebois*, 993 F. Supp. 2d at 1120; *Ingram*, 647 F.3d at 928. To the extent the Court has any concern about a particular rate, the remedy is to adjust that rate to the prevailing market figure—not to deny the fee. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1122 (9th Cir. 2000).

### E.        The Trial Flat Fee Is Properly Included and Is Reasonable

Defendants argue that the $159,628.61 flat fee for trial "cannot be included in the lodestar" because it appears as a single post-trial invoice with hours derived by dividing the fee by the hourly rate, rather than from contemporaneous entries. (Dkt. No. 309 at 13.) The law does not support exclusion of these fees.

A flat fee does not defeat a lodestar award. The flat fee covered "the cost of trial/services through the end of January"—the most intensive phase of a case tried over three weeks. (*Id.*) The fact that the fee was fixed rather than hourly is immaterial to the lodestar. "It is well established that an attorney who accepts a reduced rate from a client is not precluded from seeking a reasonable hourly rate pursuant to the lodestar method." *Pasternack v. McCullough*, 65 Cal. App. 5th 1050, 1055 (2021). The reasonable market value of the services governs "regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." *Id.* "There is no requirement that the reasonable market rate mirror the *actual* rate billed." *Syers*, 226 Cal. App. 4th at 701. And the amount a client agreed to pay "does not . . . necessarily place a cap on the amount of an attorney's fees award." *Baer v. Tedder*, 115 Cal. App. 5th 1139, 1159 (2025).

The flat fee was a discount, not a windfall. Because it was fixed, the trial

flat fee was lower than the hourly value of the trial work it covered. Defendants' own arithmetic confirms the point: at Mr. Newell's $700 rate, the flat fee equates to roughly 228 hours—a modest figure for lead-counsel time across trial preparation and a three-week jury trial. (Dkt. No. 308 at 13.) A discounted, fixed fee cannot fairly be attacked as excessive; if anything, it understates the lodestar value of the work.

Moreover, contrary to Defendants' claim, contemporaneous entries are not required. The Ninth Circuit has "never held that [contemporaneous records] are absolutely necessary," and fee requests "can be based on reconstructed records developed by reference to litigation files." *Fischer*, 214 F.3d at 1121. Counsel need not "record in great detail how each minute of his time was expended"; the burden is met by listing hours and "identify[ing] the general subject matter" of the work. *Id.* California is more lenient still: courts "do not require detailed time records" and "may award fees based on time estimates for attorneys who do not keep time records." *Syers*, 226 Cal. App. 4th at 698-99. Even if the Court found the flat-fee documentation wanting, the appropriate remedy is to reduce the figure to reasonable hours, not to strike it entirely. *Fischer*, 214 F.3d at 1121-22. The immaterial rounding difference Defendants highlight (228.05 hours × $700 = $159,635, versus the $159,628.61 invoiced) is a few dollars in Defendants' favor and provides no basis to exclude the category.

**F.     The $700,000 Request Already Accounts for the Mixed Trial Outcome.**

Defendants argue that the request is unapportioned between the fee-bearing Section 502 claim and non-fee-bearing claims, and that mixed results—including Defendants' $121,000 counterclaim recovery—require reduction. (Dkt. No. 309 at 9, 16.) The voluntary discount already built into the Renewed Motion addresses these concerns, and Defendants misstate what Plaintiffs seek.

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

Plaintiffs do not seek Defendants' recovery. The $121,000 that Defendants recovered on their counterclaims is Defendants' recovery; it is not part of, and does not inflate, Plaintiffs' $700,000 request. (Dkt. No. 309 at 9.) Plaintiffs seek $700,000—less than half of the $1,508,544.11 combined lodestar. (Dkt. No. 308 at 12.) The reduction "more than accounts for any hours arguably attributable to Plaintiffs' unsuccessful defense of Cross-Complainant's Cross-claims." (*Id.* at 12-13.)

Apportionment is not required for common-core work. Defendants themselves acknowledge that under California law "fees need not be apportioned when incurred on issues common to a fee-bearing claim and a non-fee-bearing claim." (Dkt. No. 309 at 16.) Plaintiffs' claims arose from a common core of facts—Defendants' refusal to relinquish Plaintiffs' Google Workspace account and related digital assets—such that the computer-fraud, conversion, and related theories were litigated together. (Dkt. No. 309 at 12-13.) What matters is the result obtained, and Plaintiffs obtained a $3.7 million verdict. (*Id.* at 9.) A voluntary reduction to less than half of the lodestar is a reasonable and conservative response to any mixed outcome—well within the discretion the lodestar framework affords. *Gates*, 987 F.2d at 1397.

## III.   CONCLUSION

The Renewed Motion did what the Order required: it performed the lodestar calculation and explained why a declaration from adverse predecessor counsel cannot be obtained. Entitlement is settled, the calculation is completed, and the $700,000 request is less than half of the combined lodestar. Plaintiffs respectfully request that the Court grant the Renewed Motion and award attorneys' fees in the amount of $700,000.

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

Dated:  August 5, 2026

**NEWELL LAW GROUP PC**



FELTON T. NEWELL
Attorneys for Plaintiffs
**HIDDEN EMPIRE HOLDINGS, LLC, HYPER ENGINE, LLC,** and **DEON TAYLOR;** and Third-Party Defendant **ROXANNE TAYLOR**

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On August 5, 2026, I served the foregoing document(s) described as **PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(e)(2)** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

**SEE ATTACHED LIST**

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.



NEWELL LAW GROUP<br>1801 Century Park East, 24th Floor<br>Los Angeles, CA 90067<br>(310) 556-9663

PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 5, 2026, at Los Angeles, California.

/s/   Alexis Holliday
Alexis Holliday

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663

-13-
PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

**SERVICE LIST**

| J.T. Fox, Esq.<br>LAW OFFICES OF JT FOX, APC<br>556 Fair Oaks Ave., Suite 444<br>Pasadena, CA 91105<br>jt@jtfoxlaw.com | Attorneys for Defendant and Cross-Complainants<br>Darrick Angelone, AOne Creative LLC, formerly known as AOne Entertainment LLC and On Chain Innovations LLC |
|---|---|

NEWELL LAW GROUP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 556-9663



PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES