UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-22-06515-MWF (CTSx)** **Date: November 25, 2026**

Title: Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER DENYING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEY FEES [308]

Before the Court is Plaintiff Deon Taylor's Motion for Attorney Fees (the "Motion"), filed on July 22, 2026. (Docket No. 308). Counter Claimants AOne Creative LLC, On Chain Innovations LLC, and Third Party Plaintiff Darrick Angelone filed their Opposition on July 29, 2026. (Docket No. 309). Cross Defendant Hidden Empire Holdings LLC filed its Reply on August 5, 2026. (Docket No. 316).

The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the Court vacated the hearing set for **August 19, 2026**.

The Motion is **DENIED *in part*** and **DENIED *in part without prejudice***. Plaintiffs did not follow the Court's directive to submit a declaration from Sanders Roberts establishing hourly rates and did not establish inability to obtain such a declaration, so the Court **DENIES** the request for fees attributable to Sanders Roberts. Plaintiffs' declaration as to their own hourly rates is additionally insufficient to support the remaining fees, which the Court **DENIES *without prejudice*** and will reconsider upon the addition of a sufficiently detailed attorney declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-22-06515-MWF (CTSx)** **Date: November 25, 2026**
Title: Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

## I. BACKGROUND

The Court does not repeat the full background of this action, which the parties are already familiar with and which the Court has set out in prior orders, particularly the Order Denying Plaintiffs' Motion for Partial Summary Judgement (the "Summary Judgment Order"). (Docket No. 187). Instead, the Court incorporates by reference the background from the Summary Judgment Order.

The parties went to trial between January 14, 2026, and February 3, 2026. (Docket Nos. 241–48, 249–50, 252–53, 256–58). The jury returned one verdict form for Plaintiffs' claims and one verdict form for Counterclaimants' claims. (Dockets No. 274, 276). As relevant to this Motion, the jury found liability against Defendants on Plaintiffs' computer fraud claims. (Docket No. 274). Based on that finding, Plaintiffs filed a Motion for Attorneys' Fees on March 16, 2026. (Docket No. 286). The Court denied the Motion without prejudice on June 29, 2026, because Plaintiffs did not sufficiently substantiate their request for attorneys' fees. (Docket No. 305 (the "Prior Order")).

In particular, the Plaintiffs' Motion noted that the Court should use the lodestar method to determine a reasonable award but failed to perform the basic calculation required of the hours expended times the hourly rate of the attorneys. (*Id.* at 2–3). Additionally, over half of the invoices submitted belonged to a completely separate law firm that represented Plaintiff at earlier stages of litigation, Sanders Roberts. (*Id.* at 3). Plaintiffs also did not submit any attorney declaration based on personal knowledge of the invoices from that law firm, meaning there was no competent evidence from which to determine that the hourly rates or hours expended by those lawyers were reasonable.

## II. DISCUSSION

### A. Lodestar Calculation and Sanders Roberts Declaration

On this renewed Motion for Attorneys' Fees, Plaintiffs provide lodestar calculations. However, Plaintiffs still do not provide a declaration from a Sanders

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-22-06515-MWF (CTSx) Date: November 25, 2026**
Title: Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

Roberts attorney. In the Court's original Order on Plaintiffs' Motion for Attorney Fees, the Court noted that "[i]f Plaintiffs are simply incapable of obtaining such a declaration and explain why, then ***perhaps*** the Court would consider the invoices to calculate the lodestar, but will not address that issue unless it is necessary." (Prior Order at 4).

Plaintiffs claim that they are "unable to obtain such a declaration from Sanders Roberts." (Mot. at 13). Plaintiffs describe their request to Sanders Roberts and assert that while the managing partner "responded to the inquiry, he failed to provide such an executed declaration." Instead, Plaintiffs request the Court determine the reasonableness of the Sanders Roberts fees based on the firm's itemized invoices because "[i]t is possible Sanders Roberts' lack of cooperation stems from a separate fee dispute now pending between Plaintiffs and Sanders Roberts."

Defendants characterize Plaintiffs' attempt as failing to make the showing contemplated by the Court's Order. (Opp. at 11). Defendants point out that while Plaintiffs could not compel Sanders Roberts to sign its proposed declaration, they could have identified a timely follow-up, requested a records certification or testimony concerning the firm's recordkeeping practices, or applied for a brief extension to complete the requisite evidentiary submission.

Upon reviewing the evidence submitted by Plaintiffs, Defendants are correct that Plaintiffs first reached out to the Managing Partner of Sanders Roberts on Monday, July 20, 2026, at 8:16 in the evening. (Mot. at Ex. C). Plaintiffs sent a proposed declaration and noted that the renewed fee motion must be filed by July 22, 2026. Plaintiffs thus waited three weeks after the Court's Order on June 20, 2026, to first request a declaration. On the morning of July 22, 2026, Sanders Roberts' Managing Partner asked a clarifying question about counsel's representation, without responding to the request for a declaration. Plaintiffs' counsel answered the question without following up regarding the declaration. Sanders Roberts provided no further response.

This exchange fails to demonstrate that Plaintiffs were unable to obtain a declaration. Sanders Roberts' Managing Partner does not decline to sign the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-22-06515-MWF (CTSx) Date: November 25, 2026**
Title: Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

declaration or indicate refusal in any way. Plaintiffs' inability to obtain the declaration appears to be a result of waiting until two days before the deadline, not the refusal of Sanders Roberts to provide one. Plaintiffs request that the Court determine reasonableness based on itemized receipts, but the Court explicitly delineated that approach as a possible last resort if Plaintiffs were truly unable to obtain a declaration. Plaintiffs have not made this showing, and the Court declines to consider whether the reasonableness of the Sanders Roberts fees can be assessed in the absence of a declaration.

Accordingly, the Court declines to grant fees associated with Sanders Roberts.

**B. Billing Rates**

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 109, 1110–11 (9th Cir. 2014) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

Plaintiff's requested rates are as follows: $700 per hour for Partner Felton T. Newell; $450 per hour for Associate Christine Said; $200 per hour for Paralegal Lea Washington; and $200 per hour for Autumn McIntosh. (Declaration of Felton T. Newell (the "Newton Decl."), Docket No. 308-1 ¶ 5). Plaintiff submits a declaration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-22-06515-MWF (CTSx)** **Date: November 25, 2026**

Title: Hidden Empire Holdings, LLC et al v. Darrick Angelone et al

from counsel attesting that these rates are consistent with the firm's standard rates and prevailing market rates in the community during the firm's representation. (Newton Decl. ¶¶ 6–7).

Defendants argue that Plaintiffs have not met their burden with a generalized sentence in their own counsel's declaration. (Opp. at 22). "In general, a declaration from counsel is sufficient evidence of the reasonable hourly rates in the relevant legal community." *Zhang v. BMW of N.A., LLC*, No. CV-18-02684-JAK (AGRx), 2018 WL 11357141, at *4 (C.D. Cal. Nov. 29, 2018). However, counsel's declaration is plainly deficient in that it lacks information about each attorney's "qualifications, prior litigation experience, and justification for the rates charged." *Gilleo v. California Pizza Kitchen*, CV-21-01928-DOC (KES), 2025 WL 1721880, at *4 (C.D. Cal. June 10, 2025).

The Court finds that based on the evidence submitted by counsel, it is unable to determine a reasonable hourly rate. Accordingly, the remaining fee request of $553,683.61 is **DENIED *without prejudice***.

## III. CONCLUSION

The Motion is **DENIED *in part*** as to the Sanders Roberts fees in the requested sum of $954,860.50. The Motion is **DENIED *in part without prejudice*** as to the remaining fee request of $553.683.61. Plaintiffs shall submit any second renewed motion for attorneys' fees by **December 22, 2026**. Any renewed motion must provide a declaration with sufficient foundation to establish reasonable hourly rate through information about each timekeeper's background and qualifications.

The Court reminds Plaintiff that there is no reason to think that Mr. Angelone can pay any fees and costs.

IT IS SO ORDERED.